**BRYAN WESTERFELD (S.B. # 218253)**
bwesterfeld@walravenlaw.com
**LARRY A. WALRAVEN (S.B #143327)**
lwalraven@walravenlaw.com
**NICOLE E. WURSHER (S.B # 245879)**
nwurscher@walravenlaw.com
**WALRAVEN & WESTERFELD LLP**
101 Enterprise, Suite 350
Aliso Viejo, CA 92656
Telephone:  (949) 215-1997
Facsimile:   (949) 215-1999

Attorneys for Defendants UnitedHealth Group, Inc., United Healthcare Services, Inc., UnitedHealthcare Insurance Company, and OptumInsight, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company; BAKERSFIELD SURGERY INSTITUTE, LLC, a California limited liability company; INDEPENDENT MEDICAL SERVICES, INC., a California corporation; MODERN INSTITUTE OF PLASTIC SURGERY & ANTIAGING, INC., a California corporation; NEW LIFE SURGERY CENTER, LLC, a California limited liability company, dba BEVERLY HILLS SURGERY CENTER, LLC; ORANGE GROVE SURGERY CENTER, LLC, a California limited liability company; SAN DIEGO AMBULATORY SURGERY CENTER, LLC, a California limited liability company; SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF BEVERLY HILLS, INC., a California corporation; VALENCIA AMBULATORY SURGERY CENTER, LLC, a California limited liability company; WEST HILLS SURGERY CENTER, LLC, a California limited liability company, <br><br>Plaintiffs**,** <br><br>v. <br><br>UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., AND DOES 1 THROUGH 20, <br><br>Defendants**.** | Case No 2:14-cv-03053-DMG-VBK <br><br>**NOTICE OF RELATED CASE (L.R. 83-1.3)** <br><br>(Superior Court of the State of California, County of Los Angeles, Central District Case Number: BC540056) <br><br>Complaint filed:  March 21, 2014 |

-1-                    2:14-CV-03053-DMG-VBK
**NOTICE OF RELATED CASE**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs are nine ambulatory surgery centers[1] and a physician's medical group (Independent Medical Services, Inc. ["IMS"]) that were affiliated with the 1-800-GET-THIN advertising campaign in Southern California. All of the Plaintiffs in this action are also Plaintiffs in a related action pending in this Court, *Almont Ambulatory Surgery Center LLC et al v. UnitedHealth Group Inc et al.*, Case No. 2:14-cv-02139-CAS-VBK, which was filed on March 20, 2014, the day before this action was filed. The defendants in this action, UnitedHealth Group, Inc., United Healthcare Services, Inc., UnitedHealthcare Insurance Company, and OptumInsight, Inc. (collectively "United"), are also all defendants in the related action. The related action also includes as additional defendants hundreds of United's customers and their self-funded health benefit plans, for which United provides claims administration services.

The face of the Complaints in the two cases demonstrates that they are related for purposes of Local Rule 83-1.3.1(a)(b)(c). In both cases, Plaintiffs primary allegation is that United failed to appropriately process and pay health benefit claims related to Lap-Band procedures and related services allegedly performed by Plaintiffs. For example, Paragraph 1 in this action, and Paragraph 2 in the related action, both state:

> This lawsuit alleges a deliberate, willful and concerted effort by United Healthcare to indefinitely avoid paying for Lap-Band services for its morbidly obese members.

---

[1] Almont Ambulatory Surgery Center, LLC, Bakersfield Surgery Institute, LLC, Modem Institute Of Plastic Surgery & Antiaging, Inc., New Life Surgery Center, LLC dba Beverly Hills Surgery Center, Orange Grove Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc., Valencia Ambulatory Surgery Center, LLC, and West Hills Surgery Center, LLC.

Thereafter, the next 100 paragraphs in the Complaint in this action (¶¶ 2-101) appear, with minimal changes and deletions, as paragraphs 2-12, 15-20, 22-29, 32-45, 48-54, 56, 882, 883, 885, 891-899, 909-914, 919-922, 934-937, 940-944, 984-1003 in the related action.

In terms of causes of action, both this action and the related action contain claims for Violation of Business and Professions Code Section 17200 *et seq*., and Declaratory Relief, based on numerous identical allegations, and seek similar relief. (*Compare* Plaintiffs' First Cause of Action in this action, ¶¶ 111-118, with Plaintiff's Eighth Cause of Action in the related case, ¶¶ 1113-1119, and Plaintiffs' Fifth Cause of Action in this case, ¶¶ 154-55, with Plaintiff's Ninth Cause of Action in the related case, ¶ 1121.)   The related action also contains several causes of action under the Employee Retirement Income Security Act of 1974 ("ERISA") while this action contains certain state-law contract claims that are completely preempted by ERISA.  (*See* Notice of Removal, Docket No. 1.)

In short, the allegations in the two actions arise from the same or closely-related circumstances, and the resolution of the claims in the two actions calls for the determination of certain questions of law and fact that are the same or substantially related.  *See* Local Rule 83-1.3.1(a)(b).  If the two actions were assigned to different judges, it could lead not only to duplicative, costly discovery, but would lead to duplication of labor by two judges who have to address identical and similar allegations and causes of action.  *See* Local Rule 83-1.3.1(c).  Accordingly, this action should be assigned to the same judge as the related action. Joint assignment will allow for the efficient coordination of discovery, the consistent determination of similar legal issues, and a significant reduction in the costs, in time and money, to the parties, witnesses and the Court.

///

///

///

| | | |
|---|---|---|
| 1 | Dated: April 28, 2014 | WALRAVEN & WESTERFELD LLP |
| 2 | | |
| 3 | | /s/ Bryan S. Westerfeld _____ |
| 4 | | By:  BRYAN S. WESTERFELD |
| 5 | | Attorneys for Defendants UnitedHealth Group, Inc., United Healthcare Services, Inc., UnitedHealthcare Insurance Company, and OptumInsight, Inc. |

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 101 Enterprise, Suite 350, Aliso Viejo, CA 92656.

On April 28, 2014, I served the foregoing document(s) described as

## NOTICE OF RELATED CASE

on all interested parties in this action as follows (or as on the attached service list):

DARON L. TOOCH  
BRYCE WOOLLEY  
**HOOPER, LUNDY & BOOKMAN, P.C.**  
1875 Century Park East, Suite 1600  
Los Angeles, California 90067-2517

E-Mail:  
dtooch@health-law.com  
bwoolley@health-law.com

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 28, 2014, at Aliso Viejo, California.

Jessica M. Ridley