1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al. , | Case No.  2:14-CV-03053-MWF (VBKx) |
|---|---|
| Plaintiffs, | **[PROPOSED] STIPULATED QUALIFIED PROTECTIVE ORDER** |
| vs. | Judge:  Hon. Michael W. Fitzgerald |
| UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY, INC.; OPTUMINSIGHT, INC.; and DOES 1-20, | Magistrate Judge: Hon. Victor B. Kenton |
|  | Trial Date:  None Set |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), good cause appearing therefore, and at the request and stipulation of the parties, IT IS HEREBY ORDERED:

1.      The Court finds good cause for the issuance of a qualified protective order over "protected health information" in this case.  Federal law protects individuals' personal health information.  Specifically, 45 C.F.R. § 164.512(e)(1) requires parties to seek a protective order preventing the use or disclose of protected health information "for any purpose other than the litigation or proceeding for which such information

1   was requested."  The parties have established good cause for a qualified protective

2   order.

3       2.       The parties and their attorneys are hereby authorized to receive, subpoena

4   and transmit "protected health information" pertaining to the Provider Parties' patients

5   to the extent and subject to the conditions outlined herein.

6       3.       For the purposes of this qualified protective order, "protected health

7   information" shall have the same scope and definition as set forth in 45 C.F.R. §

8   160.103 and 164.501.  Protected health information includes, but is not limited to,

9   health information, including demographic information, relating to either (a) the past,

10  present, or future physical or mental condition of an individual, (b) the provision of

11  care to an individual, or (c) the payment for care provided to an individual, which

12  identifies the individual or which reasonably could be expected to identify the

13  individual.

14      4.       All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby

15  authorized to disclose protected health information pertaining to the Provider Parties'

16  patients to attorneys representing the the Provider Parties and United in the above-

17  captioned litigation.

18      5.       The parties and their attorneys shall be permitted to use or disclose the

19  protected health information of the Provider Parties' patients for purposes of

20  prosecuting or defending this action including any appeals of this case.  This includes,

21  but is not necessarily limited to, disclosure to their attorneys, experts, consultants,

22  court personnel, court reporters, copy services, trial consultants, and other entities or

23  persons involved in the litigation process.

24      6.       Prior to disclosing protected health information to persons involved in

25  this litigation, counsel shall inform each such person that the protected health

26  information may not be used or disclosed for any purpose other than this litigation.

27  Counsel shall take all other reasonable steps to ensure that persons receiving protected

28

1   health information do not use or disclose such information for any purpose other than

2   this litigation.

3        7.    Within 45 days after the conclusion of the litigation including appeals, the

4   parties, their attorneys, and any person or entity in possession of protected health

5   information received from counsel pursuant to paragraph four of this Order, shall

6   return the Provider Parties' patients' protected health information to the covered entity

7   or destroy any and all copies of protected health information pertaining to the Provider

8   Parties' patients, *except* that counsel are not required to secure the return or destruction

9   of protected health information submitted to the court.

10        8.    This Order does not control or limit the use of protected health

11   information pertaining to the Provider Parties' patients that comes into the possession

12   of the parties or their attorneys from a source other than a "covered entity," as that

13   term is defined in 45 C.F.R. § 160.103.

14        9.    This Order does not authorize either party to seal court filings or court

15   proceedings.  The Court will make a good cause determination for filing under seal if

16   and when the parties seek to file the Provider Parties' patients' protected health

17   information under seal.

18

19   **IT IS SO ORDERED.**

20   DATED:  June 13, 2014

21

22                     /S/

23                HON. Victor B. Kenton

24                Magistrate Judge
             Central District of California

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF ORANGE             )

     I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 101 Enterprise, Suite 350, Aliso Viejo, CA 92656.

     On June 13, 2014, I served the foregoing document(s) described as

**[PROPOSED] STIPULATED QUALIFIED PROTECTIVE ORDER**

on all interested parties in this action as follows (or as on the attached service list):

DARON L. TOOCH
BRYCE WOOLLEY
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517

E-Mail:
dtooch@health-law.com
bwoolley@health-law.com

☒    BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the *CM/ECF* system. Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system. Participants in the case who are not registered *CM/ECF* users will be served by mail or by other means permitted by the court rules.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on June 13, 2014, at Aliso Viejo, California.

                                Jessica M. Ridley