SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BRYAN D. DALY, Cal. Bar No. 117901
bdaly@sheppardmullin.com
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
BARBARA E. TAYLOR, Cal. Bar No. 166374
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Counterclaim Defendants
Michael Omidi, M.D. and Julian Omidi

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al., <br><br>    Plaintiffs, <br>  v. <br><br>UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., and DOES 1 through 20, <br><br>    Defendants. <br><br>UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., <br><br>    Counterclaim Plaintiffs, <br>  v. <br><br>ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company; et al., <br>    Counterclaim Defendants. | Case No. 2:14-cv-03053-MWF(VBKx) <br>Honorable Michael W. Fitzgerald <br><br>**COUNTERCLAIM DEFENDANTS MICHAEL OMIDI, M.D. AND JULIAN OMIDI'S:** <br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS COUNTERCLAIM;** <br><br>**(2) NOTICE OF JOINDER AND JOINDER IN COUNTERCLAIM DEFENDANTS ALMONT AMBULATORY SURGERY CENTER, LLC, ET AL.'S MOTION TO DISMISS AND STRIKE COUNTERCLAIM; AND** <br><br>**(3) MEMORANDUM OF POINTS AND AUTHORITIES** <br><br>[FRCP Rule 9(b) and 12(b)(6)] <br><br>Date: October 6, 2014 <br>Time: 10:00 a.m. <br>Courtroom: 1600, 16th Floor, 312 N. Spring Street <br><br>Complaint Filed: March 21, 2014 <br>Trial Date: None Set |

Case No. 2:14-cv-03053-MWF(VBKx)

SMRH:425835970.4

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................. 1

II. SUMMARY OF RELEVANT ALLEGATIONS ..................................... 2

III. ARGUMENT ........................................................................................... 3

    A. Legal Standard ................................................................................ 3

    B. United's Alter Ego Allegations Are Not Adequately Pled .............. 4

    C. First Cause Of Action: Fraud ......................................................... 8

        1. Essential Elements Of Fraud Have Not Been Adequately Pled  8

            a) The Allegations Do Not Show That Any Misrepresentations Were Made, Much Less By Dr. Michael and Julian Omidi .............................................. 8

            b) The Allegations Do Not Show Justifiable Reliance .. 13

        2. Fraud Is Not Pled With The Specificity Required By Rule 9(b) ............................................................................... 15

        3. The Fraud Claims Are Time-Barred ..................................... 15

    D. Second Cause Of Action: Cal. Business & Professions Code § 17200 ("UCL") .................................................................. 17

        1. The Allegations Do Not Show That There Were Any Fraudulent Practices, Much Less By Dr. Michael and Julian Omidi ..... 17

        2. As A Matter Of Law, United Is Not Entitled To Obtain Any Legally Available Form Of Relief From Dr. Michael and Julian Omidi 17

            a) Injunctive Relief ....................................................... 17

            b) Restitution ................................................................. 18

SMRH:425835970.4

      3.    United's UCL Cause Of Action Is Time-Barred .................. 19

  E.    Third Cause Of Action: Conspiracy To Commit Fraud................ 20

  F.    Fourth Cause Of Action: Intentional Interference With Contractual Relations ................................................................ 21

      1.    United Has Effectively Alleged That The Surgery Centers Are Not Third Parties ............................................................. 21

      2.    No Facts Are Alleged To Show That Dr. Michael and Julian Omidi Were Aware Of The Terms of Contracts Allegedly Interfered With, Much Less Intentionally Induced Their Breach ................................................................................ 23

      3.    The Interference Cause of Action Is Time-barred ................ 24

  G.    Fifth And Sixth Causes Of Action: ERISA Restitution And Declaratory And Injunctive Relief .................................................. 24

IV.    CONCLUSION......................................................................................... 25

**TABLE OF AUTHORITIES**

Page(s)

Cases

*American Federation of State County and Municipal Employees District Council 37 Health & Security Plan v. Bristol-Myers Squibb Co.*
948 F.Supp.2d 338 (S.D.N.Y. 2013) ("*AFSCME*") ................................................. 9

*American Title Insurance Company v. Lacelaw Corporation*
861 F.2d 224 (9th Cir. 1988) ................................................................................. 4

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*
7 Cal.4th 503 (1994) ........................................................................................... 20

*Aryeh v. Canon Business Solutions, Inc.*
55 Cal.4th 1185 (2013) ....................................................................................... 19

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................................. 4

*Cal. Ass'n of Psychology Providers v. Rank*
51 Cal.3d 1 (1990) .............................................................................................. 10

*Cameron v. Cameron*
88 Cal.App.2d 585 (1948) .................................................................................. 13

*Canas v. Citimortgage, Inc.*
No. SA CV 13–0322–DOC, 2013 WL 3353877 (C.D.Cal. Jul. 2, 2013) ... 16, 20

*Chavez v. U.S.*
683 F.3d 1102 (9th Cir. 2012) .............................................................................. 4

*Choate v. County of Orange*
86 Cal.App.4th 312 (2000) ................................................................................. 21

*Clark v. Superior Court*
50 Cal.4th 605 (2010) ......................................................................................... 17

*Coto Settlement v. Eisenberg*
593 F.3d 1031 (9th Cir. 2010) .............................................................................. 4

*Doe v. Unocal Corp.*
248 F.3d 915 (9th Cir. 2001) ................................................................................ 5

*Dryden v. Tri-Valley Growers*
    65 Cal.App.3d 990 (1977) .................................................................................... 22

*eBay Inc. v. MercExchange, L.L.C.*
    547 U.S. 388 (2006) ............................................................................................. 18

*GG Capital v. Deutsche Bank AG*
    No. SACV 12-02213-JLS, 2014 WL 1672567 (C.D. Cal. Apr. 28, 2014) ........ 16

*Gray v. Don Miller & Associates, Inc.*
    35 Cal.3d 498 (1984) ........................................................................................... 13

*Guido v. Koopman*
    1 Cal.App.4th 837 (1991) .................................................................................... 13

*Hennighan v. Insphere Insurance Solutions, Inc.*
    No. 13-cv-00638-WHO (N.D. Cal. Nov. 13, 2013) 2013 WL 6019486 .............. 7

*Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*
    487 Fed. Appx. 362 (9th Cir. 2012) .................................................................... 17

*Leek v. Cooper*
    194 Cal.App.4th 399 (2011) .................................................................................. 5

*Madrid v. Perot Systems Corp.*
    130 Cal.App.4th 440 (2005) ................................................................................ 19

*Maheu v. CBS, Inc.*
    201 Cal.App.3d 662 (1988) ................................................................................. 20

*McRee v. Goldman*
    (N.D. Cal., Mar. 19, 2012, No. 11-CV-00991-LHK) 2012 WL 929825 .............. 4

*Merchants' Ice & Cold Storage Co. v. Globe Brew. Co.*
    78 Cal.App.2d 618 (1947) ............................................................................ 13, 14

*Mora v. U.S. Bank N.A.*
    No. 11-6598 SC (N.D. Cal. June 7, 2012), 2012 WL 2061629 .......................... 18

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ................................................................................. 3

*Neilson v. Union Bank of Cal., N.A.*
    290 F.Supp.2d 1101 (C.D. Cal. 2003) ................................................................... 5

*OCM Principal Opportunities Fund v. CIBC World Markets Corp.*
 157 Cal.App.4th 835 (2007) .................................................................................. 14

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*
 50 Cal.3d 1118 (1990) .......................................................................................... 21

*People v. Brigham*
 261 A.D.2d 43 (N.Y. 1999) .................................................................................. 12

*PM Group, Inc. v. Stewart*
 154 Cal.App.4th 55 (2007) ................................................................................... 22

*Pooshs v. Phillip Morris USA, Inc.*
 51 Cal.4th 788 (2011) ........................................................................................... 19

*Robinson Helicopter Co. v. Dana Corp.*
 34 Cal.4th 979 (2004) ............................................................................................. 8

*RRX Indus., Inc. v. Lab–Con, Inc.*
 772 F.2d 543 (9th Cir. 1985) .................................................................................. 5

*Salameh v. Tarsadia Hotel*
 726 F.3d 1124 (9th Cir. 2013) ................................................................................ 4

*Sandoval v. Ali*
 ––– F.Supp.2d –––, 2014 WL 1311776 (N.D. Cal. 2014) ........................... 5, 7, 8

*Sun Microsystems, Inc. v. Microsoft Corp.*
 188 F.3d 1115 (9th Cir. 1999) .............................................................................. 18

*Tarsha v. Bank of America, N.A.*
 No. 11-CV-928 W(MDD), 2013 WL 1316682 at *4 (S.D. Cal. Mar. 29.
 2013) ..................................................................................................................... 16

*Thrifty Payless, Inc. v. Americana at Brand, LLC*
 218 Cal.App.4th 1230 (2013) ............................................................................... 13

*Tomaselli v. Transamerica Ins. Co.*
 25 Cal.App.4th 1269 (1994) ................................................................................... 5

*Trembath v. Digardi*
 43 Cal.App.3d 834 (1974) .................................................................................... 24

*Vasic v. PatentHEALTH, L.L.C.*
 No. 13-CV-849-BAS (MDD) (S.D. Cal. May 22, 2014) 2014 WL 2159268 ...... 8

*Yess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097 (9th Cir. 2003)..........................................................................4

*Yon Saher v. Norton Simon Museum of Art at Pasadena*
   592 F.3d 954 (9th Cir. 2010)............................................................................3

*Zixiang Li v. Kerry*
   710 F.3d 995 (9th Cir. 2013)............................................................................3

<u>Statutes</u>

Cal. Bus. & Prof. Code § 17208 ........................................................................ 19

Cal. Business & Professions Code § 17200 ....................................... 17, 18, 19, 20

Cal. Code Civ. Pro. § 338(d)............................................................................. 15

Cal. Code Civ. Proc. § 339(1)........................................................................... 24

ERISA ........................................................................................................ 2, 24

<u>Other Authorities</u>

5 Witkin, <u>Summary of Cal. Law</u> (10th ed. 2005) ................................................ 13

FRCP Rule 12(b)(6) ...........................................................................................3

Rule 9(b)...................................................................................................... 4, 15

FRCP Rule 12(b)(6) ............................................................................... 9, 16, 17

Torts, § 815 ..................................................................................................... 13

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 6, 2014 at 10:00 a.m. in Courtroom 1600, 16th Floor of the United States District Court, Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012-4701, Counterclaim Defendants Michael Omidi, M.D. and Julian Omidi will and hereby do move for an order regarding the Counterclaim of Counterclaim Plaintiffs United Healthcare Services, Inc., United Healthcare Insurance Company, and Optuminsight, Inc. (collectively "United") as follows:

(1) Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), dismissing, without leave to amend, the Counterclaim in its entirety as to Dr. Michael and Julian Omidi because United has alleged no material facts to support personal liability of Dr. Michael and Julian Omidi and rely on deficient alter ego allegations in an attempt to hold them liable for alleged acts by the "Corporate Counterclaim Defendants."

(2) Pursuant to FRCP Rules 9(b) and 12(b) dismissing, without leave to amend, the First Cause of Action for Fraud because United fails to allege facts to support essential elements of fraud. In particular, United fails to allege that any material misrepresentation was made at all, much less by Dr. Michael and Julian Omidi, and fails to allege facts to support justifiable reliance. United also fails to allege fraud with the specificity required by FRCP Rule 9(b). In addition, United's cause of action is time-barred.

(3) Pursuant to FRCP Rule 12(b)(6), dismissing, without leave to amend, the Second Cause of Action for Unfair Business Practices, Cal. Business & Professions Code § 17200, because United fails to allege facts showing that there were any "fraudulent practices" (the alleged predicate acts), and, as a matter of law, United is not entitled to any legally available form of relief from Dr. Michael and Julian Omidi. In addition, United's cause of action is time-barred.

1    (4) Pursuant to FRCP Rule 12(b)(6), dismissing, without leave to amend, the Third Cause of Action for Conspiracy to Commit Fraud because United fails to allege facts to support the elements of fraud on which the alleged conspiracy is predicated and fails to allege facts to support the elements of civil conspiracy, in particular that Dr. Michael and Julian Omidi entered into an agreement to commit fraud. United also fails to allege the date of the last overt act in furtherance of the alleged conspiracy.

   (5) Pursuant to FRCP Rule 12(b)(6), dismissing, without leave to amend, the Fourth Cause of Action for Intentional Interference with Contractual Relations because United fails to allege facts to support essential elements of an interference claim, in particular that the contracts allegedly interfered with were with third parties and that Dr. Michael and Julian Omidi were aware of the terms of the contracts and engaged in intentional acts designed to induce a breach or disruption of the contractual relationship. In addition, United's cause of action is time-barred.

   (6) Pursuant to FRCP Rule 12(b)(6), dismissing, without leave to amend, the Fifth Cause of Action for Restitution under ERISA § 502(a)(3) because United fails to allege any facts showing that Dr. Michael and Julian Omidi are personally liable under this cause of action.

   (7) Pursuant to FRCP Rule 12(b)(6), dismissing, without leave to amend, the Sixth Cause of Action for Declaratory and Injunctive Relief under ERISA § 502(a)(3) because United fails to allege any facts showing that Dr. Michael and Julian Omidi are personally liable under this cause of action.

## NOTICE OF JOINDER AND JOINDER

PLEASE TAKE FURTHER NOTICE that Counterclaim Defendants Michael Omidi, M.D. and Julian Omidi join in the Motion to Dismiss and Motion to Strike and arguments in support thereof filed by Counterclaim Defendants Almont Ambulatory Surgery Center, LLC, et al., i.e., the Corporate Counterclaim Defendants, in this action to the extent they are applicable to demonstrate that the Counterclaim fails to state facts upon which relief may be granted against Dr. Michael and Julian Omidi.

This Motion is based on this Notice of Motion and Motion and this Notice of Joinder and Joinder, the attached Memorandum of Points and Authorities, all other pleadings and papers on file in this action, any oral argument at the hearing on the Motion, and any matters of which this Court may take judicial notice.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3. Counsel initially conferred in late May 2014 regarding a briefing schedule and then conferred further on July 3, 2014.

Dated: July 7, 2014

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Charles L. Kreindler
CHARLES L. KREINDLER
Attorneys for Counterclaim Defendants
Michael Omidi, M.D. and Julian Omidi

SMRH:425835970.4