1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2    Including Professional Corporations
   BRYAN D. DALY, Cal. Bar No. 117901
3  bdaly@sheppardmullin.com
   CHARLES L. KREINDLER, Cal. Bar No. 119933
4  ckreindler@sheppardmullin.com
   BARBARA E. TAYLOR, Cal. Bar No. 166374
5  btaylor@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
7  Facsimile:   213.620.1398

8  Attorneys for Counterclaim Defendants
   Michael Omidi, M.D. and Julian Omidi
9
   DARON L. TOOCH (State Bar No. 137269)
10 ERIC D. CHAN (State Bar No. 253082)
   KATHERINE M. DRU (State Bar No. 280231)
11 HOOPER, LUNDY & BOOKMAN, P.C.
   1875 Century Park East, Suite 1600
12 Los Angeles, California 90067-2517
   Telephone: (310) 551-8111
13 Facsimile: (310) 551-8181
   E-Mail:     dtooch@health-law.com
14
   Attorneys for Plaintiffs and Counterclaim
15 Defendants Almont Ambulatory Surgery
   Center, LLC, et al.
16

17              UNITED STATES DISTRICT COURT

18      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19

20 ALMONT AMBULATORY              Case No. 2:14-cv-03053-MWF(VBKx)
   SURGERY CENTER, LLC, a         Magistrate Judge: Hon. Victor B.
21 California limited liability company, et   Kenton
   al.,
22                                **DISCOVERY MATTER**
               Plaintiffs,
23                                **DECLARATION OF BARBARA E.**
        v.                        **TAYLOR IN SUPPORT OF**
24 UNITEDHEALTH GROUP, INC.;      **COUNTERCLAIM DEFENDANTS'**
   UNITED HEALTHCARE SERVICES,    **RESPONSE TO UNITED'S**
25 INC., UNITED HEALTHCARE        **MOTION FOR PROTECTIVE**
   INSURANCE COMPANY;             **ORDER**
26 OPTUMINSIGHT, INC., and DOES 1
   through 20,                    Hearing
27                                Date: Tuesday, December 2, 2014
               Defendants.       Time:  10:00 a.m.
28                                Courtroom:  590 (Roybal Courthouse)

                                 Case No. 2:14-cv-03053-MWF(VBKx)

SMRH:434757924.1

1  UNITED HEALTHCARE SERVICES,
   INC., UNITED HEALTHCARE
2  INSURANCE COMPANY;
   OPTUMINSIGHT, INC.,
3
              Counterclaim Plaintiffs,
4        v.

5  ALMONT AMBULATORY
   SURGERY CENTER, LLC, a
6  California limited liability company; et
   al.,
7             Counterclaim Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Discovery Cutoff: None Set
Pretrial Conference Date: None Set
Trial Date: None Set

SMRH:434757924.1

Case No. 2:14-cv-03053-MWF(VBKx)

## DECLARATION OF BARBARA E. TAYLOR

I, Barbara E. Taylor, declare as follows:

1.    I am an attorney licensed to practice in the State of California and am admitted in the Central District of California. I am a special counsel of the law of Sheppard, Mullin, Richter & Hampton LLP, counsel of record in this action for Counterclaim Defendants Michael Omidi, M.D. and Julian Omidi. I have personal knowledge of the facts alleged herein and could competently testify thereto, if called to do so.

2.    On September 18, 2014, counsel for UnitedHealth Group, Inc., et al. ("United") emailed to counsel for Counterclaim Defendants a proposed stipulated protective order. Attached as Exhibit A hereto is a true and correct copy of United's email and proposed stipulated protective order. United's proposed subsection 7.4 would permit United to share confidential documents with any government agency or law enforcement personnel pursuant to formal or informal requests and without prior notice to Counterclaim Defendants.

3.    On September 30, 2014, counsel for Counterclaim Defendants emailed to United a redline of the proposed stipulated protective order. Among the changes made was the elimination of subsection 7.4. Attached as Exhibit B hereto is a true and correct copy of that email and redline.

4.    On October 16, 2014, a conference call was held between United's counsel—Bryan Westerfeld and Kirsten Schubert—and Counterclaim Defendants' counsel—Eric Chan and myself—regarding, among other things, the proposed stipulated protective order. During the call, United refused to eliminate subsection 7.4, merely offering to add the phrase "as required by law." Counterclaim Defendants' counsel expressed the view that the addition of this language, which was open to interpretation, did not adequately address their concerns, particularly the lack of notice to Counterclaim Defendants before confidential documents would

SMRH:434757924.1

1  be produced.  During the call, respective counsel "agreed to disagree" on subsection

2  7.4.

3    5.    On October 20, 2014, Counterclaim Defendants' counsel sent a follow-

4  up email to United's counsel, expressing the understanding that counsel had "agreed

5  to disagree" on subsection 7.4 and that United "would draft a version [of the

6  stipulated protective order] that the parties could stipulate to that would also

7  memorialize the disagreement."  Attached as Exhibit C hereto is a true and correct

8  copy of that email.  Counterclaim Defendants' counsel also raised another concern

9  about the protective order's provision regarding documents produced by third

10  parties, which arose as the result of a dispute over United's service of third party

11  subpoenas (which is the subject of a pending motion to quash), and proposed

12  additional language for United's consideration.  United did not respond to this email

13  or otherwise comment further regarding the protective order under negotiation.

14    6.    On October 31, 2014, Counterclaim Defendants counsel received an

15  email from United's counsel initiating the procedure under Local Rule 37-2.2.

16  Attached as Exhibit D is a true and correct copy of this email (without attachments).

17    7.    Attached as Exhibit E hereto is a true and correct copy of the Stipulated

18  Protective Order for Standard Litigation available on the website of the United

19  States District Court, Northern District of California.

20    8.    Attached as Exhibit F hereto is a true and correct copy of the Protective

21  Order entered in *Downey Surgical Clinic, Inc. v. OptumInsight, Inc., et al.*, No.

22  CV09-05457 PSG (FFMx) (C.D. Cal. Aug. 14, 2014) ("*Downey* Action").  The

23  *Downey* Action and the instant action both involve United's efforts to avoid paying

24  out-of-network surgery centers.  Attached as Exhibit G hereto is a true and correct

25  copy of the Stipulation re Protective Order filed in the *Downey* Action.

26    9.    Attached as Exhibit H hereto is a true and correct copy of the Joint

27  Motion for a Protective Order filed in *DHR Int'l, Inc. v. Pollick*, No. 13-CV-01477

28  (D. Colo. Oct. 16, 2013).

Case No. 2:14-cv-03053-MWF(VBKx)

1    10.    Attached as Exhibits I and J hereto are true and correct copies of
2    Plaintiffs' Memorandum in Support of Its Version of a Stipulated Protective Order
3    and Defendant Virgin Mobile Latin America, Inc.'s Memorandum re Stipulated
4    Protective Order filed in *Case v. Tribe Mobile, Inc.*, No. 12-CV-00416 (D. Idaho
5    Dec. 21, 2012).  Attached as Exhibit K is the Protective Order entered on January
6    14, 2013.
7    I declare under penalty of perjury under the laws of the United States that the
8    foregoing is true and correct.
9    Executed November 7, 2014, at Los Angeles, California.
10
11
12    Barbara E. Tavlor
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**From:** lind.meghan@dorsey.com [mailto:lind.meghan@dorsey.com]
**Sent:** Thursday, September 18, 2014 3:31 PM
**To:** Daron L.Tooch
**Cc:** Lucke.Steve@dorsey.com; Grant.Michelle@dorsey.com; zayed.rj@dorsey.com; bwesterfeld@walravenlaw.com; schubert.kirsten@dorsey.com
**Subject:** Almont v. United: Protective Order and ESI Plan

Daron,

For your review, I have attached a proposed protective order and ESI discovery plan in the above-referenced matter.  Please let us know if you agree to the terms.

Thank you,
Meghan

**Meghan E. Lind**
Associate
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
**D O R S E Y & W H I T N E Y LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
www.dorsey.com
P: 612.492.6704
F: 952.516.5742
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

CONFIDENTIAL COMMUNICATION
E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.
Thank you.

Exhibit Page 4

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al. , <br><br> Plaintiffs, <br><br> vs. <br><br> UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY, INC.; OPTUMINSIGHT, INC.; and DOES 1-20, <br><br> Defendants. | Case No.  2:14-CV-03053-MWF (VBKx) <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> Judge:  Hon. Michael W. Fitzgerald <br><br> Magistrate Judge: Hon. Victor B. Kenton <br><br> Trial Date:  None Set |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Proposed Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Based upon the Stipulation of the parties and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1

## 2.    DEFINITIONS

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to patient records and data, claim files, non-public financial records and data, employee or personnel files, customer or client lists, confidential contracts, other healthcare-related information protected by The Health Insurance Portability and Accountability Act of 1996, and all other information that the party in good faith believes will, if disclosed, cause harm to the Producing Party's competitive position.

2.3    <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: subset of information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) subject to limited disclosure as set forth in Paragraph 7.3, including but not limited to trade secrets, United's proprietary claims-review and audit processes, and all other non-public, proprietary financial, regulatory, or strategic information and data that will, if disclosed, cause substantial competitive and economic harm to the Producing Party.

2.4    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are provided,

produced or generated in relation to the claims and disputes in this matter or in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14   Receiving Party: a Party that receives Disclosure or Discovery

Material from a Producing Party.

2.15    United: Collectively, UnitedHealth Group, Inc., United Healthcare Services, Inc.; United Healthcare Insurance Company, Inc.; and OptumInsight, Inc.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.

Except as otherwise  provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in a deposition, confidentiality designations shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related litigation involving some or all of the parties hereto. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, licensed private investigators retained by Counsel, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) United's House Counsel in this action, which for purposes of this provision only is limited to the following individuals: Steven Burstein, Linda Daugherty and Carolyn Ham;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, licensed private investigators retained by Counsel, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4  Disclosure to Government Authorities

Nothing herein shall preclude disclosure of any Protected Information to agencies or departments of the state, county, city or federal government, including law enforcement personnel, or require notice of the same to the producing party.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

If a Party is served with a valid subpoena or court order that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

9.1    The terms of this Order are applicable to information produced by a Non-Party in this action, or in relation to the claims and disputes therein, and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties is protected by the remedies and relief provided by this Order. This provision is applicable to production of documents or information by non-parties in response to requests from persons or organizations seeking information with respect to patients of Plaintiffs or persons or entities associated with Plaintiffs pursuant to ERISA Section 104(b). Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

In accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, any Party who inadvertently produces Discovery Material that is privileged or otherwise immune from discovery shall, promptly upon discovery of

such inadvertent production, so advise the Producing Party and request that the Discovery Materials be returned. The Receiving Party shall return, sequester, or destroy such inadvertently produced Discovery Materials, including all copies, within five (5) business days of receiving such a written request. The Party returning such inadvertently produced Discovery Materials may thereafter seek re-production of any such Discovery Materials pursuant to applicable law.

## 12.    MISCELLANEOUS

### 12.1    Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

### 12.2    Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 12.3    Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule

PROPOSED PROTECTIVE ORDER
Exhibit Page 16

79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

Dated:

_____
Victor B. Kenton
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of *Almont Ambulatory Surgery Center, LLC, et al. v. UnitedHealth Group, Inc., et al.,* Case No: CV14-3053-MWF-VBK.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

# EXHIBIT B

**Barbara Taylor**

| | |
|---|---|
| From: | Eric Chan <echan@HEALTH-LAW.COM> |
| Sent: | Tuesday, September 30, 2014 4:41 PM |
| To: | 'lind.meghan@dorsey.com' |
| Cc: | Daron L.Tooch; Peter J. Brachman; Stephen P. Lucke (lucke.steve@dorsey.com) (lucke.steve@dorsey.com); Grant.Michelle@dorsey.com; zayed.rj@dorsey.com; Bryan Westerfeld (bwesterfeld@walravenlaw.com); 'schubert.kirsten@dorsey.com' (schubert.kirsten@dorsey.com); Barbara Taylor |
| Subject: | RE: Almont v. United: Protective Order and ESI Plan |
| Attachments: | Almont ESI Discovery Plan (Removed Case) (HLB redline).docx; Almont Protective Order (Removed Case) (HLB redline).docx |

Dear Meghan, et al.,

Attached please find Plaintiffs and Counterclaim Defendants' redline edits to the ESI and protective orders that you proposed a couple of weeks ago. Please let us know if these changes are acceptable to you.

Thank you,
Eric

Eric Chan
echan@health-law.com

**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East
Suite 1600
Los Angeles, CA 90067

Tel  310.551.8158
Fax  310.551.8181
http://health-law.com/attorneys/eric-d-chan/

To send attachments larger than 20 mb, please use our Hightail Dropbox at https://www.hightail.com/u/HLB-Dropbox. Please include recipient's name and your email when uploading an attachment. Thank you.

The contents of this e-mail message, including any attachments, are intended solely for the use of the person or entity to which the e-mail was addressed. It contains information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient of this message, be advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited. If you have received this message in error, or are not the named recipient(s), please notify the sender immediately by reply e-mail or by phone at (310) 551-8158 and delete this message from your computer. Thank you.

---

**From:** lind.meghan@dorsey.com [mailto:lind.meghan@dorsey.com]
**Sent:** Thursday, September 18, 2014 3:31 PM
**To:** Daron L.Tooch
**Cc:** Lucke.Steve@dorsey.com; Grant.Michelle@dorsey.com; zayed.rj@dorsey.com; bwesterfeld@walravenlaw.com; schubert.kirsten@dorsey.com
**Subject:** Almont v. United: Protective Order and ESI Plan

Daron,

For your review, I have attached a proposed protective order and ESI discovery plan in the above-referenced matter. Please let us know if you agree to the terms.

1

Thank you,
Meghan

**Meghan E. Lind**
Associate

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
**D O R S E Y & W H I T N E Y LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
www.dorsey.com
P: 612.492.6704
F: 952.516.5742
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

Filtered by 3BClean from http://www.microsystems.com

2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al., | Case No. 2:14-CV-03053-MWF (VBKx) |
| Plaintiffs, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| vs. | Judge: Hon. Michael W. Fitzgerald |
| UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY, INC.; OPTUMINSIGHT, INC.; and DOES 1-20, | Magistrate Judge: Hon. Victor B. Kenton<br><br>Trial Date: None Set |
| Defendants. | |

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Proposed Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Based upon the Stipulation of the parties and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1

2.    **DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to patient records and data, claim files, non-public financial records and data, employee or personnel files, customer or client lists, confidential contracts, other healthcare-related information protected by The Health Insurance Portability and Accountability Act of 1996, and all other information that the party in good faith believes will, if disclosed, cause harm to the Producing Party's competitive position.

2.3    <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u> subset of information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) subject to limited disclosure as set forth in Paragraph 7.3, <u>that will, if disclosed, cause substantial competitive and economic harm to the Producing Party.  This includes,</u> ~~including~~ but <u>is</u> not limited to<u>,</u> trade secrets, United's proprietary claims-review and audit processes, and all other non-public, proprietary financial, regulatory, or strategic information and data ~~that~~<u>, to the extent that any of these categories of information or tangible things</u> will, if disclosed, cause substantial competitive and economic harm to the Producing Party.

2.4    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are provided, produced or generated in relation to the claims and disputes in this matter or in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is

designated as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    <u>United</u>: Collectively, UnitedHealth Group, Inc., United Healthcare Services, Inc.; United Healthcare Insurance Company, Inc.; and OptumInsight, Inc.

## 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also ~~(1) any information copied or extracted from Protected Material; (2)~~ any and all copies, excerpts~~, summaries~~, or compilations of Protected Material~~; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material~~.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.

Except as otherwise  provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in a deposition, confidentiality designations shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.  The

deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under Local Rule 37-1 through Local Rule 37-4.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or related litigation involving some or all of the parties hereto. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, licensed private investigators retained by Counsel, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action;

(b) United's House Counsel in this action, which for purposes of this provision only is limited to the following individuals: Steven Burstein, Linda Daugherty and Carolyn Ham;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, licensed private investigators retained by Counsel, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4  ~~Disclosure to Government Authorities~~

~~Nothing herein shall preclude disclosure of any Protected Information to agencies or departments of the state, county, city or federal government, including law enforcement personnel, or require notice of the same to the producing party.~~

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

If a Party is served with a valid subpoena or court order that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

9.1    The terms of this Order are applicable to information and/or tangible things produced by a Non-Party in this action, ~~or in relation to the claims and disputes therein,~~ if that Non-Party signs Exhibit A (Acknowledgement and Agreement to be Bound) and that Non-Party designates said information and/or tangible things ~~and designated~~ as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY~~.~~" pursuant to the terms of this Protective Order. Under such circumstances, ~~S~~such information produced by Non-Parties is protected by the remedies and relief provided by this Order. ~~This provision is applicable to production of documents or information by non-parties in response to requests from persons or organizations seeking information with respect to patients of Plaintiffs or persons or entities associated with Plaintiffs pursuant to ERISA Section 104(b).~~ Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

In accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, any Party who inadvertently produces Discovery Material that is privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent production, so advise the Producing Party and request that the Discovery Materials be returned. The Receiving Party shall return, sequester, or destroy such inadvertently produced Discovery Materials, including all copies, within five (5) business days of receiving such a written request. The Party returning such inadvertently produced Discovery Materials may thereafter seek re-production of any such Discovery Materials pursuant to applicable law.

## 12. MISCELLANEOUS

12.1   Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any

Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

2:14-CV-03053-MWF (VBKx)

PROPOSED PROTECTIVE ORDER
Exhibit Page 31

1

2

3    Dated:

        Victor B. Kenton
4                                                     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED PROTECTIVE ORDER

Exhibit Page 32

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Central District of California on [_____] in the case of

*Almont Ambulatory Surgery Center, LLC, et al. v. UnitedHealth Group, Inc., et al.,*

Case No: CV14-3053-MWF-VBK.

      I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

          2:14-CV-03053-MWF (VBKx)

PROPOSED PROTECTIVE ORDER
Exhibit Page 33

# EXHIBIT C

**Barbara Taylor**

| | |
|---|---|
| From: | Eric Chan <echan@HEALTH-LAW.COM> |
| Sent: | Monday, October 20, 2014 10:12 AM |
| To: | 'Bryan Westerfeld'; Barbara Taylor |
| Cc: | 'schubert.kirsten@dorsey.com' |
| Subject: | RE: Third Party Subpoena -- Proof of Service |

Bryan and Kirsten,

Barbara and I have a follow-up on our conversation last Thursday regarding the revised protective order. As I recall, we agreed to disagree on Section 7.4, and you would draft a version that the parties could stipulate to that would also memorialize the disagreement over Section 7.4.

Kirsten, you also agreed to get confirmation that the three United in-house counsel listed in the draft protective order are primarily responsible for supervising litigation, and do not have business or regulatory functions.

After reflecting further on United's third party subpoenas, we are concerned that the protective order does not, in its present form, cover the designation of documents produced by third parties under the protective order. Thus, we propose the addition of a provision that permits any party to designate documents produced pursuant to a subpoena as Confidential or Highly Confidential-Attorneys' Eyes Only within X days (say 20 days) of those documents being produced. For this to work, we also believe that this requires a subpoenaing party to timely disclose/produce documents that were disclosed to it by any third party. Then other parties would have the additional X days to make any designations. Such designations would be subject to the PO's general provisions for contesting designations, of course.

Please let us know if that is acceptable to you or if you would like to set up another call to discuss.

Thanks,
Eric

---

**From:** Bryan Westerfeld [mailto:bwesterfeld@walravenlaw.com]
**Sent:** Thursday, October 16, 2014 4:50 PM
**To:** 'Barbara Taylor'
**Cc:** Eric Chan; schubert.kirsten@dorsey.com
**Subject:** Third Party Subpoena -- Proof of Service

Barbara,

Attached is the proof of service for the Wells Fargo subpoena. I am rounding up the proofs for the two other subpoenas and will forward them to you shortly.

Bryan

Bryan Westerfeld
Walraven & Westerfeld LLP
101 Enterprise, Suite 350
Aliso Viejo, California 92656
Telephone (949) 215-1997
Facsimile (949) 215-1999

1

www.walravenlaw.com

*This message and any attached documents contain information from the law firm of Walraven & Westerfeld LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Exhibit Page 35

# EXHIBIT D

**Barbara Taylor**

| | |
|---|---|
| **From:** | Bryan Westerfeld <bwesterfeld@walravenlaw.com> |
| **Sent:** | Friday, October 31, 2014 4:44 PM |
| **To:** | echan@HEALTH-LAW.COM; Barbara Taylor; Charles Kreindler |
| **Cc:** | schubert.kirsten@dorsey.com; deslauriers.meghan@dorsey.com |
| **Subject:** | Almont Ambulatory Surgery Center, LLC, et al. v. UnitedHealth Group, Inc., et al., Civil Action No. 2:14-cv-03053 (U.S.D.C., C.D. Cal.) |
| **Attachments:** | Almont Joint Stipulation for Entry of a Protective Order-v1.docx; Decl of S. Wagley.pdf; Decl of BSW.pdf; Almont Stipulation_Ex. 7.pdf; Almont Stipulation_Ex. 8.pdf; Almont Stipulation_Ex. 1.pdf; Almont Stipulation_Ex. 2.pdf; Almont Stipulation_Ex. 3.pdf; Almont Stipulation_Ex. 4.pdf; Almont Stipulation_Ex. 5.pdf; Almont Stipulation_Ex. 6.pdf |

Counsel,

Per Local Rule 37-2.2, attached is Defendants' portion of the Joint Stipulation and Declarations with Exhibits in support of their Motion Re: Protective Order.  Plaintiffs-Counterclaim Defendants' portion of the Joint Stipulation and any Declarations and Exhibits to be offered by United in support of its position are due within seven days.

If you have any questions, please feel free to give us a call.

Bryan

Bryan Westerfeld
Walraven & Westerfeld LLP
101 Enterprise, Suite 350
Aliso Viejo, California 92656
Telephone (949) 215-1997
Facsimile (949) 215-1999
www.walravenlaw.com

*This message and any attached documents contain information from the law firm of Walraven & Westerfeld LLP that may be confidential and/or privileged.  If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

1

# EXHIBIT E



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br><br>Defendant. | Case No.<br><br>STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

United States District Court
Northern District of California

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14     Receiving Party:  a Party that receives Disclosure or Discovery Material from a

2

1    Producing Party.

2    3.    SCOPE

3        The protections conferred by this Stipulation and Order cover not only Protected Material (as

4    defined above), but also (1) any information copied or extracted from Protected Material; (2) all

5    copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

6    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

7    However, the protections conferred by this Stipulation and Order do not cover the following

8    information: (a) any information that is in the public domain at the time of disclosure to a Receiving

9    Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

10    publication not involving a violation of this Order, including becoming part of the public record

11    through trial or otherwise; and (b) any information known to the Receiving Party prior to the

12    disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

13    information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

14    Protected Material at trial shall be governed by a separate agreement or order.

15    4.    DURATION

16        Even after final disposition of this litigation, the confidentiality obligations imposed by this

17    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

18    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

19    defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

20    and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

21    time limits for filing any motions or applications for extension of time pursuant to applicable law.

22    5.    DESIGNATING PROTECTED MATERIAL

23        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

24    Non-Party that designates information or items for protection under this Order must take care to

25    limit any such designation to specific material that qualifies under the appropriate standards. The

26    Designating Party must designate for protection only those parts of material, documents, items, or

27    oral or written communications that qualify – so that other portions of the material, documents,

28    items, or communications for which protection is not warranted are not swept unjustifiably within

3

1  the ambit of this Order.

2      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

3  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

4  encumber or retard the case development process or to impose unnecessary expenses and burdens on

5  other parties) expose the Designating Party to sanctions.

6  If it comes to a Designating Party's attention that information or items that it designated for

7  protection do not qualify for protection, that Designating Party must promptly notify all other Parties

8  that it is withdrawing the mistaken designation.

9      5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

10 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

11 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

12 designated before the material is disclosed or produced.

13      Designation in conformity with this Order requires:

14      (a)  for information in documentary form (e.g., paper or electronic documents, but

15 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

16 affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

17 or portions of the material on a page qualifies for protection, the Producing Party also must clearly

18 identify the protected portion(s) (e.g., by making appropriate markings in the margins).

19 A Party or Non-Party that makes original documents or materials available for inspection need not

20 designate them for protection until after the inspecting Party has indicated which material it would

21 like copied and produced. During the inspection and before the designation, all of the material made

22 available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

23 identified the documents it wants copied and produced, the Producing Party must determine which

24 documents, or portions thereof, qualify for protection under this Order. Then, before producing the

25 specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

26 that contains Protected Material. If only a portion or portions of the material on a page qualifies for

27 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

28 appropriate markings in the margins).

4

1          (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

2   Designating Party identify on the record, before the close of the deposition, hearing, or other

3   proceeding, all protected testimony.

4          (c)  for information produced in some form other than documentary and for any other

5   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

6   containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

7   portion or portions of the information or item warrant protection, the Producing Party, to the extent

8   practicable, shall identify the protected portion(s).

9        5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

10  designate qualified information or items does not, standing alone, waive the Designating Party's

11  right to secure protection under this Order for such material. Upon timely correction of a

12  designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

13  accordance with the provisions of this Order.

14  6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

15       6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

16  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

17  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

18  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

19  confidentiality designation by electing not to mount a challenge promptly after the original

20  designation is disclosed.

21       6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

22  by providing written notice of each designation it is challenging and describing the basis for each

23  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

24  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

25  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

26  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

27  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

28  Party must explain the basis for its belief that the confidentiality designation was not proper and

5

1  must give the Designating Party an opportunity to review the designated material, to reconsider the

2  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

3  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

4  has engaged in this meet and confer process first or establishes that the Designating Party is

5  unwilling to participate in the meet and confer process in a timely manner.

6        6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

7  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

8  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

9  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

10  will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

11  competent declaration affirming that the movant has complied with the meet and confer

12  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

13  motion including the required declaration within 21 days (or 14 days, if applicable) shall

14  automatically waive the confidentiality designation for each challenged designation. In addition, the

15  Challenging Party may file a motion challenging a confidentiality designation at any time if there is

16  good cause for doing so, including a challenge to the designation of a deposition transcript or any

17  portions thereof. Any motion brought pursuant to this provision must be accompanied by a

18  competent declaration affirming that the movant has complied with the meet and confer

19  requirements imposed by the preceding paragraph.

20        The burden of persuasion in any such challenge proceeding shall be on the Designating

21  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

22  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

23  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

24  retain confidentiality as described above, all parties shall continue to afford the material in question

25  the level of protection to which it is entitled under the Producing Party's designation until the court

26  rules on the challenge.

27  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

28        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

6

1    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

2    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

3    the categories of persons and under the conditions described in this Order. When the litigation has

4    been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

5    DISPOSITION).

6         Protected Material must be stored and maintained by a Receiving Party at a location and in a

7    secure manner that ensures that access is limited to the persons authorized under this Order.

8         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

9    the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

10   information or item designated "CONFIDENTIAL" only to:

11        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

12   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

13   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

14   attached hereto as Exhibit A;

15        (b) the officers, directors, and employees (including House Counsel) of the Receiving

16   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

17   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

19   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

20   to Be Bound" (Exhibit A);

21        (d) the court and its personnel;

22        (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

23   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

24   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25        (f) during their depositions, witnesses in the action to whom disclosure is reasonably

26   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

27   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

28   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

7

1  bound by the court reporter and may not be disclosed to anyone except as permitted under this

2  Stipulated Protective Order.

3      (g) the author or recipient of a document containing the information or a custodian or

4  other person who otherwise possessed or knew the information.

5  8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

6      <u>LITIGATION</u>

7      If a Party is served with a subpoena or a court order issued in other litigation that compels

8  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

9  must:

10      (a) promptly notify in writing the Designating Party. Such notification shall include a

11  copy of the subpoena or court order;

12      (b) promptly notify in writing the party who caused the subpoena or order to issue in the

13  other litigation that some or all of the material covered by the subpoena or order is subject to this

14  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

15      (c) cooperate with respect to all reasonable procedures sought to be pursued by the

16  Designating Party whose Protected Material may be affected.

17      If the Designating Party timely seeks a protective order, the Party served with the subpoena

18  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

19  before a determination by the court from which the subpoena or order issued, unless the Party has

20  obtained the Designating Party's permission. The Designating Party shall bear the burden and

21  expense of seeking protection in that court of its confidential material – and nothing in these

22  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

23  disobey a lawful directive from another court.

24  9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

25      <u>LITIGATION</u>

26      (a) The terms of this Order are applicable to information produced by a Non-Party in this

27  action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

28  connection with this litigation is protected by the remedies and relief provided by this Order.

8

1    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional

2    protections.

3           (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

4    Party's confidential information in its possession, and the Party is subject to an agreement with the

5    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

6                  (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

7    all of the information requested is subject to a confidentiality agreement with a Non-Party;

8                  (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

9    this litigation, the relevant discovery request(s), and a reasonably specific description of the

10   information requested; and

11                 (3)  make the information requested available for inspection by the Non-Party.

12          (c)  If the Non-Party fails to object or seek a protective order from this court within 14

13   days of receiving the notice and accompanying information, the Receiving Party may produce the

14   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

15   seeks a protective order, the Receiving Party shall not produce any information in its possession or

16   control that is subject to the confidentiality agreement with the Non-Party before a determination by

17   the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

18   seeking protection in this court of its Protected Material.

19   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

21   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

22   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

23   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

24   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

25   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

26   Be Bound" that is attached hereto as Exhibit A.

27   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

28          MATERIAL

9

1   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
2   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties
3   are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to
4   modify whatever procedure may be established in an e-discovery order that provides for production
5   without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
6   parties reach an agreement on the effect of disclosure of a communication or information covered by
7   the attorney-client privilege or work product protection, the parties may incorporate their agreement
8   in the stipulated protective order submitted to the court.

9   12.   MISCELLANEOUS

10   12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek
11   its modification by the court in the future.

12   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order
13   no Party waives any right it otherwise would have to object to disclosing or producing any
14   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no
15   Party waives any right to object on any ground to use in evidence of any of the material covered by
16   this Protective Order.

17   12.3   Filing Protected Material. Without written permission from the Designating Party or a
18   court order secured after appropriate notice to all interested persons, a Party may not file in the
19   public record in this action any Protected Material. A Party that seeks to file under seal any Protected
20   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal
21   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant
22   to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the
23   Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to
24   protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant
25   to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information
26   in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

27   13.   FINAL DISPOSITION

28   Within 60 days after the final disposition of this action, as defined in paragraph 4, each

10

1  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

2  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

3  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

4  the Protected Material is returned or destroyed, the Receiving Party must submit a written

5  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

6  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

7  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

8  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

9  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

10  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

11  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

12  and expert work product, even if such materials contain Protected Material. Any such archival copies

13  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

14  Section 4 (DURATION).

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17  DATED: _____    _____

18                                                    Attorneys for Plaintiff

19

20  DATED: _____    _____

21                                                    Attorneys for Defendant

22

23  PURSUANT TO STIPULATION, IT IS SO ORDERED.

24

25  DATED: _____    _____

26                                                    United States District/Magistrate Judge

27

28

11

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court}.** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____ _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12

# EXHIBIT F

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11

12

13   DOWNEY SURGICAL CLINIC, INC.,         CASE NO.  CV09-05457 PSG (FFMx)
     TARZANA SURGERY CENTER,
14   INC. for Themselves and on Behalf of
     All Others Similarly Situated         **STIPULATED PROTECTIVE**
15                                          **ORDER**
                   Plaintiffs,
16                                          Ctrm:   E
         vs.                                Judge:  Hon. Frederick F. Mumm
17
     OPTUMINSIGHT, INC., et al.
18                                          *NOTE CHANGES MADE BY THE COURT
                   Defendants.
19

20        THIS MATTER, having come before the Court on the Joint Stipulation of

21   Plaintiffs Downey Surgical Clinic, Inc. and Tarzana Surgery Center, Inc.

22   ("Plaintiffs") and Defendants OptumInsight, Inc. (f/k/a Ingenix, Inc.), UnitedHealth

23   Group, Inc., United  Healthcare Services, Inc., United Healthcare Insurance

24   Company, Best Buy Flexible Benefits Plan, Best Buy Co., Inc., Cingular Wireless

25   Medical Plan, AT&T Mobility LLC, Pacific Telesis Group Health Care Network

26   Plan, AT&T Medical Expense Plan, AT&T Corp., Cintas Corporation Employee

27   Health Benefit Plan, Cintas Corporation Group Insurance Plan, Cintas Corporation,

28   Ge Life Disability And Medical Plan, General Electric Company, J.C. Penney

     Corporation, Inc. Health & Welfare Benefits Plan, J.C. Penney Corporation, Inc.

1   Benefits Administration Committee, Parker Hannifin Corporation Group Insurance

2   Plan, Parker Hannifin Corporation, Zale Corporation Benefits Plan, and Zale

3   Corporation, (collectively, "Defendants") requesting the Court to enter this

4   Stipulated Protective Order ("Order"), the parties having stipulated to all the terms

5   of this Order, and for good cause, it is hereby ORDERED AND ADJUDGED:

6        All documents or information produced in this Litigation shall be subject to

7   the terms and provisions set forth herein:

8       1.   Definitions:

9       The following definitions shall apply to this Order:

10         a.   "Confidential Information" is information that is not in the

11   public domain and contains employee information, financial data and information,

12   and any other information that may reasonably be characterized by a Producing

13   Party as intellectual property, a trade secret, or confidential or proprietary

14   information, including customer lists, rates structures, price lists, pricing data,

15   financial information, market studies, business plans, computer software and

16   programs, data technologies, systems, structures, and architectures, and sales and

17   marketing materials. For purposes of this Order, "trade secret" shall mean any

18   formula, compilation, program, plan, device, design, method, technique, process or

19   other information used in the Producing Party's business and for which

20   confidentiality has been reasonably maintained. "Proprietary" information shall

21   mean any information in which a party has a protectable interest, including, without

22   limitation, information regarding a party's finances, processes, products, services,

23   research and development, sales and marketing, strategies, and technologies.

24   Confidential Information will be designated as "Confidential" by the Producing

25   Party in one or more of the following ways: (1) information contained in any

26   document or part thereof may be so designated by marking the word

27   "CONFIDENTIAL" on the document or any copy of it delivered to the Parties or

28   their counsel or by giving written notice to the counsel, describing the document or

1  part thereof either specifically or by category, as provided in paragraph 3 of this

2  Order; or (2) a Producing Party may designate information contained in an answer

3  to any question asked during an oral deposition as Confidential within 30 calendar

4  days of receipt of the deposition transcript by underlining the portions of the pages

5  that are confidential and stamping such pages "CONFIDENTIAL" as provided in

6  Paragraph 12 of this Order.

7          b.      Certain documents may contain information that is so sensitive

8  that it should not be disclosed to any person other than outside counsel for the

9  Parties.  Such information shall be produced on a "CONFIDENTIAL-Attorney Eyes

10  Only" basis and includes, but is not necessarily limited to the following:

11                  1)     trade secrets, customer lists, rates structures, price lists,

12                           pricing data, market surveys, business plans, and

13                           proprietary software that derives economic value, actual or

14                           potential, from not being generally known to competitors

15                           and potential competitors, that is the subject of reasonable

16                           efforts to maintain its secrecy, and that is so competitively

17                           sensitive that disclosure of the information justifies

18                           imposing the requirement that no other parties or the

19                           parties' inside counsel may view the information and for

20                           which the Producing Party reasonably believes that it is

21                           entitled to heightened protections from disclosure to

22                           competitors or potential competitors under Fed. R. Civ. P.

23                           26(c);

24

25                  2)     policies and practices with respect to provider contracting,

26                           including, but not limited to, information regarding the

27                           manner in which Defendants negotiate with providers,

28                           Defendants' use of templates of provider contracts and

2   [PROPOSED] STIPULATED PROTECTIVE ORDER

CV09-05457 PSG (CTx)

provider manuals, payment methods and payment rates, the percentage of a physician's customary charges that Defendants will reimburse for covered services, and Defendants' claims practices and payment methodologies set forth in provider manuals;

3)    information relating to Defendants' claims processing systems and applications, including, but not limited to, information regarding various claims processing platforms used by Defendants, the manner in which Defendants respond to state prompt pay statutes and regulations, and Defendants' policies and practices with respect to the type of information providers or subscribers must submit in order for their claims to be processed;

4)    medical management policies and practices, including, but not limited to, medical policies developed by Defendants for use in making coverage determinations, third-party guidelines, and local modifications, to the extent those policies are not already publicly available;

5)    financial information relating to Defendants' claims processing, performance goals, and results; and

6)    health care provider charge data, including, but not limited to, CPT codes, dates of service, amounts charged, amounts allowed, providers' zip codes, and "usual, customary and reasonable" amounts.

c.    "Confidential Health Information" shall constitute a subset of

1 | Confidential Information, and shall mean information supplied in any form, or any
2 | portion thereof, that identifies an individual or subscriber in any manner and relates
3 | to the past, present, or future care, services, or supplies relating to the physical or
4 | mental health or condition of such individual or subscriber, the provision of health
5 | care to such individual or subscriber, or the past, present, or future payment for the
6 | provision of health care to such individual or subscriber. Confidential Health
7 | Information may be found in, among other kinds of documents, medical bills, claims
8 | forms, claim data, grievances or appeals, charge sheets, medical records, medical
9 | charts, test results, notes, dictation, invoices, itemized billing statements, remittance
10 | advice forms, explanations of benefits, checks, notices, and requests, as well as any
11 | summaries or compilations of the information contained in these documents, to the
12 | extent that such summaries or compilations themselves include Confidential Health
13 | Information. Confidential Health Information is intended to encompass all
14 | "protected health information" as such term is defined by the Standards for Privacy
15 | of Individually Identifiable Health Information, 45 C.F.R. part 160.103,
16 | promulgated pursuant to the Health Insurance Portability and Accountability Act
17 | ("HIPAA"), as well as any patient health information protected by state law.
18 |       d.    "Covered Entity" shall have the meaning as such term is defined
19 | by the Standards for Privacy of Individually Identifiable Health Information, 45
20 | C.F.R. part 160.103, promulgated pursuant to HIPAA.
21 |       e.    "Documents" shall mean all originals, copies, and non-identical
22 | copies, however produced or reproduced, of any printed, typed, handwritten,
23 | graphic, electronic or otherwise recorded matter of whatever character, including,
24 | but not limited to, files, correspondence, contracts, agreements, memoranda, notes,
25 | forms, diaries, reports, interoffice communications, statements, transcripts,
26 | affidavits, photographs, audiotape or videotape recordings, motion pictures, e-mail,
27 | computer files, and any other documents and electronically stored information
28 | contemplated by Fed. R. Civ. P. 34(a)(1)(A).

1        f.    "February 5, 2010 Stipulated Protective Order" shall refer to the

2  Stipulated Protective Order so-ordered by this Court on February 5, 2010.  The

3  February 5, 2010 Stipulated Protective Order shall apply to all Documents produced

4  in this Litigation prior to the entry of this Order.

5        g.    "Legend" as used herein shall mean a stamp or similar insignia

6  stating "CONFIDENTIAL," "CONFIDENTIAL-Attorney Eyes Only," or other

7  appropriate term or terms connoting the confidentiality of the document.  When any

8  document is designated "CONFIDENTIAL" or "CONFIDENTIAL-Attorney Eyes

9  Only" pursuant to this Order, the Legend shall be affixed to the cover of such

10  document and to any page therein containing Confidential Information.

11        h.    "Litigation" shall refer to the above-captioned case, including

12  any appeals through final judgment.

13        i.    "Producing Party" shall mean any Party to the Litigation, or any

14  other person or entity producing documents, information, or other materials in the

15  Litigation, including any Covered Entity.

16        j.    "Parties" collectively shall mean and include Plaintiffs and

17  Defendants.  As used in this Order, the term "Parties" shall not include putative

18  class members or class members.

19        k.    "Party" shall mean any one of the Parties.

20    2.    Scope Of Application Of Order:

21     This Order shall govern all documents, testimony and other information and

22  materials generated or produced in response to any discovery conducted by any

23  Party to the Litigation pursuant to the Federal Rules of Civil Procedure and the local

24  rules of the United State District Court for the Central District of California that are

25  generated or produced after this Order is so-ordered by the Court.  Further, this

26  Order shall govern all documents and materials containing Confidential Information

27  that are submitted in connection with a pleading, brief or other document filed with

28  this Court after this Order is so-ordered by the Court.  This Order shall not govern

CV09-05457 PSG (CTx)
5  [PROPOSED] STIPULATED PROTECTIVE ORDER

1   documents produced prior to the date this Order is so-ordered by the Court. Nor

2   does this Order govern the use or admissibility of any evidence at trial or the

3   procedures for using such documents or information at trial. The Parties shall

4   confer and attempt to agree before any hearing, trial, or other proceeding on the

5   procedures to be included in a confidentiality order pursuant to which Confidential

6   Information may be introduced into evidence or otherwise used at such hearing,

7   trial, mediation, or other proceeding. Absent agreement, the parties shall request the

8   Court to issue an order governing the use of information in the context of such

9   proceedings. In addition, this Order shall govern all Confidential Information

10   produced by any Producing Party that is produced after this Order is so-ordered by

11   the Court, including without limitation a Covered Entity, in response to any

12   discovery conducted by any Party pursuant to the Federal Rules of Civil Procedure,

13   the rules of the Central District of California, and 45 C.F.R. part 164.512.

14        3.   Designation As "Confidential Information":

15        A Producing Party may designate any document or portion thereof that

16   contains Confidential Information as "Confidential" pursuant to this Order by

17   affixing the Legend as provided under subparagraph 1(f) to any document

18   containing, or that the Producing Party believes contains, Confidential Information.

19   If, through inadvertence, a Producing Party produces any document or portion

20   thereof that contains Confidential Information but fails to designate the document as

21   either "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" pursuant

22   to this Order by affixing the appropriate Legend as provided under subparagraph

23   1(f), the Producing Party subsequently may designate the document as

24   "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only." But in the

25   event a Producing Party produces voluminous documents for inspection only, the

26   Producing Party shall not need to stamp the documents in advance of the initial

27   inspection and instead the following procedures shall apply:

28        a.   The Producing Party shall not be considered to have waived the

1  confidential status of documents made available during such an initial inspection,

2  but not chosen by the inspecting Party for copying.

3     b. Thereafter, upon selection of specified documents for copying by

4  the inspecting Party, the Producing Party shall, within 30 calendar days and prior to

5  providing copies of the selected documents to the requesting Party, stamp each page

6  of such documents as may contain Confidential Information with either of the

7  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" designations.

8     c. A Producing Party also may designate documents as

9  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" by advising

10  counsel of record to whom the documents are to be produced, in writing, of the

11  Bates numbers of the documents that are designated Confidential pursuant to this

12  Order.

13    4. <u>Disclosure Of Confidential Information:</u>

14    Except as otherwise provided in this Order, Confidential Information may

15  only be disclosed to or examined by the following persons:

16     a. the Parties, including their current employees who are necessary

17  to assist counsel in this Litigation, the Parties' inside counsel, if any, and employees

18  of the Parties' inside counsel who are acting under the direction and control of such

19  counsel and who are necessary to assist such counsel in this Litigation;

20     b. the Parties' respective outside counsel and employees of the

21  Parties' outside counsel who are acting under the direction and control of such

22  counsel and who are necessary to assist such counsel in this Litigation;

23     c. vendors who are acting under the direction of the Parties'

24  counsel and who are necessary to assist such counsel in this Litigation;

25     d. independent consultants or experts retained in connection with

26  this Litigation by the Parties' counsel, but only to the extent necessary for the

27  prosecution or defense of the instant matter;

28     e. experts and/or other deponents or witnesses, but only to the

1 | extent necessary for the preparation of testimony or during testimony at a

2 | proceeding in this Litigation;

3 |       f.    stenographers or court reporters, but only to the extent necessary

4 | to prepare records of sworn testimony in this Litigation; and

5 |       g.    magistrate judges, judges, clerks, or other members or employees

6 | of any court of competent jurisdiction over proceedings in or related to this

7 | Litigation.

8 |     If a non-Producing Party concludes for the purpose of this Litigation that it

9 | needs to disclose any of the Confidential Information to any person not specified in

10 | this Paragraph 4, such party shall notify all other Parties, including the Producing

11 | Party, and such notice shall state the identity of the person(s) that the non-Producing

12 | Party needs to disclose to, and the reasons for such disclosure.  The parties shall

13 | confer in an effort to resolve the status of the subject information.  If the Parties,

14 | including any Producing Party, cannot agree to such release, counsel for the non-

15 | Producing Party shall have the right to move for an order allowing disclosure to the

16 | person(s) not specified in Paragraph 4 for good cause shown.

17 |     5.    Disclosure of Confidential — Attorney Eyes Only Information:

18 |     Except as otherwise provided in this Order, Confidential Information

19 | designated as "CONFIDENTIAL — Attorney Eyes Only" shall be subject to the

20 | restrictions set forth in Paragraph 4 and further shall not be shown to the Parties or

21 | to their inside counsel.

22 |     6.    Disclosure of Confidential Health Information:

23 |     "Confidential Health Information" shall constitute a subset of Confidential

24 | Information and shall be designated as "CONFIDENTIAL" and subject to all other

25 | terms and conditions governing the treatment of Confidential Information, as set

26 | forth in Paragraph 4.  "Confidential Health Information" shall include, but is not

27 | limited to, claims data, claim forms, grievances, appeals, or other documents or

28 | records that contain any patient health information required to be kept confidential

1 | under any state or federal law, including 45 C.F.R. parts 160.103, promulgated

2 | pursuant to HIPAA, and the following subscriber, patient, or member identifiers:

3 |      a.     names;

4 |      b.     all geographic subdivisions smaller than a State, including street

5 | address, city, county, precinct, and zip code;

6 |      c.     all elements of dates (except year) for dates directly related to an

7 | individual, including birth date, admission date, discharge date, dates upon which

8 | medical services were provided, age, and date of death;

9 |      d.     telephone numbers;

10 |      e.     fax numbers;

11 |      f.     electronic mail addresses;

12 |      g.     social security numbers;

13 |      h.     medical record numbers;

14 |      i.     health plan beneficiary numbers;

15 |      j.     account numbers;

16 |      k.     certificate/license numbers;

17 |      l.     vehicle identifiers and serial numbers, including license plate

18 | numbers;

19 |      m.     device identifiers and serial numbers;

20 |      n.     web universal resource locators ("URLs");

21 |      o.     internet protocol ("IP") address numbers;

22 |      p.     biometric identifiers, including finger and voice prints;

23 |      q.     full face photographic images and any comparable images; and

24 |      r.     any other unique identifying number, characteristic, or code; and

25 | any other information the Producing Party knows could be used alone or in

26 | combination with other information to identify an individual who is the subject of

27 | information.

28 |      In addition to the other limitations on the use of Confidential Information as

CV09-05457 PSG (CTx)

9   [PROPOSED] STIPULATED PROTECTIVE ORDER

1  set forth above, the Producing Party may, but is not required to, redact the above

2  identifiers or take other suitable precautions in order to protect the privacy of its

3  members, subscribers, or patients, but only to the extent such redaction or other

4  precaution does not result in prejudice to another Party in the Litigation.  All

5  documents produced by a Producing Party that contain Confidential Health

6  Information shall not be used by any Party to the Litigation for any purpose other

7  than in connection with this Litigation.  This paragraph shall not prevent a

8  Producing Party from disclosing its own Confidential Health Information to any

9  person, including its counsel and their partners, associates, paralegals, and clerical

10  and litigation support personnel.

11        7.    Copies:

12        All copies of any documents containing Confidential Information shall

13  constitute and be treated as Confidential as provided in this Order.  Any person

14  making, or causing to be made, copies of any documents containing Confidential

15  information shall make certain that each such copy bears the appropriate Legend

16  pursuant to the requirements of this Order.  Nothing herein shall preclude any

17  arrangement among the Parties by which documents or other materials may be

18  copied by the Producing Party.

19        8.    Acknowledgement And Written Assurance:

20        Except as otherwise provided below, each person who is permitted to see

21  stamped Confidential Documents first shall be shown a copy of this Order and shall

22  sign an acknowledgment form that states:

23              a.    the signatory has read and understands this Order;

24              b.    the signatory understands the information contained in the

25  Documents has been designated as "CONFIDENTIAL;"

26              c.    the signatory understands that the unauthorized disclosure of

27  information contained in any stamped Confidential Document may constitute

28  contempt of Court; and

1          d.    the signatory consents to the exercise of personal jurisdiction by

2 this Court for purposes of enforcement of this Order.

3      Persons permitted to see Confidential Information shall sign the

4 Acknowledgement and Written Assurance form annexed hereto as Exhibit 1. These

5 signed forms shall be maintained by the Party acquiring the signatures and shall be

6 produced to the Court for in camera inspection if any Party requests any such

7 inspection. As to any third-party contractors or vendors included in the list of

8 persons who must sign an Acknowledgement and Written Assurance form described

9 in Paragraph 4(c) above, an owner or manager of such contractor may sign on behalf

10 of his or her employees. No such signed Acknowledgment and Written Assurance

11 shall be required of the following persons: (i) Court personnel; (ii) any person or the

12 employee of any person or entity who produces the Confidential Information or who

13 is identified as a recipient on a document containing Confidential Information; or

14 (iii) outside counsel for the Parties and employees of the Parties' outside counsel

15 who are acting under the direction and control of such counsel and who are

16 necessary to assist such counsel in this Litigation.

17      A copy of each executed Acknowledgment and Written Assurance shall be

18 retained by counsel of record for the Party obtaining the Acknowledgement and

19 Written Assurance. A Producing Party may make such application to the Court for

20 disclosure of a copy of the executed Acknowledgement(s) and Written

21 Assurance(s), and the Court will grant such an application upon good cause shown,

22 except that a Party need not disclose a copy of an executed Acknowledgement and

23 Written Assurance if doing so would tend to reveal the identities of experts retained

24 by a Party, the disclosure of whom is not required by the Federal Rules of Civil

25 Procedure, unless ordered by the Court. This paragraph shall not prevent a

26 Producing Party from disclosing its own Confidential Information to any person,

27 including its counsel and their partners, associates, paralegals, and clerical and

28 litigation support personnel.

1    9.    Prohibition on Use Of Confidential Information Produced In This

2         Litigation In Other Actions:

3         Any documents or other information produced by any Producing Party in this

4    Litigation that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-

5    Attorney Eyes Only" shall be used solely for the purpose of this Litigation, which

6    includes discovery, motions, briefs, preparation for trial, trial, enforcements of court

7    orders or judgments, and on appeal, if any, and for no other purpose.

8    10.    Subpoena Or Other Third-Party Request For Confidential Information

9          Produced In This Litigation:

10         In the event any person having possession, custody, or control of any

11   Confidential Information receives a subpoena or other compulsory process by any

12   court, administrative agency, legislative body commanding production of such

13   information, such person shall, unless otherwise precluded by law: (i) notify counsel

14   of record for the Producing Party within 48 hours by hand, e-mail or facsimile of the

15   request for Confidential Information; (ii) provide a copy of the subpoena or other

16   process or order requesting the production of Confidential Information to counsel of

17   record for the Producing Party; and (iii) cooperate with the Producing Party.  The

18   Producing Party shall have the burden of defending against or objecting to such

19   request to the extent it seeks Confidential Information.  The person receiving such

20   request shall not produce any Confidential Information required by the request prior

21   to the date specified in the subpoena, other process, or order for production.

22   11.    Redacted Disclosures:

23         To the extent that any Producing Party discloses documents containing

24   Confidential Information that is not relevant to the Parties' claims or defenses, a

25   Producing Party may redact such Confidential Information and so indicate on the

26   document being produced.  If redactions are made pursuant to this Section 11, the

27   Producing Party shall also disclose in writing information concerning the nature of

28   the redacted material without disclosing its contents.  Information that may be

1  redacted includes, but is not limited to, highly sensitive pricing or other information,

2  fee schedules, medical information, and private or personal information regarding

3  persons or entities other than the named Plaintiffs. If any of the Parties believes that

4  any information has been redacted improperly, the Parties first shall seek to resolve

5  any dispute over such redaction and, if the dispute is not resolved, the objecting

6  Party may pursue any remedies provided by the Federal Rules of Civil Procedure.

7  Any motion filed pursuant to the federal rules must comply with any applicable

8  Local Rules including Local Rule 37.

9      12.   Designation Of Documents Produced By Third Parties:

10      Any Party may designate as "CONFIDENTIAL" any document that is

11  produced or disclosed without such designation by any third party within 30

12  calendar days of the production of such document, or such other time as may be

13  agreed, provided that such document contains Confidential Information of a

14  designating Party, in the following manner:

15          a.   Parties to the Litigation may designate such document by

16  sending written notice of such designation, accompanied by copies of the designated

17  document bearing the Legend, to all other Parties in possession or custody of such

18  previously undesignated document or by reference to a Bates number of the

19  document. Within 30 calendar days of receipt of such notice, or such other time as

20  may be agreed, any Party receiving such notice and copy of the designated

21  document pursuant to this subparagraph shall return to the designating Party all

22  undesignated copies of such document in their custody or possession, or alternately

23  shall affix the Legend to all copies of such designated document in their custody or

24  possession.

25          b.   Upon notice of designation pursuant to this Paragraph, the

26  Parties also shall: (i) make no further disclosure of such designated document or

27  information contained therein, except as allowed under this Order; (ii) take

28  reasonable steps to notify any persons who were provided copies of such designated

CV09-05457 PSG (CTx)
13   [PROPOSED] STIPULATED PROTECTIVE ORDER

1  document of the terms of this Order; and (iii) take reasonable steps to reclaim any
2  such designated document in the possession of any person not permitted access to
3  such information under the terms of this Order.

4           c.      The Parties shall serve a copy of this Order simultaneously with
5  any discovery request made to a non-Party.  For any discovery that was served on a
6  non-Party prior to the date of this Order, the Party who served the discovery shall
7  provide the non-Party with a copy of this Order within five days of the date this
8  Order is entered by the Court.

9         13.     Designation Of Deposition Transcripts And Exhibits As Confidential:

10           a.      At any depositions conducted in this Litigation of any person
11  within the categories set forth in paragraph 4 above and otherwise in accordance
12  with the provisions of this Order, the Parties may use, refer to, or mark as deposition
13  exhibits any documents designated as "CONFIDENTIAL" and all Confidential
14  Information contained therein or derived therefrom.  Any documents designated as
15  "or "CONFIDENTIAL — Attorney Eyes Only" information that are marked as
16  deposition exhibits shall be sealed separately from the remainder of the deposition
17  transcript and exhibits.  When a Party or Producing Party uses or refers to
18  Confidential —Attorney Eyes Only information at a deposition, the portion of the
19  deposition transcript that relates to such Confidential documents or information shall
20  be stamped as "CONFIDENTIAL — Attorney Eyes Only" and sealed separately
21  from the remainder of the transcript and shall be treated as Confidential — Attorney
22  Eyes Only under the provisions of this Order.  No Party shall disclose or give
23  possession of documents designated as "CONFIDENTIAL — Attorney Eyes Only"
24  to any deponent other than as provided in paragraph 5 above.

25           b.      Counsel will make a good faith effort to designate documents or
26  testimony as Confidential Information at the time of the deposition.  Within 30
27  calendar days after receiving a deposition transcript, any Party, or any deposed
28  Producing Party may designate portions of the transcript, or exhibits thereto, as

14    [PROPOSED] STIPULATED PROTECTIVE ORDER
CV09-05457 PSG (CTx)

1 | being as "CONFIDENTIAL." At any deposition conducted in this Litigation, the
2 | Parties shall attempt in good faith preliminarily to identify and designate
3 | Confidential testimony and exhibits without prejudice to their right to designate
4 | other testimony or exhibits or to withdraw such designations after receipt of the
5 | deposition transcript. Except as provided in subparagraph 12(a) above, Confidential
6 | deposition testimony may be so designated by underlining the portions of the pages
7 | that are confidential and stamping such pages as "CONFIDENTIAL." Until
8 | expiration of the thirty day calendar day period, the entire deposition transcript, and
9 | all exhibits thereto, shall be treated as "CONFIDENTIAL — Attorney Eyes Only"
10 | under the provisions of this Order. If a timely Confidential designation is made, the
11 | Confidential portions of the deposition transcript, together with any deposition
12 | exhibits designated as "CONFIDENTIAL," shall be sealed separately from the
13 | portions of the deposition transcript and exhibits not so marked, and shall be treated
14 | as Confidential under the provisions of this Order.

15 |         14.   Receipt Of Confidential Information From Independent Sources:

16 |         With respect to any document that has been produced in this Litigation and
17 | designated as "CONFIDENTIAL" by a Producing Party, should any Party claim to
18 | have received the document from another source without any restriction of
19 | confidentiality and should that Party seek to be relieved of the confidentiality
20 | restrictions of this Order with respect to that document, the Party first shall seek the
21 | consent of the Producing Party, and if applicable, other Parties. If the Parties cannot
22 | agree as to whether the document(s) should be excluded from this Order, the Parties
23 | shall submit the matter to the Court for resolution.   Any such "submission" must
24 | comply with the Local Rules, including Local Rule 37.

25 |         15.   Inadvertent Failure To Designate Information As Confidential:

26 |         Inadvertent failure to designate information as "CONFIDENTIAL" or
27 | "CONFIDENTIAL — Attorney Eyes Only," or to do so within 30 calendar days,
28 | may be remedied at any time by supplemental written notice given by the Producing

15   [PROPOSED] STIPULATED PROTECTIVE ORDER

CV09-05457 PSG (CTx)

1  Party.  Upon receipt of such notification, all information so designated shall be

2  subject to this Order as if it had been initially so designated, and the Parties shall (a)

3  not make any further disclosure or communication of all information so designated

4  (the "Redesignated Information") except as provided for in this Order, (b) take

5  reasonable steps to notify any persons known to have possession of any

6  Redesignated Information of the effect of the new designation under this Order, and

7  (c) promptly endeavor to procure all copies of the Redesignated Information from

8  any persons known to have possession of Redesignated Information who are not

9  entitled to receipt under Paragraphs 4 and 5 above.  The Parties further shall make a

10  reasonable good-faith effort to insure that any analyses, memoranda, or notes that

11  were generated based upon such Redesignated Information are immediately treated

12  in accordance with the new designation.

13        16.    Inadvertent Production:

14          If information subject to a claim of attorney-client privilege, attorney work

15  product, or any other ground on which the production of such information should

16  not be made to any Party nevertheless is inadvertently produced in this Litigation by

17  any Producing Party, such production shall not prejudice, or otherwise constitute a

18  waiver of, or estoppel as to, any claim of privilege, attorney work product, or other

19  ground for withholding production to which the Producing Party would be entitled.

20  If a claim of inadvertent production is made with respect to information then in the

21  custody of another Party, such Party promptly shall return such information to the

22  Producing Party.  Where the information produced is electronically stored, such

23  Party shall sequester the information and not use it for any purpose in litigation until

24  the claim of inadvertent production is resolved.  The Party returning and/or

25  sequestering such material may pursue any remedy provided by the Federal Rules of

26  Civil Procedure.  Any motion filed pursuant to the federal rules must comply with

27  all applicable Local Rules, including Rule 37.  Any such motion shall not assert as a

28  ground for compelling production the fact or circumstance of the inadvertent

CV09-05457 PSG (CTx)

1  production.

2      17.    Filing Of Confidential Information Under Seal:

3      Any Party wishing to file a document or paper containing Confidential

4  Information shall endeavor to redact or otherwise exclude from the filing any

5  Confidential Information not directly pertinent to that Party's filing.  Any request to

6  seal "CONFIDENTIAL" and "CONFIDENTIAL — Attorney Eyes Only"

7  information that is directly pertinent to that Party's filing shall be made in

8  accordance with Local Rule 79-5 of the United States District Court for the Central

9  District of California, and shall seek to file under seal only those portions of filings

10 containing documents stamped "CONFIDENTIAL" or "CONFIDENTIAL —

11 Attorney Eyes Only" material.  Where reasonably possible, the Parties shall agree to

12 redact documents or stipulate to facts in order to avoid the disclosure of Confidential

13 Information and the need to file documents under seal.  A designation as

14 "CONFIDENTIAL" by a Party or Producing Party under this Order alone is not a

15 sufficient basis to seal the information submitted in connection with a request for

16 relief from the Court.

17     18.    Use Of Confidential Information By A Party In These Proceedings:

18     Notwithstanding any other provision of this Order, the Parties shall confer

19 and attempt to agree before any Court trial or hearing on the procedures to be

20 included in a protective order pursuant to which "CONFIDENTIAL" or

21 "CONFIDENTIAL — Attorney Eyes Only" material may be used or introduced into

22 evidence at such trial or hearing.  Upon reaching agreement, the Parties shall give

23 notice of the terms of such agreement to each third party producing Confidential

24 Information which may be used or introduced at such trial or hearing.  Because it

25 would affect the public availability of material used at a trial or hearing, any such

26 agreement will be effective only upon Court approval.  Absent agreement among the

27 Parties, any Party upon reasonable notice to all third parties producing Confidential

28 Information which may be used or introduced at such trial or hearing may move the

1  Court to issue an order governing the use of Confidential Information at a trial or
2  hearing.
3      19.   Objections To Confidentiality Designations:
4      If any Party in this Litigation desires to have a Confidentiality designation
5  removed, counsel for such Party shall first request in writing, or pursuant to the
6  terms of any stipulation for electronic service that is in place at the time, that the
7  Producing Party remove the Confidentiality designation, and shall state the reasons
8  for its request.  If the Producing Party withdraws its designation of such
9  information, the Producing Party shall express that withdrawal by written notice
10  submitted to the Parties.  If the Producing Party refuses to withdraw the designation,
11  it must state its reasons in a writing served by hand, by facsimile, or by electronic
12  means, within five business days of receiving the request.  Thereafter, the Parties
13  shall meet and confer to attempt to resolve the dispute.  If an agreement cannot be
14  reached, the requesting Party may petition the court to re-designate the Confidential
15  Information.  Any such petition must comply with Local Rule 37.  If a designation is
16  challenged, the Parties agree that the mere designation of a document as
17  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" cannot be used
18  to support or detract from the position that a document should be so designated.  The
19  Parties shall continue to treat the information as Confidential Information unless and
20  until the application to re-designate is granted and the time for any interlocutory
21  appeal or emergency review has expired.  Nothing in this paragraph shall be
22  construed to change the applicable burden of establishing whether or not any
23  particular document is entitled to confidential treatment.  Nothing in this Order shall
24  abridge the right of any Producing Party to seek appropriate judicial review or relief
25  in respect to any ruling that the Court may make.
26      20.   No Oral Waivers:
27      The Parties may waive the confidentiality provisions of this Order as to any
28  Confidential Information only by explicit written waiver.  Such waiver shall not

1 result in a waiver of the confidential status of any other information deemed
2 Confidential pursuant to this Order.
3     21.  <u>Effect Of Order</u>:
4     This Order shall remain in full force and effect indefinitely until modified,
5 superseded, or terminated by executed written agreement of the Parties or by order
6 of the Court.  This Court shall retain continuing jurisdiction beyond the conclusion
7 of this Litigation, including, without limitation, during any appeal, to enforce the
8 provisions of this Order pursuant to its contempt powers and with all other powers
9 provided for in this Order.
10     22.  <u>Amendments</u>:
11     This Order may be amended by the agreement of counsel for the Parties in the
12 form of a written amendment to the Order.  Such proposed modifications shall be
13 submitted to the Court for approval.
14     23.  <u>Return Or Destruction Of Confidential Information Following</u>
15        <u>Conclusion Of Litigation</u>:
16     Within 30 days after the conclusion of this Litigation by final judgment not
17 subject to appeal or by settlement, all documents or other items constituting or
18 containing Confidential Information that are in the possession, custody, or control of
19 any person other than the Producing Party shall either be returned to the Producing
20 Party or destroyed at the election of the Producing Party.  Provided, however, that
21 Plaintiffs' counsel, specifically Hooper, Lundy & Bookman, P.C. ("HLB"), in
22 accordance with its standard policies and practices to retain its case file and the
23 documents contained therein in the unlikely event a malpractice lawsuit is filed
24 against it, may retain a single copy of each document or item of Confidential
25 Information for at least two years as a necessary precaution.
26     All documents or other items constituting or containing Confidential
27 Information retained by HLB for this limited time period will remain subject to this
28 Order.  HLB will be obligated to notify the Producing Party within 14 days of being

CV09-05457 PSG (CTx)
19   [PROPOSED] STIPULATED PROTECTIVE ORDER

1    served as a defendant in a lawsuit in which the Confidential Information appears

2    reasonably likely to be relevant, and will not disclose or produce the Confidential

3    Information, or allow it to be disclosed or produced, in the lawsuit unless and until a

4    court denies the Producing Party's application, if any, to have the Confidential

5    Information protected from disclosure, or unless and until the Producing Party

6    notifies HLB that it has no objection to the Confidential Information being disclosed

7    or produced in the lawsuit.  Subject to HLB's ability to retain a single copy of

8    documents and items containing Confidential Information in accordance with its

9    standard policies and practices, within 30 days after the conclusion of this

10    Litigation, each Party shall provide an affidavit to each Producing Party attesting

11    that all documents or other items constituting or containing Confidential Information

12    produced in this Litigation were returned or destroyed in *toto*.  Counsel for all

13    Parties may retain copies of all documents that that have been filed with the Court,

14    depositions, and all exhibits thereto.  In addition, counsel for any Party may retain

15    information that they determine in good faith to constitute work product, including

16    but not limited to, documents relied upon in preparing motions, briefs, trial

17    notebooks, and preparing for depositions.

18         24.    Notices:

19         All notices that this Order requires to be sent to a particular Party shall be sent

20    via e-mail and mailed via overnight mail or regular mail to counsel for that Party at

21    the address listed in the signature block below.

22         25.    No Admission:

23         Nothing in this Order constitutes an admission or agreement that any

24    document or information, or any testimony relating to such document or

25    information, is or would be subject to discovery or is admissible as evidence in this

26    case or any other proceeding.

27         26.    Continued Use of Confidential Information:

28         The restrictions set forth in this Order shall not be construed as preventing a

1  non-producing party from continuing to use any Confidential Information known to

2  or used by it prior to the filing of this Litigation and that subsequently became part

3  of the public domain through no act or omission of the non-producing party.

4

5  **IT IS SO ORDERED.**

6

7  **Dated: August 14, 2014**

8

9                                    /S/ Frederick F. Mumm

10                                   _____

                                     FREDERICK F. MUMM

                                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21   [PROPOSED] STIPULATED PROTECTIVE ORDER

CV09-05457 PSG (CTx)

1
## EXHIBIT 1

2

3
### UNITED STATES DISTRICT COURT

4
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

5

6

7
DOWNEY SURGICAL CLINIC, INC.,          CASE NO.  CV09-05457 PSG (FFMx)

8
TARZANA SURGERY CENTER,
INC. for Themselves and on Behalf of

9
All Others Similarly Situated,

10
        Plaintiffs,

11
    vs.

12
OPTUMINSIGHT, INC., et al.,            **ACKNOWLEDGMENT AND
WRITTEN ASSURANCE TO
PROTECT CONFIDENTIAL
INFORMATION**

13
        Defendants.

14

15

16
    I hereby acknowledge that I, _____

17
have been provided with a copy of the Stipulated Protective Order entered in the

18
above-captioned litigation, a copy of which is annexed hereto and incorporated

19
herein by reference.

20
    I further acknowledge that I have read the Stipulated Protective Order and

21
agree to be bound by its terms and conditions and limitations regarding the review

22
and disclosure of Confidential Information in this Litigation.  I understand that all

23
documents, material, or information that is subject to the Stipulated Protective Order

24
may be used only for purposes of the conduct of this Litigation and for no other

25
purpose.  I understand that the information contained in Documents marked as

26
"CONFIDENTIAL" has been designated as confidential and that the unauthorized

27
disclosure of Documents marked "CONFIDENTIAL" or of information contained

28
therein, may constitute contempt of Court.

1    I also submit to the jurisdiction of the United States District Court for the

2    Central District of California for the limited purpose of any action to enforce the

3    Stipulated Protective Order and acknowledge that any violation may be punishable

4    by contempt of Court.

5

6    DATED: _____, 20____

7

8

9                                          Name: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT G

1  DARON L. TOOCH (State Bar No. 137269)
   GLENN E. SOLOMON (State Bar No. 155674)
2  PETER J. BRACHMAN (State Bar No. 248805)
   ERIC D. CHAN (State Bar No. 253082)
3  **HOOPER, LUNDY & BOOKMAN, P.C.**
   1875 Century Park East, Suite 1600
4  Los Angeles, CA 90067-2517
   Telephone: (310) 551-8111
5  Facsimile: (310) 551-8181
   E-Mail:  pbrachman@health-law.com
6  *Attorneys for Plaintiffs*

7  NICHOLAS J. PAPPAS (admitted pro hac vice)
   **WEIL, GOTSHAL & MANGES LLP**
8  767 Fifth Avenue
   New York, NY 10153-0119
9  Telephone: (212) 310-8000
   E-Mail:  nicholas.pappas@weil.com
10 *Attorneys for Certain Defendants\**

11 LARRY A. WALRAVEN (Bar No. 143327)
   BRYAN S. WESTERFELD (Bar No. 218253)
12 **WALRAVEN & WESTERFELD LLP**
   101 Enterprise, Suite 350
13 Aliso Viejo, CA 92656
   Telephone: (949) 215-1990
14 E-Mail:  bwesterfeld@walraven.com
   *Attorneys for Certain Defendants\**
15

16
   \*= *See* Attachment A hereto.
17

18              **UNITED STATES DISTRICT COURT**

19   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

20 DOWNEY SURGICAL CLINIC, INC.,        CASE NO.  CV09-05457 PSG (CTx)
   TARZANA SURGERY CENTER,
21 INC. for Themselves and on Behalf of
   All Others Similarly Situated           **STIPULATION RE PROTECTIVE**
22                                         **ORDER**
                Plaintiffs,
23                                         Ctrm:   880
              vs.                          Judge:  Hon. Philip S. Gutierrez
24

25 OPTUMINSIGHT, INC.,
   UNITEDHEALTH GROUP, INC.,
26 UNITED HEALTHCARE SERVICES,
   INC., UNITED HEALTHCARE
27 INSURANCE COMPANY, For
   Themselves;  BEST BUY FLEXIBLE
28 BENEFITS PLAN, BEST BUY CO.,
   INC., CINGULAR WIRELESS
   MEDICAL PLAN, AT&T MOBILITY
   LLC, PACIFIC TELESIS GROUP

1   HEALTH CARE NETWORK PLAN,
      AT&T MEDICAL EXPENSE PLAN,
2   AT&T CORP., CINTAS
      CORPORATION EMPLOYEE
3   HEALTH BENEFIT PLAN, CINTAS
      CORPORATION GROUP
4   INSURANCE PLAN, CINTAS
      CORPORATION, GE LIFE
5   DISABILITY AND MEDICAL PLAN,
      GENERAL ELECTRIC COMPANY,
6   J.C. PENNEY CORPORATION, INC.
      HEALTH & WELFARE BENEFITS
7   PLAN, J.C. PENNEY
      CORPORATION, INC. BENEFITS
8   ADMINISTRATION COMMITTEE,
      PARKER HANNIFIN
9   CORPORATION GROUP
      INSURANCE PLAN, PARKER
10  HANNIFIN CORPORATION, ZALE
      CORPORATION BENEFITS PLAN,
11  ZALE CORPORATION; DOES 1-10,

12             Defendants.

13

14      The Plaintiffs Downey Surgical Clinic, Inc. and Tarzana Surgery Center, Inc.

15 ("Plaintiffs") and Defendants OptumInsight, Inc. (f/k/a Ingenix, Inc.), UnitedHealth

16 Group, Inc., United Healthcare Services, Inc., United Healthcare Insurance

17 Company, Best Buy Flexible Benefits Plan, Best Buy Co., Inc., Cingular Wireless

18 Medical Plan, AT&T Mobility LLC, Pacific Telesis Group Health Care Network

19 Plan, AT&T Medical Expense Plan, AT&T Corp., Cintas Corporation Employee

20 Health Benefit Plan, Cintas Corporation Group Insurance Plan, Cintas Corporation,

21 Ge Life Disability And Medical Plan, General Electric Company, J.C. Penney

22 Corporation, Inc. Health & Welfare Benefits Plan, J.C. Penney Corporation, Inc.

23 Benefits Administration Committee, Parker Hannifin Corporation Group Insurance

24 Plan, Parker Hannifin Corporation, Zale Corporation Benefits Plan, and Zale

25 Corporation, (collectively, "Defendants"), having stipulated to all the terms of this

26 Stipulated Protective Order ("Order"), jointly request and agree that the Court enter,

27 for good cause, this Order as follows:

28

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1    All documents or information produced in this Litigation shall be subject to

2  the terms and provisions set forth herein:

3    1.    Definitions:

4    The following definitions shall apply to this Order:

5    a.    "Confidential Information" is information that is not in the

6  public domain and contains employee information, financial data and information,

7  and any other information that may reasonably be characterized by a Producing

8  Party as intellectual property, a trade secret, or confidential or proprietary

9  information, including customer lists, rates structures, price lists, pricing data,

10  financial information, market studies, business plans, computer software and

11  programs, data technologies, systems, structures, and architectures, and sales and

12  marketing materials.  For purposes of this Order, "trade secret" shall mean any

13  formula, compilation, program, plan, device, design, method, technique, process or

14  other information used in the Producing Party's business and for which

15  confidentiality has been reasonably maintained. "Proprietary" information shall

16  mean any information in which a party has a protectable interest, including, without

17  limitation, information regarding a party's finances, processes, products, services,

18  research and development, sales and marketing, strategies, and technologies.

19  Confidential Information will be designated as "Confidential" by the Producing

20  Party in one or more of the following ways: (1) information contained in any

21  document or part thereof may be so designated by marking the word

22  "CONFIDENTIAL" on the document or any copy of it delivered to the Parties or

23  their counsel or by giving written notice to the counsel, describing the document or

24  part thereof either specifically or by category, as provided in paragraph 3 of this

25  Order; or (2) a Producing Party may designate information contained in an answer

26  to any question asked during an oral deposition as Confidential within 30 calendar

27  days of receipt of the deposition transcript by underlining the portions of the pages

28

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1  that are confidential and stamping such pages "CONFIDENTIAL" as provided in

2  Paragraph 12 of this Order.

3          b.    Certain documents may contain information that is so sensitive

4  that it should not be disclosed to any person other than outside counsel for the

5  Parties.  Such information shall be produced on a "CONFIDENTIAL-Attorney Eyes

6  Only" basis and includes, but is not necessarily limited to the following:

7                1)    trade secrets, customer lists, rates structures, price lists,

8                       pricing data, market surveys, business plans, and

9                       proprietary software that derives economic value, actual or

10                       potential, from not being generally known to competitors

11                       and potential competitors, that is the subject of reasonable

12                       efforts to maintain its secrecy, and that is so competitively

13                       sensitive that disclosure of the information justifies

14                       imposing the requirement that no other parties or the

15                       parties' inside counsel may view the information and for

16                       which the Producing Party reasonably believes that it is

17                       entitled to heightened protections from disclosure to

18                       competitors or potential competitors under Fed. R. Civ. P.

19                       26(c);

20                2)    policies and practices with respect to provider contracting,

21                       including, but not limited to, information regarding the

22                       manner in which Defendants negotiate with providers,

23                       Defendants' use of templates of provider contracts and

24                       provider manuals, payment methods and payment rates,

25                       the percentage of a physician's customary charges that

26                       Defendants will reimburse for covered services, and

27                       Defendants' claims practices and payment methodologies

28                       set forth in provider manuals;

3)   information relating to Defendants' claims processing systems and applications, including, but not limited to, information regarding various claims processing platforms used by Defendants, the manner in which Defendants respond to state prompt pay statutes and regulations, and Defendants' policies and practices with respect to the type of information providers or subscribers must submit in order for their claims to be processed;

4)   medical management policies and practices, including, but not limited to, medical policies developed by Defendants for use in making coverage determinations, third-party guidelines, and local modifications, to the extent those policies are not already publicly available;

5)   financial information relating to Defendants' claims processing, performance goals, and results; and

6)   health care provider charge data, including, but not limited to, CPT codes, dates of service, amounts charged, amounts allowed, providers' zip codes, and "usual, customary and reasonable" amounts.

      c.   "Confidential Health Information" shall constitute a subset of Confidential Information, and shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information may be found in, among other kinds of documents, medical bills, claims forms, claim data, grievances or appeals, charge sheets, medical records, medical

1  charts, test results, notes, dictation, invoices, itemized billing statements, remittance

2  advice forms, explanations of benefits, checks, notices, and requests, as well as any

3  summaries or compilations of the information contained in these documents, to the

4  extent that such summaries or compilations themselves include Confidential Health

5  Information.  Confidential Health Information is intended to encompass all

6  "protected health information" as such term is defined by the Standards for Privacy

7  of Individually Identifiable Health Information, 45 C.F.R. part 160.103,

8  promulgated pursuant to the Health Insurance Portability and Accountability Act

9  ("HIPAA"), as well as any patient health information protected by state law.

10          d.    "Covered Entity" shall have the meaning as such term is defined

11  by the Standards for Privacy of Individually Identifiable Health Information, 45

12  C.F.R. part 160.103, promulgated pursuant to HIPAA.

13          e.    "Documents" shall mean all originals, copies, and non-identical

14  copies, however produced or reproduced, of any printed, typed, handwritten,

15  graphic, electronic or otherwise recorded matter of whatever character, including,

16  but not limited to, files, correspondence, contracts, agreements, memoranda, notes,

17  forms, diaries, reports, interoffice communications, statements, transcripts,

18  affidavits, photographs, audiotape or videotape recordings, motion pictures, e-mail,

19  computer files, and any other documents and electronically stored information

20  contemplated by Fed. R. Civ. P. 34(a)(1)(A).

21          f.    "February 5, 2010 Stipulated Protective Order" shall refer to the

22  Stipulated Protective Order so-ordered by this Court on February 5, 2010.  The

23  February 5, 2010 Stipulated Protective Order shall apply to all Documents produced

24  in this Litigation prior to the entry of this Order.

25          g.    "Legend" as used herein shall mean a stamp or similar insignia

26  stating "CONFIDENTIAL," "CONFIDENTIAL-Attorney Eyes Only," or other

27  appropriate term or terms connoting the confidentiality of the document.  When any

28  document is designated "CONFIDENTIAL" or "CONFIDENTIAL-Attorney Eyes

1 | Only" pursuant to this Order, the Legend shall be affixed to the cover of such
2 | document and to any page therein containing Confidential Information.

3 |         h.     "Litigation" shall refer to the above-captioned case, including
4 | any appeals through final judgment.

5 |         i.     "Producing Party" shall mean any Party to the Litigation, or any
6 | other person or entity producing documents, information, or other materials in the
7 | Litigation, including any Covered Entity.

8 |         j.     "Parties" collectively shall mean and include Plaintiffs and
9 | Defendants. As used in this Order, the term "Parties" shall not include putative
10 | class members or class members.

11 |         k.     "Party" shall mean any one of the Parties.

12 |     2.     Scope Of Application Of Order:

13 |      This Order shall govern all documents, testimony and other information and
14 | materials generated or produced in response to any discovery conducted by any
15 | Party to the Litigation pursuant to the Federal Rules of Civil Procedure and the local
16 | rules of the United State District Court for the Central District of California that are
17 | generated or produced after this Order is so-ordered by the Court. Further, this
18 | Order shall govern all documents and materials containing Confidential Information
19 | that are submitted in connection with a pleading, brief or other document filed with
20 | this Court after this Order is so-ordered by the Court. This Order shall not govern
21 | documents produced prior to the date this Order is so-ordered by the Court. Nor
22 | does this Order govern the use or admissibility of any evidence at trial or the
23 | procedures for using such documents or information at trial. The Parties shall
24 | confer and attempt to agree before any hearing, trial, or other proceeding on the
25 | procedures to be included in a confidentiality order pursuant to which Confidential
26 | Information may be introduced into evidence or otherwise used at such hearing,
27 | trial, mediation, or other proceeding. Absent agreement, the parties shall request the
28 | Court to issue an order governing the use of information in the context of such

1  proceedings.  In addition, this Order shall govern all Confidential Information

2  produced by any Producing Party that is produced after this Order is so-ordered by

3  the Court, including without limitation a Covered Entity, in response to any

4  discovery conducted by any Party pursuant to the Federal Rules of Civil Procedure,

5  the rules of the Central District of California, and 45 C.F.R. part 164.512.

6        3.    Designation As "Confidential Information":

7        A Producing Party may designate any document or portion thereof that

8  contains Confidential Information as "Confidential" pursuant to this Order by

9  affixing the Legend as provided under subparagraph 1(f) to any document

10  containing, or that the Producing Party believes contains, Confidential Information.

11  If, through inadvertence, a Producing Party produces any document or portion

12  thereof that contains Confidential Information but fails to designate the document as

13  either "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" pursuant

14  to this Order by affixing the appropriate Legend as provided under subparagraph

15  1(f), the Producing Party subsequently may designate the document as

16  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only."  But in the

17  event a Producing Party produces voluminous documents for inspection only, the

18  Producing Party shall not need to stamp the documents in advance of the initial

19  inspection and instead the following procedures shall apply:

20        a.    The Producing Party shall not be considered to have waived the

21  confidential status of documents made available during such an initial inspection,

22  but not chosen by the inspecting Party for copying.

23        b.    Thereafter, upon selection of specified documents for copying by

24  the inspecting Party, the Producing Party shall, within 30 calendar days and prior to

25  providing copies of the selected documents to the requesting Party, stamp each page

26  of such documents as may contain Confidential Information with either of the

27  "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" designations.

28

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1            c.     A Producing Party also may designate documents as

2 "CONFIDENTIAL" or "CONFIDENTIAL — Attorney Eyes Only" by advising

3 counsel of record to whom the documents are to be produced, in writing, of the

4 Bates numbers of the documents that are designated Confidential pursuant to this

5 Order.

6        4.   <u>Disclosure Of Confidential Information</u>:

7       Except as otherwise provided in this Order, Confidential Information may

8 only be disclosed to or examined by the following persons:

9            a.    the Parties, including their current employees who are necessary

10 to assist counsel in this Litigation, the Parties' inside counsel, if any, and employees

11 of the Parties' inside counsel who are acting under the direction and control of such

12 counsel and who are necessary to assist such counsel in this Litigation;

13          b.    the Parties' respective outside counsel and employees of the

14 Parties' outside counsel who are acting under the direction and control of such

15 counsel and who are necessary to assist such counsel in this Litigation;

16          c.    vendors who are acting under the direction of the Parties'

17 counsel and who are necessary to assist such counsel in this Litigation;

18          d.    independent consultants or experts retained in connection with

19 this Litigation by the Parties' counsel, but only to the extent necessary for the

20 prosecution or defense of the instant matter;

21          e.    experts and/or other deponents or witnesses, but only to the

22 extent necessary for the preparation of testimony or during testimony at a

23 proceeding in this Litigation;

24          f.    stenographers or court reporters, but only to the extent necessary

25 to prepare records of sworn testimony in this Litigation; and

26          g.    magistrate judges, judges, clerks, or other members or employees

27 of any court of competent jurisdiction over proceedings in or related to this

28 Litigation.

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1     If a non-Producing Party concludes for the purpose of this Litigation that it

2  needs to disclose any of the Confidential Information to any person not specified in

3  this Paragraph 4, such party shall notify all other Parties, including the Producing

4  Party, and such notice shall state the identity of the person(s) that the non-Producing

5  Party needs to disclose to, and the reasons for such disclosure.  The parties shall

6  confer in an effort to resolve the status of the subject information.  If the Parties,

7  including any Producing Party, cannot agree to such release, counsel for the non-

8  Producing Party shall have the right to move for an order allowing disclosure to the

9  person(s) not specified in Paragraph 4 for good cause shown.

10     5.   <u>Disclosure of Confidential — Attorney Eyes Only Information</u>:

11    Except as otherwise provided in this Order, Confidential Information

12  designated as "CONFIDENTIAL — Attorney Eyes Only" shall be subject to the

13  restrictions set forth in Paragraph 4 and further shall not be shown to the Parties or

14  to their inside counsel.

15     6.   <u>Disclosure of Confidential Health Information</u>:

16    "Confidential Health Information" shall constitute a subset of Confidential

17  Information and shall be designated as "CONFIDENTIAL" and subject to all other

18  terms and conditions governing the treatment of Confidential Information, as set

19  forth in Paragraph 4.  "Confidential Health Information" shall include, but is not

20  limited to, claims data, claim forms, grievances, appeals, or other documents or

21  records that contain any patient health information required to be kept confidential

22  under any state or federal law, including 45 C.F.R. parts 160.103, promulgated

23  pursuant to HIPAA, and the following subscriber, patient, or member identifiers:

24     a.   names;

25     b.   all geographic subdivisions smaller than a State, including street

26  address, city, county, precinct, and zip code;

27

28

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1        c.    all elements of dates (except year) for dates directly related to an

2 individual, including birth date, admission date, discharge date, dates upon which

3 medical services were provided, age, and date of death;

4        d.    telephone numbers;

5        e.    fax numbers;

6        f.    electronic mail addresses;

7        g.    social security numbers;

8        h.    medical record numbers;

9        i.    health plan beneficiary numbers;

10        j.    account numbers;

11        k.    certificate/license numbers;

12        l.    vehicle identifiers and serial numbers, including license plate

13 numbers;

14        m.    device identifiers and serial numbers;

15        n.    web universal resource locators ("URLs");

16        o.    internet protocol ("IP") address numbers;

17        p.    biometric identifiers, including finger and voice prints;

18        q.    full face photographic images and any comparable images; and

19        r.    any other unique identifying number, characteristic, or code; and

20 any other information the Producing Party knows could be used alone or in

21 combination with other information to identify an individual who is the subject of

22 information.

23        In addition to the other limitations on the use of Confidential Information as

24 set forth above, the Producing Party may, but is not required to, redact the above

25 identifiers or take other suitable precautions in order to protect the privacy of its

26 members, subscribers, or patients, but only to the extent such redaction or other

27 precaution does not result in prejudice to another Party in the Litigation.  All

28 documents produced by a Producing Party that contain Confidential Health

1  Information shall not be used by any Party to the Litigation for any purpose other
2  than in connection with this Litigation.  This paragraph shall not prevent a
3  Producing Party from disclosing its own Confidential Health Information to any
4  person, including its counsel and their partners, associates, paralegals, and clerical
5  and litigation support personnel.

6    7.    Copies:

7    All copies of any documents containing Confidential Information shall
8  constitute and be treated as Confidential as provided in this Order.  Any person
9  making, or causing to be made, copies of any documents containing Confidential
10  information shall make certain that each such copy bears the appropriate Legend
11  pursuant to the requirements of this Order.  Nothing herein shall preclude any
12  arrangement among the Parties by which documents or other materials may be
13  copied by the Producing Party.

14    8.    Acknowledgement And Written Assurance:

15    Except as otherwise provided below, each person who is permitted to see
16  stamped Confidential Documents first shall be shown a copy of this Order and shall
17  sign an acknowledgment form that states:

18        a.    the signatory has read and understands this Order;

19        b.    the signatory understands the information contained in the
20  Documents has been designated as "CONFIDENTIAL;"

21        c.    the signatory understands that the unauthorized disclosure of
22  information contained in any stamped Confidential Document may constitute
23  contempt of Court; and

24        d.    the signatory consents to the exercise of personal jurisdiction by
25  this Court for purposes of enforcement of this Order.

26    Persons permitted to see Confidential Information shall sign the
27  Acknowledgement and Written Assurance form annexed hereto as Exhibit 1.  These
28  signed forms shall be maintained by the Party acquiring the signatures and shall be

1 produced to the Court for in camera inspection if any Party requests any such

2 inspection. As to any third-party contractors or vendors included in the list of

3 persons who must sign an Acknowledgement and Written Assurance form described

4 in Paragraph 4(c) above, an owner or manager of such contractor may sign on behalf

5 of his or her employees. No such signed Acknowledgment and Written Assurance

6 shall be required of the following persons: (i) Court personnel; (ii) any person or the

7 employee of any person or entity who produces the Confidential Information or who

8 is identified as a recipient on a document containing Confidential Information; or

9 (iii) outside counsel for the Parties and employees of the Parties' outside counsel

10 who are acting under the direction and control of such counsel and who are

11 necessary to assist such counsel in this Litigation.

12      A copy of each executed Acknowledgment and Written Assurance shall be

13 retained by counsel of record for the Party obtaining the Acknowledgement and

14 Written Assurance. A Producing Party may make such application to the Court for

15 disclosure of a copy of the executed Acknowledgement(s) and Written

16 Assurance(s), and the Court will grant such an application upon good cause shown,

17 except that a Party need not disclose a copy of an executed Acknowledgement and

18 Written Assurance if doing so would tend to reveal the identities of experts retained

19 by a Party, the disclosure of whom is not required by the Federal Rules of Civil

20 Procedure, unless ordered by the Court. This paragraph shall not prevent a

21 Producing Party from disclosing its own Confidential Information to any person,

22 including its counsel and their partners, associates, paralegals, and clerical and

23 litigation support personnel.

24      9.   Prohibition on Use Of Confidential Information Produced In This

25           Litigation In Other Actions:

26      Any documents or other information produced by any Producing Party in this

27 Litigation that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL-

28 Attorney Eyes Only" shall be used solely for the purpose of this Litigation, which

1   includes discovery, motions, briefs, preparation for trial, trial, enforcements of court

2   orders or judgments, and on appeal, if any, and for no other purpose.

3           10.   <u>Subpoena Or Other Third-Party Request For Confidential Information</u>

4                <u>Produced In This Litigation</u>:

5       In the event any person having possession, custody, or control of any

6   Confidential Information receives a subpoena or other compulsory process by any

7   court, administrative agency, legislative body commanding production of such

8   information, such person shall, unless otherwise precluded by law: (i) notify counsel

9   of record for the Producing Party within 48 hours by hand, e-mail or facsimile of the

10   request for Confidential Information; (ii) provide a copy of the subpoena or other

11   process or order requesting the production of Confidential Information to counsel of

12   record for the Producing Party; and (iii) cooperate with the Producing Party.  The

13   Producing Party shall have the burden of defending against or objecting to such

14   request to the extent it seeks Confidential Information.  The person receiving such

15   request shall be entitled to comply with it only if: (i) the Producing Party does not

16   seek an order modifying or quashing the request for Confidential Information; (ii)

17   the Producing Party is unsuccessful in seeking an order modifying or quashing the

18   request for Confidential Information; or (iii) the person is otherwise ordered by a

19   court or required by a government subpoena to produce the Confidential

20   Information.

21           11.   <u>Redacted Disclosures</u>:

22       To the extent that any Producing Party discloses documents containing

23   Confidential Information that is not relevant to the Parties' claims or defenses, a

24   Producing Party may redact such Confidential Information and so indicate on the

25   document being produced.  If redactions are made pursuant to this Section 11, the

26   Producing Party shall also disclose in writing information concerning the nature of

27   the redacted material without disclosing its contents.  Information that may be

28   redacted includes, but is not limited to, highly sensitive pricing or other information,

1 | fee schedules, medical information, and private or personal information regarding
2 | persons or entities other than the named Plaintiffs. If any of the Parties believes that
3 | any information has been redacted improperly, the Parties first shall seek to resolve
4 | any dispute over such redaction and, if the dispute is not resolved, the objecting
5 | Party may submit a letter to the Court seeking access to an un-redacted version of
6 | such information within 14 days of the Producing Party's production of the redacted
7 | material.

8 |       12.   <u>Designation Of Documents Produced By Third Parties</u>:

9 |       Any Party may designate as "CONFIDENTIAL" any document that is
10 | produced or disclosed without such designation by any third party within 30
11 | calendar days of the production of such document, or such other time as may be
12 | agreed, provided that such document contains Confidential Information of a
13 | designating Party, in the following manner:

14 |       a.   Parties to the Litigation may designate such document by
15 | sending written notice of such designation, accompanied by copies of the designated
16 | document bearing the Legend, to all other Parties in possession or custody of such
17 | previously undesignated document or by reference to a Bates number of the
18 | document. Within 30 calendar days of receipt of such notice, or such other time as
19 | may be agreed, any Party receiving such notice and copy of the designated
20 | document pursuant to this subparagraph shall return to the designating Party all
21 | undesignated copies of such document in their custody or possession, or alternately
22 | shall affix the Legend to all copies of such designated document in their custody or
23 | possession.

24 |       b.   Upon notice of designation pursuant to this Paragraph, the
25 | Parties also shall: (i) make no further disclosure of such designated document or
26 | information contained therein, except as allowed under this Order; (ii) take
27 | reasonable steps to notify any persons who were provided copies of such designated
28 | document of the terms of this Order; and (iii) take reasonable steps to reclaim any

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1  such designated document in the possession of any person not permitted access to
2  such information under the terms of this Order.

3          c.     The Parties shall serve a copy of this Order simultaneously with
4  any discovery request made to a non-Party. For any discovery that was served on a
5  non-Party prior to the date of this Order, the Party who served the discovery shall
6  provide the non-Party with a copy of this Order within five days of the date this
7  Order is entered by the Court.

8       13.   <u>Designation Of Deposition Transcripts And Exhibits As Confidential</u>:

9          a.     At any depositions conducted in this Litigation of any person
10  within the categories set forth in paragraph 4 above and otherwise in accordance
11  with the provisions of this Order, the Parties may use, refer to, or mark as deposition
12  exhibits any documents designated as "CONFIDENTIAL" and all Confidential
13  Information contained therein or derived therefrom. Any documents designated as
14  "or "CONFIDENTIAL — Attorney Eyes Only" information that are marked as
15  deposition exhibits shall be sealed separately from the remainder of the deposition
16  transcript and exhibits. When a Party or Producing Party uses or refers to
17  Confidential —Attorney Eyes Only information at a deposition, the portion of the
18  deposition transcript that relates to such Confidential documents or information shall
19  be stamped as "CONFIDENTIAL — Attorney Eyes Only" and sealed separately
20  from the remainder of the transcript and shall be treated as Confidential — Attorney
21  Eyes Only under the provisions of this Order. No Party shall disclose or give
22  possession of documents designated as "CONFIDENTIAL — Attorney Eyes Only"
23  to any deponent other than as provided in paragraph 5 above.

24          b.     Counsel will make a good faith effort to designate documents or
25  testimony as Confidential Information at the time of the deposition. Within 30
26  calendar days after receiving a deposition transcript, any Party, or any deposed
27  Producing Party may designate portions of the transcript, or exhibits thereto, as
28  being "CONFIDENTIAL." At any deposition conducted in this Litigation, the

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1   Parties shall attempt in good faith preliminarily to identify and designate

2   Confidential testimony and exhibits without prejudice to their right to designate

3   other testimony or exhibits or to withdraw such designations after receipt of the

4   deposition transcript. Except as provided in subparagraph 12(a) above, Confidential

5   deposition testimony may be so designated by underlining the portions of the pages

6   that are confidential and stamping such pages as "CONFIDENTIAL." Until

7   expiration of the thirty day calendar day period, the entire deposition transcript, and

8   all exhibits thereto, shall be treated as "CONFIDENTIAL — Attorney Eyes Only"

9   under the provisions of this Order. If a timely Confidential designation is made, the

10  Confidential portions of the deposition transcript, together with any deposition

11  exhibits designated as "CONFIDENTIAL," shall be sealed separately from the

12  portions of the deposition transcript and exhibits not so marked, and shall be treated

13  as Confidential under the provisions of this Order.

14       14.   Receipt Of Confidential Information From Independent Sources:

15       With respect to any document that has been produced in this Litigation and

16  designated as "CONFIDENTIAL" by a Producing Party, should any Party claim to

17  have received the document from another source without any restriction of

18  confidentiality and should that Party seek to be relieved of the confidentiality

19  restrictions of this Order with respect to that document, the Party first shall seek the

20  consent of the Producing Party, and if applicable, other Parties. If the Parties cannot

21  agree as to whether the document(s) should be excluded from this Order, the Parties

22  shall submit the matter to the Court for resolution.

23       15.   Inadvertent Failure To Designate Information As Confidential:

24       Inadvertent failure to designate information as "CONFIDENTIAL" or

25  "CONFIDENTIAL — Attorney Eyes Only," or to do so within 30 calendar days,

26  may be remedied at any time by supplemental written notice given by the Producing

27  Party. Upon receipt of such notification, all information so designated shall be

28  subject to this Order as if it had been initially so designated, and the Parties shall (a)

1  not make any further disclosure or communication of all information so designated

2  (the "Redesignated Information") except as provided for in this Order, (b) take

3  reasonable steps to notify any persons known to have possession of any

4  Redesignated Information of the effect of the new designation under this Order, and

5  (c) promptly endeavor to procure all copies of the Redesignated Information from

6  any persons known to have possession of Redesignated Information who are not

7  entitled to receipt under Paragraphs 4 and 5 above.  The Parties further shall make a

8  reasonable good-faith effort to insure that any analyses, memoranda, or notes that

9  were generated based upon such Redesignated Information are immediately treated

10  in accordance with the new designation.

11      16.    Inadvertent Production:

12      If information subject to a claim of attorney-client privilege, attorney work

13  product, or any other ground on which the production of such information should

14  not be made to any Party nevertheless is inadvertently produced in this Litigation by

15  any Producing Party, such production shall not prejudice, or otherwise constitute a

16  waiver of, or estoppel as to, any claim of privilege, attorney work product, or other

17  ground for withholding production to which the Producing Party would be entitled.

18  If a claim of inadvertent production is made with respect to information then in the

19  custody of another Party, such Party promptly shall return such information to the

20  Producing Party.  Where the information produced is electronically stored, such

21  Party shall sequester the information and not use it for any purpose in litigation until

22  the claim of inadvertent production is resolved.  The Party returning and/or

23  sequestering such material may submit a letter to the Court for an order compelling

24  the production of the material, but any such letter shall not assert as a ground for

25  entering such an order the fact or circumstance of the inadvertent production.

26      17.    Filing Of Confidential Information Under Seal:

27      Any Party wishing to file a document or paper containing Confidential

28  Information shall endeavor to redact or otherwise exclude from the filing any

1  Confidential Information not directly pertinent to that Party's filing.  Any request to

2  seal "CONFIDENTIAL" and "CONFIDENTIAL — Attorney Eyes Only"

3  information that is directly pertinent to that Party's filing shall be made in

4  accordance with Local Rule 79-5 of the United States District Court for the Central

5  District of California, and shall seek to file under seal only those portions of filings

6  containing documents stamped "CONFIDENTIAL" or "CONFIDENTIAL —

7  Attorney Eyes Only" material.  Where reasonably possible, the Parties shall agree to

8  redact documents or stipulate to facts in order to avoid the disclosure of Confidential

9  Information and the need to file documents under seal.  A designation as

10  "CONFIDENTIAL" by a Party or Producing Party under this Order alone is not a

11  sufficient basis to seal the information submitted in connection with a request for

12  relief from the Court.

13        18.   Use Of Confidential Information By A Party In These Proceedings:

14       Notwithstanding any other provision of this Order, the Parties shall confer

15  and attempt to agree before any Court trial or hearing on the procedures to be

16  included in a protective order pursuant to which "CONFIDENTIAL" or

17  "CONFIDENTIAL — Attorney Eyes Only" material may be used or introduced into

18  evidence at such trial or hearing.  Upon reaching agreement, the Parties shall give

19  notice of the terms of such agreement to each third party producing Confidential

20  Information which may be used or introduced at such trial or hearing.  Because it

21  would affect the public availability of material used at a trial or hearing, any such

22  agreement will be effective only upon Court approval.  Absent agreement among the

23  Parties, any Party upon reasonable notice to all third parties producing Confidential

24  Information which may be used or introduced at such trial or hearing may move the

25  Court to issue an order governing the use of Confidential Information at a trial or

26  hearing.

27

28

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

Case 2:09-cv-05457-PSG-FFM    Document 186    Filed 08/01/14    Page 20 of 27    Page ID
#:2449

1     19.    Objections To Confidentiality Designations:

2          If any Party in this Litigation desires to have a Confidentiality designation

3   removed, counsel for such Party shall first request in writing, or pursuant to the

4   terms of any stipulation for electronic service that is in place at the time, that the

5   Producing Party remove the Confidentiality designation, and shall state the reasons

6   for its request.  If the Producing Party withdraws its designation of such

7   information, the Producing Party shall express that withdrawal by written notice

8   submitted to the Parties.  If the Producing Party refuses to withdraw the designation,

9   it must state its reasons in a writing served by hand, by facsimile, or by electronic

10  means, within five business days of receiving the request.  Thereafter, the Parties

11  shall meet and confer to attempt to resolve the dispute.  If an agreement cannot be

12  reached, the requesting Party may petition the court to re-designate the Confidential

13  Information.  If a designation is challenged, the Parties agree that the mere

14  designation of a document as "CONFIDENTIAL" or "CONFIDENTIAL —

15  Attorney Eyes Only" cannot be used to support or detract from the position that a

16  document should be so designated.  The Parties shall continue to treat the

17  information as Confidential Information unless and until the application to re-

18  designate is granted and the time for any interlocutory appeal or emergency review

19  has expired.  Nothing in this paragraph shall be construed to change the applicable

20  burden of establishing whether or not any particular document is entitled to

21  confidential treatment.  Nothing in this Order shall abridge the right of any

22  Producing Party to seek appropriate judicial review or relief in respect to any ruling

23  that the Court may make.

24    20.    No Oral Waivers:

25          The Parties may waive the confidentiality provisions of this Order as to any

26  Confidential Information only by explicit written waiver.  Such waiver shall not

27  result in a waiver of the confidential status of any other information deemed

28  Confidential pursuant to this Order.

1    21.    Effect Of Order:

2    This Order shall remain in full force and effect indefinitely until modified,

3    superseded, or terminated by executed written agreement of the Parties or by order

4    of the Court. This Court shall retain continuing jurisdiction beyond the conclusion

5    of this Litigation, including, without limitation, during any appeal, to enforce the

6    provisions of this Order pursuant to its contempt powers and with all other powers

7    provided for in this Order.

8    22.    Amendments:

9    This Order may be amended by the agreement of counsel for the Parties in the

10    form of a written amendment to the Order. Such proposed modifications shall be

11    submitted to the Court for approval.

12    23.    Return Or Destruction Of Confidential Information Following

13    Conclusion Of Litigation:

14    Within 30 days after the conclusion of this Litigation by final judgment not

15    subject to appeal or by settlement, all documents or other items constituting or

16    containing Confidential Information that are in the possession, custody, or control of

17    any person other than the Producing Party shall either be returned to the Producing

18    Party or destroyed at the election of the Producing Party. Provided, however, that

19    Plaintiffs' counsel, specifically Hooper, Lundy & Bookman, P.C. ("HLB"), in

20    accordance with its standard policies and practices to retain its case file and the

21    documents contained therein in the unlikely event a malpractice lawsuit is filed

22    against it, may retain a single copy of each document or item of Confidential

23    Information for at least two years as a necessary precaution.

24    All documents or other items constituting or containing Confidential

25    Information retained by HLB for this limited time period will remain subject to this

26    Order. HLB will be obligated to notify the Producing Party within 14 days of being

27    served as a defendant in a lawsuit in which the Confidential Information appears

28    reasonably likely to be relevant, and will not disclose or produce the Confidential

1  Information, or allow it to be disclosed or produced, in the lawsuit unless and until a

2  court denies the Producing Party's application, if any, to have the Confidential

3  Information protected from disclosure, or unless and until the Producing Party

4  notifies HLB that it has no objection to the Confidential Information being disclosed

5  or produced in the lawsuit.  Subject to HLB's ability to retain a single copy of

6  documents and items containing Confidential Information in accordance with its

7  standard policies and practices, within 30 days after the conclusion of this

8  Litigation, each Party shall provide an affidavit to each Producing Party attesting

9  that all documents or other items constituting or containing Confidential Information

10  produced in this Litigation were returned or destroyed in *toto*.  Counsel for all

11  Parties may retain copies of all documents that that have been filed with the Court,

12  depositions, and all exhibits thereto.  In addition, counsel for any Party may retain

13  information that they determine in good faith to constitute work product, including

14  but not limited to, documents relied upon in preparing motions, briefs, trial

15  notebooks, and preparing for depositions.

16        24.   Notices:

17        All notices that this Order requires to be sent to a particular Party shall be sent

18  via e-mail and mailed via overnight mail or regular mail to counsel for that Party at

19  the address listed in the signature block below.

20        25.   No Admission:

21        Nothing in this Order constitutes an admission or agreement that any

22  document or information, or any testimony relating to such document or

23  information, is or would be subject to discovery or is admissible as evidence in this

24  case or any other proceeding.

25        26.   Continued Use of Confidential Information:

26        The restrictions set forth in this Order shall not be construed as preventing a

27  non-producing party from continuing to use any Confidential Information known to

28

1   or used by it prior to the filing of this Litigation and that subsequently became part

2   of the public domain through no act or omission of the non-producing party.

3

4   **IT IS SO STIPULATED.**

5

6   DATED:  August 1, 2014          By:___/s/ Peter J. Brachman____

7                                   Peter S. Brachman
                                    HOOPER, LUNDY & BOOKMAN, P.C.
8                                   1875 Century Park East, Suite 1600
                                    Los Angeles, CA  90067-2517
9                                   Telephone: (310) 551-8111
10                                  pbrachman@health-law.com

11

12                                  By: ___/s/ Nicholas J. Pappas_____
                                    Nicholas J. Pappas
13                                  WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
14                                  New York, NY 10153
15                                  Telephone: (212) 310-8000
                                    nicholas.pappas@weil.com
16                                  *Attorneys for Certain Defendants**

17

18                                  By: ___/s/ Bryan S. Westerfeld___
19                                  Bryan S. Westerfeld
                                    WALRAVEN & WESTERFELD LLP
20                                  101 Enterprise, Suite 350
21                                  Aliso Viejo, CA 92656
                                    Telephone: (949) 215-1990
22                                  bwesterfeld@walravenlaw.com
23                                  *Attorneys for Certain Defendants**

24

25

26   *= *See* Attachment A hereto.

27

28

                                                CV09-05457 PSG (CTx)
                                    22      STIPULATION RE PROTECTIVE ORDER

1    **ATTACHMENT A**

2    **Companies and Group Health Plans Represented by Walraven & Westerfeld**

3    **LLP:**

4    Ingenix, Inc.

5    UnitedHealth Group, Inc.

6    United Healthcare Services, Inc.

7    United Healthcare Insurance Company

8    Best Buy Flexible Benefits Plan

9    Best Buy Co., Inc.

10    Cingular Wireless Medical Plan

11    AT&T Mobility LLC

12    Pacific Telesis Group Health Care Network Plan

13    AT&T Medical Expense Plan

14    AT&T Corp.

15    Parker Hannifin Corporation Group Insurance Plan

16    Parker Hannifin Corporation

17

18

19

20

21

22

23

24

25

26

27

28

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1 | **Companies and Group Health Plans Represented by Weil, Gotshal & Manges**
2 | **LLP:**
3 | Ingenix, Inc.
4 | UnitedHealth Group, Inc.
5 | United Healthcare Services, Inc.
6 | United Healthcare Insurance Company
7 | Cintas Corporation Employee Health Benefit Plan (incorrectly identified in the
8 | First Amended Complaint)
9 | Cintas Corporation Group Insurance Plan
10 | Cintas Corporation
11 | GE Life Disability and Medical Plan
12 | General Electric Company
13 | J.C. Penney Corporation, Inc. Health & Welfare Benefits Plan
14 | J.C. Penney Corporation, Inc. Benefits Administration Committee
15 | Zale Corporation Benefits Plan
16 | Zale Corporation
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

CV09-05457 PSG (CTx)
STIPULATION RE PROTECTIVE ORDER

1

## EXHIBIT 1

2

### UNITED STATES DISTRICT COURT

3

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

4

| | |
|---|---|
| DOWNEY SURGICAL CLINIC, INC., TARZANA SURGERY CENTER, INC. for Themselves and on Behalf of All Others Similarly Situated, | CASE NO.  CV09-05457 PSG (CTx) |

5

6

7

Plaintiffs,

8

vs.

9

OPTUMINSIGHT, INC.,
UNITEDHEALTH GROUP, INC.,
UNITED HEALTHCARE SERVICES,
INC., UNITED HEALTHCARE
INSURANCE COMPANY, for
Themselves, ALLIED HOLDINGS
EMPLOYEE WELFARE BENEFIT
PLAN, ALLIED HOLDINGS, INC.,
BEST BUY FLEXIBLE BENEFITS
PLAN, BEST BUY CO., INC.,
CINGULAR WIRELESS MEDICAL
PLAN, AT&T MOBILITY LLC,
PACIFIC TELESIS GROUP HEALTH
CARE NETWORK PLAN, AT&T
MEDICAL EXPENSE PLAN, AT&T
CORP., CINTAS CORPORATION
EMPLOYEE HEALTH BENEFIT
PLAN, CINTAS CORPORATION
GROUP INSURANCE PLAN,
CINTAS CORPORATION, GE LIFE
DISABILITY AND MEDICAL PLAN,
GENERAL ELECTRIC COMPANY,
J.C. PENNEY CORPORATION, INC.
HEALTH & WELFARE BENEFITS
PLAN, J.C. PENNEY
CORPORATION, INC. BENEFITS
ADMINISTRATION COMMITTEE,
PARKER HANNIFIN
CORPORATION GROUP
INSURANCE PLAN, PARKER
HANNIFIN CORPORATION, ZALE
CORPORATION BENEFITS PLAN,
ZALE CORPORATION; DOES 1-10,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ACKNOWLEDGMENT AND
WRITTEN ASSURANCE TO
PROTECT CONFIDENTIAL
INFORMATION**

Ctrm:   880
Judge:  Hon. Philip S. Gutierrez

26

Defendants.

27

28

CV09-05457 PSG (CTx)
1              STIPULATION RE PROTECTIVE ORDER

1      I hereby acknowledge that I, _____

2  have been provided with a copy of the Stipulated Protective Order entered in the

3  above-captioned litigation, a copy of which is annexed hereto and incorporated

4  herein by reference.

5      I further acknowledge that I have read the Stipulated Protective Order and

6  agree to be bound by its terms and conditions and limitations regarding the review

7  and disclosure of Confidential Information in this Litigation.  I understand that all

8  documents, material, or information that is subject to the Stipulated Protective Order

9  may be used only for purposes of the conduct of this Litigation and for no other

10  purpose.  I understand that the information contained in Documents marked as

11  "CONFIDENTIAL" has been designated as confidential and that the unauthorized

12  disclosure of Documents marked "CONFIDENTIAL" or of information contained

13  therein, may constitute contempt of Court.

14      I also submit to the jurisdiction of the United States District Court for the

15  Central District of California for the limited purpose of any action to enforce the

16  Stipulated Protective Order and acknowledge that any violation may be punishable

17  by contempt of Court.

18

19  DATED: _____, 20____

20

21

22                     Name: _____

23

24

25

26

27

28

CV09-05457 PSG (CTx)
2    STIPULATION RE PROTECTIVE ORDER

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-01477-CMA-BNB

DHR INTERNATIONAL, INC.

     Plaintiff.

DEBRA POLLICK and
BATTALIA WINSTON INTERNATIONAL, INC.,

     Defendants.

---

## JOINT MOTION FOR A PROTECTIVE ORDER

---

Plaintiff DHR International, Inc. ("DHR"), Defendant Debra Pollick, and Defendant Battalia Winston International, Inc. ("BW") respectfully request the Court to grant a Protective Order in the above-captioned case to protect any confidential and proprietary business information or property that may be disclosed in this litigation.

The parties have conferred, determined that a Protective Order is necessary, and drafted the attached Protective Order.

The parties jointly request the Court to grant the proposed Protective Order.

s/Brian G. Dershaw
Brian G. Dershaw
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957

Richard A. Westfall
Aaron Solomon
Hale Westfall, LLP
1445 Market Street, Suite 300
Denver, CO  80202
Attorneys for Plaintiff DHR International, Inc.

s/David J. Schaller
David J. Schaller
Stephanie A. Reedy
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Attorneys for Defendant Debra Pollick

s/William R. Dabney
William R. Dabney
John M. Husband
Holland & Hart, LLP
P.O. Box 8749
555 17th Street #3200
Denver, CO 80201-8749
Attorneys for Defendant
Battalia Winston International, Inc.

2

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be electronically filed the foregoing **JOINT MOTION FOR A PROTECTIVE ORDER** with the Clerk of Court on October 16, 2013 using the CM/ECF system which will send notification of such filing to the following via e-mail:

David J. Schaller
Stephanie A. Reedy
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202

Attorneys for Defendant Debra Pollick

William R. Dabney
John M. Husband
Holland & Hart, LLP – Denver
P.O. Box 8749
555 17th St. #3200
Denver, CO 80201-8749

Attorneys for Defendant
Battalia Winston International, Inc.

By:_____s/Bethany S Lillis_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-01477-CMA-BNB

DHR INTERNATIONAL, INC.

     Plaintiff.

DEBRA POLLICK and
BATTALIA WINSTON INTERNATIONAL, INC.,

     Defendants.

---

## PROTECTIVE ORDER

---

WHEREAS, the parties to the above litigation may produce in discovery confidential

information within the meaning of Federal Rule of Civil Procedure 26(c) ("Confidential

Material"); and

WHEREAS, it has been agreed by and among the parties, through their respective

counsel, that a protective order preserving the confidentiality of documents and information

produced in this litigation should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of the protective order

submitted by the parties (the "Protective Order");

IT IS HEREBY ORDERED THAT:

    1.    Any of the parties to this action or any witness from whom discovery is sought in

this action may designate as Confidential Material any documents or information that the

producing party believes contains confidential information as defined by Federal Rule of Civil

Procedure 26(c). Confidential Material shall remain confidential and shall not be used except in

the prosecution, defense or settlement of this action, including appeals related to this action. Confidential Material shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, to anyone for any other purpose.

2.    Confidential status may be claimed for documents and information contained therein either by stamping or writing "confidential" on them prior to their production or by providing counsel for the inspecting party with a written description of the documents for which confidential treatment is desired. The parties may designate documents as confidential prior to the entry of this Protective Order and, upon entry of the order, such documents shall be considered Confidential Material and be governed by the provisions of this Protective Order.

3.    Nothing in this Protective Order shall be construed as an agreement, concession or admission by any party that documents designated as Confidential Material pursuant to this Protective Order are otherwise confidential or proprietary. The designation of any documents or information as Confidential Material may be challenged by any party by motion to the Court.

5.    Confidential Material may be disclosed to the Court and to other persons whose assistance is required by counsel for the parties in conducting this litigation, but only to the parties, those persons regularly employed by counsel for the inspecting party, persons assisting such counsel in this litigation, or any regular employee of such counsel to whom it is necessary that the documents or information be shown for purposes of this litigation. The parties may designate certain Confidential Material as "Attorney Eyes Only," which status can be challenged as set forth above. Such a designation restricts access to this Confidential Material as set forth above, except that it cannot be shared with the parties without the written consent of the disclosing party's counsel.

2

6.      Counsel for the parties may also disclose or discuss Confidential Material, or any contents thereof, to or with witnesses and prospective witnesses and persons employed by the inspecting party or counsel to assist in the preparation of this case for trial, such as experts, on the condition that (i) all persons to whom the disclosure of confidential information is made under this paragraph are made fully aware of the terms of this Protective Order and understand that use of any information contained in Confidential Material is strictly limited to litigation of this case; and (ii) prior to disclosure by the inspecting party or counsel of the Confidential Material pursuant to this paragraph, a copy of this Protective Order shall be presented to the person to whom such document(s) or information are to be disclosed, who shall sign it or otherwise signify in writing that he or she has been advised that a violation of this Protective Order may subject him or her to sanctions for contempt of Court, and that he or she consents to be bound by the terms of this Protective Order.

7.      If the answer to any interrogatory, request for production of documents, or request for admission requires the disclosure of Confidential Material, that answer shall be stamped "confidential." Such answer shall be handled in the same manner as any other Confidential Material of that designation.

8.      Portions of any depositions where any confidential information is used or referred to shall be taken only in the presence of those authorized under this Order to have access to such confidential information. The transcript or portions of such depositions containing confidential information shall be stamped confidential and handled in the same manner as other Confidential Material of that designation.

9.      At the conclusion of the proceedings of this action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts, or extracts (excluding

3

excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at the time by counsel for the parties.

10.     In the event that a party intends to use Confidential Material in a brief or document filed with the Court, the party shall notify the other party and identify the Confidential Material at least 5 business days in advance of filing the Confidential Material with the Court, so that the other party has an opportunity to petition the Court to seal the Confidential Material according to the Federal Rules of Civil Procedure.  Regardless of whether or not the filing party complies with the notice provisions of this paragraph, the other party shall have the opportunity to request that the Court seal Confidential Material filed with the Court through an appropriate motion.

11.     No paper shall be filed under seal without Court Order specifically authorizing the same under D.C. COLO. LCivR 7.2.  The Clerk of the Court shall maintain under seal all such sealed documents and make them available only to the Court and to counsel for the parties to this proceeding until further order of this Court.

12.     At the trial of this action or at any hearing relating to this action before any judicial officer, a party may, subject to the rules of evidence and the order of the Court, use any Confidential Material for any purpose, provided that counsel for the party producing such material is given an opportunity to be heard prior to the disclosure of the Confidential Material.

13.     Nothing contained herein shall be construed to prejudice any party's right to use any document or information for purposes of further discovery.  Counsel may make and use a photocopy of a document or information designated as Confidential Material if such copy (a) is retained in counsel's possession and is made for counsel's internal use only; (b) is to be used for

4

purposes of disclosure pursuant to paragraph 6 hereof; (c) is to be identified in a deposition or used as a deposition exhibit; or (d) is to be used at any hearing or trial in this case. In any such situation, the parties shall take reasonable steps to maintain the confidential nature of the document or information.

13.     This Protective Order shall be binding upon the parties to this action and any witness who has access to confidential documents or information. The parties shall request that any witness with access to confidential information or documents evidence his or her agreement to be bound by the terms of this Protective Order by signing a copy of the Protective Order and returning it to counsel of record in this matter. This Protective Order may also be used to protect Confidential Materials asserted as such by any non-party witness who produces such materials pursuant to a subpoena or otherwise in discovery in this matter. In the event that such witness asserts that documents or information sought of him or her in discovery are confidential, the party seeking such discovery shall provide a copy of this Protective Order to the witness. Such witness shall evidence his or her agreement to be bound by the terms of this Protective Order in order to produce documents or information in discovery as Confidential Material, by signing a copy of this Protective Order and returning it to counsel for the party seeking such discovery, who shall file it with the Clerk and serve it upon opposing counsel. The parties may also mark any documents received from any witness as confidential, subject to the terms and procedures outlined in this Agreement.

14.     This Protective Order may be construed or modified by the Court, on application of either party or any witness or on the Court's own initiative, to ensure the adjudication of all issues in this action in light of all relevant and material facts without publishing or otherwise destroying the value of Confidential Materials.

5

15.    Any confidential information should be placed, to the extent possible, in exhibits which can be removed from papers being filed and retained by the submitting party.

16.    Nothing herein shall prohibit the disclosure of any documents or information to public officials for law enforcement purposes.

17.    Inadvertent production of privileged or arguably privileged materials under this order shall not be deemed to be either a general waiver of the attorney-client privilege, the work product doctrine, or any other privileges, or a specific waiver of any such privilege.

SO ORDERED,

Date: _____                    _____
                                                Magistrate Judge Boyd N. Boland


SO STIPULATED:


s/Brian G. Dershaw                              s/David J. Schaller
Brian G. Dershaw                                David J. Schaller
Taft Stettinius & Hollister LLP                 Stephanie A. Reedy
425 Walnut Street, Suite 1800                   Wheeler Trigg O'Donnell LLP
Cincinnati, OH  45202-3957                      370 Seventeenth Street, Suite 4500
                                                Denver, Colorado 80202
Richard A. Westfall                             Attorneys for Defendant Debra Pollick
Aaron Solomon
Hale Westfall, LLP                              s/William R. Dabney
1445 Market Street, Suite 300                   William R. Dabney
Denver, CO  80202                               John M. Husband
Attorneys for Plaintiff DHR International, Inc.  Holland & Hart, LLP
                                                P.O. Box 8749
                                                555 17th Street #3200
                                                Denver, CO 80201-8749
                                                Attorneys for Defendant
                                                Battalia Winston International, Inc.


6

# EXHIBIT I

BRIANE NELSON MITCHELL (ISB #2346)
**MAUK & BURGOYNE**
515 South 6th Street
Post Office Box 1743
Boise, Idaho 83701-1743
Telephone: (208) 345-2654
Facsimile  (208) 345-3319
nels@maukburgoyne.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RUSSELL CASE, an individual, and CASE CORPORATE COUNSEL, LLC, an Idaho limited liability company, | ) ) ) ) | Case No. 12-CV-00416-BLW |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| TRIBE MOBILE, INC., a British Virgin Islands corporation, VIRGIN MOBILE LATIN AMERICA, INC., a British Virgin Islands corporation, and DOES 1-15, fictitiously named, | ) ) ) ) ) ) | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE ORDER** |
| Defendants. | ) ) | |

I.   <u>Preliminary Statement</u>

Defendant Virgin Mobile Latin America (the "Company" or "Virgin Mobile") would like
to have a Stipulated Protective Order entered in this matter.  Plaintiffs Russell Case and Case
Corporate Counsel, LLC ("Case") are willing to go along with a Stipulated Protective Order in
the hope that it will facilitate obtaining discovery from Virgin Mobile.  After extended
discussions between the parties, there is one provision in the Stipulated Protective Order upon
which the parties have not been able to reach agreement.

Case believes that the Stipulated Protective Order should not interfere with his ability to
pursue the private right of action under the Dodd Frank Act.  (Second Amended Complaint

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE ORDER - 1**

("SAC") at ¶¶ 56-59.)   As a result, Case has proposed that the Stipulated Protective Order include the following sentence:

> Nothing contained herein shall in any way restrict the right or ability of any party to provide or disclose information to any governmental or regulatory authority.

(A copy of the draft Stipulated Protective Order with this sentence is attached as Exhibit A to this Memorandum.)

## II.   Background

Case was told that his employment as the General Counsel and as an officer of Virgin Mobile was being terminated one day after he circulated a disclosure schedule to the CEO and the three founding Board members. This disclosure schedule had been prepared for the purpose of disclosing material facts about the Company to investors and potential investors in connection with Virgin Mobile's $25 million equity (or debt) offering. The disclosure schedule included information about a sweetheart deal that the Company's Chairman (who was one of the founding Board members) thought that he was entitled to receive and his dispute with the two other founding Board members over the terms of that deal.

The first claim in Case's Second Amended Complaint is based upon the anti-retaliation provision of the Dodd Frank Act:

> Virgin Mobile discharged Case as a result of his advice and actions relating to the Company's disclosure obligations under the federal securities laws. The advice given by Case, and the actions taken by Case, including preparation of the disclosure schedule for investors, were all lawful acts. Virgin Mobile's discharge of Case violated 15 U.S.C. § 78u-6(h)(1)(A).

> After Case's discharge, Virgin Mobile refused to honor its contractual and other commitments to Case. Among other things, Virgin Mobile threatened to withhold benefits, delayed fulfilling other commitments, and pressured him to give away his rights with the Company's one-sided Separation Agreement. Like the

PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE ORDER - 2

discharge, Virgin Mobile's post-termination actions were the result of Case's advice and actions relating to the Company's disclosure obligations under the federal securities laws. Virgin Mobile's post-termination actions were the type of harassment, threats and discrimination that violated 15 U.S.C. § 78u-6(h)(1)(A).

Virgin Mobile is the type of employer covered by 15 U.S.C. § 78u-6(h). Case is the type of individual or whistleblower covered by 15 U.S.C. § 78u-6(h). The statute not only creates a new cause of action (15 U.S.C. § 78u-6(h)(1)(B)(ii)), but also provides for "the attendance of a witness at a trial or hearing conducted under this section [who] may be served at any place in the United States" (15 U.S.C. § 78u-6(h)(1)(B)(ii)).

Based upon Virgin Mobile's violation of 15 U.S.C. § 78u-6(h)(1), Case is entitled to:

a.    Reinstatement in the same position and with the same seniority status.

b.    Two times the amount of back pay that Case would have earned but for the disclosure (including all Bonus and Equity Consideration parts of the back pay).

c.    Compensation for litigation costs, expert witness fees, and attorneys' fees.

(SAC at ¶¶ 56-59.)

## III.    Discussion

In enacting Section 21F of the Dodd Frank Act, Congress was not only endorsing but adopting a strong policy in favor of blowing the whistle on potential violations of the federal securities laws. *See* H.R. 4173-466, §§ 922-925. The law includes rewards, protections and an expansive statute of limitations. *Id.* And, of most importance to this matter, there is an express "Prohibition against Retaliation" that provides that:

(A)    IN GENERAL.–No employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms

PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE
ORDER - 3

and conditions of employment because of any lawful act done by
the whistleblower—

    (i) in providing information to the Commission in
accordance with this section;

    (ii) in initiating, testifying in, or assisting in any
investigation or judicial or administrative action of the
Commission based upon or related to such information; or

    (iii) in making disclosures that are required or
protected under [other provisions of the federal securities
laws].

15 U.S.C. § 78u-6(h)(1)(A).

Any Protective Order entered in this matter should include a provision allowing Case to

provide information to the SEC or any other governmental entity. Virgin Mobile should not be

allowed to use a Protective Order in this litigation as a means of interfering with Case's anti-

retaliation or whistleblower claim.

A recent decision by the Administrative Review Board of the U.S. Department of Labor

discussed the importance of the whistleblower protection under the Sarbanes Oxley Act ("SOX)

with reasoning that applies equally to the whistleblower protection afforded by the Dodd Frank

Act:

    SOX Section 806's plain language states that no company
'may discharge, demote, suspend, threaten, harass, or in any other
manner discriminate against an employee in the terms and
conditions of employment.' By explicitly proscribing non-tangible
activity, this language bespeaks a clear congressional intent to
prohibit a very broad spectrum of adverse action against SOX
whistleblowers.

    Moreover, an expansive interpretation of SOX Section 806
conforms to the remedial purposes of whistleblower provisions
generally as well as SOX specifically. Since their inception,
whistleblower laws consistently have been recognized as remedial
statutes warranting broad interpretation and application.    ...
Whistleblower laws were broadly construed to encourage
employees to aid in the enforcement of the substantive statutes by
promoting workplaces relatively free from the threat of
intimidation. The purpose of the SOX was to protect investors and

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE
ORDER - 4**

restore confidence to the markets; the whistleblower protections contained in the statute are central to fulfilling that purpose. As Senator Leahy stated in connection with Section 806: '[t]he law was intentionally written to sweep broadly, protecting any employee of a publicly traded company who took such reasonable action to try to protect investors and the market.' Recent expansion of whistleblower rights contained in the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203) demonstrate Congress' continuing commitment to encouraging and protecting corporate whistleblowers. (footnotes omitted.)

*Menendez v. Halliburton, Inc.*, U.S. Department of Labor, ARB Case Nos. 09-002 & 09-003,

Sept. 13, 2011, pp. 15-16.

Furthermore, SEC investigations are conducted confidentially to protect evidence and

reputations. Moreover, the SEC regulations specifically provide for requesting confidential

treatment:

Any person who, either voluntarily or pursuant to any requirement of law, submits any information or causes or permits any information to be submitted to the Commission, which information is entitled to confidential treatment and for which no other specific procedure exists for according confidential treatment, may request that the Commission afford confidential treatment under the Freedom of Information Act to such information for reasons of personal privacy or business confidentiality, or for any other reason permitted by Federal law....

17 CFR § 200.83(c)(1).

Another factor to consider is that the Dodd Frank Act contains a confidentiality provision

that would also protect confidentiality:

Except as provided in subparagraphs (B) and (C), the Commission and any officer of employee of the Commission shall not disclose any information, including information provided by a whistleblower to the Commission, which could reasonably be expected to reveal the identity of a whistleblower, except in accordance with the provisions of section 552a of title 5, United States Code, unless and until required to be disclosed to a defendant or respondent in connection with a public proceeding

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE ORDER - 5**

        instituted by the Commission or any entity described in subparagraph (C). ...

15 U.S.C. § 78u-6(h)(2)(A). Consequently, Virgin Mobile does not have a legitimate reason for objecting to the provision that Case believes should be included in any Protective Order.

        Finally, to the extent that Case may be assisting the SEC, he should not be placed in a situation where those efforts could be hamstrung by the Company. Virgin Mobile has already terminated Case's employment because of Case's lawful acts in raising the disclosure issues under the securities laws. The Company then attempted to silence Case with its one-sided Separation Agreement. The Company should not be allowed to interfere with Case's ability to proceed with the private right of action under the Dodd Frank Act.

        Dated this 21st day of December, 2012.

                                     Respectfully Submitted,

                                     MAUK & BURGOYNE

                    By: _____/s/_____
                              Briane Nelson Mitchell, Of the Firm
                              Attorneys for Plaintiffs

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE ORDER - 6**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of December, 2012, I electronically filed the foregoing with the U.S. District Court. Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System:

- **James C Dale**
  jcdale@stoel.com,njevans@stoel.com,boisedocket@stoel.com

- **Mark S Geston**
  msgeston@stoel.com,kejohnston@stoel.com,docketclerk@stoel.com

_____/s/_____

Sally Anderson,
Assistant to Briane Nelson Mitchell

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS VERSION OF A STIPULATED PROTECTIVE ORDER - 7**

Case 1:12-cv-00416-BLW   Document 28-1   Filed 12/21/12   Page 1 of 7

James C. Dale, ISB No. 2902
Email: jcdale@stoel.com
Mark S. Geston, ISB No. 1346
Email: msgeston@stoel.com
STOEL RIVES LLP
101 S. Capitol Blvd, Ste 1900
Boise, ID 83702-7705
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL CASE, an individual, and CASE CORPORATE COUNSEL, LLC, an Idaho limited liability company,<br><br>            Plaintiffs,<br><br>v.<br><br>TRIBE MOBILE, INC., a British Virgin Islands corporations, VIRGIN MOBILE LATIN AMERICA, INC., a British Virgin Islands corporation, and DOES 1-15, fictitiously named,<br><br>            Defendants. | Case No. 1:12-cv-00416<br><br>**STIPULATED MOTION FOR PROTECTIVE ORDER** |

WHEREAS, to protect information that a party hereto deems to be proprietary,

confidential, constitutes trade secrets, or is subject to some other claim of privilege or protection,

but to still permit discovery and pretrial litigation to move forward in an orderly manner, the

parties hereto stipulate and agree that the Court may enter a Protective Order in the following

particulars:

      1.      Any party to this litigation may, at its discretion and pursuant to Fed. R. Civ. P.

26(c), file privileged, protected, or confidential information with the Court under seal without

**STIPULATED MOTION FOR PROTECTIVE ORDER - 1**



individual compliance with Dist. Idaho Loc. Civ. R. 5.3, and may similarly file pleadings, motions, briefs, and affidavits specifically dealing with such privileged, protected, and confidential information with the Court under seal. Each such matter shall be filed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the Clerk of the Court shall segregate such filings and not permit public access to them.

2.      Privileged, protected, or confidential information produced in the course of discovery may be labeled "CONFIDENTIAL" by the producing party and the recipient party shall maintain all information so produced in confidence as set forth herein.

3.      Information subject to claims of privilege, confidentiality, or other protection which are discussed or made an exhibit to the record at depositions shall, at the request of any party, accompany the transcripts thereof in sealed envelopes marked "CONFIDENTIAL." Additionally, any party to such a deposition may designate testimony concerning such information as confidential, and such testimony and the reporter shall be instructed to segregate the designated testimony in a separate transcript to be kept in a sealed envelope that identifies the contents thereof as "CONFIDENTIAL." Furthermore, any party to a deposition may demand that no information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, shall be shown to or discussed with a non-party deponent unless the deponent first agrees on the record of the deposition to keep such information first learned at the deposition in confidence subject to the terms of this Stipulation and the Protective Order entered pursuant thereto.

4.      Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, and any memoranda, analyses or reports discussing, summarizing, or otherwise concerning such

**STIPULATED MOTION FOR PROTECTIVE ORDER - 2**

information may be made available to the Court, court reporters, the parties, counsel for the parties (and such counsel's paralegals, legal assistants, and clerical personnel), and expert witnesses. Said expert witnesses shall be those individuals or parties who have been retained by a party to this litigation for the purposes of this litigation.

5.    Expert witnesses, as identified in the preceding paragraph, shall be entitled to review information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, only after agreeing to be bound by the terms of this Stipulation and the protective order entered in connection herewith, by executing a Confidentiality Agreement in the form attached hereto as Exhibit A.

6.    Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court, or "CONFIDENTIAL" if produced in response to discovery, shall not be used at trial or any other public hearing unless and to the extent that the parties previously agree to such use or the Court previously determines that information so designated is not, either in whole or in part, entitled to continuing protection from public disclosure.

7.    Anything to the contrary herein notwithstanding, any party may ask the Court for relief from any of the restrictions and limitations herein or in the resultant protective order, or to impose other and additional restrictions on the production, use, and/or dissemination of privileged, confidential or otherwise protected information. In the event of such request to the Court, the burden of justifying the subject evidence's entitlement to protection hereunder shall be upon the party seeking to maintain the confidentiality of such evidence.

8.    Unless otherwise ordered by the Court, within thirty (30) days after the conclusion of this litigation, information designated as "CONFIDENTIAL – SUBJECT TO

**STIPULATED MOTION FOR PROTECTIVE ORDER - 3**

PROTECTIVE ORDER" or "CONFIDENTIAL," and all copies and reproductions thereof, except those filed with the Court, shall be returned to the producing party —or in the case of copies bearing any attorney's notes or the like, shall be destroyed. All memoranda, analyses, or reports prepared by any expert witness dealing with any of the specifics of such documents or information shall be similarly destroyed. However, counsel for any party shall be permitted to retain one copy of such information as was filed with the Court for the purpose of their own record keeping only.

9.      The parties have agreed to this Stipulation to facilitate discovery. Neither the entry of a protective order pursuant to this Stipulation nor the filing or disclosure of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," nor the failure to make such designation or filing, shall constitute evidence relevant to any issue in this action and shall not constitute an admission regarding the relevancy or admissibility of information.

10.     The provisions of this Stipulation and the resultant protective order shall continue to be binding through and after the conclusion of this litigation in any forum unless the parties agree or the Court orders otherwise.

11.     Nothing contained herein shall restrict the use by any party of its own information.

12.     Nothing contained herein shall in any way restrict the right or ability of any party to provide or disclose information to any governmental or regulatory authority.

**STIPULATED MOTION FOR PROTECTIVE ORDER - 4**

DATED: September _____, 2012.

                                          STOEL RIVES LLP

                                          _____
                                          James C. Dale
                                          Mark S. Geston
                                          *Attorneys for Defendants*

DATED: September _____, 2012.

                                          MAUK & BURGOYNE,

                                          _____
                                          Briane Nelson Mitchell
                                          *Attorney for Plaintiffs*

**STIPULATED MOTION FOR PROTECTIVE ORDER - 5**

**DECLARATION RE AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**
*Russell Case, et al. vs. Tribe Mobile, Inc., et al.*

U.S.D.C. Case No. 1:12-cv-00416

I, _____, declare as follows:

1.    My address is _____

2.    I am presently employed as _____ by_____

3.    I have received a copy of the Stipulated Protective Order entered in the above

action on _____ (the "Order"). I have carefully read and understand the provisions

of the Order, and will comply with all of its provisions.

4.    I will hold in confidence, will not disclose to anyone not qualified under the Order

to receive such document, testimony, information or physical object (or portion thereof), will use

only for permitted purposes, and will not use for any business or competitive purpose apart from

this litigation, any "CONFIDENTIAL" document, testimony, information or physical object (or

portion thereof) that is disclosed to me.

5.    I will return all "CONFIDENTIAL" documents, testimony, information or

physical objects (or portion thereof) that come into my possession, including documents or

things that I prepare relating to this information, to outside counsel for the party by whom I am

employed or retained or who has asked me to sign this agreement.

6.    I submit to the jurisdiction of this Court for the purposes of enforcement of the

Order in this action.

I declare under penalty of perjury under the laws of the State of _____ that

the foregoing is true and correct.

**STIPULATED MOTION FOR PROTECTIVE ORDER - 6**

Executed on _____, 2012, at _____

_____
Name and Title

STIPULATED MOTION FOR PROTECTIVE ORDER - 7

# EXHIBIT J

James C. Dale, ISB No. 2902
*Email: jcdale@stoel.com*
Mark S. Geston, ISB No. 1346
*Email: msgeston@stoel.com*
Elijah M. Watkins, ISB No. 8977
*Email: emwatkins@stoel.com*
STOEL RIVES LLP
101 S. Capitol Blvd, Ste 1900
Boise, ID 83702-7705
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL CASE, an individual, and CASE CORPORATE COUNSEL, LLC, an Idaho limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRIBE MOBILE, INC., a British Virgin Islands corporations, VIRGIN MOBILE LATIN AMERICA, INC., a British Virgin Islands corporation, and DOES 1-15, fictitiously named,<br><br>    Defendants. | Case No.  1:12-cv-00416-BLW<br><br>**DEFENDANT VIRGIN MOBILE LATIN AMERICA, INC.'S MEMORANDUM RE STIPULATED PROTECTIVE ORDER** |

Plaintiff Russell Case began working for Defendant Virgin Mobile Latin America, Inc. (formerly named, Tribe Mobile, Inc.) ("VMLA") as its in-house attorney in late 2010 and was its General Counsel from January 1, 2011, until his employment was terminated in conformity with his Employment Contract on November 26, 2011. As such, he was deeply involved in virtually all aspects of VMLA's business activities and was privy to much of VMLA's sensitive and

**DEFENDANT VIRGIN MOBILE LATIN AMERICA, INC.'S MEMORANDUM RE STIPULATED PROTECTIVE ORDER- 1**
73151622.1 0047371-00001

confidential information—both that protected by the attorney-client privilege and professional obligation of confidentiality and trade secrets and competitively sensitive information.

Case has made it clear that he intends to use VMLA's privileged and confidential information to prosecute his claims. As discussed in VMLA's Memorandum (Dkt. No. 24) opposing Case's pending Motion to Unseal and Allow Disclosure of Matters Covered in Paragraphs 24 to 27 of the Amended Complaint (Dkt. No. 18) (the "Motion to Unseal"), I.R.P.C. 1.6(b)(5) allows disclosing otherwise-confidential information "to the extent the lawyer reasonably believes necessary" to "establish a claim … on behalf of the lawyer in a controversy between the lawyer and client." If disclosure *is* reasonably necessary, it should only be within the confines of strict protective orders. I.R.P.C. 1.6, cmt. 14. If it is not reasonably necessary, it should not be disclosed at all. *See Morris v. Slappy*, 461 U.S. 1, 21 (1983).

Given the scope of Case's involvement in VMLA's commercial endeavors, it is likely that litigation of his claims may also call for the disclosure of trade secrets and commercially sensitive information.

The parties have therefore agreed to a Stipulated Protective Order to facilitate discovery going forward. Most recently, only two points of disagreement have remained. The first concerned one party providing each of its experts' signed confidentiality agreements to its opponent. Case did not want this to apply to consultants and nontestifying experts, and VMLA conceded the point. Attached hereto as Exhibit A is a copy of a proposed Stipulated Protective Order incorporating this and the parties' prior agreements. (*See* ¶ 5 of the Exhibit).

The second disagreement remains unresolved. That is Case's insistence that the Stipulated Protected Order include the following statement: "Nothing contained herein shall in any way restrict a right or ability of any party to provide or disclose information to any

**DEFENDANT VIRGIN MOBILE LATIN AMERICA, INC.'S MEMORANDUM RE STIPULATED PROTECTIVE ORDER - 2**
73151622.1 0047371-00001

governmental or regulatory authority."

The utility of this statement in a Protective Order designed to facilitate discovery within the professional confines of I.R.P.C. 1.6 is not readily apparent. However, Case's litigation of his claims has made it clear that, although the bulk of those claims concern the performance of just three terms in his Employment Contract, he has and will continue to emphasize alleged duties of disclosure he conceives VMLA owed third-party investors regarding an internal disagreement over its Chairman's prospective contract rights. To this end, Case portrays himself as having been the champion of VMLA's legal duties when he advised his client to publicize this internal dispute, but then was wrongfully discharged because of that advice. He has thus consistently brandished the disclosures contemplated by "securities laws" and those "required or protected" by laws and rules under the SEC's jurisdiction to support his wrongful termination for violation of public policy and Dodd-Frank claims, respectively.

Although all the facts were known to Case more than a year ago, he has never "provide[d] or disclose[d] information to any governmental or regulatory authority," or shown any intention of doing so. To the contrary, he has kept everything he knows to himself, now revealing it only to serve his own litigation ends. Moreover, any disclosure by Case of anything to any governmental or regulatory authorities now or at any time during this litigation cannot possibly have any causal relationship to the fact of his dismissal in November 2011. The sentence he insists on is just more posturing.

The parties are agreed on a Stipulated Protective Order that contains all that is needed to let it work fairly for the purposes of this litigation. If it is later determined that information disclosed and marked as "Confidential" is not entitled to such continuing protection, then that information will be in the public record. Conversely, if privileged or otherwise protected

**DEFENDANT VIRGIN MOBILE LATIN AMERICA, INC.'S MEMORANDUM RE STIPULATED PROTECTIVE ORDER - 3**

information is nevertheless subject to a superseding legal duty of disclosure to a "governmental or regulatory authority," the party charged with that duty must comply with the law and make such disclosure. In either event, the Protective Order should not be the vehicle of an implicit acknowledgment that such a duty exists or is a possibility and that some kind of prospective approval has been accorded the party making such disclosure, especially if it turns out to have been unwarranted after all.

Case's proposed sentence should be rejected and a Protective Order entered in the form attached hereto as Exhibit A.

DATED: December 21, 2012.

STOEL RIVES LLP

/s/ Mark S. Geston
James C. Dale
Mark S. Geston
Elijah M. Watkins
*Attorneys for Defendants*

DEFENDANT VIRGIN MOBILE LATIN AMERICA, INC.'S MEMORANDUM RE
STIPULATED PROTECTIVE ORDER - 4
73151622.1 0047371-00001

## CERTIFICATE OF SERVICE

I certify that on December 21, 2012, I served a copy of the foregoing **DEFENDANT**

**VIRGIN MOBILE LATIN AMERICA, INC.'S MEMORANDUM RE STIPULATED**

**PROTECTIVE ORDER** on CM/ECF Registered Participants as reflected on the Notice of

Electronic Filing as follows:

Briane Nelson Mitchell — *nels@maukburgoyne.com*

*Attorney for Plaintiffs*

Mark S. Geston
James C. Dale
Mark S. Geston

**DEFENDANT VIRGIN MOBILE LATIN AMERICA, INC.'S MEMORANDUM RE
STIPULATED PROTECTIVE ORDER - 5**
73151622.1 0047371-00001

Exhibit Page 127

James C. Dale, ISB No. 2902
Email: jcdale@stoel.com
Mark S. Geston, ISB No. 1346
Email: msgeston@stoel.com
STOEL RIVES LLP
101 S. Capitol Blvd, Ste 1900
Boise, ID 83702-7705
Telephone:  (208) 389-9000
Facsimile:  (208) 389-9040

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL CASE, an individual, and CASE CORPORATE COUNSEL, LLC, an Idaho limited liability company,<br><br>  Plaintiffs,<br><br>  v.<br><br>TRIBE MOBILE, INC., a British Virgin Islands corporations, VIRGIN MOBILE LATIN AMERICA, INC., a British Virgin Islands corporation, and DOES 1-15, fictitiously named,<br><br>  Defendants. | Case No.  1:12-cv-00416<br><br>**STIPULATED MOTION FOR PROTECTIVE ORDER** |

WHEREAS, to protect information that a party hereto deems to be proprietary,

confidential, constitutes trade secrets, or is subject to other claims of privilege or protection, but

to still permit discovery and pretrial litigation to move forward in an orderly manner, the parties

hereto stipulate and agree that the Court may enter a Protective Order in the following

particulars:

**STIPULATED MOTION FOR PROTECTIVE ORDER - 1**
72483929.3 0047371-00001

1.     Any party to this litigation may, at its discretion and pursuant to Fed. R. Civ. P. 26(c), file privileged, protected, or confidential information with the Court under seal without individual compliance with Dist. Idaho Loc. Civ. R. 5.3, and may similarly file pleadings, motions, briefs, and affidavits specifically dealing with such privileged, protected, and confidential information with the Court under seal. Each such matter shall be filed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the Clerk of the Court shall segregate such filings and not permit public access to them.

2.     Privileged, protected, or confidential information produced in the course of discovery may be labeled "CONFIDENTIAL" by the producing party and the recipient party shall maintain all information so produced in confidence as set forth herein.

3.     Information subject to claims of privilege, confidentiality, or other protection which is discussed or made an exhibit to the record at depositions shall, at the request of any party, accompany the transcripts thereof in sealed envelopes marked "CONFIDENTIAL." Additionally, any party to such a deposition may designate testimony concerning such information as confidential, and the reporter shall be instructed to segregate the designated testimony in a separate transcript to be kept in a sealed envelope that identifies the contents thereof as "CONFIDENTIAL." Furthermore, any party to a deposition may demand that no information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, be shown to or discussed with a non-party deponent unless the deponent first agrees on the record of the deposition to keep all such information first learned at the deposition in confidence subject to the terms of this Stipulation and the Protective Order entered pursuant hereto.

**STIPULATED MOTION FOR PROTECTIVE ORDER - 2**
72483929.3 0047371-00001

4.      Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, and any memoranda, analyses or reports discussing, summarizing, or otherwise concerning such information may be made available only to the Court, court reporters, the parties, counsel for the parties (and such counsel's paralegals, legal assistants, and clerical personnel), and expert witnesses retained by a party to this litigation for the purposes of this litigation.

5.      Expert witnesses, as identified in the preceding paragraph, shall be entitled to review information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, only after agreeing to be bound by the terms of this Stipulation and the Protective Order entered in connection herewith, by executing a Confidentiality Agreement in the form attached hereto as Exhibit A. The party obtaining such agreement and permitting such expert witness access to protected information shall retain such agreement during the pendency of this litigation and for a period of six months following its conclusion. Any other party this litigation shall be entitled to receive a copy of the confidentiality agreement signed by a testifying expert prior to such expert's testimony or submission of his or her report under Fed. R. Civ. P. 26(a)(2)(A) and (B). Execution of any such agreement shall not waive or affect any obligation or protection accorded experts, whether testifying or non-testifying, by Fed. R. Civ. P. 26.

6.      Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court, or "CONFIDENTIAL" if produced in response to discovery, shall not be used at trial or any other public hearing unless and to the extent that the parties previously agree to such use or the Court previously determines that information so designated is not, either in whole or in part, entitled to continuing protection from public disclosure.

**STIPULATED MOTION FOR PROTECTIVE ORDER - 3**
72483929.3 0047371-00001

Case 1:12-cv-00416-BLW   Document 29-1   Filed 12/21/12   Page 4 of 8

7.      Anything to the contrary herein notwithstanding, any party may ask the Court for relief from any of the restrictions and limitations herein or in the resultant protective order, or to impose other and additional restrictions on the production, use, and/or dissemination of privileged, confidential or otherwise protected information. In the event of such request to the Court, the burden of justifying the subject evidence's entitlement to protection hereunder shall be upon the party seeking to maintain the confidentiality of such evidence.

8.      Unless otherwise ordered by the Court, within thirty (30) days after the conclusion of this litigation, information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL," and all copies and reproductions thereof, except those filed with the Court, shall be returned to the producing party —or in the case of copies bearing any attorney's notes or the like, shall be destroyed. All memoranda, analyses, or reports prepared by any expert witness dealing with any of the specifics of such documents or information shall be similarly destroyed. However, counsel for any party shall be permitted to retain one copy of such information as was filed with the Court for the purpose of their own record keeping only.

9.      The parties have agreed to this Stipulation to facilitate discovery. Neither the entry of a Protective Order pursuant to this Stipulation nor the filing or disclosure of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," nor the failure to make such designation or filing, shall constitute evidence relevant to any issue in this action and shall not constitute any waiver regarding the relevancy or admissibility of information.

**STIPULATED MOTION FOR PROTECTIVE ORDER - 4**
72483929.3 0047371-00001

10.    The provisions of this Stipulation and the resultant protective order shall continue to be binding through and after the conclusion of this litigation in any forum unless the parties agree or the Court orders otherwise.

11.    Nothing contained herein shall restrict the use by any party of its own information.

DATED:  September ____, 2012.

STOEL RIVES LLP

_____
James C. Dale
Mark S. Geston
*Attorneys for Defendants*

DATED:  September ____, 2012.

MAUK & BURGOYNE,

_____
Briane Nelson Mitchell
*Attorney for Plaintiffs*

**STIPULATED MOTION FOR PROTECTIVE ORDER - 5**
72483929.3 0047371-00001

## CERTIFICATE OF SERVICE

**I** HEREBY CERTIFY that on this _____ day of September 2012, I served a true and correct copy of **STIPULATED MOTION FOR PROTECTIVE ORDER** in the above-entitled matter as follows:

Briane Nelson Mitchell – *nels@maukburgoyne.com*

*Attorney for Plaintiffs*

_____
James C. Dale
Mark S. Geston

*Attorneys for Defendants*

**STIPULATED MOTION FOR PROTECTIVE ORDER - 6**
72483929.3 0047371-00001

Exhibit Page 133

## DECLARATION RE AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

*Russell Case, et al. vs. Tribe Mobile, Inc., et al.*

U.S.D.C. Case No. 1:12-cv-00416

I, _____, declare as follows:

1.    My address is _____

2.    I am presently employed as _____ by_____

3.    I have received a copy of the Stipulated Protective Order entered in the above action on _____ (the "Order"). I have carefully read and understand the provisions of the Order, and will comply with all of its provisions.

4.    I will hold in confidence, will not disclose to anyone not qualified under the Order to receive such document, testimony, information or physical object (or portion thereof), will use only for permitted purposes, and will not use for any business or competitive purpose apart from this litigation, any "CONFIDENTIAL" document, testimony, information or physical object (or portion thereof) that is disclosed to me.

5.    I will return all "CONFIDENTIAL" documents, testimony, information or physical objects (or portion thereof) that come into my possession, including documents or things that I prepare relating to this information, to outside counsel for the party by whom I am employed or retained or who has asked me to sign this agreement.

6.    I submit to the jurisdiction of this Court for the purposes of enforcement of the Order in this action.

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

**STIPULATED MOTION FOR PROTECTIVE ORDER - 7**
72483929.3 0047371-00001

Exhibit Page 134

Executed on _____, 2012, at _____.

_____
Name and Title

**STIPULATED MOTION FOR PROTECTIVE ORDER - 8**
72483929.3 0047371-00001

# EXHIBIT K

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL CASE, an individual, and CASE CORPORATE COUNSEL, LLC, an Idaho limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TRIBE MOBILE, INC., a British Virgin Islands corporations, VIRGIN MOBILE LATIN AMERICA, INC., a British Virgin Islands corporation, and DOES 1-15, fictitiously named,<br><br>Defendants. | Case No.  1:12-cv-00416-BLW<br><br>**PROTECTIVE ORDER** |

The parties' Stipulated Motion for Protective Order (Dkt. No. 35) is **GRANTED**. Good cause appearing, IT IS HEREBY ORDERED:

1.      Any party to this litigation may, at its discretion and pursuant to Fed. R. Civ. P. 26(c), file privileged, protected, or confidential information with the Court under seal without individual compliance with Dist. Idaho Loc. Civ. R. 5.3, and may similarly file pleadings, motions, briefs, and affidavits specifically dealing with such privileged, protected, and confidential information with the Court under seal.  Each such matter shall be filed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and the Clerk of the Court shall segregate such filings and not permit public access to them.

2.      Privileged, protected, or confidential information produced in the course of discovery may be labeled "CONFIDENTIAL" by the producing party and the recipient party shall maintain all information so produced in confidence as set forth herein.

3.    Information subject to claims of privilege, confidentiality, or other protection which is discussed or made an exhibit to the record at depositions shall, at the request of any party, accompany the transcripts thereof in sealed envelopes marked "CONFIDENTIAL." Additionally, any party to such a deposition may designate testimony concerning such information as confidential, and the reporter shall be instructed to segregate the designated testimony in a separate transcript to be kept in a sealed envelope that identifies the contents thereof as "CONFIDENTIAL." Furthermore, any party to a deposition may demand that no information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, be shown to or discussed with a non-party deponent unless the deponent first agrees on the record of the deposition to keep all such information first learned at the deposition in confidence subject to the terms of the Stipulation (Dkt. No. 35) and this Protective Order.

4.    Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, and any memoranda, analyses or reports discussing, summarizing, or otherwise concerning such information may be made available only to the Court, court reporters, the parties, counsel for the parties (and such counsel's paralegals, legal assistants, and clerical personnel), deponents (in conformity with the preceding paragraph), and expert witnesses retained by a party to this litigation for the purposes of this litigation.

5.    Expert witnesses, as identified in the preceding paragraph, shall be entitled to review information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court or "CONFIDENTIAL" if produced in response to discovery, only after

agreeing to be bound by the terms of the Stipulation (Dkt. No. 35) and this Protective Order, by executing a Confidentiality Agreement in the form attached hereto as Exhibit A.

      6.     Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if filed with the court, or "CONFIDENTIAL" if produced in response to discovery, shall not be used at trial or any other public hearing unless and to the extent that the parties previously agree to such use or the Court previously determines that information so designated is not, either in whole or in part, entitled to continuing protection from public disclosure.

      7.     Anything to the contrary herein notwithstanding, any party may ask the Court for relief from any of the restrictions and limitations herein, or to impose other and additional restrictions on the production, use, and/or dissemination of privileged, confidential or otherwise protected information. In the event of such request to the Court, the burden of justifying the subject evidence's entitlement to protection hereunder shall be upon the party seeking to maintain the confidentiality of such evidence.

      8.     Unless otherwise ordered by the Court, within thirty (30) days after the conclusion of this litigation, information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL," and all copies and reproductions thereof, except those filed with the Court, shall be returned to the producing party —or in the case of copies bearing any attorney's notes or the like, shall be destroyed. All memoranda, analyses, or reports prepared by any expert witness dealing with any of the specifics of such documents or information shall be similarly destroyed. However, counsel for any party shall be permitted to retain one copy of such information as was filed with the Court for the purpose of their own record keeping only.

9.      The parties have agreed to this Protective Order to facilitate discovery. Neither the entry of this Protective Order pursuant to said Stipulation (Dkt. No. 35) nor the filing or disclosure of any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," nor the failure to make such designation or filing, shall constitute evidence relevant to any issue in this action and shall not constitute any waiver regarding the relevancy or admissibility of information.

10.     This Protective Order shall continue to be binding through and after the conclusion of this litigation in any forum unless the parties agree or the Court orders otherwise.

11.     Nothing contained herein shall restrict the use by any party of its own information.

12.     Nothing contained herein shall in any way restrict a right or ability of any party to provide or disclose information to any governmental or regulatory authority where legally required to do so.

DATED: January 14, 2013

B: Lynn Winmill
Chief Judge
United States District Court

### DECLARATION RE AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

*Russell Case, et al. vs. Tribe Mobile, Inc., et al.*

U.S.D.C. Case No. 1:12-cv-00416

I, _____, declare as follows:

1.     My address is _____

2.     I am presently employed as _____ by_____

3.     I have received a copy of the Stipulated Protective Order entered in the above

action on _____ (the "Order").  I have carefully read and understand the provisions

of the Order, and will comply with all of its provisions.

4.     I will hold in confidence, will not disclose to anyone not qualified under the Order

to receive such document, testimony, information or physical object (or portion thereof), will use

only for permitted purposes, and will not use for any business or competitive purpose apart from

this litigation, any "CONFIDENTIAL" document, testimony, information or physical object (or

portion thereof) that is disclosed to me.

5.     I will return all "CONFIDENTIAL" documents, testimony, information or

physical objects (or portion thereof) that come into my possession, including documents or

things that I prepare relating to this information, to outside counsel for the party by whom I am

employed or retained or who has asked me to sign this agreement.

6.     I submit to the jurisdiction of this Court for the purposes of enforcement of the

Order in this action.

I declare under penalty of perjury under the laws of the State of _____ that

the foregoing is true and correct.

Executed on _____, 2013, at _____.


_____
Name and Title