1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   | A Limited Liability Partnership
2 | Including Professional Corporations
   | BRYAN D. DALY, Cal. Bar No. 117901
3 | bdaly@sheppardmullin.com
   | CHARLES L. KREINDLER, Cal. Bar No. 119933
4 | ckreindler@sheppardmullin.com
   | BARBARA E. TAYLOR, Cal. Bar No. 166374
5 | btaylor@sheppardmullin.com
   | 333 South Hope Street, 43rd Floor
6 | Los Angeles, California 90071-1422
   | Telephone: 213.620.1780
7 | Facsimile: 213.620.1398

8 | Attorneys for Individual Counterclaim
   | Defendants Michael Omidi, M.D. and
9 | Julian Omidi

10 | DARON L. TOOCH (State Bar No. 137269)
    | ERIC D. CHAN (State Bar No. 253082)
11 | KATHERINE M. DRU (State Bar No. 280231)
    | HOOPER, LUNDY & BOOKMAN, P.C.
12 | 1875 Century Park East, Suite 1600
    | Los Angeles, California 90067-2517
13 | Telephone: (310) 551-8111
    | Facsimile: (310) 551-8181
14 | E-Mail:     dtooch@health-law.com

15 | Attorneys for Plaintiffs and Provider
    | Counterclaim Defendants Almont
16 | Ambulatory Surgery Center, LLC, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al., | Case No. 2:14-cv-03053-MWF(VBKx) Magistrate Judge: Hon. Victor B. Kenton |
| Plaintiffs, | **DISCOVERY MATTER** |
| v. | |
| UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., and DOES 1 through 20, | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION TO QUASH THIRD PARTY SUBPOENAS** |
| Defendants. | Hearing Date: Tuesday, December 12, 2014 Time: 10:00 a.m. Courtroom: 590 (Roybal Courthouse) |

Case No. 2:14-cv-03053-MWF(VBKx)

SMRH:135163536.1

| | |
|---|---|
| 1 | UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE |
| 2 | INSURANCE COMPANY; OPTUMINSIGHT, INC., |
| 3 | |
| 4 | Counterclaim Plaintiffs, |
| | v. |
| 5 | ALMONT AMBULATORY |
| 6 | SURGERY CENTER, LLC, a California limited liability company; et |
| 7 | al., |
| | Counterclaim Defendants. |

Discovery Cutoff:  None Set
Pretrial Conference Date:  None Set
Trial Date:  None Set

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:435163536.1

1    Pursuant to Local Rule 37-2.3, Counterclaim Defendants submit this

2  Supplemental Memorandum in support of their Motion to Quash Third Party

3  Subpoenas served on Wells Fargo Bank, N.A., Mail Boxes Times, and Beverly Hills

4  Postal Place. (DKT 67.)

5  **I.    ARGUMENT**

6    This discovery motion is not the forum in which to litigate the merits of

7  United's First Amended Counterclaim, but that is what United has sought to do,

8  reiterating scurrilous allegations insinuating that Dr. Michael and Julian Omidi are

9  the kingpins of a criminal enterprise described as the "Omidi Network."[1]

10  Counterclaim Defendants will instead focus on the issues raised by United that are

11  relevant to this Court's resolution of the discovery issues raised.

12  **A.    THE SUBPOENAS ARE PREMATURE**

13    The two key issues are: (1) whether United could serve discovery before the

14  Rule 26 conference was completed, as evidenced by filing of the Rule 26(f) report;

15  and (2) whether United's discovery, given its substance, should be deferred until the

16  pending motions to dismiss have been decided.

17    1.    United Admits The Rule 26(f) Conference Was Not Complete

18    United insists that the August 6, 2014 meeting of counsel was sufficient to

19  satisfy all of the 26(f) requirements, and therefore, that it was free to serve discovery

20  under Rule 26(d). This is inconsistent with its counsel's own representations,

21  however. At the August 6, 2014 meeting, United's own counsel repeatedly

22  emphasized that the parties' discussion was only intended to "kick off" the Rule

23  26(f) conference; that parties could not possibly cover, much less reach agreement

24  on, each and every topic that they were required to discuss under Rule 26(f)(2)-(3)

25

---

[1] This may be why United's introductory statement comprises almost five pages, in

26  violation of Local Rule 37-2.1. In its zeal to smear Dr. Michael and Julian, United
further inexcusably casts aspersions on their mother, referring to her as a "co-

27  conspirator," and seeks to link Julian to an entity, Pacific West Dermatology, not
even named in this action, but described as having been "featured and implicated in"

28  a federal prosecution. (Joint Stipulation ["JS"] at 21:13-25.)

SMRH:435163536.1

1   and Local Rule 26-1. (*See* Declaration of Peter J. Brachman ["Brachman Decl."], ¶

2   6.) And it is clear that the meeting did ***not*** cover all topics. For instance, while Rule

3   26(f)(2) specifically directs parties to discuss "issues about preserving discoverable

4   information" and "develop a proposed discovery plan," these topics were not

5   discussed at the August 6, 2014 meeting. (Brachman Decl., ¶ 7.) Further, the

6   parties did not file the Rule 26(f) report within fourteen days of August 6, as would

7   have been required if discussions had been completed. United waited ***nearly five***

8   ***weeks*** just to circulate a first draft, which included numerous blanks requiring

9   further input. (Brachman Decl., ¶ 9.)

10       United's sole support for its position is the declaration of Kirsten Schubert, an

11   attorney who was not present at the meeting. (DKT 70.) Ms. Schubert incorrectly

12   lists the attorneys who attended the conference in person, which is not surprising

13   since she was not there. (Brachman Decl., ¶ 3.) Ms. Schubert then testifies, based

14   on supposed personal knowledge, that "[t]he parties discussed all required content

15   under Rule 26(f)(2) and Local Rule 26-1," but fails to provide any details. (DKT

16   70, ¶ 2.) This is unpersuasive in light of the representations of United's counsel

17   present at the meeting that discussions would be ongoing. (Brachman Decl., ¶6.)[2]

18       United argues that Counterclaim Defendants are trying to have it both ways,

19   and that the fact that they have not moved to "stay all discovery" is indicative of

20   their "inten[t] to serve their own discovery soon." (JS at 6:25-28 n. 4, 8:1-2, 17:15-

21   20.) But no discovery "is proceeding." Counterclaim Defendants have not served

22   any discovery in this action. A stay was not necessary because United agreed that

23   its premature written party discovery would be "deemed served as of the filing" of

24   the Rule 26(f) report. (DKT 71 [p. 14:7-10].) This issue should also be viewed in

25

26   [2] United's assertion that Counterclaim Defendants' position will result in a party
     being able to "withhold final assent to the Rule 26(f) report" to "unilaterally …
27   delay discovery until some type of court intervention," is specious. The Rule 26(f)
     report is due no later than seven days before "a scheduling conference is to be held
28   or a scheduling order is due under Rule 16(b)." (Rule 26(f)(1) & (2).)

SMRH:435163536.1

light of the parties' sharp disagreement over provisions in the stipulated protective order, which has given rise to a separate discovery motion before this Court. (JS at 15:13-18; DKT 72-2 [Taylor Decl., ¶5 & Exh. C].)  In other words, the parties still do not agree on the basic parameters for discovery.

### 2.  The Subpoenas' Relevance Is Dependent Upon The Pending Motions To Dismiss

United's main justification for serving the subpoenas is to bolster alter ego allegations and equitable "tracing" under the ERISA § 502(a)(3) cause of action in United's First Amended Counterclaim ("FACC").  But the FACC is currently the subject of two pending motions to dismiss that attack the alter ego allegations and Section 502(a)(3) cause of action.  If Judge Fitzgerald rules against United, then the subpoenas seek irrelevant information.[3]  By extensively arguing the merits of its alter ego allegations and the "tracing" aspect of its ERISA § 502(a)(3) cause of action, United implicitly concedes this point.  (JS at 3:14-6:8, 19:6-21:12, 24:9-24, 27:5-19.)[4]  And the continuance of the instant motion to December 12, 2014, *after* the pending motions to dismiss are scheduled to be heard, is consistent with this.

As an afterthought, United argues that the subpoenas are also relevant to various of its affirmative defenses to the Complaint in this action.  (JS at 17:5-14, 18:10-18.)[5]  This does not change the analysis.  For example, United's affirmative

---

[3] Further, the FACC is required to stand on its own merits, without the benefit of supplemental discovery.  (*See, e.g,. Somers v. Apple, Inc.*, 729 F.3d 953, 966 (9th Cir. 2013) (granting motion to dismiss for lack of "specificity of facts" because plaintiff was not entitled to "later establish some set of undisclosed facts" supporting her complaint).)

[4] Although United characterizes Counterclaim Defendants of having "lukewarm expectations" about the success of their motions, United apparently was concerned enough to amend its original Counterclaim in response to motions to dismiss made on the same grounds as the pending motions to dismiss.  (JS at 11:13-12:11.)

[5] During the October 16, 2014 meet and confer call, United's counsel did not state that the subpoenas sought documents relevant to any of United's defenses to the Complaint—only relevancy to United's alter ego allegations and the tracing issue was discussed.

Case No. 2:14-cv-03053-MWF(VBKx)

SMRH:435163536.1

1  defense of "co-pay waiver fraud" is the mirror image of United's primary theory in

2  support of its fraud cause of action, and a subject of the pending motions to dismiss.

3  Other affirmative defenses raised by United, e.g., that "Plaintiffs' claims must be

4  reduced in accordance with the plan terms," have nothing to do with the subpoenas,

5  which do not seek information relating to any ERISA plan.  Moreover, depending

6  on the outcome of the motions to dismiss, Counterclaim Defendants may move for

7  judgment on the pleadings with respect to affirmative defenses that are no longer

8  viable.  (*See* Rule 12(c) & (h)(2).)  The subpoenas are simply premature.

9  **II.    THE SUBPOENAS ARE OVERBROAD**

10      Discovery of bank and mailbox records is not essential to the ***merits*** of the

11  causes of action or defenses in this action—which all concern the provision of

12  medical services and whether payments (or withholding of payments) for such

13  services were justified.  United's assertion that its subpoena to Wells Fargo Bank

14  "goes to the heart of the factual disputes in this case" (JS at 5:16-17) is

15  unfathomable.  What on earth does a bank record have to do with alleged fraud

16  based on inflating the BMI on a medical chart?

17      Even if United's allegations survive, the subpoenas are still overbroad.  For

18  example, tracing a United payment does not require wholesale production of all

19  records for twenty-one bank accounts, loans, and credit lines spanning over six

20  years. (JS at 14:9-27.)  United's subpoena to Wells Fargo Bank would also capture

21  thousands of transactions completely unrelated to United.  And United's argument

22  that it served a subpoena on "only one of the many banks Counterclaim Defendants

23  used to conceal their fraud from United" merely presages another barrage of similar

24  bank subpoenas.  (JS at 21:26-22:1 & n. 12.)

25      As for alter ego allegations, United fails to cite any case indicating that the

26  wholesale production of bank records is relevant.  Albeit not as egregious, the

27  subpoenas for mailbox records are overbroad as well.  Though these records

28  presumably could show that individuals associated with various entities were

SMRH:435163536.1

1  involved in opening boxes, the subpoenas seek far more that, e.g., "all

2  correspondence" and "all billing statements and records of payment." (JS at 22:17-

3  22, 25:11-16.) The fact that only three pages were precipitately produced by

4  Beverly Hills Postal Place does not "belie[] Counterclaim Defendants' claim of

5  overbreadth and irrelevance," since United refers to this as an "initial production"

6  and "expressly reserves the right to compel a full and complete production." (JS at

7  27:3-5 & n. 13).[6] And United's characterization of the three pages produced as

8  support for its "belief that Julian Omidi directed and controlled certain portions of

9  the fraud" (JS at 27:8-11) is a wild exaggeration.

10 **III.    CONCLUSION**

11       For the foregoing reasons, Counterclaim Defendants request that their Motion

12 to Quash be granted in its entirety.

13 Dated: November 25, 2014

14
15                              Respectfully submitted,
                                SHEPPARD, MULLIN, RICHTER & HAMPTON
                                LLP
16

17                              By        /s/ CHARLES L. KREINDLER
                                          CHARLES L. KREINDLER
18                                        Attorneys for Individual Counterclaim
19                                        Defendants

20 Dated: November 25, 2014

21                              Respectfully submitted,
                                HOOPER LUNDY AND BOOKMAN P.C.
22

23                              By        /s/ DARON L. TOOCH
                                          DARON L. TOOCH
24                                        Attorneys for Providers Almont Ambulatory
25                                        Surgery Center, LLC, et al.

26

27 ────────────────────

28 [6] The other subpoena recipients have acknowledged their understanding not to produce documents until resolution of the Motion to Quash.

SMRH:435163536.1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On November 26, 2014, I served true copies of the following document(s) described as **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION TO QUASH THIRD PARTY SUBPOENAS**

on the interested parties in this action as follows:

**See Attached Service List**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 26, 2014, at Los Angeles, California.

*/s/Pamila Chand*

SMRH:433426930.1