1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2 |   Including Professional Corporations
    BRYAN D. DALY, Cal. Bar No. 117901
3 | bdaly@sheppardmullin.com
    CHARLES L. KREINDLER, Cal. Bar No. 119933
4 | ckreindler@sheppardmullin.com
    BARBARA E. TAYLOR, Cal. Bar No. 166374
5 | btaylor@sheppardmullin.com
    333 South Hope Street, 43rd Floor
6 | Los Angeles, California 90071-1422
    Telephone:  213.620.1780
7 | Facsimile:  213.620.1398

8 | Attorneys for Individual Counterclaim
    Defendants Michael Omidi, M.D. and
9 | Julian Omidi

10 | DARON L. TOOCH (State Bar No. 137269)
    ERIC D. CHAN (State Bar No. 253082)
11 | KATHERINE M. DRU (State Bar No. 280231)
    HOOPER, LUNDY & BOOKMAN, P.C.
12 | 1875 Century Park East, Suite 1600
    Los Angeles, California 90067-2517
13 | Telephone: (310) 551-8111
    Facsimile: (310) 551-8181
14 | E-Mail:    dtooch@health-law.com

15 | Attorneys for Plaintiffs and Counterclaim
    Defendants Almont Ambulatory Surgery
16 | Center, LLC, et al.

17 | UNITED STATES DISTRICT COURT

18 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19 |

20 | ALMONT AMBULATORY
21 | SURGERY CENTER, LLC, a
    California limited liability company, et
22 | al.,

                              Case No. 2:14-cv-03053-MWF(VBKx)
                              Hon. Michael W. Fitzgerald

                              [Related to Case No. 2:14-cv-02139]

23 |          Plaintiffs,        **COUNTERCLAIM DEFENDANTS'**
      v.                        **UNOPPOSED** *EX PARTE*
24 |                            **APPLICATION FOR REDACTION**
    UNITEDHEALTH GROUP, INC.;   **OF TRANSCRIPT**
25 | UNITED HEALTHCARE SERVICES,
    INC., UNITED HEALTHCARE     [Fed. R. Civ. P. 5.2(e)]
26 | INSURANCE COMPANY;
    OPTUMINSIGHT, INC., and DOES 1
27 | through 20,                 [Proposed] Order filed concurrently]

28 |          Defendants.

SMRH:434419170.1

1 | UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE
2 | INSURANCE COMPANY; OPTUMINSIGHT, INC.,
3 |
4 |        Counterclaim Plaintiffs,
    v.
5 | ALMONT AMBULATORY
6 | SURGERY CENTER, LLC, a California limited liability company; et al.,
7 |        Counterclaim Defendants.

Discovery Cutoff:  None Set
Pretrial Conference Date:  None Set
Trial Date:  None Set

SMRH:435697394.1

1    Individual Counterclaim Defendants Michael Omidi, M.D. and Julian Omidi
2    and Plaintiffs and Counterclaim Defendants Almont Ambulatory Surgery Center,
3    LLC, et al. (collectively "Counterclaim Defendants") hereby do move this Court to
4    redact portions of the Transcript of the December 12, 2014 discovery hearing before
5    Magistrate Judge Victor B. Kenton. (DKT 98.) Counterclaim Defendants timely
6    filed their Notice of Intent to Redact on December 29, 2014. (DKT 105.)
7    During the December 12, 2014 hearing, reference was made to matters
8    regarding Magistrate Judge Victor B. Kenton's issuance of warrants in furtherance
9    of the criminal investigation of various Counterclaim Defendants that are not in the
10    public record. Therefore, Counterclaim Defendants request that any publicly
11    available copies of the Transcript of the December 12, 2014 hearing be redacted
12    consistent with attached Exhibit 1 (redacting text appearing at page 17, line 25 to
13    and including page 20, line 22).
14    Consequently, Counterclaim Defendants respectfully request that this *ex parte*
15    application for an order redacting the Transcript be granted. Per Local Rule 7-19.1,
16    Counterclaim Defendants notified counsel for Defendants and Counterclaim
17    Plaintiffs, Bryan Westerfeld (Walraven & Westerfeld LLP, 101 Enterprise, Suite
18    350, Aliso Viejo, CA 92656, 949-215-1997, bwesterfeld@calemployerlaw.com; and
19    R. J. Zayed (Dorsey & Whitney LLP, Suite 1500, 50 South Sixth Street,
20    Minneapolis, MN 55402-1498, 612-340-2600, zayed.rj@dorsey.com) that they
21    would be making this application. Counsel for Defendants and Counterclaim
22    Plaintiffs do not oppose this application.

23
24
25
26
27
28

-1-

1  Dated:  December 30, 2014

2                                  Respectfully submitted,

3
                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
4

5
                    By        /s/ Charles L. Kreindler
6                                   CHARLES L. KREINDLER
7                             Attorneys for Individual Counterclaim
                              Defendants Michael Omidi, M.D.
8                             and Julian Omidi

9
                    HOOPER, LUNDY & BOOKMAN, P.C.
10

11
                    By        /s/ Daron L. Tooch
12                                  DARON L. TOOCH
                              Attorneys for Plaintiffs and Counterclaim
13                            Defendants Almont Ambulatory Surgery
                              Center, LLC, et al.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:435697394.1

**EXHIBIT 1**

1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                          WESTERN DIVISION

4

5

6

ALMONT AMBULATORY SURGERY        )
7  CENTER, LLC, ET AL.,           )
                                  )
8                                 )
        PLAINTIFFS,               )
9                                 )
        V.                        )   CV 14-03053-MWF(VBK)
10                                )   DECEMBER 12, 2014
                                  )
11  UNITEDHEALTH GROUP, INC.,     )
    ET AL.,                       )
12                                )   (10:02 A.M. TO 10:21 A.M.)
                                  )
13        DEFENDANTS.             )
                                  )

14

15                            HEARING
              BEFORE THE HONORABLE VICTOR B. KENTON
16                UNITED STATES MAGISTRATE JUDGE

17

18
    APPEARANCES:            SEE NEXT PAGE
19
    COURT REPORTER:         RECORDED; COURT SMART
20
    COURTROOM DEPUTY:       ROXANNE HORAN
21
    TRANSCRIBER:            DOROTHY BABYKIN
22                          COURTHOUSE SERVICES
                            1218 VALEBROOK PLACE
23                          GLENDORA, CALIFORNIA  91740
                            (626) 963-0566
24

25  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
    TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

4

2

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFFS:        HOOPER LUNDY & BOOKMAN PC
 2                              BY:  ERIC DAVID CHAN
                                     ATTORNEY AT LAW
 3                              1875 CENTURY PARK EAST
                                SUITE 1600
 4                              LOS ANGELES, CALIFORNIA  90067

 5   FOR UNITEDHEALTH GROUP:    DORSEY & WHITNEY LLP
                                BY:  RABEA JAMAL ZAYED
 6                                   ATTORNEY AT LAW
                                50 SOUTH SIXTH STREET
 7                              SUITE 1500
                                MINNEAPOLIS, MINNESOTA  55402
 8
     FOR DEFENDANTS AND         WALRAVEN & WESTERFELD LLP
 9   COUNTERCLAIM               BY:  BRYAN SCOTT WESTERFELD
     DEFENDANTS:                     ATTORNEY AT LAW
10                              101 ENTERPRISE
                                SUITE 350
11                              ALISO VIEJO, CALIFORNIA  92656

12   FOR DR. MICHAEL OMIDI      SHEPPARD MULLIN RICHTER & HAMPTON
     AND JULIAN OMIDI:          BY:  BARBARA E. TAYLOR
13                                   CHARLES L. KREINDLER
                                     ATTORNEYS AT LAW
14                              333 SOUTH HOPE STREET
                                43RD FLOOR
15                              LOS ANGELES, CALIFORNIA  90071

16

17

18

19

20

21

22

23

24

25
```

3

1                          I N D E X
   CASE CV 14-03053-MWF(VBK)              DECEMBER 12, 2014
2
   PROCEEDINGS:   DEFENDANT AND COUNTERCLAIM DEFENDANTS'
3                 MOTION FOR PROTECTIVE ORDER

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1    LOS ANGELES, CALIFORNIA; FRIDAY, DECEMBER 12, 2014

2    10:02 A.M.

3    THE CLERK:  THIS COURT IS NOW IN SESSION.  THE

4    HONORABLE VICTOR B. KENTON, UNITED STATES MAGISTRATE JUDGE,

5    PRESIDING.

6    CALLING CASE NUMBER CV 14-3053-MWF(VBKX), ALMONT

7    AMBULATORY SURGERY CENTER VERSUS UNITEDHEALTH GROUP, ET AL.

8    COUNSEL, PLEASE MAKE YOUR APPEARANCES FOR THE

9    RECORD.

10    MR. CHAN:  GOOD MORNING, YOUR HONOR.

11    ERIC CHAN OF HOOPER LUNDY & BOOKMAN FOR THE

12    PLAINTIFFS AND FOR THE COUNTER DEFENDANT PROVIDERS -- THE

13    ENTITY COUNTER DEFENDANTS.

14    MR. KREINDLER:  GOOD MORNING, YOUR HONOR.

15    CHUCK KREINDLER AND BARBARA TAYLOR ARE APPEARING ON

16    BEHALF OF THE INDIVIDUAL CROSS-DEFENDANTS DR. MICHAEL OMIDI

17    AND JULIAN OMIDI.

18    THE COURT:  ALL RIGHT.  THANK YOU.

19    MR. WESTERFELD:  GOOD MORNING, YOUR HONOR.

20    BRYAN WESTERFELD ON BEHALF OF DEFENDANTS AND

21    CROSS-COMPLAINANTS.

22    THE COURT:  ALL RIGHT.  THANK YOU.

23    HAVE A SEAT.

24    WE'LL DO THE TWO MOTIONS.  WE'RE GOING TO HAVE

25    BRIEF ARGUMENT.  THE CLERK HAS INDICATED WE'LL HOLD YOU TO

7

5

1    THAT.

2              LET'S DO THE MOTION FOR A PROTECTIVE ORDER FIRST.

3              WHO WANTS TO ADDRESS THAT?

4              MS. TAYLOR:  I CAN START.

5              ON THE --

6              THE COURT:  FROM THE LECTERN, PLEASE.

7              MS. TAYLOR:  OH, SORRY.

8              THE COURT:  WALKING TO THE LECTERN WILL NOT COUNT

9    AGAINST YOUR TIME.

10             (LAUGHTER.)

11             MS. TAYLOR:  THAT'S A GOOD IDEA.

12             ON THE PROTECTIVE ORDER, WE AGREE WITH YOUR

13   PROPOSED LANGUAGE, YOUR HONOR.  WE THINK THAT WILL ADDRESS

14   THE ISSUE REGARDING GIVING US NOTICE IF DOCUMENTS ARE TURNED

15   OVER PURSUANT TO A GOVERNMENT REQUEST.

16             I JUST WANT TO CLARIFY ONE POINT.  YOU INDICATED IN

17   ADDITION TO SUBPOENAS WRITTEN REQUESTS, I JUST WANT TO MAKE

18   SURE THAT WE ALL UNDERSTAND IF THE GOVERNMENT MAKES AN ORAL

19   REQUEST TO UNITED, THAT UNITED IS PRECLUDED FROM COMPLYING

20   WITH THAT.

21             WOULD THAT BE A CORRECT UNDERSTANDING?

22             THE COURT:  I'VE NEVER HEARD OF AN ORAL REQUEST FOR

23   DOCUMENTS, BUT IT MAY BE BEYOND THE SEMANTIC POINT.

24             WHAT DO YOU FOLKS THINK -- LEAVE HER AT THE

25   LECTERN.  WHAT DO YOU THINK ABOUT THAT?  DO WE NEED TO CHANGE

6

1  THAT?  DO YOU WANT TO JUST MAKE IT A REQUEST?

2            MR. ZAYED:  YOUR HONOR, R.J. ZAYED ON BEHALF OF

3  UNITED.  THAT'S ACCEPTABLE.

4            THE COURT:  WOULD THAT SATISFY EVERYBODY?

5            MS. TAYLOR:  JUST MAKE IT A REQUEST?

6            THE COURT:  YOU CAN DO THAT, I SUPPOSE.

7            MS. TAYLOR:  YES, OKAY.  THAT WOULD -- THAT WOULD

8  WORK.

9            AND, THEN, YOUR HONOR, ONE OTHER POINT, WE DIDN'T

10 HAVE IT AS AN ISSUE IN DISPUTE IN OUR PAPERS, BUT THERE'S ONE

11 ADDITIONAL PROVISION IN THE PROTECTIVE ORDER THAT WE'RE STILL

12 NEGOTIATING.  AND I THINK WE CAN AGREE WITHOUT THE COURT'S

13 INTERVENTION ON THAT PROVISION.  BUT WE BELIEVE THAT WE CAN'T

14 HAVE THE PROTECTIVE ORDER ENTERED UNTIL WE'VE RESOLVED THAT

15 ONE POINT.  BUT WE'LL BE ABLE TO DO IT WITHOUT YOUR

16 ASSISTANCE, YOUR HONOR.

17            THE COURT:  MUSIC TO MY EARS.

18            MS. TAYLOR:  OKAY.

19            THE COURT:  ALL RIGHT.  SO, I WILL ISSUE A FINAL

20 ORDER THAT PARALLELS THE TENTATIVE UNLESS --

21            DO YOU HAVE SOME PROBLEMS WITH THE TENTATIVE ORDER?

22            MR. ZAYED:  YES, I HAVE ONE ISSUE, YOUR HONOR.

23            THE COURT:  ALL RIGHT.  WELL, YOU CAN SWITCH

24 POSITIONS.

25            MS. TAYLOR:  OKAY.

9

7

1        MR. ZAYED:  AGAIN, GOOD MORNING, YOUR HONOR.  R.J.

2   ZAYED.

3        BRIEFLY, WE'RE IN AGREEMENT WITH THE COURT'S ORDER.

4   WE'RE FINE WITH THAT.

5        THERE'S ONLY ONE CLARIFICATION THAT WE REQUEST.  IN

6   THE OPENING PARAGRAPH OF THE COURT'S ORDER IT STATES:

7            "IF A PARTY IS SERVED WITH A WRITTEN REQUEST

8            FROM A GOVERNMENT AGENCY, OR A SUBPOENA OR

9            COURT ORDER ISSUED IN OTHER LITIGATION THAT

10           COMPELS THE DISCLOSURE OF ANY INFORMATION

11           DESIGNATED IN THIS ACTION AS CONFIDENTIAL, THAT

12           PARTY MUST."

13           THE COURT:  OKAY.

14       MR. ZAYED:  THE CONFIDENTIAL DESIGNATION I WOULD

15   LIKE THE ADDITION THAT IS DESIGNATING THIS ACTION AS

16   CONFIDENTIAL "BY AN OPPOSING PARTY."

17       BECAUSE A LITERAL READING OF THAT STATEMENT AS IT

18   IS, UNITED SHOULD NOT HAVE TO DISCLOSE TO THE PLAINTIFFS

19   DOCUMENTS THAT IT ITSELF HAS, THAT -- ITS OWN DOCUMENTS WHICH

20   IT DESIGNATED AS CONFIDENTIAL.  IT SHOULD ONLY BE REQUIRED TO

21   DISCLOSE DOCUMENTS DESIGNATED BY OTHER PARTIES AS

22   CONFIDENTIAL.  AND, SO, I WOULD ASK FOR THE ADDITION OF "BY

23   AN OPPOSING PARTY."  BUT OTHER THAN THAT, WE'RE FINE WITH THE

24   ORDER.

25       THE COURT:  WELL, MAYBE I'M MISSING SOMETHING.

**10**

8

```
 1          DOES IT REALLY MATTER WHO DESIGNATED IT AS
 2   CONFIDENTIAL?
 3          MR. ZAYED:  IT MATTERS IF WE DESIGNATED SOMETHING
 4   AS CONFIDENTIAL AND IT IS OUR INFORMATION.  WE DON'T BELIEVE
 5   WE HAVE TO GIVE THEM NOTICE OF WHAT WE PROVIDED WITH OUR OWN
 6   DOCUMENTS, WHAT WE DO WITH OUR OWN DOCUMENTS WITH RESPECT TO
 7   A RESPONSE TO A SUBPOENA.
 8          THE COURT:  WELL, I DON'T KNOW.  LET ME HEAR FROM
 9   COUNSEL ON THAT.
10          MS. TAYLOR:  WELL, YOU KNOW, IN PRINCIPLE, I GUESS
11   IT MAKES SENSE IF IT'S HIS OWN DOCUMENTS.  IT'S UNITED'S
12   DOCUMENTS.  THEY DESIGNATED IT CONFIDENTIAL.  THEY WOULDN'T
13   NECESSARILY HAVE TO LET US KNOW BEFORE THEY TURN THEM OVER
14   PURSUANT TO A SUBPOENA.
15          I THINK, THOUGH, NOT JUST AN OPPOSING PARTY, BUT IF
16   IT'S THIRD-PARTY DOCUMENTS, WE SHOULD HAVE AN OPPORTUNITY TO
17   HAVE NOTICE OF IT.  BUT UNITED'S OWN DOCUMENTS THAT THEY'VE
18   DESIGNATED CONFIDENTIAL, YES, I WOULDN'T THINK WE WOULD NEED
19   TO KNOW ABOUT THAT BEFOREHAND.
20          MR. CHAN:  I THINK IT'S DESIGNATED BY AN OPPOSING
21   PARTY AS WELL IS WHAT WE'VE SAID, SO.
22          MS. TAYLOR:  WELL, WHAT IF A THIRD PARTY THOUGH
23          MR. CHAN:  BUT THAT WOULD BE YOUR DESIGNATION -- IF
24   YOU DESIGNATE THAT AS CONFIDENTIAL.
25          MS. TAYLOR:  OR --
```

11

9

1          THE COURT:  WE DON'T WANT -- WE DON'T WANT TO GET

2    INTO THIS.

3          MS. TAYLOR:  YES.

4          THE COURT:  HOLD ON HERE.

5          MR. CHAN:  SORRY, YOUR HONOR.

6          MS. TAYLOR:  YES, SORRY.

7          THE COURT:  REAL FEDERAL COURT PRO OVER THERE, YOU

8    KNOW, WHO KNOWS THAT WE DON'T DO THAT.  SO, THANK YOU FOR THE

9    WARNING.

10          BUT THAT'S OKAY.  YOU CAN ADDRESS ME.  I LIKE TO

11   KEEP THE FORMALITY.

12          LET'S JUST GET SOME LANGUAGE HERE.  OKAY.

13   DESIGNATED.  LET'S GET LANGUAGE MUTUALLY AGREEABLE AFTER THE

14   WORD "DESIGNATED."  DO YOU WANT TO SAY "BY AN OPPOSING

15   PARTY"?  WE'LL START WITH THAT.

16          MR. ZAYED:  YOUR HONOR, IT WOULD BE:

17          "DESIGNATED THIS ACTION AS CONFIDENTIAL BY

18          AN OPPOSING OR THIRD PARTY."

19          THAT WOULD BE ACCEPTABLE.

20          THE COURT:  IS THAT ALL RIGHT?

21          MS. TAYLOR:  THAT SEEMS TO COVER IT, RIGHT.  AND WE

22   HAVE TO PREPARE A NEW PROTECTIVE ORDER ANYWAY TO ADD IN THIS

23   PROVISION WE'RE STILL NEGOTIATING, SO.

24          THE COURT:  WELL --

25          MS. TAYLOR:  BUT WE CAN AGREE ON THIS PROVISION

10

1  HERE TODAY.

2          THE COURT:  NO, I UNDERSTAND YOU HAVE SOMETHING

3  ELSE YOU'RE STILL WORKING ON.

4          SO, LET ME TELL YOU WHAT THIS FIRST PARAGRAPH IS

5  GOING TO SOUND LIKE AND SEE IF IT'S AGREEABLE.

6          "IF A PARTY IS SERVED WITH A REQUEST FROM

7          A GOVERNMENT AGENCY OR A SUBPOENA OR A COURT

8          ORDER ISSUED IN OTHER LITIGATION THAT COMPELS

9          DISCLOSURE OF ANY INFORMATION DESIGNATED IN

10         THIS ACTION AS CONFIDENTIAL BY AN OPPOSING" --

11         ACTUALLY IT SHOULD BE AFTER THE WORD "DESIGNATED."

12         MR. ZAYED:  THAT'S FINE, YOUR HONOR.

13         THE COURT:  YES, OKAY.  LET ME JUST GET THAT

14  "DESIGNATED."

15         -- "DESIGNATED BY AN OPPOSING OR THIRD PARTY

16         IN THIS ACTION AS CONFIDENTIAL, THAT PARTY MUST" --

17  ET CETERA, ET CETERA.

18         MS. TAYLOR:  YOUR HONOR, CAN I JUST ASK FOR ONE

19  MORE POINT.

20         THE COURT:  SURE.

21         MS. TAYLOR:  INSTEAD OF SAYING "IS SERVED WITH,"

22  COULD WE JUST SAY "RECEIVES" SINCE WE WANT TO EMBODY ORAL

23  REQUESTS TO THE EXTENT THERE MAY BE ORAL REQUESTS.

24         THE COURT:  ANY PROBLEM WITH THAT?

25         MR. ZAYED:  NO, YOUR HONOR.

11

1       THE COURT:  THIS IS FINE.  THIS NOW BECOMES A

2    TEMPLATE FOR OTHER CASES.  SO, LET'S CONTINUE WORKING ON IT.

3       MS. TAYLOR:  GREAT.  THANK YOU, YOUR HONOR.

4       THE COURT:  ALL RIGHT.

5       "IF A PARTY RECEIVES A REQUEST," ET CETERA, AND,

6    THEN, IT WILL BE AFTER THE WORD "DESIGNATED" THAT WE'LL PUT

7    "BY AN OPPOSING OR THIRD PARTY," AND THEN CONTINUE ON.

8       OKAY.  ASSUMING MY SECRETARY CAN READ THIS, WE

9    SHOULD GET SOMETHING THAT MAKES SENSE.

10       CAN WE MOVE ON TO THE NEXT ONE?

11       MS. TAYLOR:  YES.

12       THE COURT:  OKAY.

13       ALL RIGHT.  SO, THIS IS THE COUNTERCLAIM

14    DEFENDANT'S MOTION TO QUASH THIRD-PARTY SUBPOENAS.

15       I'M HAPPY TO TAKE SOME ARGUMENT ON THIS.

16       MR. KREINDLER:  YOUR HONOR, WE APPRECIATE THE

17    TENTATIVE.  AND I DON'T REALLY WANT TO SPEND VERY MUCH TIME

18    TRYING TO TALK YOU OUT OF THAT TENTATIVE, ALTHOUGH WE -- WE

19    DO OBVIOUSLY RESERVE OUR RIGHT TO OBJECT TO THE COURT'S

20    RECOMMENDATION TO THE DISTRICT COURT.

21       REALLY WHAT I WANTED TO DISCUSS --

22       THE COURT:  MAY I JUST -- MAY I JUST INDICATE.  I

23    FULLY AGREE.  TAKE ME UP IF YOU WANT, BUT IT'S NOT A

24    RECOMMENDATION.  IT IS AN ORDER -- JUST SO WE'RE CLEAR ON

25    THAT.  THIS IS AN ACTUAL ORDER WHICH YOU HAVE TO TIMELY FILE

12

1 A NOTICE THAT YOU WANT TO CHALLENGE.  AND YOU'RE WELCOME TO

2 DO THAT, OF COURSE.

3        MR. KREINDLER:  UNDERSTOOD.

4        THE COURT:  OKAY.  GO AHEAD.

5        MR. KREINDLER:  UNDERSTOOD, YOUR HONOR.

6        I DID WANT TO BRING UP WITH THE COURT THE ISSUE OF

7 A POTENTIAL STAY OF THE DISCOVERY AGAINST MICHAEL AND JULIAN

8 OMIDI.  JUST SO THE COURT KNOWS, PRIOR TO YOU TAKING THE

9 BENCH WE HAD A DISCUSSION WITH COUNSEL, AND WE HAVE AGREED

10 THAT WE WOULD GO AHEAD AND FILE A MOTION FOR STAY BEFORE YOUR

11 HONOR AT THE SOONEST POSSIBLE TIME.  WE'RE GOING TO WORK ON A

12 BRIEFING SCHEDULE TO STAY THIS.

13        AND IN THE MEANTIME UNITED HAS AGREED NOT TO SERVE

14 ANY ADDITIONAL THIRD-PARTY SUBPOENAS NOR PURSUE THE ONES THEY

15 HAVE ALREADY SERVED UNTIL THAT MOTION IS FINALLY DECIDED BY

16 YOUR HONOR.

17        THE COURT:  NO, I APPRECIATE THE HEAD'S UP.  BUT

18 LET ME JUST MAKE A CORRECTION ON THAT.

19        THE MOTION TO STAY HAS TO GO TO JUDGE FITZGERALD,

20 NOT TO ME.

21        MR. KREINDLER:  WELL, HE -- YOUR HONOR, I

22 APPRECIATE --

23        THE COURT:  UNLESS HE SENT IT BACK --

24        MR. KREINDLER:  HE DID.

25        THE COURT:  ARE WE PING-PONGING THIS NOW?

13

1        MR. KREINDLER:  YES.  WE HAD OUR HEARING BEFORE --

2   EXACTLY.  WE HAD OUR HEARING BEFORE JUDGE FITZGERALD ON

3   WEDNESDAY IT WAS, AND I BROUGHT THIS ISSUE UP.  AND HE -- I

4   THINK HE INSTRUCTED US TO COME HERE FOR THE MOTION TO STAY.

5        AND I SPECIFICALLY BROUGHT UP -- I DON'T WANT TO

6   GET CAUGHT BETWEEN THE TWO COURTS --

7        THE COURT:  RIGHT.

8        MR. KREINDLER:  I ASSUME THAT WAS COUNSEL FOR

9   UNITED'S UNDERSTANDING AS WELL, THAT IT SHOULD BE BEFORE YOUR

10  HONOR.

11       THE COURT:  WELL, IF THAT'S WHAT JUDGE FITZGERALD

12  WANTS, YOU KNOW, I'M ONLY ON THE FIFTH FLOOR.  HE'S OVER ON

13  THE 16TH.  HE'S GOT -- WHAT? -- ELEVEN FLOORS ON ME AND A

14  TITLE.

15       BUT IN ALL SERIOUSNESS, I WOULD HAVE THOUGHT HE

16  WOULD DO IT BECAUSE, YOU KNOW, HE'S GOT THE SCHEDULING ORDER.

17  SO, IF HE SENDS ME YOUR STIPULATION TO STAY AS TO THE OMIDIS,

18  HOW THAT WOULD AFFECT THE REST OF THE CASE AND THE SCHEDULING

19  ORDER, THAT'S -- THAT'S WHY I SAY IT'S A DISTRICT JUDGE

20  DECISION BECAUSE IT'S NOT A CONSENT CASE.

21       SO, I DON'T KNOW WHEN YOUR -- DO YOU ALREADY HAVE A

22  SCHEDULING ORDER WHICH CUTS OFF DISCOVERY, FACT DISCOVERY,

23  THAT SORT OF THING?

24       MR. ZAYED:  NO, YOUR HONOR.  WE DON'T HAVE AN ORDER

25  YET.

14

1      THE COURT:  OH, YOU DON'T.

2      WELL, DO YOU BOTH AGREE -- I MEAN, DO YOU AGREE,

3  COUNSEL, THAT JUDGE FITZGERALD WANTS THAT TO COME TO ME?

4      MR. ZAYED:  I BELIEVE SO, YOUR HONOR.  I WASN'T

5  CLEAR EXACTLY WHAT JUDGE FITZGERALD ACTUALLY ORDERED.  IT

6  SEEMED TO ME THAT MR. KREINDLER WAS ASKING WHERE DO I BRING

7  THE STAY, AND THERE WAS A COLLOQUY, AND I BELIEVE THAT THE

8  JUDGE MAY HAVE REFERRED IT TO YOUR HONOR, BUT I'M NOT

9  POSITIVE.

10      MR. KREINDLER:  THAT WASN'T COMPLETELY CLEAR, YOUR

11  HONOR.  I MEAN, I'M HAPPY TO BRING IT BEFORE JUDGE FITZGERALD

12  OR YOUR HONOR.  IT DOESN'T REALLY MATTER TO ME.  I JUST WANT

13  SOMEBODY TO RULE ON IT.

14      THE COURT:  RIGHT.  YOU ONLY HAVE TWO JUDGES, AND

15  WE'RE ALL TRYING TO -- OKAY.  WE'RE NOT TRYING TO AVOID WORK.

16      IN ALL SERIOUSNESS, I THINK IF THERE'S ANY LACK OF

17  SURENESS ON YOUR PART, THAT YOU OUGHT TO DEFAULT TO FILING IT

18  WITH JUDGE FITZGERALD.  AND, YOU KNOW, IF HE COMES BACK TO

19  YOU AND SAYS I TOLD YOU TO FILE IT WITH JUDGE KENTON.  WELL,

20  YOU KNOW, I DON'T THINK THAT WILL HAPPEN.  HE COULD ALWAYS

21  SEND IT OVER HERE.  BUT FOR THE REASONS I STATED I THINK IT

22  CREATES SOME POTENTIAL CONFUSION IN THE SCHEDULING OF THE

23  CASE.

24      YOU HAVEN'T HAD A SCHEDULING CONFERENCE YET?  IS

25  THAT PLANNED?

15

1        MR. ZAYED:  NO, YOUR HONOR.

2        THE COURT:  NO.

3        MR. ZAYED:  BECAUSE -- THE PROBLEM, YOUR HONOR, IS

4   THAT THIS IS RELATED TO ANOTHER MASSIVE CASE THAT'S BEFORE

5   JUDGE FITZGERALD.  WE COMPLETED THE RULE 26(F) IN THIS -- IN

6   OUR CASE, BUT THE JUDGE DEFERRED HOLDING A RULE 16 CONFERENCE

7   UNTIL HE LOOKED AT THE MOTIONS TO DISMISS ON ALL THE MATTERS

8   AND FIGURED OUT WHAT HE WANTED TO DO.  SO, WE STILL HAVE NOT

9   HAD OUR RULE 16 CONFERENCE.  WE'VE COMPLETED OUR RULE 26(F)

10  REPORT WITH OUR PROPOSED DATES, BUT WE HAVE NOT HAD THE

11  CONFERENCE.

12       THE COURT:  UH-HUH.

13       MR. KREINDLER:  YES, IT'S ALSO LIKELY THAT THERE

14  WILL BE ANOTHER AMENDED CROSS-COMPLAINT THAT WILL BE FAIRLY

15  SIGNIFICANT.  SO, THAT MAY PLAY INTO IT AS WELL.

16       THE COURT:  WELL, IF YOU -- YOU'VE AGREED TO --

17  BETWEEN YOURSELVES STAY DISCOVERY AS TO -- MAY I CALL THEM

18  THE OMIDIS, RIGHT?  SO, IN TERMS OF TIMING, FOR THE COURT TO

19  APPROVE YOUR STIPULATION, I GATHER YOU'RE WILLING TO WAIT

20  UNTIL A COURT -- THIS COURT OR JUDGE FITZGERALD -- SIGNS AN

21  ORDER.

22       AND I SAY THAT BECAUSE IF IT COMES TO ME, YOU KNOW,

23  WITH THE HOLIDAYS COMING UP, WE HAVE NEXT WEEK.  BUT AS FAR

24  AS THE LAST TWO WEEKS OF THE YEAR THEY'RE KIND OF SPOTTY.

25  SO, HOPEFULLY, THAT WILL WORK FOR YOU, AND YOU'RE JUST GOING

16

1  TO CONTINUE ON WITH YOUR PRIVATE AGREEMENT.

2           MR. ZAYED:  YES.

3           THE COURT:  IT DOESN'T SEEM TO BE PREJUDICIAL SINCE

4  YOU'RE NOT LOOKING AT A DEADLINE AT THIS POINT.

5           MR. ZAYED:  IF I MAY, YOUR HONOR, JUST TO BE CLEAR.

6           THE COURT:  OKAY.

7           MR. ZAYED:  UNITED DOES NOT AGREE TO ANY STAY.

8           THE COURT:  OH.

9           MR. ZAYED:  WHAT WE HAVE AGREED TO IS A BRIEFING TO

10 AGREE -- THEY'RE GOING TO BRING A MOTION TO STAY.

11          THE COURT:  I SEE.

12          MR. ZAYED:  WE'RE GOING TO OPPOSE IT.

13          THE COURT:  RIGHT.

14          MR. ZAYED:  AS A MATTER OF COURTESY BETWEEN THE

15 PARTIES, WE'VE AGREED -- OKAY.  LET'S AGREE TO A BRIEFING

16 SCHEDULE.  LET'S BRING THAT MOTION BEFORE THE APPROPRIATE

17 JUDGE.

18          IN THE MEANTIME UNITED WILL NOT ISSUE NEW SUBPOENAS

19 OR NEW DISCOVERY REQUESTS TO THIRD PARTIES OR TO THE PARTIES

20 THEMSELVES UNTIL THE STAY IS DECIDED.

21          THE COURT:  TO ANY THIRD PARTIES?

22          MR. ZAYED:  YES.  WE'RE GOING TO HOLD OFF UNTIL THE

23 COURT DECIDES.  WE WANT TO MAKE SURE THAT WE'RE ALL -- WITH

24 RESPECT TO YOUR MOTION TODAY, THE MOTION TODAY, YOUR ORDER,

25 YOUR TENTATIVE, WE BELIEVE THAT THAT WILL BE FINAL AND

17

1    APPROPRIATE.

2            THEY MAY APPEAL.  WHAT I'VE AGREED TO DO ON BEHALF

3    OF UNITED IS I WILL NOT SEEK TO ENFORCE THE SUBPOENAS THAT

4    ARE THE SUBJECT OF THIS COURT'S ORDER UNTIL THAT

5    DETERMINATION IS FINALLY ADJUDICATED AND I HAVE THE GREEN

6    LIGHT TO PROCEED.

7            AS TO THAT, I'M GOING TO CONTINUE UNLESS THERE'S A

8    MOTION TO STAY THAT'S --

9            MR. KREINDLER:  AND WE'LL PREPARE A STIPULATION TO

10   THAT EFFECT, YOUR HONOR.

11           THE COURT:  THAT'S ALL FINE.  OKAY.

12           ON ANOTHER -- ARE WE DONE WITH THESE MOTIONS?

13           MR. ZAYED:  YES.

14           MR. KREINDLER:  I'M DONE.

15           THE COURT:  WOW.  10 MINUTES WORKED, HUH.  REMEMBER

16   HOW IT WAS, YOU KNOW, YOU GET JUDGES WHO SET UNREALISTICALLY

17   SHORT TIMES.  AND THEN YOU MEET THEM.  AND THEN THE JUDGES

18   GET TRAINED LIKE A PAVLOVIAN ANIMAL THAT, GEE, IF I SET SHORT

19   LIMITS, THEY'RE GOING TO DO IT.  AND IT GETS SHORTER AND

20   SHORTER.

21           MR. KREINDLER:  THAT'S WHEN YOU GET 10 MINUTES TO

22   PUT ON YOUR CASE IN CHIEF THAT WE GET A LITTLE NERVOUS.

23           THE COURT:  I THINK I KNOW WHAT COURT YOU MIGHT BE

24   REFERRING TO.

25

REDACTED

20

REDACTED



REDACTED

19



REDACTED

20



```
23        THE COURT:  AND I RESPECT THAT.  I RESPECT ALL
24   COUNSEL.  I WOULD APPRECIATE, ALSO, A SENSE OF CIVILITY THAT
25   I SEE IN SPITE OF GOOD ADVOCACY BEING DISPLAYED.  AND THAT'S
```

23

21

1     ALWAYS GOOD TO SEE.

2              ALL RIGHT.

3              MR. KREINDLER:  THANK YOU, YOUR HONOR.

4              THE COURT:  THANK YOU, ALL.

5              MR. ZAYED:  THANK YOU, YOUR HONOR.

6              THE CLERK:  COURT IS ADJOURNED.

7              (PROCEEDINGS ADJOURNED AT 10:21 A.M.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

22

1

2

3                 C E R T I F I C A T E

4

5        I CERTIFY THAT THE FOREGOING IS A CORRECT

6   TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE

7   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

8

9

10

11   /S/ DOROTHY BABYKIN                    12/20/14

12   _____         _____

13   FEDERALLY CERTIFIED TRANSCRIBER         DATED

14   DOROTHY BABYKIN

15

16

17

18

19

20

21

22

23

24

25

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On December 31, 2014, I served true copies of the following document(s) described as **COUNTERCLAIM DEFENDANTS' UNOPPOSED *EX PARTE* APPLICATION FOR REDACTION OF TRANSCRIPT** on the interested parties in this action.

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 31, 2014, at Los Angeles, California.


*/s/Pamila Chand*
Pamila Chand

1

**SERVICE LIST**

2

3   Bryan Westerfeld                          *Attorneys for Defendant UnitedHealth*
    Nicole E. Wursher                         *Group, Inc. and*
4   WALRAVEN & WESTERFELD LLP                 *Defendants/Counterclaim Plaintiffs*
    101 Enterprise, Suite 350                 *United Healthcare Services, Inc.,*
5   Aliso Viejo, CA 92636                     *United Healthcare Insurance Company;*
    Tel. (949) 215-1997                       *and OptumInsight, Inc.*
6   Fax: (949) 215-1999
    Email: bwesterfeld@calemployerlaw.com
7   Email: nwurscher@calemployerlaw.com

8
    R.J. Zayed                                *Attorneys for Defendant UnitedHealth*
9   Stephen P. Lucke                          *Group, Inc. and*
    DORSEY & WHITNEY LLP                      *Defendants/Counterclaim Plaintiffs*
10  50 South Sixth Street, Suite 1500         *United Healthcare Services, Inc.,*
    Minneapolis, MN 55402                     *United Healthcare Insurance Company;*
11  Tel: (612) 340-2600                       *and OptumInsight, Inc.*
    Fax: (612) 340-2868
12  Email: zayed.rj@dorsey.com
    Email: lucke.steve@dorsey.com
13
    Daron L. Tooch                            *Attorneys for Plaintiff and Counter-*
14  Eric D. Chan                              *Defendant Providers*
    Katherine M. Dru
15  HOOPER, LUNDY & BOOKMAN, P.C.
    1875 Century Park East, Suite 1600
16  Los Angeles, CA 90067
    Tel: (310) 551-8111
17  Fax: (310) 551-8181
    Email: dtooch@health-law.com
18  Email: echan@health-law.com
    Email: kdru@health-law.com
19

20

21

22

23

24

25

26

27

28