# Exhibit 1

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   BRYAN D. DALY, Cal. Bar No. 117901
3  bdaly@sheppardmullin.com
   CHARLES L. KREINDLER, Cal. Bar No. 119933
4  ckreindler@sheppardmullin.com
   BARBARA E. TAYLOR, Cal. Bar No. 166374
5  btaylor@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
7  Facsimile:  213.620.1398

8  Attorneys for Individual Counterclaim
   Defendants Michael Omidi, M.D. and
9  Julian Omidi

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12
   ALMONT AMBULATORY                   Case No. 2:14-cv-03053-MWF(VBKx)
13 SURGERY CENTER, LLC, a              Honorable Michael W. Fitzgerald
   California limited liability company, et
14 al.,                                **MICHAEL OMIDI, M.D. AND
                                        JULIAN OMIDI'S RESPONSE TO
15            Plaintiffs,               DEFENDANTS'/COUNTERCLAIM
                                        PLAINTIFFS' FIRST REQUEST
16       v.                            FOR DOCUMENTS**

17 UNITEDHEALTH GROUP, INC.;
   UNITED HEALTHCARE SERVICES,         Complaint Filed:  March 21, 2014
18 INC., UNITED HEALTHCARE
   INSURANCE COMPANY;                  Trial Date:  None Set
19 OPTUMINSIGHT, INC., and DOES 1
   through 20,

20 _____Defendants._____

21 UNITED HEALTHCARE SERVICES,
   INC., UNITED HEALTHCARE
22 INSURANCE COMPANY;
   OPTUMINSIGHT, INC.,
23
              Counterclaim Plaintiffs,
24
         v.
25
   ALMONT AMBULATORY
26 SURGERY CENTER, LLC, a
   California limited liability company; et
27 al.,
              Counterclaim Defendants.
28

SMRH:435500689.1                          RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
                                                          FIRST REQUEST FOR DOCUMENTS

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | DEFENDANTS/COUNTERCLAIM PLAINTIFFS ("UNITED") |
| 2 | | |
| | RESPONDING PARTY: | INDIVIDUAL COUNTERCLAIM DEFENDANTS |
| 3 | | MICHAEL OMIDI, M.D. and JULIAN OMIDI |
| 4 | SET NO.: | ONE |

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**PRELIMINARY STATEMENT**

Individual Counterclaim Defendants hereby incorporate all General Objections and Specific Objections of Plaintiffs and Counter-Defendants Almont Ambulatory Surgery Center, LLC, et al., i.e., the "Providers."

**REQUEST FOR PRODUCTION NO. 1:**

Produce an excel [sic] or similar spreadsheet listing (1) all claims submitted by you to United for payment with respect to all patients referred to in (a) the Complaint, (b) the Amended Complaint filed in Case No. 2:14-cv-02139, (c) Plaintiffs' Master UHC Spreadsheet for Production (produced to United on July 3, 2013), or (d) Appendix I to United's First Amended Counterclaim, and (2) all amounts you have received, from any source, including patients, as partial or full payment with respect to such patient claims. Such spreadsheet shall include, at a minimum, the following fields for each amount you seek for services provided: (a) patient's last name, (b) patient's first name, (c) the date of service, (d) the CPT or other procedure code, (e) the billed charge, (f) the amount paid, (g) the provider's name, (h) the provider's tax identification number, (i) if known, the name of the group plan under which the patient is or may be covered, (j) if known, whether the group plan is self-funded or fully insured, and (k) date payment received by or on behalf of Plaintiffs and source of payment, i.e., United, other insurer, or patient.

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Individual Counterclaim Defendants object to this Request in its entirety on the following grounds. This Request seeks to discover documents that, to the extent they exist, are not within Individual Counterclaim Defendants' possession, custody, or control in their individual capacities. In the event such documents are determined to be within Individual Counterclaim Defendants' possession, custody, or control, Individual Counterclaim Defendants specifically incorporate the Providers' objections and response to this Request. Moreover, this Request does not comply with Fed. R. Civ. P. 34, in that it requires the creation of a document, rather than production of a pre-existing document.

**REQUEST FOR PRODUCTION NO. 2:**

For each of the claims listed on Exhibit A, produce all documents and communications relating to such claims, including but not limited to:

(a)    Billing Records;

(b)    Medical Records;

(c)    Claim records, including copies of the claim forms Plaintiffs submitted to United (HCFA 1500, CMS 1500, UB-92, UB-04 etc);

(d)    Scheduling records;

(e)    Patient sign-in logs;

(f)    Benefits or coverage information;

(g)    Requests for authorization or approval for services;

(h)    Patient assignments, patient authorizations or other patient records;

(i)    Correspondence with Exhibit A patients, United or other insurers/payers, including all correspondence relating to appeals of denied claims;

(j)    E-mail;

(k)    Call recordings, call transcripts, and call notes, including notes of calls in the database or computer system, as alleged in Paragraph 124 of the Complaint; and

2

1    (l)    Documents reflecting any settlement or compromise of any dispute

2 relating to such claims.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4    Individual Counterclaim Defendants object to this Request in its entirety on

5 the ground that it seeks documents that are not within their possession, custody, or

6 control in their individual capacities.  In the event such documents are determined to

7 be within Individual Counterclaim Defendants' possession, custody, or control,

8 Individual Counterclaim Defendants specifically incorporate the Providers'

9 objections and response to this Request.

10 **REQUEST FOR PRODUCTION NO. 3:**

11    Produce Billing Records sufficient to show all amounts paid by any United

12 Member to any Plaintiff or Counterclaim Defendant, to the extent this information is

13 not produced in response to Request for Production No. 1.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

15    Individual Counterclaim Defendants object to this Request in its entirety on

16 the ground that it seeks documents that are not within their possession, custody, or

17 control in their individual capacities.  In the event such documents are determined to

18 be within Individual Counterclaim Defendants' possession, custody, or control,

19 Individual Counterclaim Defendants specifically incorporate the Providers'

20 objections and response to this Request.

21 **REQUEST FOR PRODUCTION NO. 4:**

22    Produce all documents reflecting or discussing the organizational structure of

23 any Plaintiff or Corporate Counterclaim Defendant, including those that identify (i)

24 the organization, hierarchy, management, or control of employees or independent

25 contractors, (ii) the organization or hierarchy of executive and/or management

26 personnel, (iii) the relationship between and among Plaintiffs/Counterclaim

27 Defendants, and (iv) the ownership, membership, or control of Plaintiffs /

28 Counterclaim Defendants.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Individual Counterclaim Defendants object to this Request in its entirety on the following grounds. This Request seeks documents that are not within Individual Counterclaim Defendants' possession, custody, or control in their individual capacities. In the event such documents are determined to be within Individual Counterclaim Defendants' possession, custody, or control, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request. This Request seeks documents arguably relating to United's alter ego theory of liability alleged in the First Amended Counterclaim ("FACC"), rather than relating to any claim or defense as provided in Fed. R. Civ. P. 26(b)(1). The FACC is subject to the pending Motions to Dismiss. If those Motions are granted, in whole or in part—for example, if the Individual Counterclaim Defendants are dismissed or the Court rules that the alter ego allegations are insufficient to permit alter ego discovery in the underlying action, as opposed to post-judgment proceedings, if any, then the subject matter of this Request will not be relevant.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all agreements or contracts (employment, independent contractor, or otherwise), payroll records, or other records reflecting or addressing the terms of employment, responsibilities, duties, employment status, and relationship, between Counterclaim Defendants and any of the following individuals:

    a.    Maureen Jaroscak

    b.    Robert Silverman

    c.    Elliot Alpert

    d.    Cindy Omidi

    e.    Thomas Cloud

    f.    Charles Klasky

    g.    Robert Macatangay

    h.    Araminta Salazar

4

1    i.    Ryan Stanton

2    j.    Shawn Pezeshk

3    k.    Alexander Weisse

4    1.    Maria Abaca

5    m.    Yesenia F.

6    n.    Levi Green

7    o.    Kimberly Fortier

8    p.    Dr. Atul Madan

9    q.    Dr. Michael Sedrak

10   r.    Dr. Lee Au

11   s.    Dr. Julius Gee

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13        Individual Counterclaim Defendants object to this Request in its entirety on

14   the following grounds.  This Request seeks documents that are not within Individual

15   Counterclaim Defendants' possession, custody, or control in their individual

16   capacities.  In the event such documents are determined to be within Individual

17   Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

18   Defendants specifically incorporate the Providers' objections to this Request.  This

19   Request seeks documents arguably relating to United's alter ego theory of liability

20   alleged in the FACC, rather than relating to any claim or defense as provided in Fed.

21   R. Civ. P. 26(b)(1), and arguably relating to the Unfair Competition Law ("UCL")

22   count in the FACC, specifically allegations relating to patient referrals and the

23   corporate practice of medicine.  The FACC is subject to the pending Motions to

24   Dismiss.  If those Motion are granted, in whole or in part—for example, if the

25   Individual Counterclaim Defendants are dismissed, the Court rules that the alter ego

26   allegations are insufficient to permit alter ego discovery in the underlying action, as

27   opposed to post-judgment proceedings, if any, or the UCL count is preempted by

28   ERISA, then the subject matter of this Request will not be relevant.

1  **REQUEST FOR PRODUCTION NO. 6:**

2      Produce all documents reflecting or referring to the creation of the Corporate

3  Counterclaim Defendants, including filings with state entities related to the creation

4  of Corporate Counterclaim Defendants and documents showing the members or

5  agents of those entities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7      Individual Counterclaim Defendants object to this Request in its entirety on

8  the following grounds.  This Request seeks documents that are not within Individual

9  Counterclaim Defendants' possession, custody, or control in their individual

10  capacities.  In the event such documents are determined to be within Individual

11  Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

12  Defendants specifically incorporate the Providers' objections to this Request.  This

13  Request seeks documents arguably relating to United's alter ego theory of liability

14  alleged in the FACC, rather than relating to any claim or defense as provided in Fed.

15  R. Civ. P. 26(b)(1).  The FACC is subject to the pending Motions to Dismiss.  If

16  those Motions are granted, in whole or in part—for example, if the Individual

17  Counterclaim Defendants are dismissed or the Court rules that the alter ego

18  allegations are insufficient to permit alter ego discovery in the underlying action, as

19  opposed to post-judgment proceedings, if any, then the subject matter of this

20  Request will not be relevant.

21  **REQUEST FOR PRODUCTION NO. 7:**

22      Produce all communications between the Omidis and any of the following

23  individuals related to the creation, incorporation, organization, or governance of any

24  Corporate Counterclaim Defendant:

25      a.    Maureen Jaroscak

26      b.    Robert Silverman

27      c.    Elliot Alpert

28      d.    Cindy Omidi

6

| | | |
|---|---|---|
| 1 | e. | Thomas Cloud |
| 2 | f. | Charles Klasky |
| 3 | g. | Robert Macatangay |
| 4 | h. | Araminta Salazar |
| 5 | i. | Ryan Stanton |
| 6 | j. | Shawn Pezeshk |
| 7 | k. | Alexander Weisse |
| 8 | l. | Maria Abaca |
| 9 | m. | Yesenia F. |
| 10 | n. | Levi Green |
| 11 | o. | Kimberly Fortier |
| 12 | p. | Dr. Atul Madan |
| 13 | q. | Dr. Michael Sedrak |
| 14 | r. | Dr. Lee Au |
| 15 | s. | Dr. Julius Gee |

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Individual Counterclaim Defendants object to this Request in its entirety on the following grounds. United's definition of "the Omidis" (*See* Definitions No. 3) is improper, overbroad, and designed to invade the attorney-client privileged and attorney work product doctrine, as it is not limited to the Individual Counterclaim Defendants, but also includes "any of their attorneys, agents, assigns, or any persons or entities acting on their behalf." This Request seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. This Request seeks documents arguably relating to United's alter ego theory of liability alleged in the FACC, rather than relating to any claim or defense as provided in Fed. R. Civ. P. 26(b)(1). The FACC is subject to the pending Motions to Dismiss. If those Motions are granted, in whole or in part—for example, if the Individual Counterclaim Defendants are dismissed or the Court rules that the alter ego allegations are

7

1  insufficient to permit alter ego discovery in the underlying action, as opposed to

2  post-judgment proceedings, if any, then the subject matter of this Request will not

3  be relevant.  Even if the alter ego allegations survive, this Request is overbroad and

4  unduly burdensome, as it seeks "all communications" between "the Omidis" and

5  nineteen individuals regarding the "creation, incorporation, organization, or

6  governance" of two dozen entities.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      Produce all agreements or contracts (employment, independent contractor, or

9  otherwise) and payroll records between any Plaintiff or Counterclaim Defendant and

10  any physician, nutritionist, psychologist, psychiatrist, nurse, or other medical or

11  health care professional who provided health care services to any Exhibit A Patient.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

13      Individual Counterclaim Defendants object to this Request in its entirety on

14  the following grounds.  This Request seeks documents that are not within Individual

15  Counterclaim Defendants' possession, custody, or control in their individual

16  capacities.  In the event such documents are determined to be within Individual

17  Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

18  Defendants specifically incorporate the Providers' objections to this Request.  This

19  Request seeks documents arguably relating to United's UCL count in the FACC,

20  specifically allegations relating to patient referrals and the corporate practice of

21  medicine.  The FACC is subject to the pending Motions to Dismiss.  If those

22  Motions are granted, in whole or in part—for example, if the UCL count is

23  preempted by ERISA, then the subject matter of this Request will not be relevant.

24  **REQUEST FOR PRODUCTION NO. 9:**

25      Produce all documents reflecting, discussing, or addressing scripts, workflow,

26  questionnaires, policies, procedures, practices, or training materials for employees,

27  agents, or independent contractors associated with Plaintiffs or Counterclaim

28  Defendants, including but not limited to call center personnel, administrators, billing

1  personnel, staff, or health care professionals, including surgeons, physicians,

2  doctors, nurses, psychologists, psychiatrists, therapists, nutritionists, social workers,

3  and laboratory specialists.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5      Individual Counterclaim Defendants object to this Request in its entirety on

6  the ground that it seeks documents that are not within their possession, custody, or

7  control in their individual capacities.  In the event such documents are determined to

8  be within Individual Counterclaim Defendants' possession, custody, or control,

9  Individual Counterclaim Defendants specifically incorporate the Providers'

10  objections to this Request.

11  **REQUEST FOR PRODUCTION NO. 10:**

12      Produce all documents reflecting, discussing, or addressing Plaintiffs or

13  Counterclaim Defendants' marketing or advertising strategy, budget, expenditures,

14  and/or success or conversion rates.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

16      Individual Counterclaim Defendants object to this Request in its entirety on

17  the ground that it seeks documents that are not within their possession, custody, or

18  control in their individual capacities.  In the event such documents are determined to

19  be within Individual Counterclaim Defendants' possession, custody, or control,

20  Individual Counterclaim Defendants specifically incorporate the Providers'

21  objections to this Request.

22  **REQUEST FOR PRODUCTION NO. 11:**

23      Produce all contracts, agreements, leases, or other documents reflecting any

24  agreement or business relationship between, on the one hand, each Counterclaim

25  Defendant, and, on the other hand, any other Counterclaim Defendant.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

27      Individual Counterclaim Defendants object to this Request in its entirety on

28  the following grounds.  This Request seeks information that is not within Individual

1    Counterclaim Defendants' possession, custody, or control in their individual

2    capacities.  In the event such documents are determined to be within Individual

3    Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

4    Defendants specifically incorporate the Providers' objections to this Request.  This

5    Request seeks documents arguably relating to United's alter ego theory of liability

6    alleged in the FACC, rather than relating to any claim or defense as provided in Fed.

7    R. Civ. P. 26(b)(1).  The FACC is subject to the pending Motions to Dismiss.  If

8    those Motions are granted, in whole or in part—for example, if the Individual

9    Counterclaim Defendants are dismissed or the Court rules that the alter ego

10    allegations are insufficient to permit alter ego discovery in the underlying action, as

11    opposed to post-judgment proceedings, if any, then the subject matter of this

12    Request will not be relevant.

13    **REQUEST FOR PRODUCTION NO. 12:**

14        Produce all tax returns for each Plaintiff and Counterclaim Defendant from

15    2005 to present.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

17        Individual Counterclaim Defendants object to this Request in its entirety on

18    the following grounds.  This Request seeks documents that are not within Individual

19    Counterclaim Defendants' possession, custody, or control in their individual

20    capacities.  In the event such documents are determined to be within Individual

21    Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

22    Defendants specifically incorporate the Providers' objections to this Request.  This

23    Request seeks highly sensitive financial information that is not reasonably

24    calculated to lead to discoverable evidence relating to any claim, defense, or theory

25    of liability in this action.  To the extent United contends the requested documents

26    are relevant to its alter ego theory of liability alleged in the FACC, rather than

27    relating to any claim or defense as provided in Fed. R. Civ. P. 26(b)(1), the FACC is

28    subject to the pending Motions to Dismiss.  If those Motions are granted, in whole

1  or in part—for example, if the Individual Counterclaim Defendants are dismissed or

2  the Court rules that the alter ego allegations are insufficient to permit alter ego

3  discovery in the underlying action, as opposed to post-judgment proceedings, if any,

4  then the subject matter of this Request will not be relevant.

5  **REQUEST FOR PRODUCTION NO. 13:**

6      Produce all tax returns for the Omidis from 2005 to present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8      Individual Counterclaim Defendants object to this Request in its entirety on

9  the following grounds.  United's definition of "the Omidis"  (*See* Definitions No. 3)

10  is improper and overbroad, as it is not limited to the Individual Counterclaim

11  Defendants, but also includes "any of their attorneys, agents, assigns, or any persons

12  or entities acting on their behalf."  This Request seeks highly sensitive financial

13  information that is not reasonably calculated to lead to discoverable evidence

14  relating to any claim, defense, or theory of liability in this action.  To the extent

15  United contends the requested documents are relevant to its alter ego theory of

16  liability alleged in the FACC, rather than relating to any claim or defense as

17  provided in Fed. R. Civ. P. 26(b)(1), the FACC is subject to the pending Motions to

18  Dismiss.  If those Motions are granted, in whole or in part—for example, if the

19  Individual Counterclaim Defendants are dismissed or the Court rules that the alter

20  ego allegations are insufficient to permit alter ego discovery in the underlying

21  action, as opposed to post-judgment proceedings, if any, then the subject matter of

22  this Request will not be relevant.

23  **REQUEST FOR PRODUCTION NO. 14:**

24      Produce all documents reflecting any compensation, financial or otherwise,

25  received by the Omidis from any Plaintiff or Corporate Counterclaim Defendant,

26  including payroll or distribution records.

27

28

1 | **RESPONSE TO RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

2 |     Individual Counterclaim Defendants object to this Request in its entirety on

3 | the following grounds.  United's definition of "the Omidis"  (*See* Definitions No. 3)

4 | is improper, overbroad, and designed to invade the attorney-client privileged and

5 | attorney work product doctrine, as it is not limited to the Individual Counterclaim

6 | Defendants, but also includes "any of their attorneys, agents, assigns, or any persons

7 | or entities acting on their behalf." This Request seeks highly sensitive financial

8 | information that is not reasonably calculated to lead to discoverable evidence

9 | relating to any claim, defense, or theory of liability in this action.  To the extent

10 | United contends the requested documents are relevant to its alter ego theory of

11 | liability alleged in the FACC, rather than relating to any claim or defense as

12 | provided in Fed. R. Civ. P. 26(b)(1), the FACC is subject to the pending Motions to

13 | Dismiss.  If those Motions are granted, in whole or in part—for example, if the

14 | Individual Counterclaim Defendants are dismissed or the Court rules that the alter

15 | ego allegations are insufficient to permit alter ego discovery in the underlying

16 | action, as opposed to post-judgment proceedings, if any, then the subject matter of

17 | this Request will not be relevant.

18 | **REQUEST FOR PRODUCTION NO. 15:**

19 |     Produce all documents reflecting or addressing the compensation, financial or

20 | otherwise, received by the following individuals from any Plaintiff or Counterclaim

21 | Defendant, including payroll or distribution records or records of loans, fees

22 | reportable on IRS Form No. 1099, consulting fees or other payments:

23 |       a.    Maureen Jaroscak

24 |       b.    Robert Silverman

25 |       c.    Elliot Alpert

26 |       d.    Cindy Omidi

27 |       e.    Thomas Cloud

28 |       f.    Charles Klasky

12

1     g.     Robert Macatangay

2     h.     Araminta Salazar

3     i.     Ryan Stanton

4     j.     Shawn Pezeshk

5     k.     Alexander Weisse

6     1.     Maria Abaca

7     m.     Yesenia F.

8     n.     Levi Green

9     o.     Kimberly Fortier

10     p.     Dr. Atul Madan

11     q.     Dr. Michael Sedrak

12     r.     Dr. Lee Au

13     s.     Dr. Julius Gee

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

15     Individual Counterclaim Defendants object to this Request in its entirety on

16 the following grounds. This Request seeks documents that are not within Individual

17 Counterclaim Defendants' possession, custody, or control in their individual

18 capacities. In the event such documents are determined to be within Individual

19 Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

20 Defendants specifically incorporate the Providers' objections to this Request. This

21 Request seeks documents arguably relating to United's UCL count in the FACC,

22 specifically allegations relating to patient referrals and the corporate practice of

23 medicine. The FACC is subject to the pending Motions to Dismiss. If those

24 Motions are granted, in whole or in part—for example, if the UCL count is

25 preempted by ERISA, then the subject matter of this Request will not be relevant.

26 **REQUEST FOR PRODUCTION NO. 16:**

27     Produce all documents, including communications from or to a financial

28 institution, related to the opening, initiation, signature authority, or closing of any

13

1  bank, savings, or investment account into which funds related to any United

2  Member was deposited.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4  Individual Counterclaim Defendants object to this Request in its entirety on

5  the following grounds. This Request seeks documents that are not within Individual

6  Counterclaim Defendants' possession, custody, or control in their individual

7  capacities. In the event such documents are determined to be within Individual

8  Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

9  Defendants specifically incorporate the Providers' objections to this Request. This

10  Request seeks documents arguably relating to United's alter ego theory of liability

11  alleged in the FACC, rather than relating to any claim or defense as provided in Fed.

12  R. Civ. P. 26(b)(1), and arguably relating to the tracing element of United's ERISA

13  recoupment count. The FACC is subject to the pending Motions to Dismiss. If

14  those Motions are granted, in whole or in part—for example, if the Individual

15  Counterclaim Defendants are dismissed, the Court rules that the alter ego allegations

16  are insufficient to permit alter ego discovery in the underlying action, as opposed to

17  post-judgment proceedings, if any, or if the District Court Judge rules that United

18  cannot demonstrate tracing as a matter of law, then the subject matter of this

19  Request will not be relevant.

20  **REQUEST FOR PRODUCTION NO. 17:**

21  Produce all subpoenas, search warrants, civil investigative demands, or other

22  informal demands issued to a Plaintiff or Counterclaim Defendant by any

23  Government investigative or regulatory entity from 2005 to the present that relates

24  to the allegations in the First Amended Counterclaim.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

26  Individual Counterclaim Defendants object to this Request in this entirety on

27  the following grounds. This Request seeks documents that are not within Individual

28  Counterclaim Defendants' possession, custody, or control in their individual

14

1  capacities.  In the event such documents are determined to be within Individual

2  Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

3  Defendants specifically incorporate the Providers' objections to this Request.  This

4  Request is not reasonably calculated to lead to discoverable evidence relating to any

5  patient claim at issue in this action.

6  **REQUEST FOR PRODUCTION NO. 18:**

7      Produce all documents produced by a Plaintiff or Counterclaim Defendant to

8  any Government investigative or regulatory entity from 2005 to the present that

9  relates to the allegations in the First Amended Counterclaim.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

11     Individual Counterclaim Defendants object to this Request in this entirety on

12 the following grounds.  This Request seeks documents that are not within Individual

13 Counterclaim Defendants' possession, custody, or control in their individual

14 capacities.  In the event such documents are determined to be within Individual

15 Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

16 Defendants specifically incorporate the Providers' objections to this Request.  This

17 Request is not reasonably calculated to lead to discoverable evidence relating to any

18 patient claim at issue in this action.

19 **REQUEST FOR PRODUCTION NO. 19:**

20     Produce all documents or communications between you and Allergan related

21 to LapBand pricing.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

23     Individual Counterclaim Defendants object to this Request in this entirety on

24 the following grounds.  This Request seeks documents that are not within Individual

25 Counterclaim Defendants' possession, custody, or control in their individual

26 capacities.  In the event such documents are determined to be within Individual

27 Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

28 Defendants specifically incorporate the Providers' objections to this Request.  This

15

1   Request is not reasonably calculated to lead to discoverable evidence relating to any

2   patient claim at issue in this action.

3   **REQUEST FOR PRODUCTION NO. 20:**

4       Produce all documents relating to any claims or defenses asserted in this

5   action.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7       Individual Counterclaim Defendants object to this Request in this entirety on

8   the following grounds. This Request seeks documents that are not within Individual

9   Counterclaim Defendants' possession, custody, or control in their individual

10  capacities. In the event such documents are determined to be within Individual

11  Counterclaim Defendants' possession, custody, or control, Individual Counterclaim

12  Defendants specifically incorporate the Providers' objections to this Request. This

13  Request does not apply to the Individual Counterclaim Defendants to the extent it

14  concerns "claims" because they are not Plaintiffs in this action and therefore do not

15  have any claims in this action in their individual capacities. To the extent this

16  Request concerns "defenses" to the FACC, the FACC is subject to the pending

17  Motions to Dismiss. If those Motions are granted, in whole or in part—for example,

18  if the Individual Counterclaim Defendants are dismissed, then the subject matter of

19  this Request will not be relevant.

20  **REQUEST FOR PRODUCTION NO. 21:**

21      Produce all documents that You intend to introduce or rely upon at trial of

22  this matter.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

24      Individual Counterclaim Defendants object to this Request in its entirety on

25  the following grounds. The FACC is subject to the pending Motions to Dismiss. If

26  the Individual Counterclaim Defendants are dismissed, then this Request will not

27  apply to Individual Counterclaim Defendants. This Request is premature, since the

28  parties have not yet engaged in significant fact discovery and it is too early to

16

1 | identify all documents that Individual Counterclaim Defendants intend to "introduce
2 | or rely upon" at trial if they are not dismissed from this action.

3 | **REQUEST FOR PRODUCTION NO. 22:**

4 |     Produce all documents You referenced or relied upon in answering
5 | DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF
6 | INTERROGATORIES TO COUNTERCLAIM DEFENDANTS.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

8 |     Individual Counterclaim Defendants object to this Request in its entirety on
9 | the following grounds.  This Request intrudes upon the attorney-client privilege and
10 | attorney work product doctrine.  This Request is overbroad and unduly burdensome.
11 | To the extent it seeks the production of documents referenced in Individual
12 | Counterclaim Defendants' Responses to United's First Set of Interrogatories, those
13 | documents are already in United's possession.

14 | Dated:  December 8, 2014

15 |                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17 |          By
18 |                   BARBARA E. TAYLOR
19 |             Attorneys for Individual Counterclaim
20 |             Defendants Michael Omidi, M.D.
               and Julian Omidi

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On December 8, 2014, I served true copies of the following document(s) described as **MICHAEL OMIDI, M.D. AND JULIAN OMIDI'S RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS** on the interested parties in this action as follows:

**See Attached Service List**

☒      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 8, 2014, at Los Angeles, California.

_____
Angie Sotelo

1

# SERVICE LIST

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Bryan Westerfeld | *Attorneys for Defendant UnitedHealth* |
| | Nicole E. Wursher | *Group, Inc. and* |
| 4 | WALRAVEN & WESTERFELD LLP | *Defendants/Counterclaim Plaintiffs* |
| | 101 Enterprise, Suite 350 | *United Healthcare Services, Inc.,* |
| 5 | Aliso Viejo, CA 92636 | *United Healthcare Insurance Company;* |
| | Tel. (949) 215-1997 | *and OptumInsight, Inc.* |

Bryan Westerfeld
Nicole E. Wursher
WALRAVEN & WESTERFELD LLP
101 Enterprise, Suite 350
Aliso Viejo, CA 92636
Tel. (949) 215-1997
Fax: (949) 215-1999
Email: bwesterfeld@calemployerlaw.com
Email: nwurscher@calemployerlaw.com

*Attorneys for Defendant UnitedHealth
Group, Inc. and
Defendants/Counterclaim Plaintiffs
United Healthcare Services, Inc.,
United Healthcare Insurance Company;
and OptumInsight, Inc.*

R.J. Zayed
Stephen P. Lucke
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 340-2600
Fax: (612) 340-2868
Email: zayed.rj@dorsey.com
Email: lucke.steve@dorsey.com

*Attorneys for Defendant UnitedHealth
Group, Inc. and
Defendants/Counterclaim Plaintiffs
United Healthcare Services, Inc.,
United Healthcare Insurance Company;
and OptumInsight, Inc.*

Daron L. Tooch
Eric D. Chan
Katherine M. Dru
HOOPER, LUNDY & BOOKMAN, P.C.
1875 Century Park East, Suite 1600
Los Angeles, CA 90067
Tel: (310) 551-8111
Fax: (310) 551-8181
Email: dtooch@health-law.com
Email: echan@health-law.com
Email: kdru@health-law.com

*Attorneys for Plaintiff and Counter-
Defendant Providers*

2