# Exhibit 2

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   BRYAN D. DALY, Cal. Bar No. 117901
3  bdaly@sheppardmullin.com
   CHARLES L. KREINDLER, Cal. Bar No. 119933
4  ckreindler@sheppardmullin.com
   BARBARA E. TAYLOR, Cal. Bar No. 166374
5  btaylor@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
7  Facsimile:   213.620.1398

8  Attorneys for Individual Counterclaim
   Defendants Michael Omidi, M.D. and
9  Julian Omidi

10                 UNITED STATES DISTRICT COURT

11         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12
   ALMONT AMBULATORY                    Case No. 2:14-cv-03053-MWF(VBKx)
13 SURGERY CENTER, LLC, a               Honorable Michael W. Fitzgerald
   California limited liability company, et
14 al.,                                 **MICHAEL OMIDI, M.D. AND
                                        JULIAN OMIDI'S RESPONSE TO
15            Plaintiffs,               DEFENDANTS'/COUNTERCLAIM
        v.                              PLAINTIFFS' FIRST SET OF
16                                      INTERROGATORIES TO
   UNITEDHEALTH GROUP, INC.;            PLAINTIFFS/COUNTERCLAIM
17 UNITED HEALTHCARE SERVICES,          DEFENDANTS**
   INC., UNITED HEALTHCARE
18 INSURANCE COMPANY;                   Complaint Filed:  March 21, 2014
   OPTUMINSIGHT, INC., and DOES 1
19 through 20,                          Trial Date:  None Set

20            Defendants.

21 UNITED HEALTHCARE SERVICES,
   INC., UNITED HEALTHCARE
22 INSURANCE COMPANY;
   OPTUMINSIGHT, INC.,
23
              Counterclaim Plaintiffs,
24       v.

25 ALMONT AMBULATORY
   SURGERY CENTER, LLC, a
26 California limited liability company; et
   al.,
27            Counterclaim Defendants.

28

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | DEFENDANTS/COUNTERCLAIM PLAINTIFFS ("UNITED") |
| 2 | | |
| | RESPONDING PARTY: | INDIVIDUAL COUNTERCLAIM DEFENDANTS |
| 3 | | MICHAEL OMIDI, M.D. and JULIAN OMIDI |
| 4 | SET NO.: | ONE |

**RESPONSES TO INTERROGATORIES**

**PRELIMINARY STATEMENT**

Individual Counterclaim Defendants hereby incorporate all General Objections and Specific Objections of Plaintiffs and Counter-Defendants Almont Ambulatory Surgery Center, LLC, et al., i.e., the "Providers."

**INTERROGATORY NO. 1:**

Identify the amount you charged to any patient who obtained services under CPT codes 43239, 43770, and 47562 between January 1, 2005 and the present, including any patient who paid for such services without financial assistance from any health care benefit plan, insurer, or managed care organization.

**RESPONSE TO INTERROGATORY NO. 1:**

Individual Counterclaim Defendants object to this Request in its entirety on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities. In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request.

**INTERROGATORY NO. 2:**

Identify all health care professionals employed by, contracting with, or operating under the control of any Plaintiff or Counterclaim Defendant who provided any health care service to all Exhibit A Patients, including but not limited

1

1  to surgeons, physicians, doctors, nurses, psychologists, psychiatrists, therapists,

2  nutritionists, social workers, and laboratory specialists.

3  **RESPONSE TO INTERROGATORY NO. 2:**

4      Individual Counterclaim Defendants object to this Request in its entirety on

5  the ground that it seeks information that is not within their possession, custody, or

6  control in their individual capacities.  In the event such information is determined to

7  be within the possession, custody, or control of Individual Counterclaim

8  Defendants, Individual Counterclaim Defendants specifically incorporate the

9  Providers' objections to this Request.

10  **INTERROGATORY NO. 3:**

11      Identify all individuals who prepared, processed, evaluated, or administered

12  any of the Claims submitted to United for all Exhibit A Patients.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14      Individual Counterclaim Defendants object to this Request in its entirety on

15  the ground that it seeks information that is not within their possession, custody, or

16  control in their individual capacities.  In the event such information is determined  to

17  be within the possession, custody, or control of Individual Counterclaim

18  Defendants, Individual Counterclaim Defendants specifically incorporate the

19  Providers' objections to this Request.

20  **INTERROGATORY NO. 4:**

21      Identify all bank accounts, including the accounts referenced in the First

22  Amended Counterclaim, into which funds related to any United Member was

23  deposited, by the name of the bank or financial institution, account number, and the

24  name of the account holder and all signatories.

25  **RESPONSE TO INTERROGATORY NO. 4:**

26      Individual Counterclaim Defendants object to this Request in its entirety on

27  the following grounds.  This Request seeks information that is not within Individual

28  Counterclaim Defendants' possession, custody, or control in their individual

1   capacities.  In the event such information is determined to be within the possession,

2   custody, or control of Individual Counterclaim Defendants, Individual Counterclaim

3   Defendants specifically incorporate the Providers' objections to this Request.  This

4   Request seeks documents arguably relating to United's alter ego theory of liability

5   alleged in the First Amended Counterclaim ("FACC"), rather than relating to any

6   claim or defense as provided in Fed. R. Civ. P. 26(b)(1), and arguably relating to the

7   tracing element of United's ERISA recoupment count.  The FACC is subject to the

8   pending Motions to Dismiss.  If those Motions are granted, in whole or in part—for

9   example, if the Individual Counterclaim Defendants are dismissed, the Court rules

10  that the alter ego allegations are insufficient to permit alter ego discovery in the

11  underlying action, as opposed to post-judgment proceedings, if any, or if the District

12  Court Judge rules that United cannot demonstrate tracing as a matter of law, then the

13  subject matter of this Request will not be relevant.

14  **INTERROGATORY NO. 5:**

15      Identify all mailing addresses, business addresses, practice addresses, or other

16  addresses used by each Plaintiff or Counterclaim Defendant between January 1,

17  2005 to the present.  This includes all private or rented mail boxes, post office

18  boxes, physical addresses, office addresses, work addresses, and home addresses,

19  regardless of whether business was conducted on site.

20  **RESPONSE TO INTERROGATORY NO. 5:**

21      Individual Counterclaim Defendants object to this Request in its entirety on

22  the following ground.  This Request seeks information arguably relating to

23  Counterclaim Plaintiffs' alter ego theory of liability alleged in the FACC, rather

24  than relating to any claim or defense as provided in Fed. R. Civ. P. 26(b)(1).  The

25  FACC is subject to the pending Motions to Dismiss.  If those Motions are granted,

26  in whole or in part—for example, if the Individual Counterclaim Defendants are

27  dismissed or the Court rules that the alter ego allegations are insufficient to permit

28

3

1 alter ego discovery in the underlying action, as opposed to post-judgment

2 proceedings, if any, then the subject matter of this Request will not be relevant.

3 **INTERROGATORY NO. 6:**

4     For each Plaintiff or Counterclaim Defendant, identify all Tax Identification

5 Numbers and National Provider Identifier numbers used for Claims submitted to

6 United, including Claims for which you contend payment is due.

7 **RESPONSE TO INTERROGATORY NO. 6:**

8     Individual Counterclaim Defendants object to this Request in its entirety on

9 the ground that it seeks information that is not within their possession, custody, or

10 control in their individual capacities.  In the event such information is determined to

11 be within the possession, custody, or control of Individual Counterclaim

12 Defendants, Individual Counterclaim Defendants specifically incorporate the

13 Providers' objections and response to this Request.

14 **INTERROGATORY NO. 7:**

15     For all Exhibit A Patients, identify the dates of service, service provided (CPT

16 code), provider, and Tax Identification Number for all services for which you are

17 seeking payment or damages.

18 **RESPONSE TO INTERROGATORY NO. 7:**

19     Individual Counterclaim Defendants object to this Request in its entirety on

20 the ground that it seeks information that is not within their possession, custody, or

21 control in their individual capacities.  In the event such information is determined to

22 be within the possession, custody, or control of Individual Counterclaim

23 Defendants, Individual Counterclaim Defendants specifically incorporate the

24 Providers' objections and response to this Request.

25 **INTERROGATORY NO. 8:**

26     For all Exhibit A Patients who have paid you directly for any services,

27 including any copayment, coinsurance amount, deductible amount, or any other kind

28 of payment, identify the patient's name, date of service, service provided (CPT

1  code), physician or facility, billing provider, servicing provider, total amount
2  charged, amount collected from the patient, and the date of the patient's payment.
3  **RESPONSE TO INTERROGATORY NO. 8:**
4      Individual Counterclaim Defendants object to this Request in its entirety on
5  the ground that it seeks information that is not within their possession, custody, or
6  control in their individual capacities.  In the event such information is determined to
7  be within the possession, custody, or control of Individual Counterclaim
8  Defendants, Individual Counterclaim Defendants specifically incorporate the
9  Providers' objections and response to this Request.
10  **INTERROGATORY NO. 9:**
11      For each Corporate Counterclaim Defendant, identify your relationship,
12  responsibilities, affiliation, and association with each of the other Plaintiffs or
13  Counterclaim Defendants, including whether you receive any form of compensation
14  from, or as a result of the operations of, such entities.
15  **RESPONSE TO INTERROGATORY NO. 9:**
16      Individual Counterclaim Defendants object to this Request in its entirety on
17  the following ground.  This Request seeks information arguably relating to
18  Counterclaim Plaintiffs' alter ego theory of liability alleged in the FACC, rather
19  than relating to any claim or defense as provided in Fed. R. Civ. P. 26(b)(1).  The
20  FACC is subject to the pending Motions to Dismiss.  If those Motions are granted,
21  in whole or in part—for example, if the Individual Counterclaim Defendants are
22  dismissed or the Court rules that the alter ego allegations are insufficient to permit
23  alter ego discovery in the underlying action, as opposed to post-judgment
24  proceedings, if any, then the subject matter of this Request will not be relevant.
25  **INTERROGATORY NO. 10:**
26      Identify the name of any legal counsel, including in-house counsel and
27  outside counsel, that you have retained to perform legal services from January 1,
28

5

1   2005 to the present and that has provided advice with respect to the corporate

2   organization of any Plaintiff or Counterclaim Defendant.

3   **RESPONSE TO INTERROGATORY NO. 10:**

4        Individual Counterclaim Defendants object to this Request in its entirety on

5   the following grounds. This Request seeks information that is not within Individual

6   Counterclaim Defendants' possession, custody, or control in their individual

7   capacities. In the event such information is determined to be within the possession,

8   custody, or control of Individual Counterclaim Defendants, Individual Counterclaim

9   Defendants specifically incorporate the Providers' objections to this Request. This

10  Request seeks information protected by the attorney-client privilege and attorney

11  work product doctrine. This Request seeks information arguably relating to

12  Counterclaim Plaintiffs' alter ego theory of liability alleged in the FACC, rather

13  than relating to any claim or defense as provided in Fed. R. Civ. P. 26(b)(1). The

14  FACC is subject to the pending Motions to Dismiss. If those Motions are granted,

15  in whole or in part—for example, if the Individual Counterclaim Defendants are

16  dismissed or the Court rules that the alter ego allegations are insufficient to permit

17  alter ego discovery in the underlying action, as opposed to post-judgment

18  proceedings, if any, then the subject matter of this Request will not be relevant.

19  **INTERROGATORY NO. 11:**

20       Identify any other individual, not previously identified, who has knowledge of

21  the events, communications, or documents out of which this Litigation arises.

22  **RESPONSE TO INTERROGATORY NO. 11:**

23       Individual Counterclaim Defendants object to this Request in its entirety on

24  the following grounds. This Request seeks information that is not within Individual

25  Counterclaim Defendants' possession, custody, or control in their individual

26  capacities. In the event such information is determined to be within the possession,

27  custody, or control of Individual Counterclaim Defendants, Individual Counterclaim

28  Defendants specifically incorporate the Providers' objections to this Request. This

6

1  Request is vague in that it does not identify what individuals have been "previously
2  identified."

3  **INTERROGATORY NO. 12:**

4      Identify the physical location of any documents responsive to United's First
5  Requests for Production of Documents.

6  **RESPONSE TO INTERROGATORY NO. 12:**

7      Individual Counterclaim Defendants object to this Request in its entirety on
8  the following grounds.  This Request seeks information that is not within Individual
9  Counterclaim Defendants' possession, custody, or control in their individual
10  capacities.  In the event such information is determined to be within the possession,
11  custody, or control of Individual Counterclaim Defendants, Individual Counterclaim
12  Defendants specifically incorporate the Providers' objections to this Request.

13  **INTERROGATORY NO. 13:**

14      Identify the factual basis of your claim for damages, including the amount
15  sought and basis thereof.

16  **RESPONSE TO INTERROGATORY NO. 13:**

17      This Request does not apply to Individual Counterclaim Defendants because
18  they are not Plaintiffs in this action and therefore do not have any claim for damages
19  in this action in their individual capacities.

20  **INTERROGATORY NO. 14:**

21      If you responded to any of United's Requests for Admissions with anything
22  less than an unqualified "admit," provide the factual basis for your objection or
23  denial.

24  **RESPONSE TO INTERROGATORY NO. 14:**

25      The Requests for Admissions seek information arguably relating to
26  Counterclaim Plaintiffs' alter ego theory of liability alleged in the FACC, rather
27  than relating to any claim or defense as provided in Fed. R. Civ. P. 26(b)(1).  The
28  FACC is subject to the pending Motions to Dismiss.  If those Motions are granted,

SMRH:435500432.1                RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF
                                INTERROGATORIES TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS

1  in whole or in part—for example, if the Individual Counterclaim Defendants are
2  dismissed or the Court rules that the alter ego allegations are insufficient to permit
3  alter ego discovery in the underlying action, as opposed to post-judgment
4  proceedings, if any, then the subject matter of this Request will not be relevant.

5  **INTERROGATORY NO. 15:**

6          Identify the case name, case number, and the venue of each legal proceeding
7  in which you have appeared as a party, either as plaintiff, defendant, claimant,
8  petitioner, respondent, intervenor, or other third party, since January 1, 2008. This
9  request includes all civil, criminal, arbitration, and administrative proceedings.

10  **RESPONSE TO INTERROGATORY NO. 15:**

11          Individual Counterclaim Defendants object to this Request in its entirety on
12  the ground that it is not reasonably calculated to lead to discoverable evidence
13  relating to any patient claim at issue in this action.

14  Dated:  December 8, 2014

15                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

16

17                  By

18                          BARBARA E. TAYLOR
19                          Attorneys for Individual Counterclaim
20                          Defendants Michael Omidi, M.D.
                            and Julian Omidi

21

22

23

24

25

26

27

28

8

SMRH:435500432.1                    RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF
                                    INTERROGATORIES TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS

PROOF OF SERVICE

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On December 8, 2014, I served true copies of the following document(s) described as **MICHAEL OMIDI, M.D. AND JULIAN OMIDI'S RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS** on the interested parties in this action as follows:

**See Attached Service List**

☒    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 8, 2014, at Los Angeles, California.

Angie Sotelo

SMRH:435500432.1                RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS

1

# SERVICE LIST

2

3   Bryan Westerfeld                          *Attorneys for Defendant UnitedHealth*
    Nicole E. Wursher                          *Group, Inc. and*
4   WALRAVEN & WESTERFELD LLP                  *Defendants/Counterclaim Plaintiffs*
    101 Enterprise, Suite 350                  *United Healthcare Services, Inc.,*
5   Aliso Viejo, CA 92636                      *United Healthcare Insurance Company;*
    Tel. (949) 215-1997                        *and OptumInsight, Inc.*
6   Fax: (949) 215-1999
    Email: bwesterfeld@calemployerlaw.com
7   Email: nwurscher@calemployerlaw.com

8

9   R.J. Zayed                                 *Attorneys for Defendant UnitedHealth*
    Stephen P. Lucke                           *Group, Inc. and*
    DORSEY & WHITNEY LLP                        *Defendants/Counterclaim Plaintiffs*
10  50 South Sixth Street, Suite 1500          *United Healthcare Services, Inc.,*
    Minneapolis, MN 55402                      *United Healthcare Insurance Company;*
11  Tel: (612) 340-2600                        *and OptumInsight, Inc.*
    Fax: (612) 340-2868
12  Email: zayed.rj@dorsey.com
    Email: lucke.steve@dorsev.com

13

    Daron L. Tooch                             *Attorneys for Plaintiff and Counter-*
14  Eric D. Chan                               *Defendant Providers*
    Katherine M. Dru
15  HOOPER, LUNDY & BOOKMAN, P.C.
    1875 Century Park East, Suite 1600
16  Los Angeles, CA 90067
    Tel: (310) 551-8111
17  Fax: (310) 551-8181
    Email: dtooch@health-law.com
18  Email: echan@health-law.com
    Email: kdru@health-law.com

19

20

21

22

23

24

25

26

27

28

2