# EXHIBIT 1

# Danaher Corporation & Subsidiaries
# Medical Plan
# (Plan No. 502)

## A Constituent Program
## In The Danaher Corporation & Subsidiaries
## Flexible Compensation Plan

Amended and Restated Effective: January 1, 2005

# DANAHER CORPORATION & SUBSIDIARIES
# MEDICAL PLAN

TABLE OF CONTENTS

| | | |
|---|---|---|
| ARTICLE I | INTRODUCTION | 2 |
| ARTICLE II | DEFINITIONS | 4 |
| ARTICLE III | ELIGIBILITY AND PARTICIPATION | 9 |
| ARTICLE IV | CONSTITUENT MEDICAL ARRANGEMENTS AND BENEFITS | 11 |
| ARTICLE V | ADMINISTRATION | 12 |
| ARTICLE VI | COORDINATION OF BENEFITS, SUBROGATION, AND OTHER REQUIREMENTS | 15 |
| ARTICLE VII | CLAIMS UNDER CONSTITUENT MEDICAL ARRANGEMENTS | 22 |
| ARTICLE VIII | AMENDMENT AND TERMINATION | 29 |
| ARTICLE IX | PARTICIPATING COMPANIES | 30 |
| ARTICLE X | MISCELLANEOUS | 31 |
| ARTICLE XI | COBRA CONTINUATION COVERAGE PROVISIONS | 35 |

# ARTICLE I
## INTRODUCTION

1.1  Name.  The name of this plan is the Danaher Corporation & Subsidiaries Medical Plan.

1.2  Purpose.  This Medical Plan was previously established by Danaher Corporation (the "Company") and is continued hereunder in the form of this instrument in order to provide for Eligible Employees of the Company and other Participating Companies and their Dependents, where applicable, medical benefits, through insurance or otherwise.

1.3  Relationship to Flexible Compensation Plan.  This Medical Plan is a Constituent Program in the Flexible Compensation Plan.

1.4  Status of Medical Plan.  This Medical Plan is, together with the Flexible Compensation Plan of which it is a Constituent Program, an employee welfare benefit plan as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  It is, furthermore, as of the Restatement Date, a fringe benefit plan as defined in Section 6039D(d)(1) of the Code.  It is not an employee pension benefit plan as defined in Section 3(2) of ERISA.

1.5  Medical Plan Documentation.  This document sets forth certain common and umbrella provisions for the Constituent Medical Arrangements.  The documents forming the plan document for this Medical Plan consist of the items set forth below, as they may be amended from time to time, in the following order of precedence:

(a)  the text of this document;

(b)  any collective bargaining agreement that provides for participation under any Constituent Medical Arrangement;

(c)  the text of the Flexible Compensation Plan, to the extent applicable to this Medical Plan;

(d)  any insurance policy, HMO agreement or similar agreement providing the benefits under any Constituent Medical Arrangement, including any appendices, exhibits or other related documentation, such as booklets or other documents specifying the benefits to be provided and groups covered;

(e)  any third-party administration agreement or similar agreement providing for the administration of claims under any Constituent Medical Arrangement, including any appendices, exhibits or other related documentation, such as booklets or other documents specifying the benefits to be provided and groups covered;

(f)  any certificate of coverage setting forth the benefits provided under any Constituent Medical Arrangement;

2

Case 2:14-cv-03053-MWF-AFM Document 184-2 Filed 07/29/15 Page 5 of 8 Page ID #:7641

    (g) the text of any summary plan description to this Medical Plan;

    (h) the text of any summary plan description to the Flexible Compensation Plan; and

    (i) the text of any Constituent Medical Arrangement Document not referenced above which constitutes a summary plan description for any Constituent Medical Arrangement.

 In case of any inconsistency or ambiguity, as determined by the Plan Administrator, the documents shall be read in the order of precedence set forth above, provided however that, if the Plan Administrator shall determine in its sole discretion that any summary plan description for the Flexible Compensation Plan, this Medical Plan or any Constituent Medical Arrangement is so seriously misleading that a court is likely to follow it rather than the other documents and that a Participant has relied upon it, then the Plan Administrator may use its discretion to have such summary plan description followed, but this exception shall not be interpreted to grant to any court any right to prefer the summary plan description to the other documents.

3

# ARTICLE X
## MISCELLANEOUS

10.1 <u>Exclusive Benefit</u>. This Medical Plan and the Constituent Medical Arrangements have been adopted for the exclusive benefit of the Eligible Employees and their Dependents. No amounts under this Medical Plan or under any Constituent Medical Arrangement shall at any time be used other than for the benefit of the Participants or the payment of administrative expenses of this Medical Plan. Notwithstanding the foregoing provisions of this Section, nothing contained in this Medical Plan or any Constituent Medical Arrangement shall be construed as giving to any Employee or any other person any legal or equitable right against the Participating Companies or any Affiliates or any related companies unless such right shall exist by reason of the express provisions of this Medical Plan.

10.2 <u>No Assets</u>. Participation in this Medical Plan shall not entitle any Participant, or other person claiming through a Participant, to any assets of any Participating Company or Affiliate. No funds shall in any way be set aside or segregated from the general assets of the Participating Companies or Affiliates by reason of a Participant's participation in the Medical Plan or in any Constituent Medical Arrangement, except as expressly provided in the Medical Plan or such Constituent Medical Arrangement.

10.3 <u>No Employment Right</u>. Nothing herein contained shall be construed as giving any Employee the right to be retained in the service of a Participating Company or any Affiliate, or shall in any way affect the right of any Participating Company or Affiliate to control its Employees and to terminate the employment or services of any individual at any time.

10.4 <u>Construction</u>. This Medical Plan shall be construed, regulated, and administered under the laws of the State of Ohio, not including conflicts of laws provisions, to the extent not preempted by ERISA or any other federal law. Any proceeding arising out of or relating to this Medical Plan may be brought in the courts of the State of Ohio, or, if it has or can acquire jurisdiction, in the United States District Court for the State of Ohio, and each of the parties to any such proceeding irrevocably submits to the exclusive jurisdiction of each such court in any such proceeding, waives any objection it may now or hereafter have to venue or to convenience of forum, agrees that all claims in respect of the proceeding shall be heard and determined only in any such court and agrees not to bring any proceeding arising out of or relating to this Medical Plan in any other court.

Effective as of January 1, 2007, this Medical Plan shall be construed, regulated, and administered under the laws of the State of Delaware, not including conflicts of laws provisions, to the extent not preempted by ERISA or any other federal law. Any proceeding arising out of or relating to this Medical Plan may be brought in the courts of the State of Delaware, or, if it has or can acquire jurisdiction, in the United States District Court for the State of Delaware, and each of the parties to any such proceeding irrevocably submits to the exclusive jurisdiction of each such court in any such proceeding, waives any objection it may now or hereafter have to venue or to convenience of forum, agrees that all claims in respect of the proceeding shall be heard and

determined only in any such court and agrees not to bring any proceeding arising out of or relating to this Medical Plan in any other court.

10.5 No Liability. No liability shall be incurred by a Participating Company or Affiliate beyond the specific provisions of this Medical Plan and the Constituent Medical Arrangements.

10.6 Satisfaction of Claims. Any payment to any Participant, or to the Participant's legal representative (or parent, in the case of any Participant who is a minor) in accordance with the provisions of this Medical Plan or of any Constituent Medical Arrangement shall, to the extent thereof, be in full satisfaction of all claims hereunder against the Administrator, the Claims Administrator, and any Participating Company or Affiliate, and the Plan Administrator or Claims Administrator may require such Participant, legal representative or parent, as a condition precedent to such payment, to execute a receipt and release therefor in such form as shall be determined by the Plan Administrator or Claims Administrator.

10.7 Severability. If any provision of this Medical Plan, or a Constituent Medical Arrangement is held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provisions, and this Medical Plan or such Constituent Medical Arrangement shall be construed and enforced as if such provisions had not been included, but instead, at the option of the Company, as if the Medical Plan or such Constituent Medical Arrangement included such different provision as in the judgment of the Company would be valid and enforceable and yet most nearly carry out the intent and purpose of the original provision and the Company may retroactively amend such Medical Plan or Constituent Medical Arrangement to add such provision.

10.8 Interpretation. All provisions of this Medical Plan and the Constituent Medical Arrangement shall be interpreted and administered in accordance with the provisions of ERISA and the Code in a nondiscriminatory manner, all as determined by the Plan Administrator in its sole discretion.

10.9 Impossibility. In the event that it becomes impossible for a Participating Company, the Plan Administrator or Claims Administrator to perform any act under the Medical Plan or any Constituent Medical Arrangement, that act shall be performed which, in the judgment of the Participating Company, Plan Administrator or Claims Administrator, as the case may be, will most nearly carry out the intent and purpose of the Medical Plan or Constituent Medical Arrangement.

10.10 Number. The singular herein shall include the plural, or vice versa, wherever the context so requires.

10.11 Multiple Fiduciary Capacities. A person may serve in more than one fiduciary capacity hereunder.

10.12 Indemnification. The Participating Companies shall jointly and severally indemnify, defend, and hold harmless any employee, officer, or member of the Board of Directors of a Participating Company or Affiliate, for all acts taken or omitted in carrying out the responsibilities of the Company, a Participating Company, or the Company as Plan

Case 2:14-cv-03053-MWF-AFM Document 184-2 Filed 07/29/15 Page 8 of 8 Page ID #:7644

Administrator under the terms of any Constituent Medical Arrangement, or in carrying out other responsibilities imposed upon such individual by law. This indemnification for all such acts taken or omitted is intentionally broad, but shall not provide indemnification for any civil penalty that may be imposed under Section 502(i) of ERISA, nor shall it provide indemnification for embezzlement or diversion of funds from the Participating Companies, the Medical Plan or any Constituent Medical Arrangement for the benefit of any such individual(s). The Participating Companies shall jointly and severally indemnify such individuals for the expenses of defending an action by an Employee, Participant, Dependent, service provider, insurance company, government entity or other person, including all legal fees and other costs of such defense. The Participating Companies shall also reimburse such an individual for any monetary recovery in a successful action against such person in any federal or state court or arbitration. In addition, if a claim is settled out of court with the concurrence of the Company, the Participating Companies shall jointly and severally indemnify such individuals for any monetary liability under any such settlement, and the expenses thereof. Such indemnification will not be provided to any person who is not a present or former employee, or present or former member of the Board of Directors of a Participating Company or Affiliate, nor shall it be provided for any claim by a Participating Company or Affiliate against such individual.

10.13 <u>Excess Benefits</u>. ==In the event any benefit payment made under the Medical Plan or any Constituent Medical Arrangement, to any Participant or to any authorized representative of a Participant, is in excess of the benefit payment which should have been made, the Plan Administrator shall have the right to recover the excess amount from such Participant or authorized representative. The Plan Administrator may, in its discretion, deduct the amount of such excess benefit payment from any future benefits payable to or on behalf of the Participant or authorized representative under the Medical Plan or any Constituent Medical Arrangement.==

10.14 <u>Facility of Payment</u>. If the Company determines that a person entitled to benefits hereunder is unable to care for his or her affairs because of his or her status as a minor, illness, accident, or other incapacity, the Company may, in its discretion, direct any payment due to him or her be paid to his or her legal guardian or other representative. Furthermore, the Company may, in its discretion, direct payment otherwise due to a minor to the guardian of the minor or the person having custody of the minor. Any payment under this Section 10.14 shall be made for the account of such incapacitated person, and shall to the extent thereof be a complete discharge of the obligations under this Medical Plan to such person.

10.15 <u>Compliance with Medical Plan Provisions</u>. Failure of the Company to insist upon compliance with any given provision of this Medical Plan at any given time will not affect the Company's right to insist upon compliance with such provision at any other time.

10.16 <u>Titles</u>. The titles herein are for reference only. In the event of a conflict between a title and the content of a Section, the content of the Section shall control.

10.17 <u>Privacy Requirements</u>. This Medical Plan shall disclose to the Company or any Affiliate protected health information as defined in 45 C.F.R. § 164.501 only upon receipt of a certification by the Company or its Affiliate, as applicable, that the Company or the Affiliate, as applicable, agrees to:

HOLLY EXHIBIT 1          PAGE 10          JRDEF00041993

EXHIBIT B - 69