# EXHIBIT 7

---

## PLAN DOCUMENT
## FOR
## THE ENTERPRISE HOLDINGS HOSPITAL INSURANCE PLAN
(Amended and Restated as of January 1, 2011)

---

# TABLE OF CONTENTS

| | Page |
|---|---|
| ARTICLE ONE – INTRODUCTION, PURPOSE AND DEFINITIONS | 1 |
| ARTICLE TWO – ELIGIBILITY | 5 |
| ARTICLE THREE – FUNDING | 5 |
| ARTICLE FOUR – TERMINATION OF COVERAGE AND CONTINUATION UNDER THE FAMILY AND MEDICAL LEAVE ACT AND UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT | 6 |
| ARTICLE FIVE – AMENDMENT OR TERMINATION | 8 |
| ARTICLE SIX – ADMINISTRATION | 8 |
| ARTICLE SEVEN – MISCELLANEOUS | 10 |
| ARTICLE EIGHT – CLAIMS PROCEDURE | 12 |
| ARTICLE NINE – HIPAA REQUIREMENTS | 20 |
| EXHIBIT A – LISTING OF ALL WELFARE PROGRAMS PROVIDED UNDER THE PLAN | 25 |
| EXHIBIT B – LISTING OF COVERED EMPLOYERS AND PORTIONS OF COVERED EMPLOYERS AND MODIFICATIONS | 26 |

(C)     To appoint such agents, counsel, accountants, consultants and other persons as may be required to assist in administering the Plan;

(D)     To allocate and delegate its responsibilities under the Plan and to designate other persons to carry out any of its responsibilities under the Plan (including but not limited to delegating certain claims administration duties to a claims administrator.

**6.6     Reliance on Other Information.**   In administering the Plan, the Plan Administrator will be entitled, to the extent permitted by law, to rely conclusively on all tables, valuations, certificates, opinions and reports which are furnished by, or in accordance with the instructions of, the insurers or administrators of the Welfare Programs, or by accountants, counsel or other experts employed or engaged by the Company as well as upon information submitted by Employees and Participants.

**6.7     Standard of Review.** The Plan and Claims Administrators and their delegates, when performing a claim review or appeal, shall have full discretion and authority interpret all Plan provisions, and make all determinations as to whether any particular Participant or Dependent is eligible to participate or entitled to receive any benefit under the terms of this Plan, which interpretation shall be made by the Plan and Claims Administrators in their sole discretion. Any construction of the terms of the Plan that is adopted by the Plan Administrator or Claim Administrator or their delegates, for which there is a basis that is other than arbitrary and capricious, shall be final and legally binding on all parties and shall be entitled to maximum deference and must be upheld. Any review of a final decision shall be based only on such evidence presented to or considered by the Plan Administrator or Claim Administrator or their delegates when it made the decision that is the subject of review.

## ARTICLE SEVEN - MISCELLANEOUS

**7.1     Information to be Furnished.**   Participants and Employees shall provide the Plan Administrator with such information, shall sign such documents and submit to such examinations as may reasonably be requested from time to time, for the purpose of administration of the Plan and adjudicating Plan benefits.

**7.2     Limitation of Rights.**   Neither establishment of the Plan nor the payment of any benefits will be construed as giving to any Participant or other person:

(A)     Any legal or equitable right against the Company, the Plan, or its fiduciaries or any Employer except as specifically provided in the Plan or under ERISA;

(B)     A vested right to any benefits or course of treatment under the Plan; or

(C)     The right to continued employment with the Company or any Employer or to have any compensation or benefits except as expressly granted under the plan.

The sole right of any Participant, Employee or Former Employee under this Plan is to have the Plan administered according to its terms.

7.3 <u>Governing Law and Venue</u>. Unless provided otherwise in any insurance policy that insures a Welfare Program, the Plan shall be considered a Missouri contract and shall be construed, administered, and enforced according to the laws of Missouri, except to the extent preempted by federal law. And, unless provided otherwise in any insurance policy that insures a Welfare Program, any dispute related to the Plan or its application, interpretation or enforcement shall be resolved only in the United States District Court for the Eastern District of Missouri, if it otherwise has jurisdiction, otherwise in the Circuit Court for the County of St. Louis, Missouri, Twenty-First Judicial Circuit. Any litigation regarding the Plan shall be resolved in such forum by proceeding before a judge without a jury.

7.4 <u>Facility of Payment</u>. If the Plan or a Claims Administrator deems any person entitled to receive any benefit to be incapable of receiving or disbursing the same by reason of minority, death, or infirmity, incompetence or incapacity of any kind, the Plan or Claims Administrator may, in its discretion, direct the payment of such benefit to any person that the Administrator determines has assumed or has been assigned responsibility for such person and the provision of comfort, care and maintenance, or any institution caring for such person and payment to that person will satisfy all obligations due under this Plan.

7.5 <u>Lost Payee</u>. Any amount payable to a Participant or beneficiary shall be forfeited if the Plan Administrator, after reasonable effort, is unable to locate the Participant to whom payment is due. Such forfeited amounts shall be applied toward Company contributions to the Plan. However, if a valid claim is thereafter made by the Participant pursuant to the claims procedure set forth in this Plan, any such forfeited amount will become payable in accordance with the terms of the Plan.

7.6 <u>No Guarantee of Tax Consequences</u>. The Company and Employers make no guarantee that any amounts paid to a Participant pursuant to the Plan or any contributions by a Participant to fund the cost of benefits under the Plan, will be excludable from the Participant's gross income or wages for federal, state, or local tax purposes.

7.7 <u>Agent for Service of Legal Process</u>. The agent for legal process is the Plan Administrator.

7.8 <u>Assignment of Benefits</u>. No benefit under this Plan, prior to its actual receipt, may be subject to any claim, debt, liability, contract, engagement, pledge, or tort, nor will such benefit be subject to anticipation, sale, assignment, attachment, lien, or other legal or equitable process. Provided, however, benefit payments may be assigned by the Participant to the health care provider furnishing services or supplies for which benefits are payable under the Plan. In no event will the Plan pay benefits in excess of the amount that would otherwise be payable in absence of such assignment.

7.9 <u>Right Of Offset And Recovery</u>. If for any reason a benefit paid is larger than the amount allowed by the Plan, the Plan Administrator reserves the right to offset any overpayments against amounts to be paid in the future under this Plan and to recover such overpaid amounts from any person to, for, or with respect to whom such amounts were paid.