# EXHIBIT 9

# PACIFIC TELESIS GROUP
# HEALTH CARE NETWORK
# PLAN DOCUMENT

**Amended and Restated
Effective January 1, 1997**

HCN Plan Text.doc

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| SECTION 1. | UNDERTAKING | 1 |
| SECTION 2. | DEFINITIONS | 2 |
| SECTION 3. | PLAN ADMINISTRATION AND FUNDING | 27 |
| 3.1 | General Administration and Operation. | 27 |
| 3.2 | Committee | 28 |
| 3.3 | Benefit Claims Determination. | 28 |
| 3.4 | Review Procedure | 29 |
| 3.5 | Challenges | 30 |
| 3.6 | Appointment and Authority of Trustees | 31 |
| 3.7 | Appointment and Authority of Investment Advisers | 31 |
| 3.8 | Funding Policy and Payments to and from the Plan. | 31 |
| 3.9 | Collection of Contributions | 32 |
| 3.10 | Payment of Plan Expenses | 32 |
| 3.11 | Right of Recovery for Overpayment or Mistaken Payments | 33 |
| 3.12 | Substantiation of Data. | 33 |
| SECTION 4. | PLAN PARTICIPATION | 34 |
| 4.1 | Plan Coverage | 34 |
| 4.2 | Eligibility | 34 |
| 4.3 | Enrollment of Employees | 34 |
| 4.4 | Enrollment of Eligible Former Employees | 35 |
| 4.5 | Dependents | 36 |
| 4.6 | Reemployment of Former Pacific Telesis Group Employees | 37 |
| 4.7 | Procedures with respect to Medical Child Support Orders. | 38 |
| 4.8 | Coverage Changes During Open Enrollment | 39 |
| 4.9 | Termination of Participation | 39 |
| 4.10 | COBRA Coverage Under Certain Circumstances | 41 |
| 4.11 | Extended Coverage During Certain Leaves of Absence | 45 |
| 4.12 | Extended Coverage to Certain Surviving Family Members | 45 |
| 4.13 | Conversion Privilege | 46 |
| 4.14 | Extension of Benefits on Account of Total Disability | 46 |

HOLLY EXHIBIT 9 PAGE 66

JRDEF00077186

EXHIBIT M - 263

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| SECTION 5. | COVERAGE OPTIONS | 49 |
| 5.1 | Health Maintenance Organization Option | 49 |
| 5.2 | Network Program Option | 49 |
| 5.3 | Utilization Review Under the Network Program and Behavioral Health Network | 51 |
| 5.4 | Personal Case Management Under the Network Program and Behavioral Health Network | 52 |
| 5.5 | Disqualification of Participant for Medical or Behavioral Health In-Network Benefit | 53 |
| 5.6 | Special Transfers from HMOs | 54 |
| 5.7 | Automatic Coverage for Eligible Employees under the Employee Assistance Program | 55 |
| SECTION 6. | AMOUNT OF NETWORK PROGRAM MEDICAL BENEFITS AND NETWORK PROGRAM COVERED SERVICES | 56 |
| 6.1 | Network Program Benefits | 56 |
| 6.2 | Hospital Care Services | 61 |
| 6.3 | Surgical Care Services | 63 |
| 6.4 | Medical Care Services | 64 |
| 6.5 | Drugs and Medicines | 67 |
| 6.6 | Preventive Care Services | 69 |
| 6.7 | Organ Transplant and Cardiac Surgical Services | 70 |
| 6.8 | Voluntary Family Planning Services | 72 |
| 6.9 | Emergency Care | 72 |
| 6.10 | Exclusions and Limitations | 73 |
| SECTION 7. | BEHAVIORAL HEALTH NETWORK | 77 |
| 7.1 | Plan Benefits | 77 |
| 7.2 | Mental Health Services | 80 |
| 7.3 | Chemical Dependency Services | 82 |
| 7.4 | Behavioral Health Aftercare Services | 84 |
| 7.5 | Emergency Behavioral Health Services | 84 |
| 7.6 | Second and Third Opinions | 85 |
| 7.7 | Exclusions and Limitations | 86 |

## TABLE OF CONTENTS

**Page**

| | | |
|---|---|---|
| SECTION 8. | COORDINATION BETWEEN THIS PLAN AND OTHER PLANS | 89 |
| 8.1 | Coordination of Benefits | 89 |
| 8.2 | Definitions Applicable to this Section 8 | 89 |
| 8.3 | Order of Benefits Determination. | 90 |
| 8.4 | Benefits Payable Under This Plan. | 91 |
| 8.5 | Right to Receive and Release Needed Information | 92 |
| 8.6 | Facility of Payment | 92 |
| SECTION 9. | GENERAL PROVISIONS | 93 |
| 9.1 | Rights to Benefits | 93 |
| 9.2 | Determination of Eligibility | 93 |
| 9.3 | Claims | 93 |
| 9.4 | Payment of Benefits | 93 |
| 9.5 | Facility of Payment | 93 |
| 9.6 | Assignment or Alienation of Benefits | 94 |
| 9.7 | Compliance with Administrative Service Organization Requirements | 94 |
| 9.8 | Third-Party Liability | 94 |
| 9.9 | Benefits to Medicare Beneficiaries | 95 |
| 9.10 | Ineligibility for Medicare Benefits | 96 |
| 9.11 | Reimbursement of Medicare Part B Premium | 97 |
| 9.12 | Nondiscrimination | 97 |
| SECTION 10. | INTERCHANGE OF BENEFIT OBLIGATIONS | 98 |
| SECTION 11. | AMENDMENT AND TERMINATION OF THE PLAN | 99 |
| 11.1 | Amendments | 99 |
| 11.2 | Termination | 99 |
| 11.3 | Authority of the Company | 99 |
| 11.4 | Prohibited Acts | 100 |
| 11.5 | Disposition of Assets Upon Termination | 100 |
| SECTION 12. | OFFICIAL DOCUMENT | 101 |

## SECTION 3.  PLAN ADMINISTRATION AND FUNDING

3.1 General Administration and Operation.

(a) Administrative Responsibilities. Except as provided in Section 3.3 with respect to claims for recovery of benefits under the Plan, the Company is the named fiduciary that has discretionary authority to make determinations regarding a person's eligibility to participate in this Plan and otherwise to control and manage the operation and administration of the Plan. The Company will make such rules, interpretations and computations and take such other actions to administer the Plan as the Company, in its sole discretion, may deem appropriate. The rules, interpretations, computations and actions of the Company will be final and binding on all persons. In administering the Plan, the Company will at all times discharge its duties with respect to the Plan in accordance with the standards set forth in section 404(a)(1) of ERISA.

(b) Performance of Duties and Responsibilities. The Company will carry out its duties and responsibilities under the Plan through its directors, officers and Employees, acting on behalf of and in the name of the Company in their capacities as directors, officers and Employees and not as individual fiduciaries. The Company may engage such attorneys, actuaries, accountants, consultants, ASOs, or other persons to render advice or to perform services with regard to any of its responsibilities under the Plan as it will determine to be necessary or appropriate. The Company may designate by written instrument (signed by both parties) one or more actuaries, accountants, ASOs or consultants as fiduciaries to carry out, where appropriate, fiduciary responsibilities of the Company. The Company may rely on the actions of an ASO or the written opinion or advice of counsel or any actuary prudently retained by the Company. Except as provided in this paragraph and in Sections 3.2, 3.6 and 3.7 below, the Company will not allocate or delegate to any other person any of its duties or responsibilities under the Plan.

(c) Recordkeeping and Authorization of Benefit Payments. The Company will cause to be kept full and accurate accounts of receipts and disbursements of the Plan and Trusts. The Company, or ASO or other person or organization engaged by the Company to perform administrative services for the Plan, upon written direction of the Trustee, will cause to be disbursed the moneys and funds of the Plan. Upon the direction of the Company, the Trustee will execute reasonable documents to enable benefits to be paid.

HOLLY EXHIBIT 9　　PAGE 69　　JRDEF00077216

EXHIBIT M - 293

3.2 <u>Committee</u>. The Company will appoint a Committee to operate as follows:

(a) The Committee will have the specific powers elsewhere herein granted to it and will have such other powers as may be necessary in order to enable it to administer the Plan, except for powers herein granted to others. The Committee is not empowered to determine Participant benefit entitlement claims. However, the Committee will be the reviewer under Section 3.4 with respect to determinations regarding the threshold issue of eligibility to participate in this Plan.

(b) The Committee will adopt such by-laws and rules of procedure as it may find appropriate.

(c) The Committee will meet as frequently as it may find appropriate.

(d) Except as provided in Section 3.3 and to the extent necessary to carry out the specific powers granted herein, the Committee will have the sole discretionary authority to construe and interpret the terms of the Plan including, but not limited to, the authority to resolve and/or clarify any ambiguities, inconsistencies and omissions arising under the Plan. The Committee's construction and determinations will be final and binding on all persons and will not be subject to further review.

3.3 <u>Benefit Claims Determination</u>.

(a) <u>Benefit Claims Under an HMO Alternative</u>. Each HMO Alternative will have complete discretionary authority to determine claims for medical benefits with respect to Participants enrolled in the HMO Alternative. The HMO Alternative, to the extent of such determinations and to the extent required by ERISA, will thereby be treated as a fiduciary with respect HMO benefit claims under the Plan. To perform these functions the HMO Alternative will establish and observe a claims procedure that meets the requirements of ERISA, including, if applicable Department of Labor Regulation § 2560.503-1(j).

(b) <u>Other Benefit Claims</u>. An ASO will be appointed by the Company to administer the benefit claims under the Network Program.

(1) <u>ASO, URO or Specialty Care Network ASO, as applicable, Responsibilities</u>. An ASO, URO or Specialty Care Network ASO, as applicable, will be solely responsible for the matters for which it is responsible under an administrative service contract, and to the extent required by ERISA, will acknowledge in writing that it is a fiduciary with respect to the Plan. In acting as the claims fiduciary (as defined in ERISA), the ASO, the URO or the Specialty Care Network ASO, as applicable, will have discretionary authority to construe the terms of the Plan and make determinations regarding entitlement to benefits, which determinations will be binding on all persons. The Company will

periodically review the performance and methods of the ASO, the URO or the Specialty Care Network ASO, as applicable, and may appoint, remove or replace the ASO, the URO or the Specialty Care Network ASO, as applicable, at any time for any reason. The ASO, the URO or the Specialty Care Network ASO, as applicable, will make a determination as to the right of any Participant to a benefit and will afford any Participant dissatisfied with such determination the right to a review.

    (2)    <u>Initial Claims</u>. Any denial by the ASO, the URO or the Specialty Care Network ASO, as applicable, of a claim for benefits under the Plan to a Participant will be stated in writing by the ASO, the URO or the Specialty Care Network ASO, as applicable, and delivered or mailed to the Participant within 90 days of receipt of his or her claim unless special circumstances require an extension of time for processing the claim. The notice will set forth the specific reasons for the denial, written in a manner calculated to be understood by the Participant. In addition, the ASO, the URO or the Specialty Care Network ASO, as applicable, will advise any Participant whose claim for benefits has been denied of his or her rights to a full and fair review by the ASO, the URO or the Specialty Care Network ASO, as applicable, for the decision denying the claim in accordance with the review procedure set forth in Section 3.4.

3.4    <u>Review Procedure</u>. The ASO, the URO or the Specialty Care Network, as applicable, will be the named fiduciary that has the discretionary authority to act with respect to any appeal from a denial of benefits under the Plan, and its review panel (the "ASO, URO or Specialty Care Network ASO, as applicable, Review Panel") will make such determinations. The Committee will be the named fiduciary that has discretionary authority to act with respect to any appeal from a denial of eligibility to participate in the Plan.

    (a)    <u>Right of Appeal</u>. Any Participant whose application for benefits is denied (or is deemed denied) in whole or in part or who is declared ineligible to participate in the Plan may appeal from such denial by submitting to the ASO, the URO or the Specialty Care Network, as applicable, Review Panel or the Committee, as appropriate, a written request for a review of the application within 60 days after receiving written notice of the original denial from the ASO, the URO or the Specialty Care Network, as applicable, (or, in the case of a deemed denial, within 60 days after the application is deemed denied). This appeal may be undertaken by the duly authorized representative of the Participant instead of the Participant. The ASO, the URO or the Specialty Care Network, as applicable, or Committee, as appropriate, will give the Participant or such representative (upon request) an opportunity to review pertinent documents (other than legally privileged documents) in preparing the request for a review; provided that, in the case of an appeal regarding the application for benefits, a Participant may review medical documents only with the written consent of the Physician or Physicians who prepared such documents.

0050263.01    29

HOLLY EXHIBIT 9    PAGE 71    JRDEF00077218

EXHIBIT M - 295

(b) <u>Request for Review</u>. The request for review must be in writing and will be addressed to the ASO, the URO or the Specialty Care Network, as applicable, or the Committee, as appropriate, at the address specified in the Plan's summary plan description or later plan communications. The request for review will set forth all of the grounds upon which it is based, all facts in support thereof and any matters that the Participant deems pertinent. The ASO, the URO or the Specialty Care Network, as applicable, Review Panel or the Committee, as appropriate, may require the Participant to submit (at the expense of the Participant) such additional facts, documents or other material as it deems necessary or advisable in making its review.

(c) <u>Action on Request for Review</u>. The ASO, the URO or the Specialty Care Network, as applicable, Review Panel or the Committee, as appropriate, will act on each request for a review within 60 days after receipt thereof unless special circumstances require an extension of time up to an additional 60 days for processing the request. If such an extension for review is required, a notice of the extension will be furnished to the Participant within the initial 60-day period. The ASO, the URO or the Specialty Care Network, as applicable, Review Panel or the Committee, as appropriate, will give prompt, written notice of its decision to the Participant and to the Company. If the ASO, the URO or the Specialty Care Network, as applicable, Review Panel confirms the denial of the application for benefits in whole or in part or the Committee confirms the ineligibility to participate in the Plan, such notice will set forth, in a manner calculated to be understood by the Participant, the specific reasons for such denial and specific references to the Plan provisions on which the decision is based. If written notice of the ASO, the URO or the Specialty Care Network, as applicable, Review Panel's decision or the Committee's decision, as appropriate, is not given to the Participant within the time prescribed in this Section 3.4(c), the application will be deemed denied on review.

(d) <u>Rules and Procedures</u>. The ASO, the URO or the Specialty Care Network, as applicable, and the Committee will establish such rules and procedures, consistent with the Plan and with ERISA, as it may deem necessary or appropriate in carrying out its responsibilities under this review procedure. The ASO, the URO or the Specialty Care Network, as applicable, may require a Participant who wishes to submit additional information in connection with an appeal from the denial of benefits in whole or in part to do so at the Participant's own expense.

3.5 <u>Challenges</u>.

(a) <u>Binding Arbitration</u>. If a Participant whose application for Medical In-Network Benefit Level benefits or for Behavioral Health Service benefits is denied by the ASO Review Panel is dissatisfied with the decision of the ASO Review Panel, the Participant will have the right and obligation to appeal any remaining dispute to arbitration in accordance with the rules of arbitration designated by the applicable ASO in its written guidelines and by submitting a request for arbitration to the

0050263.01 30

Participating Company within 120 days of receipt of the written decision of the ASO Review Panel. If an appeal to arbitration is requested, the ASO Review Panel will submit to the arbitrator or arbitrators a certified copy of the record upon which the ASO Review Panel's decision was made. The question for the arbitrator will be whether, on the record presented to the ASO Review Panel, the ASO Review Panel was in error on an issue of law, or acted arbitrarily or capriciously in the exercise of discretion, or made findings of fact which were not supported by substantial evidence. The decision of the arbitrator will be final and binding upon all parties.

(b) <u>Other</u>. Any Participant whose application for benefits at the Medical Opt-Out Benefit Level or the Medical Out-of-Area Benefit Level is denied by the ASO, the URO or the Specialty Care Network ASO, as applicable, Review Panel may appeal such denial to a court of competent jurisdiction. Similarly, any individual whose petition for eligibility to participate in the Plan is denied by the Committee may appeal such denial to a court of competent jurisdiction.

3.6 <u>Appointment and Authority of Trustees</u>. The Company is the named fiduciary with respect to control over or management of the assets of the Plan only to the extent that it (1) will appoint or remove and review the activities of a Trustee, (2) may appoint or remove an investment advisor, and (3) will establish a funding policy for the Plan pursuant to Section 3.8. A Trustee will have the exclusive authority and discretion to manage and control the applicable Trusts. The Company will periodically review the performance and methods of the Trustees under the Plan, including monitoring the investment of the Trusts and the receipt and handling of all amounts due to and from the Plan. The Company may appoint, remove or replace a Trustee at any time for any reason. The Company will develop and communicate any requirements and objectives of the Plan (including any interest rate or other actuarial assumptions) that may be pertinent to the investment of Plan assets to the Trustees (or other funding agencies under the Plan). The Company will have the authority and discretion to issue investment guidelines as the Company will deem necessary in the operation of the Trusts.

3.7 <u>Appointment and Authority of Investment Advisers</u>. The Company will have the power to appoint or remove one or more investment advisers and to delegate to such advisers the authority and discretion to manage (including the power to acquire and dispose of) the assets of the Plan; provided that (i) each adviser with such authority and discretion will be either a bank, an insurance company or a registered investment adviser under the Investment Advisers Act of 1940 and will acknowledge in writing that it is a fiduciary with respect to the Plan and (ii) the Company will periodically review the investment performance and methods of each adviser with such authority and discretion.

3.8 <u>Funding Policy and Payments to and from the Plan</u>.

(a) <u>Company Contributions</u>. Subject to the provisions of Section 11, each Participating Company will contribute to the Trusts such amounts (1) as the Company may from time to time determine to be the liability required to provide Plan benefits for Participants of the Plan, or (2) as otherwise required to provide

HOLLY EXHIBIT 9     PAGE 73     JRDEF00077220

EXHIBIT M - 297

payment of benefits under the Plan, in accordance with any applicable personnel or employment arrangement (including any collective bargaining agreements and any applicable budgetary limitations) as determined by the appropriate officers of the Company. Such contributions, which will be termed "Company Contributions," will be made at the time and in the manner as the Company will determine, and all such payments will be held in the appropriate Trust for the exclusive purpose of providing benefits to Plan Participants; provided, however, that the Company will have no obligation (1) to fund covered benefits in advance of the date that such benefits are payable, or (2) to prepay the contributions or other fees required in order to provide covered benefits.

(b) <u>Required Contributions</u>. Each Participant will contribute by payroll deductions, or in such other manner as determined by the Company, the amounts, if any, required for coverage under the Plan. Such contributions by Participants will be termed "Required Contributions." The amount of Required Contributions of a Participant depends on the type(s) of coverage elected under the Plan and the number of Dependents for whom coverage is elected, and may also take into account other factors as deemed appropriate at the sole discretion of the Company. In determining the amount of Required Contributions, such factors as the projected cost of administrative fees and benefits under the Network Program or premium projections under an HMO alternative, the prior claims experience under the Plan, and the amount of the Company Contributions to the Plan will also be considered. The Company's objective in determining the amount of Required Contributions will be to provide sufficient funds to cover the projected cost of benefits and administrative expenses of the Plan (as determined by the Company) from the combined total of Required Contributions and the amounts that the Participating Companies contribute toward the cost of Participants' Plan benefits.

3.9 <u>Collection of Contributions</u>. All moneys, securities or other property received as contributions under the Plan will be delivered to a Trustee to be managed, invested, reinvested, and distributed in accordance with the Plan, the applicable Trust, and any other agreement or other financial institution constituting a part of the Plan and Trusts.

3.10 <u>Payment of Plan Expenses</u>. The expenses of administering the Plan, including (1) the fees and expenses of an ASO as provided in an administrative services contract and of a Trustee as provided in the applicable Trust, for the performance of their respective duties, (2) the expenses incurred by the Company in the performance of duties under the Plan (including reasonable compensation for legal counsel, certified public accountants, actuaries, consultants, and agents, and the cost of other services rendered with respect to the Plan), and (3) all other proper charges and disbursements of a Trustee or the Company (including settlements of claims or legal actions approved by counsel to the Plan) may be paid out of the appropriate Trusts or from the general assets of the Company. In estimating costs under the Plan, administrative costs may be projected.

HOLLY EXHIBIT 9    PAGE 74    JRDEF00077221

EXHIBIT M - 298

3.11 <u>Right of Recovery for Overpayment or Mistaken Payments.</u> Whenever Plan benefits have been paid by the Plan to a Participant, whether an Eligible Employee, an Eligible Former Employee or a Dependent, and the payments exceed the maximum amount of payments authorized by the Plan provisions, irrespective of when paid, the Plan will have the right to recover such excessive amounts from such Participant to, or for, or with respect to whom such payments were made, from his or her guardian or from any insurance company, service plan or any other organizations or individuals. Similarly, whenever Plan benefits have been paid to an ineligible person or for an ineligible procedure, the Plan will have the right to recover such payment from the recipient, from the Eligible Employee or Eligible Former Employee who covers the recipient, from the recipient's guardian or from any insurance company, service plan or any other organizations or individuals.

3.12 <u>Substantiation of Data.</u> An individual may be required to furnish to the Company, the ASO or the HMO Alternative satisfactory proof of age, marital, eligibility or residency status or such other documentation, as a condition to enrolling in the Plan, maintaining coverage under the Plan or receiving benefits under the Plan. In addition, the Company, the ASO or the HMO Alternative may require an individual (where relevant) to submit to physical examination by a Practitioner as a condition to enrolling in the Plan or maintaining coverage under the Plan.

HOLLY EXHIBIT 9    PAGE 75    JRDEF00077222

EXHIBIT M - 299