# EXHIBIT 22

# NOVARTIS PHARMACEUTICALS CORPORATION

## WELFARE BENEFITS PLAN

including supplements covering:

Medical Benefits (including Retiree Medical)

Post-Employment Survivor Coverage

Dental Benefits

Vision Benefits

Life Insurance Benefits

Long-Term Disability Benefits

Legal Assistance Benefits

Health Care Spending Account

Dependent Care Spending Account

Group Long Term Care Insurance Benefits

**Amended and Restated
Effective January 1, 2005**

CHICAGO/#1050073.3

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| ARTICLE 1 | GENERAL | 1 |
| 1.1 | Establishment | 1 |
| 1.2 | Purpose | 1 |
| 1.3 | Plan Supplements | 1 |
| 1.4 | Effective Date | 1 |
| ARTICLE 2 | DEFINITIONS | 2 |
| 2.1 | Definitions | 2 |
| 2.2 | Controlling Authority | 6 |
| 2.3 | Gender and Number | 6 |
| ARTICLE 3 | PARTICIPATION AND ELIGIBILITY | 7 |
| 3.1 | Commencement of Participation | 7 |
| 3.2 | Benefit Eligibility | 7 |
| 3.3 | Participation Conditions | 7 |
| 3.4 | Termination of Participation | 7 |
| 3.5 | COBRA Continuation Coverage | 8 |
| ARTICLE 4 | RETIREE MEDICAL PLAN AND POST-EMPLOYMENT SURVIVOR COVERAGE | 10 |
| 4.1 | Eligibility | 10 |
| 4.2 | Medical Plan | 10 |
| 4.3 | Cost Sharing for Grandfathered Eligible Retirees | 10 |
| 4.4 | Cost-Sharing for Eligible Retirees who Terminate Prior to May 1, 2003 | 10 |
| 4.5 | Cost Sharing for Eligible Retirees who are not Grandfathered Eligible Retirees | 11 |
| 4.6 | Retiree Medical Benefits for Individuals who Retired prior to January 1, 2000 | 12 |
| 4.7 | Post-Employment Survivor Coverage | 12 |
| ARTICLE 5 | BENEFIT ELECTIONS AND PREMIUM CONTRIBUTIONS | 13 |
| 5.1 | Flexible Contributions | 13 |
| 5.2 | Benefit Selections | 13 |
| 5.3 | Time of Election | 14 |
| 5.4 | Application to Participate | 14 |
| 5.5 | Default Elections | 15 |
| 5.6 | Irrevocability of Election | 15 |
| 5.7 | Limitations on Flexible Contributions | 16 |
| 5.8 | Accounts for Convenience of Employer | 16 |
| 5.9 | Refund or Carry-Over | 16 |
| ARTICLE 6 | HEALTH CARE REIMBURSEMENT PLAN | 17 |
| 6.1 | Health Care Spending Accounts | 17 |
| 6.2 | Increases in Health Care Spending Accounts | 17 |
| 6.3 | Decreases in Health Care Spending Accounts | 17 |

CHICAGO/#1050073.3

i

HOLLY EXHIBIT 22    PAGE 183    JRDEF00067244

EXHIBIT GG - 749

# TABLE OF CONTENTS
(continued)

| | | Page |
|---|---|---|
| 6.4 | Health Care Benefits | 17 |
| 6.5 | Limitations on Health Care Reimbursement Benefits | 18 |
| 6.6 | Forfeiture of Unused Benefits | 18 |
| 6.7 | Separate Written Plan | 18 |
| ARTICLE 7 | DEPENDENT CARE REIMBURSEMENT PLAN | 19 |
| 7.1 | Dependent Care Spending Accounts | 19 |
| 7.2 | Increases in Dependent Care Accounts | 19 |
| 7.3 | Decreases in Dependent Care Spending Accounts | 19 |
| 7.4 | Dependent Care Benefits | 19 |
| 7.5 | Limitation on Contributions and Benefits | 20 |
| 7.6 | Forfeiture of Unused Benefits | 20 |
| 7.7 | Annual Statement of Benefits | 20 |
| 7.8 | Separate Written Plan | 20 |
| ARTICLE 8 | PLAN ADMINISTRATION | 21 |
| 8.1 | Administration of Plan | 21 |
| 8.2 | Rules and Procedures | 22 |
| 8.3 | Claims Procedure | 22 |
| 8.4 | Actions of the Plan Administrator | 29 |
| 8.5 | Delegation | 29 |
| 8.6 | Reliance on Experts | 29 |
| 8.7 | Reports and Records | 29 |
| 8.8 | Finances | 29 |
| 8.9 | HIPAA Compliance | 29 |
| ARTICLE 9 | AMENDMENTS AND TERMINATION | 32 |
| 9.1 | Amendments | 32 |
| 9.2 | Benefits Provided Through Third Parties | 32 |
| 9.3 | Termination | 32 |
| ARTICLE 10 | LIMITATIONS AND LIABILITIES | 33 |
| 10.1 | Non-guarantee of Employment | 33 |
| 10.2 | Non-alienation of Assets and Benefits | 33 |
| 10.3 | Qualified Medical Child Support Orders | 33 |
| 10.4 | Limitation of Liability | 33 |
| 10.5 | Indemnification | 33 |
| 10.6 | Subrogation, Reimbursement, and Recovery for Third Party Liability Expenses | 34 |
| 10.7 | Applicable Law | 36 |
| ARTICLE 11 | FUNDING | 37 |
| 11.1 | Funding | 37 |
| ARTICLE 12 | AFFILIATES | 38 |

HOLLY EXHIBIT 22     PAGE 184     JRDEF00067245

EXHIBIT GG - 750

# TABLE OF CONTENTS
(continued)

| | | Page |
|---|---|---|
| 12.1 | Adoption of the Plan | 38 |
| 12.2 | Withdrawal of an Employer | 38 |
| 12.3 | Obligation of Employers | 38 |
| 12.4 | Cooperation by Each Employer | 38 |
| SUPPLEMENT A | | 1 |
| SUPPLEMENT B | | 1 |
| SUPPLEMENT C | | 1 |
| SUPPLEMENT D | | 1 |
| SUPPLEMENT E | | 1 |
| SUPPLEMENT F | | 1 |
| SUPPLEMENT G | | 1 |
| SUPPLEMENT H | | 1 |

10.6 Subrogation, Reimbursement, and Recovery for Third Party Liability Expenses.

==As a condition for receiving benefits under the Plan, each Covered Individual agrees to and grants the Plan the right of subrogation, the right of reimbursement, and the right of recovery, as set forth herein.== To the extent that any Supplement also contains provisions regarding subrogation, reimbursement, or right of recovery of expenses, this Plan and the applicable Supplement shall both apply so as to grant the Plan the greatest possible rights with respect to subrogation, reimbursement, and recovery of such expenses or benefits.

(a) Exclusion of Coverage for Expenses Caused by a Third Party. Unless otherwise expressly stated in an applicable Supplement, the Medical, Dental and Vision Plans do not cover expenses for services and supplies relating to an illness, injury, disability or death incurred as a result of the actions of a Third Party who is or may be liable for all or part of such expenses. This exclusion from coverage also extends to claims due to injury, sickness, disability or death to the extent that payment is or may be made under the terms of any "no-fault" type of automobile policy, an uninsured or underinsured motorist coverage under an automobile policy, any homeowner's policy, workers compensation, or other similar insurance coverage.

(b) Right of Subrogation. Whether or not a Covered Individual executes a reimbursement agreement, the Covered Individual agrees as a condition to participation in or the receipt of benefits under the Plan that the Plan shall have the right of subrogation with respect to the full amount of benefits paid to or on behalf of a Covered Individual as the result of an injury, illness, disability or death that is or may be the responsibility of any Third Party. The Plan shall also have a lien upon any recovery from such Third Party to the full amount of benefits paid and may, at its option, file suit or intervene in any pending lawsuit to secure and protect its rights. The Plan's right of subrogation shall apply to the first dollar of any recovery obtained from the Third Party, even if the recovery obtained is less than the amount needed to make whole the Covered Individual.

(c) Reimbursement Agreement. If a Covered Individual incurs expenses that are excluded in accordance with this provision of the Plan because they are or may be the responsibility of a Third Party, the Covered Individual will be required, as a prerequisite to receiving Plan benefits, to sign a reimbursement agreement in a form acceptable to the Plan Administrator acknowledging the Covered Individual's obligation to reimburse the Plan for any benefits or expense paid by the Plan from the first dollars recovered from any source. If expenses are incurred by a minor, the Plan Administrator may require that the minor's parent or legal guardian execute the reimbursement agreement and agree to be bound by it. The Plan Administrator may, in its discretion, withhold benefit payments that might otherwise be advanced, and/or prosecute an action at law or in equity in its own name or in the name of the Covered Individual, in order to enforce, secure, or protect the Plan's rights under this provision. If the Covered Person elects not to execute such an agreement, the Plan is not obligated to provide any benefit payments.

(d) Right of Reimbursement. Whether or not a Covered Individual executes a reimbursement agreement, in the event that the Plan provides benefits to a Covered Individual and the Covered Individual recovers a payment, either by settlement, judgment, no-fault automobile insurance statute, or otherwise, from any Third Party or other source, then the

34

Covered Individual shall immediately reimburse the Plan for the full amount of any and all benefits paid in connection with such injury, illness, disability or death, up to the amount of the recovery. This right of reimbursement applies regardless of the label assigned to the recovery, and regardless of any purported allocation or itemization of such recovery to specific types of injuries. If the recovery is for damages other than for medical or dental care expenses, such as pain and suffering, the Covered Person will still be required to reimburse the Plan first. The Plan shall have a lien upon any such recovery in the amount of benefits or expenses paid by the Plan. The Plan's right of reimbursement shall apply to the first dollar of any recovery obtained from the Third Party, even if the recovery obtained is less than the amount needed to make whole the Covered Individual.

(e) <u>Duty to Cooperate</u>. The Covered Individual is required to cooperate fully with the Plan in connection with the exercise of its rights under this provision, to provide information, assistance and documents or other instruments as the Plan may require to facilitate the Plan's rights hereunder, and shall do nothing to prejudice such rights. The Covered Individual shall notify the Plan before filing any suit and shall not settle any claim against a Third Party without giving notice to and obtaining the consent of the Plan Administrator. If the Covered Individual notifies the Plan before suit or settlement, the Plan may retain the Covered Individual's attorney to represent the Plan. If the Plan hires the Covered Individual's attorney, the Plan will agree with the attorney on the amount of attorneys' fees and expenses that the Plan will pay. The Plan is not bound by the amount or percent of the Covered Individual's attorneys' fees, nor may the Covered Individual subtract them from what is repaid to the Plan without the Plan's consent. If the Covered Individual does not timely notify the Plan of suit or settlement, or does not cooperate with the Plan, or opposes the Plan in enforcing the Plan's subrogation or reimbursement rights, the Covered Individual shall pay the Plan's attorneys' fees and costs incurred because of the Covered Individual's actions or failure to act, in addition to any other rights or remedies that the Plan may have.

(f) <u>Right of Recovery or Offset</u>. ==The Plan shall have the right to withhold the payment of benefits under this Plan if a Covered Individual has breached his/her obligations under this provision, and shall have the right to recover any benefits erroneously paid to a Covered Individual or his/her health care provider.== The Plan may cease to advance payment of benefits under a reimbursement agreement if, in the discretion of the Plan Administrator, the Covered Individual has failed or is failing to fulfill his/her duty to cooperate. ==These rights are in addition to any other rights and remedies that the Plan may have.==

(g) <u>Definitions</u>. As used herein, the following terms are defined as follows:

Third Party - any person or entity who is or may be liable for an injury, illness, disability, or death of a Covered Individual, including without limitation: any insurance company for a Third Party or potentially-liable person or entity; workers' compensation; homeowners insurance; and all coverages under an automobile policy of the Covered Individual or a member of the Covered Individual's family, including "no-fault" coverage, medical coverage, and uninsured or underinsured motorist coverage. If appropriate under the circumstances, the Covered Individual may be considered a Third Party under this Section 10.6 if the Covered Individual is or may be responsible for the injury, illness, disability or death of a Covered

35