1  RYAN D. KASHFIAN, ESQ. (SBN: 265293)
       ryan@kashfianlaw.com
2  ROBERT A. KASHFIAN, ESQ. (SBN: 263173)
       robert@kashfianlaw.com
3  OLGA Y. NOVAK, ESQ. (SBN: 298969)
       onovak@kashfianlaw.com
4
5  **KASHFIAN & KASHFIAN LLP**
6  1875 CENTURY PARK EAST, SUITE 1340
   CENTURY CITY, CALIFORNIA 90067-2514
7  (310) 751 – 7578 | TELEPHONE
   (310) 751 – 7579 | FACSIMILE
8
9  *Attorneys for Counterclaim-Defendant*
   DEVIDA USA, LLC

10              **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., and DOES 1 through 20, <br><br> Defendants. | Case No. 14-CV-03053-MWF (VBKx) <br><br> COUNTERCLAIM DEFENDANT DEVIDA USA, LLC'S: <br><br> (1) NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COUNTERCLAIM; <br><br> (2) NOTICE OF JOINDER AND JOINDER IN THE PROVIDER, PROPERTY CARE INSURANCE, CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS; AND |
| UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company; et al., <br><br> Counterclaim Defendants. | (3) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS. <br><br> *Hearing Date*: September 17th, 2015 <br> *Hearing Time*: 3:00 p.m. <br> *Courtroom*: 1600 <br><br> HONORABLE MICHAEL W. FITZGERALD |

-1-

**COUNTERCLAIM DEFENDANT DEVIDA'S MOTION TO DISMISS** THE SECOND AMENDED COUNTER CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; NOTICE OF JOINDER [ETC.]

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**COUNTERCLAIM DEFENDANT DEVIDA USA, LLC'S**

**NOTICE OF MOTION AND MOTION TO DISMISS THE**

**SECOND AMENDED COUNTERCLAIM**

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 17th, 2015 or as soon thereafter as the matter may be heard in Courtroom 1600 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California 90012, Counterclaim Defendant Counterclaim Defendant DeVida USA, LLC ("DeVida") will move and hereby does move the Court, under Federal Rules of Civil Procedure, Rule 12 (b)(6), for an order dismissing the Second Amended Counterclaim (the "SACC"), Dkt. #152, of Counterclaim Plaintiffs, United Healthcare Services, Inc., Unitedhealthcare Insurance Company, Optuminsight, Inc., ("United").

DeVida requests that this Court dismiss the SACC in its entirety or, alternatively, dismiss the first and third causes of action for the following alternative reasons: *First*, the lumping of Devida with the "Billing Entities" and "Counterclaim Defendants" does not meet the requirements of Rule 8. Therefore, the Court must dismiss the SACC. *Second*, assuming *arguendo* that the Court does not dismiss the entire SACC for the reasons for the improper "lumping," the Court must nevertheless dismiss the first and third cause of action because they fails to state a cause of action for fraud and conspiracy to commit fraud.

Devida's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support of the Motion, all matters which the Court must or may judicially, the complete files and records of this Court, and upon such oral and documentary evidence that Mrs. Omidi may present at the hearing of this Motion.

///

-1-

**COUNTERCLAIM DEFENDANT DEVIDA'S**
**NOTICE OF MOTION AND MOTION TO DISMISS**
**THE SECOND AMENDED COUNTERCLAIM**

CASE NO. 2:14-CV-03053-MWF(VBKX)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1    *Respectfully Submitted,*

2         this 27th day of August, 2015

By:  */s/ Ryan D. Kashfian, Esq.*

3    _____

4    RYAN D. KASHFIAN, ESQ.

   ROBERT A. KASHFIAN, ESQ.

5    OLGA Y. NOVAK, ESQ. *for*

6    **KASHFIAN & KASHFIAN LLP**

7    *Attorneys for Counterclaim Defendant*, DEVIDA USA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

COUNTERCLAIM DEFENDANT DEVIDA'S
NOTICE OF MOTION AND MOTION TO DISMISS
THE SECOND AMENDED COUNTERCLAIM

CASE NO. 2:14-CV-03053-MWF(VBKX)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**COUNTERCLAIM DEFENDANT DEVIDA USA, LLC'S**

**NOTICE OF JOINDER IN AND JOINDER IN THE PROVIDER,**

**PROPERTY CARE INSURANCE, CINDY OMIDI,**

**MICHAEL OMIDI M.D. AND JULIAN OMIDI'S**

**MOTIONS TO DISMISS**

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE FURTHER NOTICE that Counterclaim Defendant DeVida, USA, LLC, ("DeVida") joins in the Motions to Dismiss and arguments in support thereof filed by Counterclaim Defendants Almont Ambulatory Surgery Center, LLC, Bakersfield Surgery Institute, LLC, Independent Medical, Medical Services, Inc., Modern Institute Of Plastic Surgery & Antiaging, Inc., New Life Surgery Center, LLC Dba Beverly Hills Surgery Center, LLC, Orange Grove Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc., Valencia Ambulatory Surgery Center, LLC, West Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, Bakersfield Surgery Institute, Inc., Ciro Surgery Center, LLC, East Bay Ambulatory Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of West Hills, Inc., Valley Surgical Center, LLC, Top Surgeons, Inc., Top Surgeons, LLC, Palmdale Ambulatory Surgery Center, 1-800-GET-THIN, LLC, Property Care Insurance, Inc., Cindy Omidi, Michael Omidi, M.D., Julian Omidi in this action to the extent they are applicable to demonstrate that the Second Amended Counterclaim (the "SACC"), Dkt. #152, of Counterclaim Plaintiffs, United Healthcare Services, Inc., Unitedhealthcare Insurance Company, Optuminsight, Inc., ("United") fails to state facts upon which relief may be granted against DeVida.

///

///

-1-

**COUNTERCLAIM DEFENDANT DEVIDA'S NOTICE OF JOINDER IN AND JOINDER IN THE PROVIDER, PROPERTY CARE INSURANCE, CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS**

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1  *Respectfully Submitted,*

2      this 27th day of August, 2015        By:  */s/ **Ryan D. Kashfian, Esq.***

3                                         _____

4                                         RYAN D. KASHFIAN, ESQ.
                                          ROBERT A. KASHFIAN, ESQ.

5                                         OLGA Y. NOVAK, ESQ. *for*

6                                         **KASHFIAN & KASHFIAN LLP**

7                                         *Attorneys for Counterclaim Defendant*, DEVIDA USA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**COUNTERCLAIM DEFENDANT DEVIDA'S NOTICE OF JOINDER IN AND JOINDER IN THE PROVIDER, PROPERTY CARE INSURANCE, CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS**

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

**INTRODUCTION** ................................................................................................ 1

**STATEMENT OF FACTS** ................................................................................ 1

    A.    Specific Assertions About DeVida .......................................... 1

    B.    Assertions About The "Billing Entities" In The Passive Voice .............. 2

**LEGAL STANDARD** ........................................................................................ 4

**ARGUMENTS** ................................................................................................ 5

  I.    The Lumping Of DeVida With "The Billing Entities," and "Counterclaim Defendants" Does Not Meet The Requirements Of Rule 8 ........................................................................................ 5

  II.  *Alternatively*, The First Cause of Action Fails To State A Cause Of Action For Fraud ................................................................ 7

    A.    *The Allegations Against DeVita Are Too General* ............................ 8

    B.    United Fails To Meet The Heighten Burden In *Asserting Fraud Against A Corporate Entity* ................................................ 9

  III.  The Third Cause of Action Fails To State A Cause Of Action Conspiracy To Commit Fraud ........................................................ 10

**CONCLUSION** ................................................................................................ 10

-i-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1    MEMORANDUM OF POINTS AND AUTHORITIES

2    **TABLE OF AUTHORITIES**

3    C̲ASE(S)                                                          P̲AGE(S)

4    Ashcroft v. Iqbal,

5         556 U.S. 662 (2009) ................................................................. 4, 5

6    Balistreri v. Pacifica Police Dep't,

7         901 F.2d 696 (9th Cir. 1988) ..................................................... 4, 5

8    Bell Atlantic Corp. v. Twombly,

9         550 U.S. 544 (2007) ............................................................ 4, 5, 11

10   Cahill v. Liberty Mutual Ins. Co.,

11        80 F.3d 336 (9th Cir. 1996) ........................................................... 4

12   Cheery Way (USA), Inc. v. Duong,

13        2012 U.S. Dist. LEXIS 67100,

14        2012 WL 1670172 (N.D. Cal. May 14, 2012) ................................ 8

15   Crook v. San Bernardino County Dep't of Child Support Servs.,

16        2014 U.S. Dist. LEXIS 172289 (C.D. Cal. Dec. 11, 2014) ............. 5

17   Gauvin v. Trombatore,

18        682 F. Supp. 1067 (N.D. Cal. 1988) .............................................. 5

19   Gen-Probe, Inc. v. Amoco Corp.,

20        926 F. Supp. 948 (S.D. Cal. 1996) ................................................. 5

21   Gottschalk v. City and County of San Francisco,

22        964 F. Supp. 2d 1147 (N.D. Cal. 2013) ...................................... 6, 7

23   Kearns v. Ford Motor Co.,

24        567 F.3d 1120 (9th Cir. 2009) .................................................... 7, 8

25   Lazar v. Superior Court,

26        12 Cal.4th 631, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996) ....... 9, 11

27   McHenry v. Renne,

28        84 F.3d 1172 (9th Cir. 1996) ......................................................... 6

-ii-

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

C̲ASE N̲O. 2:14-CV-03053-MWF(VBKx)
U̲NITED S̲TATES D̲ISTRICT C̲OURT
C̲ENTRAL D̲ISTRICT O̲F C̲ALIFORNIA

KASHFIAN & KASHFIAN

KASHFIAN

KASHFIAN

1  Mier v. Owens,
2      57 F.3d 747 (9th Cir. 1995) ................................................................ 4
3  Moss v. United States Secret Service,
4      572 F.3d 962 (9th Cir. 2009) ............................................................ 4, 5
5  Navarro v. Block,
6      250 F.3d 729 (9th Cir. 2001) ............................................................... 5
7  Roberts v. Balasco (In re Ernie Haire Ford, Inc.),
8      459 B.R. 824, 835 (Bankr. M.D. Fla. 2011) ..................................... 5, 6
9  SEC v. Patel,
10     2009 U.S. Dist. LEXIS 90558, 2009 DNH 143 (D.N.H. 2009) .................... 11
11 Stansfield v. Starkey,
12     220 Cal. App. 3d 59, 269 Cal. Rptr. 337 (1990) ............................. 11
13 Swartz v. KPMG LLP,
14     476 F.3d 756 (9th Cir. 2007) ........................................................... 7, 8
15 Tarmann v. State Farm Mut. Auto. Ins. Co.,
16     2 Cal. App. 4th 153, 2 Cal. Rptr. 2d 861 (1991) ................................ 9
17 West v. Bank of Am., N.A.,
18     2011 U.S. Dist. LEXIS 66726,
19     2011 WL 2491295 (D. Nev. June 22, 2011) ....................................... 5
20 WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.,
21     655 F.3d 1039, 1057-58 (9th Cir. 2011) ......................................... 11
22 Vess v. Ciba—Geigy Corp. USA,
23     317 F.3d 1097 (9th Cir. 2003) ........................................................... 7
24 Yost v. Nationstar Mortg., LLC,
25     2013 U.S. Dist. LEXIS 128504,
26     2013 WL 4828590 (E.D. Cal. Sept. 6, 2013) ..................................... 6
27 ///
28 ///

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CONSTITUTION(S), STATUTE(S), AND RULE(S)                                   PAGE(S)

Fed. R. Civ. P.

    Rule 12(b)(6) .............................................................. 1, 4, 7

    Rule 8................................................................................ 5

    Rule 9(b) ........................................................................... 7


SECONDARY SOURCE(S)                                                        PAGE(S)

5 B.E. Witkin, Summary of California Law, Torts, (10th ed. 2005)

    § 772 ................................................................................. 7

Wikipedia.com, English passive voice, available at

    https://en.wikipedia.org/wiki/English_passive_voice

    (accessed on Monday, August 27, 2015) ......................... 2

KASHFIAN

KASHFIAN

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE No. 2:14-CV-03053-MWF(VBKx)
**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF CALIFORNIA

## INTRODUCTION

Under Federal Rules of Civil Procedure, Rule 12 (b)(6), the Court must dismiss the Second Amended Counterclaim (the "SACC"), ECF No. 152, of Counterclaim Plaintiffs, United Healthcare Services, Inc., Unitedhealthcare Insurance Company, Optuminsight, Inc., ("United"), in its entirety or, alternatively, dismiss the first and third causes of action for the following alternative reasons. *First*, the lumping of Counterclaim Defendant DeVida USA, LLC ("DeVida") with the "Billing Entities" and "Counterclaim Defendants" does not meet the requirements of Rule 8. Therefore, the Court must dismiss the SACC. *Second*, assuming *arguendo* that the Court does not dismiss the entire SACC for the reasons for the improper "lumping," the Court must nevertheless dismiss the first and third cause of action because they fails to state a cause of action for fraud and conspiracy to commit fraud.

## STATEMENT OF FACTS

### A. Specific Assertions About DeVida.

The SACC only makes the following limited allegations concerning DeVida:

- DeVida is a California limited liability company with its principal place of business located at 9107 Wilshire Blvd, Suite 450, Beverly Hills, CA 90210, <u>SACC</u>, ¶56, which is notably not at the "hub" of the Omidi Network which is at Suite 106, <u>SACC</u>, ¶113.

- DeVida was part of a "centralized billing and collections office" that submitted false claims to United, <u>SACC</u>, ¶¶53, 401 (also alleging that "services rendered . . . are often times billed through or with the assistance of" Devida).

- Levi Green has previously testified that as part of his work as a "biller" at DeVida, submitting claims on behalf of Counterclaim Defendants, to United, <u>SACC</u>, ¶436;

- Maureen Jaroscak, Esq., organizing or otherwise filing statements with the California Secretary of State on behalf of DeVida, <u>SACC</u>, ¶475(b).

-1-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1  Curiously, United omits the fact that Mr. Green also testified that he billed

2  and collected from not only insurance companies but also form "patients." See

3  Counterclaim Defendant Cindy Omid's Motion to Strike, Declaration of Ryan

4  Kashfian, Exh. 3, at 5 (Omidi Transcript, Oct. 9, 2014, at 87). This selective, cherry

5  picked quotation is probably because the true citation would defeat United's

6  factually flimsy waiver of co-pay fraud theory, which, as explained below, United

7  cannot even plead with the any specificity.

8  **B. Assertions About The "Billing Entities" In The Passive Voice.**

9  Additionally, the SACC lumps DeVida with Independent Medical Services

10  Inc., and Surgery Center Management and referred to as "Billing Entities". SACC,

11  ¶53. All of which are intentionally vaguely drafted in the passive voice[1] to avoid

12  asserting any specifics about the fraud claim.

13  For instance, the SACC alleges that the Billing Entities "routinely submitted"

14  CMS-1500 and UB-04 claim forms to United with amounts for "Charges" or "Total

15  Charge(s)" that included each United members responsible amounts, even though

16  other Counterclaim Defendants had told United members that their members

17  responsible amounts had been waived. SACC, ¶72. However, the SACC does not

18  explain what "routine" means, the specific person who filled out the form, and on

19  what authority they filled out the form. Ibid. The SACC does not even allege that the

20  person filling out the form knew some else had waived the co-pay or that the person

21  waving the co-pay knew the biller would include the co-pay.

22  Also, the SACC asserts that Billing Entities submitted these forms to United,

23  intending for United to rely on the information submitted, SACC, ¶73, and United

24  

_____

25  [1] Cunning linguists have always known about the dubious nature of using the passive to avoid mentioning the subject of a sentence—i.e., John in the exemplar sentence

26  "John misled me," direct form versus, "I was misled," as the passive form. As Wikipedia explains, "The passive voice can be used *without referring to the agent of*

27  *an action*; it may therefore be used when the agent is unknown or unimportant, or *the speaker does not wish to mention the agent*." See Wikipedia.com, English

28  passive voice, available at https://en.wikipedia.org/wiki/English_passive_voice

-2-

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1  did rely on the claim information, SACC, ¶74. No further assertion of intent or

2  reliance is provided. <u>Ibid</u>. Who is the specific person who had the intent to defraud

3  and why had that intent is not explained. Indeed, the fundamental question is was it

4  the person who waived the co-pay initially or was it the subsequent "biller" included

5  the co-pay?

6      Further, the SACC asserts intentionally *in the passive voice* that although

7  prospective patients "were told" (by again unnamed persons) from other

8  Counterclaim Defendants that they could attend a "seminar" for "free," the Billing

9  Entities "often" submit claims to patients' insurance companies "for this initial

10  consultation." SACC, ¶82. No further information is provided. Whether the same

11  patients who were "told" the seminar is free are the same patients whose billing

12  included the "initial consultation" is not clear, and it is also unclear whether the

13  unnamed speaker of free initial consults and "biller" are the same or even if one

14  another they knew about each other, let alone knew of the purported scheme.

15      What is more, according to the SACC, Counterclaim Defendants, with the

16  assistance of the Billing Entities, "typically" billed for costlier face-to-face

17  consultations even though "many" members "have reported" (to whom it is

18  unknown) that they spoke only over the phone with these providers (again

19  unknown). <u>SACC</u>, ¶84. Of course, this too is intentionally in the passive voice. <u>Ibid</u>.

20  There is no assertion that the "typically" billed face-to-face patients are the same as

21  the "many" members who spoke only over the phone. <u>Ibid</u>. Again, no names, times,

22  place, authority, etc., is given for these "typical" and "many" events. <u>Ibid</u>. Also,

23  there is no assertion that the persons who did the billing had knowledge of the falsity

24  of the assertions. <u>Ibid</u>.

25      The SACC also alleges that:

26      [T]he Billing Entities often submitted (on behalf of Surgery Centers and
        other affiliated providers) fraudulent insurance claims to United for
27      unnecessary procedures or procedures that were not fully documented.
        The Billing Entities also submitted insurance claims and/or medical
28      records that fraudulently misrepresented the nature and complexity of
        the services provided, sought payment for services which were never

-3-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

rendered, and misrepresented a member's BMI or other pertinent information that impacted United's obligation to pay benefits under the member's health plan.

SACC, ¶88. Again, no names, times, place, authority, etc., is given for these "often" events. Ibid. Also, there is no assertion that the persons who did the billing at the Billing Entities had knowledge of the falsity of the assertions. Ibid.

# **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995).

The court need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 545 ("Factual allegations must be enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)); Moss v. United States Secret Service,

-4-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing Iqbal and Twombly).

## **ARGUMENTS**

### **I.    The Lumping Of DeVida With "The Billing Entities," and "Counterclaim Defendants" Does Not Meet The Requirements Of Rule 8.**

Under Rule 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. Dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri, 901 F.2d at 699.

In order for the United to survive a 12(b)(6) motion, United must "provide the grounds for [] entitlement to relief [which] requires more than labels and conclusions." Twombly, 550 U.S. at 547. Moreover, "[a] complaint violates Rule 8(a) when it fails to provide the defendants with fair notice of the wrongs they have allegedly committed." Crook v. San Bernardino County Dep't of Child Support Servs., 2014 U.S. Dist. LEXIS 172289, *5 (C.D. Cal. Dec. 11, 2014).

Further, "[R]ule 8 prohibits lumping all defendants together in a complaint without distinguishing between them or specifying which defendant is targeted by which allegation." West v. Bank of Am., N.A., 2011 U.S. Dist. LEXIS 66726, *4, 2011 WL 2491295 (D. Nev. June 22, 2011). This was true, even pre-Twombly and Iqbal's heightened pleading standard. Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 960 (S.D. Cal. 1996) (lumping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (plaintiff failed to satisfy notice pleading requirements of Rule 8 by lumping all defendants together in one allegation).

As explained in Roberts v. Balasco (In re Ernie Haire Ford, Inc.),

-5-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE No. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11

The shortcoming of the Complaint from a Rule 8 perspective is that each defendant's liability is not plausibly demonstrated. There are no factual allegations concerning many of the defendants that would tend to show their involvement and participation in the alleged kickback schemes. Rather, the defendants are lumped together into classes and are then alleged, collectively, to have engaged in fraudulent conduct. Such a manner of pleading does not comport with Iqbal's requirement that there be facial plausibility of the defendants' liability. Without any specific factual allegations concerning a particular defendant's participation in the general schemes alleged, the Court is left without a reasonable basis from which it can infer such defendant's liability. The Court cannot infer an individual defendant's liability based merely on the collective pleading style that Plaintiff has utilized. Indeed, in many instances, the only reference to a particular defendant is the identification of that defendant's place of business and the subsequent grouping of that defendant into a collective class. Such allegations raise, at best, a sheer possibility that any particular defendant is liable for the alleged misconduct. Accordingly, the Court finds that the Complaint is deficient in that it does not satisfy the facial plausibility requirement of Rule 8.

459 B.R. 824, 835 (Bankr. M.D. Fla. 2011).

12
13
14
15
16
17
18
19
20
21
22
23
24

In the case at bar, the SACC does not it is not clear from the SACC, what it is DeVida has allegedly done or which actions in reference to each of the causes of action assert liability against DeVida. The use of terms "the Billing Entities" and "Counterclaim Defendants" lumping various persons and entities together is not sufficient in allowing DeVida to know what misconduct or fraudulent representations it has been charged with. Yost v. Nationstar Mortg., LLC, 2013 U.S. Dist. LEXIS 128504, *8, 2013 WL 4828590 (E.D. Cal. Sept. 6, 2013) ("Under the pleading standard of either Rule 8 or Rule 9, Plaintiffs must distinguish Defendants' particular roles in the alleged causes of action. Plaintiffs need to provide facts showing how each and every Defendant is involved and enable Defendants to know what misconduct or fraudulent representations they are charged with. Because Plaintiffs merely lump Nationstar, Ginnie Mae and DOES 1-10 together, Defendants' motion to dismiss is GRANTED.").

25
26
27
28

Dismissal is proper on these grounds. McHenry v. Renne, 84 F.3d 1172, 1175 (9th Cir. 1996) (affirming dismissal of complaint under Rule 8(a) when court could not "determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); Gottschalk v. City and County of

-6-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KASHFIAN & KASHFIAN

1  <u>San Francisco</u>, 964 F. Supp. 2d 1147, 1156 (N.D. Cal. 2013) (complaint did not

2  satisfy Rule 8(a) when it did not clarify which claims were brought against which

3  defendant and did not articulate specific facts connecting each defendant with the

4  facts underlying the applicable claims).

5  **II.    *Alternatively*, The First Cause of Action Fails To State A Cause**

6  **Of Action For Fraud.**

7      Assuming *arguendo* that the Court does not dismiss the entire SACC for the

8  improper "lumping," the Court must nevertheless dismiss the first cause of action

9  because it fails to state a cause of action for fraud.

10      Under California law, "[t]he elements of fraud, which give rise to the tort

11  action for deceit, are (a) misrepresentation (false representation, concealment, or

12  nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to

13  induce reliance; (d) justifiable reliance; and (e) resulting damage." 5 B.E. Witkin,

14  <u>Summary of California Law</u>, Torts § 772, at 1121 (10th ed. 2005).

15      A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a

16  complaint's compliance with Rule 9(b) where fraud is an essential element of a

17  claim. <u>See</u> <u>Vess v. Ciba—Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).

18  Rule 9(b) provides a heightened pleading standard for such claims:

19          In alleging fraud or mistake, a party must state with particularity the
        circumstances constituting fraud or mistake. Malice, intent, knowledge,

20          and other conditions of a person's mind may be alleged generally.

21      Fed. R. Civ. P. 9(b). These circumstances include the "time, place, and

22  specific content of the false representations as well as the identities of the parties to

23  the misrepresentations." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007)

24  (per curiam) (quotation omitted); <u>see also</u> <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120,

25  1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what,

26  when, where, and how' of the misconduct charged."). "Rule 9(b) demands that the

27  circumstances constituting the alleged fraud be specific enough to give defendants

28  notice of the particular misconduct . . . so that they can defend against the charge and

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1  not just deny that they have done anything wrong." <u>Kearns</u>, 567 F.3d at 1124.

## A.      <u>The Allegations Against DeVita Are Too General.</u>

In the case at bar, the SACC makes no such allegations against DeVida, but instead generally alleges that "Counterclaim Defendants," and not DeVida, "execute[d] a scheme and artifice to defraud United," <u>SACC</u> ¶447, "had knowledge" to do so, <u>Id</u>. ¶448, with "intent to induce" United, <u>Id</u>. ¶456, which were "reasonably relied" on by United, <u>Id</u>.  ¶457 and "damages [resulting to United which] will be proven at trial," <u>Id</u>.  ¶¶454, 457. This is improper lumping as noted <u>supra</u> at **I**, and do not met Rule 8's standard let alone Rule 9's heighten standard.

Moreover, these above allegations are insufficient, because they do not allege any specific conduct on the part of DeVida constituting fraud. <u>Swartz</u>, 476 F.3d at 764-65 (role of each defendant must be alleged in properly plead fraud); <u>Cheery Way (USA), Inc. v. Duong</u>, 2012 U.S. Dist. LEXIS 67100, *15, 2012 WL 1670172 (N.D. Cal. May 14, 2012) (in a fraud case, "[s]pecific allegations must be levied against each individual defendant."). As noted by the Court, in granting the prior motion to dismiss

> United cannot generally assert that everyone did everything on the basis of the examples it presents without specifying the roles that each Counterclaim Defendant played in carrying out the purported fraud. While the Court does not anticipate that United should be obligated to set forth every detail regarding the activities surrounding each claim line within its FACC, United must allege more than it currently has. The Court will not advise United as to how it may fulfil the requirements imposed by Rule 9(b), but provides the following examples of the types of allegations that appear to be lacking from the FACC and Appendix I: the category or categories of misrepresentations alleged with respect to each claim line; ***the relevant Counterclaim Defendants*** implicated in each purported claim line; and the date of claim submission for each claim line.

<u>Order Granting In Part Mnt to Dismiss</u>, at 19, ECF No. 144 (emphasis added). However, a review of Appendix I shows that DeVida is not implicated in any purported claim lines, <u>SACC</u>, Appendix I.

///

-8-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### B. United Fails To Meet The Heighten Burden In Asserting Fraud Against A Corporate Entity.

Moreover, the fraud claim fails because the SACC does not sufficiently allege the particular person who made the allegations on behalf of the DeVida, i.e., it does not name who the agents were, when and where they said what they said, and on what authority the spoke. This makes the fraud claim insufficient. As explained in Lazar v. Superior Court,

> A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.

12 Cal.4th 631, 645, 49 Cal. Rptr. 2d 377, 909 P.2d 981 (1996) (internal quotation marks omitted); Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157, 2 Cal. Rptr. 2d 861, 862-63 (1991) (same). Untied has failed to even to meet that requirement.

For instance, the SACC alleges that the Billing Entities "routinely submitted" CMS-1500 and UB-04 claim forms to United with amounts for "Charges" or "Total Charge(s)" that included each United members responsible amounts, even though other Counterclaim Defendants had told United members that their members responsible amounts had been waived. SACC, ¶72. However, the SACC does not explain what "routine" means, the specific person who filled out the form, and on what authority they filled out the forms and submitted them. Also, there is no allegation that the biller from the alleged Billing Entity knew that other Counterclaim Defendants had told United members that their members responsible amounts had been waived. This is essential, because knowledge of falsity and intent are required for fraud.

Additionally, the SACC asserts that Billing Entities submitted these forms to United, intending for United to rely on the information submitted, SACC, ¶73, and United did rely on the claim information, SACC, ¶74. No further assertion of intent

-9-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1  or reliance is provided. <u>Ibid</u>. Who is the specific person who had the intent to

2  defraud and why had that intent is not explained.

3      Further, the SACC asserts intentionally *in the passive voice* that although

4  prospective patients "were told" (by again unnamed persons) from other

5  Counterclaim Defendants that they could attend a "seminar" for "free," the Billing

6  Entities "often" submit claims to patients' insurance companies "for this initial

7  consultation." <u>SACC</u>, ¶82. No further information is provided. Whether the same

8  patients who were "told" the seminar is free are the same patients whose billing

9  included the "initial consultation" is not clear, and it is also unclear whether the

10  unnamed speaker of free initial consults and "biller" are the same or even if one

11  another they knew about each other, let alone knew of the purported scheme.

12      What is more, according to the SACC, Counterclaim Defendants, with the

13  assistance of the Billing Entities, "typically" billed for costlier face-to-face

14  consultations even though "many" members "have reported" (to whom it is

15  unknown) that they spoke only over the phone with these providers (again

16  unknown). <u>SACC</u>, ¶84. Of course, this too is intentionally in the passive voice. <u>Ibid</u>.

17  There is no assertion that the "typically" billed face-to-face patients are the same as

18  the "many" members who spoke only over the phone. <u>Ibid</u>. Again, no names, times,

19  place, authority, etc., is given for these "typical" and "many" events. <u>Ibid</u>. Also,

20  there is no assertion that the persons who did the billing had knowledge of the falsity

21  of the assertions. <u>Ibid</u>.

22      The SACC also alleges that:

23      [T]he Billing Entities often submitted (on behalf of Surgery Centers and
   other affiliated providers) fraudulent insurance claims to United for
24  unnecessary procedures or procedures that were not fully documented.
   The Billing Entities also submitted insurance claims and/or medical
25  records that fraudulently misrepresented the nature and complexity of
   the services provided, sought payment for services which were never
26  rendered, and misrepresented a member's BMI or other pertinent
   information that impacted United's obligation to pay benefits under the
27  member's health plan.

28  <u>SACC</u>, ¶88. Again, no names, times, place, authority, etc., is given for these

-10-

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

1   "often" events. <u>Ibid</u>. Also, there is no assertion that the persons who did the billing at

2   the Billing Entities had knowledge of the falsity of the assertions. <u>Ibid</u>.

3        These allegations are insufficient. <u>Lazar</u>, 12 Cal.4th at 645; <u>see e.g. Stansfield</u>

4   <u>v. Starkey</u>, 220 Cal. App. 3d 59, 74, 269 Cal. Rptr. 337, 346 (1990) (granting a

5   demurrer for failure to state a cause of action in part because plaintiffs did not allege

6   "who acted as the agent" for various representations made to induce six persons to

7   join the Church of Spiritual Technology). As explained in <u>SEC v. Patel</u>,

> 8    As this is the first of several claims that are dismissed for failure to meet the Rule 9(b) pleading standard, ***it is worth noting that Rule 9(b) should***
> 9    ***not present an obstacle in this case, unless the SEC simply does not have the evidence necessary to state its claims against each defendant***
> 10    ***with some specificity***. If the SEC has sufficient evidence supporting the individual claims made . . . all Rule 9(b) requires is a modest degree of
> 11    clarity - who did what, said what, to whom, and when? At this stage, inference, innuendo, resort to the passive voice, group pleading, and
> 12    vague conclusory language all tend to suggest that the SEC does not have, and has little hope of finding, evidence necessary to support its
> 13    claims.

14   2009 U.S. Dist. LEXIS 90558, *44-46, 2009 DNH 143 (D.N.H. 2009)

15   (emphasis added) (cited approvingly in <u>WPP Lux. Gamma Three Sarl v. Spot</u>

16   <u>Runner, Inc.</u>, 655 F.3d 1039, 1057-58 (9th Cir. 2011)). Indeed, Rule 9(b) should not

17   present an obstacle in this case, unless United simply does not have the evidence

18   necessary to state its claims against DeVita with some specificity. If United has

19   sufficient evidence supporting the individual claims made, all Rule 9(b) requires is a

20   modest degree of clarity - who did what, said what, to whom, and when? At this

21   stage, inference, innuendo, resort to the passive voice, group pleading, and vague

22   conclusory language all tend to suggest that United does not have, and has little hope

23   of finding, evidence necessary to support its claims.

24        Hence, if United wants its relief, to proceed it must muster more than "labels

25   and conclusions, and a formulaic recitation of the elements of a cause of action

26   [which] will not do". <u>Twombly</u>, 550 U.S. at 553-56.

27   ///

28   ///

-11-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KASHFIAN   KASHFIAN

**III.   The Third Cause of Action Fails To State A Cause Of Action <u>Conspiracy To Commit Fraud</u>.**

In the event that the Court dismisses the fraud cause of action, it must also dismiss the conspiracy to commit fraud cause of action. <u>Order Granting In Part Mnt to Dismiss</u>, at 31, ECF No. 144.

<u><strong>CONCLUSION</strong></u>

Accordingly, the Court must dismiss the SACC in its entirety or, alternatively, dismiss the first and third causes of action.

*Respectfully Submitted,*

    this 27th day of August, 2015      By:  */s/ **Ryan D. Kashfian, Esq.***

                                          _____

                                      RYAN D. KASHFIAN, ESQ.
                                      ROBERT A. KASHFIAN, ESQ.
                                      OLGA Y. NOVAK, ESQ. *for*

                                      **KASHFIAN & KASHFIAN LLP**

                                      *Attorneys for Counterclaim Defendant*, DEVIDA USA, LLC

-12-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ☐ **PROOF OF SERVICE** | ☒ **CERTIFICATE OF SERVICE** |
|---|---|

| ☒ **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** | ☐ DISTRICT OF COLUMBIA |
|---|---|
| *California Code of Civil Procedure* §1013(a)<br>*California Code of Civil Procedure* §2015.5<br>*California Rules of Court, Rule* 2.260 | *District of Columbia Superior Court*<br>*Civil Procedure* Rule 5 *et seq.*<br>*Federal Rules of Civil Procedure* |

I am employed and a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: KASHFIAN & KASHFIAN LLP:

☐ *Culver City Office*: 6023 Bristol Parkway, Suite 100, Culver City, California 90230

☒ *Century City Office*: 1875 Century Park East, Suite 1340, Los Angeles, California 90067

On <u>August 27th, 2015</u>, I served the following listed document(s) herein, by method indicated below, on each interested parties in the within action, listed on the ATTACHED SERVICE LIST:

**COUNTERCLAIM DEFENDANT DEVIDA USA, LLC'S: (1) NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COUNTERCLAIM; (2) NOTICE OF JOINDER AND JOINDER IN THE PROVIDER, PROPERTY CARE INSURANCE, CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS; AND (3) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.**

☐ **(BY U.S. MAIL)** By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Kashfian & Kashfian, LLP., ☐ 6023 Bristol Parkway, Suite 100, Culver City, CA 90230 or ☐ 1875 Century Park East, Suite 1340, Los Angeles, CA 90067, following ordinary business practices. I am readily familiar with Kashfian & Kashfian, LLP.'s practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **(BY OVERNIGHT DELIVERY)** By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents. **Note**: Federal Court requirement: service by overnight delivery was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ **(BY PERSONAL SERVICE)** ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list. ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s). ☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ **(BY FACSIMILE)** By transmitting the document(s) listed above from Kashfian & Kashfian, LLP. in Los Angeles County, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ **(BY ELECTRONIC MAIL** [EMAIL]**)** By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address [*first-name*]@kashfianlaw.com at approximately [*date & time*]. To my knowledge, the transmission was reported as complete and without error. Service by email was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

☐ **(BY ELECTRONIC SERVICE via electronic filing service provider LexisNexis)** By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at their website www.fileandserve.lexisnexis.com, from the email address [*first-name*]@kashfianlaw.com, at approximately [*date & time*]. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260.

☒ **(BY ELECTRONIC TRANSFER)** By causing all the pages of the above-entitled document(s) to be uploaded to ☒ the U.S. District Court or ☐ the U.S. Court of Appeals, Ninth Circuit "CM/ECF" System to be sent to the recipients listed herein via electronic transfer at the respective EMAIL addresses indicated herein. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

-1-

**CERTIFICATE OF SERVICE AND SERVICE LIST**
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM [ETC.]

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
Central District of California

1

**SERVICE LIST**

2

3    *Attorneys for ( or ☐ In Propria Persona):*

4    Bryan Westerfeld, Esq.          UNITED HEALTHCARE
     Nicole Wurscher, Esq.           SERVICES, INC.;
5    **WALRAVEN & WESTERFELD LLP**    UNITEDHEALTHCARE
                                      INSURANCE COMPANY;
6    101 Enterprise, Suite 350       OPTUMINSIGHT, INC.
     Aliso Viejo, CA 92565-2620
7                                     ☒ *Counter Plaintiff(s)*;
8    R.J. Zayed, Esq.                ☐ *Counter Defendant(s)*;
                                      ☐ *Cross-Complainant(s)*;
     Timothy Branson, Esq.           ☐ *Cross-Defendant(s)*;
9    Stephen P. Lucke, Esq           ☐ *Appellant(s)*;
     **DORSEY & WHITNEY LLP**         ☐ *Appellee(s)*; and
10   50 S Sixth Street, Suite 1500   ☐ *Trial Court.*
11   Minneapolis, MN 55402-1498

12

13

14   ☐  (State of California) I declare under penalty of perjury under the laws
        of the State of California that the above is true and correct.
15

16   ☐  (District of Columbia) I declare under penalty of perjury under the
        laws of the District of Columbia that I am at least 18 years of age and
17      not a party to the above entitled case and that the forgoing information
        contained in this service is true and correct.
18

19   ☒  (**Federal**)  I declare that I am a member of the bar of this court, or am
        employed in the office of a member of this court at whose direction the
20      service was made.
21

22      Executed on this 27th day of August, 2015, at Century City, California.

23

24      */s/ Robert A. Kashfian*

25      ─────────────────────────

26      ROBERT A. KASHFIAN, ESQ.
        *for* KASHFIAN & KASHFIAN LLP

27

28

CERTIFICATE OF SERVICE AND SERVICE LIST                CASE No. 2:14-CV-03053-MWF(VBKx)
COUNTERCLAIM DEFENDANT DEVIDA'S MOTION                         UNITED STATES DISTRICT COURT
TO DISMISS THE SECOND AMENDED COUNTER CLAIM [ETC.]            CENTRAL DISTRICT OF CALIFORNIA