RYAN D. KASHFIAN, ESQ. (SBN: 265293)
   ryan@kashfianlaw.com
ROBERT A. KASHFIAN, ESQ. (SBN: 263173)
   robert@kashfianlaw.com
OLGA Y. NOVAK, ESQ. (SBN: 298969)
   onovak@kashfianlaw.com
**KASHFIAN & KASHFIAN LLP**
1875 CENTURY PARK EAST, SUITE 1340
CENTURY CITY, CALIFORNIA 90067-2514
(310) 751 – 7578  | TELEPHONE
(310) 751 – 7579  | FACSIMILE

*Attorneys for Counterclaim-Defendant*
PROPERTY CARE INSURANCE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., and DOES 1 through 20, <br><br> Defendants. <br><br> UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company; et al., <br><br> Counterclaim Defendants. | Case No. 14-CV-03053-MWF (VBKx) <br><br> COUNTERCLAIM DEFENDANT PROPERTY CARE INSURANCE'S: <br><br> (1) NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COUNTERCLAIM; <br><br> (2) NOTICE OF JOINDER AND JOINDER IN THE PROVIDER, DEVIDA, CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS; AND <br><br> (3) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS. <br><br> *Hearing Date*: September 17th, 2015 <br> *Hearing Time*: 3:00 p.m. <br> *Courtroom*: 1600 <br><br> HONORABLE MICHAEL W. FITZGERALD |

-1-

**COUNTERCLAIM DEFENDANT PCI'S MOTION TO DISMISS** THE SECOND AMENDED COUNTER CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; NOTICE OF JOINDER [ETC.]

CASE NO. 2:14-CV-03053-MWF(VBKx)
**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF CALIFORNIA

# COUNTERCLAIM DEFENDANT PROPERTY CARE INSURANCE'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COUNTERCLAIM

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 17th, 2015 or as soon thereafter as the matter may be heard in Courtroom 1600 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California 90012, Counterclaim Defendant Property Care Insurance, Inc., ("PCI") will move and hereby does move the Court, under Federal Rules of Civil Procedure, Rule 12 (b)(6), for an order dismissing the Second Amended Counterclaim (the "SACC"), Dkt. #152, of Counterclaim Plaintiffs, United Healthcare Services, Inc., Unitedhealthcare Insurance Company, Optuminsight, Inc., ("United").

PCI requests that this Court dismiss the SACC in its entirety or, alternatively, dismiss the first and third causes of action for the following alternative reasons:

*First*, the lumping of PCI with "Counterclaim Defendants" does not meet the requirements of Rule 8. Therefore, the Court must dismiss the SACC.

*Second*, assuming *arguendo* that the Court does not dismiss the entire SACC for the reasons for the improper "lumping," the Court must nevertheless dismiss the first and third cause of action because they fail to state a cause of action for fraud and conspiracy to commit fraud.

PCI's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support of the Motion, all matters which the Court must or may judicially, the complete files and records of this Court, and upon such oral and documentary evidence that Mrs. Omidi may present at the hearing of this Motion.

///

-1-

1 | *Respectfully Submitted*,

2 | this 27th day of August, 2015    *By*:  */s/ **Ryan D. Kashfian, Esq.***

3 | _____

4 | RYAN D. KASHFIAN, ESQ.
5 | ROBERT A. KASHFIAN, ESQ.
6 | OLGA Y. NOVAK, ESQ. *for*

**KASHFIAN & KASHFIAN LLP**

*Attorneys for Counterclaim Defendant*, PROPERTY CARE INSURANCE

# COUNTERCLAIM DEFENDANT PROPERTY CARE INSURANCE'S NOTICE OF JOINDER IN AND JOINDER IN THE PROVIDER, DEVIDA USA, LLC., CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE FURTHER NOTICE that Counterclaim Defendant Property Care Insurance, Inc., ("PCI") joins in the Motions to Dismiss and arguments in support thereof filed by Counterclaim Defendants Almont Ambulatory Surgery Center, LLC, Bakersfield Surgery Institute, LLC, Independent Medical, Medical Services, Inc., Modern Institute Of Plastic Surgery & Antiaging, Inc., New Life Surgery Center, LLC Dba Beverly Hills Surgery Center, LLC, Orange Grove Surgery Center, LLC, San Diego Ambulatory Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of Beverly Hills, Inc., Valencia Ambulatory Surgery Center, LLC, West Hills Surgery Center, LLC, Almont Ambulatory Surgery Center, Bakersfield Surgery Institute, Inc., Ciro Surgery Center, LLC, East Bay Ambulatory Surgery Center, LLC, Skin Cancer & Reconstructive Surgery Specialists Of West Hills, Inc., Valley Surgical Center, LLC, Top Surgeons, Inc., Top Surgeons, LLC, Palmdale Ambulatory Surgery Center, 1-800-GET-THIN, LLC, DeVida, USA, LLC, Cindy Omidi, Michael Omidi, M.D., Julian Omidi in this action to the extent they are applicable to demonstrate that the Second Amended Counterclaim (the "SACC"), Dkt. #152, of Counterclaim Plaintiffs, United Healthcare Services, Inc., Unitedhealthcare Insurance Company, Optuminsight, Inc., ("United") fails to state facts upon which relief may be granted against PCI.

///

///

///

-1-

1 | *Respectfully Submitted,*
2 | this 27th day of August, 2015     By: */s/ Ryan D. Kashfian, Esq.*
3 | _____
4 | RYAN D. KASHFIAN, ESQ.
  | ROBERT A. KASHFIAN, ESQ.
5 | OLGA Y. NOVAK, ESQ. *for*
6 | **KASHFIAN & KASHFIAN LLP**
7 | *Attorneys for Counterclaim Defendant*, PROPERTY CARE INSURANCE

-2-

**COUNTERCLAIM DEFENDANT PROPERTY CARE INSURANCE'S NOTICE OF JOINDER IN AND JOINDER IN THE PROVIDER, DEVIDA, CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS**

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Under Federal Rules of Civil Procedure, Rule 12 (b)(6), the Court must dismiss the Second Amended Counterclaim (the "SACC"), ECF No. 152, of Counterclaim Plaintiffs, United Healthcare Services, Inc., Unitedhealthcare Insurance Company, Optuminsight, Inc., ("United") in its entirety or, alternatively, dismiss the first and third causes of action for the following alternative reasons: *First*, the lumping of Counterclaim Defendant Property Care Insurance, Inc., ("PCI") with "Counterclaim Defendants" does not meet the requirements of Rule 8. Therefore, the Court must dismiss the SACC. *Second*, assuming *arguendo* that the Court does not dismiss the entire SACC for improper "lumping," the Court must nevertheless dismiss the first and third cause of action, because they fail to state a cause of action for fraud and conspiracy to commit fraud.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995).

The court need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

-1-

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE No. 2:14-CV-03053-MWF(VBKx)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

cause of action will not do"). Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 545 ("Factual allegations must be enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing Iqbal and Twombly).

## ARGUMENTS

### I. The Lumping Of PCI With "Counterclaim Defendants" Does Not Meet The Requirements Of Rule 8.

Under Rule 12(b)(6), dismissal is proper when a complaint fails to state a claim upon which relief can be granted. Dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In order for United to survive a 12(b)(6) motion, United must "provide the grounds for [] entitlement to relief [which] requires more than labels and conclusions." Twombly, 550 U.S. at 547. Moreover, "[a] complaint violates Rule 8(a) when it fails to provide the defendants with fair notice of the wrongs they have allegedly committed." Crook v. San Bernardino County Dep't of Child Support Servs., 2014 U.S. Dist. LEXIS 172289, *5 (C.D. Cal. Dec. 11, 2014).

Further, "[R]ule 8 prohibits lumping all defendants together in a complaint without distinguishing between them or specifying which defendant is targeted by

-2-

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE No. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

which allegation." <u>West v. Bank of Am., N.A.</u>, 2011 U.S. Dist. LEXIS 66726, *4, 2011 WL 2491295 (D. Nev. June 22, 2011). This was true, even pre-<u>Twombly</u> and <u>Iqbal</u>'s heightened pleading standard. <u>Gen-Probe, Inc. v. Amoco Corp.</u>, 926 F. Supp. 948, 960 (S.D. Cal. 1996) (lumping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8); <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (plaintiff failed to satisfy notice pleading requirements of Rule 8 by lumping all defendants together in one allegation).

As explained in <u>Roberts v. Balasco (In re Ernie Haire Ford, Inc.)</u>,

> The shortcoming of the Complaint from a Rule 8 perspective is that each defendant's liability is not plausibly demonstrated. There are no factual allegations concerning many of the defendants that would tend to show their involvement and participation in the alleged kickback schemes. Rather, the defendants are lumped together into classes and are then alleged, collectively, to have engaged in fraudulent conduct. Such a manner of pleading does not comport with <u>Iqbal</u>'s requirement that there be facial plausibility of the defendants' liability. Without any specific factual allegations concerning a particular defendant's participation in the general schemes alleged, the Court is left without a reasonable basis from which it can infer such defendant's liability. The Court cannot infer an individual defendant's liability based merely on the collective pleading style that Plaintiff has utilized. Indeed, in many instances, the only reference to a particular defendant is the identification of that defendant's place of business and the subsequent grouping of that defendant into a collective class. Such allegations raise, at best, a sheer possibility that any particular defendant is liable for the alleged misconduct. Accordingly, the Court finds that the Complaint is deficient in that it does not satisfy the facial plausibility requirement of Rule 8.

459 B.R. 824, 835 (Bankr. M.D. Fla. 2011).

In the case at bar, it is not clear from the SACC, what it is PIC has allegedly done or which actions in reference to each of the causes of action assert liability against PCI. The use of term "Counterclaim Defendants" lumping various persons and entities together is not sufficient in allowing PCI to know what misconduct or fraudulent representations it has been charged with. <u>Yost v. Nationstar Mortg., LLC</u>, 2013 U.S. Dist. LEXIS 128504, *8, 2013 WL 4828590 (E.D. Cal. Sept. 6, 2013) ("Under the pleading standard of either Rule 8 or Rule 9, Plaintiffs must distinguish Defendants' particular roles in the alleged causes of action. Plaintiffs need to provide facts showing how each and every Defendant is involved and enable Defendants to

MEMORANDUM OF POINTS AND AUTHORITIES
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

know what misconduct or fraudulent representations they are charged with. Because Plaintiffs merely lump Nationstar, Ginnie Mae and DOES 1-10 together, Defendants' motion to dismiss is GRANTED.").

Dismissal is proper on these grounds. McHenry v. Renne, 84 F.3d 1172, 1175 (9th Cir. 1996) (affirming dismissal of complaint under Rule 8(a) when court could not "determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); Gottschalk v. City and County of San Francisco, 964 F. Supp. 2d 1147, 1156 (N.D. Cal. 2013) (complaint did not satisfy Rule 8(a) when it did not clarify which claims were brought against which defendant and did not articulate specific facts connecting each defendant with the facts underlying the applicable claims).

## II. *Alternatively*, The First Cause of Action Fails To State A Cause Of Action For Fraud.

Assuming *arguendo* that the Court does not dismiss the entire SACC for the improper "lumping," the Court must nevertheless dismiss the first cause of action because it fails to state a cause of action for fraud.

Under California law, "[t]he elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." 5 B.E. Witkin, Summary of California Law, Torts § 772, at 1121 (10th ed. 2005).

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Rule 9(b) where fraud is an essential element of a claim. See Vess v. Ciba—Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b) provides a heightened pleading standard for such claims:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). These circumstances include the "time, place, and

-4-

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quotation omitted); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

In the case at bar, the SACC makes no such allegations against PCI, but instead generally alleges that "Counterclaim Defendants," and not PCI, "execute[d] a scheme and artifice to defraud United," SACC ¶447, "had knowledge" to do so, Id. ¶448, with "intent to induce" United, Id. ¶456, which were "reasonably relied" on by United, Id. ¶457 and "damages [resulting to United which] will be proven at trial," Id. ¶¶454, 457. This is improper lumping as noted supra at Error! Reference source not found., and do not met Rule 8's standard let alone Rule 9's heighten standard.

Moreover, these above allegations are insufficient, because they do not allege any specific conduct on the part of PCI constituting fraud. Swartz, 476 F.3d at 764-65 (role of each defendant must be alleged in properly plead fraud); Cheery Way (USA), Inc. v. Duong, 2012 U.S. Dist. LEXIS 67100, *15, 2012 WL 1670172 (N.D. Cal. May 14, 2012) (in a fraud case, "[s]pecific allegations must be levied against each individual defendant."). As noted by the Court, in granting the prior motion to dismiss

> United cannot generally assert that everyone did everything on the basis of the examples it presents without specifying the roles that each Counterclaim Defendant played in carrying out the purported fraud. While the Court does not anticipate that United should be obligated to set forth every detail regarding the activities surrounding each claim line within its FACC, United must allege more than it currently has. The Court will not advise United as to how it may fulfil the requirements imposed by Rule 9(b), but provides the following examples of the types of allegations that appear to be lacking from the FACC and Appendix I: the category or categories of misrepresentations alleged with respect to each claim line; ***the relevant Counterclaim Defendants*** implicated in

-5-

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

Case No. 2:14-CV-03053-MWF(VBKx)
**United States District Court**
Central District Of California

each purported claim line; and the date of claim submission for each claim line.

<u>Order Granting In Part Mnt to Dismiss</u>, at 19, ECF No. 144 (emphasis added). However, a review of Appendix I shows that PCI is not implicated in any purported claim lines, SACC, Appendix I.

### III. The Third Cause of Action Fails To State A Cause Of Action Conspiracy To Commit Fraud.

In the event that the Court dismisses the fraud cause of action, it must also dismiss the conspiracy to commit fraud cause of action. <u>Order Granting In Part Mnt to Dismiss</u>, at 31, ECF No. 144.

### CONCLUSION

Accordingly, the Court must dismiss the SACC in its entirety or, alternatively, dismiss the first and third causes of action.

*Respectfully Submitted*,

this 27th day of August, 2015   *By*: **/s/ Ryan D. Kashfian, Esq.**

_____

RYAN D. KASHFIAN, ESQ.
ROBERT A. KASHFIAN, ESQ.
OLGA Y. NOVAK, ESQ. *for*

**KASHFIAN & KASHFIAN LLP**

*Attorneys for Counterclaim Defendant*, PROPERTY CARE INSURANCE

-6-

**MEMORANDUM OF POINTS AND AUTHORITIES**
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM

CASE NO. 2:14-CV-03053-MWF(VBKx)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ☐ **PROOF OF SERVICE** | ☒ **CERTIFICATE OF SERVICE** |
|---|---|
| ☒ **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** | ☐ **DISTRICT OF COLUMBIA** |
| *California Code of Civil Procedure* §1013(a)<br>*California Code of Civil Procedure* §2015.5<br>*California Rules of Court, Rule 2.260* | *District of Columbia Superior Court*<br>*Civil Procedure* Rule 5 *et seq.*<br>*Federal Rules of Civil Procedure* |

I am employed and a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: KASHFIAN & KASHFIAN **LLP**:

☐ *Culver City Office*:   6023 Bristol Parkway, Suite 100, Culver City, California 90230
☒ *Century City Office*:   1875 Century Park East, Suite 1340, Los Angeles, California 90067

On August 27th, 2015, I served the following listed document(s) herein, by method indicated below, on each interested parties in the within action, listed on the ATTACHED SERVICE LIST:

**COUNTERCLAIM DEFENDANT PROPERTY CARE INSURANCE'S: (1) NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COUNTERCLAIM; (2) NOTICE OF JOINDER AND JOINDER IN THE PROVIDER, DEVIDA, CINDY OMIDI, MICHAEL OMIDI M.D. AND JULIAN OMIDI'S MOTIONS TO DISMISS; AND (3) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS.**

☐ (**BY U.S. MAIL**) By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Kashfian & Kashfian, LLP., ☐ 6023 Bristol Parkway, Suite 100, Culver City, CA 90230 or ☐ 1875 Century Park East, Suite 1340, Los Angeles, CA 90067, following ordinary business practices. I am readily familiar with Kashfian & Kashfian, LLP.'s practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ (**BY OVERNIGHT DELIVERY**) By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents. **Note**: Federal Court requirement: service by overnight delivery was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ (**BY PERSONAL SERVICE**) ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list. ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s). ☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ (**BY FACSIMILE**) By transmitting the document(s) listed above from Kashfian & Kashfian, LLP. in Los Angeles County, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ (**BY ELECTRONIC MAIL** [EMAIL]) By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address [*first-name*]@kashfianlaw.com at approximately [*date & time*]. To my knowledge, the transmission was reported as complete and without error. Service by email was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

☐ (**BY ELECTRONIC SERVICE via electronic filing service provider LexisNexis**) By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at their website address www.fileandserve.lexisnexis.com, from the email address [*first-name*]@kashfianlaw.com, at approximately [*date & time*]. To my knowledge, the transmission was reported as complete and without error. *See* Cal. R. Ct. R. 2.253, 2.255, 2.260.

☒ (**BY ELECTRONIC TRANSFER**) By causing all the pages of the above-entitled document(s) to be uploaded to ☒ the U.S. District Court or ☐ the U.S. Court of Appeals, Ninth Circuit "CM/ECF" System to be sent to the recipients listed herein via electronic transfer at the respective EMAIL addresses indicated herein. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

-1-

**CERTIFICATE OF SERVICE AND SERVICE LIST**
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM [ETC.]

CASE NO. 2:14-CV-03053-MWF(VBKx)
**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF CALIFORNIA

# SERVICE LIST

Bryan Westerfeld, Esq.
Nicole Wurscher, Esq.
**WALRAVEN & WESTERFELD LLP**
101 Enterprise, Suite 350
Aliso Viejo, CA 92565-2620

R.J. Zayed, Esq.
Timothy Branson, Esq.
Stephen P. Lucke, Esq
**DORSEY & WHITNEY LLP**
50 S Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

*Attorneys for ( or ☐ In Propria Persona):*

UNITED HEALTHCARE SERVICES, INC.;
UNITEDHEALTHCARE INSURANCE COMPANY;
OPTUMINSIGHT, INC.

☒ *Counter Plaintiff(s);*
☐ *Counter Defendant(s);*
☐ *Cross-Complainant(s);*
☐ *Cross-Defendant(s);*
☐ *Appellant(s);*
☐ *Appellee(s);* and
☐ *Trial Court.*

☐ (State of California) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (District of Columbia) I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled case and that the forgoing information contained in this service is true and correct.

☒ (**Federal**) I declare that I am a member of the bar of this court, or am employed in the office of a member of this court at whose direction the service was made.

Executed on this 27th day of August, 2015, at Century City, California.


*/s/ Robert A. Kashfian*
_____
ROBERT A. KASHFIAN, ESQ.
*for* KASHFIAN & KASHFIAN LLP

-2-

**CERTIFICATE OF SERVICE AND SERVICE LIST**
COUNTERCLAIM DEFENDANT PCI'S MOTION
TO DISMISS THE SECOND AMENDED COUNTER CLAIM [ETC.]

CASE NO. 2:14-CV-03053-MWF(VBKx)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA