**BRYAN WESTERFELD (S.B. # 218253)**
bwesterfeld@calemployerlaw.com
**NICOLE E. WURSCHER (S.B. # 245879)**
nwurscher@calemployerlaw.com
**WALRAVEN & WESTERFELD LLP**
101 Enterprise, Suite 350
Aliso Viejo, CA 92656
Telephone: (949) 215-1997
Facsimile: (949) 215-1999

**R.J. ZAYED (MN ID #0309849)**
zayed.rj@dorsey.com
**TIMOTHY BRANSON (MN ID #174713)**
branson.tim@dorsey.com
**ANDREW HOLLY (MN ID #308353)**
holly.andrew@dorsey.com
*Admitted pro hac vice*
**DORSEY & WHITNEY LLP**
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Attorneys for Defendant UnitedHealth Group Incorporated;
and Defendants/Counterclaim Plaintiffs
United Healthcare Services, Inc., UnitedHealthcare
Insurance Company, OptumInsight, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, INCORPORATED; *et al.*,<br><br>Defendants.<br>_____<br>UNITED HEALTHCARE SERVICES, INC.; *et al.*,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>ALMONT AMBULATORY SURGERY CENTER, LLC; *et al.*,<br><br>Counterclaim Defendants. | Case No 2:14-cv-03053-MWF(VBKx)<br><br>**COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEVIDA USA LLC'S MOTION TO DISMISS THE SECOND AMENDED COUNTERCLAIM**<br><br>**DATE: Sept. 17, 2015**<br>**TIME: 3:00 pm**<br>**DEPT.: Courtroom 16**<br><br>(Superior Court of the State of California, County of Los Angeles, Central District Case Number: BC540056)<br><br>Complaint filed: March 21, 2014 |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

ARGUMENT ........................................................................................................ 2

    I.    The SACC Properly Distinguishes DeVida's Role in the Fraud .......... 2

    II.   The Court Should Reject DeVida's Specific Arguments Regarding the Fraud and Conspiracy Allegations ................................ 4

        A.    United Adequately Pleads DeVida's Role in the Fraud ............. 4

        B.    United's Fraud Allegations Need Comply Only With Rule 9(b) ............................................................................................. 5

        C.    DeVida Does Not Dispute That United Has Raised a Conspiracy Claim ....................................................................... 5

CONCLUSION ...................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berson v. Applied Signal Tech., Inc.*,
  527 F.3d 982 (9th Cir. 2008) ................................................................................. 4

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  416 F. Supp. 161 (C.D. Cal. 1976) ......................................................................... 3

*Fustok v. UnitedHealth Grp., Inc.*,
  2013 WL 2189874 (S.D. Tex. May 20, 2013) ....................................................... 4

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996) ........................................................................................... 5

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) .................................................................................. 3

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir.1989) ................................................................................... 4

*Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*,
  2014 WL 1028351 (E.D. Cal. Mar. 14, 2014) ....................................................... 4

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ..................................................................................... 5

*United States v. Summit Healthcare Ass'n, Inc.*,
  2011 WL 814898 (D. Ariz. Mar. 3, 2011) ............................................................. 4

*Wool v. Tandem Computers, Inc.*,
  818 F.2d 1433 (9th Cir. 1987) (*overruled on other grounds*) ............................... 5

**Other Authorities**

Rule 8 ............................................................................................................................ 3, 4

Rule 9(b) ..................................................................................................................... *passim*

# INTRODUCTION

The Second Amended Counterclaim ("SACC") alleges that Counterclaim Defendant DeVida USA LLC ("DeVida") conspired with the other individual and Corporate Counterclaim Defendants to defraud both United and hundreds of the group health plans it administers. Among other types of frauds and billing manipulations, the SACC alleges that the Omidi-controlled Providers induced 2,000 patients into receiving services from them by promising to waive co-pays, co-insurance, deductibles, and other amounts due under the terms of the participants' plans ("Member Responsibility Amounts"). The SACC further alleges that three Omidi-controlled and -owned Billing Entities, including DeVida, then submitted fraudulent bills that affirmatively misrepresented the "total charges" due.[1] In yet other instances, these same Providers told patients—falsely—that their health plans covered Lap Bands, knowing that their plans provided no such coverage. Only after these patients endured a battery of preparatory tests, for which the Providers billed United millions, did the Providers finally inform those United Members that they were not covered for Lap Band surgery. Among the 2,000 members who received co-pay waivers, United has identified 40 specific instances of fraud—to which no Counterclaim Defendant has thus far sought to dismiss—in which these, and other misrepresentations, manipulations, and deceptions have occurred.[2]

Like the other Billing Entities, DeVida played a key role in perpetrating the fraud against United. SACC ¶ 53. United alleges that DeVida was one of three

---

[1] The two other Billing Entities are Surgery Center Management LLC and Independent Medical Services, Inc. *See* SACC ¶ 53. Those two Counterclaim Defendants joined in the Providers' Motion to Dismiss the Second Amended Counterclaim, but declined to argue that United had somehow failed to comply with Rule 9(b) specifically as to the Billing Entities' role in the fraud. *See* Providers' Mot. [Dkt. No. 168].

[2] The Counterclaim Defendant Providers, Cindy, Julian, and Michael Omidi, and Property Care Insurance, Inc. filed separate motions to dismiss the SACC to which DeVida joined. United likewise incorporates its responses to these motions, here.

Counterclaim Defendants that made up the centralized billing and collections office that submitted interchangeable and fraudulent claim forms to United. *Id.* ¶ 56. Specifically, employees of DeVida, including co-conspirator and DeVida agent Levi Green, submitted bills on behalf of various Counterclaim Defendant Surgery Centers and affiliated providers. *Id.* ¶ 436(h)(iii). These bills systematically included "charges" or "total charges" that fraudulently "included the Member Responsibility Amounts, even though the Counterclaim Defendant Surgery Centers and other affiliated providers had previously told the patients that Member Responsibility Amounts would be waived." *Id.* ¶ 72. This Court has previously recognized that such a billing scheme may constitute fraud. Provider FACC Order [Dkt. No. 145] at 26-29.

In its motion to dismiss the SACC, DeVida fails to offer arguments that Cindy Omidi has not already raised—that is, that United has somehow lumped DeVida in with the other Counterclaim Defendants, and that the SACC does not meet Rule 9(b) as to the fraud and conspiracy counts.[3] DeVida's motion fails for the same reasons that Cindy Omidi's motion fails. Here, United sufficiently alleges that DeVida submitted fraudulent claims to United on behalf of the Omidi-controlled Providers in a complex and long-running healthcare fraud. United should therefore, be permitted to raise claims against DeVida to rectify this fraud. This Court should deny its motion to dismiss.

## ARGUMENT

### I. The SACC Properly Distinguishes DeVida's Role in the Fraud

Like Cindy Omidi, DeVida claims that the SACC does not identify its role in the fraud. The SACC is clear, however, DeVida was a Billing Entity that intentionally and fraudulently submitted claim forms to United on behalf of Omidi Network Providers. SACC ¶ 72. United further alleges that DeVida, along with

---

[3] DeVida failed to challenge the sufficiency of United's ERISA and conversion claims. Accordingly, those claims directed to DeVida survive regardless of the resolution of its motion to dismiss.

two other Billing Entities submitted claim forms to United interchangeably on behalf of the Omidi-controlled providers, (*id.* ¶ 53), no doubt in part as a means of concealing the true nature of the claim.

Without any basis in the law, DeVida believes that United should not be able to classify DeVida as a Billing Entity. But this has no grounding in Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) (Rule 8(a) simply requires that the complaint must "make clear connections between specific allegations and individual defendants."). Moreover, once a pleading "has adequately identified a particular defendant with a category of defendants allegedly responsible for some continuing course of conduct," Rule 9(b) (and therefore, Rule 8 as well) permits a plaintiff to plead the collective conduct of the defendants. *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 181 (C.D. Cal. 1976). Purportedly in support of its "lumping" argument, DeVida's brief borrows liberally from Cindy Omidi's brief—it cites identical cases while making identical arguments. But as United identified in its opposition to Cindy Omidi's brief, the plainly deficient pleadings discussed in DeVida's (and Cindy Omidi's) cases bear no resemblance to the SACC. United incorporates its opposition to Cindy Omidi's brief, here. *See* United Oppo. to C. Omidi Mot., Section I.

DeVida also complains that the SACC does not provide sufficient information regarding the "free" seminars for which patients were nonetheless billed or the telephonic psychological examinations that were subsequently billed as face-to-fact evaluations. DeVida Mot. at 10. But the exemplar members provide the detail DeVida alleges is missing. *See, e.g.*, SACC ¶¶ 138, 164, 206 (alleging United Members 17, 20, and 25 were promised "free" initial consultations); *id.* ¶¶ 124, 356 (alleging United Members 8 and 11 were billed for a face-to-face psychological examination that either never occurred or was conducted over the phone). DeVida and the other Billing Entities played a role in executing this species of fraud by misrepresenting to United the services provided. *Id.* ¶¶ 124,

142, 168, 209, 357. No party, including DeVida has questioned the particularity of the fraud alleged with respect to the SACC's 40 exemplar members.

## II. The Court Should Reject DeVida's Specific Arguments Regarding the Fraud and Conspiracy Allegations

### A. United Adequately Pleads DeVida's Role in the Fraud

DeVida adds nothing to its Rule 9(b) argument that it did not already make in its Rule 8 "lumping" argument—DeVida still takes issue with United calling it a Billing Entity. But Rule 9(b), like Rule 8, does not demand that United identify "the specific person who filled out the form, and on what authority they filled out the form," as DeVida apparently believes. DeVida Mot. at 2. Rather, a "pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989).

Other courts to consider complex, long-running conspiracies to defraud have found that Rule 9(b) does *not* require a recitation of every alleged fraudulent transaction, let alone facts identifying employee names.[4] Such a standard would likely bar from federal court any sophisticated healthcare-fraud case like the one at issue here. Rule 9(b) does not require anything more than United's well-pleaded allegations. *See* United Oppo. to C. Omidi Mot., Section II; *see also Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 989-90 (9th Cir. 2008); *Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*, 2014 WL 1028351, at *4 (E.D. Cal. Mar. 14, 2014); *Fustok v. UnitedHealth Grp., Inc.*, 2013 WL 2189874, at *5 (S.D. Tex. May 20, 2013); *United States v. Summit Healthcare Ass'n, Inc.*, 2011 WL 814898, at *5 (D. Ariz. Mar. 3, 2011).

---

[4] Although it is not required to identify employees, United has identified more than a dozen individuals on the Omidis' payroll that have conspired to defraud United, including billers such as Levi Green, Araminta Salazar, and Yesenia F. SACC ¶¶ 436(h)(iii), 475(f).

**B. United's Fraud Allegations Need Comply Only With Rule 9(b)**

Like Cindy Omidi, DeVida argues for a heightened Rule 9(b) standard sometimes applied by California state courts to allegations of fraud perpetrated by *corporate* actors. DeVida Mot. at 9-11 (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996) and *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)). As explained in detail in United's opposition to Cindy Omidi's Motion to Dismiss, *see* Section II.B., there is scant support for a more stringent standard, particularity for allegations of fraud by corporate actors brought in federal cases that are guided by Rule 9(b) as opposed to state pleading rules. Moreover, courts often *relax* Rule 9(b) when the allegations, like those in the SACC, indicate that "'the defendant must necessarily possess full information concerning the facts of the controversy'" or "the facts lie more in the knowledge of the opposite party." *Tarmann*, 2 Cal. App. 4th at 158; *see also Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (*overruled on other grounds*). And, as explained above, United expressly alleges facts about the role—as an Omidi Network Billing Entity—that DeVida played in the scheme.

**C. DeVida Does Not Dispute That United Has Raised a Conspiracy Claim**

Unlike Cindy Omidi, DeVida does not dispute that the SACC properly alleges that it joined the other Counterclaim Defendants in an ongoing conspiracy to defraud United. It argues only that United has failed to state an underlying fraud claim, DeVida Mot. at 12, which for the reasons expressed above, must be rejected.

**CONCLUSION**

United respectfully requests that the Court deny DeVida's Motion to Dismiss.

Dated: September 3, 2015  **WALRAVEN & WESTERFELD LLP**

By: /s/ BRYAN S. WESTERFELD
BRYAN S. WESTERFELD

Attorneys for Defendant UnitedHealth Group Incorporated;
and Defendants/Counterclaim Plaintiffs United Healthcare Services, Inc., UnitedHealthcare Insurance Company, OptumInsight, Inc.

Dated: September 3, 2015  **DORSEY & WHITNEY LLP**

By: /s/ RJ ZAYED
RJ ZAYED

*Admitted Pro Hac Vice*
Attorneys for Defendant UnitedHealth Group Incorporated;
and Defendants/Counterclaim Plaintiffs United Healthcare Services, Inc., UnitedHealthcare Insurance Company, OptumInsight, Inc.