Robert J. Rice, Esq. (SBN 131255)
LAW OFFICES OF ROBERT J. RICE
rjriceesq5@gmail.com
6380 Wilshire Boulevard, Suite 820
Los Angeles, California 90048
Telephone (323) 297-3700

*Attorney for Respondent*,
JULIAN OMIDI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., and DOES 1 through 20,<br><br>        Defendants.<br><br><hr><br>UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC.,<br><br>        Counterclaim Plaintiffs,<br><br>v.<br><br>ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company; et al.,<br><br>        Counterclaim Defendants. | Case No. 14-CV-03053-MWF (VBKx)<br><br>**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S: (1) NOTICE OF MOTION AND MOTION TO STRIKE THE GOVERNMENT'S IMPROPER DISCLOSE OF TAX RETURN INFORMATION; REQUEST FOR DISQUALIFICATION OF THE GOVERNMENT FROM FURTHER PARTICIPATION IN THIS CASE FOR VIOLATION OF 26 U.S.C. §§ 6103, 7213  (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROBERT J. RICE**<br><br>Date:       February 25, 2016<br>Time:      9:00 a.m.<br>Ctrm:     1600<br><br>Honorable Michael W. Fitzgerald |

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S NOTICE OF MOTION AND MOTION TO STRIKE THE GOVERNMENT'S IMPROPER DISCLOSE OF TAX RETURN INFORMATION

**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S: (1) NOTICE OF**

**MOTION AND MOTION TO STRIKE THE GOVERNMENT'S IMPROPER**

**DISCLOSE OF TAX RETURN INFORMATION; REQUEST FOR**

**DISQUALIFICATION OF THE GOVERNMENT FROM FURTHER**

**PARTICIPATION IN THIS CASE FOR VIOLATION OF 26 U.S.C. §§ 6103,**

**7213  (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**THEREOF; DECLARATION OF ROBERT J. RICE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 25, 2016 at 9:00 a.m. or or as

soon thereafter as the matter may be heard in Courtroom 1600 of the above-entitled

Court located at 312 North Spring Street, Los Angeles, California 90012,

Counterclaim Defendant Julian Omidi ("Mr. Omidi") will move and hereby does

move the Court, under Federal Rules of Civil Procedure, Rule 12(f), and its inherent

authority to disqualify the government party intervenors and for an order striking the

Government's opposition to Counterclaim Defendants' motion for an order release

*in camera* documents, or portions thereof (the "Government's Opp."), Docket No.

122.

The portion of the Government's Opp. that should be stricken is:

> [E]vidence a scheme on the part of Julian Omidi, Michael
> Omidi, Cindy Omidi, the entities listed on Exhibit 1 thereto,
> and others to recruit patients for Lap-Band surgery by false
> and misleading advertising in violation of 21 U.S.C. § 331
> (misbranding a medical device); make false statements to
> health insurance plans in violation of 18 U.S.C. § 1035;
> defraud health insurance plans and patients seeking Lap-
> Band surgery in violation of 18 U.S.C. § 1341 (mail fraud),
> 18 U.S.C. § 1347 (health care fraud), and 18 U.S.C. § 1349
> (fraud conspiracy); launder the proceeds of such fraud in
> violation of 18 U.S.C. § 1956 (money laundering); evade
> the payment of income taxes, knowing fail to file income
> tax returns and file false income tax returns in violation of
> 26 U.S.C. §§ 7201 7203, and 7206(1), and evidence and
> instrumentalities of a conspiracy to commit the foregoing
> offenses and to defraud the United States in violation of 18
> U.S.C. § 371.

*Government's Opp.*, at 6-7 n.1. However, this was improperly placed in the

1  public record. The Court should, therefore, strike the allegations of the AUSAs
2  because they are the product of improper disclosures by the Government and detract
3  from the dignity of the court. The Court should further disqualify the AUSAs
4      This motion is based on this Notice of Motion and Motion and the
5  Memorandum of Points and Authorities contained herein, the pleadings and papers
6  on file in this action, and the argument of counsel presented at the hearing on the
7  motion.[1]

8
9  Dated:  January 25, 2016                        Respectfully submitted,

10                                                 /s/ Robert J. Rice
                                                   Robert J. Rice, Esq.
11                                                 LAW OFFICES OF ROBERT J. RICE
                                                   rjriceesq5@gmail.com
12                                                 6380 Wilshire Boulevard, Suite 820
                                                   Los Angeles, California 90048
13                                                 Telephone (323) 297-3700

14                                                 Attorney for Respondent,
                                                   JULIAN OMIDI
15
16
17
18
19
20
21
22
23
24  _____
    [1] As noted in the Motion to Disqualify Judge Michael Fitzgerald, this motion is being
25  served while the motion to disqualify Judge Michael Fitzgerald is in consideration.
    Nothing in this motion should be deemed to be a waiver of the motion to disqualify
26  or a request for Judge Fitzgerald to rule upon it.  It is being filed in recognition that
    this motion cannot and should not be ruled upon by Judge Fitzgerald because of the
27  conflict he has with First Assistant United States Attorney Patrick Fitzgerald who
    supervises the AUSAs who are involved in this matter and the ongoing criminal
28  investigation.  Because this is a critical matter prejudicing the Omidis and which
    benefits the government, Judge Michael Fitzgerald should not be involved.

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S NOTICE OF MOTION AND MOTION
TO STRIKE THE GOVERNMENT'S IMPROPER DISCLOSE OF TAX RETURN
INFORMATION

# TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................... 1

**ARGUMENTS** ................................................................................................... 2

**I.**   **The Government Has Improperly Filed Tax Return Information Into The Public Record In Violation Of 26 U.S.C. §§ 6103, 7213.** .............. 2

**II.**   **26 USC § 6103(h)(4) Does Not Apply To The Disclosure.** ........................ 5

**III.**   **The Government's Improper Filing Was prohibited by the United Stated Attorney Manual And *In re Smith*, F.2d 1101 (5th Cir. 1981).** ......... 8

**IV.**   **Disqualification Of The Government Party Intervenor Is Necessary** ......... 9

   **A.**   **Disqualification Due To Ethical Violations** .......................................... 9

   **B.**   **Separately, Disqualification Is Necessary Under *United States v. Kahre*, 737 F.3d 554 (9th Cir. 2013)** ...................................... 9

**CONCLUSION** ............................................................................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

The Government has improperly filed with this Court tax return information in violation of 26 U.S.C. §§ 6103, 7213 (a felony). Specifically, on January 15, 2015, upon its intervention in this case,[2] the Government filed an opposition to Counterclaim Defendants' motion for an order release *in camera* documents, or portions thereof (the "Government's Opp."), Docket No. 122. In the Government's Opp., the Government publicly asserted that "the government is investigating conduct and issues ***outside the scope of this litigation***," and asserted that as part of the unrelated investigation the Government had:

> [E]vidence a scheme on the part of Julian Omidi, Michael Omidi, Cindy Omidi, the entities listed on Exhibit 1 thereto, and others to recruit patients for Lap-Band surgery by false and misleading advertising in violation of 21 U.S.C. § 331 (misbranding a medical device); make false statements to health insurance plans in violation of 18 U.S.C. § 1035; defraud health insurance plans and patients seeking Lap-Band surgery in violation of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1347 (health care fraud), and 18 U.S.C. § 1349 (fraud conspiracy); launder the proceeds of such fraud in violation of 18 U.S.C. § 1956 (money laundering); ***evade the payment of income taxes, knowing fail to file income tax returns and file false income tax returns in violation of 26 U.S.C. §§ 7201 7203, and 7206(1),*** and evidence and instrumentalities of a conspiracy to commit the foregoing offenses and to defraud the United States in violation of 18 U.S.C. § 371.

(*Government's Opp.*, at p. 6-7 & n. 1 (emphasis added)).

---

[2] 59 Am. Jur. 2d Parties, Status of intervenor as party § 224 (2015) ("By the very definition of 'intervention,' the intervenor is a party to the action. After intervention, the intervenor is as much a party to the action as the original parties and renders itself vulnerable to complete adjudication of the issues in litigation between itself and the adverse party. To make its rights effectual, the intervenor must necessarily have the same power as the original parties, subject to the authority of the court reasonably to control the proceedings in the case."); *Sierra Club v. Hamilton County Bd. of County Com'rs*, 504 F.3d 634, 643, (6th Cir. 2007) (an intervenor is a party to the case, "able to litigate fully on the merits"); *Northeast Iowa Citizens For Clean Water v. Agriprocessors, Inc.*, 489 F. Supp. 2d 881, 892 n.7 (N.D. Iowa 2007) (an intervenor is generally "entitled to litigate fully on the merits once intervention has been granted"); *Frere v. Lee*, 2000 WL 64297, at *1 (E.D. La. 2000) (recognizing that an intervenor "may litigate fully as if he had been an original party" and that as such, he may assert "compulsory and permissive counterclaims, additional claims, cross-claims, and third party claims") (internal citations omitted). D. Herr, R. Haydock & J. Stempel, Fundamentals of Litigation Practice § 7:8 (2014 ed.) ("Following intervention, the intervenor is a party to the action for all purposes.")

MEMORANDUM OF POINTS AND AUTHORITIES

1    The improper disclosures by the Government, which detract from the dignity

2    of the court, by the Government should be stricken from the record. The Court

3    should further disqualify the AUSAs as discussed below.

### ARGUMENTS

**I.    The Government Has Improperly Filed Tax Return Information Into The Public Record In Violation Of 26 U.S.C. §§ 6103, 7213.**

6    As a preliminary matter, 26 U.S.C. § 6103 applies to the U.S. Attorneys

7    Office. *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485,

8    1489 (9th Cir. 1991) (noting that 26 U.S.C. § § 6103 applies to "disclosures made by

9    the U.S. Attorneys Office and that made by the I.R.S.," since "[t]hat section provides

10   that 'no *officer or employee of the United States* . . . shall disclose any return or

11   return information. . .,' " and thus, "[t]he statute is . . . not intended to be applied

12   differently to I.R.S. employees than it is to other government employees" (*quoting*

13   26 U.S.C. § 6103(a) and *citing* 26 U.S.C. § 7431(a)(1) emphasis in original)).

14   Moreover, 26 U.S.C. § 6103(a)(1) states that:

> Returns and return information shall be confidential, and except as authorized by this title . . . no officer or employee of the United States, . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

18   Statutorily "return information" is defined to include,

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

25   26 U.S.C. § 6103(b)(2)(A); see also, *In re Grand Jury Investigation*, 688 F.2d

26   1068, 1071 (6th Cir. 1982) ("[a] taxpayer's name and the fact that he is, was or will

27   be subject to an investigation regarding [U.S.C.] Title 26 obligations, constitutes

1    'return information' under section 6103(b)(2)(A).")

2    The Government's public assertion that the Omidis "evade[d] the payment of

3    income taxes, knowing fail[ed] to file income tax returns and file[d] false income tax

4    returns," *Government's Opp.*, at p. 7 n.1, constitutes "data, received by, recorded by,

5    prepared by, furnished to, or collected by the Secretary with respect to a return," 26

6    U.S.C. § 6103(b)(2)(A). Indeed, the allegation that the Omidis failed to file tax

7    returns and filed false returns with the IRS is information that, *by definition*, has

8    "passed through" the IRS and subject to 26 U.S.C. § 6103. *Stockwitz v. United*

9    *States*, 831 F.3d 893, 895 (9th Cir. 1987). Thus, the publicly filed pleading was a

10   *clear* violation of § 6103, and, as done willfully, it was a *felony* under § 7213.

11   *United States v. Richey*, 924 F.2d 857 (9th Cir. 1991) is directly on point.

12   There, Lawrence Richey, a retired Internal Revenue Service (IRS) agent with 25

13   years of service, was indicted in 1985 for participation of a tax shelter scheme. After

14   several trials and appeals, a jury found him guilty of conspiracy and aiding and

15   assisting in the preparation of false tax returns. Judge Alan A. McDonald, who had

16   presided over the last of these trials, sentenced Richey to probation with special

17   conditions. Condition (b), "Defendant shall abstain from making any derogatory

18   remarks against the Government of the United States," drew the attention of the local

19   press, television, and radio stations. Three newsmen contacted Richey for comment.

20   In response to questions by a reporter for the Spokesman-Review and

21   Spokane Chronicle, Richey speculated that Judge McDonald, whom he had audited

22   and assessed for additional tax fifteen years earlier, might have wanted "retribution."

23   In a videotaped interview with KNDO TV, Richey stated in response to a question as

24   to why he thought Judge McDonald had imposed the restraint, "I thought it was

25   rather malicious. I may have rubbed him the wrong way in my frequent letters to the

26   editors; I don't know. I also remember interviewing him as an agent about fifteen

27   years ago and assessing some additional tax ..." For these statements, Richey was

28   charged with and convicted of three felony counts of unauthorized disclosure of tax

1   return information in violation of 26 U.S.C. § 7213.

2        On appeal, Richey argued that the statute violated his First Amendment right

3   to free speech. The Ninth Circuit rejected that argument, noting that although the

4   statute was subject to strict scrutiny, "the government's interest in maintaining a

5   workable tax system to be 'compelling.'" *Richey*, 924 F.2d at 861 (citing *Bradley v.*

6   *United States*, 817 F.2d 1400, 1405 (9th Cir. 1987)); *see also*, *Richey*, 924 F.2d at

7   863 n.7 ("the government's interest in maintaining a workable tax system permits

8   restrictions on disclosures even if the information might otherwise become

9   known."). The Ninth Circuit concluded by reasoning:

> In sum, there can be no doubt that Richey violated the duty of confidentiality imposed upon him by section 7213. Richey's self-serving comments to the press - made in full knowledge that they were in violation of section 7213 - are not transmogrified into speech worthy of first amendment protection simply because they touched upon a matter of public concern. The district court did not err in denying the motion to dismiss the indictment on first amendment grounds.

15   *Richey*, 924 F.2d at 863. Indeed, the purpose of 26 U.S.C. § 6103's was to

16   "encourage[] voluntary compliance with the tax assessment system by assuring

17   taxpayers of the confidentiality of their returns." *Rueckert v. IRS*, 775 F.2d 208, 210

18   (7th Cir. 1985) (citing H.R.Rep. No. 94-658, 94th Cong., 2d Sess. 318, reprinted in

19   1976 U.S. Code Cong. & Ad. News 2897, 3747). *National Treasury Employees*

20   *Union v. Federal Labor Relations Bd*, 791 F.2d 183, 184 (D.C. Cir. 1986), states:

> This general ban on disclosure provides essential protection for the taxpayer; it guarantees that the sometimes sensitive or otherwise personal information in a return will be guarded from persons not directly engaged in processing or inspecting the return for tax administration purposes. The assurance of privacy secured by § 6103 is fundamental to a tax system that relies upon self-reporting.

24        Given the purpose of the statute, it is very perplexing that the Government

25   would on the one hand investigate the Omidis for purportedly failing to file tax

26   returns while simultaneously discouraging the Omidis from doing so, by publicly

27   disclosing tax return information in direct violation of statutes made *to encourage*

-4-

1   *voluntary compliance with the tax assessment system*. If the government has a

2   compelling interest in "maintaining a workable tax system [which] permits

3   restrictions on disclosures," *Richey*, 924 F.2d at 863 n.7, Government agents should

4   not be circumventing those restrictions.

5        Moreover, 26 U.S.C. § 6103(i)(4) governs use of certain disclosed returns and

6   return information in judicial or administrative proceedings, including the gratuitous

7   statements in the United case. Specifically, 26 U.S.C. § 6103(i)(4) governs such

8   disclosure beyond those working on an investigation, and relates to the use of returns

9   and return information in judicial or administrative proceedings. Subsection (i)(4)

10  provides that returns and taxpayer return information may be disclosed in a judicial

11  or administrative proceeding if: (i) the court makes certain findings regarding their

12  probative value; or (ii) disclosure is required by court order pursuant to 18 U.S.C. §

13  3500 or by rule 16 of the Federal Rules of Criminal Procedure. See 26 U.S.C. §

14  6103(i)(4)(A). "Thus, when the records need to be disclosed to people other than

15  those tasked with the investigation, a specific court finding regarding their probative

16  value, or 18 U.S.C. § 3500, or rule 16, governs the disclosure." *United States v.*

17  *Ajudua*, 2013 U.S. Dist. LEXIS 73003, *9, 2013 WL 2284960 (D.N.M. 2013).

18       In this case, none of the Government employees obtained a specific finding

19  from the Court allowing them to file gratuitously the above statements regarding Mr.

20  Omidi's personal and confidential tax return information. Moreover, no court would

21  have allowed the government to file such matters publicly, especially in light of the

22  government admission in the same pleading that the tax related investigation is

23  "outside the scope of this litigation." (*Government's Opp.*, at p. 6-7.)

24  **II.    26 USC § 6103(h)(4) Does Not Apply To The Disclosure.**

25       It should be noted that 26 U.S.C. § 6103(h) does not apply to this *case*,

26  because this *case* is not a case involving "tax administration," which is defined as

27       (4) Tax administration. The term "tax administration"—
         (A) means--
             (i) the administration, management, conduct,
         direction, and supervision of the execution and

28

> application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions to which the United States is a party, and
>> (ii) the development and formulation of Federal tax policy relating to existing or proposed internal revenue laws, related statutes, and tax conventions, and
> (B) includes assessment, collection, enforcement, litigation, publication, and statistical gathering functions under such laws, statutes, or conventions.

26 U.S.C. § 6103(b)(4); *see also*, *United States v. Hobbs*, 991 F.2d 569, 573 (9th Cir. 1993) ("The statutory definition of 'tax administration' embraces assessment, collection, enforcement and litigation under laws governing the application of the internal revenue laws." *citing* 26 U.S.C. § 6103(b)(4)(B)). This case is not about the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State) and tax conventions.

Moreover, conclusively proving that disclosure was not for "tax administrative" purposes, the Government affirmatively represented to the Court, in the same pleading, that "the government is investigating conduct and issues *outside the scope of this litigation*," specifically pointing to the tax issues. (*Government's Opp.*, at p. 6-7 (emphasis added)).

Nevertheless, even if 26 U.S.C. § 6103(h) applies, 26 U.S.C. § 6103(h)(4), titled "[d]isclosure in judicial and administrative tax proceedings" states that:

> A return or return information may be disclosed in a Federal or State judicial or administrative proceeding *pertaining to tax administration*, but only—
> (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;
> (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
> (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or
> (D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code or

MEMORANDUM OF POINTS AND AUTHORITIES

> rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

26 U.S.C. § 6103(h)(4) (emphasis added). Of course this case—by admission of the government—is not a "Federal . . . judicial . . . proceeding ***pertaining to tax administration***," because the administrative tax matters are, according to the government, "***outside the scope of this litigation***." (*Government's Opp.*, at p. 6-7 (emphasis added)). However, even if by some stretch of the imagination, this case was a "tax administration" case—none the above reasons for disclosure apply.

Specifically, the Government's stated reason for intervention was for the purpose of opposing "the in camera review of the affidavits filed under seal in support of search and asset seizure warrants." (*Government's Opp.*, at p. 2.) Thus, the disclosure of return information: (A) had nothing to do with determining the taxpayer's liability, 26 U.S.C. § 6103(h)(4)(A); (B) was not directly related to the resolution of an issue in the proceeding, *id*. § 6103(h)(4)(B);  (C) did not directly "relate to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding," *id*. § 6103(h)(4)(C); and (D) was made without court order allowing for the disclosure of the return information. *Id*. § 6103(h)(4)(D).[3]

In any event, 26 U.S.C. § 6103(i)(4) states that:

> [A]ny return or taxpayer return information obtained under paragraph (1) or (7)(C) may be disclosed in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute or related civil forfeiture (not involving tax administration) to which the United States or a Federal agency is a party—
> (i) if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party, or
> (ii) to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure.

---

[3] The USA has not withdrawn from the case and is an active party as per Pacer.gov.

MEMORANDUM OF POINTS AND AUTHORITIES

1    Notably, at the time the Government filed its pleading, it was required to

2    obtain a Court order making the above findings. The Government did not do so and,

3    in effect conceded to this Court in the very pleading it filed that it could not so. The

4    Government conceded that the information was "***outside the scope of this***

5    ***litigation***." (*Government's Opp.*, at p. 6-7 (emphasis added)).

6          This is serious matter and Congress had specifically prohibited disclosure of

7    tax information in violation of statute which is strictly construed.  "Tax returns and

8    tax return information must be kept confidential, unless a statutory exception

9    applies." *Aloe Vera of America, Inc. v. United States*, 699 F.3d 1153, 1156 (9th Cir.

10   2012). The statutory exception is not met.  The USAO violated 26 U.S.C. § 6103.

11   **III.    The Government's Improper Filing Was prohibited by the United Stated Attorney Manual And *In re Smith*, F.2d 1101 (5th Cir. 1981).**

12         It is outrageous that the Government would make such a public filing

13   regarding its investigation; not only is this practice prohibited by the U.S. Attorney

14   Manual but it has been condemned by several courts. For instance, in *In re Smith*,

15   the court held "no legitimate governmental interests could be served by stigmatizing

16   private citizens as criminals while not naming them as defendants." 656 F.2d 1101,

17   1106 (5th Cir. 1981) (reiterating that "no legitimate governmental interest is served

18   by an official public smear of an individual.")  In a blistering opinion, the *Smith*

19   court "ordered that the District Clerk . . . completely and permanently obliterate and

20   strike from the records . . . any and all identifying reference to or name of [third

21   party]," reasoning that "[r]egardless of what criminal charges may have been

22   contemplated by the [AUSA] against the [third party] for the future, we completely

23   fail to perceive how the interests of criminal justice were advanced . . .  by such an

24   attack on the [third party's] character." *Id*. at 1106-7. As the Smith court explained,

25          The presumption of innocence, to which every criminal
           defendant is entitled, was forgotten by the Assistant United

26         States Attorney in drafting and reading aloud in open court the
           factual resumes which implicated the Petitioner in criminal

27         conduct without affording him a forum for vindication.

28         *Id*. at 1107; see also USAM § 9-27.760 ("In all public filings and proceedings,

-8-

MEMORANDUM OF POINTS AND AUTHORITIES

federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged third parties . . . [I]n the absence of some significant justification, it is not appropriate to identify . . . a third party wrongdoer unless that party has been officially charged with the misconduct at issue.").

## IV. Disqualification Of The Government Party Intervenor Is Necessary
### A. Disqualification Due To Ethical Violations

In *United States v. State of Or.*, 657 F.2d 1009 (9th Cir. 1981), the Court held that the lower court "gained personal jurisdiction over [the intervenor] when it intervened as of right," *id.* at 1014, and "[b]y successfully intervening, a party makes himself vulnerable to complete adjudication by the federal court of the issues in litigation between the intervener and the adverse party." *Id.* at 1017 n. 18 (citation and internal quotations omitted). Jurisdiction firmly established by binding precedent, violations of the 26 U.S.C. §§ 6103, 7213 (a felony) constitute ample rationale for disqualification of the AUSAs who are subordinates of Patrick Fitzgerald, the brother and business partner of the Judge. The conflicts of interest in this matter are overwhelming. Judge Fitzgerald should not be involved in the matter.

Federal Courts apply state law in matters of disqualification. *See In re Cnty. of L.A.*, 223 F.3d 990, 995 (9th Cir. 2000) ("[W]e apply state law in determining matters of disqualification[.]") CAL. BUS. & PROF. CODE § 6067 requires a lawyer "faithfully to discharge the duties … to the best of his knowledge and ability." Violations of the 26 U.S.C. §§ 6103, 7213 contravenes CAL. BUS. & PROF. CODE § 6067, in addition to CAL. BUS. & PROF. CODE § 6103 ("violation of the oath taken by" an AUSA), and CAL. BUS. & PROF. CODE § 6106 ("[t]he commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension.")

### B. Separately, Disqualification Is Necessary Under *United States v. Kahre*, 737 F.3d 554 (9th Cir. 2013)

The Court should disqualify the prosecution team, to include AUSAs Evan

MEMORANDUM OF POINTS AND AUTHORITIES

1  Davis, Kirsten Williams, and Consuelo Woodhead for a "clear and convincing"

2  conflict of interest. *United States v. Kahre*, 737 F.3d 554, 574-576 (9th Cir. 2013).

3       In this case, the Government affirmatively represented to the Court the reason

4  for its intervention was for the purpose of opposing "the in camera review of the

5  affidavits filed under seal in support of search and asset seizure warrants."

6  (*Government's Opp.*, at p. 2.) Thus, the public disclosure of tax return information in

7  violation of the 26 U.S.C. §§ 6103, 7213 was simply gratuitous, had nothing to do

8  with opposing the *in camera* review of the government affidavits, and served no

9  purpose but to injure the Omidis on which United Healthcare readily capitalized by

10  using it against the Omidis in its court filings. *See* Dkt. 217, 225. Under the *Kahre*

11  standard, the evidence is clear and convincing the Omids' tax documents *were not*

12  disclosed in good faith for the proper and authorized administration of justice.

13       Furthermore, the misconduct, i.e., violation of 26 U.S.C. §§ 6103, 7213, is

14  bona fide and beyond clear and convincing, as the tax information publicly filed by

15  the government "passed through the IRS". Dkt. 217 Cindy Omidi 09-10-15 Reply in

16  Case No. 14-CV-03053-MWF and Dkt 225 Cindy Omidi 09-17-15 Supplemental

17  Brief in Case No. 14-CV-03053-MWF.

18       The conflict of interest is incontrovertible. *United States v. Heldt*, 668 F.2d

19  1238, 1275 (D.C. Cir. 1981) ("The threat posed to a prosecutor's interests in his

20  personal and professional reputation by a bona fide civil action alleging bad faith in

21  the performance of official duties should give rise to a similar concern.")

22       AUSAs Davis, Williams, and Woodhead are required to be disqualified.

23  **CONCLUSION**

24       The Court should strike the allegations of the AUSAs because they are the

25  product of improper disclosures by the Government and detract from the dignity of

26  the court. The Court should further disqualify the AUSAs.

27  ///

28  ///

MEMORANDUM OF POINTS AND AUTHORITIES

Dated:  January 25, 2016

Respectfully submitted,

/s/ Robert J. Rice

Robert J. Rice, Esq.
LAW OFFICES OF ROBERT J. RICE
rjriceesq5@gmail.com
6380 Wilshire Boulevard, Suite 820
Los Angeles, California 90048
Telephone (323) 297-3700

Attorney for Respondent,
JULIAN OMIDI

MEMORANDUM OF POINTS AND AUTHORITIES

## **DECLARATION OF ROBERT J. RICE**

I, ROBERT J. RICE, DECLARE AS FOLLOWS:

1.     I am representing Defendant Julian Omidi in this matter.  I am relatively new to this case.  I became the attorney of record for defendant on November 23, 2015. Upon review of the extensive record with thousands upon thousands of pages of court documents, and with due diligence, I bring to the Court's attention the government's 26 U.S.C. Section 6103 violation.

2.     *The State Bar of California Standing Committee on Professional Responsibility and Conduct Formal Opinion* No. 1970-22 (1970), states:  "[A]s a matter of law, the courts have held that it is incumbent upon the attorney to inform … the court of a potential conflicting interest when he becomes aware of it." As such, I am obligated to bring to the Court this information which I have learned which indicates the government has a conflict of interest and should be disqualified. I make this request in good faith.  I am ethically and legally obligated to request the government be disqualified due to the conflicts of interest.  As an officer of the court, I am obligated to request disqualification when there is a conflict of interest.

3.     In the case 2:14-cv-03053-MWF-AFM, on 1-15-15 Judge Fitzgerald granted the USAO's motion to intervene, Dkt 123.[4]  In granting intervention, Judge

---

[4] "An intervenor is a party to a suit and is bound by a judgment to the same extent as original plaintiffs and defendants." *In re W.T. Grant Co.*, 85 B.R. 243, 247 (Bankr. S.D.N.Y. 1988) (citing *County of Cook v. Midcon Corp.*, 574 F. Supp. 902, 913-14 (M.D. Ill. 1983), *aff'd*, 773 F.2d 892 (7th Cir. 1985); 21A K. Oakes, Fed. Proc., L. Ed. § 51:246 (2015) ("A person who intervenes in a suit is considered a party for purposes of preclusion.".

As stated by *Citizen Potawatomi Nation v. Salazar*, 624 F. Supp. 2d 103, 120 (D.D.C. 2009):

> Courts have found litigants intervening on appeal to be "parties" to the litigation who are bound by the outcome. *See Local 322, Allied Indus. Workers of America, AFL–CIO v. Johnson Controls, Inc., Globe Battery Div.*, 921 F.2d 732, 734 (7th Cir.1991) (concluding res judicata applied to party who intervened on appeal after being denied right to intervene in district court, where intervenors' "arguments were addressed by [appellate court's] decision"); *N.A.A.C.P.*

---

MEMORANDUM OF POINTS AND AUTHORITIES

1  Fitzgerald did not limit the USA's intervention. Thus, the USA is a party in this case
2  and the record shows the USA has never filed a motion to withdraw from the matter.
3  From 1-15-15 forward, the USA was obligated to provide notice if any potential
4  conflicts of interest arose or if there might be an appearance of impropriety.  No such
5  record was ever provided.

6        4.      In several meetings with the United States Attorney's Office, the USAO
7  through AUSAs Evan Davis and Kirsten Williams have confirmed the issues in the
8  United Healthcare complaint are essentially the same as its purported healthcare
9  criminal investigation of the Omidis and companies. *See* Declaration of Robert Rice
10 attached herein. For example, *inter alia*, AUSAs Evan Davis and Kirsten Williams in
11 several meetings have confirmed the civil fraud issue in this case is factually the
12 same as the criminal fraud issue the government is currently investigating. Thus, the
13 matters are same and inter-related for all intents and purposes, and a ruling on the
14 issue by Judge Fitzgerald affects the criminal investigation.  This is yet another
15 reason why Judge Fitzgerald should not be ruling on this matter. To any reasonable
16 observer, any ruling by Judge Fitzgerald adverse to the Omidis on the fraud issue in
17 the United case would aid and assist the Office of the United States Attorney and his
18 twin brother and business partner, the second in command First Assistant United
19 States Attorney Patrick Fitzgerald, in its prosecution of the fraud claim on the same
20 exact issue.

21       5.      Demonstrative of the USA party intervenors continued involvement, at
22 court hearings in this United Healthcare case, a representative of the United States
23 Attorney's Office has almost always been present in Judge Fitzgerald's courtroom,
24 and, at a recent hearing, an astounding six (6) members of the USAO team were

25
26  *v. A.A. Arms, Inc.,* 2003 WL 21242939, at *19 (E.D.N.Y.
    Apr. 1, 2003) ("As a general rule, a nonparty is not bound
    by judgments entered in an action in which it did not
27  intervene."); *Deaktor v. Henner,* 517 F.Supp. 26, 27
    (N.D.Ill.1980) (finding that plaintiff was party to
28  administrative litigation where plaintiff was granted leave
    to intervene in that case).

present in the courtroom to include AUSAs Evan Davis and Kristen Williams.

7.     I have brought this issue to the Court's attention in good faith because I am ethically and legally obligated to do so.  I do not want to this motion to adversely affect my client because of my ethical and legal duties to disclose this issue to the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 25, 2016 at Los Angeles, California.


/s/ Robert J. Rice
Robert J. Rice

## PROOF OF SERVICE

I am employed and a resident of the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 6380 Wilshire Boulevard, Suite 820, Los Angeles, California, 90048.

On January 25, 2016, I served the document described as:

**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S: (1) NOTICE OF MOTION AND MOTION TO STRIKE THE GOVERNMENT'S IMPROPER DISCLOSE OF TAX RETURN INFORMATION; REQUEST FOR DISQUALIFICATION OF THE GOVERNMENT FROM FURTHER PARTICIPATION IN THIS CASE FOR VIOLATION OF 26 U.S.C. §§ 6103, 7213 (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROBER J. RICE**

Upon the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

_____ (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____(By Facsimile Transmission)  I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown in the service list attached hereto.

\_\_\_X\_\_\_ (By Electronic Mail/ECF) I served the above entitled document through the court's ECF system to all parties listed on the ECF's record. I checked the CM/ECF docket for this case and determined that the listed persons were so served:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 25, 2016, at Los Angeles, California.

/s/ Robert J. Rice
Robert J. Rice

## SERVICE LIST

Barbara E Taylor      asotelo@sheppardmullin.com, btaylor@sheppardmullin.com, pchand@sheppardmullin.com

Stephen P Lucke      wolfe.susan@dorsey.com, lucke.steve@dorsey.com

Timothy E Branson      skwiera.linda@dorsey.com, branson.tim@dorsey.com

Daron L Tooch      grodriguez@health-law.com, hlbdocket@health-law.com, dtooch@health-law.com

Michelle S Grant      skwiera.linda@dorsey.com, grant.michelle@dorsey.com, vallant.katherine@dorsey.com

Ryan Daniel Kashfian      ptokar@kashfianlaw.com, ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com, ryan@kashfianlaw.com

Bryan David Daly      bdaly@sheppardmullin.com

Michael E Rowe      rowe.michael@dorsey.com

Rabea Jamal Zayed      motzko.sheila@dorsey.com, zayed.rj@dorsey.com

Bridget A Gordon      grodriguez@health-law.com, bgordon@health-law.com

Evan J Davis      evan.davis@usdoj.gov, susan.cavallone@usdoj.gov

Eric David Chan      grodriguez@health-law.com, echan@health-law.com

Kirsten Schubert      hilgers.sheri@dorsey.com, schubert.kirsten@dorsey.com

Olga Novak      ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com

Robert J Rice      rjriceesq@aol.com, rjriceesq5@gmail.com

Katherine Markowski Dru      kdru@health-law.com, hlbdocket@health-law.com, greese@health-law.com

Nicole Elizabeth Wurscher      kls@walravenlaw.com, new@walravenlaw.com

Consuelo S Woodhead      usacac.criminal@usdoj.gov, consuelo.woodhead@usdoj.gov

PROOF OF SERVICE

1    Maureen Jaroscak        maureenjaroscak@live.com

2

3    Bryan Scott Westerfeld        bwesterfeld@walravenlaw.com

4    Larry A Walraven        jridley@calemployerlaw.com,
     bwesterfeld@calemployerlaw.com, ksullivan@calemployerlaw.com,
5    lwalraven@calemployerlaw.com

6

7    Andrew J Holly        kaemmer.lori@dorsey.com, holly.andrew@dorsey.com

8    Kristen A Williams        kristen.williams@usdoj.gov, usacac.criminal@usdoj.gov

9
     Charles L Kreindler        aanguiano@sheppardmullin.com,
10   ckreindler@sheppardmullin.com

11
     Robert Adam Kashfian        anna@kashfianlaw.com, ecf-filings@kashfianlaw.com,
12   robert@kashfianlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE