Robert J. Rice, Esq. (SBN 131255)
LAW OFFICES OF ROBERT J. RICE
rjriceesq5@gmail.com
6380 Wilshire Boulevard, Suite 820
Los Angeles, California 90048
Telephone (323) 297-3700

*Attorney for Respondent*,
JULIAN OMIDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., and DOES 1 through 20,<br><br>　　　　Defendants.<br>_____<br>UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC.,<br><br>　　　　Counterclaim Plaintiffs,<br>　v.<br>ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company; et al.,<br><br>　　　　Counterclaim Defendants. | Case No. 14-CV-03053-MWF (VBKx)<br><br>**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S: (1) SUPPLEMENTAL NOTICE OF MOTION AND MOTION, TO DKT 259, TO DISQUALIFY THE GOVERNMENT FROM FURTHER PARTICIPATION IN THIS CASE AND DUE TO APPEARANCE OF IMPROPRIETY; (2) MONETARY SANCTIONS OF $15,200 UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY AGAINST GOVERNMENT ATTORNEYS DAVIS, WILLIAMS AND WOODHEAD; (3) OTHER SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROBERT J. RICE**<br><br>Date:　　February 29, 2016<br>Time:　　9:00 a.m.<br>Ctrm:　　1600<br><br>Case assigned to: Honorable Michael W. Fitzgerald<br><br>Disqualification Motion Referred to: Honorable Otis D. Wright II |

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S SUPPLEMENTAL NOTICE OF MOTION AND MOTION FOR SANCTIONS DUE TO THE GOVERNMENT'S IMPROPER DISCLOSE OF TAX RETURN INFORMATION

**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S: (1) SUPPLEMENTAL NOTICE OF MOTION AND MOTION, TO DKT 259, TO DISQUALIFY THE GOVERNMENT FROM FURTHER PARTICIPATION IN THIS CASE AND DUE TO APPEARANCE OF IMPROPRIETY; (2) MONETARY SANCTIONS OF $15,200 UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY AGAINST GOVERNMENT ATTORNEYS DAVIS, WILLIAMS AND WOODHEAD; (3) OTHER SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROBERT J. RICE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 29, 2016 at 9:00 a.m. or or as soon thereafter as the matter may be heard in Courtroom 1600 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California 90012, Counterclaim Defendant Julian Omidi ("Mr. Omidi") will move and hereby does move the Court, under Federal Rules of Civil Procedure, Rule 12(f), and its inherent authority to disqualify the government party intervenors, for monetary sanctions under 28 U.S.C. § 1927 and its inherent power, evidentiary sanctions and any other sanctions the Court may deem appropriate.

This motion is based on this Notice of Motion and Motion and the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion.[1]

---

[1] As noted in the Motion to Disqualify Judge Michael Fitzgerald, this motion is being served while the motion to disqualify Judge Michael Fitzgerald is in consideration. Nothing in this motion should be deemed to be a waiver of the motion to disqualify or a request for Judge Fitzgerald to rule upon it. It is being filed in recognition that this motion cannot and should not be ruled upon by Judge Fitzgerald because of the conflict he has with First Assistant United States Attorney Patrick Fitzgerald who supervises the AUSAs who are involved in this matter and the ongoing criminal investigation. Because this is a critical matter prejudicing the Omidis and which benefits the government, Judge Michael Fitzgerald should not be involved.

```
 1
 2  Dated:  January 29, 2016              Respectfully submitted,
 3
                                          /s/ Robert J. Rice
 4                                        Robert J. Rice, Esq.
                                          LAW OFFICES OF ROBERT J. RICE
 5                                        rjriceesq5@gmail.com
                                          6380 Wilshire Boulevard, Suite 820
 6                                        Los Angeles, California 90048
                                          Telephone (323) 297-3700
 7
                                          Attorney for Respondent,
 8                                        JULIAN OMIDI
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

# INTRODUCTION

As detailed in 1-25-2016 Julian Omidi Motion to Strike and Disqualify, (Dkt., 259), which is incorporated by reference, the Government has improperly filed with *this* Court Tax Return Information in violation of 26 U.S.C. §§ 6103, 7213 (a felony). In that same motion, undersigned counsel cited to *United States v. Kahre*, 737 F.3d 554 (9th Cir. 2013) which requires a "clear and convincing" conflict of interest for disqualification of prosecutors in a criminal case. However, the clear and convincing standard *Kahre*, only applies to a "prosecutor's disqualification". 737 F.3d at 573.

In the case at bar, the involvement of government attorneys Evan Davis, Kristen Williams and Consuelo Woodhead, is in a civil case and not in a prosecutorial capacity. While there is clear and convincing evidence to disqualify the government attorneys in this case and the higher standard of *Kahre* has been met and exceeded, all that is required in *this* civil case is the lower standard of the "appearance of impropriety" as described below. This standard has also been met and exceeded.

## I. The Ninth Circuit And Local Rules Have Made Clear California Law Must Be Applied In A Disqualification Motion

The Ninth Circuit has made clear that a federal court in California must apply California law in a disqualification motion. See *In re Cty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("[W]e apply state law in determining matters of disqualification.") The Central District similarly requires attorneys to "comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto." Cent. Dist. L.R. 83–3.1.2. The Central District rule "adopt[s]" such California "statutes, rules and decisions." *Id.* California law, therefore, governs. See also, *j2 Glob. Commc'ns, Inc. v. EasyLink Servs. Int'l Corp.*, No. CV 09-04189 DDP AJWX, 2012 WL 6618609, at *5 (C.D. Cal. Dec. 19, 2012).

## II. To Preserve Public Trust In The Administration Of Justice And The Integrity Of The Legal System, The Court Has An Independent Duty To Disqualify The Prosecutors

As noted in the 1-25-16 Motion to Strike and Disqualify, Dkt 259 p. 10,

> In this case, the Government affirmatively represented to the Court the reason for its intervention was for the purpose of opposing "the in camera review of the affidavits filed under seal in support of search and asset seizure warrants." (*Government's Opp.*, at p. 2.) Thus, the public disclosure of tax return information in violation of the 26 U.S.C. §§ 6103, 7213 was simply gratuitous, had nothing to do with opposing the *in camera* review of the government affidavits, and served no purpose but to injure the Omidis on which United Healthcare readily capitalized by using it against the Omidis in its court filings.

See Dkt. 217, 225.

Ultimately, the Court has the "primary responsibility of controlling the conduct of the attorneys who practice before it." *Erickson v. Newmar Corp.,* 87 F.3d 298, 303 (9th Cir.1996). The "abuse of process" and the Government's gratuitous disclosure of confidential Tax Information in violation of federal rules in the case at bar was designed to and did aid United Healthcare. The Government's misconduct violated the "public trust" and denigrated "the integrity of the legal system" requiring disqualification. As noted by *In re 3DFX Interactive, Inc.*, No. BAP NC-07-1240-KJUMK, 2008 WL 8448326, at *7 (B.A.P. 9th Cir. Feb. 6, 2008), the court may take

> any action necessary to prevent an abuse of process. *Interwest Bus. Equip., Inc. v. United States Tr. (In re Interwest Bus. Equip., Inc.)* 23 F.3d 311, 317 (10th Cir.1994). The court has an independent duty to disqualify an attorney to preserve public trust in the administration of justice and the integrity of the legal system. *City & County of San Francisco v. Cobra Solutions, Inc.,* 135 P.3d 20, 25 (Cal.2006).

Here, the government attorneys improperly influenced *this* case with the unlawful disclosure of Tax Information, demonstrating glaring partiality toward United Healthcare, which conflicts with the government attorneys' obligation to govern impartially. *Berger v. United States*, 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of

a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all").

"The unsanctioned representation of conflicting interests is one of the most serious sins that a lawyer can commit." *In re Tevis*, 347 B.R. 679, 689 (B.A.P. 9th Cir. 2006). Disqualification is required because "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar." *State Farm Mut. Auto. Ins. Co. v. Fed. Ins. Co.,* 72 Cal.App.4th 1422, 1428, (1999); see also, *San Francisco v. Cobra Solutions, Inc.,* 38 Cal.4th 839, 846 (2006).

### III. The Appearance Impropriety Is Sufficient To Disqualify The Government Attorneys In This Case

As the court recently reaffirmed in *Spaccia v. Superior Court*, 209 Cal. App. 4th 93 (2012), *as modified* (Sept. 25, 2012):

> a public prosecutor must 'perform his functions with the highest degree of integrity and impartiality, and with the appearance thereof' [citation], for appearance's sake, the basis for this suspicion must be eliminated." (*Younger v. Superior Court, supra,* 77 Cal.App.3d at p. 897, 144 Cal.Rptr. 34.)

*Id*., at 103.

The *Spaccia* court further added that in civil cases the appearance of impartiality is enough for disqualification of a government attorney, and Penal Code section 1424 ("render it unlikely" to "receive a fair trial") does not apply to civil cases. The Spaccia court stated,

> The [California] Supreme Court noted [in *Cobra Solutions*] that, as the case before it was **a civil matter**, the restrictions imposed by Penal Code section 1424 did not apply. (*Cobra Solutions, supra,* 38 Cal.4th at p. 850, 43 Cal.Rptr.3d 771, 135 P.3d 20.)

*Id*., at 104 (emphasis added).

As a matter of fact, the government attorneys have intervened in *this* civil matter involving United Healthcare and the Omidis. Thus, the "appearance of

-3-
MEMORANDUM OF POINTS AND AUTHORITIES

impartiality" standard applies for the disqualification of the government attorneys rather than the higher *Kahre* standard of "clear and convincing evidence". The need for disqualification has been established with overwhelming evidence.

### IV. The Court Should Impose Evidence Preclusion Sanctions

Given the prejudicial and unlawful disclosure of confidential Tax Information by the government attorneys which United Healthcare turned around and used directly against the Omidis in *this* case, the Court must preclude the use of this information by any party (or agents, representatives, employees, attorneys or anyone else working on its behalf), in this or related cases under this Court's supervision.

### V. The Court Should Award Monetary Sanctions Against The Government Attorneys

As the foregoing details, the government's actions in *this* case warrant monetary sanctions because they were in bad faith, wanton or oppressive. Undersigned counsel has had to expend significant resources to respond to the government's improper actions which have resulted in prejudice against the Omidis. As the Supreme Court stated in *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59, (1975) (quotation omitted), when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," sanctions under the court's inherent powers may take the form of attorney's fees. At a minimum, the government's actions were reckless. Indeed, even if the government attorneys' actions are deemed only reckless, sanctions are warranted. *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir.2001) ("[R]ecklessness suffices for § 1927").

Further, given the highly improper actions of the government in *this* case, the Court may impose sanctions under its inherent power. *In re Nordstrom, Inc.*, 719 F.3d 1129, 1130 (9th Cir. 2013) (*citing to* "9th Cir. R. 46–2 advisory committee's note (8) (court may impose monetary sanctions under inherent powers of the court); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–51, 111 S.Ct. 2123, 115 L.Ed.2d 27

(1991).")

The Court should award $24,800 in monetary sanctions against government attorneys Evan Davis, Kristen Williams and Consuelo Woodhead as set forth in the Declaration of Robert Rice attached herein.

## **CONCLUSION**

Based on the foregoing, the Court should disqualify the government attorneys, and impose evidentiary and monetary sanctions in addition to any other sanctions the Court deems appropriate. The imposition of sanctions in this case is particularly appropriate because with their participation in this case, the government attorneys, who are supervised by Judge Fitzgerald's twin brother and business partner with whom he shares a residence-- First Assistant United States Attorney Patrick Fitzgerald, have improperly used confidential information to influence *this* case.

Dated: January 29, 2016                                   Respectfully submitted,


/s/ Robert J. Rice
Robert J. Rice, Esq.
LAW OFFICES OF ROBERT J. RICE
rjriceesq5@gmail.com
6380 Wilshire Boulevard, Suite 820
Los Angeles, California 90048
Telephone (323) 297-3700

Attorney for Respondent,
JULIAN OMIDI

## DECLARATION OF ROBERT J. RICE

I, Robert J. Rice, declare as follows:

1. I am representing Defendant Julian Omidi in this matter.

2. I drafted and filed the Motion to Strike and Disqualify on 1-25-16, Dkt 259. In addition, I am drafting and filing this supplemental motion to disqualify, and for monetary sanctions, evidentiary sanctions and other sanctions the Court deems appropriate. To respond to the government attorneys' violations (Evan Davis, Kirsten Williams and Consuelo Woodhead) in these two motions, I expended 9.7 hours to review of the extensive record with thousands upon thousands of pages of court documents with due diligence, engaged in 8.5 hours of research of the subject litigation; 16.8 hours to prepare the two motions, and estimate an additional 3 hours to appear for the two motions. The hourly rate for Robert Rice on this matter is $400.00 per hour with the total fees incurred in this matter in the sum of $15,200.00. (38 hours total x $400 = $15,200.00).

3. I have brought this issue to the Court's attention in good faith because I am ethically and legally obligated to do so. I do not want to this motion to adversely affect my client and/or result in retaliation by the government attorneys, because of my ethical and legal duties to bring these issues to the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2016 at Los Angeles, California.

/s/ Robert J. Rice  
Robert J. Rice, Esq.

# PROOF OF SERVICE

I am employed and a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6380 Wilshire Boulevard, Suite 820, Los Angeles, California, 90048.

On January 29, 2016, I served the document described as:

**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S: (1) SUPPLEMENTAL NOTICE OF MOTION AND MOTION, TO DKT 259, TO DISQUALIFY THE GOVERNMENT FROM FURTHER PARTICIPATION IN THIS CASE AND DUE TO APPEARANCE OF IMPROPRIETY; (2) MONETARY SANCTIONS OF $15,200 UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY AGAINST GOVERNMENT ATTORNEYS DAVIS, WILLIAMS AND WOODHEAD; (3) OTHER SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ROBERT J. RICE**

Upon the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

_____ (By Mail) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____(By Facsimile Transmission) I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown in the service list attached hereto.

\_\_\_X\_\_\_ (By Electronic Mail/ECF) I served the above entitled document through the court's ECF system to all parties listed on the ECF's record. I checked the CM/ECF docket for this case and determined that the listed persons were so served:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 29, 2016, at Los Angeles, California.

/s/ Robert J. Rice
Robert J. Rice

-1-
PROOF OF SERVICE

## SERVICE LIST

Barbara E Taylor    asotelo@sheppardmullin.com, btaylor@sheppardmullin.com, pchand@sheppardmullin.com

Stephen P Lucke    wolfe.susan@dorsey.com, lucke.steve@dorsey.com

Timothy E Branson    skwiera.linda@dorsey.com, branson.tim@dorsey.com

Daron L Tooch    grodriguez@health-law.com, hlbdocket@health-law.com, dtooch@health-law.com

Michelle S Grant    skwiera.linda@dorsey.com, grant.michelle@dorsey.com, vallant.katherine@dorsey.com

Ryan Daniel Kashfian    ptokar@kashfianlaw.com, ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com, ryan@kashfianlaw.com

Bryan David Daly    bdaly@sheppardmullin.com

Michael E Rowe    rowe.michael@dorsey.com

Rabea Jamal Zayed    motzko.sheila@dorsey.com, zayed.rj@dorsey.com

Bridget A Gordon    grodriguez@health-law.com, bgordon@health-law.com

Evan J Davis    evan.davis@usdoj.gov, susan.cavallone@usdoj.gov

Eric David Chan    grodriguez@health-law.com, echan@health-law.com

Kirsten Schubert    hilgers.sheri@dorsey.com, schubert.kirsten@dorsey.com

Olga Novak    ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com

Robert J Rice    rjriceesq@aol.com, rjriceesq5@gmail.com

Katherine Markowski Dru    kdru@health-law.com, hlbdocket@health-law.com, greese@health-law.com

Nicole Elizabeth Wurscher    kls@walravenlaw.com, new@walravenlaw.com

Consuelo S Woodhead    usacac.criminal@usdoj.gov, consuelo.woodhead@usdoj.gov

| | |
|---|---|
| 1 | |
| 2 | Maureen Jaroscak     maureenjaroscak@live.com |
| 3 | Bryan Scott Westerfeld     bwesterfeld@walravenlaw.com |
| 4 | Larry A Walraven     jridley@calemployerlaw.com, |
| 5 | bwesterfeld@calemployerlaw.com, ksullivan@calemployerlaw.com, lwalraven@calemployerlaw.com |
| 6 | |
| 7 | Andrew J Holly     kaemmer.lori@dorsey.com, holly.andrew@dorsey.com |
| 8 | Kristen A Williams     kristen.williams@usdoj.gov, usacac.criminal@usdoj.gov |
| 9 | |
| 10 | Charles L Kreindler     aanguiano@sheppardmullin.com, ckreindler@sheppardmullin.com |
| 11 | |
| 12 | Robert Adam Kashfian     anna@kashfianlaw.com, ecf-filings@kashfianlaw.com, robert@kashfianlaw.com |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |