

# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Evan J. Davis*
*Phone: (213) 894-4850*
*E-mail: Evan.Davis@usdoj.gov*

*1100 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

February 1, 2016

**VIA E-MAIL**

Robert A. Kashfian - robert@kashfianlaw.com
Ryan Kashfian - ryan@kashfianlaw.com
Robert Rice - rjriceesq5@gmail.com
R.J. Zayed - zayed.rj@dorsey.com
Brian Westerfeld – bwesterfeld@walravenlaw.com

    Re:    <u>Almont Ambulatory Surgery Center, LLC et al v. UnitedHealth Group, Inc. et al,</u>
             No. CV 14-3053-MWF-AFM

Dear Counsel:

Robert Rice has been filing documents under the above-referenced case number, a case in which the government is not a party and intervened as a third party exclusively to oppose an effort by the Omidis to unseal a search warrant affidavit. That issue was resolved in the government's favor about a year ago. Rice is now using the government's year-old participation in the civil case as a pretext to seek disqualification of Judge Fitzgerald. I write to advise that the government will not be responding to Rice's motion to recuse Judge Fitzgerald because it is not a party to the civil case, and to make clear that our decision not to file a response should not be taken as indicating any agreement either with the motion or any of its underlying factual allegations. To the contrary, as summarized below, we believe the motion is not well-founded and ignores facts known to attorney Rice that render the motion frivolous.

On January 19, 2016, at 9:23 p.m., Rice emailed to government counsel and Judge Fitzgerald's courtroom deputy – but <u>not</u> his opposing counsel in the civil case captioned above – what purported to be a copy of a motion to recuse Judge Fitzgerald that Rice stated he was having difficulty filing on the ECF system. Seeing that he had failed to comply with the local rule concerning redacting personal identifying information, I responded seven minutes later and suggested that Rice comply. The next morning, on January 20, 2016, at 6:05 a.m., I emailed Rice and suggested additionally that he meet and confer "as the rules require – because there is a simple response that will show the motion is meritless and shouldn't have been filed." Rice never did meet and confer either with the government (who he contends is a party) or with the actual parties, and instead filed his meritless motion on the afternoon of January 20. After filing the motion, he called me the same afternoon, saying he had just seen my email. I then told him why his motion was meritless – that for any case in which Michael Fitzgerald is the assigned judge, Patrick Fitzgerald is recused from participating in the case. As such, even if we were active parties in the civil case, there would be no conflict or reason for recusal. Rice's

Exhibit 1

RE: <u>Almont v. UnitedHealth</u>
February 1, 2016
Page 2

subsequent filings have continued to ignore this recusal policy of the United States Attorney's Office. In particular, Rice failed to mention the policy in a subsequent filing seeking disqualification of the prosecutors, Docket No. 265 at footnote 1 ("First Assistant United States Attorney Patrick Fitzgerald . . . supervises the AUSAs who are involved *in this matter* and the ongoing criminal investigation")(emphasis added).

At the appropriate time, any judge ruling on Mr. Rice's motions should be made aware of Rice's lack of candor concerning a "conflict" that he now knows does not exist, and of his failure to meet and confer before filing any of his motions, in violation of local rules. Frequently, the meet-and-confer process is unproductive and brief, but in this situation had Mr. Rice met and conferred with the government – who Rice contends is a party – or even the actual parties, this process would have led to his learning that the motion could not be filed in good faith. The government would have told Rice that it would join in a stipulation recognizing its non-party status and, even if it were considered a party, to represent – as it did to Rice on January 20 – that Patrick Fitzgerald would continue to take no part in the civil case, including as a supervisor. Either of these outcomes would have mooted any recusal motion against Judge Fitzgerald.

Because the government is not a party and has not been ordered to respond to the various motions, the government has not responded in the civil case (Rice's frivolous motion for sanctions against the prosecutors may require a response, but that is a separate matter from the motion to recuse Judge Fitzgerald). This non-response posture is consistent with the government's non-party position in the civil case, which the government has maintained even in the face of the Omidis' previous allegations that the government improperly quoted from the search warrant and request to strike a portion of the government's opposition brief. If the government had responded to the recusal filings, it would have taken issue with many of the assertions in Rice's briefs, including that the government said that the criminal investigation and civil cases involve identical issues. Rice knows this is false, as he was sitting in a conference room on the 11th Floor of the Spring Street courthouse on two occasions when Kristen Williams said precisely the opposite during settlement discussions (which Rice appears to believe can be disclosed in public filings). This is only one of many assertions that the government would dispute if it were to file an opposition (it would also note a handful of minor corrections to Judge Fitzgerald's response, such as Kristen Williams having filed an appearance, AUSA Davis not Kirman having represented the government in the hearing, and Davis having spoken briefly at the hearing). However, because it is not a party and has not been ordered to respond, its silence should not be taken as agreement or acquiescence to anything in Rice's motions.

Very truly yours,

/s/ *Evan J. Davis*

EVAN J. DAVIS
Assistant United States Attorney
Major Frauds Section

cc: (via email)

Kristen Williams & Consuelo Woodhead, AUSAs

Exhibit 1                              3