1  Robert J. Rice, Esq. (SBN 131255)
   LAW OFFICES OF ROBERT J. RICE
2  rjriceesq5@gmail.com
   6380 Wilshire Boulevard, Suite 820
3  Los Angeles, California 90048
   Telephone (323) 297-3700
4
   *Attorney for Respondent*,
5  JULIAN OMIDI

6

7                    **UNITED STATES DISTRICT COURT**

8      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

9
   ALMONT AMBULATORY              ) Case No. 14-CV-03053-MWF (VBKx)
10 SURGERY CENTER, LLC, a         )
   California limited liability company, et ) **REPLY TO UNITED OPPOSITION**
11 al.,                           ) **TO RECUSAL, DKT 268**
                                  )
12          Plaintiffs,           )
                                  ) Date:          TBD
13      v.                        ) Time:          TBD
                                  ) Ctrm:          TBD
14 UNITEDHEALTH GROUP, INC.;      )
   UNITED HEALTHCARE SERVICES,    ) Case assigned to: Honorable Michael W.
15 INC., UNITED HEALTHCARE        ) Fitzgerald
   INSURANCE COMPANY;             )
16 OPTUMINSIGHT, INC., and DOES 1 ) Disqualification Motion Referred to:
   through 20,                    ) Honorable Otis D. Wright II
17                                )
          Defendants.             )
18 _____  )
                                  )
19                                )
   UNITED HEALTHCARE SERVICES,    )
20 INC., UNITED HEALTHCARE        )
   INSURANCE COMPANY;             )
21 OPTUMINSIGHT, INC.,            )
                                  )
22          Counterclaim Plaintiffs, )
      v.                          )
23                                )
   ALMONT AMBULATORY              )
24 SURGERY CENTER, LLC, a         )
   California limited liability company; et )
25 al.,                           )
                                  )
26          Counterclaim Defendants. )
   _____  )
27

28

                              -i-

**MR. OMIDI'S REPLY TO UNITED
HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

# TABLE OF CONTENTS

I.    INTRODUCTION.......................................................................1

A.  United Committed Fraud On The Court................................1

B.  Both The Judge And First Assistant USA Violated Their Duty Of Disclosure, Mandating Judge Fitzgerald's Recusal..........................2

C.  Judge Fitzgerald's Undisclosed Close Relationship With His Brother And Business Partner Patrick Fitzgerald Requires Recusal .............3

D.  The USA Is A Party To The Almont v. United proceeding ...............4

E.  Intervention Under Rule 24(a) Requires Ethical Compliance .........5

F.  Patrick Fitzgerald Supervision And Conflict Are Not Speculative But Are Current And Actual ......................................................7

G.  The Record Shows Patrick Fitzgerald Did Not Recuse Himself From *This* Case And That He Still Supervises The Criminal Matter.........7

H.  United's Case Authorities Do Not Support Its Position ...................10

   1.  *Van Hoomissen v. Xerox Corp.* does not support United........10

   2.  *San Jose Mercury News, Inc.* does not support United ..........10

   3.  *Beckman Industries, Inc.* does not support United .................11

   4.  *In re Visa Check/MasterMoney Antitrust Litig.* does not support United ..........................................................12

II.   CONCLUSION...........................................................................12

MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL

1

## TABLE OF AUTHORITIES

2

CASE(S)                                                                    PAGE(S)

3

Aetna Life Ins. Co. v. Lavoie,

4

5          475 U.S. 813 (1986) ...................................................................... 3

6

Beckman Indus., Inc. v. Int',

7

8          966 F.2d 460 (9th Cir. 1992) ...................................................... 6, 11

9

Burger v. Kemp,

10         483 U.S. 776 (1987) ...................................................................... 6

11

Cuyler v. Sullivan,

12

13         466 U.S. 335 (1980) ................................................................... 2, 6

14

Dixon v. C.I.R.,

15

16         316 F.3d 1041 (9th Cir. 2003) ...................................................... 1

17

Hartley Pen Co. v. Lindy Pen Co.,

18         16 F.R.D. 141 (S.D. Cal. 1954) ...................................................... 5

19

Holloway v. Arkansas,

20

21         435 U.S. 475 (1978) ................................................................ 2, 6, 9

22

In re Oceana Intern., Inc.,

23

24         49 F.R.D. 329 (S.D.N.Y. 1969) ...................................................... 5

25

In re Visa Check/Mater Money Antitrust Litig.,

26         190 F.R.D. 309 (E.D.N.Y. 2000) .................................................. 12

27

28

**MR. OMIDI'S REPLY TO UNITED**
**HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

Kourtis v. Cameron,

    419 F.3d 989 (9th Cir. 2005) ............................................................... 7

Melendres v. Arpaio,

    2009 WL 2132693 (D. Ariz. Jul. 15, 2009) ........................................ 4, 7, 10

Parker v. Connors Steel Co.,

    855 F.2d 1510 (11th Cir. 1988) ........................................................... 3

Pepsico, Inc. v. McMillen,

    764 F.2d 458 (7th Cir. 1985) .............................................................. 3

San Jose Mercury News, Inc. v. U.S. Dist. Court,

    187 F.3d 1096 (9th Cir. 1999) ........................................................... 10

United States v. Bobo,

    323 F.Supp. 2d 1238 (N.D. Ala. 2004) .............................................. 3

United States v. Migliaccio,

    34 F.3d 1517 (10th Cir. 1994) ......................................................... 1, 2

United States v. Murphy,

    768 F.2d 1518 (7th Cir. 1985) ........................................................... 3

United States v. Oregon,

    657 F.2d 1009 (9th Cir. 1981) ........................................................... 6

United States v. Tatum,

    943 F.2d 370 (4th Cir. 1991) ............................................................. 1

-i-

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

1

United States v. Tucker,

2          78 F.3d 1313 (8th Cir. 1996) ............................................................... 3

3

Van Hoomissen v. Xerox Corp.,

4

5          497 F.2d 180 (9th Cir. 1974) ............................................................ 10

6    **OTHER(S)**                                                          **PAGE(S)**

7
7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure,

8

9          §1920 488 (3d ed. 1990) ..................................................................... 6

10   State Bar of Cal. Standing Comm. On Professional Responsibility and Conduct,

11         Formal Opinion No. 1970-22 (1970) .................................................. 2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-i-

**MR. OMIDI'S REPLY TO UNITED
HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

## INTRODUCTION

Counterclaim Defendant Julian Omidi submits this Memorandum in response to the Opposition filed by United Healthcare Group to Mr. Omidi's Motion to recuse Judge Michael Fitzgerald.

### A. United Committed Fraud On The Court

United, in its Opposition, ("United's Opp.") DKT 268, p. 2, lines 11-13 states:

> Since its limited intervention and appearance in January and February 2015, the government has filed nothing further or otherwise appeared on behalf of the government at any hearing in this matter.

However, this statement is false, clearly refuted by the record, and a fraud on the Court.  As Dkt. 190 proves, AUSA Kristen Williams ***appeared*** in this case on behalf of party "Plaintiff" USA on August 7, 2015 demanding to obtain all discovery in *this* case, four (4) days ***after*** Patrick Fitzgerald formally became First Assistant United States Attorney. At a minimum, on August 7, 2015, both Judge Fitzgerald and the USAO, to include the Judge's twin brother and business partner Patrick Fitzgerald who is supervising the Government's seizure of $100 million and the criminal prosecution of Cindy Omid and criminal investigation of counterclaim defendants (the Omidis), had the duty to disclose the enormous conflicts of interest, but they did not. *United States v. Tatum*, 943 F.2d at 379-80 ("when a conflict situation becomes apparent to the government, the government has a duty to bring the issue to the court's attention"); *United States v. Migliaccio*, 34 F.3d 1517, 1528 (10th Cir. 1994) ("when the government is aware of a conflict of interest, it has a duty to bring it to the court's attention and, if warranted, move for disqualification."); See also Objection and Opposition to Extrajudicial Response p. 13-16, 19-20.

Here, United conceals the damning document which refutes its claims in their entirety, Dkt. 190, in an effort to commit fraud on this court in an "unconscionable scheme" to unjustly obtain relief; this Court must act. *Dixon v. C.I.R.*, 316 F.3d 1041, 1046 (9th Cir. 2003).

Further, Dkt 190 also shows that United's claim "the government's claim that the government is not a party to this litigation" is also false. The USA is a "party" as a matter of fact and law as detailed in Objection and Opposition to Extrajudicial Response, p. 20-25.  Moreover, the issue of the USA being a party is merely a collateral issue and does not affect the necessity of recusal as discussed in in Objection and Opposition to Extrajudicial Response p. 1-14.

**B. <u>Both The Judge And First Assistant USA Violated Their Duty Of Disclosure, Mandating Judge Fitzgerald's Recusal</u>**

United claims Mr. Omidi does not "argue that that there was anything for Judge Fitzgerald to disclose <u>at that time</u> about his relationship with his brother, who was not the First Assistant." (United Opp., p. 6, line 26, to p. 7, line 2). However, ***<u>there can be no dispute</u>*** that when AUSA Kristen Williams appeared in the matter on August 7, 2015, four (4) days after her supervisor and the Judge's twin brother and business partner Patrick Fitzgerald became First Assistant United States Attorney on August 3, 2015, ***<u>there was beyond question a conflicts of interest that mandated disclosure</u>***.  The attorney's duty to disclose conflicts are continuing, and the Judge is obligated to inquire into conflicts of interest at any time they might arise.  *Holloway v. Arkansas*, 435 U.S. 475, 484-89 (1978) (*citing Glasser v. United States*, 315 U.S. 60 (1942)); *Cuyler v. Sullivan*, 446 U.S. 335, 346-48 (1980).

However, neither AUSA Kristen Williams, her supervisor First Assistant Patrick Fitzgerald, nor Judge Fitzgerald made any of the mandatory disclosures upon her appearance in the case. The overwhelming conflicts of interest between Patrick Fitzgerald and his twin brother Judge Michael Fitzgerald were concealed. *United States v. Migliaccio*, 34 F.3d 1517, 1528 (10th Cir. 1994) ("Where the government is aware of a conflict of interest, it has a duty to bring it to the court's attention and, if warranted, move for disqualification.'"); State Bar of Cal. Standing Comm. on Professional Responsibility and Conduct, Formal Opinion No. 1970-22 (1970) (attorney has duty to inform a court of potential conflicting interest whenever he becomes aware of it)

-2-

## C. Judge Fitzgerald's Undisclosed Close Relationship With His Brother And Business Partner Patrick Fitzgerald Requires Recusal

Where the judge has a close personal relationship with an attorney or party to the proceeding, recusal is appropriate. *United States v. Tucker*, 78 F.3d 1313 (8th Cir. 1996) (judged recused where both judge and defendant had mutual friendship with then President Clinton); *United States v. Bobo*, 323 F. Supp. 2d 1238 (N.D. Ala. 2004) (even though Governor was not a party in proceeding judge disqualified himself because case was of interest to the governor, might affect governor's re-election, and judge had previously attended private functions endorsing the governor's candidacy). In *United States v. Murphy*, 768 F.2d 1518, 1538 (7th Cir. 1985), immediately after sentencing, the prosecutor and the judge departed on a vacation together with their families. As Judge Easterbrook observed:

> [W]e conclude that an objective observer reasonably would doubt the ability of a judge to act with utter disinterest and aloofness when he was such a close friend of the prosecutor that the families of both were just about to take a joint vacation. A social relation of this sort implies extensive personal contacts between judge and prosecutor, perhaps a special willingness of the judge to accept and rely on the prosecutor's representations.

See also *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988) (where a judge appears to favor one party over another because of the judge's relationship with one party's lawyer, the standard for recusal can be met). An "appearance of bias" arises where a judge might favor one side over another because of extra-judicial circumstances. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986) (an appearance of partiality exists when the circumstances "offer a possible temptation to the average ... judge ... not to hold the balance nice, clear and true."); *Pepsico, Inc. v. McMillen*, 764 F.2d 458, 461 (7th Cir. 1985) (recusal necessary where "[a]n objective observer might wonder whether" the judge "at some unconscious level favor[s]" a party). It is hard to imagine how much greater the appearance of impropriety might be when the judge shares a single family dwelling with the prosecutor, who is also his twin brother, who is overseeing the prosecution

-3-

of Cindy Omidi, and who is criminally investigating the counterclaim defendants before Judge Fitzgerald in the civil case involving essentially the same issues as admitted by the USAO. The same prosecutor, Patrick Fitzgerald supervises the government's seizure of $100 million belonging to those same persons and entities appearing before the Judge in a case where United is attempting to impose a constructive trust on the money Patrick Fitzgerald is holding.

This is not a case of mere advocacy by the Judge's twin in a matter before the Judge as in *Melendres v. Arpaio*, 2009 WL 2132693 * 12-15 (D. Ariz. Jul. 15, 2009), and where the Judge was still recused. Rather, this is a case where the prosecutor and his twin brother, the Judge, are business partners and share a single family dwelling. The appearance is that the day's events involving the same people and entities are in the forefront of their minds because of their mutual and concealed involvement of the single largest seizure of funds over $100 million in the Central District of California. The appearance of impropriety is overwhelming.

### D. The USA Is A Party To The *Almont v. United* proceeding

United's claim that the government is not a party to the proceeding (Defendants' Opp., p. 4, line 21), not only is legally indefensible, but also designed to take all of the benefits, but none of the burdens of intervention. The Government obtained and continues to receive voluminous discovery which it was not entitled to unless it was a party in *this* case. Furthermore, the Government's involvement is a continuous reminder to Judge Fitzgerald that his twin brother and business partner's interest in are at stake. As stated in Objection and Opposition to Extrajudicial Response, p. 12-14, Judge Fitzgerald ruling on the fraud claim against the counterclaim defendants, and ruling that a constructive trust can be imposed on the seized funds, will directly affect the government's interests and its healthcare fraud criminal investigation which the government has admitted is essentially the same as in this case. An overwhelming appearance of impropriety is created when a Judge shares a single family dwelling with his twin brother and business partner, the

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

1  prosecutor, who in turn prosecutes Cindy Omidi and investigates the people and

2  enmities the Judge is purporting to judge in a court of law on the same issues,.

3      Moreover, once intervention as "of right" has been granted, intervenor is

4  entitled to litigate fully on merits, and all of the ethical obligations and duties of the

5  attorneys of record attach to the intervenor. *In re Oceana Intern., Inc.*, 49 F.R.D. 329,

6  333 (S.D.N.Y.1969).  When intervention has been granted, intervener becomes a

7  "party," within this rule, entitled to litigate fully on merits. *Hartley Pen Co. v. Lindy*

8  *Pen Co.*, 16 F.R.D. 141, 142. (S.D. Cal.1954). The overwhelming facts and

9  authorities that show the USA is a party is discussed in detail in Objection and

10  Opposition to Extrajudicial Response, p. 20-25, and the Appendix attached thereto, to

11  which the Court is respectfully referred.

12      Further, there were no limitations or conditions placed on the Court's January

13  15, 2015 Order permitting the USA to intervene and the USA never filed for

14  withdrawal of its intervention. The US Attorney's claim that it is not a party to the

15  proceeding or that its Intervention magically ended on an unknown date for a non-

16  existent reason is a creation from whole cloth, especially given that AUSA Kristen

17  Williams associated in this case on August 7, 2015, seven (7) months after the

18  Motion for Intervention was filed, Dkt. 124, and immediately after Patrick Fitzgerald

19  became First Assistant on August 7, 2015.

20      **E.  Intervention Under Rule 24(a) Requires Ethical Compliance**

21      United argues "the government is not now, nor has it ever been a party."

22  (United Opp., p. 4, lines 18-19). However, the government's Motion to Intervene in

23  the case at Bar was based on intervention as a matter "of right" under Rule 24(a), not

24  "permissive intervention" under Rule 24(b).  (Ex Parte Motion to Intervene, p. 2,

25  lines 14-19).   (Dkt 124).  The intervention was to protect against any interference

26  with the government's interest, and it was not limited to a protective order or any

27  specific matter.  **Rather, it was to "litigate the claim on the merits" of the Motion**

28  **to Unseal Affidavits so the government as a party intervenor under Rule 24(a).**

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

See *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). **Furthermore, the intervention has allowed the government to remain a watchdog over the subject matter and obtain all discovery in *this* case where the Government has admitted the very same issues and matters in its healthcare criminal investigation exist, in order "to protect its own interests in the ongoing criminal investigation."** (United Opp., p. 3, lines 10-11). More important, whether the government just sat or was present for a specific purpose, nothing in the Order granting intervention limited that nature of the intervention, and most certainly the Order did not permit the government to violate ethical disclosure and conflicts of interest rules either upon or following the Order for intervention. *United States v. State of Oregon* is directly on point where the Ninth Circuit held that:

> By successfully intervening, a party makes himself vulnerable to complete adjudication by the federal court of the issues in litigation between the intervener and the adverse party.

657 F.2d at 1014 (citation and internal quotations omitted).

United claims the government intervened "as a third party" and not as a "party," citing "Third Party United States of America's Opposition, Dkt. 122." (United's Opp., p. 6, lines 26-27). However, the useless semantical argument of "party" versus "third party" ignores the substantive rule that intervenors under Rule 24(a) are a party to the proceeding. 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1920 at 488 (3d ed. 2008). Such an intervenor must abide by the Court's ethical rules, make full conflicts disclosures, and not create secret conflicts of interest which it hides from the other parties. *Holloway v. Arkansas*, 435 U.S. 475, 486-86 (1978) (lawyers have ethical obligations to bring conflicts to the trial court's attention); *Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980) (attorneys are obligated to bring potential conflicts and ethical violations to the Court's attention); *Burger v. Kemp*, 483 U.S. 776, 784 (1987) (Courts rely upon attorneys to advise Court of potential conflicts of interest).

The USA wants the rights accorded to a party intervenor, and all the discovery

-6-

1   it continues to receive, but none of the responsibilities of ethical participation in a

2   lawsuit. The USA wants no ethical duties and the unrestricted license to violate rules

3   with impunity. However, there is no such thing as a "little bit" of Intervention

4   because once a party intervenes in a lawsuit: it is obligated to fulfill all rules as with

5   any party to a proceeding. *Kourtis v. Cameron*, 419 F.3d 989 (9th Cir. 2005) (party

6   who intervenes does so with full rights and obligations of any other party).

7       F.  **Patrick Fitzgerald Supervision And Conflict Are Not Speculative But Are Current And Actual**

8       United claims that the fact Patrick Fitzgerald may be called upon to serve in

9   the absence of the US Attorney in that position is not a basis to disqualify Judge

10  Fitzgerald. (United's Opp., p. 8, line 15, to p. 9, line 3).  However, First Assistant

11  USA Patrick Fitzgerald is the second in command at the USAO exercising actual

12  supervisory powers over the AUSAs appearing in front of Judge Fitzgerald in this

13  case. The AUSA's under Patrick Fitzgerald's supervision are administrating the

14  Government's seized funds, prosecuting Cindy Omidi, and investigating the

15  counterclaim defendants. Moreover, this issue of Patrick Fitzgerald acting in the

16  place of the United States Attorney only applies to Advisory Opinion 38-3.

17  However, Advisory Opinion 38-2 is directly on point, unrefuted, and applies to the

18  current situation where Patrick Fitzgerald is now exercising his actual and current

19  supervisory powers over the AUSAs in *this* case who are prosecuting Cindy Omidi,

20  administering the seized funds, and investigating the counterclaimants criminally.

21  This has created the overwhelming appearance of impropriety. Where the Judge

22  shares a single family residence with his twin brother and business partner

23  prosecutor, and where both are dealing with the same people and issues, means that

24  no reasonable observer would view such events as anything other than the appearance

25  of impropriety. *Melendres v. Arpaio*, 2009 WL 2132693 * 12-15 (D. Ariz. Jul. 15,

26  2009).

27      G.  **The Record Shows Patrick Fitzgerald Did Not Recuse Himself From *This* Case And That He Still Supervises The Criminal Matter**

28      United argues:

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

1
2
3
4
5

> Even if the government appeared before Judge Fitzgerald at a time when Patrick Fitzgerald was First Assistant, this does not mean that Judge Fitzgerald cannot hear the matter. As the government notes, it is the United States Attorney's policy that for any case before Judge Fitzgerald, Patrick Fitzgerald is recused from participating in the case." (Defendants' Opp., p. 7, lines 15-19).

6    However, whether Patrick Fitzgerald recused himself from *this* civil case is not

7    the point. **The problem and appearance of impropriety is the failure to disclose**

8    **that** the Judge's twin brother and business partner with whom he shares a single

9    family dwelling, First Assistant **Patrick Fitzgerald, continues to supervise the**

10   **criminal investigation and prosecution of the same people and entities before**

11   **Judge Fitzgerald in a court of law**. **He also continues to supervise the seizure of**

12   **more than $100 million from the parties in front of Judge Fitzgerald where the**

13   **United defendants seek to create a constructive trust on the funds his twin**

14   **brother supervises**. The conflicts of interest exist because of Patrick Fitzgerald's

15   participation in supervision of the seizure, criminal investigation of counterclaim

16   defendants, and prosecution of Cindy Omidi, along with the overwhelming

17   appearance of impropriety from the existence of the relationship with his twin brother

18   and the inexcusable failure to disclose. The public spectacle and appearance of

19   impropriety of the prosecutor and the Judge being brothers, business partners and

20   sharing a single family residence is so extreme as to be overwhelming.

21   Furthermore, despite United's hearsay upon hearsay allegation, **the record**

22   **irrefutably shows Patrick Fitzgerald has not recused himself from this civil case**.

23   There is no recusal by Patrick Fitzgerald on file in this case or the related cases.

24   However, in multiple other cases where Judge Fitzgerald presides, First Assistant

25   Fitzgerald always files recusal notices. For example, in *David Conrad v. Jack Fox*,

26   Case No. 2:15-cv-04609-MWF-DTB, Dkt 12, First Assistant Fitzgerald recused

27   himself on the record giving "Notice" to the "Court and Plaintiff." See Appendix C

28   Objection and Opposition to Extrajudicial Response and Patrick Fitzgerald also

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

recused himself in the following cases before his brother:

1. *Romero v. Clovin*, Case No: 8:15-cv-01508-MRW, Dkt. 10

2. *Tsang v. Colvin*, Case No: 5:16-cv-00020-MWF-AJW. Dkt 7

3. *Wang v. Johnson*, Case No: 2:15-cv-06393-MWF-JC, Dkt 5

4. *Russel v. Colvin*, Case No: 2:15cv07472MWFSP, , Dkt 9

5. *DeCareau v. Commissioner of Social Security*, Case No: 8:15cv01680FFM, Dkt 9

6. *M.P. v. Colvin*, Case No: 5:15cv01450KK, Dkt 16

7. *Cameron v. Colvin*, Case No: 5:15cv01660PLA, Dkt 12

8. *Orosco v. Colvin*. Case No: 5:15cv00055FFM, Dkt 19

9. *Guzman v. Colvin*, Case No: 5:15cv00855SS, Dkt 18

10. *Maldonado v. Colvin*, Case No: 2:15cv07104MWFE, Dkt 12

Yet, **in the case at bar, no recusal notice was filed by First Assistant Fitzgerald, despite the conflict that both Judge Fitzgerald and the USAO recognized**. To a reasonable observer, Judge Fitzgerald and Patrick Fitzgerald failed to disclose in *this* case because disclosure would have alerted counterclaim defendants to the existence of the conflict which permeates the entire matter as detailed above.

United assertion that it was the USAO's policy for Patrick Fitzgerald to recuse himself only makes the matter worse because the record shows Patrick Fitzgerald has violated the policy and the assertion that he recused is sham.

Any suggestion that Patrick Fitzgerald can make a private and secret recusal where there is a conflict flies in the face of every attorney's obligation to disclose potential conflicts of interest with the Court. *Holloway v. Arkansas*, 435 U.S. 475, 484-89 (1978) (*citing Glasser v. United States*, 315 U.S. 60 (1942)). Such public disclosures are designed to notify all parties of the potential conflicts so they can inquire and determine, *in alia*, whether a one-sided secret recusal is somehow sufficient or whether the Judge, as in the case at Bar, also has irreconcilable conflicts

-9-

1  of interest.

2        Instead, in this case, both Patrick Fitzgerald and Judge Fitzgerald decided to

3  keep the matter secret and not alert anyone to the conflict. Further, any alleged one

4  sided and unknown recusal of Patrick Fitzgerald to civil matters, but not the criminal

5  investigation, prosecution, or seized funds did not solve the conflicts for Judge

6  Fitzgerald in judging persons and entities his twin brother was prosecuting,

7  investigating, and advocating against. *Melendres v. Arpaio*, 2009 WL 2132693 * 12-

8  15 (D. Ariz. Jul. 15, 2009).

9        **H. United's Case Authorities Do Not Support Its Position**

10        None of the cases cited by United stands for the proposition that the USA

11  Intervenor is not a party.

12        **1. *Van Hoomissen v. Xerox Corp.* does not support United**

13        United's citation to *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180 (9th Cir.

14  1974) is nonsensical. (United' Opp., p. 4, lines 22-25). *Van Hoomissen* was

15  concerned an appeal of a *permissive intervention* under Rule 24(b). *Id.*, at 181. In the

16  case at bar, the USA intervened as *of right* under Rule 24(a) to protect an interest

17  which was the subject of the proceeding. Thus, as a party intervenor, the USA is in

18  the case at bar is subject to all ethical and disclosure duties incumbent upon the

19  government in any case. Moreover, nowhere in *Van Hoomissen* is it mentioned that

20  even a permissive intervenor may violate ethical and disclosure duties.

21        **2. *San Jose Mercury News, Inc.* does not support United**

22        United wholly misrepresents *San Jose Mercury News, Inc. v. U.S. Dist. Court--*

23  *N. Dist. (San Jose)*, 187 F.3d 1096 (9th Cir. 1999). (United' Opp., p. 5, lines 2-6). In

24  that case, "Mercury News filed a motion seeking permissive intervention" which the

25  "district court denied". *Id.*, at 1098. Mercury News appealed and the Ninth circuit

26  ruled that the district court used the wrong standard in assessing permissive

27  intervention and remanded to the district court to determine if permissive intervention

28  was appropriate. *Id.*, at 1103. ("We express no opinion on whether the Mercury News

-10-

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

1   should ultimately prevail in its motion to intervene; this is a question properly

2   addressed to the discretion of the district court.") Thus, United's claims that "Other

3   courts have similarly granted motions for limited interventions" with the word

4   "similarly" referring to the case of *San Jose Mercury News*, is wholly false.

5   Moreover, nowhere in *San Jose Mercury News* is it stated than an intervenor is not a

6   party or that it is not subject to ethical rules or disclosure rules.

7        **3.  *Beckman Industries, Inc.* does not support United**

8        Defendants cite *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th

9   Cir. 1992) for the proposition that intervenors do not ask the Court to rule on

10  additional claims or seek to become parties to the action. (United's Opp., p. 4, lines

11  7-9).  However, *Beckman Industries* was another permissive intervention case under

12  Rule 24(b), and ***not* 24(a) such as in the case at bar**, where the insureds of defendant

13  insurance company sought to modify a protective order after judgment so they could

14  access six (6) depositions. The Court of Appeal affirmed the order granting

15  permissive intervention specifically stating other Circuit courts "recognize Rule

16  24(b) intervention as a proper method to modify a protective order." *Id.*, at 472.

17       Thus, the Ninth Circuit limited its ruling to intervention under Rule 24(b) and

18  added that "an independent jurisdictional basis is not required because intervenors do

19  not seek to litigate a claim on the merits". *Id.*, at 473. In contrast, in the case at bar,

20  the USA intervened under Rule 24(a) specifically to argue the merits in "opposing

21  any effort to allow viewing of the sealed affidavits". Dkt. 24, p.2, lines 11-12.

22  **United's proposition that party intervenor USA, who intervened under Rule**

23  **24(a) to argue the merits of an action "is not a party", is absurd and *refuted* by**

24  ***Beckman Industries*.**  As the intervenors in *Beckman Industries* only asked the court

25  to do exercise the power it already had and did not seek to argue the merits of any

26  action, the Ninth Circuit allowed intervention. *Id.*, at 473 ("Intervenors do not ask the

27  district to rule on additional claims or seek to become parties to the action. They ask

28  the court only to exercise that power which it already has, *i.e.,* the power to modify

-11-

1  the protective order. For that reason, no independent jurisdictional basis is needed.")

2  Thus, the Ninth Circuit did not say that "all" intervenors are not parties to the action,

3  but only that in this particular case intervention was permissible under Rule 24(b),

4  where the only request was modification of a protective order and there would be no

5  arguments on the merits.  United's repeated misrepresentations of the case law is

6  reflective of its unsound arguments.

7      **4.  *In re Visa Check/MasterMoney Antitrust Litig.* does not support United**

8  Defendants cite another permissive intervention case of *In re Visa*

9  *Check/MasterMoney Antitrust Litig.*, 190 F.R.D. 309 (E.D.N.Y. 2000), for the

10  proposition the Department of Justice can intervene under Rule 24(b) for the limited

11  purpose of modifying a protective order. (United's Opp., p. 4, lines 9-12).  However,

12  in *Visa/Check MasterMoney*, the court granted permissive intervention to modify a

13  protective order ***only***.  *Id.* at 312.  The same analysis as in *Beckman Industries*, *supra*,

14  applies, rendering United's argument meritless. Moreover, nothing in *Visa/Check*

15  *MasterMoney* or *Beckman industries* permits the intervenor government to violate

16  ethical rules and its disclosure obligations, or the intervenor government, who

17  intervened under Rule 24(a) to argue the merits of an action, to claim it is not a party.

18                              <u>**CONCLUSION**</u>

19      For the foregoing reasons, Counterclaim Defendant Julian Omidi respectfully

20  request the request for recusal be granted.

21  Dated:  February 5, 2016                     Respectfully submitted,

22

23                                    <u>/s/ Robert J. Rice</u>
                                      Robert J. Rice, Esq.
24                                    LAW OFFICES OF ROBERT J. RICE
                                      rjriceesq5@gmail.com
25                                    6380 Wilshire Boulevard, Suite 820
                                      Los Angeles, California 90048
26                                    Telephone (323) 297-3700
                                      Attorney for Respondent,
27
                                      JULIAN OMIDI
28

                                      -12-

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

## PROOF OF SERVICE

I am employed and a resident of the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 6380 Wilshire Boulevard, Suite 820, Los Angeles, California, 90048.

On February 5, 2016, I served the document described as:
**REPLY TO UNITED OPPOSITION TO RECUSAL, DKT 268**

Upon the interested parties in this action as follows:
**SEE ATTACHED SERVICE LIST**

_____ (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____ (By Facsimile Transmission)  I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown in the service list attached hereto.

___X___ (By Electronic Mail/ECF) Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/5/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated in the attached service list below:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2016, at Los Angeles, California.

/s/ Robert J. Rice_____
Robert J. Rice

-13-

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**

# SERVICE LIST

Barbara E Taylor    asotelo@sheppardmullin.com, btaylor@sheppardmullin.com, pchand@sheppardmullin.com

Stephen P Lucke    wolfe.susan@dorsey.com, lucke.steve@dorsey.com

Timothy E Branson    skwiera.linda@dorsey.com, branson.tim@dorsey.com

Daron L Tooch    grodriguez@health-law.com, hlbdocket@health-law.com, dtooch@health-law.com

Michelle S Grant    skwiera.linda@dorsey.com, grant.michelle@dorsey.com, vallant.katherine@dorsey.com

Ryan Daniel Kashfian    ptokar@kashfianlaw.com, ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com, ryan@kashfianlaw.com

Bryan David Daly    bdaly@sheppardmullin.com

Michael E Rowe    rowe.michael@dorsey.com

Rabea Jamal Zayed    motzko.sheila@dorsey.com, zayed.rj@dorsey.com

Bridget A Gordon    grodriguez@health-law.com, bgordon@health-law.com

Evan J Davis    evan.davis@usdoj.gov, susan.cavallone@usdoj.gov

Eric David Chan    grodriguez@health-law.com, echan@health-law.com

Kirsten Schubert    hilgers.sheri@dorsey.com, schubert.kirsten@dorsey.com

Olga Novak    ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com

Robert J Rice    rjriceesq@aol.com, rjriceesq5@gmail.com

Katherine Markowski Dru    kdru@health-law.com, hlbdocket@health-law.com, greese@health-law.com

Nicole Elizabeth Wurscher    kls@walravenlaw.com, new@walravenlaw.com

Consuelo S Woodhead    usacac.criminal@usdoj.gov,

-14-

1  consuelo.woodhead@usdoj.gov

2  Maureen Jaroscak        maureenjaroscak@live.com

3  Bryan Scott Westerfeld        bwesterfeld@walravenlaw.com

4

5  Larry A Walraven        jridley@calemployerlaw.com,
   bwesterfeld@calemployerlaw.com, ksullivan@calemployerlaw.com,
6  lwalraven@calemployerlaw.com

7
   Andrew J Holly        kaemmer.lori@dorsey.com, holly.andrew@dorsey.com
8

9  Kristen A Williams        kristen.williams@usdoj.gov, usacac.criminal@usdoj.gov

10 Charles L Kreindler        aanguiano@sheppardmullin.com,
   ckreindler@sheppardmullin.com
11

12 Robert Adam Kashfian        anna@kashfianlaw.com, ecf-filings@kashfianlaw.com,
   robert@kashfianlaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MR. OMIDI'S REPLY TO UNITED HEALTHCARE'COUNTY OPPOSITION RE: RECUSAL**