Robert J. Rice, Esq. (SBN 131255)
LAW OFFICES OF ROBERT J. RICE
rjriceesq5@gmail.com
6380 Wilshire Boulevard, Suite 820
Los Angeles, California 90048
Telephone (323) 297-3700

*Attorney for Respondent*,
JULIAN OMIDI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., and DOES 1 through 20, <br><br> Defendants. | Case No. 14-CV-03053-MWF (VBKx) <br><br> **COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION TO DECLARATION OF MICHELLE GRANT DKT 268-1** <br><br> Date:           TBD <br> Time:           TBD <br> Ctrm:           TBD <br><br> Case assigned to: Honorable Michael W. Fitzgerald <br><br> Disqualification Motion Referred to: Honorable Otis D. Wright II |
| UNITED HEALTHCARE SERVICES, INC., UNITED HEALTHCARE INSURANCE COMPANY; OPTUMINSIGHT, INC., <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> ALMONT AMBULATORY SURGERY CENTER, LLC, a California limited liability company; et al., <br><br> Counterclaim Defendants. | |

-1-
COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION TO DECLARATION OF MICHELLE GRANT

**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION TO DECLARATION OF MICHELLE GRANT – DKT 268-1**

**COMES NOW**, Counterclaim Defendant Julian Omidi ("Mr. Omidi") AND hereby submits this Objection to the Declaration of Michelle Grant (Dkt 268-1) submitted in Opposition to Mr. Julian Omidi's Motion to Recuse Judge Michael W. Fitzgerald (Dkt 256).  This Objection is based on the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at the hearing on the motion to recuse Hon. Michael W. Fitzgerald.

Dated:  February 5, 2016                    Respectfully submitted,


                                            /s/ Robert J. Rice
                                            Robert J. Rice, Esq.
                                            LAW OFFICES OF ROBERT J. RICE
                                            rjriceesq5@gmail.com
                                            6380 Wilshire Boulevard, Suite 820
                                            Los Angeles, California 90048
                                            Telephone (323) 297-3700

                                            Attorney for Respondent,
                                            JULIAN OMIDI

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION TO DECLARATION OF MICHELLE GRANT

**A.  <u>Introduction.</u>**

On January 20, 2016, Counterclaim Defendant Julian Omidi filed a Motion to Recuse Judge Michael Fitzgerald, see Dkt. 256.  In response, the Counter-claim Defendants, United Healthcare Group, and its subsidiary plans and associated entities filed an Opposition to Mr. Omidi's Motion for Recusal (Dkt 268) to which they attached a Declaration of Michelle Grant where she sought to introduce into evidence as an exhibit an unsworn and hearsay letter from Assistant US Attorney Evan Davis to Attorney Robert Rice, counsel for Mr. Omidi.  (Dkt 268-1 and 268-2).  However, the Grant Declaration and the Exhibit the witness seeks to introduce in evidence are not only hearsay, but also lack foundation, authentication, and personal knowledge.

The Declaration from Attorney Grant lacks personal knowledge of any of the matters to which she wishes to testify.  *Coca-Cola Co. v. Overlkand, Inc.*, 692 F.2d 1250, 1255 (9th Cir. 1982) (affidavits lacking personal knowledge are inadmissible). She cannot authenticate the letter, nor can she lay any foundation for its truthfulness or veracity.  *United States v. Dibble*, 429 F.2d 598 (9th Cir. 1970) (affidavit failing to authenticate documents should be disregarded).  The entire Grant declaration lacks foundation and personal knowledge, and the declaration along with its exhibit should be excluded from evidence.  *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) (affidavit containing testimony not admissible at trial subject to objection and should be stricken)

**B.  <u>Basis for Objection to Grant Declaration</u>**

**1.  <u>Entire declaration</u>**

This objection will examine each of Attorney Michelle Grant's statement.  It will demonstrate she has no personal knowledge of any of the matters contained in her affidavit, nor can she authenticate any of the documents she has attached as exhibits. *Hoffman v. Applicators Sales & Services, Inc.*, 439 F.3d 9, 14 (1st Cir. 2006) ("documents do not automatically become part of the record simply because

1  they are the products of discovery.")  Her entire affidavit lacks personal knowledge

2  and authentication, and should be stricken.  *Hal Roach Studios, Inc. v. Richard*

3  *Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir. 1989)(to be admissible documents

4  attached to an affidavit as exhibits must be authenticated); 10A C. Wright, A. Miller

5  & M Kane, Federal Practice and Procedure sec. 2722, at 382 (3d ed. 1998).

6      The declarant has laid no foundation of the circumstances existing at the time

7  for any of the events concerning the document she seeks to introduce as an exhibit.

8  *SEC v. Phan*, 500 F.3d 895, 913 (9th Cir. 2007) (affiant must establish foundation for

9  attached documents in manner permitted by Rules 901(b) or 902 of the Federal Rules

10  of Evidence).  Lacking foundation, authentication, and personal knowledge, the

11  testimony and Exhibit "A" should be stricken.

12      2.  **Attorney Grant's declaration lacks personal knowledge**.

13  Michelle Grant, an attorney for Counter-Claimant, testifies that "I make this

14  Declaration based on personal knowledge and would be able to testify to the facts   ."

15  (Grant Dec., p. 1, lines 3-5).  However, the statement is an inadmissible legal

16  conclusion.   *SEC v. Phan*, 500 F.3d 895, 913 (9th Cir. 2007).  Affidavits containing

17  conclusions and speculation are not competent evidence and should not be considered

18  by the Court.  *Schwimmer v. Sony Corp. of America*, 637 F.2d 41, 43 (2d Cir. 1980)

19  (affidavits containing conclusions are a nullity.).  The witness' claim that she has

20  personal knowledge and could testify to the facts, such as the unauthenticated letter

21  she attaches as Exhibit "A" is speculation and conjecture.  *Fajardo Shopping Center*

22  *v. Sun Alliance Ins.*, 167 F.3d 1, 11 (1st Cir. 1999) (unsupported speculation or

23  conjecture is insufficient in affidavits).

24      2.  **Attorney Grant cannot authenticate Exhibit "A"**

25  Attorney Grant's familiarity with document she attaches as Exhibit "A" is

26  irrelevant.  *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir.

27  1977)(irrelevant evidence should be disregarded when contained in an affidavit).  For

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION TO DECLARATION OF
MICHELLE GRANT

an attorney to attempt to testify concerning documents of which she knowingly has no personal knowledge is incompetent. *Hunt Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (declarant must be competent to authenticate documents of which declarant must have personal knowledge). Affidavits which state that "I am familiar with the following facts" are not based on personal knowledge and are "red flags" of hearsay. 3 W. Schwarzer, A. Tashima & J. Wagstaffe, California Practice Guide – Falderal Civil Procedure Before Trial § 14:164, at 14-68 (2010).

### 3. **Attorney Grant's testimony is hearsay**

Attorney Grant testifies "Attached hereto as Exhibit 1 is a true and correct letter dated February 1, 2016, from Evan J. Davis at the United States Department of Justice United States Attorney's Office to counsel." (Grant Dec., p. 1, lines 7-9). However, this "conclusion" lacks foundation and is hearsay. *Rossi v. Trans World Airlines*, 507 F.2d 404, 406 (9th Cir. 1974). The entire content of the exhibit is hearsay and inadmissible. *Scosche Industries, Inc. v. Visor Gear, Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) (hearsay evidence in affidavits is entitled to no weight). The exhibit precludes confronting the hearsay declarant and is an improper attempt to place into evidence information which cannot be tested by cross-examination. *Cunanan v. INS*, 856 F.2d 1373, 1375 (9th Cir. 1988) (hearsay affidavits deny the right to cross-examination and may be fundamentally unfair).

Dated: February 5, 2016                         Respectfully submitted,


                                                /s/ Robert J. Rice
                                                Robert J. Rice
                                                Attorney for Respondent,
                                                JULIAN OMIDI

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION TO DECLARATION OF MICHELLE GRANT

## PROOF OF SERVICE

I am employed and a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6380 Wilshire Boulevard, Suite 820, Los Angeles, California, 90048.

On February 5, 2016, I served the document described as:

**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION TO DECLARATION OF MICHELLE GRANT DKT 268-1**

Upon the interested parties in this action as follows:
**SEE ATTACHED SERVICE LIST**

_____ (By Mail) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____ (By Facsimile Transmission) I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown in the service list attached hereto.

___X___ (By Electronic Mail/ECF) Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/5/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated in the attached service list below:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2016, at Los Angeles, California.

/s/ Robert J. Rice_____
Robert J. Rice

## SERVICE LIST

Barbara E Taylor    asotelo@sheppardmullin.com, btaylor@sheppardmullin.com, pchand@sheppardmullin.com

Stephen P Lucke    wolfe.susan@dorsey.com, lucke.steve@dorsey.com

Timothy E Branson    skwiera.linda@dorsey.com, branson.tim@dorsey.com

Daron L Tooch    grodriguez@health-law.com, hlbdocket@health-law.com, dtooch@health-law.com

Michelle S Grant    skwiera.linda@dorsey.com, grant.michelle@dorsey.com, vallant.katherine@dorsey.com

Ryan Daniel Kashfian    ptokar@kashfianlaw.com, ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com, ryan@kashfianlaw.com

Bryan David Daly    bdaly@sheppardmullin.com

Michael E Rowe    rowe.michael@dorsey.com

Rabea Jamal Zayed    motzko.sheila@dorsey.com, zayed.rj@dorsey.com

Bridget A Gordon    grodriguez@health-law.com, bgordon@health-law.com

Evan J Davis    evan.davis@usdoj.gov, susan.cavallone@usdoj.gov

Eric David Chan    grodriguez@health-law.com, echan@health-law.com

Kirsten Schubert    hilgers.sheri@dorsey.com, schubert.kirsten@dorsey.com

Olga Novak    ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com

Robert J Rice    rjriceesq@aol.com, rjriceesq5@gmail.com

Katherine Markowski Dru    kdru@health-law.com, hlbdocket@health-law.com, greese@health-law.com

Nicole Elizabeth Wurscher    kls@walravenlaw.com, new@walravenlaw.com

Consuelo S Woodhead    usacac.criminal@usdoj.gov, consuelo.woodhead@usdoj.gov

PROOF OF SERVICE

1
2
Maureen Jaroscak      maureenjaroscak@live.com

3
Bryan Scott Westerfeld      bwesterfeld@walravenlaw.com

4
5
6
Larry A Walraven      jridley@calemployerlaw.com,
bwesterfeld@calemployerlaw.com, ksullivan@calemployerlaw.com,
lwalraven@calemployerlaw.com

7
Andrew J Holly      kaemmer.lori@dorsey.com, holly.andrew@dorsey.com

8
Kristen A Williams      kristen.williams@usdoj.gov, usacac.criminal@usdoj.gov

9
10
Charles L Kreindler      aanguiano@sheppardmullin.com,
ckreindler@sheppardmullin.com

11
12
Robert Adam Kashfian      anna@kashfianlaw.com, ecf-filings@kashfianlaw.com,
robert@kashfianlaw.com

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE