1  Robert J. Rice, Esq. (SBN 131255)
   LAW OFFICES OF ROBERT J. RICE
2  rjriceesq5@gmail.com
   6380 Wilshire Boulevard, Suite 820
3  Los Angeles, California 90048
   Telephone (323) 297-3700
4
5  *Attorney for Respondent*,
   JULIAN OMIDI

6

7                    **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

9

10  ALMONT AMBULATORY                    ) Case No. 14-CV-03053-MWF (VBKx)
    SURGERY CENTER, LLC, a               )
11  California limited liability company, et ) **COUNTERCLAIM DEFENDANT**
    al.,                                 ) **JULIAN OMIDI'S OBJECTION**
12                                       ) **AND OPPOSITION TO THE**
                  Plaintiffs,            ) **COURT'S EXTRAJUDICIAL 1-22-**
13                                       ) **16 RESPONSE, DKT 258,**
           v.                            ) **REGARDING RECUSAL;**
14                                       ) **MEMORANDUM OF POINTS AND**
                                         ) **AUTHORITIES; EXHIBITS;**
15  UNITEDHEALTH GROUP, INC.;            ) **DECLARATION OF ROBERT J.**
    UNITED HEALTHCARE SERVICES,          ) **RICE RE EXHIBITS SHOWING**
16  INC., UNITED HEALTHCARE              ) **SAME DWELLING ADDRESS;**
    INSURANCE COMPANY;                   ) **DECLARATION OF ROBERT J.**
17  OPTUMINSIGHT, INC., and DOES 1       ) **RICE RE RECUSAL;**
    through 20,                          ) **DECLARATION OF IAN**
18                                       ) **SHAKRAMY**
                  Defendants.            )
19  ─────────────────────────────────    )
                                         ) Date:        TBD
20  UNITED HEALTHCARE SERVICES,          ) Time:        TBD
    INC., UNITED HEALTHCARE              ) Ctrm:        TBD
21  INSURANCE COMPANY;                   )
    OPTUMINSIGHT, INC.,                  ) Case assigned to: Honorable Michael W.
22                                       ) Fitzgerald
                  Counterclaim Plaintiffs, )
23                                       ) Disqualification Motion Referred to:
           v.                            ) Honorable Otis D. Wright II
24  ALMONT AMBULATORY                    )
    SURGERY CENTER, LLC, a               )
25  California limited liability company; et )
    al.,                                 )
26                                       )
                  Counterclaim Defendants. )
27

28

                                        -1-
        COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION TO
             THE COURT'S MEMORANDUM REGARDING RECUSAL

1 | **COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION AND**
2 | **OPPOSITION TO THE COURT'S EXTRAJUDICIAL 1-22-16 RESPONSE,**
3 | **DKT 258, REGARDING RECUSAL; MEMORANDUM OF POINTS AND**
4 | **AUTHORITIES; EXHIBITS; DECLARATION OF ROBERT J. RICE RE**
5 | **EXHIBITS SHOWING SAME DWELLING ADDRESS; DECLARATION OF**
6 | **ROBERT J. RICE RE RECUSAL; DECLARATION OF IAN SHAKRAMY**

7 |

8 |     **COMES NOW**, Counterclaim Defendant Julian Omidi ("Mr. Omidi") hereby
9 | submits this Objection and Opposition to the Court's extrajudicial 1-22-16
10 | Response, Dkt. 258, relating to Mr. Omidi's 1-20-16 Recusal Motion, Dkt. 256, of
11 | Judge Michael Fitzgerald. This response is based on the Memorandum of Points and
12 | Authorities contained herein, the pleadings and papers on file in this action, the
13 | Declarations of Robert Rice and Ian Shakramy attached herein, and the argument of
14 | counsel presented at the hearing on the motion to recuse Hon. Michael W.
15 | Fitzgerald.

16 |

17 | Dated:  February 5, 2016          Respectfully submitted,

18 |

19 |          /s/ Robert J. Rice

20 |          Robert J. Rice, Esq.
         LAW OFFICES OF ROBERT J. RICE

21 |          rjriceesq5@gmail.com

22 |          6380 Wilshire Boulevard, Suite 820
         Los Angeles, California 90048

23 |          Telephone (323) 297-3700

24 |

25 |          Attorney for Respondent,
         JULIAN OMIDI

26 |

27 |

28 |

# TABLE OF CONTENTS

INTRODUCTION.................................................................................1

BRIEF STATEMENT OF FACTS........................................................2

I.  Judge Fitzgerald Confirmed His Conflict Of Interest In _This_ Case By His Re-Assignment Order For The Motion To Strike And Disqualify. ........................................................................................3

II. Judge Fitzgerald's Relationship With First Assistant Fitzgerald And Their Material Non-Disclosures Create The Appearance That Judge Fitzgerald's Impartiality Might Be Questioned ......................................3

A. The Judge's Twin Brother And Business Partner, First Assistant Patrick Fitzgerald, Is Far More Than An Advocate And, Regardless Of "Party" Status, The Appearance Of Impropriety Requires Recusal Of Judge Fitzgerald....................................4

B. _Ortega Melendres v. Arpaio_, No. CV-07-2513-PHX-MHM, 2009 WL 2132693 (D. Ariz. July 15, 2009) Is On Point .....................................5

C. The Government, To Include First Assistant Fitzgerald, Is An Interested Party In _This_ Case Warranting Recusal Of Judge Fitzgerald, Regardless The USA's Party Status In This Case..........7

D. Regardless Of Party Status Of The USA, The Judge's Twin Brother And Business Partner, First Assistant USA Patrick Fitzgerald, Stands To Gain From The Judge's Decisions In _this_ Case, Creating The Appearance Of Impropriety, and Requiring Recusal Of The Judge.................................................................................8

III. The Material Non-Disclosures Are Independent Reasons Requiring Recusal Regardless Of The Party Status Of The USA .............................9

A. Judge Fitzgerald's Failure To Disclose _Prior To_ The Recusal Motion Is An Independent Cause For Recusal ...................................9

B. Judge Fitzgerald's Failure To Disclose _Subsequent To_ The Recusal Motion Is An Independent Additional Cause For Recusal..............10

C. First Assistant Fitzgerald's Failure To Disclose Creates The Appearance of Impropriety Requiring Recusal Of

-1-

The Judge.................................................................................11

D. **The USAO Has Admitted That Its Healthcare Investigation Is Into Essentially The Same Issues As In The United Complaint Requiring Recusal Regardless Of The USA's Party Status**................................12

E. **Issues In This Civil Action Have Turned On The Existence Of The Criminal Investigation As Indicated by** *Second Amended Counterclaim***, at ¶404** ..........................................................12

F. **Judge Fitzgerald Ruled On Whether The Government Colluded With United Post-Mr. Fitzgerald's Appointment**..............................13

G. **Judge Fitzgerald Ruled On Matters Related To The Government's Investigation Post-Patrick Fitzgerald's Appointment on 8-3-15**.....14

H. **AUSA Williams, Representing The Government Associated Into This Case On August 7, 2015, Four (4) Days After The Appointment of First Assistant Fitzgerald, And Did Not Disclose the Conflict In Violation Of Her Duties**.............................................15

I. **The Government's Belated Impeachment Of Its Party Status Is Not Credible And Refuted By The Record**...............................................16

J. **Since The Notice Of Reassignment Was Filed And Accepted By The Court, Judicial Estoppel Prevents The Government From Asserting The Government Is Not A Party To This Case And Does Not Have An Interest In This Case**...................................................................17

K. **The USAO, Pursuant To Being A Party In The United Healthcare Civil Action, Requested "Meet And Confer" Prior To Filing Of The Recusal Motion**........................................................................18

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

L.  The USAO Asserted To Undersigned Counsel That It Is A Party To The United Healthcare Civil Case ......................................................18

M. The Record Shows No Recusal Of Patrick Fitzgerald From This Case Refuting The Assertion Of The USAO ......................................19

N.  The Record Proves Patrick Fitzgerald _Knows_ Of His Obligation To Publicly Disclose The Conflict Of Interest and Publicly Recuse Himself In Cases Assigned To His Brother Judge Fitzgerald .........19

O.  Judge Fitzgerald's Erroneous Claims That The USA Is Not A Party Creates The Appearance Of Impropriety Requiring Recusal.........21

    1.  The Judge's Clearly Erroneous Findings Of Fact Which Conflict With The Record Create The Appearance Of Impropriety ..................................................................................21

P.  As A Matter Of Law And Binding Authority, An Intervenor Is A Party, And The Judge's Erroneous Finding Creating The Appearance Of Impropriety ..................................................22

Q.  The Judge Knew or Should Have Known That USA Party Intervenor Never Filed A Motion To Withdraw And Remains A Party, Creating The Appearance Of Impropriety ...........................23

R.  The Judge's And USAO's Efforts To Erroneously Claim The USA Is Not A Party Creates The Appearance Of Impropriety ...............23

S.  Canon 3C(1)(D), Section 455(b)(5)(ii), And Advisory Opinion 38-2 Do Not Require The Attorney Appearing To Represent A "Party" But Rather Require Disqualification For Attorney's "Handling" Matters ..........................................................................................24

CONCLUSION.................................................................................27

-3-

1

# TABLE OF AUTHORIES

**CASE(S)**                                                   **PAGE(S)**

2

3

Alexander v. Primerica Holdings, Inc.,

4

      10 F.3d 155 (3rd Cir. 1993).................................................................7

5

6

Allen v. Zurich Insurance Co.,

7

      667 F.2d 1162 (4th Cir. 1982)...........................................................17

8

Aoude v. Mobil Oil Corp.,

9

      892 F.2d 1115 (1st Cir. 1989) ..........................................................19

10

11

Banks v. Dretke,

12

      540 U.S. 668 (2004) .........................................................................19

13

Bernard v. Coyne,

14

15

      31 F.3d 842 (9th Cir. 1994)................................................................1

16

Cheeves v. Southern Clays Inc.,

17

      797 F. Supp. 1570 (1992).............................................................1, 10

18

19

City of Santa Clara v. Kleppe,

20

      428 F.Supp. 315 (N.D. Cal. 1976) ..................................................24

21

22

Commonwealth Coatings Corp. v. Continental Cas. Co.,

23

      393 U.S. 145 (1968) .........................................................................10

24

Crellin Technologies v. Equipmentlease Corp.,

25

      18 F.3d 1 (1st Cir. 1994) ..................................................................17

26

27

Davis v. Zant,

28

      36 F.3d 1538 (11th Cir. 1994)..........................................................18

-4-

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

Dean v. United States,

    556 U.S. 568 (2009) ............................................................................ 26

Diamond v. Charles,

    476 U.S. 54 (1986) ............................................................................. 22

Elwood v. Drescher,

    456 F.3d 943 (9th Cir. 2006) ............................................................. 18

Galam v. Carmel (In re Larry's Apt., L.L.C.),

    249 F.3d 832 (9th Cir. 2001) ............................................................. 24

Hudnall v. Payne,

    No. 6:14CV133, 2015 WL 163917 (E.D. Tex. Jan. 12, 2015) .................... 23

Hurd v. DiMento & Sullivan,

    440 F.2d 1322 (1st Cir. 1971) ............................................................ 17

In re Complaint of Judicial Misconduct,

    756 F.3d 1143 (9th Cir. 2014)............................................................. 10

In re Murchinson,

    349 U.S. 133 (1955) ........................................................................... 9

IV Sols., Inc. v. United Healthcare Servs., Inc.,

    No. CV 12-4889-GAF MRWX, 2014 WL 6896023

    (C.D. Cal. Dec. 5, 2014).............................................................. 8, 15

Liljeberg v. Health Servis. Acquisition Corp.,

    486 U.S. 847 (1988) ..................................................................... 10, 22

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

Liteky v. United States,

    510 U.S. 540 (1994) .................................................................. 10

Local No. 93, Int'l Asso. Of Firefighters, etc. v. Cleveland,

    478 U.S. 501 (1986) .................................................................. 22

Melendres v. Arpaio,

    2009 WL 2132693 (D. Ariz. July 15, 2009) ........................... 1, 5, 27

Porter v. Singletary,

    49 F.3d 1483 (11th Cir. 1995) ..................................................... 11

Preston v. United States,

    923 F.2d 731 (9th Cir. 1991) .................................................. 4, 7, 25

Schmitz v. Zilveti,

    20 F.3d 1043 (9th Cir. 1994) ........................................................ 9

SCFC ILC, Inc. v. Visa USA, Inc.,

    936 F.2d 1096 (10th Cir. 1991) ..................................................... 2

The Santissima Trinidad,

    20 U.S. 283 (1882) .................................................................... 17

United States v. Columbia Broadcasting System, Inc.,

    497 F.2d 107 (5th Cir. 1974) ....................................................... 27

United States v. Holland,

    519 F.3d 909 (9th Cir. 2008) ....................................................... 27

United States v. Leung,

    351 F.Supp. 2d 992 (C.D. Cal. 2005) ............................................. 2

-6-

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

United States v. Kelly,

    888 F.2d 732 (11th Cir. 1989)...................................................................... 8

United States v. Migliaccio,

    34 F.3d 1517 (10th Cir. 1994)................................................................... 11

United States v. Pocklington,

    792 F.3d 1036 (9th Cir. 2015)................................................................... 27

United States v. Ron Pair Enterprises, Inc.,

    489 U.S. 235 (1989) ................................................................................. 26

United States v. Schales,

    546 F.3d 965 (9th Cir. 2008).................................................................... 26

United States v. State of Oregon,

    657 F.2d 1009 (9th Cir. 1981)............................................................ 23, 24

United States v. Tatum,

    943 F.2d 370 (4th Cir. 1991)............................................................. 11, 16

United States v. Tiffiny Burrows,

    Case No. CR 636, Dkt. 1 (C.D. Cal. 2012)................................................ 6

U.S. ex rel. Eisenstein v. City of New York, New York,

    556 U.S. 928 (2009) ........................................................................... 22, 23

Wagner v. Professional Engineers in California Government,

    354 F.3d 1036 (9th Cir. 2004)............................................................ 17, 18

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

**STATUE(S)**                                                            **PAGE(S)**

28 U.S.C.,

    §455(b)(5)(ii)................................................................. 25


**OTHER(S)**                                                            **PAGE(S)**

Weinstein's Federal Evidence,

    § 605.07[1] (2d ed. 2002)............................................... 1

Canon, Code of Conduct for United States Judges,

    3C(1)(d)).................................................................... 25

Advisory Opinion,

    No. 38-2[3]................................................................. 25

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

# **INTRODUCTION**

"A lawyer who reasonably believes that the judge before whom he is appearing should not sit must raise the issue so it may be confronted and put to rest." *Bernard v. Coyne*, 31 F. 3d 842, 847 (9th Cir. 1994).

On January 20, 2016, Counterclaim Defendant Julian Omidi ("Omidi") filed a motion to recuse Judge Michael Fitzgerald. Dkt. 256 (*Recusal Motion*). In response, the Court issued an unsworn response, Dkt. 258 (*1-22-16 Extrajudicial Response*), which did not address multiple serious issues or make "full disclosure on the record". *Cheeves v. S. Clays*, 797 F. Supp. 1570, 1582 (M.D. Ga. 1992) ("whenever it appears that disqualification may be required pursuant to § 455(a), the judge must either withdraw from the case or make 'a full disclosure on the record' so that the parties may consider a waiver.") (quoting *Barksdale v. Emerick*, 853 F.2d 1359 (6th Cir. 1988). The Judge also made other erroneous unsworn assertions, which cannot be cross-examined, aggravating the appearance of impropriety. *Cheeves*, at 1582 ("'The judge presiding at the trial may not testify in that trial as a witness.  No objection need to be made in order to preserve the point.'" quoting Rule 605); Weinstein's Federal Evidence § 605.07[1], at 605-21 (2d ed. 2002) (judge's assumption of the role of witness is inconsistent with the impartiality expected of the court).

It is hard to imagine how much greater the appearance of impropriety might be when the judge shares a single family dwelling with the prosecutor, see Rice Decl. Re Exhibits Showing Same Dwelling Address, who is also his twin brother, who is overseeing the prosecution of Cindy Omidi, and who is criminally investigating the counterclaim defendants before Judge Fitzgerald in the civil case involving essentially the same issues as admitted by the USAO. The same prosecutor, Patrick Fitzgerald supervises the government's seizure of $100 million belonging to those same persons and entities appearing before the Judge in a case involving United Healthcare's attempt to impose a constructive trust on the money Patrick Fitzgerald is supervising and holding.

This is not a case of mere advocacy by the Judge's twin in a matter before the Judge as in *Melendres v. Arpaio*, 2009 WL 2132693 * 12-15 (D. Ariz. Jul. 15, 2009),

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1   and where the Judge was still recused.  Rather, this is a case where the prosecutor and

2   his twin brother, the Judge, are business partners and share a single family dwelling.

3   Critically, neither in his *1-22-16 Extrajudicial Response*, nor at any other time,

4   did Judge Fitzgerald, or the Government for that matter, disclose the relationship with

5   his twin brother First Assistant United States Attorney Patrick Fitzgerald. The

6   appearance is that the day's events involving the same people and entities are in the

7   forefront of their minds because of their mutual and concealed involvement of the

8   single largest seizure of funds over $100 million in the Central District of California.

9   The appearance of impropriety is overwhelming and recusal is mandated. *United*

10  *States v. Leung*, 351 F. Supp. 2d 992, 997 (C.D. Cal. 2005) ("the Court cannot turn a

11  blind eye to the realities of this case.") Omidi hereby responds to *1-22-16 Response*.

## BRIEF STATEMENT OF FACTS

13  Judge Fitzgerald states the Government is not a party to this case as the main

14  reason denying recusal.  However, the record refutes this allegation showing the

15  Government to be an "*interested*" party in this litigation as a matter of law and facts.

16  As a preliminary matter, recent discovery shows the Government's criminal

17  healthcare investigation began in 2011 at the behest of the insurance companies

18  (including Counterclaim Plaintiffs United) for purported "***inappropriate billing***,

19  along the lines of being overbilled for something or other." Rice Decl. ¶ 2.  This is

20  the same "***inappropriate billing***" that is the fundamental basis of United's *Second*

21  *Amended Counterclaim* with the Government's criminal investigation as the

22  backbone. *Id.*, at ¶404. Further, *while the criminal investigation was in its infancy*,

23  without evidence, charges or a trial, the Government decided "**to shut them down**

24  **[Omidis and Counterclaim Defendants]**" at the behest of insurance companies.

25  *Ibid*. (emphasis added). *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099 (10th

26  Cir. 1991) ("Sentence first—Verdict Afterwards" type of procedure . . . is an

27  anathema to our system of jurisprudence.")

28  The Government has confirmed that its continuing parallel healthcare fraud

criminal investigation into billing is based on essentially the same issues that United

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1    Counterclaim Plaintiffs allege in their *Second Amended Counterclaim*. Rice Decl. ¶ 3.

2    On January 15, 2015, the Government intervened in *this* case under Rule 24(a)

3    with an Intervention of Right, Dkt. 124, which was granted by the Judge Fitzgerald

4    without any restriction. The Government has never filed a motion to withdraw from

5    its intervention.  On August 7, 2015, AUSA Kristen Williams associated in *this* case

6    on behalf of party intervenor and "Plaintiff" USA demanding to receive all discovery,

7    Dkt. 190, only four (4) days after Patrick Fitzgerald was appointed First Assistant

8    United States Attorney on August 3, 2015.  However, no conflict disclosure, as was

9    required, was provided by the USAO or Judge Fitzgerald.

10    Judge Fitzgerald rationale in his *1-22-15 Extrajudicial Response* for not

11    recusing, namely that the USA is not a party to this case and has not appeared in this

12    case since February 2015, is clearly refuted by the record.  Recusal is mandated.

13    <u>**ARGUMENTS**</u>

**I.    Judge Fitzgerald Confirmed His Conflict Of Interest In *This* Case By**

14    **His Re-Assignment Order For The Motion To Strike And Disqualify.**

15    In his 1-26-16 Order, Dkt. 262, *without citing any authority*, Judge Fitzgerald

16    assigned to another District Court Judge Omidi's Motion to Strike the Government's

17    Improper Disclosure of Tax Return Information, and Request for Disqualification of

18    the Government from Further Participation in this Case. Dkt. 259. Any fair reading of

19    Judge Fitzgerald's 1-26-16 Order *confirms* his conflict of interest in this matter,

20    requiring recusal. Judge Fitzgerald cannot rule on issues pertaining to the AUSAs'

21    actions in this case, *because* his twin brother, First Assistant Patrick Fitzgerald,

22    supervises the AUSAs. Moreover, counsel is unaware of any legal authority that

23    allows a Court to piecemeal which portions of the case to refer to another judge for

24    determination, simply to avoid a conflict of interest. Judge Fitzgerald provides no

25    rationale. Further, a different judge cannot strike the record in *this* case on which

26    Judge Fitzgerald continues to preside.  This issue alone mandates disqualification.

27    **II.   Judge Fitzgerald's Relationship With First Assistant Fitzgerald And**
**Their Material Non-Disclosures Create The Appearance That Judge**

28    **Fitzgerald's Impartiality Might Be Questioned.**

The main thrust of Judge Fitzgerald's *1-22-16 Extrajudicial Response* is that

-3-

1  he should not be recused, because the USA is not "party" in this case. *1-22-16*

2  *Extrajudicial Response*, at 2 ("[T]he government is not a party to this civil action");

3  Dkt. 268 at 4 ("Julian Omidi's argument that Judge Fitzgerald's 'impartiality might

4  reasonably be questioned' rests squarely on the premise that the United States is a

5  party to this litigation.") However, the record and binding case law confirm that the

6  USA is a party. Furthermore, assuming arguendo that the USA is a party, the Court

7  should, nonetheless, recuse Judge Fitzgerald, because being a *named* party is

8  collateral and immaterial to the issue of recusal. As such, recusal is warranted.

### A. The Judge's Twin Brother And Business Partner, First Assistant Patrick Fitzgerald, Is Far More Than An Advocate And, Regardless Of "Party" Status, The Appearance Of Impropriety Requires Recusal Of Judge Fitzgerald.

11  The government's status as a *party*, which is undeniable, is not the issue. As

12  the Ninth Circuit stated in *Preston v. United States*,

> It is irrelevant that Latham & Watkins' client, Hughes, was not a named party to the suit before Judge Letts. **The Supreme Court has _never_ limited recusal requirements to cases in which the judge's conflict was with _the parties named in the suit_**. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). Rather, the focus has consistently been on the question whether the relationship between the judge and an interested party was such as to present a risk that the judge's impartiality in the case at bar might reasonably be questioned by the public. *See id.* at 858-62.

19  F.2d 731, 734-735 (9th Cir. 1991) (emphasis added).  In the case at bar, the *Preston*

20  standard is easily met. Judge Fitzgerald's undisclosed conflicts of interest with his

21  twin brother and business partner, First Assistant Fitzgerald, with whom the Judge is

22  extremely close and shares a single family residence, requires recusal.

23  *First*, First Assistant Fitzgerald is far more than an advocate. First Assistant

24  Fitzgerald is undeniably an interested party, who is second in command at the USAO,

25  and supervises the investigation and prosecution of the counterclaim defendants by

26  the same line AUSA's who have intervened on behalf of the USA in *this* case and

27  who have repeatedly admitted the issues of its criminal healthcare investigation are

28  essentially the same as those in the United Healthcare complaint. Rice Decl. ¶ 3.

*Second*, First Assistant Fitzgerald is responsible for the supervision of the

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1   administration and prosecution of in excess of $100 million dollars the Government

2   has seized from the counterclaim defendants, and which Judge Fitzgerald held is

3   subject to a constructive trust in *this* case to benefit Counterclaim Plaintiffs. Dkt. 239,

4   p. 88. To a reasonable observer, the Judge's undisclosed relationship with his brother

5   gives the appearance of propriety. Model Code of Judicial Conduct R. 2.4(c) ("A

6   judge shall not convey or permit others to convey the impression that any person or

7   organization is in a position to influence the judge.")

8       ***Third***, the AUSAs that First Assistant Fitzgerald supervises are almost always

9   present at the hearings in *this* case along multiple members of its criminal

10  investigation team of the DOJ. At a recent hearing, an astounding six (6) members to

11  include a scribe taking notes were present at the United hearing in front of Judge

12  Fitzgerald demonstrating the great significance of this case to the USAO and its

13  second in command, Patrick Fitzgerald. Rice Decl. ¶ 4. Judge Fitzgerald is well

14  aware of the Government continued presence in *this* case. Dkt 131-3 (*Declaration of*

15  *Charles Kreindler*), at ¶2 (noting that on December 10, 2014, counsel noticed and

16  pointed out the prosecutors AUSA present in the Courtroom)

17      **B. *Ortega Melendres v. Arpaio*, No. CV-07-2513-PHX-MHM, 2009
        WL 2132693 (D. Ariz. July 15, 2009) Is On Point.**

18      As mentioned in the 1-20-16 *Recusal Motion* (Dkt. 256, p. 17-18), *Ortega*

19  *Melendres v. Arpaio*, No. CV-07-2513-PHX-MHM, 2009 WL 2132693 (D. Ariz. first

20  July 15, 2009) is directly on point. There, district court Judge Mary Murguia recused

21  herself because the judge's twin sister, who was ***not*** a party to the case, was publicly

22  advocating a position against the defendants *Id*. at *12 ("[T]he Court recognizes its

23  somewhat unique position, in that the Court's twin sister plays a prominent public

24  role in advocating policy positions that diametrically oppose those taken by

25  Defendants."). The *Ortega Melendres* Court disqualified itself due to the "objective

26  standard of § 455(a)," *id*., the same standard that disqualifies Judge Fitzgerald.

27      In the case at bar, the USAO has taken a far stronger public advocacy position

28  against the counterclaim defendants and has improperly and publicly disclosed

counterclaim defendants are under criminal investigation in lurid detail to the extreme prejudice of counterclaim defendants and in violation of its own rules. For example, the Government publicly filed FDA Agent Samanta Kelley's affidavit in violation of the USAM in *United States v. Tiffiny Burrows,* Case No. CR 636, Dkt. 1, (C.D. Cal. 2012). The Kelley affidavit states that, Tiffiny Burrows, prior to her arrest in April 2012, provided the Government medical and financial records that she stole from appellants. *Id.* ¶15. In June 2012, Burrows was arrested for trying to records to a private attorney. *Id.* ¶¶33-42. **Despite Burrows victimizing appellants**, the **Government publicly filed** the Kelley Affidavit gratuitously disclosing the Omidis were under federal criminal investigation and causing them extreme prejudice:

> I am one of the agents assigned to investigate 1-800- GET-THIN, Top Surgeons, Inc., Michael Omidi, Julian Omidi, Beverly Hills Surgery Center, and numerous related individuals and entities (collectively, "1-800-GET-THIN") that conduct an enterprise that promotes and conducts Lap-Band surgery, a procedure designed to address morbid obesity. Along with agents from multiple other federal and state agencies, I am conducting an investigation of 1-800-GET-THIN for potential violations of federal law including conspiracy, health care fraud, wire fraud, mail fraud, tax violations, identity theft, money laundering, and the Food and Drug Cosmetic Act.

*Id.* ¶¶5-6. This disclosure violated USAM § 9-27.760 and DOJ Grand Jury Manual, p. II-13. Indeed, unabated, the Government has gone as far as improperly publicly disclosing tax return information in *this* case, in violation of 26 U.S.C. §§ 6103, 7213 in order to further injure counterclaim defendants and on which United Healthcare readily capitalized by using it against the Omidis in its court filings in *this* case. See Dkt. 259 at 10, lines 6-12. Furthermore, the USAO has openly taken the advocacy position diametrically opposed to that of the counterclaim defendants in *this* case. Thus the appearance of impropriety under "objective standard of § 455(a)" is far greater in this case than in *Ortega Melendres*, mandating recusal regardless of the USA's "party" status.

The enormity of the conflicts of interest causing an undeniable appearance of impropriety cannot be denied, and are exacerbated by Judge Fitzgerald's and the USAO's material non-disclosures and erroneous claims of purported facts. It should

-4-

1  be noted that these exacerbating issues were not present in *Ortega Melendres v.*

2  *Arpaio*, but Judge Murguia still recused herself. Recusal is required because "the

3  judge's impartiality in the case at bar ***might*** reasonably be questioned by the public".

4  *Preston v. United States*, 923 F.2d 731, 735 (9th Cir. 1991) (emphasis added).

5
6
### C. The Government, To Include First Assistant Fitzgerald, Is An Interested Party In *This* Case Warranting Recusal Of Judge Fitzgerald, Regardless The USA's Party Status In This Case

7  As noted above, "the focus has consistently been on the question whether the

8  **relationship** between **the judge** and **an interested party** was such as to present a

9  risk that the judge's impartiality in the case at bar ***might*** reasonably be questioned by

10  the public." *Preston*, 923 F.2d at 735 (citing *Liljeberg*, 486 U.S. at 858-62)

11  (emphasis added). In the case at bar, since the Government has an interest in this

12  matter, as explained above, the relationship between Judge Fitzgerald and the

13  Government (i.e., Judge Fitzgerald's brother being the head Supervising Attorney of

14  all the AUSA's handling the parallel criminal case) is such that the relationship

15  presents a clear and unmistakable risk that Judge Fitzgerald's impartiality in the case

16  at bar might reasonably be questioned by the public.

17  More specifically, in this ERISA case, Judge Fitzgerald (instead of a jury) is to

18  the actual trier of fact. As such, implicit in any finding by Judge Fitzgerald that a

19  constructive trust over the seized funds is appropriate is a ratification of the theory

20  that "the federal government . . . established 'probable cause to believe that [the

21  assets] represent or are traceable to a long-term fraud scheme run' by the Omidis,

22  including a fraud perpetrated against." Dkt. 169 (*Second Amended Counterclaim*),

23  ¶58; Dkt. 239 at 88 ("[T]he Court concludes that United has made adequate

24  allegations to support the imposition of a constructive trust to recover purported

25  overpayments.") Thus, any of **Judge Fitzgerald's decision is directly affects the**

26  **seizure and the criminal investigation**. For this reason alone, recusal is ***especially***

27  warranted, even if the Government is not a party. *Alexander v. Primerica Holdings,*

28

1    *Inc.*, 10 F.3d 155, 163-164, 166 (3rd Cir. 1993) ("when the judge is the actual trier of

2    fact, the need to preserve the appearance of impartiality is especially pronounced").

### D. Regardless Of Party Status Of The USA, The Judge's Twin Brother And Business Partner, First Assistant USA Patrick Fitzgerald, Stands To Gain From The Judge's Decisions In *this* Case, Creating The Appearance Of Impropriety, and Requiring Recusal Of The Judge

6         Judge Fitzgerald is faced with issues that directly affect the interests of his twin

7    brother and business partner with whom he shares a single family dwelling, First

8    Assistant Fitzgerald. To any reasonable observer, these issues create a *personal*

9    *dilemma* as well as potentially financial dilemma should one of the brothers retaliate

10   by withholding payment or consent related to the single family home they share. This

11   *personal dilemma* warrants recusal. *United States v. Kelly*, 888 F.2d 732, 745 (11th

12   Cir. 1989) (where judge faces "personal dilemma" likely to create the appearance of

13   partiality, recusal is required). In this regard, Judge Fitzgerald's decisions in *this* case

14   which have benefit his twin brother, include:

15        **1**. *Motion to Dismiss Fraud*. Ruling against Counterclaim Defendants' motion to

16   dismiss the fraud claims in *thi*s case which the government has stated is essentially

17   the same issues as its criminal healthcare fraud investigation. *See* Rice Decl. ¶ 2.

18   Indeed, Judge Fitzgerald's ruling that co-pay waiver is "fraud" is directly contrary to

19   *IV Solutions, Inc. v. United Healthcare Servs., Inc.*, No. CV 12-4887, 2014 WL

20   6896023 (C.D. Cal. Dec. 5, 2014), in which Judge Gary A. Feess held ***against***

21   ***Counterclaim Plaintiffs'*** on this very issue, noting that "with respect to United's

22   claim that the failure to collect deductibles and copayments is unethical and

23   inconsistent with custom and practice, the opinion of the California Attorney

24   General, 64 OPS. Cal. Atty. Gen. 782 (1981) indicates otherwise."

25        **2**. *Constructive Trust Over Seized Funds*. Rulings against Counterclaim

26   Defendants' and allowing Counterclaim Plaintiffs to allege a constructive trust in *this*

27   case over the $100 million the Government has seized in June 2014, Dkt. 239 at 88;

28        **3**. *Failing to Curb Collusion with the Government*. Rulings against Counterclaim

1   Defendants to curtail and failing to even inquire into the Government's blatant and

2   prejudicial interference and participation in *this* case, including:

3         **a**.   *No Inquiry Into Interference with Example Patient 14*. Rulings against

4   Counterclaim Defendants or even inquire as to the Government's interference with

5   witnesses in *this* case, such as with Example Patient 14, which the Government

6   destroyed as a witness for Counterclaim Defendants. See *Declaration of Ian*

7   *Shakramy Declaration*. This issue was brought to Judge Fitzgerald's attention by

8   Attorney Daron Tooch on August 18, 2015, **_after_** Patrick Fitzgerald became First

9   Assistant United States Attorney. *See* Rice Decl. ¶ 9., 8-18-2015 Tr. p. 18 line 23 to

10  p. 19 line 4. Given the Judge's failure to even look into these matters, there is the

11  "reasonable impression of partiality" warranting recusal. *Schmitz v. Zilveti*, 20 F.3d

12  1043, 1049 (9th Cir. 1994) (failure to investigate potential conflicts of interest may

13  result in a "reasonable impression of partiality")

14        **b**.   *Not Addressing Cindy Omidi's Motion To Strike*. Rulings against

15  Counterclaim Defendant Cindy Omidi's motion to strike, reasoning "Mrs. Omidi's

16  argument is based on either conjecture regarding improper collusion or attacks on

17  United's use of publicly available information (the Court does not presently address

18  whether the information was properly filed in the public record)." Dkt. 243, at 11.

19        **c**. *Refusing to Inquire Into Potential Conflicts Of Interest*. At an *in camera*

20  hearing, certain issues were not addressed conflicting with the Judge's duty to

21  inquire. Judge Fitzgerald ruled against Counterclaim Defendant without inquiry. Dkt.

22  240. Undersigned Counsel for Counterclaim Defendant requests that this important

23  matter be discussed *in camera* in front of Judge Wright.

24  **III.   The Material Non-Disclosures Are Independent Reasons Requiring**
25       **Recusal Regardless Of The Party Status Of The USA**

      **A. Judge Fitzgerald's Failure To Disclose *Prior To* The Recusal Motion**
26       **Is An Independent Cause For Recusal**

27      "[N]o man is permitted to try cases where he has an interest in the outcome."

28  *In re Murchison*, 349 U.S. at 136. As such, "[u]nder section 455(a), therefore, recusal

1   is required even when a judge lacks actual knowledge of the facts indicating his

2   interest or bias in the case if a reasonable person, knowing all the circumstances,

3   would expect that the judge would have actual knowledge." *Liljeberg v. Health*

4   *Servs. Acquisition Corp.*, 486 U.S. at 860-61.

5       Here, to any reasonable observer, the appearance of impartiality is great. Judge

6   Fitzgerald failed to disclose that First Assistant Fitzgerald supervises the $100

7   million seized by the Government along with the criminal investigation and

8   prosecution of Counterclaim Defendants. When any of the aforementioned issues

9   arose *or* when his brother was appointed to First Assistant, Judge Fitzgerald failed to

10  disclose. Judge Fitzgerald knew or should have known (the mere failure to disclose

11  itself) creates the appearance of the conflict of interest, no matter how small the

12  interest. See, e.g., *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S.

13  145 (1968) (nondisclosure of facts showing a potential conflict of interest creates

14  evident partiality warranting vacatur even when no actual bias is present); *In re*

15  *Complaint of Judicial Misconduct*, 756 F.3d 1143, 1144 (9th Cir. 2014) ("an

16  allegation that a judge presided in a case knowing that he was subject to a conflict

17  of interest may present a viable claim of judicial misconduct.")

### B. Judge Fitzgerald's Failure To Disclose *Subsequent To* The Recusal Motion Is An Independent Additional Cause For Recusal

18
19

20      The judge was duty-bound to provide full disclosure upon the filing of the

21  Recusal Motion, but he did not. *Cheeves*, 797 F. Supp. at 1582 (holding that the

22  recusal statute "contemplates a voluntary disclosure *by* the judge rather than

23  compulsory discovery *from* the judge") (emphasis in original); *Liteky*, 510 U.S. at

24  548 (stating that section 455 "placed the obligation to identify the existence of those

25  grounds upon the judge himself, rather than requiring recusal only in response to a

26  party affidavit").

27      Judge Fitzgerald's *1-22-16 Extrajudicial Response* continued to materially fail

28  to disclose many of the critical issues in the Recusal Motion including his business

    partnership with his twin brother First Assistant Patrick Fitzgerald with whom he

shares a single family dwelling, and who is the second in command with supervisory

responsibilities over government seizure of $100 million and the investigation and

prosecution of the counterclaim defendants who are in *this* case. Indeed, the failure to

disclose is an ***independent and new*** ground for recusal. The Judge's failure to

disclose violated the duty of every judge to "disclose on the record information which

the judge believes the parties or their lawyer might consider relevant to the question

of disqualification." *Porter v. Singletary*, 49 F3d 1483, 1489 (11th Cir. 1995).

### C. First Assistant Fitzgerald's Failure To Disclose Creates The Appearance of Impropriety Requiring Recusal Of The Judge

*Separately*, and *as an independent basis for recusal*, the failure of First

Assistant Fitzgerald, and the AUSAs whom he supervises, to disclose the above

conflicts also requires recusal. Despite being fully aware of Judge Fitzgerald's 1-22-

16 *Extrajudicial Response*, Dkt 258, which did not disclose material facts in response

to the *Recusal Motion*, neither AUSAs Evan Davis, Kristen Williams and Consuelo

Woodhead, nor their supervisor, First Assistant Fitzgerald, corrected the lack of

disclosures and material omissions. In *United States v. Tatum*, the Fourth Circuit

made clear that the government *is also* under a duty to disclose conflict of interest;

> [W]hen a conflict situation becomes apparent to the government, the government has a duty to bring the issue to the court's attention and, if necessary, move for disqualification of counsel. Cf. *United States v. Agurs*, 427 U.S. 97, 110-11 (1976) (although the government attorney must prosecute with "earnestness and vigor," he must also "be faithful to his client's overriding interest that 'justice shall be done'") (citation omitted).

943 F.2d 370, 379-80 (4th Cir. 1991); see also, *United States v. Migliaccio*, 34

F.3d 1517, 1528 (10th Cir. 1994) ("when the government is aware of a conflict of

interest, it has a duty to bring it to the court's attention and, if warranted, move for

disqualification."). In the case at bar, the government *breached its independent duty*

to disclose the conflict of interest, demanding recusal.

To a reasonable observer it would appear that the reason Judge Fitzgerald

failed to disclose was because he believed (correctly) that the USAO and his twin

brother would protect him by continuing the lack of disclosure. The appearance of

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

conflict of interest requiring recusal of Judge Fitzgerald is overwhelming because

neither the Judge nor the USAO is willing to admit the material conflicts.  The

separation of Judicial and Executive Branches has become non-existent to the

extreme prejudice of the counterclaim defendants, demanding recusal.

### D. The USAO Has Admitted That Its Healthcare Investigation Is Into Essentially The Same Issues As In The United Complaint Requiring Recusal Regardless Of The USA's Party Status

In Meetings with the USAO, the prosecutors, who have intervened in this case

and who are the same prosecutors investigating the government's purported

healthcare fraud case, have stated their criminal investigation is essentially into the

same issues as the allegations in *Second Amended Counterclaim*.  *See* Rice Decl. ¶2.

Despite this, Judge Fitzgerald writes in his response:

> Thus far, no issue in this civil action has turned on the existence of the criminal investigation, and this Court has trouble seeing how its existence would be germane to any issue as this litigation now stands. It is for the assigned district judge to determine if the mere existence of a criminal investigation of a civil litigant gives rise to a situation in which this Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

1-22-16 *Extrajudicial Response*, Dkt 258, at 6.  This is simply not true. Judge

Fitzgerald knew, or reasonably could be expected to have known, the importance the

USAO has placed on the investigation and prosecution of Counterclaim Defendants

over the last 4 ½ years including the seizure of an astounding $100 million.

### E. Issues In This Civil Action Have Turned On The Existence Of The Criminal Investigation As Indicated by *Second Amended Counterclaim*, at ¶404.

***First***, Counterclaim Plaintiffs have repeatedly relied on the Government's

criminal investigation in their pleadings, noting that:

> The Omidis are currently the subject of investigations by numerous government enforcement agencies, including the FBI, the U.S. Food and Drug Administration, the California Department of Insurance, and the Los Angeles Police Department. United is informed and believes that the ongoing federal investigation concerns numerous federal crimes, including false advertising in violation of 21 U.S.C. § 331; making false statements to health insurance plans in violation of 18 U.S.C. § 1035; defrauding health insurance plans and patients seeking Lap Band surgery in violation of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1347 (health care fraud), and 18 U.S.C. § 1349 (fraud conspiracy); laundering the

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1    proceeds of such fraud in violation of 18 U.S.C. § 1956; numerous tax
2    crimes in violation of 26 U.S.C. §§ 7201, 7203, and 7206(l); and
     conspiracy to commit the foregoing offenses and to defraud the United
     States in violation of 18 U.S.C. § 371.

3    *Second Amended Counterclaim*, at ¶404. Indeed, Counterclaim Plaintiffs'

4    claims are premised on the notion that the USAO's prepared a search warrant

5    allowing "the federal government seized at least $107 million in assets from Omidi

6    Network entities, including Bank of America accounts into which ***the Omidis***

7    ***transferred assets they wrongfully received from* [*Counterclaim Plaintiffs*]**." *Ibid.*

8    (emphasis added). It is unbelievable that Judge Fitzgerald's the twin brother, First

9    Assistant Fitzgerald, is the USAO's second in command supervising the seizure of at

10   least $107 million in assets. What is more, in this ERISA lawsuit, Judge Fitzgerald

11   must determine it is true or not that the seized assets, were in fact "***wrongfully***

12   ***received from* [*Counterclaim Plaintiffs*]**" as the Government asserts and

13   Counterclaim Plaintiffs allege. The appearance of impropriety mandates recusal.

### F. Judge Fitzgerald Ruled On Whether The Government Colluded With United Post-Mr. Fitzgerald's Appointment.

14

15   **<u>Second</u>**, Counterclaim Plaintiffs have not withdrawn their allegations regarding

16   the Government's investigation. In fact, the Government's conduct in this very case

17   has been litigated, after First Assistant Fitzgerald was appointed supervisor on

18   August 3, 2015. In this regard, on August 27, 2015, Counterclaim Defendant Cindy

19   Omidi moved to strike the above noted allegations, Dkt. 203. Ms. Omidi's motion to

20   strike (filed post-Patrick Fitzgerald's appointment on August 3, 2015) was premised

21   on the improper collusion of the Government and United. *Id.* at p. 6 ("how does

22   Untied know that the specific tax sections at issue and additionally that the United

23   States is investigating the Omidis for "defraud[ing] the United States in violation of

24   18 U.S.C. § 371" other than from the United States, itself.") Counterclaim Plaintiffs

25   vehemently denied the allegations of collusion, asserting "[t]here is not and has never

26   been any improper collusion between United and federal investigators regarding this

27   litigation." Dkt. 210, at p. 4.

28   At that moment, when Mrs. Omidi moved to strike, and Counterclaim

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

Plaintiffs opposed, the issue of the federal investigation, and Counterclaim Plaintiffs' collusion with federal investigators regarding this litigation, became an issue. At a minimum, at that moment, Judge Fitzgerald should have disclosed on the record— prior to its ruling—the nature of his twin brother was supervising the investigation of the Omidis, Ms. Omidi alleged improper collusion. However, the Court created the appearance of impropriety by not making any disclosures and instead asserting:

### Allegations About The United States Government's Ongoing Investigation Into Tax Matters

Mrs. Omidi contends that certain allegations regarding federal investigations into tax matters should be stricken because "[t]hese allegations (particularly the specific code sections at issue) are possibly the product of a felony committed by federal agents and/or employees, and therefore, are scandalous because they 'detract from the dignity of the court.'" (Mot. at 4-5 (quoting *Jadwin*, 2007 WL 3119670, at *1)). The code sections at issue are 26 U.S.C. §§ 7201, 7203, and 7206(1). (SACC ¶ 404).

\*     \*     \*

[T]he Court is nonetheless concludes that United's allegations are proper. Mrs. Omidi's argument is based on either conjecture regarding improper collusion or attacks on United's use of publicly available information (the Court does not presently address whether the information was properly filed in the public record). In either scenario, the Court does not find the argument persuasive. United's allegations are not impertinent or scandalous, and are therefore appropriately included in the pleading.  Dkt. 243 at p. 11.

### G. Judge Fitzgerald Ruled On Matters Related To The Government's Investigation Post-Patrick Fitzgerald's Appointment on 8-3-15.

***Third***, a main issue in this litigation is the alleged copay waiver issue which Counterclaim Plaintiffs have stated is the main basis for its "fraud" claims. Both AUSAs Evan Davis and Kristen William have stated that the copay waiver issue is part of their criminal fraud investigation, stating that they believe it to be an "indicia" of fraud under 18 U.S.C. § 1347.  *See* Rice Decl. ¶ 5. To any reasonable observer, any ruling by Judge Fitzgerald adverse to Counterclaim Defendants on the fraud issue in this case would aid and assist First Assistant Fitzgerald in his healthcare prosecution. Specifically, ***on October 23, 2015*, post-Patrick Fitzgerald's appointment, Judge Fitzgerald made a critical ruling directly aiding the USAO's claim that copay waiver is an "indicia" of fraud under 18 U.S.C. § 1347**. Dkt.

239, at 36 ("As the Court has already concluded that United has adequately alleged
fraud generally and the co-pay waiver theory specifically, this theory of liability will
be allowed to proceed.") Judge Fitzgerald's ruling that co-pay waiver is "fraud,"
conflicts with Judge Gary Feess who recently ruled against Counterclaim Plaintiffs.
*IV Sols*, 2014 WL 6896023, at *5. Contrary to Judge's assertion, his rulings directly
affect the criminal matter, and the appearance of impropriety demands recusal.

### H. AUSA Williams, Representing The Government Associated Into This Case On August 7, 2015, Four (4) Days After The Appointment of First Assistant Fitzgerald, And Did Not Disclose the Conflict In Violation Of Her Duties

**_Fourth_**, as Dkt. 190 in *this* case clearly shows, on August 7, 2015, four (4)
days after First Assistant Fitzgerald's appointment, AUSA Williams, who is one of
the main prosecutors in the criminal matter and whom First Assistant Fitzgerald
supervises, became a **_party_** to *this* case on behalf of the Government. The
Government's Notice of Reassignment, Dkt. 190, lists the Government as a
"Plaintiff" and states that "assigned AUSA [Kristen Williams] is associated with this
case and receives all e-mails relating to filings in this case":

```
Plaintiff, United States of America, hereby advises the Court that a
new Assistant United States Attorney ("AUSA") has been assigned to
the case as follows:
```

| | Name | E-Mail Address |
|---|---|---|
| **Previously Assigned AUSA** | David L. Kirman | david.kirman@usdoj.gov |
| **Newly Assigned AUSA** | Kristen A. Williams | Kristen.williams@usdoj.gov |

```
Please make all necessary changes to the Court's Case
Management/Electronic Case Filing system to ensure that the newly
assigned AUSA is associated with this case and receives all e-mails
relating to filings in this case.

Dated: August 7, 2015          Respectfully submitted,

                               EILEEN M. DECKER
                               United States Attorney

                               LAWRENCE S. MIDDLETON
                               Assistant United States Attorney
                               Chief, Criminal Division


                                  /s/
                               KRISTEN WILLIAMS
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA
```

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1    Upon the AUSA William's association, **the USAO was obligated to disclose**

2    **the conflict of interest, but it did not**. As noted above, the government *is under a*

3    *duty* to disclose. *Tatum*, 943 F.2d at 379-80 ("when a conflict situation becomes

4    apparent to the government, the government has a duty to bring the issue to the

5    court's attention and, if necessary, move for disqualification of counsel."). The

6    appearance of impropriety is overwhelming where, in addition to Judge Fitzgerald's

7    failure to disclose, the party interveners also fail to disclose the conflict when First

8    Assistant's office makes appearances in *this* case. The appearance of impropriety is

9    exacerbated when Judge Fitzgerald, who knows all this, also says nothing.

10   Thus, contrary to Judge Fitzgerald's claim in his *1-22-16 Extrajudicial*

11   *Response*, the record incontrovertibly demonstrates that the issues on which Judge

12   Fitzgerald is currently ruling on ***directly*** affect the USAO's criminal investigation.

13   **I.  The Government's Belated Impeachment Of Its Party Status Is Not**
     **Credible And Refuted By The Record**

14

15   Moreover, the Government cannot have it both ways. Despite its recent

16   recantation that it is not a party, on August 7, 2015, the Government was making a

17   completely contradictory statement to the Court. Specifically, on that day, the

18   Government asserted in a signed pleading—subject to Fed. R. Civ. Pro. 11—that

19   AUSA Kirman's representation in the matter had been terminated, and AUSA

20   Williams is the "assigned AUSA" who has "associated with this case and receives all

21   emails and related filings in this case." Dkt. 190. Eight (8) days later, after

22   considering the Notice of Reassignment, the Court granted the Notice of

23   Reassignment, terminating AUSA Kirman and adding AUSA Williams on August

24   15, 2015. Notably, this was all done, after the appointment of First Assistant

25   Fitzgerald was appointed.

26   Now, after a motion to recuse was filed, directly contradicting its prior

27   position, the Government claims the Government is not a party to this case, **without**

28   any explanation as to its Notice of Reassignment, Dkt. 190, that occurred a mere

     three (3) days after First Assistant Fitzgerald was appointed. The Government cannot

     -14-

1   impeach itself, asserting that the Government is not a "party" to this case, in what is a

2   transparent and thinly veiled (plus outright frivolous) attempt to disassociate itself

3   from the case, simplify because a motion to recuse was filed. Such conduct is

4   outrageous. *The Santissima Trinidad*, 20 U.S. 283, 339 (1882) ("Courts of justice,

5   under such circumstances, are bound, upon principles of law, and morality and

6   justice, to apply the maxim *falsus in uno, falsus in omnibus*. What ground of judicial

7   belief can there be left, when the party has shown such gross insensibility to the

8   difference between right and wrong, between truth and falsehood?").

**J. Since The Notice Of Reassignment Was Filed And Accepted By The Court, Judicial Estoppel Prevents The Government From Asserting The Government Is Not A Party To This Case And Does Not Have An Interest In This Case.**

11   What is more, since the Notice of Reassignment was filed and accepted by the

12   Court, ***judicial estoppel*** prevents the Government from asserting the Government is

13   not a party to this case and does not have an interest in this case. This is because,

14   "when a litigant 'asserts inconsistent statements of fact' at different junctures in

15   litigation, the doctrine of 'judicial estoppel' prevents unfair advantage." *Crellin*

16   *Technologies v. Equipmentlease Corp.*, 18 F.3d 1, 9 n.11 (1st Cir. 1994) (quoting

17   *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 214 (1st Cir. 1987).

18   The doctrine "applies to a party's stated position whether it is an expression of

19   intention, a statement of fact, or a legal assertion." *Wagner v. Professional Engineers*

20   *in California Government*, 354 F.3d 1036, 1044 (9th Cir. 2004).

21   In the case at bar, ***judicial estoppel*** prevents the Government from repudiating

22   its prior termination of AUSA Kirman and association of AUSA Williams into "the

23   case." Dkt. 190. This Court should not allow the Government to both associate

24   AUSA Williams into the case and simultaneously assert that the Government is not a

25   party to the case. *Hurd v. DiMento & Sullivan*, 440 F.2d 1322, 1323 (1st Cir. 1971) is

26   directly on point. There, the Court did not allow a litigant to claim both that a law

27   firm did and did not represent her. Similarly, in *Allen v. Zurich Insurance Co*., 667

28   F.2d 1162, 1167 (4th Cir. 1982), the Court prevented a party from claiming that he

-15-

1  was both an employee and not an employee of the defendant. Indeed, judicial

2  estoppel applies, if not, with greater force, under these circumstances, because

3  prosecutors have a "special duty of *integrity* in their arguments." *Davis v. Zant*, 36

4  F.3d 1538, 1548 n. 15 (11th Cir. 1994) (emphasis added). In fact, judicial estoppel "is

5  intended to protect the integrity of the judicial process by preventing a litigant from

6  'playing fast and loose with the courts,'" *Wagner*, 354 F.3d at 1044 (quoting *Russell*

7  *v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)), and playing fast and loose with this

8  Court is precisely what the Government is doing by impeaching its prior termination

9  of AUSA Kirman and association of AUSA Williams into "the case." Dkt. 190.

10
11  ### K. The USAO, Pursuant To Being A Party In The United Healthcare Civil Action, Requested "Meet And Confer" Prior To Filing Of The Recusal Motion

12  Pursuant to being a party in *this* case, on January 20, 2016 at 6:05 A.M.,

13  AUSA Davis sent Undersigned Counsel an email requesting to "meet and confer" on

14  the recusal motion. AUSA Davis stated: "I suggest you meet and confer on this

15  before filing [the Motion on Recusal] -- as the rules require." *See* Rice Decl. ¶ 6. As

16  the Ninth circuit has stated, meet and confer responsibilities pertain ***only*** to parties in

17  a case. *Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) ("Local Rule 7–3

18  requiring ***parties*** to meet and confer before filing a motion.") (emphasis added).

19  Thus, the USA's party status in the case at bar is indisputable and confirmed by the

20  USAO itself.  It was only after Judge Fitzgerald  filed his *1-22-16 Extrajudicial*

21  *Response* claiming erroneously the USA is not a party, that the USAO took the

22  untenable position it is not a party. This is not proper.

23
24  ### L. The USAO Asserted To Undersigned Counsel That It Is A Party To The United Healthcare Civil Case

25  On the afternoon of January 20, 2015, counsel contacted AUSA Davis to

26  discuss the Recusal Motion. AUSA Davis confirmed the USAO's involvement as a

27  party in the case at bar but stated that First Assistant Fitzgerald had recused himself

28  from this *civil* case in front of Judge Fitzgerald. On February 1, 2016, counsel sent a

letter to AUSA Davis, *See* Rice Decl. ¶ 7, stating:

-16-

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1        1.    On our phone conversation on January 20, 2016 you confirmed that the USAO is a party in this civil case because your supervisor Patrick Fitzgerald had recused himself from this civil case. Please forward all documents which confirm Patrick Fitzgerald's recusal in the pending civil matter.

2

3

4        2.    You confirmed in our telephone conversation on January 20, 2016 that Patrick Fitzgerald allegedly recused himself only in the civil case and you refused, despite repeated requests, to confirm recusal in the criminal matter. Please advise if Patrick Fitzgerald has recused himself from the criminal investigation and all documents which confirm such recusal.

5

6

7

8        3.    The issue of being a "party" is a collateral matter which does not invalidate the recusal.

9    However, to this date, the USAO has refused to respond. The USAO is

10   playing fast and loose with the facts to gain an unfair advantage in this serious case

11   to the benefit Patrick Fitzgerald and his brother, the Judge. *Banks v. Dretke*, 540

12   U.S. 668, 696 (2004). ("Prosecutors' dishonest conduct or unwarranted concealment

13   should attract no judicial approbation.")

14   ### M. The Record Shows No Recusal Of Patrick Fitzgerald From This Case Refuting The Assertion Of The USAO

15   Despite the USAO's assertion that First Assistant Fitzgerald had recused

16   himself from *this* case, the ***record showed no such recusal***. To a reasonable observer,

17   the appearance of impropriety is overwhelming where AUSA Davis, who is

18   supervised by First Assistant Fitzgerald, provides false information in order to benefit

19   his supervisor and the supervisor's brother, the Judge, in this recusal action. The

20   USAO has been caught red-handed in providing false information and this Court

21   must take action. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1121 (1st Cir. 1989)

22   ("The assertion will not wash. A malefactor, caught red-handed, cannot simply walk

23   away from a case, pay a new docket fee, and begin afresh.")  Moreover, recusal is

24   mandated given the appearance of impropriety.

25   ### N. The Record Proves Patrick Fitzgerald *Knows* Of His Obligation To Publicly Disclose The Conflict Of Interest and Publicly Recuse Himself In Cases Assigned To His Brother Judge Fitzgerald

26

27   Upon further research, undersigned counsel also discovered that First

28   Assistant Fitzgerald ***knows*** his obligation to publicly disclose his conflicts of interest

-17-

and publicly recuse himself in cases assigned to Judge Fitzgerald, and does publicly recuse himself when a case is before Judge Fitzgerald.  For example, in *David Conrad v. Jack Fox*, Case No. 2:15-cv-04609-MWF-DTB, Dkt 12, First Assistant Fitzgerald recused himself on the record giving "Notice" to the "Court and Plaintiff." See Appendix C. Indeed, in multiple other cases where Judge Fitzgerald presides, First Assistant Fitzgerald always files recusal notices.  See Appendix C.

1. Romero v. Clovin, Case No: 8:15-cv-01508-MRW, Dkt. 10

2. Tsang v. Colvin, Case No: 5:16-cv-00020-MWF-AJW. Dkt 7

3. Wang v. Johnson, Case No: 2:15-cv-06393-MWF-JC, Dkt 5

4. Russel v. Colvin, Case No: 2:15cv07472MWFSP, , Dkt 9

5. DeCareau v. Commissioner of Social Security, Case No: 8:15cv01680FFM, Dkt 9

6. M.P. v. Colvin, Case No: 5:15cv01450KK, Dkt 16

7. Cameron v. Colvin, Case No: 5:15cv01660PLA, Dkt 12

8. Orosco v. Colvin. Case No: 5:15cv00055FFM, Dkt 19

9. Guzman v. Colvin, Case No: 5:15cv00855SS, Dkt 18

10. Maldonado v. Colvin, Case No: 2:15cv07104MWFE, Dkt 12

However, **in the case at bar, no recusal notice was given by First Assistant Fitzgerald, despite the conflict that both Judge Fitzgerald and the USAO being recognized**. To a reasonable observer, Judge Fitzgerald and Patrick Fitzgerald failed to disclose in *this* case because disclosure would have alerted Counterclaim

Defendants to the existence of the conflict which permeates the entire matter. The failure to disclose this irreconcilable conflict creates the public perception of willful concealment and the appearance of impropriety mandating recusal.

Further, the alleged secret recusal of Patrick Fitzgerald is **_not_** the standard. Indeed, the purpose of disclosure of the conflict of interest is to give parties notice so that they may assess the conflict.  This grave misconduct, in violation of the duties of all attorneys, to include attorneys of the USAO who are held to a much higher bar, should not be ignored by this Court. Critically, there would have been no reason

for First Assistant Fitzgerald to allegedly secretly recuse himself in this civil case, as claimed by the USAO, if Judge Fitzgerald's claim that the USA is not a party was true—and there is no conflict of interest. As such, it is beyond a shadow of a doubt that the USA is a party in *this* case requiring the disqualification of Judge Fitzgerald.

### O. Judge Fitzgerald's Erroneous Claims That The USA Is Not A Party Creates The Appearance Of Impropriety Requiring Recusal

#### a. The Judge's Clearly Erroneous Findings Of Fact Which Conflict With The Record Create The Appearance Of Impropriety

Undisputed, as detailed in the foregoing, USA "Plaintiff" is a ***party***. The USA's ***party*** status has not been withdrawn and continues to this very day. Thus, Judge Fitzgerald's assertions that

> The government is not a party to this civil action and the United States Attorney's Office represents no one. The appearance of the government was temporary and concluded months before the Court's brother became First Assistant.

> *1-22-16 Extrajudicial Response* at 2; and

> Since February 11, 2015, the government has made no appearance in this civil action

*1-22-16 Extrajudicial Response* at 4, are **unmistakably erroneous and refuted by the record**. Indeed, there would have been no reason for AUSA Williams, who is supervised by First Assistant Fitzgerald, to have entered this case on August 7, 2015, other than to represent ***party*** USA in *this* case. And ***party*** USA continues to receive all discovery in *this* case to assist it in the criminal matter belying its claim that its involvement ended in January 2015 and is no longer a party. Also, as a ***party*** whose rights were not limited by the Court's Order granting intervention, Dkt. 123, the USA continues to have all rights of a party in *this* case. Therefore, the Judge's glaringly incorrect assertion, which he lists as the main reason why he did not recuse himself, is a further indication of the "appearance of impropriety" which mandates recusal.  Judge Fitzgerald, as the presiding Judge in *this* case, knew or should have known of the appearance of AUSA Kristen Williams on August 7, 2015 on behalf of ***party*** USA. Also, if **Judge Fitzgerald's alleges lack**

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1  of knowledge, his failure to stay informed "constitute[s] a separate violation of §

2  **455."** *Liljeberg*, 486 U.S. at 867-868 (1988) ("These facts create precisely the kind of

3  appearance of impropriety that § 455(a) was intended to prevent. The violation is

4  neither insubstantial nor excusable. * * * he certainly should have known. In fact, his

5  failure to stay informed * * * may well constitute a separate violation of § 455.")

6
7  **P. As A Matter Of Law And Binding Authority, An Intervenor Is A Party, And The Judge's Erroneous Finding Creating The Appearance Of Impropriety**

8       Further, Judge Fitzgerald's clearly erroneous finding that the USA is not a

9  party also creates the appearance of impropriety. Contrary to Judge Fitzgerald's

10 assertions, intervenors, such as the USA in the case at bar, are "parties," as a matter

11 of law. In *Diamond v. Charles* where the United States Supreme Court specifically

12 held that "**intervenors are considered parties**". 476 U.S. 54, 68 (1986) (emphasis

13 added) (citing *Mine Workers v. Eagle-Picher Mining & Smelting Co.*, 325 U.S. 335,

14 338 (1945)). Likewise, in *Local No. 93, Int'l Asso. of Firefighters, etc. v. Cleveland*,

15 the Supreme Court noted that a "party" includes "an original party, a party that was

16 joined later, or an intervenor," 478 U.S. 501, 528-29 (1986), and, similarly, held in

17 *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009) that *by*

18 *definition* intervention occurs when "a third party is allowed to become a party to the

19 litigation":

20      Petitioner nonetheless asserts that the Government is a "party" to the
   action even when it has not exercised its right to intervene. We disagree.
21 A "party" to litigation is "[o]ne by or against whom a lawsuit is
   brought." Black's Law Dictionary 1154 (8th ed.2004). An individual
22 may also become a "party" to a lawsuit by intervening in the action. See
   *id.*, at 840 (defining "intervention" as "[t]he legal procedure by which ...
23 a third party is allowed to become a party to the litigation"). As the
   Court long ago explained, " [w]hen the term [to intervene] is used in
24 reference to legal proceedings, it covers the right of one to interpose in,
   *or become a party to,* a proceeding already instituted." *Rocca v.*
25 *Thompson*, 223 U.S. 317, 330, 32 S.Ct. 207, 56 L.Ed. 453 (1912)
   (emphasis added). The Court has further indicated that intervention is
26 the requisite method for a nonparty to become a party to a lawsuit. See
   *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629
27 (1988) *(per curiam)* (holding that "when [a] nonparty has an interest that
   is affected by the trial court's judgment ... the better practice is for such a
28 nonparty *to seek intervention* for purposes of appeal" because "only
   parties to a lawsuit, or those that properly become parties, may appeal an

-20-

1    adverse judgment" (internal quotation marks omitted; emphasis added)).
2    The United States, therefore, is a "party" to a privately filed FCA action
     only if it intervenes in accordance with the procedures established by
     federal law.

3    *Id.*, at 932-33. Here, under *U.S. ex rel. Eisenstein*, it is beyond dispute that the

4    USAO has intervened on behalf of the USA in the case at bar and has become "a

5    party to [the] lawsuit."  See also *United States v. State of Oregon*, 657 F.2d 1009,

6    1014 (9th Cir. 1981) ("Intervenors under Fed.R.Civ.P. 24(a)(2), such as the [USA in

7    the case at bar - Dkt 121, p. 2, lines 14-19], **enter the suit with the status of**

8    **original parties** and are fully bound by all future court orders.") (emphasis added).

9    Further, every Circuit who has ruled on the issue has found that an intervenor is a

10   "party," and any contrary decision here would not only be a violation of binding

11   Supreme Court and Ninth Circuit precedent, but also would result in a circuit split.

12   Appendix "A", attached herein, details the Circuit Ruling on this subject and

13   Appendix "B", attached herein, lists approximately 80 (eighty) authorities which

14   conclusively show that intervenors are "parties."

15   **Q. The Judge Knew or Should Have Known That USA Party**
16   **Intervenor Never Filed A Motion To Withdraw And Remains A**
     **Party, Creating The Appearance Of Impropriety**

17   Moreover, the USA has not filed a motion to withdraw after its intervention

18   and remains a party as a matter of law.  Indeed, a motion to withdraw from

19   intervention, which has not occurred in this case, may be denied. See, e.g., *Hudnall v.*

20   *Payne*, No. 6:14CV133, 2015 WL 163917, at *1 (E.D. Tex. Jan. 12, 2015)

21   ("Intervenors' Motion to Withdraw Motions to Intervene (docket no. 130) is

22   **DENIED**." (emphasis in original)).  The USA is not allowed to "game" the system

23   nor is it entitled to be treated different than a party intervenor in any other case.  If it

24   desires to leave this case, it must first file a motion to withdraw which must then be

25   approved by the presiding judge.  Only then would it be allowed to withdraw.

26   **R. The Judge's And USAO's Efforts To Erroneously Claim The USA**
27   **Is Not A Party Creates The Appearance Of Impropriety**

     The Judge's and the Government's efforts to prevent the application of
28
     binding rules to the USA party intervenor underscores the importance of *this* case to

-21-

1  Judge Fitzgerald and First Assistant Fitzgerald; therefore, the "appearance of

2  impropriety" and bias of Judge Fitzgerald's must be presumed. A court must be able

3  to regulate the parties before it. *Galam v. Carmel* (*In re Larry's Apt., L.L.C.*), 249

4  F.3d 832, 838 (9th Cir.2001) ("federal courts must be in control of their own

5  proceedings and of the parties before them").  If the USA is not a party, then the

6  court cannot regulate the actions of the USA who intervened in this case no matter

7  what the misconduct.  Obviously this would lead to absurd results making the

8  designation of non-party status nonsensical. *United States v. State of Oregon* is

9  directly on point where the Ninth Circuit held that:

10  11
> By successfully intervening, a party makes himself vulnerable to complete adjudication by the federal court of the issues in litigation between the intervener and the adverse party.

12  657 F.2d at 1014 (citation and internal quotations omitted). See also *United*

13  *States v. Oregon,* 657 F.2d at 1017 n. 18 (9th Cir.1981) (holding that "[t]he court

14  below gained personal jurisdiction over [the intervenor] when it intervened as of

15  right"); *City of Santa Clara v. Kleppe,* 428 F.Supp. 315, 317 (N.D.Cal.1976)

16  (holding that "[b]y voluntarily intervening in this action under Rule 24, F.R.C.P.,

17  [the intervenor] has submitted to the jurisdiction of this court"). If *this* case is

18  "unique," it is because a lay observer could view Judge Fitzgerald's refuted

19  assertions that the USA is not a party as supporting an inference that he engaged in

20  conduct designed to help his brother and business partner.  The other feature of *this*

21  case which makes it "unique" is the material non-disclosures by Judge Fitzgerald

22  while he is simultaneously ruling on alleged non-disclosures by counterclaim

23  defendants to provide relief to Counterclaim Plaintiffs. This not congruent with the

24  "appearance of impropriety" and is yet another reason requiring recusal.

25  26  27
**S. Canon 3C(1)(D), Section 455(b)(5)(ii), And Advisory Opinion 38-2 Do Not Require The Attorney Appearing To Represent A "Party" But Rather Require Disqualification For Attorney's "Handling" Matters.**

28  Judge Fitzgerald's primary argument against recusal, i.e. "the government is simply not a party to this civil action, in this Court's view", Dkt. 5 at 5, is incorrect

-22-

1  for another more fundamental reason. Neither Canon 3C(1)(d), 28 U.S.C. §

2  455(b)(5)(ii), Advisory Opinion 38-2, nor Advisory Opinion 38-3 require recusal

3  only if the Government is not a "party" to this case. Indeed, in *Preston*, the Ninth

4  Circuit rejected this argument asserting:

> **The Supreme Court has <u>never</u> limited recusal requirements to cases in which the judge's conflict was with <u>the parties named in the suit</u>.**

5
6  923 F.2d at 735 (citing *Liljeberg*, 486 U.S. 847 (emphasis added)). The Ninth

7  Circuit's holding in *Preston*, is in line with the fact that neither Canon 3C(1)(d),

8  U.S.C. § 455(b)(5)(ii), nor Advisory Opinion 38-2, hold that disqualification is

9  limited to parties:

10
> Canon 3C(1)(d), Code of Conduct for United States Judges:
>
> C. Disqualification.
> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
>           *           *           *
>
> (d) the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:
>
>           *           *           *
>
> (ii) ***acting as a lawyer in the proceeding***[.]

11
12
13
14
15
16  Canon 3C(1)(d) (emphasis added). Likewise, 28 U.S.C. § 455(b)(5)(ii)

17  similarly states that a Judge "shall also disqualify himself . . . [if] a person within the

18  third degree of relationship to [him] . . . ***[i]s acting as a lawyer in the proceeding*.**"

19  28 U.S.C. § 455(b)(5)(ii)  (emphasis added). *Advisory Opinion*, No. 38-2[1], identifies

20  most frequent circumstances in which recusal is required:

21
> 2. **Acting as a supervisor.** Recusal is also necessary if the relative has supervisory responsibility over the attorney ***handling a case*** before the judge, even if the relative is not personally involved and has no knowledge of the case. Such a circumstance falls within Canon 3C(1)'s "catch-all" provision requiring disqualification in a proceeding "in which the judge's impartiality might reasonably be questioned." Disqualification under this catch-all provision is subject to remittal under Canon 3D.

22
23
24
25  The language of Canon 3C(1)(d), 28 U.S.C. § 455(b)(5)(ii), Advisory Opinion

26  38-2, and Advisory Opinion 38-3 is as broad as possible stating that the relative

27
28
---
[1] *Advisory Opinion*, No. 38-2, *available at* http://www.uscourts.gov/file/1903/download

1  merely has to be "acting as a lawyer in the proceeding," without mention of the

2  lawyer representing a party, and does not limit itself to parties.

3        Indeed, "[t]he task of resolving the dispute over the meaning of [a statute]

4  begins where all such inquiries must begin: with the language of the statute itself."

5  *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). "[W]here . . .

6  the statute's language is plain, the sole function of the courts is to enforce it according

7  to its terms." *Id*. Here, the language of Canon 3C(1)(d), 28 U.S.C. § 455(b)(5)(ii), and

8  Advisory Opinion 38-2 plainly indicate that recusal is warned if the relative is "acting

9  as a lawyer in the proceeding," without any qualifications, including the one

10  suggested by the Court that the attorney represent a *party*. In the case at bar, the

11  Government *is* an "*interested*" party in this litigation, which is confirmed by the fact

12  that it intervened in this matter, Dkt. 121, has not withdrawn from this matter, and

13  three days after First Assistant Fitzgerald was appointed, AUSA Williams "was

14  assigned to the case," in place of AUSA Kirman, see Dkt. 190. Indeed, the fact that

15  Canon 3C(1)(d) and section 455(b)(5)(ii) effectively use the passive voice, i.e.,

16  failing identify for whom the lawyer is "acting," party, intervenor, amicus curiae,

17  *etc*., indicates that Congress did not intend for these sections to be limited to cases in

18  which the lawyer is "acting" on behalf of a *party* in the proceedings but rather as

19  broad as possible.  *Dean v. United States*, 556 U.S. 568 (2009) is directly on point.

20  There, the Supreme Court opined:

21        Congress's use of the passive voice further indicates that subsection (iii)
       does not require proof of intent. The passive voice focuses on an event
22        that occurs without respect to a specific actor, and therefore without
       respect to any actor's intent or culpability. Cf. *Watson v. United States*,
23        552 U.S. 74, 81, 128 S. Ct. 579, 584, 169 L. Ed. 2d 472, 478 (2007) (use
       of passive voice in statutory phrase "to be used" in 18 U.S.C. §
24        924(d)(1) reflects "agnosticism . . . about who does the using"). It is
       whether something happened--not how or why it happened--that matters.
25
       *Id*. at 572. As such, this Court is required to "decline to 'read words into a
26
   statute that are not there,'" *United States v. Schales*, 546 F.3d 965, 974 (9th Cir.
27
   2008) (quoting *United States v. Watkins*, 278 F.3d 961, 965 (9th Cir. 2002)), and the
28
   Court would be committing a cardinal sin of statutory construction if it were to

-24-

1   import the requirement of a "party" into Canon 3C(1)(d), 28 U.S.C. § 455(b)(5)(ii),

2   and Advisory Opinion 38-2. *United States v. Pocklington*, 792 F.3d 1036, 1041 (9th

3   Cir. 2015) (reading words into a statute that are not there "would require [court] to

4   ignore the provision's plain language—a cardinal sin of statutory interpretation.").

5          Moreover, as Fifth Circuit has noted, "the protection of the integrity and

6   dignity of the judicial process from any hint or appearance of bias is the palladium of

7   our judicial system." *United States v. Columbia Broadcasting System, Inc.*, 497 F.2d

8   107, 109 (5th Cir. 1974). Using the hyper-technical distinction of an intervener

9   versus a party is contrary to the purpose of the recusal statute, and in fact, the Ninth

10  Circuit has instructed that, when a case is close, the balance should tip in favor of

11  recusal. *United States v. Holland*, 519 F.3d 909, 911 (9th Cir. 2008) (quoting *United

12  States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993)). Thus, "[n]o Court should

13  tolerate even the slightest chance that its continued participation in a high profile

14  lawsuit could taint the public's perception of the fairness of the outcome." *Melendres*,

15  2009 U.S. Dist. LEXIS 65069, at *52.  For this reason alone, the Court should

16  decline to conclude that Canon 3C(1)(d), 28 U.S.C. § 455(b)(5)(ii), Advisory Opinion

17  38-2, and Advisory Opinion 38-3 have a party requirement and not as broadly

18  indicated, "acting as a lawyer in the proceeding."

19                              **CONCLUSION**

20         Where the Judge has a close personal relationship with an attorney or party to

21  the proceeding, recusal is appropriate. See Reply to United Opposition, p.3-4.

22  Further, in the case at bar, the Judge's rulings affect the criminal matter in which his

23  twin brother and business partner with whom he shares a single family residence,

24  First Assistant USA Patrick Fitzgerald, has a significant stake supervising $100

25  million in seized fund, the prosecution of Cindy Omidi, and the criminal investigation

26  of the Counterclaim Defendants.  The appearance of impropriety is overwhelming

27  and exacerbated by the material non-disclosures and erroneous factual assertions.

28         Based on the foregoing, it is respectfully requested that recusal be granted.

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

1

2    Dated:  February 5, 2016                    Respectfully submitted,

3

4                                                /s/ Robert J. Rice_____

5                                                Robert J. Rice, Esq.
                                                 LAW OFFICES OF ROBERT J. RICE
6                                                rjriceesq5@gmail.com
                                                 6380 Wilshire Boulevard, Suite 820
7                                                Los Angeles, California 90048
8                                                Telephone (323) 297-3700

9                                                Attorney for Respondent,
10                                               JULIAN OMIDI

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OPPOSITION AND OBJECTION

# APPENDIX "A"

## APPENDIX A – Circuit Rulings

For example, District of Columbia Circuit ruled in *D.C. v. Merit Sys. Prot. Bd.*, 762 F.2d 129 (D.C. Cir. 1985):

> Intervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted. *See, e.g., United States v. Oregon,* 657 F.2d 1009, 1014 (8th Cir.1981); *Marcaida v. Briscoe,* 569 F.2d 828, 831 (5th Cir.1978); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1920 (1972 & Supp.1984); 3B *Moore's Federal Practice* ¶ 24.16[6] (2d ed. 1985). By successfully intervening, a party makes herself "vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." 3B *Moore's Federal Practice* § 24.16[6], at 181; *cf. Wheeler v. American Home Prods. Corp.,* 582 F.2d 891, 896 (5th Cir.1977).

*Id.*, at 132.

Similarly, the Tenth Circuit ruled in *Alvarado v. J.C. Penney Co.*, 997 F.2d 803 (10th Cir. 1993):

> We agree that "[w]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party." *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C.Cir.1985); *see also Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986).

*Id.*, at 805.

Likewise, the Sixth Circuit rule in *Sierra Club v. Hamilton County Bd. of County Com'rs*, 504 F.3d 634 (6th Cir. 2007):

> [A]s an intervenor . . . a party [is]  able to litigate fully on the merits....

*Id.*, at 643.

In the same way, the Eight Circuit ruled in *W. Union Tel. Co. v. U.S. & Mexican Trust Co.*, 221 F. 545 (8th Cir. 1915):

> [A]fter permission has been granted the intervener is a party to the suit, is entitled to a determination of his

> claims, not by the discretion, but by the judgment, of the court, pursuant to the established principles and rules of equity jurisprudence, and the aggrieved party may correct by review any erroneous orders or rulings of the court.

*Id.*, at 551-52.

By the same token, the Seventh Circuit has followed suit and ruled in *In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456 (7th Cir. 1997), *as amended* (July 17, 1997):

> A nonparty has no right to appeal. *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 587–88, 98 L.Ed.2d 629 (1988) (per curiam). If he wants to have that right, he should intervene in the district court, *id.,* since an intervenor has the rights of a party (*is* a party), including the right to appeal. If the district court denies the motion to intervene, the disappointed movant can appeal that denial.

*Id.*, at 457 (emphasis in original).

Moreover, as noted by the court in *Louisiana Int'l Marine, L.L.C. v. Drilling Rig ATLAS CENTURY*, No. CA C-11-186, 2012 WL 1029934, (S.D. Tex. Mar. 9, 2012) *report and recommendation adopted*, No. CIV.A. C-11-186, 2012 WL 1029703 (S.D. Tex. Mar. 26, 2012), the Fourth, Fifth and Eleventh Circuits have also ruled and Intervenor is a party:

> *Brown v. Demco, Inc.,* 792 F.2d 478, 480–81 (5th Cir.1986) ("Under federal law, an intervenor of right is treated as if he were an original party and has equal standing with the original parties.") (citation and internal quotations omitted); *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir.1978) (per curiam) ("an intervenor is treated as if he were an original party and has equal standing with the original parties") (citing *Ross v. Bernhard,* 396 U.S. 531, 541 n. 15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)); *accord In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1246 (11th Cir.2006) (quoting *Marcaida*); *Montcalm Pub. Corp. v. Commonwealth of Virginia,* 199 F.3d 168, 172 (4th Cir.1999) (citation omitted).

*Id.*, at *8.

The authorities for this proposition are legion. Thus, as a matter of law, it is incontrovertible that the USA is a party to this matter.  As such, the Judge Fitzgerald should be recused, as denoted by his own standard.

# APPENDIX "B"

## APPENDIX B – List of Cases

1. 21A K. Oakes, Fed. Proc., L. Ed. § 51:246 (2015); As stated by *Citizen Potawatomi Nation v. Salazar*, 624 F. Supp. 2d 103, 120 (D.D.C. 2009):

   a. ("A person who intervenes in a suit is considered a party for purposes of preclusion.")

2. 59 Am. Jur. 2d Parties, Status of intervenor as party § 224 (2015)

   a. "By the very definition of 'intervention,' the intervenor is a party to the action. After intervention, the intervenor is as much a party to the action as the original parties and renders itself vulnerable to complete adjudication of the issues in litigation between itself and the adverse party. To make its rights effectual, the intervenor must necessarily have the same power as the original parties, subject to the authority of the court reasonably to control the proceedings in the case."

3. 92 A.L.R.2d 1110 (Originally published in 1963) American Law Reports

   a. In *Allman v Potts* (1962) 140 Mont 312, 371 P2d 11, 92 ALR2d 1104, an action to quiet title to shares of stock, the intervenor, claiming that the stock had been transferred in fraud of creditors, joined the defendants in their cross complaint as "plaintiff in intervention." Subsequently, the defendants disqualified Judge Shea by affidavit, and his successor, Judge McClernan, was in turn disqualified by affidavit filed by the intervenor's attorney. Judge Shea then called in Judge Loucks to assume jurisdiction, but before the trial of the case, the defendants and cross-complainants filed an affidavit against Judge Loucks. The latter ordered the third disqualifying affidavit stricken because the defendants and intervenors were joined in the lawsuit as defendants and cross-complainants, and such parties had previously disqualified two judges. Under pertinent procedural law of the state,

no more than two judges could be disqualified for bias or prejudice in an action or proceeding, at the instance of the plaintiff, and no more than two at the instance of the defendant. The reviewing court, in ruling on the validity of the third disqualifying affidavit, passed on the question of the validity of the second affidavit filed by the intervenor. On this point, the court said that an intervenor is a party to the action, and as a result must necessarily have the same power as the original parties. Being such a party, the court continued, he is entitled to avail himself of the provisions of a statute pertaining to the disqualification of a judge by filing an affidavit. It was held, therefore, that he, as party defendant, had a right to disqualify Judge McClernan, after which no right existed for the defendant to disqualify Judge Loucks, as they were entitled to only two disqualifying affidavits for bias or prejudice. The third disqualifying affidavit was accordingly held invalid, and the order of the district court in striking it out was upheld.

4.  Adolph v. Indiana Gaming Comm'n, No. 1:09-CV-1396-SEB-TAB, 2010 WL 3447554, at *1-2 (S.D. Ind. Aug. 30, 2010)

    a.  The Supreme Court of the United States recently made this point in *United States ex rel. Eisenstein v. City of New York,* ——U.S. ——, 129 S.Ct. 2230, 173 L.Ed.2d 1255 (2009), a federal false claims case. The Court explained:

    b.  *2 A party to litigation is one by or against whom a lawsuit is brought. An individual may also become a party to a lawsuit by intervening in the action.... The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit.... The United States, therefore, is a "party" to a privately

filed FCA action only if it intervenes in accordance with the procedures established by federal law.

c.  We likewise reject petitioner's related claim that the United States' party status for purposes of Rule 4(a)(1)(B) is controlled by the statutory requirement that an FCA action be "brought in the name of the Government." A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action.

5.  Allen v. F.D.I.C., 710 F.3d 978, 981-82 (9th Cir. 2013)

a.  *See generally Buczkowski,* 415 F.3d at 596 ("The FDIC may be a bank's receiver or insurer or regulator (its three statutory capacities) but is not a 'party' to anything in particular in any of these capacities. It becomes a 'party' only in court.").

b.  We emphasize that a substitution motion, however styled, is distinct from the *982 FDIC's motion to intervene in this case. Often, the FDIC, having been appointed receiver for a failed bank embroiled in litigation, will move to "intervene" in an action in place of the bank. The cases sometimes use the terms substitution and intervention interchangeably, although the terms are not co-extensive. *See, e.g., Diaz,* 975 F.2d at 1147 (holding, in case addressing FDIC's right to remove following appointment as receiver, that subpart (2)(B) "makes it clear that the time period begins to run from the date the FDIC '*is substituted as a party* ' (*i.e., intervenes* )") (emphasis added); *see also FDIC v. Loyd,* 955 F.2d 316, 327 (5th Cir.1992) (addressing FDIC's removal under 28 U.S.C. § 1446 and holding that "the FDIC did not become a 'defendant' for the purpose of starting the thirty-day removal clock of § 1446(b) until it filed its *motion to intervene* " in place of failed bank taken into receivership) (emphasis added).

6. <u>Allman v. Potts</u>, 140 Mont. 312, 315, 371 P.2d 11, 12-13 (1962)

    a. In discussing the status of an intervener, this court in State Bank of New Salem v. Schultze, 63 Mont. 410, 209 P. 599, stated: 'While it is true that an intervener must accept the action pending as he finds it at the time of intervention [citing cases], yet thereafter *his rights are as broad as those of the other parties to the action*.' Emphasis supplied. This view was affirmed in State ex rel. Westlake v. District Court, 118 Mont. 414, 167 P.2d 588, 163 A.L.R. 911.

    b. Intervention is defined in 67 C.J.S. Parties § 53, p. 974, as '* * * the admission, by leave of the court, of a person not an original party to pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings.' See also **13** American Bowling Supply Co. v. Al Martin, Inc. (D.C.Kan.), 96 F.Supp. 35; State ex rel. Tomlinson v. Jeffrey, 231 Ind. 101, 107 N.E.2d 1.

    c. In 2 Bancroft's Code Practice and Remedies, Parties, § 781, p. 1147, it is stated: 'An intervener becomes an actor in the case. After intervention he is as much a party to the action as the original parties, and to make his rights effectual he must, subject to the authority of the court reasonably to control the proceedings in the case, necessarily have the same power as the original parties.'

    d. In addition, the former statute on intervention, section 93-2826, R.C.M.1947 (repealed effective January 1, 1962), stated that 'An intervention takes place when a third person is permitted to become a *party* to an action or proceeding between other persons * * *.' Emphasis supplied.

7. <u>Alvarado v. J.C. Penney Co.</u>, 997 F.2d 803, 805 (10th Cir. 1993)

    a. We agree that "[w]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party." *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C.Cir.1985); *see also Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986). The intervenor renders himself "vulnerable to complete adjudication ... of the issues in litigation between the intervener [sic] and the adverse party." *United States v. Oregon,* 657 F.2d 1009, 1014 (9th Cir.1981) (quoting 3B *Moore's Federal Practice* ¶ 24.16[6] ).

8. Am. Airlines, Inc. v. C.A.B., 445 F.2d 891, 897 (2d Cir. 1971)

    a. As said in the ALI Restatement of Judgments, § 79, p. 356 (1942), 'A person who intervenes as a contestant in a proceeding is a party to the judgment whether or not the court originally had jurisdiction over him, provided that before the judgment is finally rendered he appears as a party.' Cf. Rudolph v. City Manager of Cambridge, 341 Mass. 31, 167 N.E.2d 151, 157 (1960).

9. Buczkowski v. F.D.I.C., 415 F.3d 594, 595 (7th Cir. 2005)

    a. The FDIC contends that this 90-day period did not begin until February 5, 2004, when it formally intervened in the state suit. The federal district judge, however, concluded that the 90 days began to run in 2001.

10. Buczkowski v. F.D.I.C., 415 F.3d 594, 596 (7th Cir. 2005)

    a. It becomes a "party" only in court.

11. Cent. Delta Water Agency v. United States, 306 F.3d 938, 946 (9th Cir. 2002)

    a. The second intervenor, the San Joaquin River Group Authority, joined the action as a defendant, and is a party to this appeal.

12. <u>Clark v. Barnard</u>, 108 U.S. 436, 446, 2 S. Ct. 878, 882, 27 L. Ed. 780 (1883)

    a. The state itself is a party to the appeal bond, which recites that the state of Rhode Island was an intervenor and claimant of the fund in court, and that a decree was rendered against it as such.

13. <u>City of Santa Clara v. Kleppe</u>, 428 F.Supp. 315, 317 (N.D.Cal.1976)

    a. "[b]y voluntarily intervening in this action under Rule 24, F.R.C.P., [the intervenor] has submitted to the jurisdiction of this court."

14. <u>Cty. Sec. Agency v. Ohio Dep't of Commerce</u>, 296 F.3d 477, 483 (6th Cir. 2002)

    a. Betzold attempted in his motion to intervene to reserve his right to object to the district court's exercise of personal jurisdiction. This attempt, however, was unsuccessful, because a motion to intervene is fundamentally incompatible with an objection to personal jurisdiction. *United States v. Oregon,* 657 F.2d 1009, 1017 n. 18 (9th Cir.1981) (holding that "[t]he court below gained personal jurisdiction over [the defendant] when it intervened as of right"); *City of Santa Clara v. Kleppe,* 428 F.Supp. 315, 317 (N.D.Cal.1976) (holding that "[b]y voluntarily intervening in this action under Rule 24, F.R.C.P., [the defendant] has submitted to the jurisdiction of this court"). We therefore conclude that Betzold has waived his objections to the district court's exercise of personal jurisdiction over him.

15. <u>Conseco v. Wells Fargo Fin. Leasing, Inc.</u>, 204 F. Supp. 2d 1186, 1192 (S.D. Iowa 2002)

    a. *MCI Telecommunications Corp. v. The Logan Group, Inc.,* 848 F.Supp. 86, 88–89 (N.D.Tex.1994), held that "an intervening plaintiff within the terms of section 1367(b) is a party who voluntarily chooses

to intervene in an ongoing federal action to assert its own affirmative claims."

16. <u>Cook Cty. v. MidCon Corp.</u>, 574 F. Supp. 902, 913-14 (N.D. Ill. 1983) <u>aff'd,</u> 773 F.2d 892 (7th Cir. 1985)

    a. When they intervened in the reorganization litigation, Chicago and Cook County became parties to whom principles of collateral estoppel apply. *See Deaktor v. Henner,* 517 F.Supp. 26, 27 (N.D.Ill.1980); 18 Wright, Miller & Cooper, *Federal Practice \*914 and Procedure:*Jurisdiction § 4449, p. 412 (1981). Even after voluntarily dismissing their counterclaims, the City and County elected to remain parties to the state proceeding in their capacity as intervening defendants. They argue, however, that, although they remained in the suit as party defendants, the voluntary dismissal of their counterclaims greatly limited for them the preclusive effect of Judge Schaller's determinations. In particular, the City and County contend that the only issue actually litigated by them was whether the Illinois Commerce Commission could lawfully exercise jurisdiction over the Peoples Energy reorganization. They point out that the state court, in deciding this particular question, found merely that the Commerce Commission had no basis for asserting jurisdiction over the reorganization; it was accomplished by a transferring between Peoples Energy and MidCon the stock of companies that are nonutilities, and did not involve the regulated utilities, Peoples Gas and North Shore. In particular, the City and County emphatically protest defendants' contention that an estoppel exists with respect to findings by the state court concerning the effect of the reorganization on the public interest;

those issues, according to plaintiffs, were contested only because they were raised in the counterclaims of the other intervening defendants.

b. Defendants, on the other hand, point out that plaintiffs, if they wished, could have avoided collateral estoppel by withdrawing from the state suit entirely. Each of the plaintiffs in this federal case, however, despite withdrawing its counterclaim in the state proceedings, elected to remain, as Judge Schaller noted, "a party defendant with all the rights of a party". Moreover, as the judge further observed, each "participated fully in the trial on the merits." Defendants further emphasize the denial by Judge Schaller of the motion of the City and County for an order *in limine* which would have excluded from the state proceedings all evidence pertaining to public interest issues, including evidence concerning the impact of the reorganization and related transactions on the public interest. They argue that the trial for a permanent injunction, therefore, squarely placed in issue the propriety and legality of the reorganization and related transactions; Chicago and Cook County, consequently, according to defendants, should be estopped by Judge Schaller's findings from making certain crucial allegations in these cases.

17. <u>County of Cook v. Midcon Corp.</u>, 574 F.Supp. 902, 913–14 (M.D.Ill.1983), *aff'd*, 773 F.2d 892 (7th Cir.1985).

a. An intervenor is a party to a suit and is bound by a judgment to the same extent as original plaintiffs and defendants.

18. <u>D.C. v. Merit Sys. Prot. Bd.</u>, 762 F.2d 129 (D.C. Cir. 1985)

a. Intervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted. *See, e.g., United States v. Oregon,* 657

F.2d 1009, 1014 (8th Cir.1981); *Marcaida v. Briscoe,* 569 F.2d 828, 831 (5th Cir.1978); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1920 (1972 & Supp.1984); 3B *Moore's Federal Practice* ¶ 24.16[6] (2d ed. 1985). By successfully intervening, a party makes herself "vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." 3B *Moore's Federal Practice* § 24.16[6], at 181; *cf. Wheeler v. American Home Prods. Corp.,* 582 F.2d 891, 896 (5th Cir.1977).

19. <u>DePinto v. Provident Sec. Life Ins. Co.</u>, 323 F.2d 826, 831-32 (9th Cir. 1963)

   a. (intervention of party plaintiff that shared interests with the original plaintiff related back for statute of limitations purposes).

20. <u>Deaktor v. Henner</u>, 517 F.Supp. 26, 27 (N.D.Ill.1980)

   a. (finding that plaintiff was party to administrative litigation where plaintiff was granted leave to intervene in that case).

21. <u>Diamond v. Charles</u>, 476 U.S. 54, 68 (1986)

   a. "intervenors are considered parties"

22. <u>D. Herr, R. Haydock & J. Stempel, Fundamentals of Litigation Practice</u> § 7:8 (2014 ed.)

   a. ("Following intervention, the intervenor is a party to the action for all purposes.")

23. <u>D.C. v. Merit Sys. Prot. Bd.</u>, 762 F.2d 129, 132 (D.C. Cir. 1985)

   a. Lendt sought intervention in this case under Rule 24 of the Federal Rules of Civil Procedure which provides intervention of right for any interested person "so situated that the disposition of the action may, as a practical matter, impair or impede [her] ability to protect [her interest in the underlying dispute] unless the applicant's interest is

adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). Intervenors under Rule 24(a)(2) assume the status of full participants in a lawsuit and are normally treated as if they were original parties once intervention is granted. *See, e.g., United States v. Oregon,* 657 F.2d 1009, 1014 (8th Cir.1981); *Marcaida v. Briscoe,* 569 F.2d 828, 831 (5th Cir.1978); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1920 (1972 & Supp.1984); 3B *Moore's Federal Practice* ¶ 24.16[6] (2d ed. 1985). By successfully intervening, a party makes herself "vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." 3B *Moore's Federal Practice* § 24.16[6], at 181; *cf. Wheeler v. American Home Prods. Corp.,* 582 F.2d 891, 896 (5th Cir.1977).

24.   <u>Dumas v. Gagner</u>, 137 Wash. 2d 268, 295, 971 P.2d 17, 31 (1999)

    a.   "It is generally said that an intervenor is treated as an original party." 3A Lewis H. Orland & Karl B. Tegland, *Washington Practice: Rules Practice* 612 (4th ed.1992).

25.   <u>Farmers' Loan & Trust Co. v. McClure</u>, 78 F. 211, 212 (8th Cir. 1897)

    a.   The fact that a mortgagor, who is a party to a record in a suit to foreclose his mortgage, is interested in every order or decree in such a suit which gives the claim of an intervener a priority over the mortgage, or a right to priority of payment out of the proceeds of the sale of the mortgaged property, seems obvious, because such an order or decree necessarily increases by the amount so paid the deficiency for which the mortgagor will remain personally liable after the sale of the property.

26.   <u>Flagler Inv. Marietta, LLC v. Multibank 2009-1 CRE Venture, LLC</u>, No. 15-11774, 2015 WL 8105478, at *2-3 (11th Cir. Dec. 8, 2015)

a. In *Village of Oakwood,* the FDIC, as receiver for a bank that had been
   placed in federal receivership, moved to intervene in a state court
   action because it had purchased the assets and deposits of the bank
   that was being sued. Before the state court ruled on its motion,
   however, the FDIC removed the case, and the plaintiffs filed a motion
   to remand. The district court denied the motion to remand, and
   granted summary judgment in favor of FDIC.

b. *3 The Sixth Circuit reversed, holding that the district court did not
   have jurisdiction because "intervention requires an existing claim
   within the court's jurisdiction" and "the FDIC's intervention cannot
   create jurisdiction where none existed." *Id.* at 368. Because the FDIC
   was not being substituted for a failed bank—and, therefore, was not a
   party in the state action until its motion to intervene was granted—the
   district court was without jurisdiction at the time of removal. *See id.*

c. In *Allen v. FDIC,* 710 F.3d 978, 980 (9th Cir.2013), the FDIC was the
   supervising bank for the financial institution sued in the state action.
   The FDIC moved to intervene, but prior to its motion being granted,
   the FDIC removed the case to federal court. The district court granted
   the plaintiffs' motion to remand, explaining that "the FDIC could not
   remove the case because it was not a party to the state court action."
   The Ninth Circuit affirmed, "conclud[ing] that § 1819(b)(2)(B)
   authorizes removal by the FDIC after it has obtained party status.
   Simply filing a motion to intervene does not open the removal
   window." *Id.* at 982.

d. As the Ninth Circuit explained, § 1819(b)(2)(B) allows the FDIC to
   remove cases to district court where it has been *substituted* as a party.
   *Allen,* 710 F.3d at 981. "As drafted, 12 U.S.C. § 1819(b)(2)(B) does

not authorize removal by the FDIC where it is not a party to the state court action and its role in the litigation is limited to a prospective, would-be intervenor." *Id.* at 985.

As in *Allen* and *Village of Oakwood,* the FDIC in this case was not a party to the state court action because it was not substituting for a failed bank. As a result it could not have sought removal until it became a party—i.e., until its motion to intervene was granted. The motion to intervene was granted on November 10, 2014, and the FDIC removed the action on December 10, 2014, well within the statutory 90–day removal period under 12 U.S.C. § 1819(b)(2)(B). The district court therefore erred in remanding the action to state court.

### III

We reverse the district court's remand order, and remand for further proceedings.

**REVERSED AND REMANDED.**

27. <u>Frere v. Lee</u>, 2000 WL 64297, at *1 (E.D. La. 2000)

   a. (recognizing that an intervenor "may litigate fully as if he had been an original party" and that as such, he may assert "compulsory and permissive counterclaims, additional claims, cross-claims, and third party claims") (internal citations omitted)

28. <u>Fort Sill Apache Tribe of Oklahoma v. United States</u>, No. CIV-08-0541-F, 2008 WL 2891654, at *1 n.1 (W.D. Okla. July 23, 2008)

   a. An intervenor who has completed the process of entering the litigation is a party to the action; a proposed intervenor is not.

29. <u>Hallco Mfg. Co. v. Quaeck</u>, 161 F.R.D. 98, 102 (D. Or. 1995)

    a. An intervening plaintiff for purposes of subsection (b) is "a party who voluntarily chooses to intervene in an ongoing federal action to assert its own affirmative claims. By contrast, non-plaintiff intervenors ... are those who must intervene to defend or protect interests put in issue by the federal action and likely to be lost without the party's intervention." *MCI Telecommunications Corp. v. Logan Group, Inc.,* 848 F.Supp. 86, 88–89 (N.D.Tex.1994).

30. <u>Hartley Pen Co. v. Lindy Pen Co.</u>, 16 F.R.D. 141, 153 (S.D.Cal. 1954).

    a. An intervenor "must take the main suit as he finds it ... and must join subject to the proceedings that have occurred prior to his intervention; he cannot unring the bell."

31. <u>Hartley Pen Co. v. Lindy Pen Co</u>. 16 F.R.D. 141, 153 (S.D.Cal.1954)

    a. once a court grants intervention as of right, "the intervener becomes a 'party', [sic] within the meaning of the Rules, 'entitled to litigate fully on the merits.' "

32. <u>Hattman v. Darnton</u>, 201 W. Va. 371, 373, 497 S.E.2d 348, 350 (1997)

    a. It is generally recognized that by the very definition of intervention, an intervenor is a party to an action, and to make his rights effectual, he must necessarily have the same power as the original parties. See, 59 Am.Jur.2d *Parties* § 170.

33. <u>Heaton v. Monogram Credit Card Bank of Georgia</u>, 297 F.3d 416, 426 (5th Cir. 2002)

    a. Because the FDIC is entitled to intervene in this case, it is a party for the purposes of § 1819(b)(2)(A), which conferred instant subject matter jurisdiction over the case.

34. <u>In re Brand Name Prescription Drugs Antitrust Litig.</u>, 115 F.3d 456, 457 (7th Cir. 1997), <u>as amended</u> (July 17, 1997)

a. A nonparty has no right to appeal. *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 587–88, 98 L.Ed.2d 629 (1988) (per curiam). If he wants to have that right, he should intervene in the district court, *id.,* since an intervenor has the rights of a party (*is* a party), including the right to appeal.

35. In re Brand Name Prescription Drugs Antitrust Litig., 115 F.3d 456, 457 (7th Cir. 1997), as amended (July 17, 1997)

a. A nonparty has no right to appeal. *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 587–88, 98 L.Ed.2d 629 (1988) (per curiam). If he wants to have that right, he should intervene in the district court, *id.,* since an intervenor has the rights of a party (*is* a party), including the right to appeal. If the district court denies the motion to intervene, the disappointed movant can appeal that denial.

36. Int'l Marine Towing, Inc. v. S. Leasing Partners, Ltd., 722 F.2d 126, 130 (5th Cir. 1983)

a. Therefore, we hold that FMNB had sufficient standing to intervene in the action between IMT and Southern Leasing, and that FMNB is a party to the case.

37. In re Brand Name Prescription Drugs Antitrust Litig., 115 F.3d 456 (7th Cir. 1997)

a. A nonparty has no right to appeal. *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 587–88, 98 L.Ed.2d 629 (1988) (per curiam). If he wants to have that right, he should intervene in the district court, *id.,* since an intervenor has the rights of a party (*is* a party), including the right to appeal. If the district court denies the motion to intervene, the disappointed movant can appeal that denial.

38. <u>In re Expert S. Tulsa, LLC</u>, No. 10-20982, 2014 WL 2993749, at *3 (Bankr. D. Kan. July 2, 2014) <u>aff'd</u>, 534 B.R. 400 (B.A.P. 10th Cir. 2015)

    a. Hawes Trust is the intervenor[37] and is a party-in-interest.

39. <u>In re W.T. Grant Co.</u>, 85 B.R. 243, 247 (Bankr. S.D.N.Y. 1988) (citing *County of Cook v. Midcon Corp.*, 574 F. Supp. 902, 913-14 (M.D. Ill. 1983), aff'd, 773 F.2d 892 (7th Cir. 1985);

    a. "An intervenor is a party to a suit and is bound by a judgment to the same extent as original plaintiffs and defendants."

40. <u>In re Bayshore Ford Trucks Sales, Inc.</u>*,* 471 F.3d 1233, 1246 (11th Cir.2006)

    a. ("Once a court grants intervention ..., the 'intervenor is treated as if [it] were an original party and has equal standing with the original parties.' " (quoting *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5thCir.1978)) (per curiam)).

41. <u>In re Bayshore Ford Trucks Sales, Inc.</u>, 471 F.3d 1233, 1246 (11th Cir. 2006)

    a. Once a court grants intervention, whether of right or by permission, the "intervenor is treated as if [it] were an original party and has equal standing with the original parties." *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir.1978) (per curiam) (citing 7C Wright, Miller & Kane, *supra,* § 1920, at 488)

42. <u>In re Austin</u>, 102 B.R. 897, 899 n. 2 (Bankr. S.D. Ga. 1989)

    a. Signet is a party in this action by virtue of the court granting Signet's motion to intervene to protect its collateral.

43. <u>Jack Wood Const. Co. v. Ford</u>, 258 Ark. 47, 53-54, 522 S.W.2d 408, 413 (1975)

a. An intervention is a proceeding by which a person, not originally a party to an action, is permitted to and does become a party to the pending proceeding for the protection of some right or interest alleged by him to be affected by the proceeding. Gorham v. Hall, 172 Ark. 744, 290 S.W. 357. The alignment of the parties as plaintiffs and defendants after an intervention depends upon substance rather than form and may be determined by analysis of the proceedings in the case. 59 Am.Jur.2d 616, Parties s 178; *54 Allman v. Potts, 140 Mont. 312, 371 P.2d 11, 92 A.L.R.2d 1104 (1962). See also, Gorham v. Hall, supra; Savage v. Cowen, 33 S.W.2d 433, (Tex.Com.App., 1930).

44. <u>Local No. 93, Int'l Asso. of Firefighters, etc. v. Cleveland</u>, 478 U.S. 501, 528-29 (1986)

a. "an original party, a party that was joined later, or an intervenor."

45. <u>Local 322, Allied Indus. Workers of America, AFL–CIO v. Johnson Controls, Inc., Globe Battery Div.</u>, 921 F.2d 732, 734 (7th Cir.1991)

a. Courts have found litigants intervening on appeal to be "parties" to the litigation who are bound by the outcome.

46. <u>Louisiana Int'l Marine, L.L.C. v. Drilling Rig ATLAS CENTURY</u>, No. CA C-11-186, 2012 WL 1029934, (S.D. Tex. Mar. 9, 2012) *report and recommendation adopted*, No. CIV.A. C-11-186, 2012 WL 1029703 (S.D. Tex. Mar. 26, 2012)

a. *Brown v. Demco, Inc.,* 792 F.2d 478, 480–81 (5th Cir.1986) ("Under federal law, an intervenor of right is treated as if he were an original party and has equal standing with the original parties.") (citation and internal quotations omitted); *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir.1978) (per curiam) ("an intervenor is treated as if he were an original party and has equal standing with the original parties") (citing

*Ross v. Bernhard,* 396 U.S. 531, 541 n. 15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)); *accord In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1246 (11th Cir.2006) (quoting *Marcaida*); *Montcalm Pub. Corp. v. Commonwealth of Virginia,* 199 F.3d 168, 172 (4th Cir.1999) (citation omitted).

47. <u>Louisiana Int'l Marine, L.L.C. v. Drilling Rig ATLAS CENTURY</u>, No. CA C-11-186, 2012 WL 1029934, at *8 (S.D. Tex. Mar. 9, 2012) <u>report and recommendation adopted,</u> No. CIV.A. C-11-186, 2012 WL 1029703 (S.D. Tex. Mar. 26, 2012)

    a. *See Brown v. Demco, Inc.,* 792 F.2d 478, 480–81 (5th Cir.1986) ("Under federal law, an intervenor of right is treated as if he were an original party and has equal standing with the original parties.") (citation and internal quotations omitted); *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir.1978) (per curiam) ("an intervenor is treated as if he were an original party and has equal standing with the original parties") (citing *Ross v. Bernhard,* 396 U.S. 531, 541 n. 15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970)); *accord In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1246 (11th Cir.2006) (quoting *Marcaida* ); *Montcalm Pub. Corp. v. Commonwealth of Virginia,* 199 F.3d 168, 172 (4th Cir.1999) (citation omitted).

48. <u>Lowery v. Cty. of Riley</u>, No. 04-3101-DWB, 2010 WL 1726735, at *2 (D. Kan. Apr. 29, 2010)

    a. FAMI is a party once the motion to intervene is granted.

49. <u>Marcaida v. Rascoe</u>, 569 F.2d 828, 831 (5th Cir. 1978)

    a. an intervenor is treated as if he were an original party and has equal standing with the original parties. Wright & Miller, Federal Practice &

Procedure s 1920, at 611. See Ross v. Bernhard, 396 U.S. 531, 541 n.15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

50. <u>Matter of Emergency Beacon Corp.</u>, 52 B.R. 979, 994 (S.D.N.Y. 1985) <u>aff'd,</u> 790 F.2d 285 (2d Cir. 1986)

    a. Glatzer is correct that an intervenor is a party to the litigation and may be awarded attorney's fees. *United States v. Board of Education of Waterbury Conn.,* 605 F.2d 573, 577 (2d Cir.1979); *Keyes v. School District No. 1,* 439 F.Supp. 393, 400 (D.Colo.1977). H

51. <u>Miccosukee Tribe of Indians of Florida v. United States</u>, No. 04-21448-CIV, 2008 WL 2967654, at *42 (S.D. Fla. July 29, 2008)

    a. The Florida DEP is properly a subject of this injunction because, as an intervenor, DEP is treated as if it were an original party to the litigation. *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.),* 471 F.3d 1233, 1246 (11th Cir.2006) ("Once a court grants intervention, whether of right or by permission, the 'intervenor is treated as if [it] were an original party and has equal standing with the original parties.") (quoting *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir.1978)).

52. <u>N.A.A.C.P. v. A.A. Arms, Inc.</u>, 2003 WL 21242939, at *19 (E.D.N.Y. Apr. 1, 2003)

    a. "As a general rule, a nonparty is not bound by judgments entered in an action in which it did not intervene.");

53. <u>New England Whitewater Ctr., Inc. v. Dep't of Inland Fisheries & Wildlife</u>, 550 A.2d 56, 59 (Me. 1988)

    a. A person who intervenes in a pending action becomes a party to that action and, as a general rule, has the same rights and liabilities as the

original parties. 59 Am.Jur.2d *Parties* § 170, at 667, § 178, at 677–78 (1987); 67A C.J.S. *Parties* § 85, at 841 (1978).

54. <u>N.L.R.B. v. Viola Indus.-Elevator Div., Inc.</u>, 979 F.2d 1384, 1389 (10th Cir. 1992)

    a. The Union was the charging party and is a party in this enforcement proceeding as an intervenor.

55. <u>Northeast Iowa Citizens For Clean Water v. Agriprocessors, Inc.</u>, 489 F. Supp. 2d 881, 892 n.7 (N.D. Iowa 2007)

    a. (an intervenor is generally "entitled to litigate fully on the merits once intervention has been granted");

56. <u>Olle v. Henry & Wright Corp.</u>, 910 F.2d 357, 361 (6th Cir. 1990)

    a. ("H & W2, as an intervenor, became a party for all purposes.")

57. <u>Organized Kake v. United States Dep't of Agric.</u>, 795 F.3d 956, 963 (9th Cir. 2015)

    a. ("[I]ntervenors are considered parties entitled . . . to seek review")

58. <u>Peterson v. Lacabe</u>, No. 10-CV-00059-WDM-MEH, 2010 WL 4220024, at *4 (D. Colo. Oct. 20, 2010) <u>aff'd sub nom.</u> <u>Peterson v. Martinez</u>, 707 F.3d 1197 (10th Cir. 2013)

    a. Accordingly, it is ordered: … 3. John W. Suthers, Attorney General for the State of Colorado, is a party to this action as an intervenor.

59. <u>Petit v. City of Chicago</u>, 766 F. Supp. 607, 611 (N.D. Ill. 1991)

    a. Several of the intervenors' claims were dismissed *with prejudice* and one claim was dismissed *without prejudice.* As parties in *City of Chicago,* the intervenors are precluded by the doctrine of *res judicata. See Local 322 v. Johnson Controls, Inc.,* 921 F.2d 732 (7th Cir.1991); *County of Cook v. Midcon Corp.,* 574 F.Supp. 902, 913–14 (N.D.Ill.1983) (Intervenors are parties). The intervenors' claims that

were previously dismissed *with prejudice* cannot be refiled in this action, and the City's motion to dismiss as to the intervenors is granted.

60. <u>Pirelli Cable Corp. v. N.L.R.B.</u>, 141 F.3d 503, 514 n. 4 (4th Cir. 1998)

    a. The Union is a party to this appeal as an intervenor.

61. <u>P. Coltoff, J.D., J. Kennel & T. Muskus</u>, 38A C.J.S. Gas § 118 (2015)

    a. An intervenor is a party.

62. <u>Rutter Group Cal. Prac. Guide Fed. Civ. Pro. Before Trial</u> Ch. 2D-4 (2015)

    a. 2) [2:2954.2] Substitution vs. intervention: There is a difference between the FDIC's substitution for a failed bank, which is essentially a ministerial matter, and the FDIC's intervention for other purposes. In the latter case, the state court has authority to deny the motion to intervene, and the FDIC may not remove until (and if) it has been granted party status. [*Allen v. FDIC* (9th Cir. 2013) 710 F3d 978, 982—FDIC's motion to intervene to protect interests in third party discovery did not automatically trigger right of removal]

63. <u>Sam's Club, a Div. of Wal-Mart Stores, Inc. v. N.L.R.B.</u>, 173 F.3d 233, 239 n. 4 (4th Cir. 1999)

    a. The Union is a party to this appeal as an Intervenor.

64. <u>Save The Valley, Inc. v. U.S. E.P.A.</u>, 223 F. Supp. 2d 997, 1013 n. 15 (S.D. Ind. 2002)

    a. By the very act of intervening, an intervenor renders itself "vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." *United States v. Oregon,* 657 F.2d 1009, 1014 (9th Cir.1981) (quoting 3B Moore's Federal Practice ¶ 24.16[6] (2d ed.1981)). The intervenor assumes the risk that its position will not prevail and that an order adverse to its

interests will be entered. *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C.Cir.1985) (citing 7A Wright & Miller, Federal Practice & Procedure § 1920, at 611 (1972)).

65. <u>Schlumberger Techs., Inc. v. Tri-Cty. Metro. Transp. Dist. of Oregon (Tri-Met)</u>, 149 Or. App. 316, 321, 942 P.2d 862, 865 (1997)

   a. In *Holm and Holm,* 323 Or. 581, 919 P.2d 1164 (1996), the Supreme Court held that a grandfather who intervened in a child custody dispute was potentially liable under ORS 107.105(5) for the prevailing mother's attorney fees. It emphasized that the grandfather became a "party" to the case. By that reasoning, the grandfather would potentially have been entitled to attorney fees if he had prevailed.

66. <u>Schneider v. Dumbarton Developers, Inc.</u>, 767 F.2d 1007, 1017 (D.C. Cir. 1985)

   a. When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party. *See District of Columbia v. Merit Systems Protection Board,* 762 F.2d 129, 132 (D.C.Cir.1985); *Marcaida v. Rascoe,* 569 F.2d 828, 831 (5th Cir.1978). The intervenor renders itself "vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party." *United States v. Oregon,* 657 F.2d 1009, 1014 (8th Cir.1981) (quoting 3B *Moore's Federal Practice* ¶ 24.16[6] (2d ed. 1981)). It is said to assume the risk that its position will not prevail and that an order adverse to its interests will be entered. *See* 7A C. Wright & A. Miller, *Federal Practice & Procedure* § 1920, at 611 (1972). As we said recently, "the possibility that the plaintiff will be able to obtain relief against the intervenor-

defendant" is part of the "price" paid for intervention. *District of Columbia,* at 132.

67. <u>Sea Hunters, L.P. v. S.S. PORT NICHOLSON</u>, No. 2:08-CV-272-GZS, 2013 WL 5435636, at *6 (D. Me. Sept. 29, 2013)

    a. "Mission Recovery has standing to challenge the court's order appointing Sea Hunters salvor in possession: (i) it is a "party" because I have found it entitled to intervene as of right . . ."

68. <u>Sierra Club v. Hamilton County Bd. of County Com'rs</u>, 504 F.3d 634, 643, 65 Env't. Rep. Cas. (BNA) 1449 (6th Cir. 2007)

    a. "an intervenor is a party to the case, "able to litigate fully on the merits");

69. <u>Smith-Corona Grp., Consumer Products Div. v. United States</u>, 507 F. Supp. 1015, 1017 n. 3(Ct. Int'l Trade 1980)

    a. Plaintiff, SCM, is a party intervenor in both actions.

70. <u>Tostado v. Jackson</u>, No. 10-CV-1162, 2011 WL 2116396, at *2 (E.D. Wis. May 25, 2011)

    a. Next, the court has permitted the State of Wisconsin to intervene in this matter and, therefore, it is a party to the instant case, as well as to the state court criminal action. This factor weighs in favor of the issuance of a stay because there is some danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, thereby circumventing the Fifth Amendment right against self-incrimination. *See Cruz,* 1997 WL 370194, at *3.

71. <u>Trawick v. One 1952 Int'l Pickup, Bearing S. C. License No. H-65411</u>, 225 S.C. 321, 325, (1954)

    a. Intervention as defined in 39 Am.Jur., page 928, Section 55, Parties, 'is the proceeding by which one not originally a party to an action is

permitted, on his own application, to appear therein and join one of the original parties in maintaining the action or defense, or to assert a claim or defense against some or all of the parties to the proceeding as originally instituted.'

72. <u>Tyus v. Schoemehl</u>, 93 F.3d 449, 456-57 (8th Cir. 1996) <u>abrogated by</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)

    a. We conclude that issue preclusion based on virtual representation is appropriate in this case. In reaching this conclusion, we are persuaded by the reasoning of *Petit, supra.* In *Petit,* the city of Chicago, in response to a suit brought by the United States Department of Justice alleging discrimination in hiring and promoting blacks, Hispanics, and women within the Chicago Police Department, developed a new sergeant's exam, consisting of a written test, oral examination, and performance evaluation. *See Petit,* 766 F.Supp. at 609. Many white applicants for sergeant sought to intervene in the continuing suit, alleging that the city manipulated the test scores in favor of minority applicants. Intervention was permitted, and subsequently many of the intervenors' claims were dismissed with prejudice. *Id.* at 610.

    b. Having failed to obtain redress, many of the intervenors, along with additional white police officers, filed the action in *Petit,* raising the same claims previously dismissed. The court held that res judicata barred all claims, including those of plaintiffs who had not intervened in the earlier suit. *Id.* at 612-13.

    c. In applying the virtual representation doctrine, the court relied on several factors. The court first mentioned that the claims *\*457* raised in the two suits were identical, and that the same counsel argued both

cases. More significantly, the court took notice of the tactical maneuvering taking place:

d. The intervenors cannot avoid an express federal court order that dismissed their claims *with prejudice* by adding the non-intervenors and refiling this claim. A finding of privity comports with the policy behind *res judicata.* If the intervenors succeeded originally, all of the white police officers would have benefitted-even the non-intervenors. On the other hand, if the intervenors lost, which they did, the non-intervenors cannot obtain a second determination by bringing this separate action. Such an action would encourage "fence-sitting" and discourage the principles and policies the doctrine of *res judicata* was designed to promote.

e. *Id.* at 613. Given the close alignment of interests between the first suit intervenors and nonintervenors, and the tactical maneuvering taking place, the district court held that the nonintervenors had already taken their bite at the litigative apple.

f. The facts in the present case are similar to those in *Petit.* First, both the Aldermen-*AAVR* suit and the *Miller* suit raise similar claims, and there was an overlap in plaintiffs between the two suits. Further, attorney Miner was plaintiffs' counsel in the *Miller* suit, and he was substituted as counsel in the Aldermen-*AAVR* suit on April 24, 1992, well before the City's summary judgment motion was granted. These factors suggest, at least partly, that a close relationship exists between the prior and present parties. *See id.* at 612.

73. United States v. State of Or., 657 F.2d 1009, 1014 (9th Cir. 1981)

a. An intervenor occupies the status of an original party for purposes of the relation back doctrine.

    b. As a general matter, intervenors enter the suit "with the status of original parties...."

    c. Intervenors under Fed.R.Civ.P. 24(a)(2), such as the Yakima Tribe, enter the suit with the status of original parties and are fully bound by all future court orders. Marcaida v. Rascoe, 569 F.2d 828, 831 (5th Cir. 1978); 7A C. Wright & A. Miller, Federal Practice and Procedure s 1920 (1972); 3B Moore's Federal Practice P 24.16(6), at 24-671 to 24-673 (2d ed. 1981). By successfully intervening, a party "makes himself vulnerable to complete adjudication by the federal court of the issues in litigation between the intervener and the adverse party." Id. at 24-671.

74. <u>United States v. All Right, Title & Interest in Contents of Following Accounts at Morgan Guar. Trust Co. of New York</u>, No. 95 CIV. 10929 HB THK, 1996 WL 695671, at *9 (S.D.N.Y. Dec. 5, 1996) aff'd sub nom. United States v. All Right, Title & Interest in Contents of Following Accounts at Morgan Guar. Trust Co. of New york (1) Account No. 00-650-04-405 (2) Account No. 00-650-04-416 (3) Account No. 00-600-01-187, No. 95 CIV. 10929 HB, 1997 WL 220309 (S.D.N.Y. May 1, 1997)

    a. Intervention, a procedure governed by Rule 24 of the Federal Rules of Civil Procedure, permits any "outsider to a lawsuit with an interest in the lawsuit [[[to] come in as a party though he has not been named as a party by the existing litigants." 7C Charles A. Wright, et al., *Federal Practice and Procedure* § 1901, at 228 (1986). The intervenor's right is similar to that of a claimant in a civil forfeiture proceeding -- to interpose a claim in order to protect his interest in the res.
An intervenor has a right to intervene in pending litigation so long as he (1) claims an interest in the property or transaction that is the

subject matter of the litigation; and (2) is so situated that disposition of the property in his absence would impair his ability to protect that interest. Fed. R. Civ. P. 24(a). Although Rule 24 does not, by its language, bestow the status of "party" on an intervenor, it is well-settled that once a court approves an application for intervention, the intervenor "becomes a full participant in the lawsuit and is treated just as if it were an original party." *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C. Cir. 1985); *accord In re PaineWebber Inc. Ltd. Partnerships Litig.,* 94 F.3d 49, 52 (2d Cir. 1996) (intervenor becomes a party when motion to intervene is granted); *United States v. Oregon,* 657 F.2d 1009, 1014 (9thCir. 1981) (intervenors enter suit with status of original parties and are fully bound by all future court orders); 3B James Wm. Moore, *Moore's Federal Practice* ¶ 24.02, at 24-12 (1996).

75.   <u>U.S. ex rel. Eisenstein v. City of New York, New York</u>, 556 U.S. 928, 932-33, 129 S. Ct. 2230, 2234, 173 L. Ed. 2d 1255 (2009)

   a.   Petitioner nonetheless asserts that the Government is a "party" to the action even when it has not exercised its right *933 to intervene. We disagree. A "party" to litigation is "[o]ne by or against whom a lawsuit is brought." Black's Law Dictionary 1154 (8th ed.2004). An individual may also become a "party" to a lawsuit by intervening in the action. See *id.,* at 840 (defining "intervention" as "[t]he legal procedure by which ... a third party is allowed to become a party to the litigation"). As the Court long ago explained, " [w]hen the term [to intervene] is used in reference to legal proceedings, it covers the right of one to interpose in, *or become a party to,* a proceeding already instituted." *Rocca v. Thompson,* 223 U.S. 317, 330, 32 S.Ct. 207, 56

L.Ed. 453 (1912) (emphasis added). The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit. See *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) *(per curiam)* (holding that "when [a] nonparty has an interest that is affected by the trial court's judgment ... the better practice is for such a nonparty *to seek intervention* for purposes of appeal" because "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment" (internal quotation marks omitted; emphasis added)). The United States, therefore, is a "party" to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.

76. U.S. ex rel. Bilotta v. Novartis Pharm. Corp., 50 F. Supp. 3d 497, 508 (S.D.N.Y. 2014)

   a. At the same time, 'the United States is a "party" to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.' " *New York Soc.,* 2014 WL 3905742, at *8 (quoting *United States ex rel. Eisenstein v. City of New York,* 556 U.S. 928, 933, 129 S.Ct. 2230, 173 L.Ed.2d 1255 (2009)).

77. U.S. ex rel. Eisenstein v. City of New York, New York, 556 U.S. 928 (2009)

   a. Petitioner nonetheless asserts that the Government is a "party" to the action even when it has not exercised its right to intervene. We disagree. A "party" to litigation is "[o]ne by or against whom a lawsuit is brought." Black's Law Dictionary 1154 (8th ed.2004). An individual may also become a "party" to a lawsuit by intervening in the action. See *id.,* at 840 (defining "intervention" as "[t]he legal procedure by which ... a third party is allowed to become a party to

the litigation"). As the Court long ago explained, " [w]hen the term [to intervene] is used in reference to legal proceedings, it covers the right of one to interpose in, *or become a party to,* a proceeding already instituted." *Rocca v. Thompson,* 223 U.S. 317, 330, 32 S.Ct. 207, 56 L.Ed. 453 (1912) (emphasis added). The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit. See *Marino v. Ortiz,* 484 U.S. 301, 304, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) *(per curiam)* (holding that "when [a] nonparty has an interest that is affected by the trial court's judgment ... the better practice is for such a nonparty *to seek intervention* for purposes of appeal" because "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment" (internal quotation marks omitted; emphasis added)). The United States, therefore, is a "party" to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.

78.  Whaley v. State ex rel. Bland, 263 Ala. 191, 194 (1955)

   a.  Thus it is that the claimant in intervention became a party to the suit, and the hearing on its claim was a part of the condemnation proceeding. The nature of an intervention is stated in 39 Am.Jur., Parties, § 55, pp. 928, 929, to be as follows:

   b.  '* * * In legal terminology, 'intervention' is the proceeding by which one not originally a party to an action is permitted, on his own application, to appear therein and join one of the original parties in maintaining the action **190 or defense, or to assert a claim or defense against some or all of the parties to the proceeding as originally instituted. Stated in another way, 'intervention' is the

admission by leave of court of a person not an original party to the pending legal proceeding, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceeding.'

79. <u>Wichita & Affiliated Tribes of Oklahoma v. Hodel</u>, 788 F.2d 765, 773 (D.C. Cir. 1986)

   a. By so intervening, a party "renders itself 'vulnerable to complete adjudication by the federal court of the issues in litigation between the intervenor and the adverse party.' " *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C.Cir.1985) (quoting *State of Oregon,* 657 F.2d at 1014); *see also District of Columbia v. MSPB,* 762 F.2d 129, 132 (D.C.Cir.1985).

80. <u>W. Union Tel. Co. v. U.S. & Mexican Trust Co.</u>, 221 F. 545 (8th Cir. 1915)

   a. [A]fter permission has been granted the intervener is a party to the suit, is entitled to a determination of his claims, not by the discretion, but by the judgment, of the court, pursuant to the established principles and rules of equity jurisprudence, and the aggrieved party may correct by review any erroneous orders or rulings of the court.

81. <u>W. Union Tel. Co. v. U.S. & Mexican Trust Co.</u>, 221 F. 545, 551-52 (8th Cir. 1915)

   a. It is generally discretionary with the court to permit or deny the filing of an intervening petition, and in such cases its order is not *552 appealable. But after permission has been granted the intervener is a party to the suit, is entitled to a determination of his claims, not by the discretion, but by the judgment, of the court, pursuant to the established principles and rules of equity jurisprudence, and the

aggrieved party may correct by review any erroneous orders or rulings of the court.

# APPENDIX "C"

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
GWENDOLYN M. GAMBLE (Cal. Bar No. 143267)
Assistant United States Attorney

    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6684
    Facsimile: (213) 894-7819
    Email: gwen.gamble@usdoj.gov

Attorneys for Respondent

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| DAVID CONRAD,<br><br>          Petitioner,<br><br>       v.<br><br>JACK FOX, WARDEN,<br><br>          Respondent. | No. CV 15-04609 MWF (DTB)<br><br>**NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE** |

TO THE CLERK OF THE COURT AND TO PLAINTIFF:

PLEASE TAKE NOTICE that:

(1)     First Assistant United States Attorney Patrick R. Fitzgerald is recused from any involvement in this case; and

(2)     This case is not (1) a matter that was pending in the Terrorism and Export Crimes Section in the USAO's National Security Division on August 3, 2015; (2) a matter pending in the USAO's National Security Section in the USAO's Criminal Division on or before August 3, 2015, or a matter in which the National Security Section was previously involved; or (3) a matter in which current First Assistant United States Attorney Patrick R. Fitzgerald is or has been personally involved or on which he has personally consulted while employed in the USAO.


Dated:  September 14, 2015                     Respectfully submitted,

                                              EILEEN M. DECKER
                                              United States Attorney
                                              LEON W. WEIDMAN
                                              Assistant United States Attorney
                                              Chief, Civil Division

                                                  /s/ Gwendolyn M. Gamble
                                              GWENDOLYN M. GAMBLE
                                              Assistant United States Attorney
                                              Attorneys for Respondent

1

## PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On September 14, 2015, I served **NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE** each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: September 14, 2015. Place of mailing: <u>LOS ANGELES, CALIFORNIA.</u>  **Person(s) and/or Entity(ies) to Whom mailed:**

> David Conrad, Reg. No. 18317-424
> United States Penitentiary Lompoc
> 3901 Klein Blvd.
> Lompoc, CA 93436

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: September 14, 2015 at Los Angeles, California.

/s/ Olivia Murillo
Olivia Murillo

**2:15-cv-04609-MWF-DTB** David Conrad v. Jack Fox
Michael W. Fitzgerald, presiding
David T. Bristow, referral
**Date filed:** 06/17/2015
**Date terminated:** 11/30/2015
**Date of last filing:** 11/30/2015


# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed:*      06/17/2015<br>*Entered:*   06/18/2015 | Petition for Writ of Habeas Corpus (2241) |
| | *Docket Text:* PETITION for Writ of Habeas Corpus by a Person In Federal Custody (28:2241). [Emergency expedited review requested]. Case assigned to Judge Michael W. Fitzgerald and referred to Magistrate Judge David T. Bristow. (Filing fee $ 5 FEE DUE.), filed by Petitioner David Conrad. (et) | |
| 2 | *Filed:*        06/17/2015<br>*Entered:*     06/18/2015<br>*Terminated:* 11/30/2015 | Motion for Temporary Restraining Order |
| | *Docket Text:* [EMERGENCY EXPEDITED REVIEW REQUESTED] MOTION for Temporary Restraining Order and Preliminary Injunction. filed by Petitioner David Conrad. (et) | |
| 3 | *Filed:*      06/17/2015<br>*Entered:*   06/18/2015 | Notice (Other) |
| | *Docket Text:* NOTICE OF FILING FEE PAID. Petitioner has caused a $5.00 money order to be sent to the clerk to cover the filing fee filed by Petitioner David Conrad. (et) | |
| 4 | *Filed:*      06/17/2015<br>*Entered:*   06/18/2015 | Notice of Reference to US Magistrate Judge (CV-84) (Habeas Corpus) - optional html form |
| | *Docket Text:* NOTICE OF REFERENCE to a U.S. Magistrate Judge. Pursuant to General Order 14-03, the within action has been assigned to the calendar of the Honorable District Judge Michael W. Fitzgerald. Pursuant to General Order 05-07, the within action is referred to Magistrate Judge David T. Bristow, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. The Court must be notified within 15 days of any address change. (et) | |
| 5 | *Filed &*<br>*Entered:*   06/29/2015 | Order |
| | *Docket Text:* ORDER TO SHOW CAUSE by Magistrate Judge David T. Bristow. Therefore is ORDERED, that on or before July 24, 2015, petitioner show good cause in writing, if any exists, why this action should not be dismissed withoutprejudice on account of petitioner's failure to exhaust his administrative remedies prior to the filing of the Petition herein. (dc) | |
| 6 | *Filed:*      07/20/2015<br>*Entered:*   07/22/2015 | Letter |
| | *Docket Text:* [DOCUMENT ORDERED STRICKEN PER DOCUMENT NO. 9] Correspondence with Hon. David T. Bristow, filed by Petitioner David Conrad. (iva) Modified on 8/20/2015 (iva). | |

| 7 | Filed: | 07/20/2015 | Response |
| | Entered: | 07/27/2015 | |
| | Docket Text: Show of Cause filed by Petitioner David Conrad to Order, [5]. (iva) | | |
| 8 | Filed & Entered: | 08/03/2015 | Minutes of In Chambers Order/Directive - no proceeding held |
| | Docket Text: MINUTE ORDER IN CHAMBERS by Magistrate Judge David T. Bristow:Prior to ruling on the Order to Show Cause, the Court will afford respondent an opportunity to be heard. Therefore, the Clerk is directed to serve respondent with the documents filed in this action, for the sole purpose of filing a reply to petitioner's Response to the Order to Show Cause. Respondent shall file a Reply within 30 days from the date of this Order.MINUTES (Attachments: # (1) Doc 1, # (2) Doc 2, # (3) Doc 3, # (4) Doc 4, # (5) Doc 5, # (6) Doc 6, # (7) Doc 7) (dc) | | |
| 9 | Filed: | 08/19/2015 | Minutes of In Chambers Order/Directive - no proceeding held |
| | Entered: | 08/20/2015 | |
| | Docket Text: MINUTE ORDER IN CHAMBERS by Magistrate Judge David T. Bristow re: Letter, [6]. The Court hereby STRIKES petitioners Correspondence from the docket. (See document for specifics.) (iva) | | |
| 10 | Filed: | 08/20/2015 | Notice of Document Discrepancies and Order - Rejecting |
| | Entered: | 08/26/2015 | |
| | Docket Text: NOTICE OF DISCREPANCY AND ORDER: by Magistrate Judge David T. Bristow, ORDERING Letter submitted by Petitioner David Conrad received on 08/19/2015 is not to be filed but instead rejected. Denial based on: Local Rule 83-2.11: No letters to the judge. (iva) | | |
| 11 | Filed & Entered: | 09/02/2015 | Reply |
| | Docket Text: REPLY filed by Respondent Jack Fox to Response[7] *TO THE ORDER TO SHOW CAUSE REGARDING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241* (Gamble, Gwendolyn) | | |
| 12 | Filed & Entered: | 09/14/2015 | Notice (Other) |
| | Docket Text: NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Respondent Jack Fox. (Gamble, Gwendolyn) | | |
| 13 | Filed: | 11/30/2015 | Order |
| | Entered: | 12/01/2015 | |
| | Docket Text: ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1] by Judge Michael W. Fitzgerald. (See document for specifics.) (iva) | | |
| 14 | Filed: | 11/30/2015 | Judgment |
| | Entered: | 12/01/2015 | |
| | Docket Text: JUDGMENT by Judge Michael W. Fitzgerald related to: Order[13]. IT IS ADJUDGED that the action is dismissed without prejudice. (MD JS-6, Case Terminated). (iva) | | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/23/2016 18:11:12 | | |
| PACER | maureenjaroscak:2609937:0 | Client |

| Login: | | Code: | |
|---|---|---|---|
| Description: | History/Documents | Search Criteria: | 2:15-cv-04609-MWF-DTB |
| Billable Pages: | 2 | Cost: | 0.20 |

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:15-cv-01508-MRW

Bunmee Romero v. Carolyn W. Colvin
Assigned to: Magistrate Judge Michael R. Wilner
Cause: 42:205 Denial Social Security Benefits

Date Filed: 09/17/2015
Jury Demand: None
Nature of Suit: 864 Social Security: SSID
Tit. XIV
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Bunmee Romero**                    represented by   **Steven G Rosales**
Law Office of Lawrence D Rohlfing
12631 East Imperial Highway Suite C-
115
Santa Fe Springs, CA 90670
562-868-5886
Fax: 562-868-5491
Email: steven.rosales@rohlfinglaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Carolyn W. Colvin**                represented by   **Assistant US Attorney LA-SSA**
*Acting Commissioner of Social Security*            Office of the General Counsel for Social
Security Adm.
San Francisco, CA
Email: SF.OGC.CDCA@ssa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Assistant US Attorney SA-CV**
AUSA - Office of US Attorney
Santa Ana Branch-Civil Div
411 W 4th St
Ste 8000
Santa Ana, CA 92701-4599
714-338-3500
Email: USACAC.SACivil@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marla K Letellier**
SAUSA - Social Security Administration

Office of the General Counsel - Region IX
160 Spear Street Suite 800
San Francisco, CA 94105
415-977-8928
Fax: 415-744-0134
Email: marla.letellier@ssa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2015 | 1 | COMPLAINT with In Forma Pauperis request, filed by Plaintiff Bunmee Romero. (Attachments: # 1 Certification Of Interested Parties, # 2 Civil Cover Sheet) (Attorney Steven G Rosales added to party Bunmee Romero(pty:pla))(Rosales, Steven) (Entered: 09/17/2015) |
| 09/17/2015 | 2 | REQUEST for Leave to Proceed In Forma Pauperis filed by Plaintiff Bunmee Romero. (Rosales, Steven) (Entered: 09/17/2015) |
| 09/17/2015 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Bunmee Romero. (Rosales, Steven) (Entered: 09/17/2015) |
| 09/18/2015 | 4 | NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Michael R. Wilner. (twdb) (Entered: 09/18/2015) |
| 09/18/2015 | 5 | ORDER by Magistrate Judge Michael R. Wilner. GRANTING 2 REQUEST for Leave to Proceed in Forma Pauperis (vm) (Entered: 09/18/2015) |
| 09/18/2015 | 6 | 60 DAY Summons Issued as to defendant Bunmee Romero. re Complaint (Attorney Civil Case Opening) 1 (vm) (Entered: 09/18/2015) |
| 09/18/2015 | 7 | ORDER RE: PROCEDURES IN SOCIAL SECURITY CASE by Magistrate Judge Michael R. Wilner. (See Order for details) (vm) (Entered: 09/18/2015) |
| 10/13/2015 | 8 | PROOF OF SERVICE Executed by Plaintiff Bunmee Romero, upon Defendant Carolyn W. Colvin served on 10/5/2015, answer due 2/2/2016. Service of the Summons and Complaint were executed upon the United States Attorneys Office by delivering a copy to Civil Process Clerk. Executed upon the Attorney Generals Office of the United States by delivering a copy to Attorney General. Executed upon the officer agency or corporation by delivering a copy to Office of General Counsel. Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration attached. Registered or certified mail return receipt attached. Original Summons NOT returned. (Attachments: # 1 Exhibit) (Rosales, Steven) (Entered: 10/13/2015) |
| 10/13/2015 | 9 | CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Plaintiff Bunmee Romero. (Rosales, Steven) (Entered: 10/13/2015) |
| 10/19/2015 | 10 | NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Defendant Carolyn W. Colvin. (Letellier, Marla) (Entered: 10/19/2015) |

| | | |
|---|---|---|
| 11/12/2015 | 11 | CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Carolyn W. Colvin. (Attorney Marla K Letellier added to party Carolyn W. Colvin(pty:dft))(Letellier, Marla) (Entered: 11/12/2015) |
| 11/13/2015 | 12 | NOTICE TO COUNSEL: ALL PARTIES having consented to proceed before a United States Magistrate Judge this case has been reassigned to Magistrate Judge Michael R. Wilner for final disposition. RE: Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final 9 , Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final 11 . (mg) (Entered: 11/13/2015) |
| 01/04/2016 | 13 | ANSWER to Complaint (Attorney Civil Case Opening) 1 *(mj)* filed by Defendant Carolyn W. Colvin.(Letellier, Marla) (Entered: 01/04/2016) |
| 01/04/2016 | 14 | CERTIFIED ADMINISTRATIVE RECORD *OF BUNMEE ROMERO (mj)* filed by Defendant Carolyn W. Colvin. (Attachments: # 1 Certification Page, # 2 Court Transcript Index, # 3 Documents Related to Administrative Process Including Transcript of Oral Hearing, if applicable, # 4 Payment Documents and Decisions, # 5 Jurisdictional Documents and Notices, # 6 Non Disability Related Development, # 7 Disability Related Development, # 8 Medical Records Part 1, # 9 Medical Records Part 2, # 10 Medical Records Part 3, # 11 Medical Records Part 4, # 12 Medical Records Part 5)(Letellier, Marla) (Entered: 01/04/2016) |
| 02/03/2016 | 15 | STIPULATION for Extension of Time to File filed by plaintiff Bunmee Romero. (Attachments: # 1 Proposed Order)(Rosales, Steven) (Entered: 02/03/2016) |
| 02/03/2016 | 16 | ORDER EXTENDING BRIEFING SCHEDULE by Magistrate Judge Michael R. Wilner. The Joint Position Statement of the parties shall now be filed on or before April 25, 2016. (See Order for further details) re Stipulation for Extension 15 (vm) (Entered: 02/03/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/03/2016 16:56:34 | | |
| **PACER Login:** | ka1086:3091743:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:15-cv-01508-MRW End date: 2/3/2016 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)**
**CIVIL DOCKET FOR CASE #: 5:16-cv-00020-MWF-AJW**

Sue Tsang et al v. Carolyn W Colvin
Assigned to: Judge Michael W. Fitzgerald
Referred to: Magistrate Judge Andrew J. Wistrich
Related Case: 5:16-cv-00127-MWF-AJW
Cause: 42:405 Review of HHS Decision (SSID)

Date Filed: 01/05/2016
Date Terminated: 01/07/2016
Jury Demand: Plaintiff
Nature of Suit: 864 Social Security: SSID Tit. XIV
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Sue Tsang**                          represented by   **Sue Tsang**
                                                        PO Box 90385
                                                        San Bernardino, CA 92427
                                                        909-887-8128
                                                        PRO SE

**Plaintiff**

**Aaron Tsang**                        represented by   **Aaron Tsang**
                                                        PO Box 90385
                                                        San Bernardino, CA 92427
                                                        909-887-8128
                                                        PRO SE

V.

**Defendant**

**Carolyn W Colvin**                   represented by   **Cedina M Kim**
*Acting Commissioner of Social Security*                AUSA - Office of US Attorney
                                                        Civil Division - Federal Building
                                                        300 North Los Angeles Street Room 7516
                                                        Los Angeles, CA 90012
                                                        213-894-2446
                                                        Fax: 213-894-7819
                                                        Email: cedina.kim@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Assistant US Attorney LA-CV**
                                                        AUSA - Office of US Attorney
                                                        Civil Division
                                                        300 North Los Angeles Street Suite 7516

Los Angeles, CA 90012
213-894-2879
Email: USACAC.Civil@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Assistant US Attorney LA-SSA**
Office of the General Counsel for Social
Security Adm.
San Francisco, CA
Email: SF.OGC.CDCA@ssa.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2016 | 1 | COMPLAINT for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction filed against Defendant Carolyn W Colvin. Case assigned to Judge Michael W. Fitzgerald and referred to Magistrate Judge Andrew J. Wistrich. (Filing fee $400 DUE, IFP PENDING), filed by Plaintiffs Sue Tsang, Aaron Tsang. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons) (iva) (Entered: 01/05/2016) |
| 01/05/2016 | 2 | NOTICE OF MOTION AND MOTION for Ex Parte Application for Temporary Restraining Order and Preliminary Injunction; Memorandum of Points and Authorities; Declarations of Sue Tsang and Aaron Tsang in Support Thereof; Exhibits filed by Plaintiffs Aaron Tsang, Sue Tsang. (Attachments: # 1 Part 2) (iva) (Entered: 01/05/2016) |
| 01/05/2016 | 3 | EX PARTE Temporary Restraining Order and Order to Show Cause filed by Plaintiffs Aaron Tsang, Sue Tsang. (Attachments: # 1 Proposed Order) (iva) (Entered: 01/05/2016) |
| 01/05/2016 | 4 | NOTICE of Interested Parties filed by Plaintiffs Aaron Tsang, Sue Tsang. (iva) (Entered: 01/05/2016) |
| 01/05/2016 | 5 | REQUEST to Proceed In Forma Pauperis, Declaration in Support filed by Plaintiff Sue Tsang. (iva) (Entered: 01/05/2016) |
| 01/05/2016 | 6 | NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Andrew J. Wistrich. (iva) (Entered: 01/05/2016) |
| 01/06/2016 | 7 | NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by DEFENDANT Carolyn W Colvin. (Kim, Cedina) (Entered: 01/06/2016) |
| 01/06/2016 | 8 | Notice of Appearance or Withdrawal of Counsel: for attorney Cedina M Kim counsel for Defendant Carolyn W Colvin. Adding Cedina M. Kim as counsel of record for Defendant for the reason indicated in the G-123 Notice. Filed by DEFENDANT Carolyn W. Colvin. (Attorney Cedina M Kim added to party Carolyn W Colvin(pty:dft))(Kim, Cedina) (Entered: 01/06/2016) |
| 01/06/2016 | 9 | Preliminary Response and Request for One Week to Conduct Investigation filed by Defendant Carolyn W Colvin re: NOTICE OF MOTION AND MOTION for Temporary Restraining OrderNOTICE OF MOTION AND MOTION for |

| | | |
|---|---|---|
| | | Preliminary Injunction. Motion 2, Complaint - (Social Security), 1 (Attachments: # 1 Proposed Order)(US Attorney LA-SSA, Assistant) (Entered: 01/06/2016) |
| 01/07/2016 | 10 | ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS by Judge Michael W. Fitzgerald that the request to Proceed In Forma Pauperis 5 is hereby DENIED. IT IS RECOMMENDED by Magistrate Judge Andrew J. Wistrich for the following reasons: District Court lacks jurisdiction. Inadequate showing of indigency by plaintiff Aaron Tsang, who did not file an application to proceed in forma pauperis. For the reasons described on the attached sheets, plaintiff Sue Tsang's application to proceed IFP should be denied for lack of subject matter jurisdiction, and this action should be dismissed without leave to amend and without prejudice to Aaron's ability to file a new action on his own behalf and a request to proceed IFP in that action. IT IS FURTHER ORDERED that this case is hereby DISMISSED. (MD JS-6, Case Terminated.) (Attachments: # 1 Part 2) (jp) (Entered: 01/08/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/03/2016 16:44:49 | | |
| **PACER Login:** | ka1086:3091743:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:16-cv-00020-MWF-AJW End date: 2/3/2016 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

(JCx),CLOSED,DISCOVERY

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:15-cv-06393-MWF-JC

Hui Wang v. Jeh Johnson et al
Assigned to: Judge Michael W. Fitzgerald
Referred to: Magistrate Judge Jacqueline Chooljian
Cause: 08:1329 Writ of Mandamus to Adjudicate Visa Petition

Date Filed: 08/21/2015
Date Terminated: 09/28/2015
Jury Demand: None
Nature of Suit: 465 Other Immigration Actions
Jurisdiction: U.S. Government Defendant

## Plaintiff

**Hui Wang**                                    represented by   **Hui Wang**
                                                                2714 Fabueno Drive
                                                                Hacienda Heights, CA 91745
                                                                626-295-7665
                                                                PRO SE

V.

## Defendant

**Jeh Johnson**                                 represented by   **OIL-DCS Trial Attorney**
*Secretary Department of Homeland*                              Office of Immigration Litigation
*Security*                                                      District Court Section
                                                                PO Box 868 Ben Franklin Station
                                                                Washington, DC 20044
                                                                202-305-0598
                                                                Email: oil-dcs.cacd@usdoj.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

## Defendant

**Leon Rodriguez**                              represented by   **OIL-DCS Trial Attorney**
*Director, USCIS*                                               (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

## Defendant

**John Lafferty**                               represented by   **OIL-DCS Trial Attorney**
*Director USCIS Asylum Division*                               (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

## Defendant

**David Radel**
*Director Los Angeles Asylum Office*

represented by **OIL-DCS Trial Attorney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2015 | 1 | COMPLAINT against Defendants Jeh Johnson, John Lafferty, David Radel, Leon Rodriguez.Case assigned to Judge Michael W. Fitzgerald for all further proceedings. Discovery referred to Magistrate Judge Jacqueline Chooljian.(Filing fee $ 400 FEE PAID.), filed by Plaintiff Hui Wang. (et) (Main Document 1 replaced on 11/12/2015) (chs). (Entered: 08/24/2015) |
| 08/21/2015 | 2 | 60 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendants Jeh Johnson, John Lafferty, David Radel, Leon Rodriguez. (et) (Entered: 08/24/2015) |
| 08/21/2015 | 3 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Hui Wang. (et) (Entered: 08/24/2015) |
| 08/21/2015 | 4 | NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and Magistrate Judge Jacqueline Chooljian. (et) (Entered: 08/24/2015) |
| 09/11/2015 | 5 | NOTICE of Recusal of Involvement of First Assistant U.S. Attorney Patrick R. Fitzgerald in This Case filed by Defendants Jeh Johnson, John Lafferty, David Radel, Leon Rodriguez. (Gunter, Elizabeth) (Entered: 09/11/2015) |
| 09/28/2015 | 6 | NOTICE of Voluntary Dismissal filed by Plaintiff Hui Wang that this matter and voluntarily dismiss the lawsuit pursuant to FRCP 41(a). Such dismissal shall be without prejudice, with each side to bear its own costs and fees. (MD JS-6. Case Terminated.) (jp) (Entered: 09/30/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/03/2016 16:53:50 | | |
| **PACER Login:** ka1086:3091743:0 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 2:15-cv-06393-MWF-JC End date: 2/3/2016 |
| **Billable Pages:** 2 | **Cost:** | 0.20 |

## 2:15-cv-07472-MWF-SP Lorraine Russell v. Carolyn W. Colvin
### Michael W. Fitzgerald, presiding
### Sheri Pym, referral
### Date filed: 09/23/2015
### Date of last filing: 12/01/2015

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 09/23/2015 | Complaint (Attorney Civil Case Opening) |
| | *Docket Text:* COMPLAINT Receipt No: 0973-16500240 - Fee: $400, filed by Plaintiff Lorraine Russell. (Attorney Andrew Thomas Koenig added to party Lorraine Russell(pty:pla))(Koenig, Andrew) | | |
| 2 | *Filed & Entered:* | 09/23/2015 | Summons Request |
| | *Docket Text:* Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening)[1] filed by Plaintiff Lorraine Russell. (Koenig, Andrew) | | |
| 3 | *Filed & Entered:* | 09/23/2015 | Civil Cover Sheet (CV-71) |
| | *Docket Text:* CIVIL COVER SHEET filed by Plaintiff Lorraine Russell. (Koenig, Andrew) | | |
| 4 | *Filed & Entered:* | 09/23/2015 | Certificate/Notice of Interested Parties |
| | *Docket Text:* NOTICE of Interested Parties filed by Plaintiff Lorraine Russell, identifying David T. Holzman. (Koenig, Andrew) | | |
| 5 | *Filed & Entered:* | 09/24/2015 | Notice of Reference to US Magistrate Judge (CV-25) - optional html form |
| | *Docket Text:* NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Sheri Pym. (et) | | |
| 6 | *Filed & Entered:* | 09/24/2015 | Summons Issued (Attorney Civil Case Opening) |
| | *Docket Text:* 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening) [1] as to Defendant Carolyn W. Colvin. (et) | | |
| 7 | *Filed:* | 10/05/2015 | Order |
| | *Entered:* | 10/06/2015 | |
| | *Docket Text:* CASE MANAGEMENT ORDER BY MAGISTRATE JUDGE SHERI PYM [SOCIAL SECURITY]: PLEASE READ THIS ORDER CAREFULLY IT DIFFERS IN SOME RESPECTS FROM SIMILAR ORDERS BY OTHER JUDGES: Plaintiff shall electronically file a proof of service showing compliance with this paragraph within twenty-eight (28) days after the filing of the complaint. Defendants time to plead in response to the complaint is extended such that defendant shall have one hundred and twenty (120) days from the date of service of the complaint in which to file a responsive pleading. Defendant shall file and serve on plaintiff a complete copy of the administrative record at the time defendant pleads in response to the complaint (SEE ORDER FOR | | |

FURTHER DETAILS). (kca)

| | | |
|---|---|---|
| **8** | *Filed & Entered:* 10/13/2015 | Service of Summons and Social Security Complaint Returned Executed as to USA (120) |
| | *Docket Text:* PROOF OF SERVICE Executed by Plaintiff Lorraine Russell, upon Defendant Carolyn W. Colvin served on 10/13/2015, answer due 2/10/2016. Service of the Summons and Complaint were executed upon the United States Attorneys Office by delivering a copy to Civil Process Clerk. Executed upon the Attorney Generals Office of the United States by delivering a copy to Attorney General. Executed upon the officer agency or corporation by delivering a copy to Deborah L. Satchel, Acting Regional Chief Counsel - Social Security Administration, Region IX. Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration NOT attached. Registered or certified mail return receipt NOT attached. Original Summons NOT returned. (Koenig, Andrew) | |
| **9** | *Filed & Entered:* 11/09/2015 | Notice (Other) |
| | *Docket Text:* NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Defendant Carolyn W. Colvin. (Wolking, Tova) | |
| **10** | *Filed & Entered:* 11/19/2015 | Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final |
| | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Carolyn W. Colvin. (Attorney Tova D Wolking added to party Carolyn W. Colvin(pty:dft))(Wolking, Tova) | |
| **11** | *Filed & Entered:* 12/01/2015 | Notice of Attorney Appearance or Reassignment for the USA |
| | *Docket Text:* NOTICE OF REASSIGNMENT of Assistant United States Attorney Tina Saladino on behalf of Defendant Carolyn W. Colvin. Assistant United States Attorney Tova D Wolking terminated. (Attorney Tina R Saladino added to party Carolyn W. Colvin(pty:dft))(Saladino, Tina) | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/04/2016 00:00:56 | | |
| **PACER Login:** | maureenjaroscak:2609937:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:15-cv-07472-MWF-SP |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**8:15-cv-01680-FFM** Donna Marie DeCareau v. Commissioner of Social Security
Frederick F. Mumm, presiding
**Date filed:** 10/20/2015
**Date of last filing:** 12/14/2015

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 10/20/2015 | Complaint (Attorney Civil Case Opening) |
| | *Docket Text:* COMPLAINT Receipt No: 0973-16645249 - Fee: $400, filed by Plaintiff Donna Marie DeCareau. (Attorney Jane W Cervantes added to party Donna Marie DeCareau(pty:pla))(Cervantes, Jane) | | |
| 2 | *Filed & Entered:* | 10/20/2015 | Civil Cover Sheet (CV-71) |
| | *Docket Text:* CIVIL COVER SHEET filed by Plaintiff Donna Marie DeCareau. (Cervantes, Jane) | | |
| 3 | *Filed & Entered:* | 10/20/2015 | Summons Request |
| | *Docket Text:* Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening)[1] filed by Plaintiff Donna Marie DeCareau. (Cervantes, Jane) | | |
| 4 | *Filed & Entered:* | 10/20/2015 | Certificate/Notice of Interested Parties |
| | *Docket Text:* Certification and Notice of Interested Parties filed by Plaintiff Donna Marie DeCareau, identifying None. (Cervantes, Jane) | | |
| 5 | *Filed & Entered:* | 10/20/2015 | Summons Issued |
| | *Docket Text:* 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening)[1] as to Defendant Commissioner of Social Security. (lwag) | | |
| 6 | *Filed & Entered:* | 10/20/2015 | Notice of Reference to US Magistrate Judge (CV-25) - optional html form |
| | *Docket Text:* NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Frederick F. Mumm. (lwag) | | |
| 7 | *Filed & Entered:* | 10/29/2015 | Order |
| | *Docket Text:* CASE MANAGEMENT ORDER by Magistrate Judge Frederick F. Mumm: (see attached) (jm) | | |
| 8 | *Filed & Entered:* | 11/16/2015 | Service of Summons and Complaint Returned Executed as to USA |
| | *Docket Text:* PROOF OF SERVICE Executed by Plaintiff Donna Marie DeCareau, upon Defendant Commissioner of Social Security served on 11/13/2015, answer due 1/12/2016. Service of the Summons and Complaint were executed upon the United States Attorneys Office by delivering a copy to Civil Process Clerk. Executed upon the Attorney Generals Office of the United States by | | |

delivering a copy to Attorney General's Office. Executed upon the officer agency or corporation by delivering a copy to Office of the Regional Chief Counsel. Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration NOT attached. Registered or certified mail return receipt NOT attached. Original Summons NOT returned. (Cervantes, Jane)

| 9 | *Filed & Entered:* | 12/02/2015 | Notice (Other) |
|---|---|---|---|
| | *Docket Text:* NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Defendant Commissioner of Social Security. (Kenney, Jennifer) | | |
| 10 | *Filed & Entered:* | 12/07/2015 | Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final |
| | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Commissioner of Social Security. (Attorney Jennifer A Kenney added to party Commissioner of Social Security(pty:dft))(Kenney, Jennifer) | | |
| 11 | *Filed & Entered:* | 12/10/2015 | Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final |
| | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Plaintiff Donna Marie DeCareau. (Cervantes, Jane) | | |
| 12 | *Filed & Entered:* | 12/14/2015 | Notice from Clerk re: Final Consent to Proceed before US Magistrate Judge |
| | *Docket Text:* NOTICE TO COUNSEL: ALL PARTIES having consented to proceed before a United States Magistrate Judge this case has been reassigned to Magistrate Judge Frederick F. Mumm for final disposition. RE: Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final, [10], Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final [11]. (mg) | | |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/04/2016 00:03:42 | | | |
| **PACER Login:** | maureenjaroscak:2609937:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 8:15-cv-01680-FFM |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**5:15-cv-01450-KK** M.P. v. Carolyn W. Colvin

Kenly Kiya Kato, presiding

**Date filed:** 07/21/2015

**Date of last filing:** 01/28/2016

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 07/21/2015 | Complaint (Attorney Civil Case Opening) |
| | *Docket Text:* COMPLAINT with In Forma Pauperis request, filed by Plaintiff M. P., II. (Attorney Monica Perales added to party M. P., II(pty:pla))(Perales, Monica) | | |
| 2 | *Filed & Entered:* | 07/21/2015 | Summons Request |
| | *Docket Text:* Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening)[1] filed by Plaintiff M. P., II. (Perales, Monica) | | |
| 3 | *Filed & Entered:* *Terminated:* | 07/21/2015 07/22/2015 | Motion to Appoint Guardian ad Litem |
| | *Docket Text:* APPLICATION for Appointment of Requita R. Grant as Guardian ad Litem for M.P., II filed by Plaintiff M. P., II. (Perales, Monica) | | |
| 4 | *Filed & Entered:* *Terminated:* | 07/21/2015 07/22/2015 | Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Docket Text:* REQUEST to Proceed In Forma Pauperis, Declaration in Support filed by Plaintiff M. P., II. (Perales, Monica) | | |
| 5 | *Filed & Entered:* | 07/21/2015 | Civil Cover Sheet (CV-71) |
| | *Docket Text:* CIVIL COVER SHEET filed by Plaintiff M. P., II. (Perales, Monica) | | |
| 6 | *Filed & Entered:* | 07/21/2015 | Certificate/Notice of Interested Parties |
| | *Docket Text:* NOTICE of Interested Parties filed by Plaintiff M. P., II, (Perales, Monica) | | |
| 7 | *Filed & Entered:* | 07/22/2015 | Notice of Reference to US Magistrate Judge (CV-25) - optional html form |
| | *Docket Text:* NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Kenly Kiya Kato. (vp) | | |
| 8 | *Filed & Entered:* | 07/22/2015 | Order on Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Docket Text:* ORDER by Magistrate Judge Kenly Kiya Kato: granting [4] REQUEST to Proceed in Forma Pauperis with Declaration in Support (CV-60). (dts) | | |
| 9 | *Filed &* | | Summons Issued |

| | *Entered:* | 07/22/2015 | |
|---|---|---|---|
| | *Docket Text:* 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening)[1] as to Defendant Carolyn W. Colvin. (dts) | | |
| [10] | *Filed & Entered:* | 07/22/2015 | Scheduling Order |
| | *Docket Text:* CASE MANAGEMENT ORDER[Social Security] by Magistrate Judge Kenly Kiya Kato (See Order for details) (dts) | | |
| [11] | *Filed & Entered:* | 07/22/2015 | Order on Motion to Appoint Guardian ad Litem |
| | *Docket Text:* ORDER by Magistrate Judge Kenly Kiya Kato: granting [3] APPLICATION to Appoint Guardian ad Litem. Appointing Requita R. Grant as Guardian ad Litem for M.P., II (dts) | | |
| [12] | *Filed & Entered:* | 08/18/2015 | Service of Summons and Social Security Complaint Returned Executed as to USA (120) |
| | *Docket Text:* PROOF OF SERVICE Executed by Plaintiff M. P., II, upon Defendant Carolyn W. Colvin served on 8/5/2015, answer due 12/3/2015. Service of the Summons and Complaint were executed upon the United States Attorneys Office by delivering a copy to Civil Process Clerk. Executed upon the Attorney Generals Office of the United States by delivering a copy to Attorney General. Executed upon the officer agency or corporation by delivering a copy to Office of General Counsel. Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration attached. Registered or certified mail return receipt attached. Original Summons NOT returned. (Attachments: # (1) Exhibit 1)(Perales, Monica) | | |
| [13] | *Filed & Entered:* | 08/18/2015 | Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final |
| | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Plaintiff M. P., II. (Perales, Monica) | | |
| [14] | *Filed & Entered:* | 08/28/2015 | Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final |
| | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Carolyn W. Colvin. (Attorney Kevin Gregory Gill added to party Carolyn W. Colvin(pty:dft))(Gill, Kevin) | | |
| [15] | *Filed & Entered:* | 08/31/2015 | Notice from Clerk re: Final Consent to Proceed before US Magistrate Judge |
| | *Docket Text:* NOTICE TO COUNSEL: ALL PARTIES having consented to proceed before a United States Magistrate Judge this case has been reassigned to Magistrate Judge Kenly Kiya Kato for final disposition. RE: Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final[14], Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final[13] (rn) | | |
| [16] | *Filed & Entered:* | 09/17/2015 | Notice (Other) |
| | *Docket Text:* NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Defendant Carolyn W. Colvin. (Gill, Kevin) | | |
| [17] | *Filed & Entered:* | 09/18/2015 | Notice of Attorney Appearance or Reassignment for the USA |
| | *Docket Text:* NOTICE OF REASSIGNMENT of Assistant United States Attorney Lynn Harada on | | |

behalf of Defendant Carolyn W. Colvin. Assistant United States Attorney Kevin Gregory Gill terminated. (Attorney Lynn M Harada added to party Carolyn W. Colvin(pty:dft))(Harada, Lynn)

| 18 | *Filed & Entered:* | 12/03/2015 | Notice (Other) |
|----|----|----|----|
| | *Docket Text:* NOTICE TO COURT REGARDING SERVICE OF CERTIFIED ADMINISTRATIVE RECORD filed by Defendant Carolyn W. Colvin. *(mj)* (Harada, Lynn) | | |
| 19 | *Filed & Entered:* | 01/28/2016 | Answer to Complaint |
| | *Docket Text:* ANSWER to Complaint (Attorney Civil Case Opening)[1] *OF MP (mj)* filed by Defendant Carolyn W. Colvin.(Harada, Lynn) | | |
| 20 | *Filed & Entered:* | 01/28/2016 | Administrative Record |
| | *Docket Text:* CERTIFIED ADMINISTRATIVE RECORD *OF MP (mj)* filed by Defendant Carolyn W. Colvin. (Attachments: # (1) Certification Page, # (2) Court Transcript Index, # (3) Documents Related to Administrative Process Including Transcript of Oral Hearing, if applicable, # (4) Payment Documents and Decisions, # (5) Jurisdictional Documents and Notices, # (6) Non Disability Related Development, # (7) Disability Related Development Part 1, # (8) Disability Related Development Part 2, # (9) Medical Records Part 1, # (10) Medical Records Part 2)(Harada, Lynn) | | |

| **PACER Service Center** | | |
|----|----|----|
| **Transaction Receipt** | | |
| 02/04/2016 00:05:57 | | |
| **PACER Login:** | maureenjaroscak:2609937:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 5:15-cv-01450-KK |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

## 5:15-cv-01660-PLA Kenneth L Cameron v. Carolyn W Colvin
Paul L. Abrams, presiding
**Date filed:** 08/18/2015
**Date of last filing:** 12/23/2015

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| [1](#) | *Filed & Entered:* | 08/18/2015 | Complaint (Attorney Civil Case Opening) |
| | **Docket Text:** COMPLAINT Receipt No: 0973-16282904 - Fee: $400, filed by Plaintiff Kenneth L Cameron. (Attachments: # (1) Exhibit A) (Attorney William M Kuntz added to party Kenneth L Cameron(pty:pla))(Kuntz, William) | | |
| [2](#) | *Filed & Entered:* | 08/18/2015 | Summons Request |
| | **Docket Text:** Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening)[1] filed by Plaintiff Kenneth L Cameron. (Kuntz, William) | | |
| [3](#) | *Filed & Entered:* | 08/18/2015 | Certificate/Notice of Interested Parties |
| | **Docket Text:** NOTICE of Interested Parties filed by Plaintiff Kenneth L Cameron, identifying United States of America and Social Security Administration. (Kuntz, William) | | |
| [4](#) | *Filed & Entered:* | 08/18/2015 | Civil Cover Sheet (CV-71) |
| | **Docket Text:** CIVIL COVER SHEET filed by Plaintiff Kenneth L Cameron. (Kuntz, William) | | |
| [5](#) | *Filed & Entered:* | 08/19/2015 | Notice of Reference to US Magistrate Judge (CV-25) - optional html form |
| | **Docket Text:** NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Paul L. Abrams. (dsb) | | |
| [6](#) | *Filed & Entered:* | 08/19/2015 | Summons Issued (Attorney Civil Case Opening) |
| | **Docket Text:** 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening)[1] as to Defendant Carolyn W. Colvin. (dsb) | | |
| [7](#) | *Filed & Entered:* | 08/25/2015 | Order |
| | **Docket Text:** CASE MANAGEMENT ORDER [Social Security] by Magistrate Judge Paul L. Abrams. Plaintiff shall electronically file a proof of service showing compliance with this paragraph within twenty-eight (28) days after the filing of the complaint. Failure to comply with this paragraph may result in dismissal of this case. **See Order for details.** (es) | | |
| [8](#) | *Filed & Entered:* | 09/10/2015 | Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final |
| | **Docket Text:** CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Carolyn W. Colvin. (Attorney Jean M Turk | | |

| | | added to party Carolyn W. Colvin(pty:dft))(Turk, Jean) |
|---|---|---|
| [9] | Filed & Entered: 09/11/2015 | Service of Summons and Social Security Complaint Returned Executed as to USA (120) |
| | | *Docket Text:* PROOF OF SERVICE Executed by Plaintiff Kenneth L Cameron, upon Defendant Carolyn W. Colvin served on 8/28/2015, answer due 12/28/2015. Service of the Summons and Complaint were executed upon the United States Attorneys Office by delivering a copy to Pat Myles, Title Unknown,. Executed upon the Attorney Generals Office of the United States by delivering a copy to Carley Sase, Title Unknown,. Executed upon the officer agency or corporation by delivering a copy to Ronnie Olliver, Title Unknown, on behalf of General Counsel. Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration NOT attached. Registered or certified mail return receipt attached. Original Summons NOT returned. *Case Management Order was also served along with Complaint Documents.* (Attachments: # (1) Certified Mail Return Receipts)(Kuntz, William) |
| [10] | Filed & Entered: 09/11/2015 | Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final |
| | | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Plaintiff Kenneth L Cameron. (Kuntz, William) |
| [11] | Filed & Entered: 09/14/2015 | Notice from Clerk re: Final Consent to Proceed before US Magistrate Judge |
| | | *Docket Text:* NOTICE TO COUNSEL: ALL PARTIES having consented to proceed before a United States Magistrate Judge this case has been reassigned to Magistrate Judge Paul L. Abrams for final disposition. RE: Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final [8], Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final [10]. (mg) |
| [12] | Filed & Entered: 09/17/2015 | Notice (Other) |
| | | *Docket Text:* NOTICE of Recusal of Involvement of First Assistant United States Attorney Patrick R. Fitzgerald in this case filed by Defendant Carolyn W. Colvin. (Turk, Jean) |
| [13] | Filed & Entered: 12/23/2015 | Answer to Complaint |
| | | *Docket Text:* ANSWER to Complaint (Attorney Civil Case Opening)[1] filed by DEFENDANT Carolyn W. Colvin.(Turk, Jean) |
| [14] | Filed & Entered: 12/23/2015 | Administrative Record |
| | | *Docket Text:* CERTIFIED ADMINISTRATIVE RECORD filed by DEFENDANT Carolyn W. Colvin. (Attachments: # (1) Certification Page, # (2) Court Transcript Index, # (3) Documents Related to Administrative Process, # (4) Payment Documents and Decisions, # (5) Jurisdictional Documents and Notices, # (6) Non Disability Related Development, # (7) Disability Related Development, # (8) Medical Records Part 1, # (9) Medical Records Part 2)(Turk, Jean) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| *02/04/2016 00:07:23* | | |
| **PACER Login:** | maureenjaroscak:2609937:0 | **Client Code:** | |
| | | **Search** | 5:15-cv- |

| Description: | History/Documents | Criteria: | 01660-PLA |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.20 |

## 5:15-cv-00055-FFM David Orosco v. Carolyn W Colvin
Frederick F. Mumm, presiding
**Date filed:** 01/09/2015
**Date of last filing:** 10/02/2015

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| [1] | *Filed & Entered:* | 01/09/2015 | Complaint (Attorney Civil Case Opening) |
| | *Docket Text:* COMPLAINT with In Forma Pauperis request, filed by Plaintiff David Orosco. (Attorney Brian C Shapiro added to party David Orosco(pty:pla))(Shapiro, Brian) | | |
| [2] | *Filed & Entered:* | 01/09/2015 | Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Terminated:* | 01/26/2015 | |
| | *Docket Text:* REQUEST to Proceed In Forma Pauperis, Declaration in Support filed by Plaintiff David Orosco. (Shapiro, Brian) | | |
| [3] | *Filed & Entered:* | 01/09/2015 | Civil Cover Sheet (CV-71) |
| | *Docket Text:* CIVIL COVER SHEET filed by Plaintiff David Orosco. (Shapiro, Brian) | | |
| [4] | *Filed & Entered:* | 01/09/2015 | Certificate/Notice of Interested Parties |
| | *Docket Text:* NOTICE of Interested Parties filed by Plaintiff David Orosco, (Shapiro, Brian) | | |
| [5] | *Filed & Entered:* | 01/09/2015 | Summons Request |
| | *Docket Text:* Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening)[1] filed by Plaintiff David Orosco. (Shapiro, Brian) | | |
| [6] | *Filed & Entered:* | 01/12/2015 | Notice of Reference to US Magistrate Judge (CV-25) - optional html form |
| | *Docket Text:* NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Frederick F. Mumm. (iva) | | |
| [7] | *Filed & Entered:* | 01/26/2015 | Order on Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Docket Text:* ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS by Magistrate Judge Frederick F. Mumm: granting [2] Request for Leave to Proceed in Forma. (jm) | | |
| [8] | *Filed & Entered:* | 02/02/2015 | Summons Issued |
| | *Docket Text:* 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening)[1] as to Defendant Carolyn W Colvin. (es) | | |
| [9] | *Filed & Entered:* | 02/02/2015 | Order |

| | | *Docket Text:* CASE MANAGEMENT ORDER by Magistrate Judge Frederick F. Mumm: (see attached) (jm) |
|---|---|---|
| [10](#) | *Filed & Entered:* 02/06/2015 | Summons Issued |
| | | *Docket Text:* 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening)[1] as to Defendant Carolyn W Colvin. (es) |
| [11](#) | *Filed & Entered:* 02/27/2015 | Service of Summons and Social Security Complaint Returned Executed as to USA (120) |
| | | *Docket Text:* PROOF OF SERVICE Executed by Plaintiff David Orosco, upon Defendant Carolyn W Colvin served on 2/18/2015, answer due 6/18/2015. Service of the Summons and Complaint were executed upon the United States Attorneys Office by delivering a copy to Civil Process Clerk. Executed upon the Attorney Generals Office of the United States by delivering a copy to Attorney General. Executed upon the officer agency or corporation by delivering a copy to Office of General Counsel. Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration attached. Registered or certified mail return receipt attached. Original Summons NOT returned. (Attachments: # (1) Exhibit 1)(Shapiro, Brian) |
| [12](#) | *Filed & Entered:* 02/27/2015 | Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final |
| | | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Plaintiff David Orosco. (Shapiro, Brian) |
| [13](#) | *Filed & Entered:* 03/19/2015 | Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final |
| | | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Carolyn W Colvin. (Attorney Jennifer Lee Tarn added to party Carolyn W Colvin(pty:dft))(Tarn, Jennifer) |
| [14](#) | *Filed & Entered:* 03/20/2015 | Notice from Clerk re: Final Consent to Proceed before US Magistrate Judge |
| | | *Docket Text:* NOTICE TO COUNSEL: ALL PARTIES having consented to proceed before a United States Magistrate Judge this case has been reassigned to Magistrate Judge Frederick F. Mumm for final disposition. RE: Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final [12], Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final [13]. (mg) |
| [15](#) | *Filed & Entered:* 06/18/2015 | Notice (Other) |
| | | *Docket Text:* NOTICE to Court Regarding Service of Certified Administrative Record filed by Defendant Carolyn W Colvin. *(mj)* (Tarn, Jennifer) |
| [16](#) | *Filed & Entered:* 08/13/2015 | Answer to Complaint |
| | | *Docket Text:* ANSWER to Complaint (Attorney Civil Case Opening)[1] *(mj)* filed by Defendant Carolyn W Colvin.(Tarn, Jennifer) |
| [17](#) | *Filed & Entered:* 08/13/2015 | Administrative Record |
| | | *Docket Text:* CERTIFIED ADMINISTRATIVE RECORD *OF DAVID OROSCO (mj)* filed by Defendant Carolyn W Colvin. (Attachments: # (1) Certification Page, # (2) Court Transcript Index, # (3) Documents Related to Administrative Process Including Transcript of Oral Hearing, if applicable, # (4) Payment Documents and Decisions, # (5) Jurisdictional Documents and Notices, # |

(6) Non Disability Related Development, # (7) Disability Related Development, # (8) Medical Records Part 1, # (9) Medical Records Part 2)(Tarn, Jennifer)

| 18 | Filed & Entered: | 08/19/2015 | Notice of Attorney Appearance or Reassignment for the USA |
|---|---|---|---|

Docket Text: NOTICE OF REASSIGNMENT of Assistant United States Attorney Patrick Snyder on behalf of Defendant Carolyn W Colvin. Assistant United States Attorney Jennifer Lee Tarn terminated. (Attorney Patrick W Snyder added to party Carolyn W Colvin(pty:dft))(Snyder, Patrick)

| 19 | Filed & Entered: | 09/21/2015 | Notice (Other) |
|---|---|---|---|

Docket Text: NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Defendant Carolyn W Colvin. (Snyder, Patrick)

| 20 | Filed & Entered: | 10/01/2015 | Text Only Notice of Judicial Move to Roybal Federal Building |
|---|---|---|---|

Docket Text: TEXT ONLY ENTRY: NOTICE TO PARTIES by Magistrate Judge Frederick F. Mumm. Effective September 23, 2015, Magistrate Judge Mumm will move from Spring Street Courthouse to the Roybal Federal Building, COURTROOM 580, on the 5th floor, located at 255 East Temple Street, Los Angeles, California 90012. All Court appearances shall be made in Courtroom 580 of the Roybal Federal Building Courthouse, and all mandatory chambers copies shall be hand delivered and placed in the drop box located outside of Room 570. Judge Mumm's Courtroom Deputy Clerk, James Munoz, may be reached at his new phone number (213) 894-1831. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jm) TEXT ONLY ENTRY

| 21 | Filed & Entered: | 10/02/2015 | Joint Stipulation for Social Security Cases |
|---|---|---|---|

Docket Text: JOINT STIPULATION, on behalf of both parties, for Disposition of Claim from Relief From Decision of the Commissioner, filed by Defendant Carolyn W Colvin.(Snyder, Patrick)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/04/2016 00:08:31 | | |
| PACER Login: | maureenjaroscak:2609937:0 | Client Code: |  |
| Description: | History/Documents | Search Criteria: | 5:15-cv-00055-FFM |
| Billable Pages: | 2 | Cost: | 0.20 |

**5:15-cv-00855-SS** Maria L. Guzman v. Carolyn W. Colvin

Suzanne H. Segal, presiding

**Date filed:** 04/30/2015

**Date of last filing:** 01/05/2016

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed & Entered:* 04/30/2015 | Complaint (Attorney Civil Case Opening) |
| | *Docket Text:* COMPLAINT with In Forma Pauperis request, filed by PLAINTIFF MARIA L GUZMAN. (Attorney Michelle J Shvarts added to party MARIA L GUZMAN(pty:pla))(Shvarts, Michelle) | |
| 2 | *Filed & Entered:* 04/30/2015 | Civil Cover Sheet (CV-71) |
| | *Docket Text:* CIVIL COVER SHEET filed by Plaintiff MARIA L GUZMAN. (Shvarts, Michelle) | |
| 3 | *Filed & Entered:* 04/30/2015 | Certificate/Notice of Interested Parties |
| | *Docket Text: certification and* NOTICE of Interested Parties filed by PLAINTIFF MARIA L GUZMAN, (Shvarts, Michelle) | |
| 4 | *Filed & Entered:* 04/30/2015 *Terminated:* 05/04/2015 | Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Docket Text:* REQUEST to Proceed In Forma Pauperis, Declaration in Support filed by PLAINTIFF MARIA L GUZMAN. (Shvarts, Michelle) | |
| 5 | *Filed & Entered:* 04/30/2015 *Terminated:* 05/04/2015 | Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Docket Text:* REQUEST to Proceed In Forma Pauperis, Declaration in Support filed by PLAINTIFF MARIA L GUZMAN. (Shvarts, Michelle) | |
| 6 | *Filed & Entered:* 04/30/2015 *Terminated:* 04/30/2015 | Request for Issuance |
| | *Docket Text:* REQUEST for Issuance of summons filed by PLAINTIFF MARIA L GUZMAN. (Shvarts, Michelle) | |
| 7 | *Filed & Entered:* 05/01/2015 | Notice of Reference to US Magistrate Judge (CV-25) - optional html form |
| | *Docket Text:* NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Suzanne H. Segal. (aco) | |
| 8 | *Filed:* 05/04/2015 *Entered:* 05/06/2015 | Order on Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Docket Text:* ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS by Magistrate Judge | |

Suzanne H. Segal. IT IS ORDERED that the Request to Proceed In Forma Pauperis is hereby GRANTED. (sbou)

| 9 | Filed & Entered: | 05/06/2015 | Summons Issued |
|---|---|---|---|
| | *Docket Text:* 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening)[1] as to Defendant Carolyn W. Colvin. (sbou) | | |

| 10 | Filed & Entered: | 05/06/2015 | Minutes of In Chambers Order/Directive - no proceeding held |
|---|---|---|---|
| | *Docket Text:* ORDER REGARDING FURTHER PROCEEDINGS by Magistrate Judge Suzanne H. Segal. IT IS ORDERED that: Plaintiff shall serve the Summons and Complaint on Defendant in accordance with Rule 4(i) of the Federal Rules of Civil Procedure, and file an appropriate Proof of Service within thirty (30) days of the date of this Order. (See document for further details). (sbou) | | |

| 11 | Filed & Entered: | 05/26/2015 | Service of Summons and Social Security Complaint Returned Executed as to USA (120) |
|---|---|---|---|
| | *Docket Text:* PROOF OF SERVICE Executed by Plaintiff MARIA L GUZMAN, upon Defendant Carolyn W. Colvin served on 5/22/2015, answer due 9/19/2015. Service of the Summons and Complaint were Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration NOT attached. Registered or certified mail return receipt NOT attached. Original Summons NOT returned. (Shvarts, Michelle) | | |

| 12 | Filed & Entered: | 06/02/2015 | Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final |
|---|---|---|---|
| | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by plaintiff MARIA L GUZMAN. (Shvarts, Michelle) | | |

| 13 | Filed & Entered: | 07/13/2015 | Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final |
|---|---|---|---|
| | *Docket Text:* CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Carolyn W. Colvin. (Attorney Jennifer Lee Tarn added to party Carolyn W. Colvin(pty:dft))(Tarn, Jennifer) | | |

| 14 | Filed & Entered: | 07/15/2015 | Notice from Clerk re: Final Consent to Proceed before US Magistrate Judge |
|---|---|---|---|
| | *Docket Text:* NOTICE TO COUNSEL: ALL PARTIES having consented to proceed before a United States Magistrate Judge this case has been reassigned to Magistrate Judge Suzanne H. Segal for final disposition. RE: Consent to Proceed before U S Magistrate Judge (non-AUSA) - Non-Final [12], Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final [13]. (mg) | | |

| 15 | Filed & Entered: | 08/19/2015 | Notice of Attorney Appearance or Reassignment for the USA |
|---|---|---|---|
| | *Docket Text:* NOTICE OF REASSIGNMENT of Assistant United States Attorney Patrick Snyder on behalf of Defendant Carolyn W. Colvin. Assistant United States Attorney Jennifer Lee Tarn terminated. (Attorney Patrick W Snyder added to party Carolyn W. Colvin(pty:dft))(Snyder, Patrick) | | |

| 16 | Filed & Entered: | 09/21/2015 | Answer to Complaint |
|---|---|---|---|
| | *Docket Text:* ANSWER to Complaint (Attorney Civil Case Opening)[1] *(mj)* filed by Defendant Carolyn W. Colvin.(Snyder, Patrick) | | |

| 17 | Filed & | | Administrative Record |

| | | |
|---|---|---|
| | *Entered:* 09/21/2015 | |
| | *Docket Text:* CERTIFIED ADMINISTRATIVE RECORD *OF MARIA L GUZMAN (mj)* filed by Defendant Carolyn W. Colvin. (Attachments: # (1) Certification Page, # (2) Court Transcript Index, # (3) Documents Related to Administrative Process Including Transcript of Oral Hearing, if applicable, # (4) Payment Documents and Decisions, # (5) Jurisdictional Documents and Notices, # (6) Non Disability Related Development, # (7) Disability Related Development, # (8) Medical Records Part 1, # (9) Medical Records Part 2, # (10) Medical Records Part 3)(Snyder, Patrick) | |
| [18] | *Filed & Entered:* 09/21/2015 | Notice (Other) |
| | *Docket Text:* NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Defendant Carolyn W. Colvin. (Snyder, Patrick) | |
| [19] | *Filed & Entered:* 11/05/2015 | Memorandum of Points and Authorities in Support |
| | *Docket Text:* MEMORANDUM of Points and Authorities in Support filed by Plaintiff MARIA L GUZMAN. Re: Complaint (Attorney Civil Case Opening)[1] (Shvarts, Michelle) | |
| [20] | *Filed & Entered:* 12/03/2015 | Stipulation for Extension of Time to File |
| | *Docket Text:* First STIPULATION for Extension of Time to File Respond to Plaintiff's Memorandum filed by Defendant Carolyn W. Colvin. (Attachments: # (1) Proposed Order)(Snyder, Patrick) | |
| [21] | *Filed:* 12/04/2015 *Entered:* 12/07/2015 | Order |
| | *Docket Text:* ORDER EXTENDING BRIEFING SCHEDULE by Magistrate Judge Suzanne H. Segal. IT IS ORDERED that Defendant shall have until January 6, 2016 to provide to respond to Plaintiff's Memorandum in Support of the Complaint, and deadlines in the Court's scheduling order (Dkt. No. 10) shall be adjusted accordingly. re Stipulation for Extension of Time to File[20] (sbou) | |
| [22] | *Filed & Entered:* 12/30/2015 | Stipulation for Extension of Time to File Response/Reply |
| | *Docket Text:* Second STIPULATION for Extension of Time to File Response as to Memorandum of Points and Authorities in Support[19] filed by Defendant Carolyn W. Colvin. (Attachments: # (1) Proposed Order)(Snyder, Patrick) | |
| [23] | *Filed & Entered:* 01/05/2016 | Order |
| | *Docket Text:* ORDER EXTENDING BRIEFING SCHEDULE by Magistrate Judge Suzanne H. Segal, re Second STIPULATION for Extension of Time to File Response as to Memorandum of Points and Authorities in Support, [22]. IT IS ORDERED Defendant shall respond to Plaintiff's Memorandum in Support of the Complaint on or before February 5, 2016. Within 17 days of Defendant's response, Plaintiff may serve her reply portion on the Defendant (on or before February 22, 2016). (mr) | |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 02/04/2016 00:15:02 |

| PACER Login: | maureenjaroscak:2609937:0 | Client Code: | |
|---|---|---|---|
| Description: | History/Documents | Search Criteria: | 5:15-cv-00855-SS |
| Billable Pages: | 3 | Cost: | 0.30 |

**2:15-cv-07104-MWF-E** Tina Maldonado v. Carolyn W. Colvin
Michael W. Fitzgerald, presiding
Charles F. Eick, referral
**Date filed:** 09/09/2015
**Date of last filing:** 01/20/2016

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed & Entered:* 09/09/2015 | Complaint (Attorney Civil Case Opening) |
| | *Docket Text:* COMPLAINT with In Forma Pauperis request, filed by plaintiff Tina Maldonado. (Attorney Michelle J Shvarts added to party Tina Maldonado(pty:bkmov))(Shvarts, Michelle) | |
| 2 | *Filed & Entered:* 09/09/2015 | Civil Cover Sheet (CV-71) |
| | *Docket Text:* CIVIL COVER SHEET filed by Movant Tina Maldonado. (Shvarts, Michelle) | |
| 3 | *Filed & Entered:* 09/09/2015 | Subpoena Request (AO 88) |
| | *Docket Text:* Request for Clerk to Issue Subpoena filed by plaintiff Tina Maldonado. (Shvarts, Michelle) | |
| 4 | *Filed & Entered:* 09/09/2015 | Certificate/Notice of Interested Parties |
| | *Docket Text:* NOTICE of Interested Parties filed by Plaintiff Tina Maldonado, (Shvarts, Michelle) | |
| 5 | *Filed & Entered:* 09/09/2015 *Terminated:* 09/11/2015 | Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
| | *Docket Text:* REQUEST to Proceed In Forma Pauperis, Declaration in Support filed by plaintiff Tina Maldonado. (Shvarts, Michelle) | |
| 6 | *Filed & Entered:* 09/10/2015 | Notice of Reference to US Magistrate Judge (CV-25) - optional html form |
| | *Docket Text:* NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and referred to Magistrate Judge Charles F. Eick. (ghap) | |
| 7 | *Filed & Entered:* 09/10/2015 | Deficiency in Attorney Case Opening - optional html form |
| | *Docket Text:* NOTICE OF DEFICIENCIES in Attorney Case Opening RE: Subpoena Request (AO 88)[3]. The following error(s) was found: Other error(s) with document(s): Incorrect event selected. Correct event to be used is Summons Request. (ghap) | |
| 8 | *Filed & Entered:* 09/11/2015 | Summons Issued |
| | *Docket Text:* 60 DAY Summons Issued re Complaint as to Carolyn W. Colvin. (sp) | |

| 9 | Filed & Entered: | 09/11/2015 | Order on Request to Proceed In Forma Pauperis with Declaration in Support (CV-60) |
|---|---|---|---|
| | Docket Text: ORDER Re Request to Proceed in Forma Pauperis by Magistrate Judge Charles F. Eick. It is Ordered that the Request to Proceed in Forma Pauperis is hereby GRANTED. (sp) | | |
| 10 | Filed & Entered: | 09/11/2015 | Order |
| | Docket Text: ORDER by Magistrate Judge Charles F. Eick. Plaintiff shall promptly serve the Summons and Complaint on defendant, and shall file a proof of such service within 30 days of the date of this Order. Failure to comply with this aspect of this Order may result in the issuance of an Order to Show Cause Re Dismissal for Failure to Prosecute. It is Ordered that defendant's time to plead to the complaint is extended such that defendant's pleading must be filed within 120 days of service of the complaint. Defendant shall file a transcript of the administrative proceedings at the same time that defendant pleads to the complaint. A paper copy of the transcript of the administrative proceedings must be submitted directly to the chambers within 24 hours of the time defendant pleads to the complaint. Because cases of this nature are almost invariably resolved by motion for summary judgment or remand, pre-trial proceedings are ordered waived. Within 30 days of the filing of defendant's answer, the plaintiff shall file a motion for summary judgment or remand. Within 30 days of the filing of plaintiff's motion for summary judgment or remand, defendant shall file a motion for summary judgment or remand. Local Rule 56 is inapplicable to this case. The parties need not comply with the requirements of that Rule. If either party believes that the case cannot be resolved by motion, such party shall so advise the Court and the opposing party in writing. The Court will take the motions under submission without oral argument, unless the Court otherwise orders. (sp) | | |
| 11 | Filed & Entered: | 09/28/2015 | Service of Summons and Social Security Complaint Returned Executed as to USA (120) |
| | Docket Text: PROOF OF SERVICE Executed by Plaintiff Tina Maldonado, upon Defendant Carolyn W. Colvin served on 9/22/2015, answer due 1/20/2016. Service of the Summons and Complaint were Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration NOT attached. Registered or certified mail return receipt NOT attached. Original Summons NOT returned. (Shvarts, Michelle) | | |
| 12 | Filed & Entered: | 10/05/2015 | Notice (Other) |
| | Docket Text: NOTICE OF RECUSAL OF INVOLVEMENT OF FIRST ASSISTANT UNITED STATES ATTORNEY PATRICK R. FITZGERALD IN THIS CASE filed by Defendant Carolyn W. Colvin. (Kenney, Jennifer) | | |
| 13 | Filed & Entered: | 10/05/2015 | Consent to Proceed before U S Magistrate Judge (AUSA filers only) - Non-Final |
| | Docket Text: CONSENT TO PROCEED before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by Defendant Carolyn W. Colvin. (Attorney Jennifer A Kenney added to party Carolyn W. Colvin(pty:dft))(Kenney, Jennifer) | | |
| 14 | Filed & Entered: | 01/20/2016 | Answer to Complaint |
| | Docket Text: ANSWER to Complaint (Attorney Civil Case Opening)[1] *OF TINA MALDONADO (mj)* filed by Defendant Carolyn W. Colvin.(Kenney, Jennifer) | | |
| 15 | Filed & Entered: | 01/20/2016 | Administrative Record |

*Docket Text:* CERTIFIED ADMINISTRATIVE RECORD *OF TINA MALDONADO (mj)* filed by Defendant Carolyn W. Colvin. (Attachments: # (1) Certification Page, # (2) Court Transcript Index, # (3) Documents Related to Administrative Process Including Transcript of Oral Hearing, if applicable, # (4) Payment Documents and Decisions, # (5) Jurisdictional Documents and Notices, # (6) Non Disability Related Development, # (7) Disability Related Development, # (8) Medical Records)(Kenney, Jennifer)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/04/2016 00:19:31 | | |
| **PACER Login:** | maureenjaroscak:2609937:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:15-cv-07104-MWF-E |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

## DECLARATION OF ROBERT RICE RE RECUSAL

I, Robert Rice, declare and say:

1) I am counsel of record for Counterclaim Defendant Julian Omidi in this matter.

2) In fact, according to the FDA and government investigators, the investigation into the Omidis and 1 800 Get Thin started improperly at the behest of insurance companies such as United Healthcare, and had continued at the behest of the insurance companies.  A federal edict was issued, without evidence, charges or a trial, "to shut them [1 800 Get Thin and Omidis] down" using the " 'angle' " (emphasis in original") "the advertising campaign is misleading":

| | |
|---|---|
| From: | John Kades |
| To: | Craig Harvey; Edward Winter |
| Sent: | 12/22/2011 4:10:04 PM |
| Subject: | RE: FDA and LAP Band |

My contact has been with Special Agent Keith Hadley, U.S. Food and Drug Administration, Office of Criminal Investigations, 201 Avenida Fabricante, San Clemente, CA 92672, (949) 940-4229.

According to him, the FDA has been receiving multiple complaints about 1800GETTHIN. Most of the complaints have been from insurance companies, but some from patients. The issue seems to be inappropriate billing, along the lines of being overbilled for something or the other. The FDA's "angle" is that the advertising campaign is misleading, there is some misrepresentation of the device, and that the Lap Band is not being used in accordance with the manufacturers guidelines. Since the Lap Band device is FDA approved, they have the authority to investigate any misuse of the medical item. The company is run by two brothers (their name escapes me) and they would very much like to shut them down.

I offered the FDA our assistance. I invited them to come on our scene visit, but they were not interested. I am keeping him up to date on the Rojeski case and I provided the names and case numbers of the other Lap Band related deaths we have had in the last 12 months.

-Kades

Exhibit "A" - Discovery obtained on October 7, 2015 (Email from John Kades, Captain LA Coroner's Office, to Craig Harvey, Chief Coroner Investigator, and Ed Winter, Assistant Chief Coroner regarding communications with the FDA).  The government's primary law enforcement purpose was *not* to determine whether there was violation of a crime, but instead to "shut them down."

3) In several meetings with the United States Attorney's Office, the USAO

-1-

through AUSA Evan Davis has confirmed the issues in the United Healthcare complaint are essentially the same as its purported healthcare criminal investigation of the Omidis and companies.

4) At court hearings in this United Healthcare case, a representative of the United States Attorney's Office has almost always been present in Judge Fitzgerald's courtroom, and, at a recent hearing, six (6) members of the USAO team were present in the courtroom to include AUSAs Evan Davis and Kristen Williams.

5) Both AUSAs Evan Davis and Kristen William have stated that the copay waiver issue is part of their criminal fraud investigation, and have stated that they believe it to be an "indicia" of fraud under 18 U.S.C. § 1347.

6) On January 20, 2016, AUSA Evan Davis sent the following email to me:

From: **Davis, Evan (USACAC)** <Evan.Davis@usdoj.gov>

Date: Wed, Jan 20, 2016 at 6:05 AM

Subject: Re: Motion for Recusal by Defendant Julian Omidi

To: Robert Rice <rjriceesq5@gmail.com>

Cc: "Woodhead, Consuelo (USACAC)" <consuelo.woodhead@usdoj.gov>, "Williams, Kristen (USACAC) 2" <Kristen.Williams@usdoj.gov>, Ryan Kashfian <ryan@kashfianlaw.com>, "robert@kashfianlaw.com" <robert@kashfianlaw.com>, Daron Tooch <dtooch@health-law.com>, "echan@health-law.com" <echan@health-law.com>

Are you going to remove the exact address from the filing?  And I suggest you meet and confer on this before filing -- as the rules require --because there is a simple response that will show the motion is meritless and shouldn't have been filed.

-2-
COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S MEMORANDUM REGARDING RECUSAL

7) On the afternoon of January 20, 2015, I contacted AUSA Davis to discuss the Recusal Motion. AUSA Davis confirmed the USAO's involvement as a party in the case at bar but stated that First Assistant Fitzgerald had recused himself from this *civil* case in front of Judge Fitzgerald. AUSA Davis refused to confirm if Patrick Fitzgerald had recused himself from the criminal case despite my multiple requests.  On February 1, 2016, counsel emailed the following letter to AUSA Davis.  However, to date AUSA Davis has not responded nor has he produced the documents I requested.

LAW OFFICE ROBERT RICE
6380 Wilshire Blvd Ste 820
Los Angeles, CA 90048
Rjriceesq5@gmail.com

February 1, 2016

**Evan Davis Esq.**

**United States Department of Justice**

**312 North Spring Street**

**Los Angeles, California 90012**

Re:  Almont Ambulatory Surgery Center LLC v. United Health Group Inc.

Dear Mr. Davis:

We have received your letter dated February 1, 2016.

1. On our phone conversation on January 20, 2016 you confirmed that the USAO is a party in this civil case because your supervisor Patrick Fitzgerald had recused himself from this civil case. Please forward all documents which confirm Patrick Fitzgerald's recusal in the pending civil matter.
2. You confirmed in our telephone conversation on January 20, 2016 that Patrick Fitzgerald allegedly recused himself only in the civil case and you refused, despite repeated requests, to confirm recusal in the criminal matter. Please advise if Patrick Fitzgerald has recused himself from the criminal investigation and all documents which confirm such recusal.
3. The issue of being a "party" is a collateral matter which does not invalidate the recusal.

Very truly yours,


s/ Robert Rice

-3-
COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S MEMORANDUM REGARDING RECUSAL

8) I have discovered that First Assistant Fitzgerald **_knows_** his obligation to publicly disclose his conflicts of interest and publicly recuse himself in cases assigned to Judge Fitzgerald, and does publicly recuse himself when a case is before Judge Fitzgerald.  For example, in *David Conrad v. Jack Fox*, Case No. 2:15-cv-04609-MWF-DTB, Dkt 12 First Assistant Fitzgerald recused himself on the record giving "Notice" to the "Court and Plaintiff." *See* Appendix 3. Indeed, in multiple other cases where Judge Fitzgerald presides, First Assistant Fitzgerald always files recusal notices.  See Appendix 3 for the dockets of the following cases:

1. Romero v. Clovin, Case No: 8:15-cv-01508-MRW, Dkt. 10

2. Tsang v. Colvin, Case No: 5:16-cv-00020-MWF-AJW. Dkt 7

3. Wang v. Johnson, Case No: 2:15-cv-06393-MWF-JC, Dkt 5

4. Russel v. Colvin, Case No: 2:15cv07472MWFSP, , Dkt 9

5. DeCareau v. Commissioner of Social Security, Case No: 8:15cv01680FFM, Dkt 9

6. M.P. v. Colvin, Case No: 5:15cv01450KK, Dkt 16

7. Cameron v. Colvin, Case No: 5:15cv01660PLA, Dkt 12

8. Orosco v. Colvin. Case No: 5:15cv00055FFM, Dkt 19

9. Guzman v. Colvin, Case No: 5:15cv00855SS, Dkt 18

10. Maldonado v. Colvin, Case No: 2:15cv07104MWFE, Dkt 12

9) The FBI interference issue was brought to Judge Fitzgerald's attention by Attorney Daron Tooch on August 18, 2015, **_after_** Patrick Fitzgerald became First Assistant United States Attorney. 8-18-2015 Tr. p. 18 line 23 to p. 19 line 4:

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S MEMORANDUM REGARDING RECUSAL

```
              UNITED STATES DISTRICT COURT

             CENTRAL DISTRICT OF CALIFORNIA

                    WESTERN DIVISION

                     -  -  -  -  -

 THE HONORABLE MICHAEL W. FITZGERALD, DISTRICT JUDGE PRESIDING


 ALMONT AMBULATORY SURGERY     )
 CENTER, LLC, ET AL.,          )
                               )
            Plaintiffs,        )
                               )
    vs.                        )      No. 14-CV-02193-MWF
                               )
 UNITED HEALTHCARE GROUP, INC.,)
 ET AL.,                       )
                               )
            Defendants.        )
 _____)




              REPORTER'S TRANSCRIPT OF PROCEEDINGS

                   LOS ANGELES, CALIFORNIA

                   MONDAY, JUNE 5, 2015


                       MOTION HEARING



 _____

               DEBORAH K. GACKLE, CSR, RPR
                 United States Courthouse
              312 North Spring Street, Room 402A
                Los Angeles, California 90012
                     (213) 620-1149

     UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
```

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S
MEMORANDUM REGARDING RECUSAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> 1    to let them approach the patients?  Should I do that now by
>
> 2    forcing you to give their the names?  So those are real issues.
>
> 3    So one thing, as I said, the -- really the only thing that
>
> 4    I've -- that I feel after looking at the briefs is that I
>
> 5    probably lack the legal authority -- and I certainly lack any
>
> 6    desire to exercise my discretion that way -- is to prevent you
>
> 7    from doing this.  What the consequences are of doing it I'm not
>
> 8    saying, I mean -- and it could be -- perhaps it's as grave a
>
> 9    misconduct as United is suggesting and a basis for throwing out
>
> 10   the complaint.
>
> 11          The point is, again, I'm not trying to scare anybody,
>
> 12   it's just -- I'm saying is on that point, I am not ruling as to
>
> 13   anything.  It's just I would want to do that on the basis of
>
> 14   the law and the facts in letting everyone be heard, but to
>
> 15   suggest that there is not an issue here is really overstating
>
> 16   either the strength of the briefs that United has filed or the
>
> 17   thrust of my tentative.  I mean, there are issues here,
>
> 18   especially on the idea of trying to convince these poor
>
> 19   patients that this is what they meant all along.  That is --
>
> 20   that borders on being laughable, frankly.
>
> 21          MR. TOOCH:  I understand, Your Honor, and I think
>
> 22   that United is over-reaching over here with respect to what
>
> 23   it's saying happened and, frankly, we have serious concerns
>
> 24   about United's communications with the -- with the patients,
>
> 25   and what is communicated to the FBI and not because things

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

-6-
COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S
MEMORANDUM REGARDING RECUSAL

1   happen 30 minutes later after, you know -- and so -- and we

2   will be briefing all of those issues as to what -- the improper

3   actions United is taking with respect to this case in using the

4   federal criminal investigation.

5          So, you know, if they want to talk about proper

6   communications with the patients, we can get into those issues,

7   and I think the evidence will show quite to the contrary that

8   they have been very heavy handed.  We just spoke to one patient

9   today about what United's investigators are saying to them and

10   how United's investigators are misrepresenting what this case

11   is about.  And so those are really serious issues which we are

12   going to bring to the court's attention.

13          And so the point of this exercise was the plaintiffs

14   signed the original assignments of benefits, which assigns all

15   rights or benefits under my contract.  Prior to Spindex, it's

16   reasonable to assume that that would be assigning all rights.

17   In light of Spindex, the court said -- the Ninth Circuit and

18   this court said -- You don't assign your fiduciary duty rights.

19   So, he said, Okay, let's go back and get the patients to assign

20   their fiduciary duty rights.  There's no case that we've seen,

21   or United has submitted, which says that it's improper to go

22   back to a patient and get the patient to assign additional

23   rights that they did not originally assign.  And the

24   assignment, the new assignment -- again, this is not

25   appropriate for today, but we can argue it later on -- says,

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct. Executed this 5th day of February, 2016, at Los Angeles, California.

/s/ Robert J. Rice
Robert J. Rice

-7-

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S
MEMORANDUM REGARDING RECUSAL

## DECLARATION OF ROBERT RICE RE EXHIBITS SHOWING SAME DWELLING ADDRESS

I, Robert Rice, declare and say:

1) I am counsel of record for Counterclaim Defendant Julian Omidi in this matter.

2) Attached as Exhibit "A" is a true and correct copy of the webpage for Blockshopper.com where Michael Fitzgerald and Patrick Fitzgerald hold themselves out to the public as residing at the subject property the address of which is subject to redaction and shall hereafter be referred to by the zip code of 90027 for the single family dwelling unit owned by Michael Fitzgerald and Patrick Fitzgerald.

3) Attached as Exhibit "B" is a copy of the Whitepages.com where Patrick Fitzgerald holds himself out as having his telephone number registered and billed to the 90027 real property.

4) Attached as Exhibit "C" is a true and correct copy of the PublicInfo.com records search for Michael Fitzgerald and Patrick Fitzgerald showing they reside at the 90027 real property and have made campaign contributions to ActBlue utilizing the 90027 real property as their joint address.

5) Attached as Exhibit "D" is a true and correct copy of the records of the Los Angeles Ethics Commission Search for Contributions to Candidates and Office Holders which show the campaign contributions of Michael Fitzgerald and Patrick Fitzgerald to candidates running for election in the City of Los Angeles and showing they reside at the 90027 real property having made campaign under the 90027 real property as their joint address.

6) Attached as Exhibit "E" is a true and correct copy of a Tracers Cell Phone search for Patrick Fitzgerald's cell phone which shows that it is registered to the 90027 real property as his current residence address.

7) Attached as Exhibit "F" is a true and correct copy of a Tracers phone search for Patrick Fitzgerald and Michael Fitzgerald's landline telephone number

-8-

which shows that each of their land line numbers are registered to the 90027 real property as their current residence address.

8) Attached as Exhibit "G" is a true and correct copy of the records of the Federal Election Commission which show the campaign contributions of Michael Fitzgerald and Patrick Fitzgerald to candidates running for federal office and showing they reside at the 90027 real property having made campaign under the 90027 real property as their joint address.

9) Attached as Exhibit "H" is a true and correct copy of the records of the Los Angeles County Registrar-Recorder/County Clerk showing that Michael Fitzgerald and Patrick Fitzgerald are registered to vote in the County of Los Angeles at the 90027 residence address.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 5th day of February, 2016, at Los Angeles, California.

/s/ Robert J. Rice
Robert J. Rice

-9

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S MEMORANDUM REGARDING RECUSAL

1  Robert J. Rice, Esq. (SBN 131255)
   LAW OFFICES OF ROBERT J. RICE
2  rjriceesq5@gmail.com
   6380 Wilshire Boulevard, Suite 820
3  Los Angeles, California 90048
   Telephone (323) 297-3700
4
   *Attorney for Respondent,*
5  JULIAN OMIDI

6

7                    UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

9

10 ALMONT AMBULATORY                ) Case No. 14-CV-03053-MWF (VBKx)
   SURGERY CENTER, LLC, a           )
11 California limited liability company, et ) **UNDER SEAL**
   al.,                             )
12                                  ) **EXHIBITS TO REPLY TO**
                                    ) **OPPOSITION FROM UNITED**
13            Plaintiffs,           ) **HEALTHCARE GREOUP IN**
         v.                         ) **OPPOSITION TO MOTION TO**
14                                  ) **RECUSE JUDGE MICHAEL W.**
                                    ) **FITZGERALD**
15 UNITEDHEALTH GROUP, INC.;        )
   UNITED HEALTHCARE SERVICES,      )
16 INC., UNITED HEALTHCARE          )
   INSURANCE COMPANY;               ) Date:         March ___, 2016
17 OPTUMINSIGHT, INC., and DOES 1   ) Time:         9:00 a.m.
   through 20,                      ) Ctrm:         1600
18                                  )
            Defendants.             )
19                                  ) Honorable Michael W. Fitzgerald
   _____ )
20                                  )
   UNITED HEALTHCARE SERVICES,      )
21 INC., UNITED HEALTHCARE          )
   INSURANCE COMPANY;               )
22 OPTUMINSIGHT, INC.,              )
                                    )
23            Counterclaim Plaintiffs, )
         v.                         )
24                                  )
   ALMONT AMBULATORY                )
25 SURGERY CENTER, LLC, a           )
   California limited liability company; et )
26 al.,                             )
                                    )
27            Counterclaim Defendants. )
                                    )
28

                                  -1-

                               EXHIBITS

Exhibit "A"

1/23/2016
Los Angeles-Griffith Park/Los Feliz, California 90027 I Los Angeles

» Register    Log In

 BlockShopper
Los Angeles

Friday, January 22, 2016

[ Search ]

Home Research | Local News | For Sale | Real Estate Agents | Mortgage

Los Angeles-Griffith Park/Los Feliz, CA 90027

**Home Details** | Refinance



| Owner: | **Patrick R Fitzgerald, And Michael W Fitzgerald** |
|---|---|
| City: | **Los Angeles-Griffith Park/Los Feliz** |
| Zip: | **90027** |
| County: | **Los Angeles County CA** |
| Region: | **Central City/East LA** |
| Neighborhood: | **Los Angeles-Griffith Park/Los Feliz** |
| Subdivision: | **—** |
| Street: | |
| | View your Credit Score today, Free! |
| Yr. Built: | **1936** |
| Builder: | **—** |
| Sqft (land I living): | **N/A land I 2,203 living** |
| Bedrooms: | **3** |
| Bathrooms: | **4** |
| Property Taxes: | **$5,964.37 (2010)** |
| Stories: | **—** |



Own ▓▓▓▓▓ Claim your home and add details!

**Agent Rank: Los Angeles-Griffith Park/Los Feliz**

1. Dorothy Carter
2. George Moreno
3. Barry Sloane
4. Richard Stanley
5. Daniel Carson
6. Boni Bryant
7. Konstantine Valissaratos
8. Holly Purcell
9. Claudia Hipolito
10. Jennifer Bertolet

Find highest ranked agents in:

Sales History

| Price | Type | Date | B-Buyer/S-Seller | Agent |
|---|---|---|---|---|
| N/A | Resale | 08/22/2002 | **B:** Michael W Fitzgerald, Patrick Raymond Fitzgerald | **BA:** N/A |
| | | | **S:** Patrick R Fitzgerald, Patrick Raymond Fitzgerald | **SA:** N/A |

Info & Demographics

| Information | | | Demographics | |
|---|---|---|---|---|
| Elementary School: | N/A | | Median Income | $99,716 |
| Middle School: | N/A | | White: All* | 79.5% |
| High School: | **Hollywood Senior High School** | | White: Latin or Hispanic* | 4.3% |
| U.S. Representative: | **U.S. Rep. Adam Schiff (D-29)** | | Black or African American* | 2.9% |
| | | | American Indian and Alaska Native* | 0% |
| | | | Native Hawaiian and Pacific Islander* | 0% |
| | | | Asian* | 16.7% |
| | | | Census Tract: | 1893/South of Griffith Park Observatory |
| | | | *Alone or in combination | Source: U.S. Census |

     Popular Women Dresses FREE SHIPPING  STYLEWE Buy >>

Loading...

**Home Resource Center**
for Los Angeles-Griffith Park/Los Feliz, California

**Mortgage Center**
Get rates from top local mortgage lenders

Sign up for access to more local offers

Notes

Read more notes in Los Angeles-Griffith Park/Los Feliz

 Sotheby's
INTERNATIONAL REALTY

April 4, 2010 I Mahealani Dominguez
**Grand Spanish in the heart of Los Feliz**
Here is another home I was priviledged to be involved
**1922 Courtyard style Spanish in Los Feliz** Mahealani Dominguez
**Charming Los Feliz Starter Home** Mahealani Dominguez
**Sleek Traditional on Canyon Drive** Mahealani Dominguez

Exhibit "B"



Exhibit "C"





50+ Matches for Michael Fitzgerald in People Search



FITZGERALD, MICHAEL contributed $500.00 to ActBlue in 2010

Applicable Date: 2009-07-16 Contributor Occupation: LAWYER Contributor Employer: CORBIN, FITZGERALD & ATHEY LLP Contributor Gender: M Committee Name: ActBlue





FITZGERALD, MICHAEL contributed $1000.00 to ActBlue in 2010

Applicable Date: 2010-01-08 Contributor Occupation: LAWYER Contributor Employer: CORBIN, FITZGERALD & ATHEY LLP Contributor Gender: M Committee Name: ActBlue

Exhibit "D"

1/23/2016  Los Angeles City Ethics Commission - Search Contributions to Candidates and Officeholders
Case 2:14-cv-03053-MWF-AFM  Document 272  Filed 02/05/16  Page 126 of 143  Page ID
#:9988

**CAMPAIGN FINANCE > Search Contributions to Candidates and Officeholders**

## Campaign Contributions

<< New Search | << Main Menu

[Print Friendly | Excel]

[Page: >> ]

| Date ▲▼ | Contributor▲▼ | Candidate/ ▲▼ Officeholder | Schedule▲▼ (Type) | Amount▲▼ |
|---------|---------------|---------------------------|-------------------|----------|
| 05/28/99 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 Occupation: Attorney Employer: Corbin & Fitzgerald | **Michael Feuer** City Attorney 990461 - Mike Feuer for City Attorney | A - Monetary Contribution Received *Period:* 01/01/99 to 06/30/99 *Election:* 04/10/01 | $500.00 |
| 06/30/99 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 Occupation: Attorney Employer: Corbin & Fitzgerald | **Michael Feuer** City Attorney 990461 - Mike Feuer for City Attorney | A - Monetary Contribution Received *Period:* 01/01/99 to 06/30/99 *Election:* 04/10/01 | $500.00 |
| 04/28/00 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 Occupation: Attorney Employer: Corbin & Fitzgerald | **Jack Weiss** Council Member - District 5 1222641 - Committee to Elect Jack Weiss L.A. City Council | A - Monetary Contribution Received *Period:* 01/01/00 to 06/30/00 *Election:* 04/10/01 | $500.00 |
| 04/27/01 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 Occupation: Attorney Employer: Corbin & Fitzgerald | **Michael Feuer** City Attorney 1234361 - Mike Feuer for City Attorney-General | A - Monetary Contribution Received *Period:* 04/05/01 to 05/19/01 *Election:* 06/05/01 | $500.00 |
| 04/25/01 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 Occupation: Attorney Employer: Corbin & Fitzgerald | **Jack Weiss** Council Member - District 5 1234332 - Jack Weiss for City Council General Election Committee | A - Monetary Contribution Received *Period:* 01/01/01 to 05/19/01 *Election:* 06/05/01 | $500.00 |
| 05/31/01 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 Occupation: Attorney Employer: Corbin & Fitzgerald | **Michael Feuer** City Attorney 1234361 - Mike Feuer for City Attorney-General | A - Monetary Contribution Received *Period:* 05/31/01 to 06/30/01 *Election:* 06/05/01 | $500.00 |
| 11/10/03 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 Occupation: Attorney Employer: Corbin & Fitzgerald | **Jack S. Weiss** Council Member - District 5 1259382 - Committee to Re-Elect Jack Weiss | A - Monetary Contribution Received *Period:* 10/01/03 to 12/31/03 *Election:* 04/05/05 | $500.00 |
| 02/16/05 | **Michael Fitzgerald** (Individual) Los Angeles, CA 90027 | **Antonio Villaraigosa** 1267602 - Villaraigosa for Mayor 2005 | A - Monetary Contribution | $1,000.00 |

| | | | Received | |
|---|---|---|---|---|
| | Occupation: Attorney<br>Employer: Corbin & Fitzgerald LLP | | *Period:* 01/23/05 to 02/19/05<br>*Election:* 03/08/05 | |
| 04/01/05 | **Michael Fitzgerald**<br>(Individual)<br>Los Angeles, CA 90027<br>Occupation: Attorney<br>Employer: Corbin & Fitzgerald LLP | **Antonio Villaraigosa**<br><br>1275257 - Villaraigosa for Mayor 2005 - GENERAL | A - Monetary<br>Contribution<br>Received<br><br>*Period:* 01/01/05 to 04/02/05<br>*Election:* 05/17/05 | $1,000.00 |
| 06/16/05 | **Michael Fitzgerald**<br>(Individual)<br>Los Angeles, CA 90027<br>Occupation: Attorney<br>Employer: Corbin & Fitzgerald | **Jack S. Weiss**<br>Council Member - District 5<br><br>1234332 - Jack Weiss Officeholder Account | A - Monetary<br>Contribution<br>Received<br><br>*Period:* 04/01/05 to 06/30/05<br>*Election:* 06/07/05 | $500.00 |
| 06/13/06 | **Michael Fitzgerald**<br>(Individual)<br>Los Angeles, CA 90027<br>Occupation: Attorney<br>Employer: Corbin & Fitzgerald | **Jack S. Weiss**<br>Council Member - District 5<br><br>1234332 - Jack Weiss Officeholder Account | A - Monetary<br>Contribution<br>Received<br><br>*Period:* 04/01/06 to 06/30/06<br>*Election:* 06/07/05 | $500.00 |
| 11/28/07 | **Michael Fitzgerald**<br>(Individual)<br>Los Angeles, CA 90027<br>Occupation: Attorney<br>Employer: Corbin & Fitzgerald | **Jack S. Weiss**<br>City Attorney<br><br>1296355 - JACK WEISS FOR LOS ANGELES CITY ATTORNEY | A - Monetary<br>Contribution<br>Received<br><br>*Period:* 07/01/07 to 12/31/07<br>*Election:* 04/07/09 | $1,000.00 |
| 02/11/09 | **Michael Fitzgerald**<br>(Individual)<br>Los Angeles, CA 90027<br>Occupation: Attorney<br>Employer: Corbin & Fitzgerald LLP | **Antonio Villaraigosa**<br>Mayor<br><br>1305101 - Antonio R. Villaraigosa for Mayor 2009 | A - Monetary<br>Contribution<br>Received<br><br>*Period:* 01/18/09 to 02/14/09<br>*Election:* 03/03/09 | $1,000.00 |
| 03/05/09 | **Michael Fitzgerald**<br>(Individual)<br>Los Angeles, CA 90027<br>Occupation: Attorney<br>Employer: Corbin & Fitzgerald | **Jack S. Weiss**<br>City Attorney<br><br>1316235 - JACK WEISS FOR LOS ANGELES CITY ATTORNEY 2009 GENERAL | A - Monetary<br>Contribution<br>Received<br><br>*Period:* 01/01/09 to 04/04/09 | $1,000.00 |
| 02/26/09 | **Michael W. Fitzgerald**<br>(Individual)<br>Los Angeles, CA 90027<br>Occupation: Lawyer<br>Employer: Corbin, Fitzgerald & Athey, LLP | **Eric Garcetti**<br>Council Member - District 13<br><br>1304681 - Garcetti for Council 2009 | A - Monetary<br>Contribution<br>Received<br><br>*Period:* 02/26/09 to 06/30/09<br>*Election:* 03/03/09 | $500.00 |
| | | **Total Monetary Contributions (A):** | | **$10,000.00** |
| | | | | (does not include unitemized) |
| | | **Total Amount Received:** | | **$10,000.00** |

Disclaimer: EFS data is input by candidate committees. The Commission does not amend information to edit variations in spelling, punctuation, use of abbreviations or inaccuracies. Therefore, search results may not be 100% accurate or inclusive.

Select Language     ⇕

Powered by Google **Translate**

© 2016 City of Los Angeles, unless otherwise noted. All logos, names, insignias, etc. of City departments, offices, and commissions are trademarks of the City of Los Angeles. Unauthorized use is prohibited.

[credits | requirements | site disclaimer | translation disclaimer]

Exhibit "E"

# Cell Phone Search

Search Criteria

**State:** Ca

**Last:** fitzgerald

**First:** patrick

**Middle:** r

**Include Historical:** Yes

Phone Listings - No Records Found

Hide | Historical Records - 8 records

Hide | Historical Record

| | | | | |
|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | **DOB:** | 01/18/1966 |
| **Address:** | 92082 | Map It | **Phone:** | |
| **Report Date:** | 01/21/2016 | | | |

Hide | Historical Record

| | | | | |
|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | **DOB:** | 01/18/1966 |
| **Address:** | 92082 | Map It | **Phone:** | |
| **Report Date:** | 01/19/2016 | | | |

Hide | Historical Record

| | | | | |
|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | **DOB:** | 07/11/1959 |
| **Address:** | 90027 | Map It | **Phone:** | |
| **Report Date:** | 01/18/2016 | | | |

Hide | Historical Record

| | | | | |
|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | **DOB:** | 01/18/1966 |
| **Address:** | 92082-6 | Map It | **Phone:** | |
| **Report Date:** | 01/17/2016 | | | |

Hide | Historical Record

| | | | | |
|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | **DOB:** | 06/12/1956 |
| **Address:** | 90706 | Map It | **Phone:** | |
| **Report Date:** | 01/16/2016 | | | |

Hide | Historical Record

| | | | | |
|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | **DOB:** | 02/27/1985 |
| **Address:** | 90245-2 | Map It | **Phone:** | |
| **Report Date:** | 01/09/2016 | | | |

Hide | Historical Record

| | | | | |
|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | | |
| **Address:** | 91788 | Map It | **Phone:** | |
| **Report Date:** | 05/05/2014 | | | |

| Hide | Historical Record | | | | |
|---|---|---|---|---|---|
| **Name:** | FITZGERALD, PATRICK R | | **DOB:** | 1959 | |
| **Address:** | 92083 | Map It | **Phone:** | | |
| **Report Date:** | 06/01/1993 | | | | |

# Exhibit "F"

1/23/2016                                   Tracers Information Specialists, Inc. - Phone Search

# Phone Search

---

# 11 Records

Search Criteria
**Phone Number** ███████████

Phone Search - 11 records

[ Hide ] Phone Record

**Reported Date:** 01/18/2016
**Name:** PATRICK RAYMOND FITZGERALD
**Address:** ████████████
**City:** LOS ANGELES
**State:** CA
**Zip Code:** 90027
**County:** ████████████
**Phone Number:** ████████████
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 07/01/2015
**Name:** MICHAEL W FITZGERALD
**Address:** ████████████
**City:** ████████████
**State:** CA
**Zip Code:** 90027
**County:** ████████████
**Phone Number:** ████████████
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 06/08/2015
**Name:** MICHAEL WALTER FITZGERALD
**Address:** ████████████
**City:** ████████████
**State:** ████████████
**Zip Code:** 90027
**County:** ████████████
**Phone Number:** ████████████
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 04/01/2015
**Name:** PATRICK R FITZGERALD
**Address:** ████████████

1/23/2016                                    Tracers Information Lists, Inc. - Phone Search

**City:** L
**State:**
**Zip Code:**
**County:**
**Phone Number:**
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 05/30/2014
**Name:** MICHAEL W FITZGERALD
**Address:**
**City:** I
**State:**
**Zip Code:** 90027-
**County:**
**Phone Number:**
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 11/07/2013
**Name:** MICHAEL FITZGERALD
**Address:**
**City:**
**State:**
**Zip Code:** 90027-
**County:** LOS ANGELES
**Phone Number:**
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 04/19/2012
**Name:** MICHAEL FITZGERALD
**Address:**
**City:**
**State:**
**Zip Code:** 90027-
**County:**
**Phone Number:**
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 03/13/2012
**Name:** MICHAEL FITZGERALD
**Address:**
**City:**
**State:**
**Zip Code:** 90027
**County:**
**Phone Number:**

1/23/2016

Tracers Information Specialists, Inc. - Phone Search

**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 05/20/2009
**Name:** M FITZGERALD
**City:** ▮▮▮▮▮▮
**State:** ▮▮
**Zip Code:** 90028
**County:** ▮▮▮▮▮
**Phone Number:** ▮▮▮▮▮▮▮
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 01/01/2004
**Name:** MICHAEL WALTER FITZGERALD
**Address:** ▮▮▮▮▮▮
**City:** ▮▮▮▮▮
**State:** ▮▮
**Zip Code:** 90027-▮▮▮
**County:** ▮▮▮▮▮
**Phone Number:** ▮▮▮▮▮▮
**Phone Carrier:** PACIFIC BELL

[ Hide ] Phone Record

**Reported Date:** 11/13/2000
**Name:** PATRICK R FITZGERALD
**Address:** ▮▮▮▮▮
**City:** ▮▮▮▮▮
**State:** ▮▮
**Zip Code:** 90026-▮▮▮
**County:** ▮▮▮▮▮▮
**Phone Number:** ▮▮▮▮▮▮
**Phone Carrier:** PACIFIC BELL
**Secondary Phone Number:** ▮▮▮▮▮
**Secondary Phone Carrier:** VERIZON CALIFORNIA INC.-CA (GTE)

Exhibit "G"

| SCHEDULE A | ITEMIZED RECEIPTS | | Use separate schedule(s) for each category of the Detailed Summary Page | PAGE 17 | OF 69 |
|---|---|---|---|---|---|
| | | | | FOR LINE NUMBER | |
| | | | | 11(a) (i) | |

Contributions From Individuals/Persons

Any information copied from such Reports and Statements may not be sold or used by any person for the purpose of soliciting contributions or for commercial purpose, other than using the name and address of any political committee to solicit contributions from such committee.

**NAME OF COMMITTEE (In Full)**                                                   (01/01/99 - 06/30/99)

Schiff for Congress                                     C00343871

| A. Full Name, Mailing Address and ZIP Code | Name of Employer | Date (month, day, year) | Amount of Each Receipt this Period |
|---|---|---|---|
| Norman Paintech 10106 Empyrean Way, #102 Los Angeles, CA 90067 | Liberty Building Company | 06/30/99 | 1,000.00 |
| | Occupation | | |
| Receipt For:  [X] Primary  [ ] General | Builder | | |
| [ ] Other (specify): | Aggregate Year-to-Date  $  1,000.00 | | |
| B. Full Name, Mailing Address and ZIP Code | Name of Employer | Date (month, day, year) | Amount of Each Receipt this Period |
| Jerry K. Fields 10506 Clearwood Court Los Angeles, CA 90077-2019 | Self-Employed | 06/29/99 | 1,000.00 |
| | Occupation | | |
| Receipt For:  [X] Primary  [ ] General | Private Judge | | |
| [ ] Other (specify): | Aggregate Year-to-Date  $  1,000.00 | | |
| C. Full Name, Mailing Address and ZIP Code | Name of Employer | Date (month, day, year) | Amount of Each Receipt this Period |
| Michael S. Fields 301 North Canon Drive, Suite 320 Beverly Hills, CA 90210 | Michael S. Fields Attorney at Law | 06/29/99 | 250.00 |
| | Occupation | | |
| Receipt For:  [X] Primary  [ ] General | Attorney | | |
| [ ] Other (specify): | Aggregate Year-to-Date  $  250.00 | | |
| D. Full Name, Mailing Address and ZIP Code | Name of Employer | Date (month, day, year) | Amount of Each Receipt this Period |
| Michael W. Fitzgerald 90027 | Corbin & Fitzgerald LLP | 06/04/99 | 1,000.00 |
| | Occupation | | |
| Receipt For:  [X] Primary  [ ] General | Attorney | | |
| [ ] Other (specify): | Aggregate Year-to-Date  $  1,000.00 | | |
| E. Full Name, Mailing Address and ZIP Code | Name of Employer | Date (month, day, year) | Amount of Each Receipt this Period |
| Patrick R. Fitzgerald 90027 | U.S. Department of Justice | 06/14/99 | 250.00 |
| | Occupation | | |
| Receipt For:  [X] Primary  [ ] General | Attorney | | |
| [ ] Other (specify): | Aggregate Year-to-Date  $  250.00 | | |
| F. Full Name, Mailing Address and ZIP Code | Name of Employer | Date (month, day, year) | Amount of Each Receipt this Period |
| Bernard Fleischer 11758C Moorpark Street Studio City, CA 91604 | PacFed | 06/30/99 | 500.00 |
| | Occupation | | |
| Receipt For:  [X] Primary  [ ] General | Administrator | | |
| [ ] Other (specify): | Aggregate Year-to-Date  $  500.00 | | |
| G. Full Name, Mailing Address and ZIP Code | Name of Employer | Date (month, day, year) | Amount of Each Receipt this Period |
| Anne Flett-Giordano 2504 Anacapa Santa Barbara, CA 93105 | Paramount Studios | 06/26/99 | 1,000.00 |
| | Occupation | | |
| Receipt For:  [X] Primary  [ ] General | Writer | | |
| [ ] Other (specify): | Aggregate Year-to-Date  $  1,000.00 | | |

SUBTOTAL of Receipts This Page (optional) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5,000.00

TOTAL This Period (last page this line number only) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# Exhibit "H"

Los Angeles County Registrar-Recorder/County Clerk

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

February 04, 2016

This is a certified Abstract of an Affidavit of Registration currently on file with the Los Angeles County Registrar-Recorder/County Clerk. The authenticity of this documentation bears the seal of the Registrar- Recorder/County Clerk imprinted in purple ink, and may be verified, if necessary, by contacting the Election Information Section at (562) 466-1310, Monday through Friday, between 8 a.m. to 5 p.m..

The Abstract verifies the voter registration status of the person named below. It has been provided in lieu of a photocopy of the Affidavit of Registration and is evidence of citizenship for voting purposes only. Additional documentation may be necessary if used for proof of citizenship when traveling outside the United States. You may want to contact the foreign country's governmental tourism office or consult your travel agent.

**DEAN C. LOGAN**
REGISTRAR-RECORDER/COUNTY CLERK

## VOTER REGISTRATION ABSTRACT

| | | |
|---|---|---|
| *VOTER ID:* | *STATUS:* | **ACTIVE** |
| *NAME:* **MR PATRICK RAYMOND FITZGERALD** | *CONDITION:* | **MINOR ITEM CORRECTION** |
| | *CONDITION DATE:* | |
| *ADDRESS:* 90027 | | |
| | *AFFIDAVIT:* | |
| *PARTY:* | *REGISTRATION DATE:* | |
| *BIRTHPLACE:* | *AFFIDAVIT RECEIVED :* | |
| *BIRTHDATE:* | *MICROFILM NUMBER:* | |




This is a true certified document
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

FEB – 4 2016

*Dean C. Logan* REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

Los Angeles County Registrar-Recorder/County Clerk

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

February 04, 2016

This is a certified Abstract of an Affidavit of Registration currently on file with the Los Angeles County Registrar-Recorder/County Clerk. The authenticity of this documentation bears the seal of the Registrar- Recorder/County Clerk imprinted in purple ink, and may be verified, if necessary, by contacting the Election Information Section at (562) 466-1310, Monday through Friday, between 8 a.m. to 5 p.m..

The Abstract verifies the voter registration status of the person named below. It has been provided in lieu of a photocopy of the Affidavit of Registration and is evidence of citizenship for voting purposes only. Additional documentation may be necessary if used for proof of citizenship when traveling outside the United States. You may want to contact the foreign country's governmental tourism office or consult your travel agent.

**DEAN C. LOGAN**
REGISTRAR-RECORDER/COUNTY CLERK

## VOTER REGISTRATION ABSTRACT

*VOTER ID:* ▮▮▮▮▮

*NAME:* **MR MICHAEL WALTER FITZGERALD**

*ADDRESS:* ▮▮▮▮▮ 90027

*STATUS:* **ACTIVE**

*CONDITION:* **MINOR ITEM CORRECTION**

*CONDITION DATE:* ▮▮▮▮▮

*PARTY:* 

*BIRTHPLACE:* 

*BIRTHDATE:*

*AFFIDAVIT:*

*REGISTRATION DATE:* 

*AFFIDAVIT RECEIVED:*

*MICROFILM NUMBER:*

**This is a true certified document**
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

FEB – 4 2016

*Dean C. Logan* REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

**PROOF OF SERVICE**

I am employed and a resident of the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 6380 Wilshire Boulevard, Suite 820, Los Angeles, California, 90048.

On February 5, 2016, I served the document described as:

**COUNTERCLAIM DEFENDANT JULIAN OMIDI'S OBJECTION AND OPPOSITION TO THE COURT'S EXTRAJUDICIAL 1-22-16 RESPONSE, DKT 258, REGARDING RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS; DECLARATION OF ROBERT J. RICE RE EXHIBITS SHOWING SAME DWELLING ADDRESS; DECLARATION OF ROBERT J. RICE RE RECUSAL; DECLARATION OF IAN SHAKRAMY**

Upon the interested parties in this action as follows:
**SEE ATTACHED SERVICE LIST**

_____ (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____(By Facsimile Transmission)  I caused the foregoing document to be served by facsimile transmission to each of the interested parties at the facsimile machine telecopy number shown in the service list attached hereto.

___X___ (By Electronic Mail/ECF) Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/5/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated in the attached service list below:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 5, 2016, at Los Angeles, California.

/s/ Robert J. Rice_____
Robert J. Rice

-10

# SERVICE LIST

Barbara E Taylor      asotelo@sheppardmullin.com, btaylor@sheppardmullin.com, pchand@sheppardmullin.com

Stephen P Lucke      wolfe.susan@dorsey.com, lucke.steve@dorsey.com

Timothy E Branson      skwiera.linda@dorsey.com, branson.tim@dorsey.com

Daron L Tooch      grodriguez@health-law.com, hlbdocket@health-law.com, dtooch@health-law.com

Michelle S Grant      skwiera.linda@dorsey.com, grant.michelle@dorsey.com, vallant.katherine@dorsey.com

Ryan Daniel Kashfian      ptokar@kashfianlaw.com, ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com, ryan@kashfianlaw.com

Bryan David Daly      bdaly@sheppardmullin.com

Michael E Rowe      rowe.michael@dorsey.com

Rabea Jamal Zayed      motzko.sheila@dorsey.com, zayed.rj@dorsey.com

Bridget A Gordon      grodriguez@health-law.com, bgordon@health-law.com

Evan J Davis      evan.davis@usdoj.gov, susan.cavallone@usdoj.gov

Eric David Chan      grodriguez@health-law.com, echan@health-law.com

Kirsten Schubert      hilgers.sheri@dorsey.com, schubert.kirsten@dorsey.com

Olga Novak      ecf-filings@kashfianlaw.com, onovak@kashfianlaw.com

Robert J Rice      rjriceesq@aol.com, rjriceesq5@gmail.com

Katherine Markowski Dru      kdru@health-law.com, hlbdocket@health-law.com, greese@health-law.com

Nicole Elizabeth Wurscher      kls@walravenlaw.com, new@walravenlaw.com

Consuelo S Woodhead      usacac.criminal@usdoj.gov,

-11-

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S MEMORANDUM REGARDING RECUSAL

1  consuelo.woodhead@usdoj.gov

2  Maureen Jaroscak       maureenjaroscak@live.com

3  Bryan Scott Westerfeld       bwesterfeld@walravenlaw.com

4

5  Larry A Walraven       jridley@calemployerlaw.com,
   bwesterfeld@calemployerlaw.com, ksullivan@calemployerlaw.com,
6  lwalraven@calemployerlaw.com

7  Andrew J Holly       kaemmer.lori@dorsey.com, holly.andrew@dorsey.com

8

9  Kristen A Williams       kristen.williams@usdoj.gov, usacac.criminal@usdoj.gov

10 Charles L Kreindler       aanguiano@sheppardmullin.com,
   ckreindler@sheppardmullin.com
11

12 Robert Adam Kashfian       anna@kashfianlaw.com, ecf-filings@kashfianlaw.com,
   robert@kashfianlaw.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTERCLAIM DEFENDANT JULIAN OMIDI'S RESPONSE TO THE COURT'S
MEMORANDUM REGARDING RECUSAL