**EXHIBIT 1**

**DECLARATION OF MICHAEL ROWE**

EXHIBIT 1
3

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2 |   Including Professional Corporations
    BRYAN D. DALY, Cal. Bar No. 117901
3 | bdaly@sheppardmullin.com
    CHARLES L. KREINDLER, Cal. Bar No. 119933
4 | ckreindler@sheppardmullin.com
    BARBARA E. TAYLOR, Cal. Bar No. 166374
5 | btaylor@sheppardmullin.com
    333 South Hope Street, 43rd Floor
6 | Los Angeles, California 90071-1422
    Telephone:  213.620.1780
7 | Facsimile:  213.620.1398

8 | Attorneys for Individual Counterclaim
    Defendants Michael Omidi, M.D. and
9 | Julian Omidi

10 |

11 |                    UNITED STATES DISTRICT COURT

12 |       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13 | ALMONT AMBULATORY              Case No. 2:14-cv-03053-MWF(VBKx)
    SURGERY CENTER, LLC, a          Honorable Michael W. Fitzgerald
    California limited liability company, et
14 | al.,
                                    **MICHAEL OMIDI, M.D. AND
15 |         Plaintiffs,             JULIAN OMIDI'S AMENDED
                                    RESPONSE TO
         v.                         DEFENDANTS'/COUNTERCLAIM
16 |                                PLAINTIFFS' FIRST SET OF
    UNITEDHEALTH GROUP, INC.;       INTERROGATORIES TO
17 | UNITED HEALTHCARE SERVICES,    PLAINTIFFS/COUNTERCLAIM
    INC., UNITED HEALTHCARE         DEFENDANTS**
18 | INSURANCE COMPANY;
    OPTUMINSIGHT, INC., and DOES 1  Complaint Filed:  March 21, 2014
19 | through 20,
                                    Trial Date:  None Set
20 |         Defendants.

21 | UNITED HEALTHCARE SERVICES,
    INC., UNITED HEALTHCARE
22 | INSURANCE COMPANY;
    OPTUMINSIGHT, INC.,
23 |
            Counterclaim Plaintiffs,
24 |
         v.
25 | ALMONT AMBULATORY
    SURGERY CENTER, LLC, a
26 | California limited liability company; et
    al.,
27 |         Counterclaim Defendants.

28 |

PROPOUNDING PARTY:    DEFENDANTS/COUNTERCLAIM PLAINTIFFS ("UNITED")

RESPONDING PARTY:    INDIVIDUAL COUNTERCLAIM DEFENDANTS MICHAEL OMIDI, M.D. and JULIAN OMIDI

SET NO.:    ONE

## AMENDED RESPONSES TO INTERROGATORIES

## PRELIMINARY STATEMENT

In light of the Court's ruling on Counterclaim Defendants' Motions to Dismiss the First Amended Counterclaim, filed on February 12, 2015, Individual Counterclaim Defendants Michael Omidi, M.D. and Julian Omidi hereby amend their Response to United's First Set of Interrogatories to Plaintiffs/Counterclaim Defendants.

Individual Counterclaim Defendants hereby incorporate all General Objections and Specific Objections of Plaintiffs and Counter-Defendants Almont Ambulatory Surgery Center, LLC, et al., i.e., the "Providers," as modified by conferences of counsel.

**INTERROGATORY NO. 1:**

Identify the amount you charged to any patient who obtained services under CPT codes 43239, 43770, and 47562 between January 1, 2005 and the present, including any patient who paid for such services without financial assistance from any health care benefit plan, insurer, or managed care organization.

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities. In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel. United will

1

obtain all business information to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, Individual Counterclaim Defendants assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify all health care professionals employed by, contracting with, or operating under the control of any Plaintiff or Counterclaim Defendant who provided any health care service to all Exhibit A Patients, including but not limited to surgeons, physicians, doctors, nurses, psychologists, psychiatrists, therapists, nutritionists, social workers, and laboratory specialists.

**AMENDED RESPONSE TO INTERROGATORY NO. 2:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities.  In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel.  United will obtain all business information to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify all individuals who prepared, processed, evaluated, or administered any of the Claims submitted to United for all Exhibit A Patients.

**AMENDED RESPONSE TO INTERROGATORY NO. 3:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities.  In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers'

2

objections to this Interrogatory, as modified by conferences of counsel.  United will obtain all business information to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 4:**

Identify all bank accounts, including the accounts referenced in the First Amended Counterclaim, into which funds related to any United Member was deposited, by the name of the bank or financial institution, account number, and the name of the account holder and all signatories.

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities.  In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel.  United will obtain all business information to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify all mailing addresses, business addresses, practice addresses, or other addresses used by each Plaintiff or Counterclaim Defendant between January 1, 2005 to the present.  This includes all private or rented mail boxes, post office boxes, physical addresses, office addresses, work addresses, and home addresses, regardless of whether business was conducted on site.

**AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in

3

1  their individual capacities.  In the event such information is determined to be within

2  the possession, custody, or control of Individual Counterclaim Defendants,

3  Individual Counterclaim Defendants specifically incorporate the Providers'

4  objections to this Interrogatory, as modified by conferences of counsel.  United will

5  obtain all business information to which it is entitled from the Providers.  Finally, at

6  this time, and on the advice of counsel, assert their Fifth Amendment rights and

7  elect not to further respond to this Interrogatory.

8  **INTERROGATORY NO. 6:**

9       For each Plaintiff or Counterclaim Defendant, identify all Tax Identification

10  Numbers and National Provider Identifier numbers used for Claims submitted to

11  United, including Claims for which you contend payment is due.

12  **AMENDED RESPONSE TO INTERROGATORY NO. 6:**

13       Individual Counterclaim Defendants object to this Interrogatory on the ground

14  that it seeks information that is not within their possession, custody, or control in

15  their individual capacities.  In the event such information is determined to be within

16  the possession, custody, or control of Individual Counterclaim Defendants,

17  Individual Counterclaim Defendants specifically incorporate the Providers'

18  objections to this Interrogatory, as modified by conferences of counsel.  United will

19  obtain all business information to which it is entitled from the Providers.  Finally, at

20  this time, and on the advice of counsel, assert their Fifth Amendment rights and

21  elect not to further respond to this Interrogatory.

22  **INTERROGATORY NO. 7:**

23       For all Exhibit A Patients, identify the dates of service, service provided (CPT

24  code), provider, and Tax Identification Number for all services for which you are

25  seeking payment or damages.

26  **AMENDED RESPONSE TO INTERROGATORY NO. 7:**

27       Individual Counterclaim Defendants object to this Interrogatory on the ground

28  that it seeks information that is not within their possession, custody, or control in

4

their individual capacities.  In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel.  United will obtain all business information to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 8:**

For all Exhibit A Patients who have paid you directly for any services, including any copayment, coinsurance amount, deductible amount, or any other kind of payment, identify the patient's name, date of service, service provided (CPT code), physician or facility, billing provider, servicing provider, total amount charged, amount collected from the patient, and the date of the patient's payment.

**AMENDED RESPONSE TO INTERROGATORY NO. 8:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities.  In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel.  United will obtain all business information to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 9:**

For each Corporate Counterclaim Defendant, identify your relationship, responsibilities, affiliation, and association with each of the other Plaintiffs or Counterclaim Defendants, including whether you receive any form of compensation from, or as a result of the operations of, such entities.

5

**AMENDED RESPONSE TO INTERROGATORY NO. 9:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities. In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel. United will obtain all business information to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Identify the name of any legal counsel, including in-house counsel and outside counsel, that you have retained to perform legal services from January 1, 2005 to the present and that has provided advice with respect to the corporate organization of any Plaintiff or Counterclaim Defendant.

**AMENDED RESPONSE TO INTERROGATORY NO. 10:**

Individual Counterclaim Defendants object to this Interrogatory on the following grounds. This Interrogatory seeks information protected by the attorney-client privilege and attorney work product doctrine. This Interrogatory seeks information that is not within Individual Counterclaim Defendants' possession, custody, or control in their individual capacities. In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel. United will obtain all business information to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Identify any other individual, not previously identified, who has knowledge of the events, communications, or documents out of which this Litigation arises.

**AMENDED RESPONSE TO INTERROGATORY NO. 11:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities. In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel. United will obtain all business information to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 12:**

Identify the physical location of any documents responsive to United's First Requests for Production of Documents.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it seeks information that is not within their possession, custody, or control in their individual capacities. In the event such information is determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Interrogatory, as modified by conferences of counsel. United will obtain all business information to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify the factual basis of your claim for damages, including the amount sought and basis thereof.

**AMENDED RESPONSE TO INTERROGATORY NO. 13:**

This Interrogatory does not apply to Individual Counterclaim Defendants because they are not Plaintiffs in this action and therefore do not have any claim for damages in this action in their individual capacities.

**INTERROGATORY NO. 14:**

If you responded to any of United's Requests for Admissions with anything less than an unqualified "admit," provide the factual basis for your objection or denial.

**AMENDED RESPONSE TO INTERROGATORY NO. 14:**

At this time, and on the advice of counsel, Individual Counterclaim Defendants assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

**INTERROGATORY NO. 15:**

Identify the case name, case number, and the venue of each legal proceeding in which you have appeared as a party, either as plaintiff, defendant, claimant, petitioner, respondent, intervenor, or other third party, since January 1, 2008. This request includes all civil, criminal, arbitration, and administrative proceedings.

**AMENDED RESPONSE TO INTERROGATORY NO. 15:**

Individual Counterclaim Defendants object to this Interrogatory on the ground that it is not reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this action and, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Interrogatory.

1  Dated:  July 2, 2015

2                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                              By _____

5                                       BARBARA E. TAYLOR
                                 Attorneys for Individual Counterclaim
6                                 Defendants Michael Omidi, M.D.
                                       and Julian Omidi
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:440002244.1          AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST
EXHIBIT 1                                                    SET OF INTERROGATORIES
13

1

<u>PROOF OF SERVICE</u>

2

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

4

5

6

On July 2, 2015, I served true copies of the following document(s) described as **MICHAEL OMIDI, M.D. AND JULIAN OMIDI'S AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS** on the interested parties in this action as follows:

7

8

**See Attached Service List**

9

☒      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

10

11

12

13

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

15

Executed on July 2, 2015, at Los Angeles, California.

16

17

_____
Angie Sotelo

18

19

20

21

22

23

24

25

26

27

28

SMRH:440002244.1

EXHIBIT 1
14

1

## SERVICE LIST

2

3  Bryan Westerfeld                              *Attorneys for Defendant UnitedHealth*
   Nicole E. Wursher                            *Group, Inc. and*
4  WALRAVEN & WESTERFELD LLP                     *Defendants/Counterclaim Plaintiffs*
   101 Enterprise, Suite 350                     *United Healthcare Services, Inc.,*
5  Aliso Viejo, CA 92636                         *United Healthcare Insurance Company;*
   Tel. (949) 215-1997                           *and OptumInsight, Inc.*
6  Fax: (949) 215-1999
   Email: bwesterfeld@calemployerlaw.com
7  Email: nwurscher@calemployerlaw.com

8

9  R.J. Zayed                                    *Attorneys for Defendant UnitedHealth*
   Stephen P. Lucke                             *Group, Inc. and*
10 DORSEY & WHITNEY LLP                          *Defendants/Counterclaim Plaintiffs*
   50 South Sixth Street, Suite 1500             *United Healthcare Services, Inc.,*
11 Minneapolis, MN 55402                         *United Healthcare Insurance Company;*
   Tel: (612) 340-2600                           *and OptumInsight, Inc.*
12 Fax: (612) 340-2868
   Email: zayed.rj@dorsey.com
   Email: lucke.steve@dorsey.com
13

14 Daron L. Tooch                               *Attorneys for Plaintiff and Counter-*
   Eric D. Chan                                 *Defendant Providers*
15 Katherine M. Dru
   HOOPER, LUNDY & BOOKMAN, P.C.
16 1875 Century Park East, Suite 1600
   Los Angeles, CA 90067
17 Tel: (310) 551-8111
   Fax: (310) 551-8181
18 Email: dtooch@health-law.com
   Email: echan@health-law.com
19 Email: kdru@health-law.com

20

21

22

23

24

25

26

27

28

SMRH:440002244.1                AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST
EXHIBIT 1                        SET OF INTERROGATORIES
15

**EXHIBIT 2**

**DECLARATION OF MICHAEL ROWE**

EXHIBIT 2
16

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   BRYAN D. DALY, Cal. Bar No. 117901
3  bdaly@sheppardmullin.com
   CHARLES L. KREINDLER, Cal. Bar No. 119933
4  ckreindler@sheppardmullin.com
   BARBARA E. TAYLOR, Cal. Bar No. 166374
5  btaylor@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California 90071-1422
   Telephone:  213.620.1780
7  Facsimile:   213.620.1398

8  Attorneys for Individual Counterclaim
   Defendants Michael Omidi, M.D. and
9  Julian Omidi

10              UNITED STATES DISTRICT COURT

11       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  ALMONT AMBULATORY               Case No. 2:14-cv-03053-MWF(VBKx)
    SURGERY CENTER, LLC, a          Honorable Michael W. Fitzgerald
    California limited liability company, et
14  al.,                            **MICHAEL OMIDI, M.D. AND
                                    JULIAN OMIDI'S AMENDED
15              Plaintiffs,         RESPONSE TO
         v.                         DEFENDANTS'/COUNTERCLAIM
                                    PLAINTIFFS' FIRST REQUEST
16                                  FOR DOCUMENTS**
    UNITEDHEALTH GROUP, INC.;
17  UNITED HEALTHCARE SERVICES,
    INC., UNITED HEALTHCARE         Complaint Filed:  March 21, 2014
18  INSURANCE COMPANY;
    OPTUMINSIGHT, INC., and DOES 1  Trial Date:  None Set
19  through 20,

20              Defendants.

21  UNITED HEALTHCARE SERVICES,
    INC., UNITED HEALTHCARE
22  INSURANCE COMPANY;
    OPTUMINSIGHT, INC.,
23
                Counterclaim Plaintiffs,
24       v.

25  ALMONT AMBULATORY
    SURGERY CENTER, LLC, a
26  California limited liability company; et
    al.,
27              Counterclaim Defendants.

28

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | DEFENDANTS/COUNTERCLAIM PLAINTIFFS ("UNITED") |
| 2 | | |
| | RESPONDING PARTY: | INDIVIDUAL COUNTERCLAIM DEFENDANTS |
| 3 | | MICHAEL OMIDI, M.D. and JULIAN OMIDI |
| 4 | SET NO.: | ONE |

5 | **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

6 | **PRELIMINARY STATEMENT**

7 | In light of the Court's ruling on Counterclaim Defendants' Motions to

8 | Dismiss the First Amended Counterclaim, filed on February 12, 2015, Individual

9 | Counterclaim Defendants Michael Omidi, M.D. and Julian Omidi hereby amend

10 | their Response to United's First Set of Interrogatories to Plaintiffs/Counterclaim

11 | Defendants.

12 | Individual Counterclaim Defendants hereby incorporate all General

13 | Objections and Specific Objections of Plaintiffs and Counter-Defendants Almont

14 | Ambulatory Surgery Center, LLC, et al., i.e., the "Providers," as modified by

15 | conferences of counsel.

16 | **REQUEST FOR PRODUCTION NO. 1:**

17 | Produce an excel [sic] or similar spreadsheet listing (1) all claims submitted

18 | by you to United for payment with respect to all patients referred to in (a) the

19 | Complaint, (b) the Amended Complaint filed in Case No. 2:14-cv-02139, (c)

20 | Plaintiffs' Master UHC Spreadsheet for Production (produced to United on July 3,

21 | 2013), or (d) Appendix I to United's First Amended Counterclaim, and (2) all

22 | amounts you have received, from any source, including patients, as partial or full

23 | payment with respect to such patient claims. Such spreadsheet shall include, at a

24 | minimum, the following fields for each amount you seek for services provided: (a)

25 | patient's last name, (b) patient's first name, (c) the date of service, (d) the CPT or

26 | other procedure code, (e) the billed charge, (f) the amount paid, (g) the provider's

27 | name, (h) the provider's tax identification number, (i) if known, the name of the

28 | group plan under which the patient is or may be covered, (j) if known, whether the

1

1  group plan is self-funded or fully insured, and (k) date payment received by or on

2  behalf of Plaintiffs and source of payment, i.e., United, other insurer, or patient.

3  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

4        Individual Counterclaim Defendants object to this Request on the following

5  grounds.  This Request seeks to discover documents that, to the extent they exist, are

6  not within Individual Counterclaim Defendants' possession, custody, or control in

7  their individual capacities.  In the event such documents are determined to be within

8  Individual Counterclaim Defendants' possession, custody, or control, Individual

9  Counterclaim Defendants specifically incorporate the Providers' objections and

10  response to this Request, as modified by conferences of counsel.  United will obtain

11  all business records to which it is entitled from the Providers.  Finally, at this time,

12  and on the advice of counsel, Individual Counterclaim Defendants assert their Fifth

13  Amendment rights and elect not to further respond to this Request.

14  **REQUEST FOR PRODUCTION NO. 2:**

15        For each of the claims listed on Exhibit A, produce all documents and

16  communications relating to such claims, including but not limited to:

17       (a)    Billing Records;

18       (b)    Medical Records;

19       (c)    Claim records, including copies of the claim forms Plaintiffs submitted

20  to United (HCFA 1500,CMS 1500, UB-92, UB-04 etc);

21       (d)    Scheduling records;

22       (e)    Patient sign-in logs;

23       (f)    Benefits or coverage information;

24       (g)    Requests for authorization or approval for services;

25       (h)    Patient assignments, patient authorizations or other patient records;

26       (i)    Correspondence with Exhibit A patients, United or other

27  insurers/payers, including all correspondence relating to appeals of denied claims;

28       (j)    E-mail;

2

1        (k)    Call recordings, call transcripts, and call notes, including notes of calls

2    in the database or computer system, as alleged in Paragraph 124 of the Complaint;

3    and

4        (l)    Documents reflecting any settlement or compromise of any dispute

5    relating to such claims.

6    **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7        Individual Counterclaim Defendants object to this Request on the ground that

8    it seeks documents that, to the extent they exist, are not within their possession,

9    custody, or control in their individual capacities.  In the event such documents are

10   determined to be within the possession, custody, or control of Individual

11   Counterclaim Defendants, Individual Counterclaim Defendants specifically

12   incorporate the Providers' objections to this Request, as modified by conferences of

13   counsel.  United will obtain all business records to which it is entitled from the

14   Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth

15   Amendment rights and elect not to further respond to this Request.

16   **REQUEST FOR PRODUCTION NO. 3:**

17       Produce Billing Records sufficient to show all amounts paid by any United

18   Member to any Plaintiff or Counterclaim Defendant, to the extent this information is

19   not produced in response to Request for Production No. 1.

20   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

21       Individual Counterclaim Defendants object to this Request on the ground that

22   it seeks documents that, to the extent they exist, are not within their possession,

23   custody, or control in their individual capacities.  In the event such documents are

24   determined to be within the possession, custody, or control of Individual

25   Counterclaim Defendants, Individual Counterclaim Defendants specifically

26   incorporate the Providers' objections to this Request, as modified by conferences of

27   counsel.  United will obtain all business records to which it is entitled from the

28

Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents reflecting or discussing the organizational structure of any Plaintiff or Corporate Counterclaim Defendant, including those that identify (i) the organization, hierarchy, management, or control of employees or independent contractors, (ii) the organization or hierarchy of executive and/or management personnel, (iii) the relationship between and among Plaintiffs/Counterclaim Defendants, and (iv) the ownership, membership, or control of Plaintiffs / Counterclaim Defendants.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Individual Counterclaim Defendants object to this Request on the ground that it seeks documents that, to the extent they exist, are not within their possession, custody, or control in their individual capacities.  In the event such documents are determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel.  United will obtain all business records to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all agreements or contracts (employment, independent contractor, or otherwise), payroll records, or other records reflecting or addressing the terms of employment, responsibilities, duties, employment status, and relationship, between Counterclaim Defendants and any of the following individuals:

    a.    Maureen Jaroscak

    b.    Robert Silverman

    c.    Elliot Alpert

d.   Cindy Omidi

e.   Thomas Cloud

f.   Charles Klasky

g.   Robert Macatangay

h.   Araminta Salazar

i.   Ryan Stanton

j.   Shawn Pezeshk

k.   Alexander Weisse

l.   Maria Abaca

m.   Yesenia F.

n.   Levi Green

o.   Kimberly Fortier

p.   Dr. Atul Madan

q.   Dr. Michael Sedrak

r.   Dr. Lee Au

s.   Dr. Julius Gee

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Individual Counterclaim Defendants object to this Request on the ground that it seeks documents that, to the extent they exist, are not within their possession, custody, or control in their individual capacities.  In the event such documents are determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel.  United will obtain all business records to which it is entitled from the Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

SMRH:440009565.1
EXHIBIT 2
22

AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
FIRST REQUEST FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents reflecting or referring to the creation of the Corporate Counterclaim Defendants, including filings with state entities related to the creation of Corporate Counterclaim Defendants and documents showing the members or agents of those entities.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Individual Counterclaim Defendants object to this Request on the ground that it seeks documents that, to the extent they exist, are not within their possession, custody, or control in their individual capacities. In the event such documents are determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications between the Omidis and any of the following individuals related to the creation, incorporation, organization, or governance of any Corporate Counterclaim Defendant:

      a.      Maureen Jaroscak

      b.      Robert Silverman

      c.      Elliot Alpert

      d.      Cindy Omidi

      e.      Thomas Cloud

      f.      Charles Klasky

      g.      Robert Macatangay

      h.      Araminta Salazar

      i.      Ryan Stanton

6

j.    Shawn Pezeshk

k.    Alexander Weisse

l.    Maria Abaca

m.    Yesenia F.

n.    Levi Green

o.    Kimberly Fortier

p.    Dr. Atul Madan

q.    Dr. Michael Sedrak

r.    Dr. Lee Au

s.    Dr. Julius Gee

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Individual Counterclaim Defendants object to this Request on the following grounds. United's definition of "the Omidis" (*See* Definitions No. 3) is improper, overbroad and unduly burdensome (seeks "all communications" between "the Omidis" and nineteen individuals regarding the "creation, incorporation, organization, or governance" of two dozen entities), and designed to invade the attorney-client privilege and attorney work product doctrine, as it is not limited to the Individual Counterclaim Defendants, but also includes "any of their attorneys, agents, assigns, or any persons or entities acting on their behalf." This Request seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Finally, at this time, and on the advice of counsel, Individual Counterclaim Defendants assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all agreements or contracts (employment, independent contractor, or otherwise) and payroll records between any Plaintiff or Counterclaim Defendant and any physician, nutritionist, psychologist, psychiatrist, nurse, or other medical or health care professional who provided health care services to any Exhibit A Patient.

7

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Individual Counterclaim Defendants object to this Request on the ground that it seeks documents that, to the extent they exist, are not within their possession, custody, or control in their individual capacities. In the event such documents are determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents reflecting, discussing, or addressing scripts, workflow, questionnaires, policies, procedures, practices, or training materials for employees, agents, or independent contractors associated with Plaintiffs or Counterclaim Defendants, including but not limited to call center personnel, administrators, billing personnel, staff, or health care professionals, including surgeons, physicians, doctors, nurses, psychologists, psychiatrists, therapists, nutritionists, social workers, and laboratory specialists.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Individual Counterclaim Defendants object to this Request on the ground that it seeks documents that, to the extent they exist, are not within their possession, custody, or control in their individual capacities. In the event such documents are determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

8

1  **REQUEST FOR PRODUCTION NO. 10:**

2       Produce all documents reflecting, discussing, or addressing Plaintiffs or

3  Counterclaim Defendants' marketing or advertising strategy, budget, expenditures,

4  and/or success or conversion rates.

5  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

6       Individual Counterclaim Defendants object to this Request on the ground that

7  it seeks documents that, to the extent they exist, are not within their possession,

8  custody, or control in their individual capacities.  In the event such documents are

9  determined to be within the possession, custody, or control of Individual

10  Counterclaim Defendants, Individual Counterclaim Defendants specifically

11  incorporate the Providers' objections to this Request, as modified by conferences of

12  counsel.  United will obtain all business records to which it is entitled from the

13  Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth

14  Amendment rights and elect not to further respond to this Request.

15  **REQUEST FOR PRODUCTION NO. 11:**

16       Produce all contracts, agreements, leases, or other documents reflecting any

17  agreement or business relationship between, on the one hand, each Counterclaim

18  Defendant, and, on the other hand, any other Counterclaim Defendant.

19  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

20       Individual Counterclaim Defendants object to this Request on the ground that

21  it seeks documents that, to the extent they exist, are not within their possession,

22  custody, or control in their individual capacities.  In the event such documents are

23  determined to be within the possession, custody, or control of Individual

24  Counterclaim Defendants, Individual Counterclaim Defendants specifically

25  incorporate the Providers' objections to this Request, as modified by conferences of

26  counsel.  United will obtain all business records to which it is entitled from the

27  Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth

28  Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all tax returns for each Plaintiff and Counterclaim Defendant from 2005 to present.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Individual Counterclaim Defendants object to this Request on the following grounds. This Request seeks documents that are not within Individual Counterclaim Defendants' possession, custody, or control in their individual capacities. In the event such documents are determined to be within Individual Counterclaim Defendants' possession, custody, or control, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. This Request seeks highly sensitive financial information that is not reasonably calculated to lead to discoverable evidence relating to any claim, defense, or theory of liability in this action. Finally, at this time, and on the advice of counsel, Individual Counterclaim Defendants assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all tax returns for the Omidis from 2005 to present.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Individual Counterclaim Defendants object to this Request on the following grounds. United's definition of "the Omidis" (*See* Definitions No. 3) is improper and overbroad, as it is not limited to the Individual Counterclaim Defendants, but also includes "any of their attorneys, agents, assigns, or any persons or entities acting on their behalf." This Request seeks highly sensitive financial information that is not reasonably calculated to lead to discoverable evidence relating to any claim, defense, or theory of liability in this action. Finally, at this time, and on the advice of counsel, Individual Counterclaim Defendants assert their Fifth Amendment rights and elect not to further respond to this Request.

10

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents reflecting any compensation, financial or otherwise, received by the Omidis from any Plaintiff or Corporate Counterclaim Defendant, including payroll or distribution records.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Individual Counterclaim Defendants object to this Request on the following grounds. United's definition of "the Omidis" (*See* Definitions No. 3) is improper, overbroad, and designed to invade the attorney-client privileged and attorney work product doctrine, as it is not limited to the Individual Counterclaim Defendants, but also includes "any of their attorneys, agents, assigns, or any persons or entities acting on their behalf." This Request seeks highly sensitive financial information that is not reasonably calculated to lead to discoverable evidence relating to any claim, defense, or theory of liability in this action. Finally, at this time, and on the advice of counsel, Individual Counterclaim Defendants assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents reflecting or addressing the compensation, financial or otherwise, received by the following individuals from any Plaintiff or Counterclaim Defendant, including payroll or distribution records or records of loans, fees reportable on IRS Form No. 1099, consulting fees or other payments:

a.    Maureen Jaroscak

b.    Robert Silverman

c.    Elliot Alpert

d.    Cindy Omidi

e.    Thomas Cloud

f.    Charles Klasky

g.    Robert Macatangay

h.    Araminta Salazar

11

1      i.      Ryan Stanton

2      j.      Shawn Pezeshk

3      k.      Alexander Weisse

4      1.      Maria Abaca

5      m.      Yesenia F.

6      n.      Levi Green

7      o.      Kimberly Fortier

8      p.      Dr. Atul Madan

9      q.      Dr. Michael Sedrak

10      r.      Dr. Lee Au

11      s.      Dr. Julius Gee

12  **<u>AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15</u>:**

13          Individual Counterclaim Defendants object to this Request on the ground that

14  it seeks documents that, to the extent they exist, are not within their possession,

15  custody, or control in their individual capacities.  In the event such documents are

16  determined to be within the possession, custody, or control of Individual

17  Counterclaim Defendants, Individual Counterclaim Defendants specifically

18  incorporate the Providers' objections to this Request, as modified by conferences of

19  counsel.  United will obtain all business records to which it is entitled from the

20  Providers.  Finally, at this time, and on the advice of counsel, assert their Fifth

21  Amendment rights and elect not to further respond to this Request.

22  **<u>REQUEST FOR PRODUCTION NO. 16</u>:**

23          Produce all documents, including communications from or to a financial

24  institution, related to the opening, initiation, signature authority, or closing of any

25  bank, savings, or investment account into which funds related to any United

26  Member was deposited.

27

28

SMRH:440009565.1                    AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
EXHIBIT 2                           FIRST REQUEST FOR DOCUMENTS
29

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Individual Counterclaim Defendants object to this Request on the ground that it seeks documents that, to the extent they exist, are not within their possession, custody, or control in their individual capacities. In the event such documents are determined to be within the possession, custody, or control of Individual Counterclaim Defendants, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all subpoenas, search warrants, civil investigative demands, or other informal demands issued to a Plaintiff or Counterclaim Defendant by any Government investigative or regulatory entity from 2005 to the present that relates to the allegations in the First Amended Counterclaim.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Individual Counterclaim Defendants object to this Request on the following grounds. This Request seeks documents that, to the extent they exist, are not within Individual Counterclaim Defendants' possession, custody, or control in their individual capacities. In the event such documents are determined to be within Individual Counterclaim Defendants' possession, custody, or control, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. This Request is not reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this action. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents produced by a Plaintiff or Counterclaim Defendant to any Government investigative or regulatory entity from 2005 to the present that relates to the allegations in the First Amended Counterclaim.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Individual Counterclaim Defendants object to this Request on the following grounds. This Request seeks documents that, to the extent they exist, are not within Individual Counterclaim Defendants' possession, custody, or control in their individual capacities. In the event such documents are determined to be within Individual Counterclaim Defendants' possession, custody, or control, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. This Request is not reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this action. Finally, at this time, and on the advice of counsel, assert their Fifth Amendment rights and elect not to further respond to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents or communications between you and Allergan related to LapBand pricing.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Individual Counterclaim Defendants object to this Request on the following grounds. This Request seeks documents, to the extent they exist, that are not within Individual Counterclaim Defendants' possession, custody, or control in their individual capacities. In the event such documents are determined to be within Individual Counterclaim Defendants' possession, custody, or control, Individual Counterclaim Defendants specifically incorporate the Providers' objections to this Request, as modified by conferences of counsel. United will obtain all business records to which it is entitled from the Providers. This Request is not reasonably

14

1  calculated to lead to discoverable evidence relating to any patient claim at issue in

2  this action.  Finally, at this time, and on the advice of counsel, assert their Fifth

3  Amendment rights and elect not to further respond to this Request.

4  **REQUEST FOR PRODUCTION NO. 20:**

5       Produce all documents relating to any claims or defenses asserted in this

6  action.

7  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

8       Individual Counterclaim Defendants object to this Request on the following

9  grounds.  This Request seeks documents, to the extent they exist, that are not within

10 Individual Counterclaim Defendants' possession, custody, or control in their

11 individual capacities.  In the event such documents are determined to be within

12 Individual Counterclaim Defendants' possession, custody, or control, Individual

13 Counterclaim Defendants specifically incorporate the Providers' objections to this

14 Request, as modified by conferences of counsel.  United will obtain all documents

15 regarding the Providers' claims and defenses to which it is entitled from the

16 Providers.  This Request does not apply to the Individual Counterclaim Defendants

17 to the extent it concerns "claims" because they are not Plaintiffs in this action and

18 therefore do not have any claims in this action in their individual capacities.  To the

19 extent this Request concerns "defenses," the Second Amended Counterclaim is

20 subject to the pending Motions to Dismiss and depending on the outcome of those

21 Motions, defenses may not be relevant.  Finally, at this time, and on the advice of

22 counsel, assert their Fifth Amendment rights and elect not to further respond to this

23 Request.

24 **REQUEST FOR PRODUCTION NO. 21:**

25      Produce all documents that You intend to introduce or rely upon at trial of

26 this matter.

27

28

SMRH:440009565.1                    AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
EXHIBIT 2                           FIRST REQUEST FOR DOCUMENTS
32

1  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2      Individual Counterclaim Defendants object to this Request on the following

3  grounds.  The Second Amended Counterclaim is subject to the pending Motions to

4  Dismiss.  If the Individual Counterclaim Defendants are dismissed, then this

5  Request will not apply to Individual Counterclaim Defendants.  This Request is

6  premature, since the parties have not yet engaged in significant fact discovery and it

7  is too early to identify all documents that Individual Counterclaim Defendants

8  intend to "introduce or rely upon" at trial if they are not dismissed from this action.

9  Finally, at this time, and on the advice of counsel, assert their Fifth Amendment

10  rights and elect not to further respond to this Request.

11  **REQUEST FOR PRODUCTION NO. 22:**

12      Produce all documents You referenced or relied upon in answering

13  DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF

14  INTERROGATORIES TO COUNTERCLAIM DEFENDANTS.

15  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16      Individual Counterclaim Defendants object to this Request on the following

17  grounds.  This Request intrudes upon the attorney-client privilege and attorney work

18  product doctrine.  This Request is overbroad and unduly burdensome.  Finally, at

19  this time, and on the advice of counsel, assert their Fifth Amendment rights and

20  elect not to further respond to this Request.

21  Dated:  July 2, 2015

22                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

23

24                      By

25                          BARBARA E. TAYLOR
                            Attorneys for Individual Counterclaim
26                          Defendants Michael Omidi, M.D.
                            and Julian Omidi
27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On July 2, 2015, I served true copies of the following document(s) described as **MICHAEL OMIDI, M.D. AND JULIAN OMIDI'S AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS** on the interested parties in this action as follows:

**See Attached Service List**

☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 2, 2015, at Los Angeles, California.

_____
Angie Sotelo

---

SMRH:440009565.1
EXHIBIT 2
34

1

AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
FIRST REQUEST FOR DOCUMENTS

| | |
|---|---|
| | **SERVICE LIST** |

1

2

3  Bryan Westerfeld                                    *Attorneys for Defendant UnitedHealth*
   Nicole E. Wursher                                   *Group, Inc. and*
4  WALRAVEN & WESTERFELD LLP                           *Defendants/Counterclaim Plaintiffs*
   101 Enterprise, Suite 350                           *United Healthcare Services, Inc.,*
5  Aliso Viejo, CA 92636                               *United Healthcare Insurance Company;*
   Tel. (949) 215-1997                                 *and OptumInsight, Inc.*
6  Fax: (949) 215-1999
   Email: bwesterfeld@calemployerlaw.com
7  Email: nwurscher@calemployerlaw.com

8

9  R.J. Zayed                                          *Attorneys for Defendant UnitedHealth*
   Stephen P. Lucke                                    *Group, Inc. and*
   DORSEY & WHITNEY LLP                                *Defendants/Counterclaim Plaintiffs*
10 50 South Sixth Street, Suite 1500                   *United Healthcare Services, Inc.,*
   Minneapolis, MN 55402                               *United Healthcare Insurance Company;*
11 Tel: (612) 340-2600                                 *and OptumInsight, Inc.*
   Fax: (612) 340-2868
12 Email: zayed.rj@dorsey.com
   Email: lucke.steve@dorsey.com

13
   Daron L. Tooch                                      *Attorneys for Plaintiff and Counter-*
14 Eric D. Chan                                        *Defendant Providers*
   Katherine M. Dru
15 HOOPER, LUNDY & BOOKMAN, P.C.
   1875 Century Park East, Suite 1600
16 Los Angeles, CA 90067
   Tel: (310) 551-8111
17 Fax: (310) 551-8181
   Email: dtooch@health-law.com
18 Email: echan@health-law.com
   Email: kdru@health-law.com

19

20

21

22

23

24

25

26

27

28

2

SMRH:440009565.1                         AMENDED RESPONSE TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
EXHIBIT 2                                                    FIRST REQUEST FOR DOCUMENTS
35

**EXHIBIT 3**

**DECLARATION OF MICHAEL ROWE**

EXHIBIT 3
36

HOOPER, LUNDY & BOOKMAN, P.C.

ROBERT W. LUNDY, JR.
PATRIC HOOPER
LLOYD A. BOOKMAN
W. BRADLEY TULLY
JOHN R. HELLOW
LAURENCE D. GETZOFF
DAVID P. HENNINGER
TODD E. SWANSON
LINDA RANDLETT KOLLAR
MARK E. REAGAN
DARON L. TOOCH
GLENN E. SOLOMON
CRAIG J. CANNIZZO
SCOTT J. KIEPEN
MARK A. JOHNSON
STEPHEN K. PHILLIPS
HOPE R. LEVY-BIEHL
JODI P. BERLIN
STACIE K. NERONI
CHARLES B. OPPENHEIM
JORDAN B. KEVILLE
ROBERT L. ROTH*
DEVIN M. SENELICK
DAVID A. HATCH
M. STEVEN LIPTON
HARRY SHULMAN
PAUL T. SMITH

ALL ATTORNEYS ADMITTED IN CALIFORNIA
AND NOT D.C. UNLESS NOTED

* ADMITTED IN WASHINGTON, D.C.,
MARYLAND & PENNSYLVANIA ONLY
** ADMITTED IN WASHINGTON, D.C.,
& MARYLAND ONLY
*** ADMITTED IN WASHINGTON, D.C.
& PENNSYLVANIA ONLY
**** ADMITTED IN WASHINGTON D.C.
& FLORIDA ONLY
***** OF COUNSEL

HEALTH CARE LAWYERS & ADVISORS
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TELEPHONE (310) 551-8111
FACSIMILE (310) 551-8181
WEB SITE: WWW.HEALTH-LAW.COM

———————

OFFICES ALSO LOCATED IN
SAN DIEGO
SAN FRANCISCO
WASHINGTON, D.C.

MATTHEW CLARK
KARL A. SCHMITZ
FELICIA Y SZE
JENNIFER A. HANSEN
**JAMES F. SEGROVES
ROSS E. CAMPBELL
****WILLIAM B. ECK
**PRECIOUS MURCHISON GITTENS
*****W. CLARK STANTON
NINA ADATIA MARSDEN
JOSEPH R. LAMAGNA
TRACY A. JESSNER HALE
AMANDA L. HAYES-KIBREAB
MICHAEL S. HOUSKE
MARY K. NORVELL
KATHERINE M. DRU
AMY M. JOSEPH
KATRINA A. PAGONIS
BEN A. DURIE
ERIC D. CHAN
SANDI KRUL
STANTON J. STOCK
YANYAN ZHOU
JASMIN S. NIKU
*****MICHAEL A. ZABLOCKI
***KELLY A. CARROLL
RUBY W. WOOD
SANSAN LIN
BRIDGET A. GORDON
JONATHAN H. SHIN

WRITER'S DIRECT DIAL NUMBER:
(310) 551-8158

WRITER'S E-MAIL ADDRESS:
ECHAN@HEALTH-LAW.COM

FILE NO. 82733.910

June 9, 2015

**VIA EMAIL AND U.S. MAIL**

Kirsten E. Schubert
Dorsey & Whitney
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498

   Re: ***Almont, et al. v. United, et al., No. 14-cv-3053-MWF-VBKx***

Dear Kirsten:

   I write briefly to respond to the points raised in your letter of June 2, 2015. We would be available to meet and confer with you on these issues this Friday, June 12, or a mutually agreeable time next week.

**I.**  **Document Requests**

   As you are well aware, the Providers' production of documents to you commenced back in February and has proceeded on a rolling basis, with the most recent production of nearly a thousand pages being made to you just two weeks ago. In contrast, United has not produced a single page or piece of information to the Providers in this lawsuit (an issue which we are separately addressing with you.) That being said, I will respond to and clarify a number of the demands made in your letter.

   **TINs**: On February 27, 2015, we provided tax identification numbers and NPIs to you for the providers that billed United. You have not raised any additional issues with respect to these identification numbers.

HOOPER, LUNDY & BOOKMAN, P.C.
HEALTH CARE LAWYERS

Kirsten E. Schubert
June 9, 2015
Page 2

**Information about Patient Payments**: As we previously noted, due to the way our electronic records are kept, we can provide patient payment information only for individual patients that you identify. We are in the process of gathering information about the date and amount of payments made by patients who are (1) exemplar patients (e.g., United Members) in the Second Amended Counterclaim (SACC), and (2) the 11 members you identified on Appendix II. With respect to the latter, we have asked for the actual names, but have not yet received them. Please let us know when you will provide that information.

**Patient Medical and Billing Files**: Thank you for acknowledging receipt of the records for United Members 1 through 15. While we disagree that the patient files that you have received are somehow incomplete, we are happy to discuss specific categories of documents that you would like to request in addition to the ones we provided you on our call.

Also, per our prior discussions, we are currently in the process of reviewing the patient files for the overlap patients, and will produce those when our review is complete.

**Organizational Charts (RFP 4)**: As you note, we have already promised to supplement our response to this Request, whether with documents, or an informal narrative of some kind. Our search and review for such documents is still ongoing.

**Contracts with Independent Contractors and Physicians**: We produced roughly 918 pages of agreements with doctors and other independent contractors, on May 27, 2015. Your letter, which was written after that date, does not appear to acknowledge that production. Our search and review of such documents is ongoing.

**Compensation Records**: With respect to payment and compensation records, including payroll records, we strongly disagree with your characterization of such documents as "highly relevant" to anything, much less to the purported "perpetrators of the fraud and conspiracy." The Provider Counterclaim Defendants, like any healthcare providers, employed many people, whether as employees or independent contractors. The fact that the Providers paid their employees and independent contractors is honestly not probative of anything. In any case, the point is moot, because such records are no longer in our clients' possession or control.

**Secretary of State Filings (RFP Nos. 6)**: We will consider your request for documents responsive to RFP No. 6 if you agree to limit that extremely broad Request – which seeks "all documents reflecting or referring to the creation of" the Provider Counterclaim Defendants" – to filings made with California Secretary of State.

**Communications Regarding the Creation of Corporate Entities (RFP No. 7):** RFP No. 7 seeks "all communications" between "the Omidis" and nineteen nonparty individuals. Even if such communications are in the <u>Providers'</u> possession and control, and setting aside the fact that Michael and Julian Omidi are represented by separate counsel, simply <u>identifying</u> the

HOOPER, LUNDY & BOOKMAN, P.C.
HEALTH CARE LAWYERS

Kirsten E. Schubert
June 9, 2015
Page 3

communications sought cannot be done until the parties develop and execute protocols relating to e-mail, which they have not yet begun. Certainly, United has not produced any of e-mails responsive to our document requests (or any documents whatsoever, for that matter). We also note that this request appears to be unnecessary and irrelevant in light of the information sought by RFP No. 6.

**RFPs Nos. 12, 14, 15, 17, 18, 19**: As I noted in my February 18, 2015 letter, the Providers have objected to these particular requests on numerous grounds not relating to "alter ego." For instance, the Providers' tax returns (RFP No. 12) are not relevant to United's ERISA or state law claims; and the Providers have already agreed to supplement their response to RFP No. 4, dealing with the organizational charts.

Likewise, information about supposed payments to the Omidi brothers (RFP No. 15) are irrelevant to the issue of how any purported fraud <u>on United</u> was carried out. And for the reasons set forth in my February letter, information requested by or provided to the government (RFPs Nos. 17 and 18) is irrelevant to this private civil dispute about money.

**RFPs Nos. 9, 10, 11 and 16**: We are still investigating as to the status of whether documents exist that are responsive to these requests and are in our possession and control, and will get back to you.

## II.  <u>Interrogatories</u>

We are still working on supplementing the interrogatory responses that we previously agreed to supplement. Please let us know if there are any responses in particular that you would like us to prioritize.

We are reviewing your other requests to reconsider our objections to specific Interrogatories. However, we would ask that United review our current and future document production first.

With respect to Interrogatory No. 12, we reiterate that we are willing to identify the physical location of documents to the extent they are within our possession and control. We believe we have no obligation to identify responsive documents that are not in our possession or control, especially if they are equally as available to United as they are to the Providers.

Also, we continue to believe that Interrogatory 13 is premature. In view of our Complaint and Initial Disclosures in this case, why do you need us to reiterate the factual basis for our claim for damages?

HOOPER, LUNDY & BOOKMAN, P.C.
HEALTH CARE LAWYERS

Kirsten E. Schubert
June 9, 2015
Page 4

### III.    E-mail Collection and Production

We are willing to discuss a _mutual_ exchange of custodial e-mail information at the appropriate time.  We are happy to discuss this with you further.

### IV.    Confidentiality Designations

Thank you for the explanation regarding the origin of the puzzling "TPS" Bates prefix that was assigned to the documents for many of the third parties.  Unfortunately, it still does not explain which third parties produced which documents.  Moreover, your own requests for de-designation confirm that the "TPS" documents appear to originate from numerous sources, including highly sensitive and nonpublic sources, which absolutely warrant higher confidentiality designations.  That being said, we are willing to revisit certain of our confidentiality designations.  We will respond to you on this issue under separate cover.

### V.    Conclusion

Please let me know when you would like to discuss any these issues.

Very truly yours,

Eric D. Chan

1187373_1.docx    EXHIBIT 3
40