O

# United States District Court
# Central District of California

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, *et al.*, <br>           Plaintiffs, <br>     v. <br> UNITEDHEALTH GROUP, INC., *et al.*, <br>           Defendants. <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ <br> UNITED HEALTHCARE SERVICES, INC., *et al.*, <br>           Counterclaim Plaintiffs, <br>     v. <br> ALMONT AMBULATORY SURGERY CENTER, LLC, *et al.*, <br>           Counterclaim Defendants. | Case № 2:14-cv-03053-MWF (AFMx) <br><br> **ORDER (1) DENYING JULIAN OMIDI'S MOTION TO DISQUALIFY JUDGE MICHAEL FITZGERALD [256], (2) DENYING OMIDI'S APPLICATION TO FILE ASSOCIATED EXHIBITS UNDER SEAL [255], AND (3) SETTING AN OSC RE: SANCTIONS AGAINST ROBERT J. RICE, ESQ.** |

## I.   INTRODUCTION

This litigation began in Los Angeles Superior Court on March 21, 2014 when Plaintiffs filed a Complaint for alleged violations of section 17200 of the California Business & Professions Code, breach of implied-in-fact contracts, recovery of services rendered, equitable estoppel, and declaratory relief.  (Dkt. No. 1.)  On April 21, 2014, Defendants UnitedHealth Group, Inc., United Healthcare Services, Inc., and others (collectively, "United") removed this action to federal court.  (*Id.*)  On May 15, 2014, United filed a Counterclaim, adding several Counterclaim Defendants, including Michael Omidi, M.D. and Kambiz Benjamin Omidi a.k.a. Julian Omidi (collectively, "the Omidis").  (Dkt. No. 25.)  United amended the Counterclaim on September 3, 2014 to include allegations that the Omidis conspired to defraud the public and United out of millions of dollars in payments for unnecessary or never-provided medical procedures, or for procedures not covered by United's contracts.   (First Am. Countercl. ¶¶ 62, 68, Dkt. No. 45.)

It is apparent that there is a parallel criminal investigation into this alleged fraudulent practice by the U.S. government, evidenced by the fact that Magistrate Judge Victor Kenton issued a seizure warrant directed toward one of the parties in this action.  (*See, e.g.*, Dkt. No. 97, pp. 17–20.)  This criminal investigation has provided the impetus for the instant motion to disqualify Judge Fitzgerald.

## II.   LEGAL STANDARD

Motions for disqualification are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).  Under 28 U.S.C. section 144, if a party demonstrates that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ."  28 U.S.C. § 144.  Under 28 U.S.C. section 455, a judge should disqualify himself from "any proceeding in which his impartiality might reasonably be questioned."  *Id.* § 455(a).  Moreover, section 144 requires that a motion made thereunder be determined by a judge other than "the judge

before whom the matter is pending." *Id.* § 144. Section 455 makes no such requirement, but as is customary in this District, all motions for disqualification are referred to another district judge in the same division. C.D. Cal. General Order 14-03 at 16.

Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Pesnell*, 543 F.3d at 1043. To require recusal, a judge's partiality must usually be based on information obtained outside the judicial process, or based upon a predisposition developed outside the judicial process. *Liteky v. United States*, 510 U.S. 540, 553–54 (1994).

### III.    PURPORTED GROUNDS FOR RECUSAL

As best as this Court can ascertain from their tortured reasoning, the Omidis planned to file a motion to disqualify the U. S. Attorney's Office ("USAO") from this civil case for purported violations of 26 U.S.C. section 6103. (*See* Mot. for Recusal, Declaration of Robert J. Rice ("Rice Decl.") ¶13, Dkt. No. 256.) Because of these alleged violations, the Omidis argue that, "the United States Attorney's Office's interest and, that of Patrick Fitzgerald, is to avoid any and all citations for the violations by a court." (*Id.*) Implied, though not specifically stated, unless Judge Fitzgerald issued a ruling on the motion against the U.S. government—thereby bringing discredit to the USAO, and by extension Patrick Fitzgerald—he could have only reached this decision by failing to consider the motion fairly on its merits. (*See id.* ¶¶ 13–16.)

First, there is no such motion currently on file or before Judge Fitzgerald, therefore there is no evidence that he would not be able to fairly and impartially discharge his duties. (*See* Dkt. No. 262.) Moreover, there may never be such a motion making discussion of recusal or disqualification prematurely. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) ("[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which

reasonably brings into question a judge's impartiality."); *United States v. Bennett*, No. SACR 03-0025(B) AHS, 2008 WL 2116581, at *1 (C.D. Cal. May 14, 2008) ("The possibility of bias must be real and demonstrable, rather than 'remote, contingent, indirect, or speculative.'").

Second, such a motion would be utterly without merit.  No Assistant United States Attorney is handling this civil case, therefore a motion to disqualify the USAO would be subject to summary dismissal as ill-conceived.  *See, e.g.*, *Reddy v. Webmedx*, No. CV 12-2406-CAS(JCx), 2012 WL 4056256, at *1 (C.D. Cal. Sep. 12, 2012).

**A.    The Instant Motion is Wholly Frivolous**

Counterclaim Defendant Julian Omidi nevertheless continues in his attempt to disqualify Judge Fitzgerald.  On January 22, 2016, the Court responded to the recusal motion, stating,

> The Motion for Recusal is based on this Court's twin brother, Patrick Fitzgerald being the First Assistant United States Attorney in this District.  Mr. Fitzgerald became the First Assistant on August 3, 2015.  Prior to his elevation, Patrick Fitzgerald served as Chief of the National Security Section with no supervisorial responsibility over any United States Attorneys who have appeared in this action. According to Mr. Rice, and as the record makes clear, the United States Attorney's Office is conducting a criminal investigation of Mr. Omidi and his brother, Dr. Michael Omidi.

(Civil Mins., p. 1, Dkt. No. 258.)

From the information contained both in the Minute Order by the Court and in the Opposition to the Motion for Recusal filed by United, it is obvious that there have been material omissions from the moving papers.  Further, when one considers the February 1, 2016 letter from AUSA Evan J. Davis to counsel for Counterclaim-Defendant Omidi, Robert J. Rice, it is clear that the continued prosecution of this motion is not in good faith.  The omissions were not merely inadvertent, but were apparently designed to mislead this Court.  Lastly, the gratuitous inclusion of personal

1   information about Judge Fitzgerald and his twin brother as superfluous exhibits to the

2   motion suggests a less than benevolent motivation.  *See Mertan v. E.R. Squibb &*

3   *Sons, Inc.*, 581 F. Supp. 751, 752 (C.D. Cal. 1980) (holding that successive and futile

4   motions suggested bad-faith litigiousness by counsel).

5       For the sake of accuracy, this Court will liberally quote the facts as set forth in

6   Judge Fitzgerald's Minute Order on January 22, 2016:

7           On January 5, 2015, the Omidis and the corporate
8           Counterclaim Defendants filed a Motion for an Order: (1)
            Releasing to Counterclaim Defendants Only for *In Camera*
9           Review Affidavits Filed Under Seal in Support of Warrants;
10          or (2) in the Alternative, Recusing Magistrate Judge.
            ("Motion for *In Camera* Review" (Docket No. 110)).
11
                                    . . .
12          On January 15, 2015, the government filed its
13          Unopposed Ex Parte Request to Intervene.  ("Request to
            Intervene" (Docket No. 123)).  The basis for the Request to
14          Intervene was that the government wanted to file an
15          opposition to the Motion for *In Camera* Review. (*Id*.). The
            government stated that its interest in this civil action was to
16          oppose the unsealing of the search warrant affidavits. (*Id*.).
17          [Judge Fitzgerald] granted the Request to Intervene that
            same day.  (*Id*.).
18
                Also on January 15, 2015, the government filed its
19          Opposition to the Motion for *In Camera* Review.  (Third
20          Party United States of America's Opposition to
            Counterclaim Defendants' Motion for an Order Releasing to
21          Counterclaim Defendants Only for *In Camera* Review
22          Affidavits Filed Under Seal in Support of Warrants  (Docket
            No. 122)).
23
                                    . . .
24          On February 12, 2015, this Court issued its Order
25          Denying Counterclaim Defendants' Motion for an Order: (1)
            Releasing to Counterclaim Defendants Only for *In Camera*
26          Review Affidavits Filed Under Seal in Support of Warrants;
27          or (2) in the Alternative, Recusing Magistrate Judge.
            (Docket No. 146).
28
    (Civil Mins., pp. 2–4, Dkt. No. 258.)

The government had accomplished the purpose of its intervention and it made no further appearances in this action.  However, this is the very crux of the motion now before this Court.  Omidi argues that recusal is required for two reasons.  First, Omidi argues recusal is necessary because Judge Fitzgerald failed to disclose conflicts of interest with First Assistant United States Attorney Patrick Fitzgerald.  (Mot. for Recusal, p. 15, Dkt. No. 256.)   Second, Omidi argues recusal is required under Judicial Conference of the United States Opinions 38-2 and 38-3, which call for a judge to recuse himself when a relative has supervisory responsibilities over the attorney handling a case before him.  (*Id.*)  The Court will address both arguments in turn.

The purported conflict of interest apparently stems from the fact that Judge Fitzgerald and his brother Patrick hold real estate together.  Much fuss is made of the fact they have not made a point of disclosing this fact.  (*See id.* at 10–11.)  Nor, as we might imagine, have they made a public disclosure of the fact that they have fraternal love for one another.  However, the Court does not accept Omidi's unsupported conclusion that this alone constitutes an independent basis for recusal.  *See Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1503 (9th Cir. 1987) (noting that 28 U.S.C. § 455(b)(4) requires a judge to disqualify himself where "[h]e knows that he . . . has a financial interest in the subject matter in the controversy or *in a party to the proceeding*") (emphasis added).

Next, sprinkled throughout Omidi's Memorandum of Points and Authorities are the dates of certain events.  Conspicuously absent, however, are: (1) the date of the Order Denying Counterclaim Defendants' Motion for *In Camera* Review (Dkt. No. 146) and (2) the date Patrick Fitzgerald was appointed First Assistant United States Attorney.  The reason for the omission is obvious.  The moving party is attempting to conceal the fact that the premise of the motion is simply false, while at the same time stating as fact assertions designed to mislead this Court.

6

1    The government's limited involvement in this civil case was terminated upon
2    Judge Fitzgerald's Order Denying Counterclaim Defendants' Motion for *In Camera*
3    Review.  That was on February 12, 2015.  (*Id.*)  Patrick Fitzgerald was not appointed
4    to First Assistant United States Attorney until August 3, 2015, nearly six months after
5    any AUSA last appeared in this civil action.  (Dkt. No. 258.)  Because the government
6    is not a party to this litigation, there is little to no likelihood of an AUSA handling this
7    case.  And because no AUSA is handling this litigation, there cannot be any AUSAs
8    handling this case under the supervision of Patrick Fitzgerald.  *See Beckman Indus.,*
9    *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (finding that intervenors "d[id]
10   not ask the district court to rule on additional claims or seek to become parties to the
11   action"); *In re Visa Check/MasterMoney Antitrust Litig.*, 190 F.R.D. 309, 312
12   (E.D.N.Y. 2000) (permitting the U.S. Department of Justice to intervene for the
13   limited purpose of modifying a protective order).  Consequently, Omidi's citations to
14   the Opinions of the U.S. Judicial Conference are of no moment.  Omidi ultimately
15   fails to persuade this Court that a reasonable person with knowledge of all of the facts
16   would conclude that Judge Fitzgerald's impartiality might reasonably be questioned.
17   *See Pesnell*, 543 F.3d at 1043.

18   **B.      The Instant Motion Appears to Violate Rule 11**

19   Federal Rule of Civil Procedure, Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or
> other paper—whether by signing, filing, submitting, or later
> advocating it—an attorney or unrepresented party certifies
> that to the best of the person's knowledge, information, and
> belief, formed after an inquiry reasonable under the
> circumstances:
>> (1) it is not being presented for any improper purpose,
>> such as to harass, cause unnecessary delay, or
>> needlessly increase in the cost of litigation;
>> (2) the claims, defenses, and other legal contentions
>> are warranted by existing law or by a nonfrivolous
>> argument for extending, modifying, or reversing
>> existing law or for establishing new law;

7

**(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery** .

. . .

FED. R. CIV. P. 11(b) (emphasis added).

The record would strongly suggest that the factual contentions are wholly without evidentiary support.  And it is difficult for this Court to conclude that this deficiency is merely the result of excusable neglect.  *See Maisonville v. F2 America, Inc.*, 902 F.2d 746, 749 (9th Cir. 1990) (upholding Rule 11 sanctions for factually frivolous motion after opposing counsel sent letter indicating the motion was not supported by the record).

Perhaps what is more distressing is that the February 1, 2016 letter from AUSA Evan J. Davis unequivocally states that the government is not a party in the civil action and had "intervened as a third party exclusively to oppose an effort by the Omidis to unseal a search warrant affidavit."  (Dkt. No. 268-2.)  Mr. Davis goes on to observe that, "the issue was resolved in the government's favor about a year ago," and that, "Rice is now using the government's year-old participation in the civil case as a pretext to seek disqualification of Judge Fitzgerald."  (*Id.*)  Davis further states that the government will not be filing an opposition to the recusal motion because it is **not a party** to the civil case.  (*Id.*)  Before providing the factual basis for his conclusion that the recusal motion is without merit, Davis notes: "[W]e believe the motion is not well-founded and ignores facts known to attorney Rice that render the motion frivolous."  (*Id.*)

Equally distressing to this Court is the failure of Mr. Rice to meet and confer as required by Local Rule 7-3, as well as the decision by Rice to attach to his motion superfluous, **unredacted** public records pertaining to Judge Fitzgerald and his brother, Patrick Fitzgerald.  (*Id.*)  The inclusion of these records violates Local Rule 5.2-1 as they contain unredacted information regarding the addresses of property the brothers have purchased.  (*See* C.D. Cal. R. 5.2-1.)  Given the factual record and the baseless

nature of this motion, the Court can divine no legitimate, non-malicious purpose for this act. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986) (noting Rule 11 sanctions are warranted when judicial procedures are used "as a weapon for personal or economic harassment"); *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) (same).   However, Mr. Rice will be afforded an opportunity to educate this Court and show cause as to why he should not be sanctioned for:

1.    Bringing and continuing to prosecute this meritless motion in the face of clear evidence that the basis for the motion was false, i.e., Patrick Fitzgerald was not supervising any AUSA assigned to handle the instant civil case because there is no AUSA assigned to handle this litigation.

2.    Failing to meet and confer as required by Local Rule 7-3, prior to bringing the motion; and

3.    Attaching unredacted documents containing information about the addresses of the First Assistant United States Attorney and a district judge to the motion under consideration in violation of Local Rule 5.2-1.

## IV.   CONCLUSION

The motion for disqualification (recusal) and the application to file associated exhibits under seal is **DENIED**.  The fact that Judge Fitzgerald's brother became the First Assistant United States Attorney six months <u>after</u> the USAO last made a special appearance in this case, solely to preserve the integrity of an on-going criminal investigation, is of no consequence.  The government is not now, nor is it likely to become, a party in this litigation.  Therefore, any concern about the trial judge's brother having supervisory responsibilities over an AUSA handling this case is misplaced at best.  In short, the argument that a conflict of interest exists requiring Judge Fitzgerald to recuse himself is specious.

Robert J. Rice, Esq. is ordered to show cause in writing to this Court no later than March 4, 2016, as to why monetary sanctions should not be imposed for the conduct discussed above.

**IT IS SO ORDERED.**

February 23, 2016

_____

**OTIS D. WRIGHT, II**

**UNITED STATES DISTRICT JUDGE**