# Exhibit 7

DARON L. TOOCH (State Bar No. 137269)
ERIC D. CHAN (State Bar No. 253082)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail: echan@health-law.com

Attorneys for Plaintiffs and Counterclaim Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITEDHEALTH GROUP, INC., et al., <br><br> Defendants. | Case No. 2:14-cv-03053-MWF (VBKx) <br><br> **PLAINTIFFS AND COUNTER-DEFENDANT PROVIDERS' RESPONSES TO UNITED DEFENDANTS' / COUNTERCLAIMANTS' FIRST SET OF INTERROGATORIES** <br><br> The Hon. Michael W. Fitzgerald <br><br> Trial Date:   None Set |
| UNITED HEALTHCARE SERVICES, INC., et al., <br><br> Counterclaimants, <br><br> vs. <br><br> ALMONT SURGERY CENTER, LLC, et al., <br><br> Counter-Defendants. | |

Plaintiffs and/or Counter-Defendants ALMONT AMBULATORY SURGERY CENTER, LLC, BAKERSFIELD SURGERY INSTITUTE, LLC, INDEPENDENT MEDICAL, MEDICAL SERVICES, INC., MODERN INSTITUTE OF PLASTIC SURGERY & ANTIAGING, INC., NEW LIFE SURGERY CENTER, LLC dba BEVERLY HILLS SURGERY CENTER, LLC, ORANGE GROVE SURGERY CENTER, LLC, SAN DIEGO AMBULATORY SURGERY CENTER, LLC, SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF BEVERLY HILLS, INC., VALENCIA AMBULATORY SURGERY CENTER, LLC, WEST HILLS SURGERY CENTER, LLC, ALMONT AMBULATORY SURGERY CENTER, A MEDICAL CORPORATION, BAKERSFIELD SURGERY INSTITUTE, INC., CIRO SURGERY CENTER, LLC, EAST BAY AMBULATORY SURGERY CENTER, LLC, SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF WEST HILLS, INC., VALLEY SURGICAL CENTER, LLC, TOP SURGEONS, INC., TOP SURGEONS, LLC, TOP SURGEONS, LLC (NEVADA), WOODLAKE AMBULATORY, PALMDALE AMBULATORY SURGERY CENTER, A MEDICAL CORPORATION, 1 800 GET THIN, LLC and SURGERY CENTER MANAGEMENT (the "Providers"), through their attorneys, respond to Defendants and Counter-Plaintiffs' First Set of Interrogatories (the "Requests") as follows:

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

The following responses and objections to Defendants' First Set of Interrogatories are made on the basis of information that is presently known and available to the Providers and their attorneys. The Providers' discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of this response. The Providers expressly reserve the right to continue their discovery and investigation herein for legal arguments, facts, witnesses and supplemental data that may reveal information which, if presently within their knowledge, would have been included in these responses and objections. The

Providers specifically reserve their right to present additional information and legal arguments at trial as may be disclosed through continuing discovery and investigation.

By making these responses, the Providers do not concede that the information sought by the Requests is relevant or reasonably calculated to lead to the discovery of admissible evidence. The Providers' responses herein are made without in any way intending to waive, but on the contrary, expressly reserving all appropriate objections regarding the information produced, including, but not limited to, objections concerning authenticity, competency, relevancy, materiality, proprietary, admissibility, foundation, privilege, and privacy, which may be raised at any subsequent hearing, proceeding or trial of this or any other action. The Providers reserve the right to rely upon any information disclosed during discovery for any purpose, including as evidence at any subsequent hearing, proceeding, or at trial in this or any other matter.

## GENERAL OBJECTIONS

1. The General Objections set forth below are hereby incorporated into each of the Responses as if fully set forth therein. For particular emphasis, the Providers have, from time-to-time, expressly included one or more of the General Objections in the responses below. The Providers' Response to each individual Request is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that Response.

2. The Providers' responses to the Requests, and any production of documents in support of the same, are meant to be in compliance with, and subject to, the requirements of the Federal Rules of Civil Procedure, rules of the Court, the Court's orders in this case and other applicable law. The Providers object to the Requests to the extent that any Request contained therein demands that the Providers respond in a manner beyond that which is required by the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

3. The Providers object to any "Definitions," "Instructions," or other purported requirements in the First Set of Interrogatories that purport to impose any greater or different obligations than those imposed by law, including, but not limited to the following:

   a. The Providers object to the Requests' definitions of "document," "communications," and "communicate," to the extent that those terms exceed the scope of discoverable documents as defined and permitted under the Federal Rules of Civil Procedure.

   b. The Providers object to the Requests' definition of "United Member" as unduly burdensome and overbroad. The definition includes any individual who "sought" but did not "obtain" health care services from the Providers, which cannot possibly be of any relevance to the claims and defenses of any party in this lawsuit. Further, that definition goes back to January 1, 2005, which is far beyond the statute of limitation for any underpayment or overpayment claim at issue in this lawsuit. Yet further, the definition of "United Member" is not limited to members of benefit plans or insurance policies that are at issue in this lawsuit.

   c. The Providers object to the Requests' definitions of "Billing Records," "bill," or "billing" as unduly burdensome and overbroad. That definition extends beyond bills submitted to United or to any patient to encompass wholly irrelevant categories of documents, including, but not limited to, "financial books and records," "ledgers," "accountings," "receipts," "checks," "wire transfers," "claim files," "debt collection notices," "debt collection letters," and "records reflecting debt collection activities."

4. The Providers object to Defendants' First Set of Interrogatories to the extent that any Request contained therein seeks highly sensitive, confidential, and proprietary information and trade secrets, the disclosure of which would harm the Providers competitively.

5. The Providers object to Defendants' First Set of Interrogatories to the extent that any Request contained therein seeks the production or disclosure of information protected under, without limitation, the attorney-client privilege and the work product doctrine, the consulting expert or any other statutory or common-law privilege, prohibition, limitation or immunity from disclosure.

6. The Providers object to Defendants' First Set of Interrogatories to the extent that such Requests are so vague, ambiguous, or confusing as not to be susceptible to a reasoned interpretation or response and would require the Providers to speculate as to what information might be responsive. In the absence of clear instructions or definitions associated with terms that are too vague, ambiguous or confusing, the Providers will give the terms of Defendants' First Set of Interrogatories a reasonable interpretation within the context of this lawsuit.

7. The Providers object to the Defendants' First Set of Interrogatories, and to each and every Request therein, to the extent that they seek information that is neither relevant to this action nor calculated to lead to the discovery of admissible evidence. The Providers object to all Requests that call for such information as overbroad, unduly burdensome, and oppressive.

8. The Providers object to Defendants' First Set of Interrogatories to the extent that any Request contained therein seeks information that is not in the possession, custody or control of the Providers, including information that is not maintained by the Providers in the normal course of business or is no longer so maintained.

9. The Providers object to Defendants' First Set of Interrogatories to the extent that the discovery sought by any Request contained therein is unreasonably cumulative or duplicative, or is obtainable from other source that is more convenient, less burdensome, or less expensive.

10. The Providers object to Defendants' First Set of Interrogatories to the extent that they contain or presuppose unwarranted factual and/or legal conclusions.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the amount you charged to any patient who obtained services under CPT codes 43239, 43770, and 47562 between January 1, 2005 and the present, including any patient who paid for such services without financial assistance from any health care benefit plan, insurer, or managed care organization.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the foregoing General Objections, the Providers object that the phrases "amount you charged" and "any patient who paid for such services without financial assistance" are vague and ambiguous. The Providers object to this Request on the basis that it is compound. The Providers further object to this Interrogatory on the basis that it is grossly overbroad, and seeks information not reasonably calculated to lead to the discovery of admissible evidence relating to any claim or defense in this lawsuit. The Request specifically seeks information relating to the amount charged to <u>any</u> patient, including patients whose claims are not at issue in this lawsuit, patients who have no connection to United, and claims that would be beyond any conceivable statute of limitation. The Providers further object that this Interrogatory seeks information would be unduly burdensome to compile and/or is not reasonably accessible.

**INTERROGATORY NO. 2:**

Identify all health care professionals employed by, contracting with, or operating under the control of any Plaintiff or Counterclaim Defendant who provided any health care service to all Exhibit A Patients, including but not limited to surgeons, physicians, doctors, nurses, psychologists, psychiatrists, therapists, nutritionists, social workers, and laboratory specialists.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is grossly overbroad, unduly burdensome, and

1  seeks highly sensitive business information relating to numerous non-party
2  individuals on a topic that is entirely irrelevant to this lawsuit. The Providers further
3  object to this Request to the extent that it seeks to bolster the deficient allegations of
4  United's FACC, which is presently subject to pending motions to dismiss. If the
5  FACC is dismissed, then this Request will be rendered entirely irrelevant. The
6  Providers further object on the basis that this Interrogatory is vague and ambiguous.
7  Exhibit A to these Requests appears to be limited to a number of isolated "dates of
8  service," which, again, appear to reflect certain undisclosed claims for which United
9  is seeking the recoupment of amounts paid to the Providers. However, this
10 Interrogatory is not limited to those specific dates of service. Providers therefore
11 object that this Request seeks information that is not reasonably calculated to lead to
12 the discovery of admissible evidence relating to any patient claim at issue in this
13 case.

**INTERROGATORY NO. 3:**

Identify all individuals who prepared, processed, evaluated, or administered any of the Claims submitted to United for all Exhibit A Patients.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the foregoing General Objections, the Providers object to this Interrogatory on the basis that it is vague and ambiguous, especially the phrases "evaluated" and "administered." Those terms are not defined and thus it is unclear what individuals United is referring to. The Providers further object to this Interrogatory on the basis that it is compound. terms are not defined and thus it is unclear what individuals United is referring to. The Providers further object to this Interrogatory on the basis that it prematurely seeks information relating to the alleged recoupment claims set forth in Appendix I to United's First Amended Counterclaim (FACC). For instance, all fifteen of the names of the example patients described in FACC appear on Exhibit A. The FACC, however, is subject to pending motions to dismiss. If those motions are granted, even in part—for instance, as to

United's self-funded claims—then some or all of the subject matter of this Request will be rendered irrelevant. The Providers further object to this Request on the basis that it is overbroad and unduly burdensome, as it seeks sensitive and/or trade secret information for a large number of non-party individuals on a topic that is entirely irrelevant to this lawsuit.

**INTERROGATORY NO. 4:**

Identify all bank accounts, including the accounts referenced in the First Amended Counterclaim, into which funds related to any United Member was deposited, by the name of the bank or financial institution, account number, and the name of the account holder and all signatories.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is grossly overbroad, unduly burdensome, and does not seek information reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this lawsuit. The Providers further object to this Request to the extent that it seeks to bolster the deficient allegations of United's FACC, including but not limited to United's tracing and alter ego allegations. The FACC is presently subject to pending motions to dismiss. If the FACC is dismissed, even in part, then some or all of the subject matter of this Request will be rendered irrelevant, and would not be reasonably calculated to lead to the discovery of relevant evidence. Indeed, as the Providers' motions to dismiss points out, United cannot demonstrate the required tracing of any overpaid funds under ERISA as a matter of law. *See, e.g., Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1091 (9th Cir. 2012).

**INTERROGATORY NO. 5:**

Identify all mailing addresses, business addresses, practice addresses, or other addresses used by each Plaintiff or Counterclaim Defendant between January 1, 2005 to the present. This includes all private or rented mail boxes, post office boxes,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310)551-8111 • FAX: (310)551-8181

physical addresses, office addresses, work addresses, and home addresses, regardless of whether business was conducted on site.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is grossly overbroad, unduly burdensome, and does not seek information reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this lawsuit. The Providers further object to this Request to the extent that it seeks to bolster the deficient allegations of United's FACC, including but not limited to United's alter ego allegations. The FACC is presently subject to pending motions to dismiss. If the FACC is dismissed, even in part, then some or all of the subject matter of this Request will be rendered irrelevant, and would not be reasonably calculated to lead to the discovery of relevant evidence. United's FACC must stand on its own two feet, and United may not bolster its deficient allegations with premature recourse to discovery.

**INTERROGATORY NO. 6:**

For each Plaintiff or Counterclaim Defendant, identify all Tax Identification Numbers and National Provider Identifier numbers used for Claims submitted to United, including Claims for which you contend payment is due.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the foregoing General Objections, the Providers object that this Request seeks information that United's counsel has previously sought and obtained from counsel for Providers. The Providers further object that they did not participate in the Medicare program, and therefore do not have NPI identification numbers. Subject to and without waiving the foregoing objections, the Providers provide the following information:

| Provider | TIN |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC | REDACTED |

| Provider | TIN |
|---|---|
| BAKERSFIELD SURGERY INSTITUTE, LLC | |
| CIRO SURGERY CENTER, LLC | |
| EAST BAY AMBULATORY SURGERY CENTER, LLC | |
| MODERN INSTITUTE OF PLASTIC SURGERY & ANTIAGING, INC. | |
| NEW LIFE SURGERY CENTER, LLC | |
| BEVERLY HILLS SURGERY CENTER | |
| ORANGE GROVE SURGERY CENTER, LLC | |
| PALMDALE SURGERY CENTER, LLC | REDACTED |
| SAN DIEGO AMBULATORY SURGERY CENTER, LLC | |
| SAN JOAQUIN VALLEY SURGERY CENTER, LLC | |
| SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF BEVERLY HILLS, INC. | |
| VALENCIA AMBULATORY SURGERY CENTER, LLC | |
| WEST HILLS SURGERY CENTER, LLC | |
| INDEPENDENT MEDICAL SERVICES, INC. | |

**INTERROGATORY NO. 7:**

For all Exhibit A Patients, identify the dates of service, service provided (CPT code), provider, and Tax Identification Number for all services for which you are seeking payment or damages.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the foregoing General Objections, the Providers object to this Interrogatory on the basis that it assumes facts not in evidence. The Providers further object to this Request on the basis that it prematurely seeks information relating to the alleged recoupment claims set forth in Appendix I to United's First Amended Counterclaim (FACC). The FACC is subject to pending motions to

dismiss. If those motions are granted, even in part—for instance, as to United's self-funded claims—then some or all of the subject matter of this Request will be rendered irrelevant, and would not be reasonably calculated to lead to the discovery of relevant evidence. The Providers further object that this Request is duplicative of Interrogatory No. 6.

Subject to and without waiver of these objections, the Providers are willing to meet and confer with United to discuss the mutual exchange of patient claims information underlying the Providers' claims, including the particular patient claims and information specified by this Request.

**INTERROGATORY NO. 8:**

For all Exhibit A Patients who have paid you directly for any services, including any copayment, coinsurance amount, deductible amount, or any other kind of payment, identify the patient's name, date of service, service provided (CPT code), physician or facility, billing provider, servicing provider, total amount charged, amount collected from the patient, and the date of the patient's payment.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the foregoing General Objections, the Providers object to this Interrogatory on the basis that it assumes facts not in evidence. The Providers further object to this Request on the basis that it prematurely seeks information relating to the alleged recoupment claims set forth in Appendix I to United's First Amended Counterclaim (FACC). The FACC is subject to pending motions to dismiss. If those motions are granted, even in part—for instance, as to United's co-payment waiver allegations—then some or all of the subject matter of this Request will be rendered irrelevant.

Subject to and without waiver of these objections, the Providers are willing to meet and confer with United to discuss the mutual exchange of patient claims information underlying the Providers' claims, including the particular patient claims and information specified by this Request.

**INTERROGATORY NO. 9:**

For each Corporate Counterclaim Defendant, identify your relationship, responsibilities, affiliation, and association with each of the other Plaintiffs or Counterclaim Defendants, including whether you receive any form of compensation from, or as a result of the operations of, such entities.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the foregoing General Objections, the Providers object to this Request on the basis that it is grossly overbroad, unduly burdensome, and does not seek information reasonably calculated to lead to discoverable evidence relating to any party's claim or defense in this matter. The Providers further object to this Request on the basis that it is vague and ambiguous, including but not limited to the phrases "responsibilities," "association," "any form of compensation from, or as a result of, the operations of," and "such entities." The Providers further object to this Request on the basis that it is compound, because it seeks numerous and distinct kinds of information in a single Interrogatory, and also because it seeks information relating to any of dozens of combinations of Providers at issue. The Providers further object to this Request on the basis that it seeks information relevant only to the FACC's allegations, including allegations relating to "alter ego" and the corporate practice of medicine, which are presently the subject of pending motions to dismiss, and is therefore premature. The FACC is subject to pending motions to dismiss. If those motions are granted, even in part, then some or all of the subject matter of this Request will be rendered irrelevant. Also, even if this Request were not premature, the information sought would not support United's alter ego allegations, which seek to hold the individual Counterclaim Defendants (e.g., the Omidis) liable for the supposed overpayments made to certain Providers or other non-party entities. The Providers further object to this Request on the basis that it is not reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this lawsuit.

**INTERROGATORY NO. 10:**

Identify the name of any legal counsel, including in-house counsel and outside counsel, that you have retained to perform legal services from January 1, 2005 to the present and that has provided advice with respect to the corporate organization of any Plaintiff or Counterclaim Defendant.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it seeks information protected by the attorney-client privilege and attorney-work product. The Providers further object to this Request on the basis that it seeks information relevant only to the FACC's allegations, including allegations relating to United's deficient "alter ego" theory. The Providers further object to this Request on the basis that it is not reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this lawsuit.

**INTERROGATORY NO. 11:**

Identify any other individual, not previously identified, who has knowledge of the events, communications, or documents out of which this Litigation arises.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is vague and ambiguous as to what individuals have been "previously identified." No individuals appear with the requested knowledge appear to have been identified in United's Requests. The Providers further object on the basis that this Request appears to prematurely seek information that was disclosed in their Rule 26(a) initial disclosures in this case. The Providers direct United to those disclosures, which were made on September 12, 2014. The Providers based those disclosures on the information known to them at the time they made them, and may update those disclosures from time to time as they become aware of additional individuals who may have discoverable information.

**INTERROGATORY NO. 12:**

Identify the physical location of any documents responsive to United's First Requests for Production of Documents.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is not reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this lawsuit.

**INTERROGATORY NO. 13:**

Identify the factual basis of your claim for damages, including the amount sought and basis thereof.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the foregoing General Objections, the Providers further object to the extent that this Request seeks information that is subject to the attorney work product and attorney-client privileges. Subject to these objections, the Providers respond that they seek damages to recover their reasonable and customary charges, which are due and owing to them for the free medical services and care that they provided to patients who are insured by United, or are beneficiaries or participants of self-funded health benefit plans that are administered by United. Prior to providing services to such patients, the Providers called United to seek authorization, and in virtually every instance, were either provided with such authorization, or were told that no authorization was necessary. Yet after the Providers rendered medical services to United's patients, United used a wide variety of spurious and pretextual excuses to deny payment to the Providers, including the excuse that the Providers needed to provide unspecified medical records. This factual basis for the Providers claims is set forth in more detail in their Complaint.

Subject to and without waiver of these objections, the Providers are willing to meet and confer with United to discuss the mutual exchange of patient claims information underlying the Providers' claims, including the amount of damages

sought on each patient claim, as is specified by this Request.

**INTERROGATORY NO. 14:**

If you responded to any of United's Requests for Admissions with anything less than an unqualified "admit," provide the factual basis for your objection or denial.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the foregoing General Objections, the Providers object that United's Requests for Admissions were not directed to the Providers, so this Interrogatory does not apply to them.

**INTERROGATORY NO. 15:**

Identify the case name, case number, and the venue of each legal proceeding in which you have appeared as a party, either as plaintiff, defendant, claimant, petitioner, respondent, intervenor, or other third party, since January 1, 2008. This request includes all civil, criminal, arbitration, and administrative proceedings.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the foregoing General Objections, the Providers object to this Request on the basis that it is vague and ambiguous, including but not limited to the phrase "legal proceeding." The Providers further object to this Request on the basis that it is not reasonably calculated to lead to discoverable evidence relating to any patient claim at issue in this lawsuit. The Providers further object to this Request on the basis that it is overbroad and unduly burdensome. The Providers further object to this Request on the basis that it is compound.

As to objections only,

DATED: December 8, 2014        HOOPER, LUNDY & BOOKMAN, P.C.

By: _/s/ Eric D. Chan_
ERIC D. CHAN
Attorneys for Plaintiffs / Counter-Defendants

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 1600, Los Angeles, CA 90067-2517.

On December 8, 2014, I served true copies of the following document(s) described as **PLAINTIFFS AND COUNTER-DEFENDANT PROVIDERS' RESPONSES TO UNITED DEFENDANTS' / COUNTERCLAIMANTS' FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

| | |
|---|---|
| R.J. Zayed<br>Stephen P. Lucke<br>Timothy Branson<br>Dorsey & Whitney, LLP<br>50 South Sixth Street, Suite 1500<br>Minneapolis, Minnesota 55402-1498<br>Telephone: (612) 343-7947<br>Facsimile: (952) 516-5643<br>zayed.rj@dorsey.com<br>lucke.steve@dorsey.com<br>branson.tim@dorsey.com | Attorneys for:<br>*UNITEDHEALTH GROUP, INC.;*<br>*UNITED HEALTHCARE SERVICES, INC.;*<br>*UNITED HEALTHCARE INSURANCE*<br>*COMPANY, INC.; OPTUMINSIGHT, INC.* |
| Bryan S. Westerfeld<br>Nicole E. Wursher<br>Walraven & Westerfeld, LLP<br>101 Enterprise, Suite 350<br>Aliso Viejo, California 92656<br>Telephone: (949) 215-1997<br>Facsimile: (949) 215-1999<br>bwesterfeld@calemployerlaw.com<br>nwurscher@calemployerlaw.com | Attorneys for:<br>*UNITEDHEALTH GROUP, INC.;*<br>*UNITED HEALTHCARE SERVICES, INC.;*<br>*UNITED HEALTHCARE INSURANCE*<br>*COMPANY, INC.; OPTUMINSIGHT, INC.* |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hooper, Lundy & Bookman, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 8, 2014, at Los Angeles, California.

*/s/ Marilyn Briggs*
Marilyn Briggs