Exhibit 6

DARON L. TOOCH (State Bar No. 137269)
ERIC D. CHAN (State Bar No. 253082)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail:  echan@health-law.com

Attorneys for Plaintiffs and Counter-
Defendant Providers

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTH GROUP, INC., et al.,<br><br>Defendants.<br><br>UNITED HEALTHCARE SERVICES, INC., et al.,<br><br>Counterclaimants,<br><br>vs.<br><br>ALMONT SURGERY CENTER, LLC, et al.,<br><br>Counter-Defendants. | Case No. 2:14-cv-03053-MWF (VBKx)<br><br>**PLAINTIFFS AND COUNTER-DEFENDANT PROVIDERS' RESPONSES TO UNITED DEFENDANTS' / COUNTERCLAIMANTS' FIRST REQUEST FOR DOCUMENTS**<br><br>The Hon. Michael W. Fitzgerald<br><br>Trial Date:       None Set |

*HOOPER, LUNDY & BOOKMAN, P.C.*
*1875 CENTURY PARK EAST, SUITE 1600*
*LOS ANGELES, CALIFORNIA 90067-2517*
*TEL: (310) 551-8111 • FAX: (310) 551-8181*

1175719.1

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

## RESPONSES TO REQUESTS FOR DOCUMENTS

Plaintiffs and/or Counter-Defendants ALMONT AMBULATORY SURGERY CENTER, LLC, BAKERSFIELD SURGERY INSTITUTE, LLC, INDEPENDENT MEDICAL, MEDICAL SERVICES, INC., MODERN INSTITUTE OF PLASTIC SURGERY & ANTIAGING, INC., NEW LIFE SURGERY CENTER, LLC dba BEVERLY HILLS SURGERY CENTER, LLC, ORANGE GROVE SURGERY CENTER, LLC, SAN DIEGO AMBULATORY SURGERY CENTER, LLC, SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF BEVERLY HILLS, INC., VALENCIA AMBULATORY SURGERY CENTER, LLC, WEST HILLS SURGERY CENTER, LLC, ALMONT AMBULATORY SURGERY CENTER, A MEDICAL CORPORATION, BAKERSFIELD SURGERY INSTITUTE, INC., CIRO SURGERY CENTER, LLC, EAST BAY AMBULATORY SURGERY CENTER, LLC, SKIN CANCER & RECONSTRUCTIVE SURGERY SPECIALISTS OF WEST HILLS, INC., VALLEY SURGICAL CENTER, LLC, TOP SURGEONS, INC., TOP SURGEONS, LLC, TOP SURGEONS, LLC (NEVADA), WOODLAKE AMBULATORY, PALMDALE AMBULATORY SURGERY CENTER, A MEDICAL CORPORATION, 1 800 GET THIN, LLC and SURGERY CENTER MANAGEMENT (the "Providers"), through their attorneys, respond to Defendants and Counter-Plaintiffs' First Request for Documents (the "Requests") as follows:

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

The following responses and objections to Defendants' First Request for Documents are made on the basis of information that is presently known and available to the Providers and their attorneys. The Providers' discovery, investigation and preparation for trial are not yet complete and are continuing as of the date of this response. The Providers expressly reserve the right to continue their discovery and investigation herein for legal arguments, facts, witnesses and supplemental data that may reveal information which, if presently within their

1175719.1

1  knowledge, would have been included in these responses and objections.  The

2  Providers specifically reserve their right to present additional information and legal

3  arguments at trial as may be disclosed through continuing discovery and

4  investigation.

5      By making these responses, the Providers do not concede that the information

6  sought by the Requests is relevant or reasonably calculated to lead to the discovery

7  of admissible evidence.  The Providers' responses herein are made without in any

8  way intending to waive, but on the contrary, expressly reserving all appropriate

9  objections regarding the information produced, including, but not limited to,

10  objections concerning authenticity, competency, relevancy, materiality, proprietary,

11  admissibility, foundation, privilege, and privacy, which may be raised at any

12  subsequent hearing, proceeding or trial of this or any other action.  The Providers

13  reserve the right to rely upon any information disclosed during discovery for any

14  purpose, including as evidence at any subsequent hearing, proceeding, or at trial in

15  this or any other matter.

16  **GENERAL OBJECTIONS**

17      1.      The General Objections set forth below are hereby incorporated into

18  each of the Responses as if fully set forth therein.  For particular emphasis, the

19  Providers have, from time-to-time, expressly included one or more of the General

20  Objections in the responses below.  The Providers' Response to each individual

21  Request is submitted without prejudice to, and without in any respect waiving, any

22  General Objections not expressly set forth in that Response.

23      2.      The Providers' responses to the Requests, and any production of

24  documents with respect to same, are meant to be in compliance with, and subject to,

25  the requirements of the Federal Rules of Civil Procedure, rules of the Court, the

26  Court's orders in this case and other applicable law.  The Providers object to the

27  extent that any Request contained therein demands that the Providers respond in a

28  manner beyond that which is required by the Federal Rules of Civil Procedure and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    the Local Rules of the Central District of California.

2        3.    The Providers object to any "Definitions," "Instructions," or other

3    purported requirements in the Requests that purport to impose any greater or

4    different obligations than those imposed by law, including, but not limited to the

5    following:

6        a.    The Providers object to the Requests' definitions of "document,"

7    "communications," and "communicate," to the extent that those terms exceed the

8    scope of discoverable documents as defined and permitted under the Federal Rules

9    of Civil Procedure.

10        b.    The Providers object to the Requests' definition of "United

11    Member" as unduly burdensome and overbroad.  The definition includes any

12    individual who "sought" but did not "obtain" health care services from the

13    Providers, which cannot possibly be of any relevance to the claims and defenses of

14    any party in this lawsuit.  Further, that definition goes back to January 1, 2005,

15    which is far beyond the statute of limitation for any underpayment or overpayment

16    claim at issue in this lawsuit.  Yet further, the definition of "United Member" is not

17    limited to members of benefit plans or insurance policies that are at issue in this

18    lawsuit.

19        c.    The Providers object to the Requests' definitions of "Billing

20    Records," "Bills," or "billing" as unduly burdensome and overbroad.  That

21    definition extends beyond bills submitted to United or to any patient to encompass

22    wholly irrelevant categories of documents, including, but not limited to, "financial

23    books and records," "ledgers," "accountings," "receipts," "checks," "wire transfers,"

24    "claim files," "debt collection notices," "debt collection letters," and "records

25    reflecting debt collection activities."

26        d.    The Providers object to the Requests' definitions of "The Omidis"

27    as unduly burdensome and overbroad, and designed to improperly invade both the

28    attorney-client privilege and the personal privacy of individuals who have been

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL (310) 551-8111 • FAX (310) 551-8181

Ex. 6 - Page 37
3

2:14-cv-03053-MWF (VBKx)

1 given no notice of these document requests, because Defendants have defined "The

2 Omidis" not only to include the Individual Counterclaim Defendants, but also "any

3 of their attorneys, agents, assigns, or any persons or entities acting on their behalf."

4      4.     The Providers object to the extent that the Document Production

5 Protocol attached to the Requests differs from, or requires more than, the ESI

6 Protocol entered into by the parties and approved by Court order in this action

7 (Docket # 84).

8      5.     The Providers object to the Requests on the grounds that a suitable

9 Stipulated Protective Order has not yet been agreed to by the parties or approved by

10 Court order in this action, and that aspects of such a Stipulated Protective Order are

11 presently subject to a pending Motion for Protective Order brought by United.

12      6.     The Providers object to the Requests, and to each and every one of

13 them, to the extent that any Request contained therein seeks highly sensitive,

14 confidential, and proprietary information and trade secrets, the disclosure of which

15 would harm the Providers competitively.

16      7.     The Providers object to the Requests, and to each and every Request

17 therein, to the extent that they call for the production of information or documents

18 protected by applicable statutory or common law privileges and/or protections,

19 including but not limited to the physician-patient privilege, the attorney-client

20 privilege, the attorney work product doctrine, the common interest doctrine, rights

21 of privacy, and the protection of settlement and mediation materials. The Providers

22 will provide information that is not subject to any applicable statutory or common

23 law privileges or protections. Moreover, the inadvertent disclosure of information

24 protected by such privileges and protections shall not constitute a waiver of the

25 applicable privilege or protection either as to information inadvertently disclosed or

26 as to any other information or documents.

27      8.     The Providers object to the Requests, and to each and every Request

28 therein, to the extent that they seek information containing confidential information

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   regarding third parties or information protected under rights of privacy guaranteed
2   by any applicable state or federal law.

3        9.    Where a substantive response is given, that response is based upon the
4   Providers' current knowledge, understanding and belief as to the facts or documents,
5   after conducting a reasonably diligent search. Because discovery and investigation
6   is ongoing, the following responses are given without prejudice to the Providers'
7   right to produce evidence of any subsequently discovered facts or documents at trial.
8   Without in any way obligating itself to do so, the Providers reserve the right to
9   modify or supplement their responses with such pertinent information as they may
10  subsequently discover.

11       10.    No incidental or implied admissions are intended by the responses
12  herein. Any statement agreeing to produce documents is not intended to be, and is
13  not, an admission that any such documents exist. In addition, these responses are
14  neither intended as, nor shall in any way be deemed, an admission or representation
15  that further information relevant to the subject matter of the Requests does not exist.

16       11.    The Providers object to the Requests, and to each and every Request
17  therein, to the extent that they seek information that is neither relevant to this action
18  nor calculated to lead to the discovery of admissible evidence. The Providers object
19  to all Requests that call for such information as overbroad, unduly burdensome, and
20  oppressive.

21       12.    The Providers object to the Requests, and to each Request contained
22  therein, to the extent that they are so vague, ambiguous, or confusing as not to be
23  susceptible to a reasoned interpretation or response and would require the Providers
24  to speculate as to what information might be responsive. In the absence of clear
25  instructions or definitions associated with terms that are too vague, ambiguous or
26  confusing, the Providers will give the terms of Defendants' Requests a reasonable
27  interpretation within the context of this lawsuit.

28       13.    The Providers generally object to each Request to the extent that it

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX: (310) 551-8181

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

1175719.1

1  seeks information that is not within their immediate possession, custody or control,

2  that is not readily ascertainable by the Providers and/or is equally available to

3  Defendants.

4  **REQUEST FOR PRODUCTION NO. 1:**

5      Produce an excel [sic] or similar spreadsheet listing (1) all claims submitted

6  by you to United for payment with respect to all patients referred to in (a) the

7  Complaint, (b) the Amended Complaint filed in Case No. 2:14-cv-02139, (c)

8  Plaintiffs' Master UHC Spreadsheet for Production (produced to United on July 3,

9  2013), or (d) Appendix I to United's First Amended Counterclaim, and (2) all

10  amounts you have received, from any source, including patients, as partial or full

11  payment with respect to such patient claims. Such spreadsheet shall include, at a

12  minimum, the following fields for each amount you seek for services provided: (a)

13  patient's last name, (b) patient's first name, (c) the date of service, (d) the CPT or

14  other procedure code, (e) the billed charge, (f) the amount paid, (g) the provider's

15  name, (h) the provider's tax identification number, (i) if known, the name of the

16  group plan under which the patient is or may be covered, (j) if known, whether the

17  group plan is self-funded or fully insured, and (k) date payment received by or on

18  behalf of Plaintiffs and source of payment, i.e., United, other insurer, or patient.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

20      In addition to the foregoing General Objections, the Providers object to this

21  Request on the basis that it is overbroad and unduly burdensome.  Specifically, this

22  Request seeks information relevant to patient claims outside the scope of this

23  lawsuit, Case No. 3:14-cv-3053, and extends to patient claims implicated in another

24  lawsuit, Case No. 3:14-cv-2139.  The Providers further object to this Request as

25  unreasonably compound, as it seeks patient claims information from several distinct

26  sources in a single Request, including both benefits claims and recoupment claims.

27  The Providers further object to this Request on the basis that it prematurely seeks

28  information relating to the alleged recoupment claims set forth in Appendix I to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1175719.1      PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

1  United's First Amended Counterclaim (FACC).  The FACC is subject to pending

2  motions to dismiss.  If those motions are granted, even in part—for instance, as to

3  United's self-funded claims—then some or all of the subject matter of this Request

4  will be rendered irrelevant, and would not be reasonably calculated to lead to the

5  discovery of relevant evidence.  The Providers further object to the extent that this

6  Request purports to require the Providers to create new documents to satisfy this

7  Request.  This Request is essentially an interrogatory that seeks the compilation of

8  responsive information.  Rule 34, however, requires only the production of

9  documents already in existence, such that the Providers have no duty to create

10  documents that do not exist.  *See, e.g., Alexander v. Federal Bureau of Investigation*

11  194 F.R.D. 305, 310 (D.D.C. 2000).

12      Subject to and without waiver of these objections, the Providers are willing to

13  meet and confer with United to discuss the mutual exchange of patient claims

14  information underlying the Providers' claims in both this case and Case No. 3:14-

15  cv-2139, including the data fields specified by this Request.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      For each of the claims listed on Exhibit A, produce all documents and

18  communications relating to such claims, including but not limited to:

19      (a)    Billing Records;

20      (b)    Medical Records;

21      (c)    Claim records, including copies of the claim forms Plaintiffs submitted

22  to United (HCFA 1500,CMS 1500, UB-92, UB-04 etc);

23      (d)    Scheduling records;

24      (e)    Patient sign-in logs;

25      (f)    Benefits or coverage information;

26      (g)    Requests for authorization or approval for services;

27      (h)    Patient assignments, patient authorizations or other patient records;

28      (i)    Correspondence with Exhibit A patients, United or other

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX: (310) 551-8181

7
2:14-cv-03053-MWF (VBKx)

1175719.1

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

1  insurers/payers, including all correspondence relating to appeals of denied claims;

2      (j)     E-mail;

3      (k)     Call recordings, call transcripts, and call notes, including notes of calls

4  in the database or computer system, as alleged in Paragraph 124 of the Complaint;

5  and

6      (l)     Documents reflecting any settlement or compromise of any dispute

7  relating to such claims.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

9      In addition to the foregoing General Objections, the Providers object to this

10  Request on the basis that it is vague and ambiguous, and fails to define terms such

11  as "scheduling records" or "sign-in logs." This Request is also vague and

12  ambiguous because it refers to "claims listed on Exhibit A"—yet Exhibit A to these

13  Requests lists no claims, merely patient names and supposed "dates of service."

14  The Providers further object to this Request to the extent that it prematurely seeks

15  information relating to the alleged recoupment claims set forth in Appendix I to

16  United's First Amended Counterclaim (FACC). For instance, all fifteen of the

17  names of the example patients described in FACC appear on Exhibit A. The FACC,

18  however, is subject to pending motions to dismiss brought by the Provider Counter-

19  Defendants and the individual Counter-Defendants. If those motions are granted,

20  even in part—for instance, as to United's self-funded claims—then some or all of

21  the subject matter of this Request will be rendered irrelevant, and would not be

22  reasonably calculated to lead to the discovery of relevant evidence.

23      The Providers further object on the basis that this Request is compound. The

24  Providers further object to this Request to the extent that it seeks information

25  protected by the attorney-client privilege, attorney work product protection, or the

26  settlement communications privilege.

27      Subject to and without waiver of these objections, the Providers are willing to

28  meet and confer with United to discuss the mutual exchange of documents relating

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  to the patient claim underpayments at issue in this lawsuit.

2  **REQUEST FOR PRODUCTION NO. 3:**

3      Produce Billing Records sufficient to show all amounts paid by any United

4  Member to any Plaintiff or Counterclaim Defendant, to the extent this information is

5  not produced in response to Request for Production No. 1.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7      In addition to the foregoing General Objections, including the General

8  Objections to the definition of "United Member," the Providers object to this

9  Request on the basis that it is overbroad and unduly burdensome.  Specifically, it

10  seeks information regarding patient claims outside the scope of this lawsuit, and by

11  definition, is even broader than Request No. 1, above.  In fact, this Request appears

12  to seek information about amounts paid to the Providers <u>regardless</u> of whether any

13  reimbursement claim for that individual is at issue in this lawsuit.  The Providers

14  further object to this Request on the basis that it prematurely seeks information

15  relating to the alleged recoupment claims set forth in Appendix I to United's First

16  Amended Counterclaim (FACC), which is subject to pending motions to dismiss.

17  The Providers further object to this Request on the basis that it is not reasonably

18  calculated to lead to the discovery of admissible evidence relating to any patient

19  claim at issue in this lawsuit.  The Providers further object on the basis that, as with

20  Request No. 1, United improperly seeks through this Request to essentially

21  propound an interrogatory that requires the compilation of responsive information,

22  which is impermissible under the Federal Rules.

23      Subject to and without waiver of these objections, the Providers are willing to

24  meet and confer with United to discuss the mutual exchange of documents relating

25  to the patient claim underpayments at issue in this lawsuit.

26  **REQUEST FOR PRODUCTION NO. 4:**

27      Produce all documents reflecting or discussing the organizational structure of

28  any Plaintiff or Corporate Counterclaim Defendant, including those that identify (i)

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1 the organization, hierarchy, management, or control of employees or independent

2 contractors, (ii) the organization or hierarchy of executive and/or management

3 personnel, (iii) the relationship between and among Plaintiffs/Counterclaim

4 Defendants, and (iv) the ownership, membership, or control of Plaintiffs /

5 Counterclaim Defendants.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

7     In addition to the foregoing General Objections, the Providers object on the

8 basis that it is compound, and seeks at least four distinct categories of information

9 within a single Request.  The Providers further object to this Request on the grounds

10 that it is unintelligible, because it is drafted both in the disjunctive and, as set forth

11 in the Instructions to the Requests, the conjunctive.  The Providers further object to

12 this Request on the basis that it seeks information relevant only to the FACC's "alter

13 ego" allegations, which are presently the subject of pending motions to dismiss, and

14 is therefore premature.  If United's alter ego allegations are dismissed, then this

15 Request will be rendered irrelevant.  The Providers  further object to this Request on

16 the basis that it is not reasonably calculated to lead to discoverable evidence relating

17 to any patient claim at issue in this lawsuit.

18 **REQUEST FOR PRODUCTION NO. 5:**

19     Produce all agreements or contracts (employment, independent contractor, or

20 otherwise), payroll records, or other records reflecting or addressing the terms of

21 employment, responsibilities, duties, employment status, and relationship, between

22 Counterclaim Defendants and any of the following individuals:

23     a.    Maureen Jaroscak

24     b.    Robert Silverman

25     c.    Elliot Alpert

26     d.    Cindy Omidi

27     e.    Thomas Cloud

28     f.    Charles Klasky

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1   g.   Robert Macatangay

2   h.   Araminta Salazar

3   i.   Ryan Stanton

4   j.   Shawn Pezeshk

5   k.   Alexander Weisse

6   l.   Maria Abaca

7   m.   Yesenia F.

8   n.   Levi Green

9   o.   Kimberly Fortier

10   p.   Dr. Atul Madan

11   q.   Dr. Michael Sedrak

12   r.   Dr. Lee Au

13   s.   Dr. Julius Gee

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15   In addition to the foregoing General Objections, the Providers object to this

16   Request on the basis that it is overbroad and unduly burdensome, as it seeks

17   sensitive employment information and/or agreements for a large number of non-

18   party individuals on a topic that is entirely irrelevant to this lawsuit. The Providers

19   further object that this Request is not reasonably calculated to lead to the discovery

20   of admissible evidence relating to any underpayment or overpayment claim at issue

21   in this lawsuit. The Providers further object to this Request to the extent that it

22   seeks to bolster the FACC's deficient allegations relating to supposed patient

23   referrals, for instance, pursuant to California Business and Professions Code Section

24   650, or the deficient allegations relating to supposed violations of the corporate

25   practice of medicine doctrine, which the FACC fails to attribute to any specific

26   entity or individual. The FACC is presently the subject of pending motions to

27   dismiss, and thus this Request is premature. Among other grounds in the pending

28   motions to dismiss, Counter-Defendants argue that United has failed to state a claim

1175719.1

1  under California's Unfair Competition Law; that United's UCL claim is preempted

2  by ERISA; and that United has failed to plead a plausible violation of B&P Code

3  Section 650 or of the corporate practice of medicine doctrine sufficient to serve as a

4  predicate act under the UCL's "unlawful" prong.  The Providers further object to

5  this Request on the basis that it is vague and ambiguous.  For instance, it fails to

6  adequately identify some of the individuals listed, such as "Yesenia F."  The

7  Providers further object to this Request on the basis that it is compound, because it

8  in effect seeks information about the relationship between each of the nineteen

9  individuals listed above and each and every one of the Providers.

10  **REQUEST FOR PRODUCTION NO. 6:**

11      Produce all documents reflecting or referring to the creation of the Corporate

12  Counterclaim Defendants, including filings with state entities related to the creation

13  of Corporate Counterclaim Defendants and documents showing the members or

14  agents of those entities.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

16      In addition to the foregoing General Objections, the Providers object to this

17  Request on the basis that documents reflecting the creation of any corporate entity

18  are a matter of public record, and are equally as available to Defendants as they are

19  to the Providers.  The Providers further object to this Request on the basis that it

20  seeks information relevant only to the FACC's "alter ego" allegations, which are

21  presently the subject of pending motions to dismiss, and is therefore premature.  If

22  United's alter ego allegations are dismissed, then this Request will be rendered

23  irrelevant.  The Providers further object that this Request is directed entirely towards

24  nonparties and is therefore not reasonably calculated to lead to the discovery of

25  admissible evidence.

26  **REQUEST FOR PRODUCTION NO. 7:**

27      Produce all communications between the Omidis and any of the following

28  Individuals related to the creation, incorporation, organization, or governance of any

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL (310) 551-8111 • FAX: (310) 551-8181

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

1  Corporate Counterclaim Defendant:

2      a.    Maureen Jaroscak

3      b.    Robert Silverman

4      c.    Elliot Alpert

5      d.    Cindy Omidi

6      e.    Thomas Cloud

7      f.    Charles Klasky

8      g.    Robert Macatangay

9      h.    Araminta Salazar

10      i.    Ryan Stanton

11      j.    Shawn Pezeshk

12      k.    Alexander Weisse

13      l.    Maria Abaca

14      m.    Yesenia F.

15      n.    Levi Green

16      o.    Kimberly Fortier

17      p.    Dr. Atul Madan

18      q.    Dr. Michael Sedrak

19      r.    Dr. Lee Au

20      s.    Dr. Julius Gee

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

22        In addition to the foregoing General Objections, the Providers object to this

23  Request on the basis that it is overbroad and unduly burdensome, as it seeks "all

24  communications" involving a large number of nonparty individuals on a topic that is

25  entirely irrelevant to this lawsuit.   As noted in the General Objections, this Request

26  is also overbroad and unduly burdensome because of the gross overreach of the

27  Requests' definition of "the Omidis," which purports to include any of the

28  individual Counter-Defendants' "attorneys, agents, assigns or any persons or entities

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

13

2:14-cv-03053-MWF (VBKx)

1175719.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX: (310) 551-8181

1  acting on their behalf." The Providers further object to this Request on the basis that

2  it is compound, because it in effect seeks communications relating to nineteen

3  separate nonparty individuals. The Providers further object to this Request on the

4  basis that it is vague and ambiguous (as well as compound) because it cannot

5  reasonably be ascertained if Defendants seek communications between the three

6  individuals it has identified as the "Omidis" and the other identified persons and

7  entities, or if communications between one of the Omidi individuals and such other

8  person or entity is being sought. This Request is also vague and ambiguous because

9  it fails to adequately identify some of the individuals listed, such as "Yesenia F."

10 The Providers further object to this Request on the basis that many documents

11 reflecting the creation of any corporate entity are a matter of public record, and are

12 equally as available to Defendants as they are to the Providers. The Providers

13 further object to this Request to the extent that it seeks information protected by

14 attorney-client privilege or attorney work product. The Providers further object to

15 this Request on the basis that it seeks information relevant only to the FACC's "alter

16 ego" allegations, which are presently the subject of pending motions to dismiss, and

17 is therefore premature. If United's alter ego allegations are dismissed, then this

18 Request will be rendered irrelevant.

19 **REQUEST FOR PRODUCTION NO. 8:**

20      Produce all agreements or contracts (employment, independent contractor, or

21 otherwise) and payroll records between any Plaintiff or Counterclaim Defendant and

22 any physician, nutritionist, psychologist, psychiatrist, nurse, or other medical or

23 health care professional who provided health care services to any Exhibit A Patient.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

25      In addition to the foregoing General Objections, the Providers further object

26 to this Request on the basis that it does not seek information reasonably calculated

27 to lead to discoverable evidence of any kind. The Providers further object to this

28 Request to the extent that it seeks to bolster the FACC's deficient allegations

1  relating to supposed patient referrals, for instance, pursuant to California Business

2  and Professions Code Section 650, or the deficient allegations relating to supposed

3  violations of the corporate practice of medicine doctrine, which the FACC fails to

4  attribute to any specific entity or individual.  The FACC is presently the subject of

5  pending motions to dismiss, and thus this Request is premature.  Among other

6  grounds in the pending motions to dismiss, Counter-Defendants argue that United

7  has failed to state a claim under California's Unfair Competition Law; that United's

8  UCL claim is preempted by ERISA; and that United has failed to plead a plausible

9  violation of B&P Code Section 650 or of the corporate practice of medicine doctrine

10  sufficient to serve as a predicate act under the UCL's "unlawful" prong.  The

11  Providers further object to this Request on the basis that it is overbroad and unduly

12  burdensome, as it seeks sensitive employment information for a large number of

13  non-party individuals on a topic that is entirely irrelevant to this lawsuit.

14  **REQUEST FOR PRODUCTION NO. 9:**

15      Produce all documents reflecting, discussing, or addressing scripts, workflow,

16  questionnaires, policies, procedures, practices, or training materials for employees,

17  agents, or independent contractors associated with Plaintiffs or Counterclaim

18  Defendants, including but not limited to call center personnel, administrators, billing

19  personnel, staff, or health care professionals, including surgeons, physicians,

20  doctors, nurses, psychologists, psychiatrists, therapists, nutritionists, social workers,

21  and laboratory specialists.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

23      In addition to the foregoing General Objections, the Providers further object

24  to this Request on the basis that it is grossly overbroad, unduly burdensome, and

25  seeks highly sensitive business information.  This Request seeks a large number of

26  separate categories of information, including "scripts, workflow, questionnaires,

27  policies, procedures, practices, or training materials," for a large and undefined

28  number of individuals in a wide variety of job functions, including medical,

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

1175719.1

1   administrative, customer service, among others.  For the same reasons, the Providers

2   further object to this Request on the basis that it is compound.  The Providers further

3   object to this Request to the extent that it seeks to bolster the deficient allegations of

4   United's FACC, which is presently subject to pending motions to dismiss.  If the

5   FACC is dismissed, even in part, then some or all of the subject matter of this

6   Request will be rendered irrelevant, and would not be reasonably calculated to lead

7   to the discovery of relevant evidence.  The Providers further object to this Request

8   on the basis that it is overbroad and unduly burdensome, as it seeks sensitive and/or

9   trade secret information for a large number of non-party individuals on a topic that

10  is entirely irrelevant to this lawsuit.

11  **REQUEST FOR PRODUCTION NO. 10:**

12          Produce all documents reflecting, discussing, or addressing Plaintiffs or

13  Counterclaim Defendants' marketing or advertising strategy, budget, expenditures,

14  and/or success or conversion rates.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

16          In addition to the foregoing General Objections, the Providers further object

17  to this Request on the basis that it is vague and ambiguous.  The Request fails to

18  define the specific "marketing or advertising strategy" or what aspects of such

19  aspect it seeks.  It also fails to specify what the phrases "budget," "expenditures," or

20  "success or conversion rates" mean.  The Providers further object to this Request on

21  the basis that it is compound.  The Providers further object to this Request on the

22  basis that it is compound, and appears to seek several, unrelated categories of

23  information, all of which are irrelevant.  The Providers further object to this Request

24  on the basis that it is grossly overbroad, unduly burdensome, and does not seek

25  information reasonably calculated to lead to discoverable evidence relating to any

26  party's claim or defense in this matter.  The Providers further object to this Request

27  to the extent that it seeks to bolster the deficient allegations of United's FACC,

28  which is presently subject to pending motions to dismiss, and is therefore premature.

16

2:14-cv-03053-MWF (VBKx)

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL (310) 551-8111 • FAX: (310) 551-8181

1175719.1

**REQUEST FOR PRODUCTION NO. 11:**

Produce all contracts, agreements, leases, or other documents reflecting any agreement or business relationship between, on the one hand, each Counterclaim Defendant, and, on the other hand, any other Counterclaim Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is grossly overbroad, unduly burdensome, and does not seek information reasonably calculated to lead to discoverable evidence relating to any party's claim or defense in this matter. The Providers further object to this Request on the basis that it is compound, and seeks many categories of documents relating to many different relationships between Providers or combinations of Providers. The Providers further object to this Request to the extent that it seeks to bolster the deficient allegations of United's FACC, including but not limited to United's alter ego allegations. Even if such a request were not premature, the information sought by this Request would not support United's alter ego allegations, which seek to hold the individual Counterclaim Defendants liable for the supposed overpayments made to certain Providers or other non-party entities. Rather, this Request would, at best, only seek information that demonstrates connections between individual Providers. The Providers further object to this Request on the basis that it is compound, because it seeks contracts between any of dozens of pairs or combinations of Counterclaim Defendants at issue.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all tax returns for each Plaintiff and Counterclaim Defendant from 2005 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is grossly overbroad, unduly burdensome, and seeks highly sensitive financial information that is not reasonably calculated to lead

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX (310) 551-8181

1175719.1

1    to discoverable evidence relating to any claim or defense in this case.  The Providers

2    further object to this Request to the extent that it seeks to bolster the deficient

3    allegations of United's FACC, including but not limited to United's alter ego

4    allegations, and is therefore premature, given that the FACC is presently subject to

5    pending motions to dismiss.

6    **REQUEST FOR PRODUCTION NO. 13:**

7        Produce all tax returns for the Omidis from 2005 to present.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

9        In addition to the foregoing General Objections, the Providers further object

10   to this Request on the basis that the documents sought are not within their

11   possession or control.  The Providers further object to this Request on the basis that

12   it is grossly overbroad, unduly burdensome, and seeks highly sensitive financial

13   information that is not reasonably calculated to lead to discoverable evidence

14   relating to any claim or defense in this case.  As noted in the General Objections,

15   this Request is also overbroad, unduly burdensome, and improperly seeks attorney-

16   client privileged information because of the gross overreach of the Requests'

17   definition of "the Omidis," which purports to include any of the individual Counter-

18   Defendants' "attorneys, agents, assigns or any persons or entities acting on their

19   behalf."  The Providers further object to this Request to the extent that it seeks to

20   bolster the deficient allegations of United's FACC, including but not limited to

21   United's alter ego allegations, and is therefore premature, given that the FACC is

22   presently subject to pending motions to dismiss.

23   **REQUEST FOR PRODUCTION NO. 14:**

24       Produce all documents reflecting any compensation, financial or otherwise,

25   received by the Omidis from any Plaintiff or Corporate Counterclaim Defendant,

26   including payroll or distribution records.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

28       In addition to the foregoing General Objections, the Providers further object

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1175719.1

PROVIDERS' RESPONSES TO UNITED'S FIRST REQUEST FOR DOCUMENTS

1  to this Request on the basis that it is grossly overbroad, unduly burdensome, and

2  seeks highly sensitive financial information that is not reasonably calculated to lead

3  to discoverable evidence relating to any claim or defense in this case.  As noted in

4  the General Objections, this Request is also overbroad, unduly burdensome, and

5  improperly seeks attorney-client privileged information because of the gross

6  overreach of the Requests' definition of "the Omidis," which purports to include any

7  of the individual Counter-Defendants' "attorneys, agents, assigns or any persons or

8  entities acting on their behalf."  The Providers further object to this Request to the

9  extent that it seeks to bolster the deficient allegations of United's FACC, including

10 but not limited to United's alter ego allegations, and is therefore premature, given

11 that the FACC is presently subject to pending motions to dismiss.

12 **REQUEST FOR PRODUCTION NO. 15:**

13     Produce all documents reflecting or addressing the compensation, financial or

14 otherwise, received by the following individuals from any Plaintiff or Counterclaim

15 Defendant, including payroll or distribution records or records of loans, fees

16 reportable on IRS Form No. 1099, consulting fees or other payments:

17     a.    Maureen Jaroscak

18     b.    Robert Silverman

19     c.    Elliot Alpert

20     d.    Cindy Omidi

21     e.    Thomas Cloud

22     f.    Charles Klasky

23     g.    Robert Macatangay

24     h.    Araminta Salazar

25     i.    Ryan Stanton

26     j.    Shawn Pezeshk

27     k.    Alexander Weisse

28     l.    Maria Abaca

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1    m.    Yesenia F.

2    n.    Levi Green

3    o.    Kimberly Fortier

4    p.    Dr. Atul Madan

5    q.    Dr. Michael Sedrak

6    r.    Dr. Lee Au

7    s.    Dr. Julius Gee

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

9         In addition to the foregoing General Objections, the Providers object to this

10   Request on the basis that it is vague and ambiguous, and in particular, the phrases

11   "distribution records," "records of loans," and "fees reportable on IRS Form No.

12   1099." The Providers object to this Request on the basis that it is overbroad and

13   unduly burdensome, because it seeks sensitive business information for a large

14   number of non-party individuals on a topic that is entirely irrelevant to this lawsuit.

15   For instance, a number of the individuals listed, such as "Yesenia F.," are alleged to

16   handle claims submissions and billing for the Providers. The compensation paid to

17   such individuals is completely irrelevant to this case, and is not reasonably

18   calculated to lead to the discovery of admissible evidence relating to any

19   underpayment or overpayment claim at issue in this lawsuit. The Providers further

20   object to this Request on the basis that it is compound, because it in effect seeks

21   information about the compensation received by each of the nineteen individuals

22   listed above from any one of the Providers. The Providers further object that this

23   Request is designed to improperly invade both the attorney-client privilege and the

24   personal privacy of the above individuals, none of whom have been given notice of

25   these document requests.

26        The Providers  further object to this Request to the extent that it seeks to

27   bolster the FACC's deficient allegations relating to supposed patient referrals, for

28   instance, pursuant to California Business and Professions Code Section 650, or the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1175719.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  deficient allegations relating to supposed violations of the corporate practice of

2  medicine doctrine, which the FACC fails to attribute to any specific entity or

3  individual.  The FACC is presently the subject of pending motions to dismiss, and

4  thus this Request is premature.  Among other grounds in the pending motions to

5  dismiss, Counter-Defendants argue that United has failed to state a claim under

6  California's Unfair Competition Law; that United's UCL claim is preempted by

7  ERISA; and that United has failed to plead a plausible violation of B&P Code

8  Section 650 or of the corporate practice of medicine doctrine sufficient to serve as a

9  predicate act under the UCL's "unlawful" prong.

10 **REQUEST FOR PRODUCTION NO. 16:**

11         Produce all documents, including communications from or to a financial

12 institution, related to the opening, initiation, signature authority, or closing of any

13 bank, savings, or investment account into which funds related to any United

14 Member was deposited.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

16         In addition to the foregoing General Objections, the Providers further object

17 to this Request on the basis that it is grossly overbroad, unduly burdensome, and

18 does not seek information reasonably calculated to lead to discoverable evidence

19 relating to any patient claim at issue in this lawsuit.  The Providers further object to

20 this Request to the extent that it seeks to bolster the deficient allegations of United's

21 FACC, including but not limited to United's tracing and alter ego allegations.  The

22 FACC is presently subject to pending motions to dismiss.  If the FACC is dismissed,

23 then this Request will be rendered entirely irrelevant.  Indeed, as the Providers'

24 motions to dismiss points out, United is unable to demonstrate the required tracing

25 of any overpaid funds under ERISA as a matter of law.  *See, e.g., Bilyeu v. Morgan*

26 *Stanley Long Term Disability Plan*, 683 F.3d 1083, 1091 (9th Cir. 2012).

27 **REQUEST FOR PRODUCTION NO. 17:**

28         Produce all subpoenas, search warrants, civil investigative demands, or other

1  informal demands issued to a Plaintiff or Counterclaim Defendant by any

2  Government investigative or regulatory entity from 2005 to the present that relates

3  to the allegations in the First Amended Counterclaim.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

5       In addition to the foregoing General Objections, the Providers object on the

6  basis that this Request is incurably vague and ambiguous, as this Request does not

7  define what it means for a subpoena, search warrant, civil demand, or informal

8  demand to "relate[] to the allegations in the First Amended Counterclaim." The

9  FACC, with its Appendices and Exhibits, is almost 400 pages long, yet no specific

10 subject matter or patient claims from within the FACC are specified or otherwise

11 identified by this Request. Thus, the Providers further object to this Request on the

12 basis that it is grossly overbroad, unduly burdensome, and does not seek information

13 reasonably calculated to lead to discoverable evidence of any kind. The Providers

14 further object to this Request to the extent that it seeks information protected by the

15 attorney-client privilege, attorney work product protection, or any other applicable

16 privilege. The Providers further object to this Request to the extent that it seeks to

17 bolster the deficient allegations of United's FACC. The FACC is presently subject

18 to pending motions to dismiss. If the FACC is dismissed, even in part, then some or

19 all of the subject matter of this Request will be rendered irrelevant, and would not be

20 reasonably calculated to lead to the discovery of relevant evidence.

21 **REQUEST FOR PRODUCTION NO. 18:**

22      Produce all documents produced by a Plaintiff or Counterclaim Defendant to

23 any Government investigative or regulatory entity from 2005 to the present that

24 relates to the allegations in the First Amended Counterclaim.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

26      In addition to the foregoing General Objections, the Providers object on the

27 basis that this Request is incurably vague and ambiguous, as this Request does not

28 define for "documents produced" to "relate[] to the allegations in the First Amended

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 · FAX: (310) 551-8181

1  Counterclaim." The FACC, with its Appendices and Exhibits, is almost 400 pages
2  long, yet no specific subject matter or patient claims from within the FACC are
3  specified or otherwise identified by this Request. Thus, the Providers further object
4  to this Request on the basis that it is grossly overbroad, unduly burdensome, and
5  does not seek information reasonably calculated to lead to discoverable evidence of
6  any kind. The Providers further object to this Request to the extent that it seeks
7  information protected by the attorney-client privilege, attorney work product
8  protection, or any other applicable privilege. the Providers further object to this
9  Request to the extent that it seeks to bolster the deficient allegations of United's
10 FACC. The FACC is presently subject to pending motions to dismiss. If the FACC
11 is dismissed, even in part, then some or all this Request will be rendered irrelevant.

12 **REQUEST FOR PRODUCTION NO. 19:**

13     Produce all documents or communications between you and Allergan related
14 to LapBand pricing.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

16     In addition to the foregoing General Objections, the Providers object that this
17 Request is incurably vague and ambiguous. The Requests do not identify or define
18 the meaning of the term "you," and it is therefore unclear to which of the Counter-
19 Defendants, if any, this Request is directed. The Providers further object to this
20 Request on the basis that it is grossly overbroad, unduly burdensome, and does not
21 seek information reasonably calculated to lead to discoverable evidence of any kind.
22 the Providers further object to this Request to the extent that it seeks to bolster the
23 deficient allegations of United's FACC. The FACC is presently subject to pending
24 motions to dismiss. If the FACC is dismissed, even in part, then this Request will
25 not seek information reasonably calculated to lead to discoverable evidence of any
26 kind. the Providers further object to this Request on the basis that it is not
27 reasonably calculated to lead to discoverable evidence relating to any patient claim
28 at issue in this lawsuit.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1175719.1

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents relating to any claims or defenses asserted in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the foregoing General Objections, the Providers further object to this Request on the basis that it is grossly overbroad, unduly burdensome, and lacks in specificity. The Providers further object to this Request to the extent that it seeks to bolster the deficient allegations of United's FACC. The FACC is presently subject to pending motions to dismiss. If the FACC is dismissed, even in part, then this Request will not seek information reasonably calculated to lead to discoverable evidence of any kind. The Providers further object to this Request on the basis that it is premature. The parties have not yet engaged in significant fact discovery, and it is too early to identify all documents that the Providers intend to introduce or rely upon at trial.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents that You intend to introduce or rely upon at trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the foregoing General Objections, the Providers object that this Request is incurably vague and ambiguous. The Requests do not identify or define the meaning of the term "You," and it is therefore unclear to which of the Counter-Defendants, if any, this Request is directed, or whether this Request is directed towards counsel, and thus improperly seeks counsel's attorney work product and/or attorney-client privileged information. The Providers further object to this Request on the basis that it is grossly overbroad, unduly burdensome, lacks in specificity, and is premature. The parties have not yet engaged in significant fact discovery, and it is too early to identify all documents that the Providers intend to introduce or rely upon at trial.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 · FAX: (310) 551-8181

1    **REQUEST FOR PRODUCTION NO. 22:**

2    Produce all documents You referenced or relied upon in answering

3    DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF

4    INTERROGATORIES TO COUNTERCLAIM DEFENDANTS.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

6    In addition to the foregoing General Objections, the Providers object that this

7    Request is incurably vague and ambiguous. The Requests do not identify or define

8    the meaning of the term "You," and it is therefore unclear to which of the Counter-

9    Defendants, if any, this Request is directed, or whether this Request is directed

10   towards counsel, and thus improperly seeks counsel's attorney work product and/or

11   attorney-client privileged information. The Providers further object to this Request

12   on the basis that it is grossly overbroad and unduly burdensome. Subject to these

13   objections, the Providers respond that in answering United's First Set of

14   Interrogatories, they relied upon their Complaint in this matter, United's FACC, and

15   the briefing in connection with the Counter-Defendants' motions to dismiss, all of

16   which are part of the record and need not be produced in response to this Request.

17

18   As to objections only,

19   DATED:  December 8, 2014              HOOPER, LUNDY & BOOKMAN, P.C.

20

21

22   By:  _____

23              ERIC D. CHAN
             Attorneys for Plaintiffs and Counterclaim
24           Defendants

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL. (310) 551-8111 • FAX. (310) 551-8181

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 1600, Los Angeles, CA 90067-2517.

5

6

On December 8, 2014, I served true copies of the following document(s) described as **PLAINTIFFS AND COUNTER-DEFENDANT PROVIDERS' RESPONSES TO UNITED DEFENDANTS' / COUNTERCLAIMANTS' FIRST REQUEST FOR DOCUMENTS** on the interested parties in this action as follows:

7

8

9

10

11

12

R.J. Zayed
Stephen P. Lucke
Timothy Branson
Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 343-7947
Facsimile: (952) 516-5643
zayed.rj@dorsey.com
lucke.steve@dorsey.com
branson.tim@dorsey.com

Attorneys for:
*UNITEDHEALTH GROUP, INC.;
UNITED HEALTHCARE SERVICES,
INC.; UNITED HEALTHCARE
INSURANCE COMPANY, INC.;
OPTUMINSIGHT, INC.*

13

14

15

16

17

Bryan S. Westerfeld
Nicole E. Wursher
Walraven & Westerfeld, LLP
101 Enterprise, Suite 350
Aliso Viejo, California 92656
Telephone: (949) 215-1997
Facsimile: (949) 215-1999
bwesterfeld@calemployerlaw.com
nwurscher@calemployerlaw.com

Attorneys for:
*UNITEDHEALTH GROUP, INC.;
UNITED HEALTHCARE SERVICES,
INC.; UNITED HEALTHCARE
INSURANCE COMPANY, INC.;
OPTUMINSIGHT, INC.*

18

19

20

21

22

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hooper, Lundy & Bookman, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

23

24

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

25

Executed on December 8, 2014, at Los Angeles, California.

26

27

28

Marilyn Briggs

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1175719.1