1  Kamille Dean, Esq.  #234468
2  LAW OFFICES OF KAMILLE DEAN, PLC
   4545 North 36th Street, Suite 202
3  Phoenix, Arizona 85018
   Telephone (602) 252-5601
4  kamille@kamilledean.com
5  Attorney for Counterclaim Defendant
   Julian Omidi

6              **UNITED STATES DISTRICT COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8

9  Almont Ambulatory Surgery Center,    ) Case No: 2:14-cv-03053-MWF(AFMx)
   LLC, et al.,                         )
10                                       )
                                         )
11              Plaintiffs,              )  **MR. JULIAN OMIDI'S**
                                         )  **OBJECTION TO ATTORNEY**
12        v.                             )  **KAMILLE DEAN'S MOTION TO**
                                         )  **WITHDRAW AS ATTORNEY OF**
13                                       )  **RECORD**
   Unitedhealth Group, Inc., et al.,     )
14                                       )
                                         )  **Hon. Michael Fitzgerald**
15              Defendants.              )
                                         )
16                                       )
   _____  )
17  United Healthcare Services, Inc., et al.,  ) Hearing:
                                         )  Date: March  19, 2018
18                                       )  Time: 10:00 a.m.
                Counterclaim Plaintiffs, )  Courtroom: 5A
19        v.                             )          350 W 1st Street
                                         )          Los Angeles, CA 90012
20  Almont Ambulatory Surgery Center,    )
   LLC, et al..                          )
21                                       )
                                         )  Discovery Cut-off: Sept. 14, 2018
22              Counterclaim Defendants. )  Pretrial Conference: Jan. 7, 2019
                                         )  Trial Date: Jan. 29, 2019
23                                       )
                                         )
24  _____  )

25

26

27

28

### **DECLARATION OF JULIAN OMIDI**

I, Julian Omidi, declare and say:

1.  I am a Counter-defendant in this proceeding.  I have personal knowledge of the following events, and if called as a witness I would competently testify as follows.

2.  I submit this declaration because of the effort by United Healthcare Group to repeatedly injure and force my attorneys to withdraw from this case.  It has happened repeatedly, and each time the government has acted with United to injure my attorneys.  The undeniable fact is that the government's unwarranted injuries to my attorneys have been a material aid and assistance to United in this case.

3.  The first time the government acted to assist United by inflicting an injury on my attorneys thereby forcing them to withdraw from this case occurred when the government filed a Motion to Compel compliance with an expired grand jury subpoena on September 6, 2015 in the case of In re Grand Jury Investigation, USDC Central District of California Case No. 01014 PSG.  Unknown to me, the subpoena which was directed to Sheppard Mullin Richter Hampton LLP and Attorney Peter Reichertz, a partner in the firm, had expired months earlier in January, 2015.  The Motion to Compel was designed conceal the faux subpoena and to force Sheppard Mullin to withdraw from the *Almont v. United* case by creating an immediate and irreconcilable conflict the government knew would force Sheppard's withdrawal.  Immediately after the Motion to Compel the faux subpoena, Sheppard Mullin filed a Motion to Withdraw on September 16, 2015 (Dkt 223) from this case because of the conflicts of interest the government created with the non-existent subpoena.

4.  Knowing that the subpoena was expired and unenforceable, the government filed the Motion to Compel against Sheppard Mullin and Attorney Peter Reichertz anyway while it concealed the expiration of the subpoena from me and the Court.  The attorneys handling the matter for the government were Assistant US Attorney Kristin Williams and Consuelo Woodhead, the very same attorneys who have once again

appeared in this case claiming the government is an intervenor in this case.  (See government filing of 12-1-17 Dkt 659 and 2-2-17 Dkt 750).  AUSA Williams has declared under penalty of perjury the government is an intervenor in this case. Dkt. 740. Their actions on September 9, 2015, destroyed my invaluable years long attorney-client relationship with Sheppard Mullin and created an immediate conflict of interest which forced Sheppard to withdraw from this proceeding in Almont v. United on September 16, 2015 (Dkt 223).  Whether or not the government had intervened in this case on January 15, 2015 (Dkt. 190), the government's actions were designed to benefit United by destroying my attorney-client relationship and forcing my attorneys to withdraw from this action.

5.  Sheppard Mullin had been representing me since 2011, and was my main counsel in responding to both United and the government's investigation since early 2012. Counter-defendants in this proceeding had spent over eight (8) millions of dollars and five years of effort on the representation of Sheppard Mullin which was destroyed with the government's improper enforcement of the expired Subpoenas. Only six (6) days after the government filed its September 10, 2015, Motion to compel, on September 16, 2015, Sheppard Mullin filed its motion to withdraw its representation (Dkt 223).

6.  I complained to this Court on October 19, 2015, about the conflict the government and United had created for my attorneys.  However, the Court would not inquire and instead allowed Sheppard to withdraw.  (Order 10-23-15 Dkt. 240).  That was then followed by Hooper, Lundy, Bookman seeking withdrawal from this case because their co-counsel, Shepard Mullin was no longer involved and they did not wish to proceed without Sheppard as their co-counsel.  That was then followed by Counter-defendants' inability to find replacement counsel and defaults being entered in this case on May 16, 2016 (Dkt 335) all because the government created a false conflict with a faux subpoena forcing my attorneys to withdraw as attorneys in this case.

7.  When I complained at the October 19, 2015, hearing to this Court, I informed the Court that at the time of Sheppard Mullin's Motion to Withdraw that the government

was interfering with my counsel.  I did not know at that time the subpoena was expired and the Motion to Compel which created the conflict for Sheppard was based on a faux non-existent grand jury subpoena.  I asked this Court to inquire into the government's misconduct, and yet the Court did not do so.

8.  The evidence was overwhelming on October 19, 2015, the government, whether they were a party to this proceeding or not, created through the use of an expired grand jury subpoena a conflict of interest for Sheppard Mullin which resulted in Counter-defendants' loss of their counsel.  Had the Court inquired at that time concerning the government's misconduct, the existence of the faux expired subpoena would have been discovered.  I am once again requesting this Court to now, after exposure of the government's misconduct, to inquire into that prior misconduct and the current misconduct involving my Attorney Kamille Dean described below.

9.  The government's flagrant misuse of the grand jury process to injure a party to this proceeding was then followed by Counter-defendants' loss of their Counsel Hooper Lundy Bookman when they no longer had a co-counsel in Sheppard with whom they worked hand and hand.  There is no denying that the subpoena was expired, and the Motion to Compel was deliberately targeted to force Sheppard to withdraw form this action to the benefit of United.  This is a serious matter of extraordinary misconduct where the government used a faux subpoena to injury my attorneys forcing their withdrawal followed by a default on May 26, 2016, all to the benefit of United Healthcare.

10.  The destruction of my attorney client relationship forcing my attorneys to withdraw from this case based on the creation of a false conflict is once again being repeated with Attorney Kamille Dean.  The government, with the complicity of United, disclosed grand jury subpoenas and witnesses before this Court on November 29, 2017. (11-29-17 Tr. p. 52, line 12, to p. 53, line 6).  The repeated presence of the government in this case where the government has engaged in misconduct should be of grave concern to the Court, and in no other case before the Court has the government engaged in this kind

of behavior.

11.  The government also promised this Court on November 29, 2017, that it would make available for Ms. Dean's inspection and copying the 1,700 boxes and 100 terabyte of data it had seized on June 4, 2014, so that she could provide discovery responses in this case.  That promise was a sham, but nevertheless resulted in the Court issuing an Order on December 20, 2017 (Dkt. 674 & 676), requiring Ms. Dean to travel to San Clemente, California to inspect and copy the documents.  Once again, unknown to me and Ms. Dean, the government had no intention to permit the examination and copying of the documents, and when Ms. Dean arrived at the facility in San Clemente, California, on February 4, 2018, to copy the documents, she was not permitted to copy them, take notes, or take photographs.  (See Dean Dec. Dkt 758 p. 26-32; Okorocha Dec., Dkt 758-1).

12.  The misconduct of November 29, 2017, was severe and designed to obtain an Order from this Court that not only would benefit United, but also force my attorney to withdraw from this case following the sham inspection in San Clemente on February 5, 2018.  (See 2-9-18 Motion to Withdraw Dkt 757).  The government disclosed Surgery Center Management as a witness before the grand jury in order to assist United in this case.  The Court entered an Order for Ms. Dean to examine (1) 1,200,000 documents belonging to other companies which the grand jury had subjoined and were matters before the grand jury, (2) 1,700 boxes and 100 terabyte in the government's possession, (3) dozens of returned computer hard drives from the government, and (4) make arrangements to examined NexTech which belongs to someone else.  When Ms. Dean went to San Clemente on February 5, 2018, to examine the seized materials, the government blocked her efforts, refused to permit her to take notes, photographs, or copies, and did everything it could to prevent discovery in this case.  (Dean Dec. Dkt 758 p. 26-32; Okorocha Dec., Dkt 758-1).1

13.  The undue burden which United and the government have created has forced Ms. Dean to file a Motion to Withdraw as Attorney of Record.  (Okorocha 2-9-18 Dec. Dkt 758-1, p. 4, line 17, to p. 5, line 5).  The government's interference with her duties as

1  an attorney, disclosure of grand jury secrets, and repeated creations of conflicts of interest

2  between Counter-defendants and their counsel has forced her withdrawal.  No attorney is

3  capable of handling the orders which have been made in this case.  The joint effort

4  between United and the government to once again force my attorney to withdraw in the

5  midst of an unforgivable Rule 6(e) violation of disclosing matters before the grand jury

6  has created a situation that shocks the conscience.

7          I declare under penalty of perjury under the laws of the United States the foregoing

8  is true and correct.  Executed this 27th day of February, 2018, at Los Angeles, California

9

10                                  /s Julian Omidi

11                          _____

12                                  Julian Omidi

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MR. OMIDI'S OBJECTION TO ATTORNEY KAMILLE DEAN'S MOTION TO WITHDRAW
AS ATTORNEY OF RECORD

**PROOF OF SERVICE**

I am employed and a resident of the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.

On February 27, 2018, I served the documents described as:

**MR. JULIAN OMIDI'S OBJECTION TO ATTORNEY KAMILLE DEAN'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

upon the interested parties in this action as follows:

_____x_____ (By ECF) The foregoing document was served via the ECF of the Court.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 27, 2018.


/s/ Kamille Dean
_____
KAMILLE DEAN ESQ.