William Welden, SBN 117056
9663 Santa Monica Blvd., Suite 234
Beverly Hills, California 90210
Telephone: (310) 947-4633
wbwlaw@gmail.com

Attorney for Parties on 3-page List Below

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMONT AMBULATORY SURGERY CENTER, LLC, et al.,<br>Plaintiffs,<br>v.<br>UNITEDHEALTH GROUP INCORPORATED, et al.,<br>Defendants.<br>------------------------------------------------<br>UNITED HEALTHCARE SERVICES, INC.,<br>et al.,<br>Counterclaim Plaintiffs,<br>v.<br>ALMONT AMBULATORY SURGERY | Case No. 2:14-cv-03053-MWF(AFMx)<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD; WELDEN DECLARATION IN SUPPORT THEREOF.**<br><br>**Hon.** M.W. Fitzgerald<br>Date: July 11, 2022<br>Time: 10 am<br>Courtroom: 5A |

*TO THE HONORABLE M.W. FITZGERALD, UNITED STATES DISTRICT JUDGE:*

William Welden (hereafter "Movant") moves this Honorable Court for an order granting him leave to withdraw as counsel of record for these Parties:

Motion to Withdraw and Welden Declaration

**Almont Ambulatory Surgery Center, LLC**
*(Plaintiff)*

**Bakersfield Surgery Institute, Inc.**
*(Counter Defendant)*

**Bakersfield Surgery Institute, LLC**
*(Counter Defendant)*

**Bakersfield Surgery Institute, LLC**
*(Plaintiff)*

**Beverly Hills Surgery Center LLC**
*(Counter Defendant)*

**CIRO Surgery Center, LLC**
*(Counter Defendant)*

**East Bay Ambulatory Surgery Center, LLC**
*(Counter Defendant)*

**Independent Medical Services, Inc.**
*(Counter Defendant)*

**Independent Medical Services, Inc.**
*(Plaintiff)*

**Modern Institute of Plastic Surgery & Antiaging, Inc.**
*(Counter Defendant)*

**Modern Institute of Plastic Surgery & Antiaging, Inc.**
*(Plaintiff)*

**New Life Surgery Center, LLC**
*(Counter Defendant)*

**New Life Surgery Center, LLC**
*(Plaintiff)*

**Orange Grove Surgery Center, LLC**
*(Counter Defendant)*

**Orange Grove Surgery Center, LLC**
*(Plaintiff)*

**Palmdale Ambulatory Surgery Center, a medical corporation**
*(Counter Defendant)*

**Property Care Insurance, Inc.**
*(Counter Defendant)*

**San Diego Ambulatory Surgery Center, LLC**
*(Counter Defendant)*

**San Diego Ambulatory Surgery Center, LLC**
*(Plaintiff)*

**Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills, Inc.**
*(Counter Defendant)*

**Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills, Inc.**
*(Plaintiff)*

**Skin Cancer & Reconstructive Surgery Specialists of West Hills, Inc.**
*(Counter Defendant)*

**Surgery Center Management**
*(Counter Defendant)*

**Top Surgeons LLC Nevada**
*(Counter Defendant)*

**Top Surgeons, LLC**
*(Counter Defendant)*

**Valencia Ambulatory Surgery Center, LLC**
*(Counter Defendant)*

**Valencia Ambulatory Surgery Center, LLC**
*(Plaintiff)*

**Valley Surgical Center, LLC**
*(Counter Defendant)*

**West Hills Surgery Center, LLC**
*(Counter Defendant)*

**West Hills Surgery Center, LLC**
*(Plaintiff)*

**Woodlake Ambulatory**
*(Counter Defendant)*

**Cindy Omidi**
*(Counter Defendant)*

**Michael Omidi, M.D.**
*(Counter Defendant)*

**DEVIDA, USA, LLC**
9107 WILSHIRE BL STE 450
BEVERLY HILLS, CA 90210
*(Counter Defendant)*

**Almont Ambulatory Surgery Center, LLC**
*(Counter Defendant)*

**1 800 Get Thin, LLC**
*(Counter Defendant)*

Motion to Withdraw and Welden Declaration

Mr. Welden seeks to withdraw on the grounds of health issues and extreme financial hardship and because the relationship with the clients is untenable because of failure to substitute in a replacement counsel as promised. Movant respectfully submits the following summary of facts and argument in support of his motion to withdraw:

## MEMORANDUM OF POINTS AND AUTHORITIES

As set forth in the Declaration of William Welden, infra, Movant was retained in about November 2019 to eventually represent the above named parties in several matters. He continued to represent these parties in this stayed litigation after he asked to be replaced as counsel in June 2021 and it was agreed he would monitor the Almont case while representatives for the clients would find his replacement soon. Movant was repeatedly promised a replacement.

There will be no prejudice from Movant's withdrawal to any litigant in this case. This matter is currently stayed and has been for several years.

Movant's withdrawal would cause no harm to the administration of justice and cause no delay in this case. He does not seek to withdraw for tactical reasons or to delay the case because it is currently stayed.

Movant will be materially harmed if forced to remain in this case and the six other cases he has been monitoring since June 2021. This is a part time activity and Movant cannot survive on Social Security and the few hours a month he spends handling these seven cases; three of which are stayed. He will be 72 in June 2022 and had hip surgery in September 2021, and still cannot walk without a walker and his nonsurgical knee and hip are now not supporting him. Movant tested positive for Covid on January 28, 2022, and although now testing negative, he continues experiencing fatigue, constant coughing and G.I. issues. He is nine months behind on his WFB mortgage and faces large IRS and FTB liens on his home. He cannot easily get and most importantly cannot keep a full time job

while being involved in this case and six others because any new employer wants exclusivity. He has filed six Motions to Withdraw so far and none has been opposed.

No one has asked Movant to do anything unethical or unlawful but the relationship here has become untenable. This stressful situation has impacted Movant's health.

In taking this position for withdrawal, Movant was guided by the California Rules of Professional Conduct Rule 1.16(b)(5) which permits a lawyer to withdraw from a matter when further involvement is untenable.

Also, this Court's Website states: "If the circumstances surrounding an attorney's withdrawal or request to substitute other counsel are not covered by Form G-01, the attorney may instead file a regularly noticed motion supported by a more detailed memorandum of points and authorities."

The decision as to whether an attorney may withdraw is entrusted to the sound discretion of the Court. *Beard v. Shuttermart of California, Inc.*, CASE NO. 07CV594WQH (NLS) (S.D. Cal. Feb. 13, 2008); *United States v. Lundstrom*, 291 Fed.Appx. 76, 77 (9th Cir. 2008). In considering such a motion, courts must weigh four factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause other litigants; 3) the harm withdrawal might cause to the administration of justice; 4) the degree to which withdrawal will delay the resolution of the case. *See also Kassab v. San Diego Police Dept.*, 2008 WL 251935 (S.D. Cal. Jan. 29, 2008).

The reasons given above show that Movant's further involvement would be disastrous to him but his withdrawal would cause no harm to clients, who have not objected to his other withdrawal motions. There will be no prejudice to any litigant in this case. As set forth in the Welden declaration, this matter is currently stayed. The docket shows Plaintiffs have replaced counsel in this case previously.

Wherefore, for all of the reasons stated herein and in the Welden declaration, Movant respectfully requests that the Court Order his withdrawal as Counsel and for such other and further relief to which he may justly be entitled.

DATED: April 6, 2022

Respectfully submitted,

BY /s/ William Welden
William Welden
Attorney for Parties above named

Motion to Withdraw and Welden Declaration

# DECLARATION OF WILLIAM WELDEN

1. I am the attorney of record on this matter. I am duly admitted to practice before the following United States District Courts: 1) the Central District of California; 2) the Southern District of California; along with 3) with the Ninth Circuit Court of Appeals, and in all courts in the State of California.

2. I have personal knowledge of the facts in this declaration. If called upon as a witness I could and would competently testify to the contents hereof.

3. I was retained by in about November 2019 onwards to represent these parties:

**Almont Ambulatory Surgery Center, LLC**
*(Plaintiff)*

**Bakersfield Surgery Institute, Inc.**
*(Counter Defendant)*

**Bakersfield Surgery Institute, LLC**
*(Counter Defendant)*

**Bakersfield Surgery Institute, LLC**
*(Plaintiff)*

**Beverly Hills Surgery Center LLC**
*(Counter Defendant)*

**CIRO Surgery Center, LLC**
*(Counter Defendant)*

**East Bay Ambulatory Surgery Center, LLC**
*(Counter Defendant)*

**Independent Medical Services, Inc.**
*(Counter Defendant)*

| | |
|---|---|
| 1 | |
| 2 | **Independent Medical Services, Inc.**<br>*(Plaintiff)* |
| 3 | |
| 4 | **Modern Institute of Plastic Surgery & Antiaging, Inc.**<br>*(Counter Defendant)* |
| 5 | |
| 6 | **Modern Institute of Plastic Surgery & Antiaging, Inc.**<br>*(Plaintiff)* |
| 7 | |
| 8 | **New Life Surgery Center, LLC**<br>*(Counter Defendant)* |
| 9 | |
| 10 | **New Life Surgery Center, LLC**<br>*(Plaintiff)* |
| 11 | |
| 12 | **Orange Grove Surgery Center, LLC**<br>*(Counter Defendant)* |
| 13 | |
| 14 | **Orange Grove Surgery Center, LLC**<br>*(Plaintiff)* |
| 15 | |
| 16 | |
| 17 | **Palmdale Ambulatory Surgery Center, a medical corporation**<br>*(Counter Defendant)* |
| 18 | |
| 19 | **Property Care Insurance, Inc.**<br>*(Counter Defendant)* |
| 20 | |
| 21 | **San Diego Ambulatory Surgery Center, LLC**<br>*(Counter Defendant)* |
| 22 | |
| 23 | **San Diego Ambulatory Surgery Center, LLC**<br>*(Plaintiff)* |
| 24 | |
| 25 | **Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills, Inc.**<br>*(Counter Defendant)* |
| 26 | |
| 27 | **Skin Cancer & Reconstructive Surgery Specialists of Beverly Hills, Inc.**<br>*(Plaintiff)* |
| 28 | |

**Skin Cancer & Reconstructive Surgery Specialists of West Hills, Inc.**
*(Counter Defendant)*

**Surgery Center Management**
*(Counter Defendant)*

**Top Surgeons LLC Nevada**
*(Counter Defendant)*

**Top Surgeons, LLC**
*(Counter Defendant)*

**Valencia Ambulatory Surgery Center, LLC**
*(Counter Defendant)*

**Valencia Ambulatory Surgery Center, LLC**
*(Plaintiff)*

**Valley Surgical Center, LLC**
*(Counter Defendant)*

**West Hills Surgery Center, LLC**
*(Counter Defendant)*

**West Hills Surgery Center, LLC**
*(Plaintiff)*

**Woodlake Ambulatory**
*(Counter Defendant)*

**Cindy Omidi**
*(Counter Defendant)*

**Michael Omidi, M.D.**
*(Counter Defendant)*

**DEVIDA, USA, LLC**
9107 WILSHIRE BL STE 450

BEVERLY HILLS, CA 90210
*(Counter Defendant)*

**Almont Ambulatory Surgery Center, LLC**
*(Counter Defendant)*

**1 800 Get Thin, LLC**
*(Counter Defendant)*

4. I was retained to represent the above named parties in several matters. I continued to represent these above parties in this stayed litigation after I asked to be replaced as counsel in June 2021 and it was agreed I would monitor the Almont case while representatives for the clients would find my replacement so I could find other employment. I cannot survive on this very part-time job.

5. There will be no prejudice from my withdrawal to any litigant in this case. This matter is currently stayed. My withdrawal would cause no harm to the administration of justice and cause no delay in this case. I do not seek to withdraw for tactical reasons or to delay the case because it is currently stayed and has been for several years.

6. I will be materially harmed if forced to remain in this case and the six other cases I have been monitoring. This is a part time activity and I cannot survive on Social Security and the money earned from handling these seven cases, three of which are stayed. I will be 72 in June 2022 and had hip surgery in September 2021, but still cannot walk without a walker and my nonsurgical knee and hip are now not supporting him. I tested positive for Covid on January 28, 2022, and although now testing negative, I am experiencing fatigue,

constant coughing and G.I. problems. I am nine months behind on my WFB mortgage and face large IRS and FTB liens on my home. I cannot get and especially cannot keep a full time job while being involved in this case and six others because any new employer would want exclusivity. I have filed six Motions to Withdraw so far, this is the seventh and none of my Motions has been opposed. But my relationship with the clients has broken down because they have not provided replacement counsel.

7. No one has asked me to do anything unethical or unlawful but our relationship has become untenable. This stressful situation has impacted my health.

8. In taking this position for withdrawal, I was guided by the California Rules of Professional Conduct Rule 1.16(b)(5) which permits lawyer to withdraw from a matter when further involvement is untenable.

9. In addition to serving parties herein by ecf, I will separately serve the entities named above, either corporations or LLCs, by serving their agent/manager Jamie Hidalgo at his bsuenss address by USPS and also by his email address, known to me after working with him for two years. I will also serve the entities' corporate attorney, Maureen Jaroscak, and the entities' Litigation Coordinator, Brian Oxman, at their email addresses, both addresses known to me from interacting for two years. I will serve Michael Omidi and Cindy Omidi by mail at their business address, and also by email addresses that I will produce in camera but will otherwise respect their privacy.

I declare the foregoing to be true and correct under the penalty of perjury under the laws of the United States. Executed on April 6, 2022, at Long Beach, California.

William Welden, Declarant

Motion to Withdraw and Welden Declaration

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system. I certify that all participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I will serve the others as follows:

Jamie Hidalgo, agent for service of process/manager/CEO for the above-named entity parties at his email address of Jamievinton.hidalgo@gmail.com and by US Mail at his business address at 1980 N Orange Grove Ave, Pomona, CA 91768

Maureen Jaroscak, as corporate counsel for the above-named entity parties by email to Maureen Jaroscak  maureenjaroscak@gmail.com
1440 N. Harbor Blvd., Suite 900, Fullerton, CA 92835;

Brian Oxman, as Litigation Coordinator for the above-named entity parties by email at oxman2008@aol.com;

Michael Omidi MD and Cindy Omidi, at their email addresses, which I will produce in camera if requested, and by USPS at their business address at 1980 N Orange Grove Ave, Pomona, CA 91768.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 6, 2022, at Long Beach, California.

/s/ William Welden
William Welden

Motion to Withdraw and Welden Declaration